IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

*Plaintiff*,

v.

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, and DORA STUTLER in her official capacity as Harrison County Superintendent,

*Defendants*.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin, District Judge

**DEFENDANTS' MOTION FOR AMENDED SCHEDULE**

Come now Defendants Harrison County Board of Education and Dora Stutler, by counsel, Defendants West Virginia State Board of Education and W. Clayton Burch, by counsel, and Defendant West Virginia Secondary School Activities Commission, by counsel, and jointly move the Court for entry of an Order amending (a) the schedule for briefing on Plaintiff's Motion for Preliminary Injunction and (b) the schedule for Defendants' answers or other pleadings in response to the Complaint. Defendants seek to alter the aforementioned schedules in order to give the West Virginia Attorney General time to intervene in this civil action; because the issues are complex and novel, meaning that Defendants need additional time to respond to them; and because the Harrison County Board of Education and Plaintiff have come to an agreement that makes it so that they do not need a ruling on Plaintiff's Motion for a Preliminary Injunction until July 30, 2021.[1]

[1] Plaintiff's counsel have authorized Defendants to represent to the Court that Plaintiff does not oppose this Motion for the reasons set forth in Section C, *infra*. Plaintiff does **not** agree with the Defendants' position in Sections A and B of the Motion, however.

**A. The West Virginia Attorney General Should Be Provided an Adequate Opportunity to Intervene.**

A State Attorney General has an interest in federal actions, such as the current civil action, that call into question the constitutionality of a State statute. (*See, e.g.*, Dkt. No. 1, at 22, in which Plaintiff seeks a declaration "that the provisions of and enforcement by Defendants of [West Virginia] H.B. 3293 . . . violate Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment").) Accordingly, the United States Code provides:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(b).

Rule 5.1 of the Federal Rules of Civil Procedure similarly, but more expansively, provides as follows:

> **(a) Notice by a Party.** ***A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly***:
>
> **(1)** file a notice of constitutional question stating the question and identifying the paper that raises it, if:
>
> **(A)** a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or



12844892

> **(B)** a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; ***and***
>
> **(2)** ***serve the notice and paper*** on the Attorney General of the United States if a federal statute is questioned—or ***on the state attorney general if a state statute is questioned***—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.
>
> **(b) Certification by the Court.** The court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned.
>
> **(c) Intervention; Final Decision on the Merits.** Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

Fed. R. Civ. P. 5.1(a)-(c) (bolded-italicized emphasis added).

Plaintiff's counsel has advised that notice has been provided to the Attorney General's Office in accordance with Rule 5.1(a)(2) on May 28, 2021, and a certificate of service was filed with the Court this morning. (Dkt. No. 34). The West Virginia Attorney General should be provided an adequate opportunity, however, after receiving Plaintiff's papers as required under Rule 5.1(a)(2), to intervene in this civil action because of the nature of the claims and the relief sought.

Requiring Defendants to respond to Plaintiff's Motion for a Preliminary Injunction by June 16, 2021 provides the Attorney General with a very short period of time to intervene in this civil action before Defendants' responses are due to the Court. On the other hand, permitting Defendants to file their responses on or before July 2, 2021, as proposed in the present Motion, will provide the Attorney General with a more reasonable period of time to determine whether to intervene and take the necessary actions to do so. Given the significant nature of the issues

involved in this matter, the Attorney General should be given an adequate opportunity to intervene before Defendants are obligated to respond to Plaintiff's Motion for a Preliminary Injunction and Plaintiff's Complaint.

**B. Defendants Need Additional Time to Present Meaningful and Thorough Briefs Due to the Complexity of the Issues Presented.**

The issues presented in this civil action are both novel and complex, as indicated by Plaintiff's voluminous briefing and by Plaintiff's previously-filed "Motion for Leave to File Brief in Excess of the Page Limitation of Local Rule of Civil Procedure 7.1(a)(2)" (Dkt. No. 3.) As Plaintiff pointed out in her motion, the legal issues before the court "involve multiple elements implicating issues of both fact and law" (Dkt. No. 3, at 2), and the Court granted Plaintiff's motion for "reasons before the [C]ourt." (Dkt. No. 18.) Indeed, Defendants anticipate that they will likely need to file motions that similarly seek leave to file briefs in excess of the normal page limitation because the issues are complex and require an extensive review and analysis of applicable law. In order to provide the Court with briefing that fully reviews the law and analyzes the facts, Defendants respectfully request that the Court grant the present motion so that they have additional time to set forth their arguments in a meaningful fashion.

**C. The Parties' Agreement Concerning Summer Conditioning Means that They No Longer Need a Ruling on the Motion for a Preliminary Injunction by July 9, 2021.**

The Harrison County Board of Education and Plaintiff have come to an agreement regarding all activities to be conducted at B.P.J.'s school regarding B.P.J.'s participation in cross-country prior to August 2, 2021. Plaintiff's previously-filed Expedited Motion for a Scheduling Order (Dkt. No. 27), which the Court denied (Dkt. No. 29), sought a scheduling order that would permit the Court to rule on the Motion for a Preliminary Injunction by July 9, 2021, because conditioning practices for the cross-country team were beginning on July 12, 2021. However,

regular season practices and try-outs will not begin until August 2, 2021. Because the Harrison County Board of Education and Plaintiff have come to an agreement regarding how they will proceed until August 2, 2021, the parties no longer need a ruling from the Court by July 9, 2021.

Specifically, the Harrison County Board of Education and Plaintiff have agreed to the following terms regarding the cross-country conditioning scheduled to occur before August 2, 2021:

- Summer conditioning will be held during a one-week period during the week of July 12-16, 2021. Girls and boys will run together at all times and will not be separated by girl and boy athletes at any time. B.P.J. is welcome to practice like all other girls.
- There will be no sex-segregated running, huddles, or other activities during summer conditioning.
- The coaches will address the students as a group (not as groups divided by sex) and will run with the students during conditioning.
- There will be no gendered record-keeping (e.g., sign-in sheets and time tracking at conditioning, and/or communications sent to students regarding tryouts) prior to August 2, 2021 regarding the cross-country team.
- The conditioning practices will begin and end at the City Park, and there are City bathroom facilities at the Park.
- School facilities will not be used during the July 12-16, 2021 practices, and thus no gendered school facilities will be used as a part of conditioning.
- There will be no school transportation used during the July 12-16, 2021 conditioning practices.
- There will be no uniforms or sex-specific clothing required clothing for the July 12-16, 2021 conditioning practices.
- Other students will not be told anything about B.P.J.'s involvement.
- The school's principal will be made aware of the arrangements set forth in this list.

Based on the Defendant Harrison County Board of Education's agreements set forth in the bullet-point list above, the parties have agreed to the following schedule, which Defendants have

been advised that Plaintiff does not oppose by her counsel, and which Defendants therefore move the Court to adopt as the governing filing deadlines for the following matters:

**July 2, 2021** Defendants' Responses to Plaintiff's Motion for Preliminary Injunction

**July 2, 2021** Defendants' Answers to the Complaint or other Responsive Pleadings

**July 14, 2021** Plaintiff's Reply in Support of the Motion for Preliminary Injunction

**July 14, 2021** If applicable, Plaintiff's Opposition to Defendants' Responsive Pleadings

**July 21, 2021** If applicable, Defendants' Reply in support of Responsive Pleading

The Parties suggest the foregoing schedule with the goal of obtaining a ruling from the Court on Plaintiff's Motion for Preliminary Injunction prior to August 2, 2021, which is when formal practices will begin for the Bridgeport Middle School's cross-country team.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their unopposed motion and thereby adopt the schedule set forth herein. Alternatively, Defendants request that the Court enter a scheduling order providing Defendants with what it believes to be a reasonable and appropriate extension of the current June 16, 2021 deadline for responses to Plaintiff's Motion for Preliminary Injunction and the current deadlines for filing of answers or other responses to the Complaint.

Respectfully submitted this 15th day of June, 2021.

STEPTOE & JOHNSON PLLC
OF COUNSEL

/s/ Susan L. Deniker
Susan L. Deniker (WV ID #7992)
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000

*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

**Joined in by:**

/s/ Kelly C. Morgan
Kelly C. Morgan (WV ID #9519)
Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
P.O. Box 3710
Charleston, WV 25337-3710
(304) 345-4222

*Counsel for Defendants West Virginia State Board of Education and W. Clayton Burch*

/s/ Roberta F. Green
Roberta F. Green (WV ID #6598)
Shuman McCuskey Slicer PLLC
P.O. Box 3953 (25339)
1411 Virginia Street East, Ste 200 (25301)
Charleston, West Virginia
(304) 345-1400

*Counsel for Defendant West Virginia Secondary School Activities Commission*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

*Plaintiff*,

v.

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, and DORA STUTLER in her official capacity as Harrison County Superintendent,

*Defendants*.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin, District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of June, 2021, I electronically filed a true and exact copy of "***Defendants' Motion for Amended Schedule***" with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

Loree Stark (WV ID 12936)
American Civil Liberties Union of West Virginia Foundation
P.O. Box 3952
Charleston, W 25339-3952
lstark@acluwv.org

Katelyn Kang
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
kkang@cooley.com

Andrew Barr
Cooley LLP
1144 15th St., Suite 2300
Denver, CO 80202-5686
abarr@cooley.com

Kathleen Hartnett
Julie Veroff
Cooley LLP
101 California Street 5th Floor
San Francisco, CA 94111-5800
khartnett@cooley.com

Elizabeth Reinhardt
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
ereinhardt@cooley.com

Avatara Smith-Carrington
Lambda Legal
3500 0ak Lawn Avenue, Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org

Joshua Block
Taylor Brown
Chase Strangio
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
jblock@aclu.org

Sruti Swaminathan
Lambda Legal
120 Wall Street, 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org

Carl Charles
Tara Borelli
Lambda Legal
730 Peachtree Street NE, Suite 640
Atlanta, GA 30308-1210
ccharles@lambdalegal.org

STEPTOE & JOHNSON PLLC
OF COUNSEL

/s/ Susan L. Deniker
Susan L. Deniker (WV ID #7992)
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000

*Counsel for Defendants Harrison County Board of Education and Dora Stutler*