**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

B.P.J., by her next friend and mother,
HEATHER JACKSON,

     *Plaintiff*,

     vs.

WEST VIRGINIA STATE BOARD OF
EDUCATION; HARRISON COUNTY BOARD
OF EDUCATION; WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION; W. CLAYTON BURCH in his
official capacity as State Superintendent; and,
DORA STUTLER in her official capacity as
Harrison County Superintendent,

     *Defendants*.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin

## STATE OF WEST VIRGINIA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE AND FOR PROPOSED RESPONSE DEADLINE

The State of West Virginia, by its Attorney General, (the "State") moves to intervene to defend the constitutionality of the state statute challenged in this case.  *See* Fed. R. Civ. P. 24.[1] The State seeks to intervene for that sole and limited purpose and does not waive its right to sovereign immunity.  If the Court grants the State's motion, the State respectfully requests until June 25, 2021, two days after Defendants' deadline, to respond to Plaintiff's Motion for a Preliminary Injunction and that Plaintiff be granted until July 2, 2021, to reply.  Plaintiff takes no

---

[1] The State recognizes that Federal Rule of Civil Procedure 24(c) contemplates the attachment of a pleading to the motion to intervene.  While there is no such attachment at present, this is not prejudicial because no responsive pleadings have been filed.  *See Spring Construction Co. v. Harris*, 614 F.2d 374, 376-77 (4th Cir. 1980) (holding that when a responsive pleading is not attached under Rule 24(c), "the proper approach is to disregard non-prejudicial technical defects"). The State, if permitted to intervene, will file an Answer within the appropriate timeframe.

position regarding the State's intervention and the State's requested response deadline and subsequent reply time frame. These deadlines will not affect the broader timeline in this matter, including Plaintiff's time frame for needing a resolution of the pending preliminary injunction motion.

For the reasons that follow, the State's motion should be granted.

## BACKGROUND

On May 26, 2021, Plaintiff filed a complaint seeking an order declaring that West Virginia Code § 18-2-25d is invalid under Title IX (Count I) and the Fourteenth Amendment to the United States Constitution (Count II) and enjoining its enforcement. ECF No. 1. Plaintiff named as defendants the West Virginia State Board of Education ("State Board"), the Harrison County Board of Education ("County Board"), the West Virginia Secondary School Activities Commission ("WVSSAC"), W. Clayton Burch, in his official capacity as State Superintendent, and Dora Stutler, in her official capacity as Harrison County Superintendent. *See id.*

Plaintiff did not name the State of West Virginia or its Attorney General as a party.

Plaintiff filed a motion seeking a preliminary injunction contemporaneous with the complaint. ECF Nos. 2, 19.

## ARGUMENT

## I.     The State of West Virginia has the right to intervene.

Federal Rule of Civil Procedure 24(a) grants intervention as of right when, upon timely motion, the intervener "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). As the Fourth Circuit has put it, "to intervene as a matter of

right under Rule 24(a), a movant generally must satisfy four criteria: (1) timeliness, (2) an interest in the litigation, (3) a risk that the interest will be impaired absent intervention, and (4) inadequate representation of the interest by the existing parties." *Scott v. Bond*, 734 F. App'x 188, 191 (4th Cir. 2018); *see Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999) (same). The factors are readily satisfied in this case.

*First*, the State's motion is timely. "In order to properly determine whether a motion to intervene in a civil action is sufficiently timely, a trial court in this Circuit is obliged to assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014). "[T]imeliness is a cardinal consideration of whether to permit intervention." *Moore*, 193 F.3d at 839 (cleaned up). Here, the State is filing this motion three weeks after the complaint was filed and defendants have only just appeared in the case over the last few days. There has been no delay or lack of diligence, and no party is prejudiced by the timing of this motion. The State's motion is therefore prompt.

*Second*, the State has a "manifest legal interest in defending the constitutionality of [West Virginia's] laws." *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006). Both federal and state law recognize a State's manifest interest, by its Attorney General, to defend the constitutionality of state laws. *See Mobile Oil Corp. v. Att'y Gen. of Va.*, 940 F.2d 73, 76-77 (4th Cir. 1991) (observing that 28 U.S.C. § 2403(b) permits "the Attorney General, on behalf of the state," to "intervene as of right" in a private suit "to defend the constitutionality of the statute"); syl. pt. 7, *State ex rel. McGraw v. Burton*, 569 S.E.2d 99, 102 (W. Va. 2002) ("The Attorney General . . . has the right to appear as an intervenor as Attorney

General on behalf of the State in all proceedings where the interest of the State or a State entity is at issue, to assert the Attorney General's view of the law on behalf of the State.").

In light of these authorities, the State's interest in defending "the constitutionality" of its own laws plainly constitutes a "significantly protectable interest." *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991). In fact, this Court has previously granted the State, by the Attorney General, the right to intervene where the constitutionality of a West Virginia state statute was challenged. *See, e.g., McGee v. Cole*, 993 F. Supp. 2d 639, 643 (S.D. W. Va. 2014) (stating that the State of West Virginia's motion to intervene "to defend the constitutionality" of the state's marriage statutes had been granted).

*Third*, the State's ability to protect its legal interest would be impaired in the absence of intervention. The Supreme Court has emphasized that "the requirement of impairment of a legally protected interest is a minimal one: the requirement is met if the applicant shows 'that representation of his interest *may be* inadequate.'" *Blackwell*, 467 F.3d at 1007 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (citation omitted)) (emphasis added); *accord Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). As the Sixth Circuit reasoned in its decision granting the State of Ohio's motion to intervene by right to defend its voter identification statutes in a constitutional challenge, "an adverse ruling could hinder the State's ability to litigate the validity of the [state] law." *Blackwell*, 467 F.3d. at 1007–08. *See also Linton v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir. 1992) (acknowledging that potential *stare decisis* effects can be a sufficient basis for finding an impairment of interest). The same goes here.

*Fourth*, the State satisfies the final element that assesses the adequacy of representation by existing parties. As the Fourth Circuit has long held, the "burden of showing an inadequacy of

representation is *minimal*."  *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (citing *Trbovich*, 404 U.S. at 538 n.10) (emphasis added).  Indeed, as the Supreme Court further explained in *Trbovich*, the adequacy requirement "is satisfied if the applicant shows that representation of his interest '*may be*' inadequate."  404 U.S. at 538 n.10 (emphasis added).  "A would-be intervenor," therefore, is "not required to show that the current representation will in fact be inadequate."  *Blackwell*, 467 F.3d. at 1008.  For example, "it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments."  *Mich. State AFL-CIO v. Miller*,  103 F.3d 1240, 1247 (6th Cir. 1997); *see also Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1498–99 (9th Cir. 1995) (same), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011).

A recent decision by the Fourth Circuit addressing intervention of state actors under Rule 24 highlights that a state's attorney general is the default defender of a state laws.  In *North Carolina State Conference of NAACP v. Berger*, the Fourth Circuit affirmed a district court's denial of Rule 24 intervention to the leaders of the North Carolina House and Senate on adequacy of representation grounds, explaining that the "default" intervenor—the Attorney General of North Carolina—was already in the case representing the State's interest in defending the constitutionality of the state's voter-ID law.  2021 WL 2307483, at *10 (4th Cir. June 7, 2021) (en banc).  By contrast, the State of West Virginia's "default" representative, the Attorney General, has not appeared in this case and should be permitted to do so consistent with his state constitutional duties.

Accordingly, the State has more than met its "minimal burden" of showing that the existing defendants' representation of the State's interests "may be" inadequate.  Here, of the five named

defendants, only two constitute a state official (Superintendent Burch) or agency (the State Board). The remaining defendants are a county superintendent (Superintendent Stutler), a county board of education (the County Board), and the WVSSAC, quasi-public entity that "is not a state agency" under controlling state law.  *Mayo v. W. Va. Secondary Sch. Activities Comm'n*, 672 S.E.2d 224, 233 (W. Va. 2008).

While the Attorney General's right to speak on behalf of the State's legal interests is both unique and plenary, *State ex rel. McGraw v. Burton*, 569 S.E.2d 99 (W. Va. 2002), the existing parties' interests in defending West Virginia Code § 18-2-25d may be narrower and more focused on their own particular realms of responsibility and authority to enforce the challenged statute.[2] *See Burton* 569 S.E.2d at 109 (recognizing that "[u]nlike the federal government" where all executive power is vested in the President, the state constitution "apportions executive power among several elected officers" who may have "differing policy views and perspectives"). Certainly, the remaining defendants lack the authority under state law possessed by the Attorney General as chief legal officer to speak with a single voice on behalf of the State's legal interests. *See id.*, syl. Pts. 4 & 7; *see also id.* at 115.

In light of these realities, the existing officials' defense "may be less vigorous than" the State's.  *Maxum Indem. Co. v. Biddle L. Firm, PA*, 329 F.R.D. 550, 556 (D.S.C. 2019) (citing *Teague*, 931 F.2d at 262).  As the District of South Carolina observed when assessing whether a movant's interests were adequately represented by existing parties, "the role of this court and the judicial process is to reach a just and equitable resolution based on the facts, a task which can only

---

[2] Moreover, as there may be specific state officials or entities that enforce or otherwise execute the statute in question, including but not limited to those parties already named as defendants, the State does not represent or concede that its presence alone is sufficient to accord the relief requested should Plaintiff prevail.

be aided and served by the assistance of the strongest possible arguments by counsel." *Id*. (internal quotation marks omitted).  That is precisely what the State intends to provide. On the other hand, the State's intervention "will create little or no interference with or complication of the litigation." *Id*. (internal quotation marks omitted).

Accordingly, the State of West Virginia should be granted intervention by right for the sole and limited purpose of defending the constitutionality of state law.

## II.    Alternatively, the Court should grant the State of West Virginia permissive intervention.

Rule 24(b) provides that, upon timely motion, the court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  The rule further provides that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Fed. R. Civ. P. 24(b)(3).  Under these standards, the State of West Virginia should be permitted to intervene.

*First*, this motion is timely, for reasons described above.

*Second*, the State of West Virginia's defenses share common questions of law and fact with Plaintiff's claims against West Virginia Code § 18-2-25d.  Plaintiff alleged that the statute is unconstitutional; the State of West Virginia will present argument regarding why the statute is constitutional.  What's more, and as further described above, the State (by the Attorney General) is in a better position to make those arguments than existing defendants in light of the Attorney General's unique position in the state constitutional structure "to assert [his] view of the law on behalf of the State."  Syl. Pt. 7, *State ex rel. McGraw v. Burton*, 569 S.E.2d 99, 102 (W. Va. 2002).

*Third and finally*, granting the State of West Virginia the opportunity to intervene at this early juncture will not unduly delay, nor will it prejudice any other party's rights, given the fact

that intervention is sought solely to defend the constitutionality of state law.  Unlike the proposed

intervenor in *North Carolina State Conference of NAACP*, 2021 WL 2307483, at *19, the State of

West Virginia's intervention will not elongate the litigation.  The State's request for a deadline to

file a response to Plaintiff's motion seeking a preliminary injunction and a time frame for Plaintiff

to reply will only extend the briefing schedule by two days.  As noted above, this two day addition

to the briefing schedule will not affect the broader timeframe of the matter.  Further, the State's

intervention would facilitate the prompt equitable resolution of this case while ensuring that the

full voice of the State's legal interests is clearly heard.

## CONCLUSION

For the reasons set forth above, the State of West Virginia, by its Attorney General, should

be permitted to intervene to defend the constitutionality state law as challenged by Plaintiff in this

case.[3]

Respectfully submitted,

**THE STATE OF WEST VIRGINIA,**

**PATRICK MORRISEY**
**ATTORNEY GENERAL OF WEST VIRGINIA**

*/s/ Curtis R. A. Capehart*
Douglas P. Buffington, II (WV Bar # 8157)
  *Chief Deputy Attorney General*
Curtis R. A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
Jessica A. Lee (WV Bar # 13751)
  *Assistant Solicitor General*
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Email:  Curtis.R.A.Capehart@wvago.gov

---

[3] Alternatively, if the State is refused intervenor status, the State moves for leave to participate as amicus curiae throughout the pendency of the proceeding in the District Court for the same reasons that intervention status is sought.

Telephone:  (304) 558-2021
Facsimile:  (304) 558-0140