IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**B.P.J., by her next friend and mother,**
**HEATHER JACKSON,**

    **Plaintiff,**

**v.**                                                  **Civil Action No. 2:21-cv-00316**
                                                  **Honorable Joseph R. Goodwin**

**WEST VIRGINIA STATE BOARD OF**
**EDUCATION; HARRISON COUNTY**
**BOARD OF EDUCATION; WEST**
**VIRGINIA SECONDARY SCHOOL**
**ACTIVITIES COMMISSION; W.**
**CLAYTON BURCH, in his official**
**capacity as State Superintendent; and**
**DORA STUTLER, in her official capacity**
**as Harrison County Superintendent,**

    **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS**
**WEST VIRGINIA STATE BOARD OF EDUCATION AND**
**SUPERINTENDENT W. CLAYTON BURCH'S MOTION TO DISMISS**

**NOW COME** Defendants West Virginia State Board of Education and Superintendent W.

Clayton Burch (collectively hereinafter "WVBOE"), by and through counsel, Kelly C. Morgan,

Michael W. Taylor, Kristen V. Hammond, and the law firm of Bailey & Wyant, P.L.L.C., and

hereby file this memorandum of law in support of their contemporaneously filed motion to dismiss.

In support thereof, these Defendants state as follows:

**I.**        **FACTUAL BACKGROUND**

In April 2021, the West Virginia Legislature passed H.B. 3293, which codified *West Virginia*

*Code* § 18-2-25d.  H.B. 3293 was sponsored by Delegate Caleb Hanna and cosponsored by

Delegates Jordan Bridges, Wayne Clark, Joe Ellington, Chuck Horst, D. Rolland Jennings, Todd

Longanacre, Margitta Mazzocchi, Heather Tully, Chris Phillips, and Adam Burkhammer.  This newly created code section requires interscholastic, intercollegiate, intramural, or club athletic teams or sports that are sponsored by any public secondary school or state institution of higher education to be expressly designated as either a male, female or coed team.  *See* W.Va. Code § 18-2-25d(c)(1). This statute restricts teams designated for females from being open to students of the male sex when the team is based upon competitive skill or the activity involved is a contact sport.  *Id.* at § 18-2-25d(c)(2).  However, teams designated as "male" or "coed" are not restricted to a specific gender.  In defining what constitutes a male or a female, *West Virginia Code* § 18-2-25d defines a "male" as "an individual whose biological sex determined at birth is male."  *Id.* at § 18-2-25d(b)(3).  A "female" is defined as "an individual whose biological sex determined at birth is female."  *Id.* at § 18-2-25d(b)(2).  Finally, the statute asserts that the West Virginia Board of Education ("WVBOE") shall, at some undefined point in the future, promulgate rules regarding the statute's enforcement.

It is important to note that Defendants WVBOE and Superintendent W. Clayton Burch did not request a bill of this nature and played no role in the introduction and initial drafting of H.B. 3293.  WVBOE in no way participated in the enactment of *West Virginia Code* § 18-2-25d.  Instead, WVBOE only answered specific questions posed to it during House of Delegates Education and Committee meetings and hearings.

H.B. 3293 was signed by the Governor on April 28, 2021.  The law is set to go into effect on July 8, 2021.  As a result of the enactment of this law, Plaintiff B.P.J., by her next friend and mother, commenced this civil action on May 26, 2021.  In this Complaint, Plaintiff sued the West Virginia State Board of Education; Harrison County Board of Education; West Virginia Secondary School Activities Commission; W. Clayton Burch, in his official capacity at State Superintendent; and Dora Stutler, in her official capacity as Harrison County Superintendent.  [ECF No. 1].

2

Plaintiff is an 11-year-old transgender student who will start middle school this Fall at Bridgeport Middle School in Harrison County, West Virginia, and who plans to try out for and participate in the girls' cross-country and track teams. [*Id.*]. Plaintiff's Complaint seeks an Order declaring that *West Virginia Code* § 18-2-25d violates Plaintiff's rights under Title IX, 20 U.S.C. § 1681, et seq., and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and enjoining its enforcement by Defendants. [*Id.*]. Plaintiff also filed a Motion for a Preliminary Injunction which seeks an Order preliminarily enjoining Defendants from enforcing *West Virginia Code* § 18-2-25d. [ECF Nos 2, 19].

## II.   STANDARD OF REVIEW

Rule 12(b)(1) governs motions to dismiss for ripeness and for lack of standing, which pertain to subject matter jurisdiction. *See CGM, LLC v. BellSouth Telecomm's, Inc.*, 664 F.3d 46, 52 (4th Cir. 2011); *see also Akers v. Md. State Educ. Ass'n*, 376 F.Supp.3d 563, 569 (D.Md. 2019). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "challenges a court's authority to hear the matter brought by a complaint." *Akers*, 376 F.Supp.3d at 569. Under Rule 12(b)(1), "the plaintiff bears the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction." *Id.* (first citing *Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); and then citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)).

A motion brought pursuant to 12(b)(1) may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. *See Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). In the first instance, the facts in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). In the second instance, "the district court is to regard the

pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (nonconversion of motion).

A motion to dismiss filed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). In *Ashcroft v. Iqbal,* the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id.* Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis,* 588 F.3d at 193 (internal quotations omitted). Such "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### III.   ARGUMENT

#### A.   Plaintiff lacks standing against WVBOE.

This Court must dismiss WVBOE because the Court lacks jurisdiction over WVBOE. "It is well established that standing is a threshold jurisdictional issue that must be determined first because

4

'[w]ithout jurisdiction the court cannot proceed at all in any cause.'" *Covenant Media of N.C., LLC v. City of Monroe, N.C.*, 285 Fed. App'x 30, 34 (4th Cir. 2008) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)).  To establish standing, a party must meet three requirements:

> (1) [the party] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)).  "The party attempting to invoke federal jurisdiction bears the burden of establishing standing." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

Here, Plaintiff cannot establish that the injury alleged is "fairly traceable to the challenged action of the defendant."  The "fairly traceable" component requires a causal connection between the alleged injury and the defendant's assertedly unlawful conduct.  *Allen v. Wright*, 468 U.S. 737, 753, 104 S. Ct. 3315, 3325, 82 L. Ed. 2d 556 (1984).  A plaintiff can establish a sufficient causal connection between injury and challenged action if he/she can make a reasonable showing that the alleged injury would not have occurred "but for" the defendant's challenged conduct.  *Duke Power Co. v. Carolina Envtl. Study Group*, 438 U.S. 59, 74-75, 98 S. Ct. 2620, 2631, 57 L. Ed. 2d 595, 612 (1978).

The injury alleged by Plaintiff in this matter is the inability to participate on an athletic team of the gender for which she identifies.  The actual enforcement of *West Virginia Code* § 18-2-25d, which Plaintiff asserts results in her injury, is not and will not be by WVBOE.  *West Virginia Code* § 18-2-25d(d)(1) is clear that any disputes regarding its enforcement must be filed against the enforcing body, the county board of education.  As a result, under *West Virginia Code* § 18-2-25d,

WVBOE has not enforced the statute against Plaintiff and it will not be the party enforcing the statute against Plaintiff in the future.

Plaintiff will likely assert that standing is appropriate because WVBOE has a mandatory duty to promulgate rules to implement *West Virginia Code* § 18-2-25d.  While at some point in the future, WVBOE "shall promulgate rules, including emergency rules, pursuant to §29A-3B-1 et. seq. of this code to implement the provisions of this section[,]" at no point in the future will enforcement of *West Virginia Code* § 18-2-25d or rules promulgated be the responsibility of WVBOE.  This concept is not novel as WVBOE has previously promulgated one other rule relating to participation in an extracurricular activity.  This rule, commonly called the "2.0 Rule", W. Va. 12 C.S.R. 26, WVBOE Policy 2436.10, Participation in Extracurricular Activities, provides that "[i]n order to participate in the extracurricular activities to which this policy applies, a student must meet all state and local attendance requirements and . . . [m]aintain a 2.0 [grade point] average."  However, the 2.0 Rule contains no provisions regarding monitoring or enforcement.  As a result, neither WVBOE State Superintendent nor WVBOE play any role in the monitoring or enforcement for any aspect of extracurricular athletics eligibility.  Instead, monitoring and enforcement are the responsibility of other entities (i.e. county boards of education and/or WVSSAC).  Similarly, *West Virginia Code* § 18-2-25d likewise confers no duty upon WVBOE to monitor or enforce this statute even after WVBOE promulgates rules pursuant to §29A-3B-1 et. seq.

*West Virginia Code* § 18-2-25d will go into effect on July 8, 2021, and WVBOE will then enact rules in the future; however, the enforcement of the provisions of *West Virginia Code* § 18-2-25d will not fall upon WVBOE.  This will not change with the enactment of rules by WVBOE, as *West Virginia Code* § 18-2-25d clearly contemplates a county board of education as the party responsible with its enforcement.  As a result, Plaintiff cannot meet her burden of establishing that

the alleged injury would not have occurred "but for" any past or future conduct by WVBOE.  Since Plaintiff does not have standing to sue WVBOE, the Court lacks jurisdiction and cannot enter an injunction against it.  Therefore, this Court should dismiss WVBOE with prejudice.

  **B.  Plaintiff's claims against WVBOE are not ripe for judicial review.**

  Plaintiff's claims against WVBOE are not ripe for judicial review.  As with standing, ripeness is a question of subject matter jurisdiction. *See Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013).  The question of whether a claim is ripe "turns on the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 103 S. Ct. 1713, 1720, 75 L. Ed. 2d 752, 763 (1983) (citation omitted).  In the context of claims challenging agency actions, the purpose of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49, 87 S. Ct. 1507, 1515, 18 L. Ed. 2d 681, 691 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. #d. 2d 192 (1977).  Finally, to be fit for judicial review, a controversy should be presented in a "clean-cut and concrete form." *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (citation omitted).  This occurs when the action is "final and not dependent on future uncertainties or intervening agency rulings." *Franks v. Ross*, 313 F.3d 184, 195 (4th Cir. 2002) (citation omitted).

  Here, the only action mandated by *West Virginia Code* § 18-2-25d and directed at WVBOE is to promulgate rules regarding the statute.  *West Virginia Code* § 18-2-25d does not place a timeframe upon the promulgation of the rules.  To date, no rules have been promulgated.  The West

Virginia Legislative session ended in April 2021, and the enactment of new rules requires time for preparation, public comment, and final approval.  As a result, challenging WVBOE's conduct in this matter is clearly not ripe for judicial review under the precedent discussed above.  There is no "final" action by WVBOE and there are no rules promulgated by WVBOE in a "clean-cut and concrete form" for the Court to review as it relates to WVBOE.  Therefore, the Court lacks jurisdiction over WVBOE because the claims against it are not ripe for judicial review and WVBOE is entitled to dismissal with prejudice.

      **C.**    **Plaintiff's claims against Superintendent Burch are duplicative of the claims against the entity.**

Plaintiff has sued both the West Virginia Board of Education and Superintendent of the West Virginia Board of Education, Clayton Burch, in his official capacity only.  *See* Compl. at ¶ 10.  The United States Supreme Court has long held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989).  Because of such, "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal citations omitted).  Because the real party in interest, the entity, is a party here, maintaining a claim against Superintendent Burch in his official capacity is duplicative of the claims against the State Board of Education.  As such, this Court should dismiss the duplicative party, Superintendent Burch from this matter with prejudice.

      **WHEREFORE**, based upon the foregoing, Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch hereby pray that the Honorable Court will enter an Order dismissing them from this matter with prejudice and awarding such other relief deemed

necessary and appropriate.

Respectfully Submitted,

**DEFNDANTS WEST VIRGINIA
STATE BOARD OF EDUCATION
and W. CLAYTON BURCH**

**By Counsel,**

**/s/ Kelly C. Morgan**
**Kelly C. Morgan (WV Bar #9519)**
**Michael W. Taylor (WV Bar #11715)**
**Kristen V. Hammond (WV Bar #9727)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**mtaylor@baileywyant.com**
**khammond@baileywyant.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

B.P.J., by her next friend and mother,
HEATHER JACKSON,

    **Plaintiff,**

v.                                             Civil Action No. 2:21-cv-00316
                                             Honorable Joseph R. Goodwin

WEST VIRGINIA STATE BOARD OF
EDUCATION; HARRISON COUNTY
BOARD OF EDUCATION; WEST
VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISSION; W.
CLAYTON BURCH, in his official
capacity as State Superintendent; and
DORA STUTLER, in her official capacity
as Harrison County Superintendent,

    **Defendants.**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing " **Memorandum of Law in Support of Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch's Motion To Dismiss**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, Thursday, July 1, 2021:

Loree Stark
American Civil Liberties Union of West Virginia Foundation
P.O. Box 3952
Charleston, WV 25339-3952
lstark@acluwv.org
*Counsel for Plaintiff*

Avatara Smith-Carrington
Lambda Legal
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org
*Counsel for Plaintiff*

Carl Charles
Tara Borelli
Lambda Legal
730 Peachtree Street NE, Suite 640
Atlanta, GA 30308-1210
ccharles@lambdalegal.org
*Counsel for Plaintiff*

Sruti Swaminathan
Lambda Legal
120 Wall Street, 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org
*Counsel for Plaintiff*

Joshua Block
Taylor Brown
Chase Strangio
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
jblock@aclu.org
*Counsel for Plaintiff*

Kathleen Hartnett
Julie Veroff
Cooley LLP
101 California Street 5th Floor
San Francisco, CA 94111-5800
khartnett@cooley.com
*Counsel for Plaintiff*

Elizabeth Reinhardt
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
ereinhardt@cooley.com
*Counsel for Plaintiff*

Andrew Barr
Cooley LLP
1144 15th St., Suite 2300
Denver, CO 80202-5686
abarr@cooley.com
*Counsel for Plaintiff*

Katelyn Kang
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
kkang@cooley.com
*Counsel for Plaintiff*

Roberta F. Green
Shuman McCuskey & Slicer PLLC
P.O. Box 3953
Charleston, WV 25339-3953
rgreen@Shumanlaw.com
*Counsel for Defendant West Virginia Secondary School Activities Commission*

Susan L. Deniker
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
susan.deniker@steptoe-johnson.com
*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

Douglas P. Buffington, II
Curtis R. A. Capehart
Jessica A. Lee
Office of the Attorney General, State of West Virginia
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Curtis.R.A.Capehart@wvago.gov
*West Virginia Attorney General's Office*

Whitney M. Pellegrino
Aria S. Vaughan
Michelle L. Tucker
Amanda K. Dallo
United States Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave., NW
4CON, 10th Floor
Washington, DC 20530
Aria.Vaughan@usdoj.gov
*United States Department of Justice*

Lisa G. Johnston
Fred B. Westfall, Jr.
Jennifer M. Mankins
300 Virginia Street East, Room 4000
Charleston, WV 25301
Fred.Westfall@usdoj.gov
*United States Attorney's Office*

 **/s/ Kelly C. Morgan**
**Kelly C. Morgan (WV Bar #9519)**
**Michael W. Taylor (WV Bar #11715)**
**Kristen V. Hammond (WV Bar #9727)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**mtaylor@baileywyant.com**
**khammond@baileywyant.com**