IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B.P.J., by her next friend and mother,
HEATHER JACKSON,**
    **Plaintiff,**

v.                                                        **Civil Action No. 2:21-cv-00316**
                                                          **Honorable Joseph R. Goodwin, Judge**

**WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,**
    **Defendants.**

**WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
<u>PLAINTIFF'S COMPLAINT</u>**

Now comes West Virginia Secondary School Activities Commission (WVSSAC), by counsel, Roberta F. Green, Anthony E. Nortz, Kimberly M. Bandy and Shuman McCuskey Slicer PLLC, and, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss all claims asserted against it with prejudice as a matter of law because Plaintiff's Complaint fails to state a claim against WVSSAC upon which relief can be granted.[1] In this matter, Plaintiff has alleged that enactment of H.B. 3293 has resulted in violation of Title IX and the Equal Protection Clause of the 14th Amendment when a principal within the Harrison County Board of Education system indicated Plaintiff could not run on the girls' track team. Plaintiff is seeking a

---

[1] *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009); *Twombly v. Bell Atl. Corp.,* 550 U.S. 554, 570 (2007).

ruling that she is entitled to participate on the sports team of the gender with which she identifies. Here, there is no indication that WVSSAC has taken any action to enforce H.B. 3293 nor is WVSSAC called upon to take any action at this time. Further, WVSSAC is not mentioned within H.B. 3293. WVSSAC's policies as currently crafted do not and would not impede this Plaintiff from proceeding with middle school Cross-Country as she envisions,[2] and any modification in the WVSSAC system would be occasioned by outcome here. That is, WVSSAC future actions will not be outcome determinative; rather they will be determined by outcome. As such, Plaintiff's claims against WVSSAC should be dismissed because there is no potential remedy as against WVSSAC that would result in the relief Plaintiff seeks.

In support of this Motion, Defendant states as follows:

## I. FACTS

Plaintiff B.P.J. is an 11-year-old girl who will start middle school in the fall and wishes to participate on the girls' cross-county team. Compl. at ¶ 1. In April of 2021, the West Virginia Legislature passed H.B. 3293, which purports to recognize the inherent differences between biological males and biological females and the valid justification for sex-based classifications in sports. W. Va. Code § 18-2-25d(a). Additionally, H.B. 3293 prohibits participation of biological males, individuals whose biological sex as determined at birth is male, in sports designated for biological females. W. Va. Code § 18-2-25d(c)(2). H.B. 3293 does not mention Defendant WVSSAC and does not create any duties for WVSSAC. H.B. 3293 does establish that the State Board of Education shall promulgate rules, including emergency rules, pursuant to § 29A-3B-1 *et. seq.* of the West Virginia Code to implement the provisions of this section. W. Va. Code § 18-2-25d(e).

---

[2] *See Grimm v. Gloucester County School Board,* 972 F.3d 586, 619–20 (4th Cir. 2020).

Plaintiff alleges she was angered and saddened by the passage of H.B. 3293, believing it would prevent her from participating on girls' sports teams in middle school. Compl. at ¶ 74. In May of 2021, Plaintiff states that she was told by the Principal at Bridgeport Middle School that she would not be allowed to run on the girls' cross-country team due to H.B. 3293. *Id.* at ¶ 77. Plaintiff's Complaint includes no allegations that anyone from WVSSAC informed her that she would be unable to participate in girls' cross-country.

## II.    STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6), Plaintiff has failed to raise a claim for relief that would be available as against this defendant, such that dismissal is the necessary and proper outcome at this time. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

## III.    ANALYSIS

Plaintiff alleges that H.B. 3293 discriminates against B.P.J. in violation of Title IX and the Equal Protection Clause of the 14th Amendment; however, Defendant WVSSAC has taken no action to discriminate against B.P.J. and has no control over the actions of entities that will determine West Virginia law pursuant to or related to H.B. 3293. Plaintiff has not alleged that WVSSAC has taken any actions whatsoever toward enforcing the challenged law and, conversely,

has identified WVSSAC's policies and forms as gender and therefore transgender neutral.[3] Further, by the express terms of H.B. 3293 itself, WVSSAC has no role and is not envisioned by the Legislature as having a role in enforcing West Virginia's law or establishing regulations regarding its implementation. For these reasons, WVSSAC actions do not affect the outcome of this Court's determination, and any involvement WVSSAC would have relative to B.P.J.'s running on the girls' cross-country team would arise after West Virginia law on this issue has been finalized. For these reasons and those set out further below, WVSSAC should be dismissed from this action as a matter of law.

### The facts as alleged by Plaintiff in her complaint do not support any claim that would entitle her to relief as against WVSSAC.

H.B. 3293 relies entirely upon the State Board of Education, the Higher Education Policy Commission, and the Council for Community and Technical College Education to promulgate rules to implement its provisions.[4] As Plaintiff asserts in her Complaint, the Legislature specifically removed language from H.B. 3293 that would have required WVSSAC to participate in determinations made in accordance with the law. *See* Compl. at ¶¶ 45, 46, 61–69. As such, the statute itself occasions no changes in WVSSAC policies nor does it impose any new duties upon WVSSAC. This is highlighted by the fact that Plaintiff expressly does not assert that WVSSAC's regulations or programs violate her rights in any way and, to the contrary, currently allow inclusion regardless of gender/transgender determinations.[5]

---

[3] *See* Heather Jackson Decl. at ¶ 25, ECF No. 2-1 at p. 23.
[4] W. Va. Code § 18-2-25d(e) (effective July 8, 2021).
[5] Mem. in Supp. of Pl.'s Mot. Prelim. Inj., ECF No. 19, at n.6 [hereinafter "Memorandum]. *See also* Pl.'s Consol. R. in Supp. Of Mot. Prelim. Inj., ECF 53, stating that "West Virginia already had a long-standing and unchallenged policy of establishing separate school sports teams for boys and girls, as well as no law or policy categorically prohibiting girls who are transgender from playing on girls' teams. *See* W. Va. Code R. § 127-2-3.8; (Dkt. 42 ("U.S. SOI") at 6."

Per the statute as passed, any determinations to be made as to the assignment of a particular student to either a girls' or boys' team will be made at the State or County level and resolved prior to submission of rosters to WVSSAC. WVSSAC does not have regulations that categorically ban transgender athletes nor does WVSSAC's enrollment paperwork (physical exam) ask athletes to select or identify themselves by gender.[6] WVSSAC is not mandated to determine the appropriate team for B.P.J. but will only receive the rosters for cross-country with her name in place. That is, WVSSAC will not drive outcome, will not determine the solution, and is not identified or called upon in H.B. 3293 to do anything whatsoever.[7] At this time, WVSSAC has no role associated with the law created by H.B. 3293, and, therefore, WVSSAC should not be a party to this action.

This position is highlighted by the fact that H.B. 3293 does not envision a cause of action against WVSSAC for any statutory violation (no doubt because WVSSAC does not affect or make determinations under the statute):

> (d) Cause of Action. -
> (1) Any student aggrieved by a violation of this section may bring an action against a county board of education or state institution of higher education alleged to be responsible for the alleged violation. The aggrieved student may seek injunctive relief and actual damages, as well as reasonable attorney's fee and court costs, if the student substantially prevails.
> (2) In any private action brought pursuant to this section, the identity of a minor student shall remain private and anonymous.
> (e) The State Board of Education shall promulgate rules, including emergency rules, pursuant to §29A-3B-1 *et. seq.* of this code to implement the provisions of this section. The Higher Education Policy Commission and the Council for Community and Technical College Education shall promulgate emergency rules and propose rules for legislative approval pursuant to §29A-3A-1 *et. seq.* of this code to implement the provisions of this section.[8]

---

[6] Memorandum at n.6.
[7] While WVSSAC has the ability to promulgate rules under W. Va. Code § 18-2-25, all rules are subject to oversight and approval by the West Virginia State Board of Education who has ultimate approval authority.
[8] W. Va. Code § 18-2-25d(d), (e) (effective July 8, 2021).

Given that the statute does not reference nor involve WVSSAC in any way and given that the Legislature affirmatively removed mention of WVSSAC from the subject statute, WVSSAC has no ability to provide B.P.J. with any of her requested relief. The involvement WVSSAC would have, if any, is derivative of the outcome here – after the motions, rulings, appeals. At this time, and as conceded by Plaintiff, WVSSAC policies are gender/transgender neutral as written. While outcome could lead to finetuning of policies or regulations, no position currently taken by the WVSSAC is challenged before this Court. Simply put, WVSSAC is not the impediment nor the means to the relief Plaintiff seeks. WVSSAC operates outside these determinations, at least at this time, and any action it would be called upon to take would be determined by outcome here – it would not determine outcome itself. Therefore, WVSSAC should be dismissed from this action due to Plaintiff's failure to state a claim upon which relief can be granted.

### IV. CONCLUSION.

Where there are no actions of WVSSAC that could independently provide the relief sought by the Plaintiff, WVSSAC should be dismissed as a matter of law.

**WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION,**
**By Counsel.**

*/S/ Roberta F. Green*

Roberta F. Green (WVSB #6598)
Anthony E. Nortz (WVSB #12944)
Kimberly M. Bandy (WVSB #10081)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street East, Suite 200 (25301
Charleston, WV 25339
(304) 345-1400
(304) 343-1826 FAX
rgreen@shumanlaw.com
anortz@shumanlaw.com
kbandy@shumanlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**B.P.J., by her next friend and mother,**
**HEATHER JACKSON,**
    **Plaintiff,**

**v.**     Civil Action No. 2:21-cv-00316
     Honorable Joseph R. Goodwin, Judge

**WEST VIRGINIA STATE BOARD OF EDUCATION,**
**HARRISON COUNTY BOARD OF EDUCATION,**
**WEST VIRGINIA SECONDARY SCHOOL**
**ACTIVITIES COMMISION, W. CLAYTON BURCH**
**in his official capacity as State Superintendent, and**
**DORA STUTLER in her official capacity as**
**Harrison County Superintendent,**
    **Defendants.**

## **CERTIFICATE OF SERVICE**

I hereby certify that I, Roberta F. Green, have this day, the 2nd day of July, 2021, served a true and exact copy of ***"West Virginia Secondary School Activities Commission's Memorandum in Support of Motion to Dismiss Plaintiff's Complaint"*** with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Loree Stark<br>ACLU of WV FOUNDATION<br>P.O. Box 3952<br>Charleston, WV 25339-3952<br>lstark@acluwv.org | Kathleen R. Hartnett<br>Julie Veroff<br>COOLEY LLP<br>101 California St., 5th Floor<br>San Francisco, CA 94111-5800<br>khartnett@cooley.com |
| Katelyn Kang<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001-2157<br>kkang@cooley.com | Elizabeth Reinhardt<br>COOLEY LLP<br>500 Boylston St., 14th Floor<br>Boston, MA 02116-3736<br>ereinhardt@cooley.com |
| Andrew Barr<br>COOLEY LLP<br>1144 15th St., Suite 2300<br>Denver, CO 80202-5686<br>abarr@cooley.com | Avatara Smith-Carrington<br>LAMBDA LEGAL<br>3500 Oak Lawn Ave., Suite 500<br>Dallas, TX 75219<br>asmithcarrington@lambdalegal.org |

Joshua Block
Taylor Brown
Chase Strangio
ACLU FOUNDATION
125 Broad Street
New York, NY  10004
jblock@aclu.org

Sruti Swaminathan
LAMBDA LEGAL
120 Wall St., 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org

Kelly C. Morgan
BAILEY & WYANT, PLLC
500 Virginia St., East, Suite 600
Charleston, WV  25301
kmorgan@baileywyant.com

Carl Charles
Tara Borelli
LAMBDA LEGAL
730 Peachtree Street NE., Suite 640
Atlanta, GA 30308-1210
ccharles@lambdalegal.org

Susan Llewellyn Deniker
STEPTOE and JOHNSON, LLC
400 White Oaks Boulevard
Bridgeport, WV  26330
susan.deniker@steptoe-johnson.com

*/S/ Roberta F. Green*

_____
Roberta F. Green, Esquire (WVSB #6598)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street E., Suite 200 (25301)
Charleston, West Virginia
Phone: (304) 345-1400
Facsimile: (304) 343-1826
*Counsel for Defendant WVSSAC*