IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

        *Plaintiff*,

v.                                         Civil Action No. 2:21-cv-00316
                                             Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,

        *Defendants*.

**DEFENDANTS HARRISON COUNTY BOARD OF EDUCATION
AND DORA STUTLER'S MOTION TO DISMISS**

        The Harrison County Board of Education and Dora Stutler in her official capacity as Harrison County Superintendent (collectively, "the County Board"), by counsel, move to dismiss both of Plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Count I was brought against the Harrison County Board of Education, and Count II was brought against it and Superintendent Stutler. Both claims against the County Board should be dismissed primarily because the County Board was not responsible for and did not pass the West Virginia statute ("the Act") at issue in this civil action, which is what Plaintiff alleges will harm B.P.J. Thus, the County Board has caused no harm, and will cause no harm, to B.P.J. and cannot be liable to Plaintiff.

        The Act, if it goes into effect, will require that B.P.J. be excluded from the girls' track and cross-country teams. The County Board has no policy or custom of its own that would prevent B.P.J. from joining the girls' teams due to transgender status. However, the County Board

is required to follow state law, and so it – along with every other county board of education in the State of West Virginia – is tasked with enforcing the Act when (or if) it goes into effect. If the Act does not go into effect (because, for example, the Court enjoins any of the defendants), the County Board will not enforce it. In that scenario, the County Board will not prevent B.P.J. from trying out for girls' athletic teams based on transgender status. The County Board simply is not responsible for the Act or any injury it may inflict, and it should be dismissed on that basis.

Furthermore, if the Act were to cause any actionable harm to transgender girls such as B.P.J., that harm would be inflicted state-wide, not just within Harrison County. An injunction or award of damages, fees, and/or costs against the (Harrison) County Board could not redress that state-wide harm, which highlights the fact that the County Board is the wrong defendant. That is, an injunction against the County Board would permit B.P.J. to try out for girls' sports teams at her school but apparently would not permit her to participate in competitions involving West Virginia schools outside of Harrison County. Thus, not only is the County Board not responsible for the Act, it also is incapable of providing the full relief that Plaintiff seeks.

Like B.P.J., the County Board is affected by the Act, not the other way around. The Act was not created by the County Board, and it is not under the County Board's control. In the end, even if the Act were to be found unlawful or unconstitutional, the County Board could not be liable to Plaintiff because it did not cause B.P.J. any harm. The County Board is simply tasked with enforcing state law; it has no policy or custom that would exclude B.P.J. from participating on girls' sports teams solely due to transgender status.

While the County Board did not have any role in the passage of the Act, Plaintiff has asserted claims seeking monetary damages (including costs, expenses, and attorneys' fees) against it. The County Board thus finds itself in the position of having to defend a statute it had no part in forming or passing. To that extent, the County Board observes that a clear legal basis

exists for finding that the Act survives legal scrutiny under Title IX and Equal Protection review and that the County Board cannot be liable to Plaintiff for this additional reason.

The County Board recognizes that, although relief against the County Board alone will not provide the relief Plaintiff seeks because the Act would still go into effect in West Virginia's remaining counties, it is possible that the Court may find that Superintendent Stutler, in her official capacity as a State agent, is a proper defendant to Count II for the purpose of an injunction.  Nevertheless, because Superintendent Stutler would be enforcing (if anything) a *state* law, when (or if) she enforces the Act, she would be representing the State – not the Harrison County Board of Education – making her, in the official capacity in which she has been named a defendant, an agent of the State for purposes of this civil action.

Therefore, if any monetary award, including damages, costs, expenses, attorneys' fees, etc., were to be assessed against Superintendent Stutler, the State alone would be liable for that award.  Superintendent Stutler and the Harrison County Board of Education cannot be liable for any monetary award arising from a violation caused by their enforcement of an Act of the State; at most, Superintendent Stutler may be enjoined from enforcing the Act.  The State itself must pay for any damages its Act creates, including but not limited to damages, costs, expenses, and attorneys' fees.

As demonstrated in more detail in the County Board's simultaneously-filed memorandum of law, Plaintiff has not stated a claim against the Harrison County Board of Education and Dora Stutler in her official capacity as Harrison County Superintendent upon which relief can be granted, and so the claims against them should be dismissed.

Respectfully submitted this 2nd day of July, 2021,

STEPTOE & JOHNSON PLLC
  OF COUNSEL

/s/ Susan L. Deniker
Susan L. Deniker     (WV ID #7992)
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000

*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

    *Plaintiff*,

v.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, and DORA STUTLER in her official capacity as Harrison County Superintendent,

    *Defendants*.

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, I electronically filed a true and exact copy of "***Defendants Harrison County Board of Education and Dora Stutler's Motion to Dismiss***" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| **Andrew D. Barr**<br>COOLEY<br>Suite 2300<br>1144 15th Street<br>Denver, CO 80202<br>    *Counsel for Plaintiff* | **Joshua A. Block**<br>AMERICAN CIVIL LIBERTIES UNION<br>Floor 18<br>125 Broad Street<br>New York, NY 10004<br>    *Counsel for Plaintiff* |

12906144

**Tara L. Borelli**
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND
Suite 640
730 Peachtree Street NE
Atlanta, GA 30308-1210
    *Counsel for Plaintiff*

**Kathleen R Hartnett**
COOLEY
5th Floor
101 California Street
San Francisco, CA 94111
    *Counsel for Plaintiff*

**Elizabeth Reinhardt**
COOLEY
500 Boylston Street
Boston, MA 02116
    *Counsel for Plaintiff*

**Loree Beth Stark**
AMERICAN CIVIL LIBERTIES UNION OF
WEST VIRGINIA
Suite 507
405 Capitol Street
Charleston, WV 25301
914-393-4614
    *Counsel for Plaintiff*

**Sruti J. Swaminathan**
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND
19th Floor
120 Wall Street
New York, NY 10005
    *Counsel for Plaintiff*

**Carl Solomon Charles**
LAMBDA LEGAL
Suite 640
730 Peachtree Street, NE
Atlanta, GA 30308
    *Counsel for Plaintiff*

**Katelyn Kang**
COOLEY
55 Hudson Yards
New York, NY 10001
    *Counsel for Plaintiff*

**Avatara Antoinette Smith-Carrington**
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND
Suite 500
3500 Oak Lawn Avenue
Dallas, TX 75219
    *Counsel for Plaintiff*

**Julie Veroff**
COOLEY
5th Floor
101 California Street
San Francisco, CA 94111
    *Counsel for Plaintiff*

**Aria Vaughan**
DEPARTMENT OF JUSTICE
4CON, 10th Floor
950 Pennsylvania Avenue NW
Washington, DC 20530
    *Counsel for Interest Party USA*

**Douglas P. Buffington, II**
WV ATTORNEY GENERAL'S OFFICE
Building 1, Room 26e
1900 Kanawha Boulevard, East
Charleston, WV 25305
    *Counsel for Intervenor State of W. Va.*

**Curtis R. Capehart**
WV ATTORNEY GENERAL'S OFFICE
Building 1, Room 26e
1900 Kanawha Boulevard, East
Charleston, WV 25305
    *Counsel for Intervenor State of W. Va.*

**Jessica Anne Lee**
WEST VIRGINIA ATTORNEY GENERAL'S OFFICE
Building 1, Room E-26
1900 Kanawha Boulevard, East
Charleston, WV 25305
    *Counsel for Intervenor State of W. Va.*

**Fred B. Westfall , Jr.**
UNITED STATES ATTORNEY'S OFFICE
P. O. Box 1713
Charleston, WV 25326-1713
    *Counsel for Interest Party USA*

**Jennifer M. Mankins**
U. S. ATTORNEY'S OFFICE
P. O. Box 1713
Charleston, WV 26326-1713
    *Counsel for Interest Party USA*

**Kelly C. Morgan**
**Kristen Vickers Hammond**
**Michael W. Taylor**
BAILEY & WYANT
P. O. Box 3710
Charleston, WV 25337-3710
    *Counsel for Defendant WVSBE*

**Roberta F. Green**
**Anthony E. Nortz**
**Kimberly M. Bandy**
SHUMAN MCCUSKEY & SLICER
P. O. Box 3953
Charleston, WV 25339
    *Counsel for Defendant WVSSAC*

                                               /s/ Susan L. Deniker

12906144