**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**B.P.J., by her next friend and mother,**
**HEATHER JACKSON,**
      **Plaintiff,**

**v.**                               **Civil Action No. 2:21-cv-00316**
                                      **Honorable Joseph R. Goodwin, Judge**

**WEST VIRGINIA STATE BOARD OF EDUCATION,**
**HARRISON COUNTY BOARD OF EDUCATION,**
**WEST VIRGINIA SECONDARY SCHOOL**
**ACTIVITIES COMMISION, W. CLAYTON BURCH**
**in his official capacity as State Superintendent, and**
**DORA STUTLER in her official capacity as**
**Harrison County Superintendent, PATRICK MORRISEY**
**In his official capacity as Attorney General, and THE**
**STATE OF WEST VIRGINIA,**
      **Defendants.**

**WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

      Now comes West Virginia Secondary School Activities Commission (WVSSAC), by counsel, Roberta F. Green, Anthony E. Nortz, Kimberly M. Bandy and Shuman McCuskey Slicer PLLC, and, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss all claims asserted against it with prejudice as a matter of law because Plaintiff's First Amended Complaint fails to state a claim against WVSSAC upon which relief can be granted.[1] In this matter, Plaintiff has alleged that enactment of H.B. 3293 has resulted in violation of Title IX and the Equal Protection Clause of the 14th Amendment when a principal within the

---

[1] *See, e.g.*, *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 570 (2007).

Harrison County Board of Education system indicated Plaintiff could not run on the girls' track team. Plaintiff is seeking a ruling that she is entitled to participate on the sports team of the gender with which she identifies.

Here, Plaintiff identifies no enforcement action that WVSSAC has taken or is slated to take relative to H.B. 3293 nor does Plaintiff allege that WVSSAC is called upon to take any action whatsoever at this time. Further, it is undisputed that WVSSAC is not mentioned within H.B. 3293 and language regarding WVSSAC was purposefully removed from H.B. 3293 during the drafting process.  WVSSAC's policies as currently crafted do not and would not impede this Plaintiff from proceeding with middle school cross-country or track as she envisions,[2] and any modification in the WVSSAC system would be occasioned by outcome here. Whereas Plaintiff's First Amended Complaint now alleges for the first time that "[u]pon information and belief, the School Activities Commission is the controlling authority for Bridgeport Middle School's athletic programs,"[3] Plaintiff also has provided sworn testimony that the Commission's regulations are gender neutral as written.[4] Therefore, even assuming that the Commission were the controlling authority, Plaintiff has conceded that its regulations are neutral.

It is clear on the record that WVSSAC has not caused any harm to B.P.J. There are absolutely no grounds for Plaintiff to recover damages or attorney's fees from WVSSAC because WVSSAC did not cause enactment of the law that she claims to be the source of potential harm to her, and WVSSAC has done nothing to enforce that law against B.P.J. Additionally, Plaintiff's amended claims against WVSSAC should be dismissed because there is no potential remedy as against WVSSAC that would result in the relief Plaintiff seeks. WVSSAC's regulations are

---

[2] *See Grimm v. Gloucester County School Board,* 972 F.3d 586, 619–20 (4th Cir. 2020).
[3] First Am. Compl. ¶ 8, ECF No. 64.
[4] *See* Heather Jackson Decl. ¶ 25, at 23, ECF No. 2-1.

identified by Plaintiff as neutral and are not challenged by her. WVSSAC stands outside these determinations as a matter of law and fact, such that dismissal as a matter of law is the necessary and proper resolution at this time.[5]

In support of this Motion, Defendant states as follows:

## I.    FACTS

Plaintiff B.P.J. is an 11-year-old girl who will start middle school in the fall and wishes to participate on the girls' cross-county and track teams. Am. Compl. at ¶¶ 1, 6. In April of 2021, the West Virginia Legislature passed H.B. 3293, which purports to recognize the inherent differences between biological males and biological females and the valid justification for sex-based classifications in sports. W. Va. Code § 18-2-25d(a). Additionally, H.B. 3293 prohibits participation of biological males, individuals whose biological sex as determined at birth is male, in sports designated for biological females. W. Va. Code § 18-2-25d(c)(2). H.B. 3293 does not mention Defendant WVSSAC and does not create any duties for WVSSAC. H.B. 3293 does establish that the State Board of Education shall promulgate rules, including emergency rules, pursuant to § 29A-3B-1 *et. seq.* of the West Virginia Code to implement the provisions of this section. W. Va. Code § 18-2-25d(e).

Plaintiff alleges she was angered and saddened by the passage of H.B. 3293, believing it would prevent her from participating on girls' sports teams in middle school. Am. Compl. at ¶ 78. In May of 2021, Plaintiff alleges that she was told by the Principal at Bridgeport Middle School that she would not be allowed to run on the girls' cross-country or track teams due to H.B. 3293. *Id.* at ¶ 81. Plaintiff's First Amended Complaint includes no allegations that anyone from WVSSAC informed her that she would be unable to participate in girls' cross-country or track, or

---

[5] WVSSAC does not waive any other factual or legal defenses to the First Amended Complaint.

that WVSSAC has taken any action to attempt to enforce the law as to her. Further, it is not alleged that WVSSAC directed, or in any way communicated to Bridgeport Middle School that B.P.J. would not or should not be allowed to participate on the girls' cross-country or track teams.

## II.   STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6), Plaintiff has failed to raise a claim for relief that would be available as against this defendant, such that dismissal is the necessary and proper outcome at this time. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, (citing *Twombly,* 550 U.S. at 556). This standard requires more than the sheer possibility that a defendant has acted unlawfully and more than allegations that are merely consistent with liability. *Id.*, (citing *Twombly,* 550 U.S. at 557). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*, (citing *Twombly,* 556 U.S. at 678). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

## III.   ANALYSIS

Plaintiff alleges that H.B. 3293 discriminates against B.P.J. in violation of Title IX and the Equal Protection Clause of the 14th Amendment; however, Defendant WVSSAC has no affirmative duty under H.B. 3293, has taken no action to discriminate against B.P.J. and has no control over the actions of entities that will determine West Virginia law pursuant to or related to

H.B. 3293. Whereas Plaintiff now alleges that WVSSAC has a statutory duty to supervise and to implement policies and programs, it bears noting that under the West Virginia Code provision cited by the Plaintiff the State Board of Education maintains "prior approval" over the actions of WVSSAC. Beyond that misstep, however, even where Plaintiff alleges generally now that WVSSAC has a supervisory role or some rule-making authority,[6] Plaintiff has already conceded that WVSSAC's regulations and forms are gender (and, therefore, transgender) neutral. WVSSAC is simply not an appropriate Defendant in this matter.

### A. WVSSAC is an improper Defendant in this action because WVSSAC has no duty under H.B. 3293.

In attempting to include WVSSAC as a Defendant in this action, Plaintiff alleges that WVSSAC has a statutory duty to supervise and to implement policies and programs, apparently attempting to impute supervision under or enforcement of H.B. 3293 to WVSSAC despite the fact that H.B. 3293 relies entirely upon the State Board of Education, the Higher Education Policy Commission, and the Council for Community and Technical College Education to promulgate rules to implement its provisions.[7] As noted, WVSSAC is not cited in this statute, and the rules of statutory construction provide that, in this instance, the exclusion is meaningful, that the Legislature is presumed to have included or excluded knowingly.[8] As Plaintiff asserts in her First Amended Complaint, the Legislature specifically removed language from H.B. 3293 that would have required WVSSAC to participate in determinations made in accordance with the law. *See, e.g.,* Am. Compl. at ¶ 50. The statute itself occasions no changes in WVSSAC policies. Per the

---

[6] First Am. Compl. ¶¶ 7, 8, ECF No. 64.
[7] W. Va. Code § 18-2-25d(e) (effective July 8, 2021).
[8] West Virginia's Code Chapter 18 elsewhere cites WVSSAC, but WVSSAC is expressly excluded in W. Va. Code § 18-2-25d(e). "[Where] Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States,* 464 U.S. 16, 23 (1983).

Case 2:21-cv-00316 Document 71 Filed 07/30/21 Page 6 of 14 PageID #: 1369

statute as passed and given the omissions, any determinations to be made as to team assignments will be made at the State or County level and resolved prior to submission of rosters to WVSSAC.

Beyond that, however, even where Plaintiff alleges generally now that WVSSAC has a supervisory role or some rule-making authority,[9] yet Plaintiff has failed to cite any role WVSSAC has pursuant to this statute. Additionally, Plaintiff does not allege that WVSSAC has taken any actions whatsoever toward enforcing the challenged law and, conversely, under oath, has identified WVSSAC's policies and forms as gender and therefore transgender neutral.[10] Further, it is undisputable that the express terms of H.B. 3293 itself find no role for WVSSAC and that WVSSAC is not envisioned by the Legislature as having a role in enforcing West Virginia's law or establishing regulations regarding its implementation.

Plaintiff appears to admit that WVSSAC is unnecessary to the relief she seeks and that the relief she seeks is unavailable through WVSSAC. Plaintiff cites WVSSAC's regulations, protocols, and forms as gender (and therefore transgender) neutral. Indeed, Plaintiff concedes by suggestion that WVSSAC was cited only in an early version of the statute.[11] WVSSAC's inability to affect the relief requested by Plaintiff is highlighted by the fact that H.B. 3293 does not envision a cause of action against WVSSAC for any statutory violation (no doubt because WVSSAC does not affect or make determinations under the statute):

> (d) Cause of Action. -
> (1) Any student aggrieved by a violation of this section may bring an action against a county board of education or state institution of higher education alleged to be responsible for the alleged violation. The aggrieved student may seek injunctive relief and actual damages, as well as reasonable attorney's fee and court costs, if the student substantially prevails.
> (2) In any private action brought pursuant to this section, the identity of a minor student shall remain private and anonymous.

---

[9] First Am. Compl. ¶¶ 7, 8, ECF No. 64.
[10] *See* Heather Jackson Decl. ¶ 25, at 23, ECF No. 2-1.
[11] First Am. Compl. ¶ 50, ECF No. 64.

(e) The State Board of Education shall promulgate rules, including emergency rules, pursuant to §29A-3B-1 *et. seq.* of this code to implement the provisions of this section. The Higher Education Policy Commission and the Council for Community and Technical College Education shall promulgate emergency rules and propose rules for legislative approval pursuant to §29A-3A-1 *et. seq.* of this code to implement the provisions of this section.[12]

Given that the statute does not reference nor include WVSSAC in any way and given that the Legislature affirmatively removed mention of WVSSAC from the subject statute, WVSSAC has no ability to provide B.P.J. with any of her requested relief. For these reasons, WVSSAC actions do not affect the outcome of this Court's determination, and any involvement WVSSAC would have relative to B.P.J.'s running on the girls' cross-country or track teams would arise after West Virginia law on this issue has been finalized, including a final decision in this matter relative to the statute.

Without identifying any policy that WVSSAC has enacted (or is charged with enacting) that violates Title IX or the Equal Protection Clause, Plaintiff's claims as against WVSSAC rise no further than to suggest the "sheer possibility that a defendant has acted unlawfully and [even then, still fails even to raise] allegations that are . . . consistent with liability."[13] Therefore, Plaintiff's claims must fail.

### B. WVSSAC is an improper defendant in this action because WVSSAC's rules and regulations do not violate B.P.J.'s rights.

WVSSAC has taken no action to enforce H.B. 3293 against B.P.J., and the Court has granted B.P.J.'s Motion for Preliminary Injunction, such that WVSSAC is preliminarily enjoined from doing so. Further, as Plaintiff asserts in her First Amended Complaint, the Legislature specifically removed language from H.B. 3293 that would have required WVSSAC to participate in determinations made in accordance with the law. *See, e.g.,* Am. Compl. at ¶ 50. Lastly,

---

[12] W. Va. Code § 18-2-25d(d), (e) (effective July 8, 2021).
[13] *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 557).

WVSSAC's regulations on cross-country and track are not impacted or addressed in any way by

H.B. 3293, and where, in particular, as relates to cross-country and track, all WVSSAC regulations

are uniform across the board in providing one set of regulations for boys and girls,[14] not even

---

[14] Of note, Plaintiff does not challenge sex-separated teams. *See* Pl.'s Mem. in Supp. of Pl.'s Mot. Prelim. Inj. at 21, ECF No. 19 [hereinafter "Memorandum"]. *See also* WVSSAC Track Coaches Packet at 6, ECF No. 47-1.

**§127-3-22. Cross Country (Boys and Girls).**
22.1. Rules: Cross country rules published by the National Federation of State High School Associations are the official rules for all interscholastic competition unless otherwise provided by Commission modification.
22.2. Organized team practice will begin on Monday Week 5 and first meet may be held on Saturday of Week 7.
22.3. Length of Season: The cross country season will end for each team or individual at tournament elimination.
22.4. Maximum Team Contests: A cross country team will be permitted 16 meets exclusive of regional and state contests.
22.5. Scrimmages: Two cross country scrimmages with another high school may be conducted. See Glossary.
22.6. Individual students of a team must have practiced on 14 SEPARATE days, exclusive of the day of a contest, before participating in an interscholastic contest.
22.7. A student may accept awards in WVSSAC sanctioned events and non sanctioned events during the entire year. These awards must be consistent with the items specified in the Awards Rule.

**§127-3-29. Track and Field (Boys and Girls)**
29.1. Rules: Track and Field rules published by the National Federation of State High School Associations are the official rules for all interscholastic competition unless otherwise provided by Commission modification.
29.2. Organized Team Practice: Organized team practice will begin on Monday of Week 35 and the first contest may be on Wednesday of Week 37.
29.3. Length of Season: The track and field season will end for each team or individual by WVSSAC tournament elimination.
29.4. Maximum Team Contests: track and field team will be permitted 16 meets exclusive of sectional, regional, and state contests.
29.5. Participation Limitations: Maximum of 4 events per participant per meet.
29.6. Scrimmages: Not permitted
29.7. Individual students of a team must have practiced on 14 SEPARATE days, exclusive of the day of a contest, before participating in an interscholastic contest.
29.8. A student may accept awards in V/VSSAC sanctioned events and non-sanctioned events during the entire year. These awards must be consistent with the items specified in the Awards Rule.
29.9. Middle School/9th Grade - The above will apply for Middle School/9th Grade with the following adaptations:
    29.9.1. Middle school/9th grade teams will be permitted 14 meets and only 2 meets per week.

Plaintiff finds WVSSAC an obstacle to accomplishing federal objectives. Therefore, it is clear on the record as presented to the Court that WVSSAC has not caused any harm to B.P.J. Absolutely no grounds exist for Plaintiff to recover damages or attorney's fees from WVSSAC because WVSSAC did not cause enactment of the law that she claims to be the source of potential harm to her, and WVSSAC has done nothing to enforce that law.

Because the Legislature removed mention of WVSSAC from H.B. 3293 and, in particular, made the decision to remove language from H.B. 3293 that would have required WVSSAC to participate in determinations made in accordance with the law, *see, e.g.,* Am. Compl. at ¶ 50, the statute itself changes none of WVSSAC's policies nor does it impose any new duties upon WVSSAC. This is highlighted by the fact that, whereas Plaintiff now alleges that WVSSAC implements policies and/or has controlling authority,[15] Plaintiff expressly does not assert that WVSSAC's regulations or programs violate her rights in any way and, to the contrary, expressly attests that the regulations and forms currently allow inclusion regardless of gender/transgender determinations. There is no allegation that WVSSAC has exercised its alleged authority in any way contrary to her rights.

WVSSAC does not have regulations that categorically ban transgender athletes nor does WVSSAC's enrollment paperwork (physical exam) ask athletes to select or identify themselves by gender.[16] WVSSAC is not mandated to determine the appropriate team for B.P.J. but will only receive the rosters for cross-country and/or track with the names in place. That is, WVSSAC will

---

29.9.2. Middle school/9th grade season will be completed by Thursday of Week 46.
29.9.3. Participation limitation: Middle school/9th grade students, regardless of grade levels (6, 7, 8, or 9), may compete in a maximum of four events, of which only three may be running events including relays.

[15] First Am. Compl. ¶¶ 7, 8, ECF No. 64.
[16] Memorandum, *supra* note 14, at 8 n.6, ECF No. 19.

not drive outcome, will not determine the solution, and is not identified or called upon in H.B. 3293 to do anything whatsoever.[17]

For these reasons, WVSSAC actions do not affect the outcome of this Court's determination, and any involvement WVSSAC would have relative to B.P.J.'s running on the girls' cross-country or track teams would arise after West Virginia law on this issue has been finalized. Indeed, as recognized in the Memorandum in Support of Plaintiff's Motion for Preliminary Injunction ("Memorandum"), Plaintiff concedes that, prior to H.B. 3293, West Virginia had "separate sports teams for boys and girls and did not categorically bar girls like B.P.J. from competing in school sports on girls' teams."[18] In particular, as relates to cross-country and track, all WVSSAC regulations are uniform across the board in providing one set of regulations for boys and girls.[19] Further, Heather Jackson's sworn statement attests that "verification of 'reproductive biology and genetics' is not part of the routine sports physical exam required by Defendant WVSSAC."[20]   WVSSAC's physical examination form, the sole registration form WVSSAC requires from athletes for participation, does not have the athletes identify themselves by gender.[21] As is evident from the express terms of H.B. 3293, WVSSAC's regulations are not impacted or addressed in any way by the legislation.

The involvement WVSSAC would have, if any, is derivative of the outcome here – after the motions, rulings, appeals. At this time, and as conceded by Plaintiff, WVSSAC policies are

---

[17] While WVSSAC has the ability to promulgate rules under W. Va. Code § 18-2-25, all rules are subject to oversight and approval by the West Virginia State Board of Education who has ultimate approval authority.
[18] *See* Memorandum, *supra* note 14, at 7, ECF No. 19; *see also* Memorandum, *supra* note 14, at 12, ECF No. 19  (citing §127-2-3.8 (Eligibility), which states in pertinent part "[the] [s]chool may sponsor separate teams for members of each sex where selection for such teams is based upon competitive skill.").
[19] Of note, Plaintiff does not challenge sex-separated teams. *See supra* text accompanying note 14.
[20] *See* Memorandum, *supra* note 14, at 8 n.6, ECF No. 19.
[21] *See Id.*; Heather Jackson Decl. at Exhibit A, 26–27, ECF No. 2-1.

gender/transgender neutral as written. While outcome could lead to finetuning of policies or regulations, no position currently taken by the WVSSAC is challenged before this Court. Simply put, WVSSAC is not the impediment nor the means to the relief Plaintiff seeks. WVSSAC operates outside these determinations, at least at this time, and any action it would be called upon to take would be determined by outcome here – it would not determine outcome itself.

At this time, WVSSAC has no role associated with the law created by H.B. 3293, and, therefore, WVSSAC should not be a party to this action. Once again, Plaintiff claims as against WVSSAC rise no further than to suggest the "sheer possibility that a defendant has acted unlawfully and [even then, still fails even to raise] allegations that are . . . consistent with liability."[22] Therefore, WVSSAC should be dismissed from this action due to Plaintiff's failure to state a claim upon which relief can be granted.

## IV.    CONCLUSION.

Where there are no actions of WVSSAC that could lead to a finding of liability for damages or attorney's fees against WVSSAC, and no actions of WVSSAC that could provide the relief sought by the Plaintiff, WVSSAC should be dismissed as a matter of law.

---

[22] *See* Memorandum, *supra* note 14, at 8 n.6, ECF No. 19; *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 557); *see also* Pl.'s Consolidated Reply in Supp. Of Mot. for Prelim. Inj. at 16, ECF No. 53 (stating that "West Virginia already had a long-standing and unchallenged policy of establishing separate school sports teams for boys and girls, as well as no law or policy categorically prohibiting girls who are transgender from playing on girls' teams."); W. Va. Code § 127-2-3.8; Statement of Interest of the United States at 6, ECF No. 42.

**WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISSION,
By Counsel.**


*/S/ Roberta F. Green*

_____

Roberta F. Green (WVSB #6598)
Anthony E. Nortz (WVSB #12944)
Kimberly M. Bandy (WVSB #10081)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street East, Suite 200 (25301
Charleston, WV 25339
(304) 345-1400
(304) 343-1826 FAX
rgreen@shumanlaw.com
anortz@shumanlaw.com
kbandy@shumanlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**B.P.J., by her next friend and mother,
HEATHER JACKSON,**
      **Plaintiff,**

**v.**                              **Civil Action No. 2:21-cv-00316
Honorable Joseph R. Goodwin, Judge**

**WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK MORRISEY
In his official capacity as Attorney General, and THE
STATE OF WEST VIRGINIA,**
      **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I, Roberta F. Green, have this day, the 30th day of July, 2021, served a true and exact copy of ***"West Virginia Secondary School Activities Commission's Memorandum in Support of Motion to Dismiss Plaintiff's First Amended Complaint"*** with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

Loree Stark
ACLU of WV FOUNDATION
P.O. Box 3952
Charleston, WV  25339-3952
lstark@acluwv.org

Katelyn Kang
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
kkang@cooley.com

Kathleen R. Hartnett
Julie Veroff
COOLEY LLP
101 California St., 5th Floor
San Francisco, CA 94111-5800
khartnett@cooley.com

Elizabeth Reinhardt
COOLEY LLP
500 Boylston St., 14th Floor
Boston, MA  02116-3736
ereinhardt@cooley.com

Andrew Barr
COOLEY LLP
1144 15th St., Suite 2300
Denver, CO  80202-5686
abarr@cooley.com

Joshua Block
Taylor Brown
Chase Strangio
ACLU FOUNDATION
125 Broad Street
New York, NY  10004
jblock@aclu.org

Sruti Swaminathan
LAMBDA LEGAL
120 Wall St., 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org

Kelly C. Morgan
BAILEY & WYANT, PLLC
500 Virginia St., East, Suite 600
Charleston, WV  25301
kmorgan@baileywyant.com

Douglas P. Buffington, II
Curtis R.A. Capehart
Jessica A. Lee
State Capitol Complex
Building 1, Room E-26
Charleston, WV  25305-0220
Curtis.R.A.Capehart@wvago.gov

Avatara Smith-Carrington
LAMBDA LEGAL
3500 Oak Lawn Ave., Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org

Carl Charles
LAMBDA LEGAL
730 Peachtree Street NE., Suite 640
Atlanta, GA  30308-1210
ccharles@lambdalegal.org

Susan Llewellyn Deniker
STEPTOE and JOHNSON, LLC
400 White Oaks Boulevard
Bridgeport, WV  26330
susan.deniker@steptoe-johnson.com

Tara Borelli
LAMBDA LEGAL
158 West Ponce De Leon Avenue,
Suite 105
Decatur, GA  30030

David C. Tryon
West Virginia Atty. General's Office
1900 Kanawha Blvd., E.
Bldg. 1, Rm 26E
Charleston, WV  25305
David.C.Tryon@wvago.gov

*/S/ Roberta F. Green*

_____
Roberta F. Green, Esquire (WVSB #6598)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street E., Suite 200 (25301)
Charleston, West Virginia
Phone: (304) 345-1400
Facsimile: (304) 343-1826
*Counsel for Defendant WVSSAC*