IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER
JACKSON,

*Plaintiff*,

v.                                                          Civil Action No. 2:21-cv-00316
                                                            Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,

*Defendants*.

### DEFENDANTS HARRISON COUNTY BOARD OF EDUCATION
### AND DORA STUTLER'S MOTION TO DISMISS (FIRST AMENDED COMPLAINT)

The Harrison County Board of Education and Dora Stutler in her official capacity

as Harrison County Superintendent (collectively, "the County Board"), by counsel, move to

dismiss both of Plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure for failure to state a claim upon which relief can be granted.  Count I of the

Amended Complaint was brought against the Harrison County Board of Education (and other

defendants), and Count II of the Amended Complaint was brought against Superintendent Stutler

(and other defendants).  The claims against the County Board should be dismissed primarily

because the County Board was not responsible for and did not pass the West Virginia statute ("the

Act") at issue in this civil action, which is what Plaintiff alleges will or could harm B.P.J.  Thus,

13034925

the County Board has caused no harm, and will cause no harm, to B.P.J. and cannot be liable to Plaintiff.

The Act, if it ever goes into effect as applied to B.P.J., will require that B.P.J. be excluded from at least some girls' sports teams at her school, including the girls' track and cross-country teams. The County Board has no policy or custom of its own that would prevent B.P.J. from joining the girls' sports teams due to her transgender status. However, the County Board is required to follow state law, and so it – along with every other county board of education in the State of West Virginia – is tasked with enforcing the Act to the extent that it is in effect now and to the extent that it may go into effect in the future. If the Act never goes into effect as applied to B.P.J., the County Board will never enforce it as to her. Because the Court granted Plaintiff's Motion for Preliminary Injunction, the County Board will not enforce the Act against B.P.J. unless and until the Act goes into effect as applied to her at some future time, after further litigation of this civil action. Because of the Court's injunction, B.P.J., just like her female classmates, will be permitted to try out for girls' sports teams at school. Thus, the County Board has not and will not cause the alleged harm to B.P.J. as set forth in her amended complaint while this Court's injunction remains in place. The County Board simply is not responsible for the Act or any injury it may inflict, and it should be dismissed on that basis.

The fact that the County Board is the wrong defendant is highlighted by the fact that, if the Act were to cause any actionable harm to transgender girls such as B.P.J., that harm would be inflicted state-wide, not just within Harrison County. An injunction or award of damages, fees, and/or costs against the (Harrison) County Board alone could not redress any state-wide harm. That is, an injunction against only the County Board would permit B.P.J. to try out for girls' sports teams at her school but could impact her ability to participate in competitions

involving West Virginia schools outside of Harrison County.  Thus, not only is the County Board not responsible for the Act, it also is incapable of providing the full relief that Plaintiff seeks.

Like B.P.J., the County Board is affected by the Act, not the other way around.  The Act was not created by the County Board, and it is not under the County Board's control.  In the end, even if the Act were to be found unlawful or unconstitutional, the County Board could not be liable to Plaintiff because it did not cause B.P.J. any harm.  The County Board is simply tasked with enforcing state law; it has no policy or custom that would exclude B.P.J. from participating on girls' sports teams solely due to transgender status.  Indeed, with the injunction now in place, the County Board will permit B.P.J. to try out for girls' sports teams at her school.

While the County Board did not have any role in the passage of the Act, Plaintiff has asserted claims seeking monetary damages (including costs, expenses, and attorneys' fees) against it.  The County Board thus finds itself in the position of having to defend a statute it had no part in forming or passing.  To that extent, the County Board observes that a clear legal basis exists for finding that the Act survives legal scrutiny under Title IX and Equal Protection review and that the County Board cannot be liable to Plaintiff for this additional reason.

The County Board recognizes that, although relief against the County Board alone cannot provide the relief Plaintiff seeks because, in such a scenario, the Act would still be fully effective in West Virginia's remaining counties, it is possible that the Court may find that Superintendent Stutler, in her official capacity as a state agent, is a proper defendant to Count II for the purpose of an injunction.  Nevertheless, because Superintendent Stutler would be enforcing (if anything) a *state* law if she enforces the Act, she would be acting as an agent of the State – not of the Harrison County Board of Education – making her, in the official capacity in which she has been named a defendant, a state official for purposes of this civil action.

Therefore, if any monetary award, including damages, costs, expenses, attorneys' fees, etc., were to be assessed against Superintendent Stutler, the State alone would be liable for that award.  Superintendent Stutler and the Harrison County Board of Education cannot be liable for any monetary award arising from a violation caused by their enforcement, against B.P.J., of an Act of the State – which enforcement, at this point, would have to be condoned by the Court, the U.S. Court of Appeals for the Fourth Circuit, or the U.S. Supreme Court.  At most, Superintendent Stutler, as an agent of the State, may be enjoined from enforcing the Act.  The State itself must pay for any damages its Act creates, including but not limited to damages, costs, expenses, and attorneys' fees.

As demonstrated in more detail in the County Board's simultaneously-filed memorandum of law, Plaintiff has not stated a claim against the Harrison County Board of Education and Dora Stutler in her official capacity as Harrison County Superintendent upon which relief can be granted, and so the claims against them, including Counts I and II as well as Plaintiff's claims for monetary damages, should be dismissed.

Respectfully submitted this 30th day of July, 2021,

STEPTOE & JOHNSON PLLC
    OF COUNSEL

/s/ Susan L. Deniker
Susan L. Deniker          (WV ID #7992)
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000

*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER
JACKSON,

*Plaintiff*,

v.                                                     Civil Action No. 2:21-cv-00316
                                                       Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,

*Defendants*.

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, I electronically filed a true and exact copy of

"*Defendants Harrison County Board of Education and Dora Stutler's Motion to Dismiss (First*

*Amended Complaint)*" with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to the following counsel of record:

**Andrew D. Barr**                          **Joshua A. Block**
COOLEY                                       AMERICAN CIVIL LIBERTIES UNION
Suite 2300                                   Floor 18
1144 15th Street                             125 Broad Street
Denver, CO 80202                             New York, NY 10004
    *Counsel for Plaintiff*                      *Counsel for Plaintiff*

13034925

**Tara L. Borelli**
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND
Suite 640
730 Peachtree Street NE
Atlanta, GA 30308-1210
*Counsel for Plaintiff*

**Kathleen R Hartnett**
COOLEY
5th Floor
101 California Street
San Francisco, CA 94111
*Counsel for Plaintiff*

**Elizabeth Reinhardt**
COOLEY
500 Boylston Street
Boston, MA 02116
*Counsel for Plaintiff*

**Loree Beth Stark**
AMERICAN CIVIL LIBERTIES
UNION OF WEST VIRGINIA
Suite 507
405 Capitol Street
Charleston, WV 25301
914-393-4614
*Counsel for Plaintiff*

**Sruti J. Swaminathan**
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND
19th Floor
120 Wall Street
New York, NY 10005
*Counsel for Plaintiff*

**Carl Solomon Charles**
LAMBDA LEGAL
Suite 640
730 Peachtree Street, NE
Atlanta, GA 30308
*Counsel for Plaintiff*

**Katelyn Kang**
COOLEY
55 Hudson Yards
New York, NY 10001
*Counsel for Plaintiff*

**Avatara Antoinette Smith-Carrington**
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND
Suite 500
3500 Oak Lawn Avenue
Dallas, TX 75219
*Counsel for Plaintiff*

**Julie Veroff**
COOLEY
5th Floor
101 California Street
San Francisco, CA 94111
*Counsel for Plaintiff*

**Aria Vaughan**
DEPARTMENT OF JUSTICE
4CON, 10th Floor
950 Pennsylvania Avenue NW
Washington, DC 20530
*Counsel for Interest Party USA*

13034925

**Douglas P. Buffington, II**
WV ATTORNEY GENERAL'S OFFICE
Building 1, Room 26e
1900 Kanawha Boulevard, East
Charleston, WV 25305
*Counsel for State of W. Va.*

**Jessica Anne Lee**
WEST VIRGINIA ATTORNEY
GENERAL'S OFFICE
Building 1, Room E-26
1900 Kanawha Boulevard, East
Charleston, WV 25305
*Counsel for State of W. Va.*

**Roberta F. Green**
**Anthony E. Nortz**
**Kimberly M. Bandy**
SHUMAN MCCUSKEY & SLICER
P. O. Box 3953
Charleston, WV 25339
*Counsel for Defendant WVSSAC*

**Jennifer M. Mankins**
U. S. ATTORNEY'S OFFICE
P. O. Box 1713
Charleston, WV 26326-1713
*Counsel for Interest Party USA*

**Curtis R. Capehart**
WV ATTORNEY GENERAL'S OFFICE
Building 1, Room 26e
1900 Kanawha Boulevard, East
Charleston, WV 25305
*Counsel for State of W. Va.*

**David C. Tryon**
WEST VIRGINIA ATTORNEY
GENERAL'S OFFICE
Building 1, Room 26e
1900 Kanawha Boulevard, East
Charleston, WV 25305
*Counsel for State of W. Va.*

**Fred B. Westfall , Jr.**
UNITED STATES ATTORNEY'S OFFICE
P. O. Box 1713
Charleston, WV 25326-1713
*Counsel for Interest Party USA*

**Kelly C. Morgan**
**Kristen Vickers Hammond**
**Michael W. Taylor**
BAILEY & WYANT
P. O. Box 3710
Charleston, WV 25337-3710
*Counsel for Defendant WVSBE*

/s/ Susan L. Deniker

13034925