IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**B.P.J., by her next friend and mother,**
**HEATHER JACKSON,**

    **Plaintiff,**

**v.**                                                        **Civil Action No. 2:21-cv-00316**
                                                             **Honorable Joseph R. Goodwin**

**WEST VIRGINIA STATE BOARD OF**
**EDUCATION; HARRISON COUNTY**
**BOARD OF EDUCATION; WEST**
**VIRGINIA SECONDARY SCHOOL**
**ACTIVITIES COMMISSION; W.**
**CLAYTON BURCH, in his official**
**capacity as State Superintendent; and**
**DORA STUTLER, in her official capacity**
**as Harrison County Superintendent,**

    **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS WEST VIRGINIA STATE**
**BOARD OF EDUCATION AND SUPERINTENDENT W. CLAYTON BURCH'S**
**MOTION TO DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT**

    **NOW COME** Defendants West Virginia State Board of Education ("WVBOE") and

Superintendent W. Clayton Burch ("Superintendent Burch"), by and through counsel, Kelly C.

Morgan, Michael W. Taylor, Kristen V. Hammond, and the law firm of Bailey & Wyant, P.L.L.C.,

and hereby file this memorandum of law in support of their contemporaneously filed motion to

dismiss the Amended Complaint. In support thereof, these Defendants state as follows:

    **I.**        **FACTUAL BACKGROUND**

    In April 2021, the West Virginia Legislature passed House Bill 3293 ("H.B. 3293"), which

has been codified as *West Virginia Code* § 18-2-25d. H.B. 3293 was sponsored by Delegate Caleb

Hanna and cosponsored by Delegates Jordan Bridges, Wayne Clark, Joe Ellington, Chuck Horst,

D. Rolland Jennings, Todd Longanacre, Margitta Mazzocchi, Heather Tully, Chris Phillips, and Adam Burkhammer.   This newly created statute requires interscholastic, intercollegiate, intramural, or club athletic teams or sports that are sponsored by any public secondary school or state institution of higher education to be expressly designated as either a male, female or coed team.  *See W. Va. Code* § 18-2-25d(c)(1).  This statute restricts teams designated for females from being open to students of the male sex when the team is based upon competitive skill or the activity involved is a contact sport.  *Id.,* at § 18-2-25d(c)(2).  However, teams designated as "male" or "coed" are not restricted to a specific gender.  In defining what constitutes a male or a female, *West Virginia Code* § 18-2-25d defines a "male" as "an individual whose biological sex determined at birth is male."  *Id.,* at § 18-2-25d(b)(3).  A "female" is defined as "an individual whose biological sex determined at birth is female."  *Id.,* at § 18-2-25d(b)(2).  Finally, this statute states that WVBOE shall, at some undefined point in the future, promulgate rules regarding the statute's enforcement.

It is important to note that Defendants WVBOE and Superintendent Burch did not request a bill of this nature and played no role in the introduction and initial drafting of H.B. 3293. WVBOE and Superintendent Burch in no way participated in the enactment of *West Virginia Code* § 18-2-25d.  Instead, WVBOE only answered specific questions posed to it during House of Delegates Education and Committee meetings and hearings.

H.B. 3293 was signed by West Virginia's Governor on April 28, 2021.  The law went into effect on July 8, 2021.  In anticipation of the enactment of this law, Plaintiff B.P.J., by her next friend and mother, filed a Complaint on May 26, 2021, against WVBOE; Harrison County Board of Education; West Virginia Secondary School Activities Commission; Superintendent Burch, in his official capacity at State Superintendent; and Dora Stutler, in her official capacity as Harrison

2

County Superintendent.  [ECF No. 1].  On the same date, Plaintiff also filed a Motion for a Preliminary Injunction which seeks an Order preliminarily enjoining Defendants from enforcing *West Virginia Code* § 18-2-25d.  [ECF Nos 2, 19].  These Defendants filed a Motion to Dismiss on July 1, 2021.  [ECF No. 54-55].

On July 16, 2021, Plaintiff filed an Amended Complaint to add Defendants Patrick Morrisey, in his official capacity as Attorney General, and The State of West Virginia.  [ECF No. 64].  Plaintiff is an 11-year-old transgender student who will start middle school this Fall at Bridgeport Middle School in Harrison County, West Virginia, and who plans to try out for and participate in the girls' cross-country and track teams.  [*Id.*].  Plaintiff seeks an Order declaring that *West Virginia Code* § 18-2-25d violates Plaintiff's rights under Title IX, 20 U.S.C. § 1681, et seq., and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and enjoining its enforcement by Defendants.  [*Id.*].  On July 21, 2021, this Court entered an Order enjoining Defendants from "enforcing Section 18-2-25d against B.P.J." [ECF Doc 67 at pg. 14-15].

## II.   STANDARD OF REVIEW

Rule 12(b)(1) of the *Federal Rules of Civil Procedure* governs motions to dismiss for ripeness and for lack of standing, which pertain to subject matter jurisdiction.  *See CGM, LLC v. BellSouth Telecomm's, Inc.*, 664 F.3d 46, 52 (4th Cir. 2011); *see also Akers v. Md. State Educ. Ass'n*, 376 F.Supp.3d 563, 569 (D. Md. 2019).  A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "challenges a court's authority to hear the matter brought by a complaint."  *Akers*, 376 F.Supp.3d at 569.  Under Rule 12(b)(1), "the plaintiff bears the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction." *Id.* (citing *Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *Lovern*

*v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)).

A motion to dismiss brought pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure* may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. *See Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). In the first instance, the facts in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). In the second instance, "the district court is to regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (nonconversion of motion).

A motion to dismiss filed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). In *Ashcroft v. Iqbal,* the Supreme Court of the United States stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id.* Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis,* 588 F.3d at 193 (internal quotations omitted). Such

4

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 940 (2007). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679, 127 S. Ct. at 1950, 173 L. Ed. 2d at 884.

## III.    ARGUMENT

### A.    Plaintiff lacks standing against WVBOE and Superintendent Burch.

This Court must dismiss WVBOE and Superintendent Burch because the Court lacks jurisdiction over them. "It is well established that standing is a threshold jurisdictional issue that must be determined first because '[w]ithout jurisdiction the court cannot proceed at all in any cause.'" *Covenant Media of N.C., LLC v. City of Monroe, N.C.*, 285 Fed. App'x 30, 34 (4th Cir. 2008) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)). To establish standing, a party must meet three requirements:

> (1) [the party] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)). "The party attempting to invoke federal jurisdiction bears the burden of establishing standing." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

Here, Plaintiff cannot establish that the injury alleged is "fairly traceable to the challenged action of [each] defendant." The "fairly traceable" component requires a causal connection between the alleged injury and the defendant's assertedly unlawful conduct. *Allen v. Wright*, 468

U.S. 737, 753, 104 S. Ct. 3315, 3325, 82 L. Ed. 2d 556 (1984).  A plaintiff can establish a sufficient causal connection between injury and challenged action if he/she can make a reasonable showing that the alleged injury would not have occurred "but for" the defendant's challenged conduct. *Duke Power Co. v. Carolina Envtl. Study Group*, 438 U.S. 59, 74-75, 98 S. Ct. 2620, 2631, 57 L. Ed. 2d 595, 612 (1978).

The injury alleged by Plaintiff in this matter is the inability to participate on an athletic team of the gender for which she identifies.  The actual enforcement of *West Virginia Code* § 18-2-25d, which Plaintiff asserts results in her injury, is not and will not be by WVBOE and/or Superintendent Burch.  *West Virginia Code* § 18-2-25d(d)(1) is clear that any disputes regarding its enforcement must be filed against the enforcing body, the county board of education.  This provision makes clear that enforcement is by the county board of education, not WVBOE or Superintendent Burch.  As a result, under *West Virginia Code* § 18-2-25d, WVBOE and Superintendent Burch have not enforced the statute against Plaintiff and neither will be the party enforcing the statute against Plaintiff in the future.

Plaintiff will likely assert that standing is appropriate because WVBOE has a mandatory duty to promulgate rules to implement *West Virginia Code* § 18-2-25d.  While at some point in the future, WVBOE "shall promulgate rules, including emergency rules, pursuant to §29A-3B-1 et. seq. of this code to implement the provisions of this section[,]" at no point in the future will enforcement of *West Virginia Code* § 18-2-25d or rules promulgated be the responsibility of WVBOE or Superintendent Burch.  This concept is not novel as WVBOE has previously promulgated one other rule relating to participation in an extracurricular activity.  This rule, WVBOE Policy 2436.10, Participation in Extracurricular Activities, commonly called the "2.0 Rule", provides that "[i]n order to participate in the extracurricular activities to which this policy

applies, a student must meet all state and local attendance requirements and . . . [m]aintain a 2.0 [grade point] average." *See W. Va.* 12 C.S.R. 26.  However, the 2.0 Rule contains no provisions regarding monitoring or enforcement.  As a result, neither WVBOE nor Superintendent Burch play any role in the monitoring or enforcement for any aspect of extracurricular athletics eligibility. Instead, monitoring and enforcement are the responsibility of other entities (i.e. county boards of education and/or WVSSAC).  Similarly, *West Virginia Code* § 18-2-25d likewise confers no duty upon WVBOE or Superintendent Burch to monitor or enforce this statute even after WVBOE promulgates rules pursuant to *West Virginia Code* § 29A-3B-1 et. seq.

To the extent Plaintiff will rely upon *Robertson v. Jackson*, 972 F.2d 529 (4th Cir. 1992), for the proposition that a state official was properly enjoined despite local agencies directly executing a statute, this case is not analogous to the statutory scheme and independent nature of county boards of education.  In *Robertson*, a class of all state residents of Virginia who sought food stamps sought to enjoin the Commissioner of the Virginia Department of Social Services from alleged violations of federal law in the processing of food stamp applications.  *Id.,* at 530-531.  In response, the Commissioner argued, in part, that he was not a proper party because the processing of the application for food stamps occurred by local agencies, not the Commissioner. *Id.,* at 533.  However, the United States Court of Appeals for the Fourth Circuit found, in part, that, while local agencies processed application, the Commissioner was "ultimately responsible" for compliance with the federal law.  *Id.,* at 533-34.  Here, the ***only*** responsibility of WVBOE with respect to the statute at issue is to, at some undefined point in the future, pass regulations regarding *West Virginia Code* § 18-2-25d.  There is no "ultimate" responsibility to enforce this statute that falls upon WVBOE or Superintendent Burch, just like the "2.0 Rule" discussed above.  As a result, reliance upon *Robertson* further supports WVBOE and Superintendent Burch's position that there

is no standing against them.

The enforcement of the provisions of *West Virginia Code* § 18-2-25d will not fall upon WVBOE and/or Superintendent Burch.  This will not change with the enactment of rules by WVBOE, as *West Virginia Code* § 18-2-25d clearly contemplates a county board of education as the party responsible with its enforcement.  As a result, Plaintiff cannot meet the burden of establishing that the alleged injury would not have occurred "but for" any past or future conduct by WVBOE or Superintendent Burch.  Since Plaintiff does not have standing to sue WVBOE or Superintendent Burch, the Court lacks jurisdiction and cannot enter an injunction against either of them.  Therefore, this Court should dismiss WVBOE and Superintendent Burch with prejudice.

**B.      Plaintiff's claims against WVBOE and Superintendent Burch are not ripe for judicial review.**

Plaintiff's claims[1] *against WVBOE and Superintendent Burch* are not ripe for judicial review.  As with standing, ripeness is a question of subject matter jurisdiction. *See Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013).  The question of whether a claim is ripe "turns on the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 103 S. Ct. 1713, 1720, 75 L. Ed. 2d 752, 763 (1983) (citation omitted).  In the context of claims challenging agency actions, the purpose of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete

---

[1] WVBOE and Superintendent Burch take no position as to whether the claims are ripe against other parties.  The argument advanced here is narrow insofar as the claims against WVBOE and Superintendent Burch are not ripe because WVBOE has not yet written regulations under the statute for which this Court can review as to whether the regulations are Constitutional.

way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49, 87 S. Ct. 1507, 1515, 18 L. Ed. 2d 681, 691 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977).  Finally, to be fit for judicial review, a controversy should be presented in a "clean-cut and concrete form." *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (citation omitted).  This occurs when the action is "final and not dependent on future uncertainties or intervening agency rulings."  *Franks v. Ross*, 313 F.3d 184, 195 (4th Cir. 2002) (citation omitted).

Here, the claims are not ripe as applied to WVBOE and/or Superintendent Burch.  The only action mandated by *West Virginia Code* § 18-2-25d and directed at WVBOE is to promulgate rules regarding the statute.  *West Virginia Code* § 18-2-25d does not place a timeframe upon the promulgation of the rules.  To date, no rules have been promulgated.  The West Virginia Legislative session ended in April 2021, and the enactment of new rules requires time for preparation, public comment, and final approval.  As a result, challenging WVBOE and/or Superintendent Burch's conduct in this matter is clearly not ripe for judicial review under the precedent discussed above.  There is no "final" action by WVBOE or Superintendent Burch and there are no rules promulgated by WVBOE in a "clean-cut and concrete form" for the Court to review as it relates to either of them.  Therefore, this Court lacks jurisdiction over WVBOE and Superintendent Burch because the claims against them are not ripe for judicial review and they are entitled to dismissal with prejudice.

### C.    Plaintiff's claims against Superintendent Burch are duplicative of the claims against the entity, WVBOE.

Plaintiff has sued both WVBOE and Superintendent Burch, in his official capacity only. [ECF No. 64, at ¶ 10].  The Supreme Court of the United States has long held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit

against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45, 58 (1989) (internal citations omitted).  Because of such, "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." *Ky. v. Graham,* 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114, 121 (1985) (internal citations omitted).  Because the real party in interest is the entity, WVBOE, then maintaining any claims against Superintendent Burch, in his official capacity, is duplicative of the claims against WVBOE.  As such, this Court should dismiss the duplicative party, Superintendent Burch, from this matter with prejudice.

### D. WVBOE has not violated Plaintiff's Title IX rights and it will not do so in the future.

Plaintiff alleges that WVBOE has violated her Title IX rights.  Title IX provides that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681(a).  Pursuant to Title IX regulations, a recipient of federal funds can "operate or sponsor separate [athletic] teams for members of each sex where selection for such teams is based upon competitive skill or the activity involved is a contact sport." 34 C.F.R. § 106.41(b).  Moreover, "a recipient of federal funds may be liable in damages under Title IX only for its own misconduct. The recipient itself must 'exclude persons from participation in, . . . deny persons the benefits of, or . . . subject persons to discrimination under' its 'programs or activities' in order to be liable under Title IX." *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 640-641, 119 S. Ct. 1661, 1670, 143 L. Ed. 2d 839, 852 (1999).  The United States Court of Appeals for the Fourth Circuit has found that "the implied damages remedy is available only when 'the funding recipient engages in intentional conduct that violates the clear terms of the statute.'"

10

*Baynard v. Malone*, 268 F.3d 228, 237 (4th Cir. 2001).

To establish a Title IX claim, the court must find "(1) that [plaintiff] was excluded from participation in an education program 'on the basis of sex'; (2) that the educational institution was receiving federal financial assistance at the time; and (3) that improper discrimination caused [the plaintiff] harm." *Grimm v. Gloucester Cty. Sch. Bd.*, 972 F.3d 586, 616 (4th Cir. 2020). In *Grimm*, a county school board policy prohibited plaintiff, a transgender male student, from using the boys' restroom. *Id.*, at 616–17. While Title IX regulation, 34 C.F.R. § 106.33, allows for sex-separated restrooms, the Court found that plaintiff was subject to unlawful discrimination under Title IX because the school board had relied "on its own discriminatory notions of what 'sex' means." *Id.*, at 618. Contrary to *Grimm*, WVBOE has not relied and will not reply upon its own notions of what "sex" means with respect to Plaintiff in this action. There is also no existing or future board policy or decision alleged by Plaintiff to be at issue. Moreover, WVBOE has not enforced *West Virginia Code* § 18-2-25d and will not enforce it in the future as to Plaintiff. WVBOE has also not engaged in intentional wrongdoing or with deliberate indifference with respect to Plaintiff. Accordingly, Plaintiff has failed to state a Title IV claim against WVBOE upon which relief can be granted and it should be dismissed as a matter of law.

**E.** **WVBOE and Superintendent Burch have not violated Plaintiff's equal protection rights and they will not do so in the future.**

The Equal Protection Clause of the Fourteenth Amendment, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Plaintiff alleges that *West Virginia Code* § 18-2-25d violates the Equal Protection Clause because it discriminates against her based on her sex and transgender status. As a result, Plaintiff contends that WVBOE and Superintendent Burch have violated the Equal Protection Clause and their illegal conduct has caused her irreparable

harm. Plaintiff fails to recognize that the actual enforcement of *West Virginia Code* § 18-2-25d is not and will not be by WVBOE and/or Superintendent Burch. *West Virginia Code* § 18-2-25d(d)(1) is clear that any disputes regarding its enforcement must be filed against the enforcing body, the county board of education. This provision makes clear that enforcement is by the county board of education, not WVBOE or Superintendent Burch. Also, the statute confers no duty upon WVBOE or Superintendent Burch to monitor or enforce it even after WVBOE promulgates rules pursuant to *West Virginia Code* § 29A-3B-1, et. seq. Despite whether or not the statute violates the Equal Protection Clause, WVBOE and Superintendent Burch have not done so as they have not enforced the statute against Plaintiff and neither will be the party enforcing the statute against Plaintiff in the future. Therefore, Plaintiff's claim for violation of the Equal Protection Clause against WVBOE and Superintendent Burch should be dismissed for failure to state a claim upon which relief can be granted.

**WHEREFORE**, based upon the foregoing, Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch respectfully request that this Court enter an Order dismissing them from this action, with prejudice, and awarding them such other relief deemed necessary and appropriate.

> **Respectfully Submitted,**
>
> **DEFNDANTS WEST VIRGINIA STATE BOARD OF EDUCATION and W. CLAYTON BURCH**
>
> **By Counsel,**

 **/s/ Kelly C. Morgan**
**Kelly C. Morgan (WV Bar #9519)**
**Michael W. Taylor (WV Bar #11715)**
**Kristen V. Hammond (WV Bar #9727)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**mtaylor@baileywyant.com**
**khammond@baileywyant.com**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**B.P.J., by her next friend and mother,**
**HEATHER JACKSON,**

    **Plaintiff,**

v.

                                    **Civil Action No. 2:21-cv-00316**
                                    **Honorable Joseph R. Goodwin**

**WEST VIRGINIA STATE BOARD OF**
**EDUCATION; HARRISON COUNTY**
**BOARD OF EDUCATION; WEST**
**VIRGINIA SECONDARY SCHOOL**
**ACTIVITIES COMMISSION; W.**
**CLAYTON BURCH, in his official**
**capacity as State Superintendent; and**
**DORA STUTLER, in her official capacity**
**as Harrison County Superintendent,**

    **Defendants.**

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing "**Memorandum of Law in Support of Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch's Motion To Dismiss Plaintiff's First Amended Complaint**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, July 30, 2021:

Loree Stark
American Civil Liberties Union of West Virginia Foundation
P.O. Box 3952
Charleston, WV 25339-3952
lstark@acluwv.org
*Counsel for Plaintiff*

Avatara Smith-Carrington
Lambda Legal
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org
*Counsel for Plaintiff*

Carl Charles
Tara Borelli
Lambda Legal
730 Peachtree Street NE, Suite 640
Atlanta, GA 30308-1210
ccharles@lambdalegal.org
*Counsel for Plaintiff*

Sruti Swaminathan
Lambda Legal
120 Wall Street, 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org
*Counsel for Plaintiff*

Joshua Block
Taylor Brown
Chase Strangio
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
jblock@aclu.org
*Counsel for Plaintiff*

Kathleen Hartnett
Julie Veroff
Cooley LLP
101 California Street 5th Floor
San Francisco, CA 94111-5800
khartnett@cooley.com
*Counsel for Plaintiff*

Elizabeth Reinhardt
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
ereinhardt@cooley.com
*Counsel for Plaintiff*

Andrew Barr
Cooley LLP
1144 15th St., Suite 2300
Denver, CO 80202-5686
abarr@cooley.com
*Counsel for Plaintiff*

Katelyn Kang
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
kkang@cooley.com
*Counsel for Plaintiff*

Roberta F. Green
Shuman McCuskey & Slicer PLLC
P.O. Box 3953
Charleston, WV 25339-3953
rgreen@Shumanlaw.com
*Counsel for Defendant West Virginia Secondary School Activities Commission*

Susan L. Deniker
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
susan.deniker@steptoe-johnson.com
*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

Douglas P. Buffington, II
Curtis R. A. Capehart
Jessica A. Lee
Office of the Attorney General, State of West Virginia
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Curtis.R.A.Capehart@wvago.gov
*West Virginia Attorney General's Office*

Whitney M. Pellegrino
Aria S. Vaughan
Michelle L. Tucker
Amanda K. Dallo
United States Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave., NW
4CON, 10th Floor
Washington, DC 20530
Aria.Vaughan@usdoj.gov
*United States Department of Justice*

3

Lisa G. Johnston
Fred B. Westfall, Jr.
Jennifer M. Mankins
300 Virginia Street East, Room 4000
Charleston, WV 25301
Fred.Westfall@usdoj.gov
*United States Attorney's Office*

 /s/ Kelly C. Morgan
**Kelly C. Morgan (WV Bar #9519)**
**Michael W. Taylor (WV Bar #11715)**
**Kristen V. Hammond (WV Bar #9727)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**mtaylor@baileywyant.com**
**khammond@baileywyant.com**

4