IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

B.P.J., by her next friend and mother,
HEATHER JACKSON,

    *Plaintiff*,

vs.

WEST VIRGINIA STATE BOARD OF
EDUCATION; HARRISON COUNTY BOARD
OF EDUCATION; WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION; W. CLAYTON BURCH in his
official capacity as State Superintendent;
DORA STUTLER in her official capacity as
Harrison County Superintendent;
PATRICK MORRISEY in his official
capacity as Attorney General; and THE
STATE OF WEST VIRGINIA,

    *Defendants*.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin

-------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS DEFENDANT, PATRICK MORRISEY, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF WEST VIRGINIA**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

STATEMENT .................................................................................................................................. 1

ARGUMENT .................................................................................................................................... 1

CONCLUSION ................................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doyle v. Hogan*,
  1 F.4th 249 (4th Cir. 2021) .................................................................................................2

*Ex Parte Young*,
  209 U.S. 123 (1908) ............................................................................................................2

*Kobe v. Haley*,
  666 F. App'x 281 (4th Cir. 2016) ....................................................................................2, 4

*McBurney v. Cuccinelli*,
  616 F.3d 393 (4th Cir. 2010) ...........................................................................................2, 3

*S.C. Wildlife Fed'n v. Limehouse*,
  549 F.3d 324 (4th Cir. 2008) ...........................................................................................2, 4

*Waste Mgmt. Holdings, Inc. v. Gilmore*,
  252 F.3d 316 (4th Cir. 2001) ...................................................................................2, 3, 4, 5

*Young v. Morrisey*,
  2021 WL 2433798 (S.D.W. Va. 2021) ...............................................................................3

**Statutes**

W. Va. Code § 5-3-2 ...............................................................................................................3, 4, 5

W. Va. Code § 18-2-25d .............................................................................................................1, 2

W. Va. Code § 18-12B-11 .............................................................................................................1

W. Va. Code § 18-23-6 ..................................................................................................................1

W. Va. Code § 18-31-3 ..................................................................................................................1

W. Va. Code § 46A-7-102 .............................................................................................................2

**Other Authority**

House Bill 3293 .............................................................................................................................1

## INTRODUCTION

Plaintiff's inclusion of Patrick Morrisey, in his official capacity as Attorney General of West Virginia (the "Attorney General"), as a defendant in this matter is unjustified and misapprehends the enforcement structure applicable here. The Attorney General is not tasked with directly enforcing West Virginia's education laws, including Section 18-2-25d of the West Virginia Code, the new section of statutory code established via House Bill 3293 (the "Act"). The Attorney General is likewise not charged with a general duty to faithfully execute or enforce the laws of West Virginia. Consequently, the Attorney General plays no direct role in the enforcement of the Act. The Attorney General's inclusion in this matter does not—and any future permanent injunction against the Attorney General in this matter would not—grant Plaintiff the relief sought in the First Amended Complaint. *See* First Am. Compl. (ECF No. 64) at 23-24. Consequently, the Attorney General should be dismissed as a party.

## STATEMENT

The Act, among other things, requires designations for athletic teams sponsored by West Virginia public secondary schools and higher education institutions based on biological sex. *See* W. Va. Code § 18-2-25d. The Act is part of Chapter 18 of the West Virginia Code (the "Code"), which is titled "Education." The Attorney General is mentioned within Chapter 18 only in relation to reviewing and approving contracts, acting as bond counsel, and as a member of the newly-established West Virginia Hope Scholarship Board. *See*, *e.g.*, W. Va. Code §§ 18-12B-11, 18-23-6, 18-31-3. The Attorney General is otherwise notably absent from these statutes.

## ARGUMENT

The Attorney General is not an appropriate party to this lawsuit because the Attorney General does not possess a sufficient responsibility for the enforcement of the Act to afford

Plaintiff a remedy.  To obtain injunctive relief against a state officer relative to a state statute, a plaintiff must show that a "special relation" exists between that State officer and the challenged statute.  *Ex Parte Young*, 209 U.S. 123, 157 (1908).  Absent this special relation, it is insufficient for a plaintiff to merely assert that a "general duty" to execute and enforce the laws of the State makes a State officer a proper defendant.  *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001).  Plaintiff must show "a measure of proximity to and responsibility for the challenged state action," *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008), that results from "a specific statutory duty to enforce" the provisions of the statute, *McBurney v. Cuccinelli*, 616 F.3d 393, 400 (4th Cir. 2010).  In other words, because the purpose of the requested injunctive relief is to restrict the actions of the individual responsible for enforcing the challenged law, Plaintiff's suit is only appropriate if it pursues such relief against the person(s) responsible for enforcing the statute.  *See Kobe v. Haley*, 666 F. App'x 281, 299 (4th Cir. 2016); *Waste Mgmt. Holdings*, 252 F.3d at 331; *see also Doyle v. Hogan*, 1 F.4th 249, 256-57 (4th Cir. 2021) (holding that Maryland's attorney general and governor were not proper defendants as they "lack[ed] a sufficient connection" a state statute's enforcement "to satisfy *Ex Parte Young*").

No relationship, special or otherwise, exists between the Attorney General and the Act.  In fact, the Attorney General is not mentioned and has no direct role in the statutory enforcement structure of Section 18-2-25d specifically or Chapter 18 generally.[1]  When confronted with similar circumstances, the Fourth Circuit has found a governor was not a proper party.  In *Waste Management Holdings*, the Fourth Circuit held that the Governor of Virginia was not an appropriate party to a lawsuit challenging the validity of Virginia's municipal solid waste

---

[1] By contrast, the Attorney General has the sole statutory authority to investigate, prosecute, and enforce violations of consumer protection provisions under the West Virginia Consumer Credit and Protection Act.  *See* W. Va. Code § 46A-7-102(1).

regulations because the statute at issue there vested sole authority to enforce the regulations with Virginia's Waste Management Board, not the governor. *See* 252 F.3d at 331-32. In fact, this Court recently cited *Waste Management Holdings*, as well as *South Carolina Wildlife Federation v. Limehouse*, in its ruling dismissing an action against the Attorney General. *See Young v. Morrisey*, 2021 WL 2433798, at *2 (S.D.W. Va. 2021) (citing 252 F.3d at 331; 549 F.3d at 332). Based on Judge Tinsley's review of the relevant statutes, the Court concluded that "Patrick Morrisey does not have the specific authority to enforce the mask mandate as Attorney General of West Virginia" and was therefore immune from suit. *Id.* at *2. As with the Virginia statute discussed in *Waste Management Holdings* and the relevant authorities considered in *Young*, the Act here and Chapter 18 generally vest no enforcement authority in the Attorney General. Therefore, the Act does not grant the Attorney General any "specific statutory duty to enforce" the requirements relative to athletic teams sponsored by West Virginia public secondary schools and higher education institutions. *McBurney*, 616 F.3d at 400.

Moreover, the First Amended Complaint's allegation regarding a general power to enforce all state laws in West Virginia misunderstands the role and powers of the Attorney General, and therefore misses the mark as a valid basis for seeking to include the Attorney General as a party. Contrary to the allegations of Paragraph 12 of the Amended Complaint, Section 5-3-2 does not make the Attorney General "the state officer in charge of enforcing all state laws in West Virginia, including H.B. 3293." *See* First Am. Compl. ¶ 12. Rather, Section 5-3-2 articulates multiple aspects of the Attorney General's role as the State's chief legal officer, including but not limited to the duty to appear as counsel for the State's officers, agencies, and National Guard personnel in civil actions. *See* W. Va. Code § 5-3-2. This falls far short of imbuing the Attorney General with a general obligation to enforce all state laws. And even if Section 5-3-2 did so empower the

3

Attorney General, such a general duty is insufficient to render any such officer an appropriate defendant. In *Waste Management Holdings*, the Fourth Circuit rejected appellees' claim that the Governor of Virginia's public endorsement and defense of the statute, combined with his general duty to enforce state law, was sufficient to make him an appropriate party. 252 F.3d at 331. Rather, the Circuit held that "[t]he mere fact that a governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute." *Id.* (quoting *Shell Oil Co. v. Noel*, 608 F. 2d 208, 211 (1st Cir. 1979)). Simply put, a "'[g]eneral authority to enforce the laws of the state' is an insufficient ground for abrogating Eleventh Amendment immunity." *S.C. Wildlife Fed'n*, 549 F.3d at 332 (quoting *Lytle v. Griffith*, 240 F.3d 404, 409 (4th Circ. 2001); alterations in original). Here, Plaintiff's assertion that the Attorney General is "in charge" of all enforcement of every law in West Virginia is simply wrong and, even if it was true, it would be insufficient to render the Attorney General an appropriate party here. *See* Am. Compl. ¶ 12.

For these reasons, any injunction against the Attorney General–whether an extension of the already-granted preliminary injunction or the permanent injunction Plaintiff ultimately desires– would not afford the remedy Plaintiff seeks. In *Kobe v. Haley*, the Fourth Circuit held that imposing an injunction on the Governor of South Carolina would have no effect in curing alleged Medicaid violations because the state vested its Department of Health and Human Services with sole authority to administer Medicaid services. 666 F. App'x at 299. Similarly, any injunction– current or future–imposed on the Attorney General would bear no curative or preventive benefits vis-à-vis the Act's alleged unconstitutionality. The Attorney General was not granted and, thus, does not possess authority to enforce the provisions of the Act, and "[t]he purpose of allowing suit against state officials to enjoin their enforcement of an unconstitutional statute is not aided by

4

enjoining the actions of a state official not directly involved in enforcing the subject statute." *Waste Mgmt. Holdings*, 252 F.3d at 331.

## CONCLUSION

The Attorney General is not an appropriate party to this litigation because the Attorney General lacks the statutory authority to directly enforce the provisions of the Act. Moreover, Section 5-3-2 of the West Virginia Code does not charge the Attorney General with a general duty to enforce all West Virginia laws. Even in cases where such general duty is laid on a state officer (such as a governor), that is insufficient to establish the special relationship to the challenged statute necessary to justify an injunction against that official. These factors, coupled with the fact that any injunction granted against the Attorney General would afford nothing that Plaintiff is seeking in this litigation, show that the Attorney General should be dismissed as a party here.

Respectfully submitted,
STATE OF WEST VIRGINIA, and
PATRICK MORRISEY, in his official capacity as
Attorney General for the State of West Virginia,

By counsel,
PATRICK MORRISEY,
ATTORNEY GENERAL

/s/ Curtis R. A. Capehart
Douglas P. Buffington, II (WV Bar # 8157)
   *Chief Deputy Attorney General*
Curtis R. A. Capehart (WV Bar # 9876)
   *Deputy Attorney General*
David C. Tryon (visiting attorney)
   *Special Assistant to the Attorney General*
Jessica A. Lee (WV Bar # 13751)
   *Assistant Solicitor General*
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Email: Curtis.R.A.Capehart@wvago.gov

Telephone: (304) 558-2021
Facsimile: (304) 558-0140

*Counsel for Defendants STATE OF WEST VIRGINIA, and PATRICK MORRISEY, in his official capacity as Attorney General for the State of West Virginia*