**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

B.P.J., by her next friend and mother,
HEATHER JACKSON,

     *Plaintiff,*

vs.

WEST VIRGINIA STATE BOARD OF
EDUCATION; HARRISON COUNTY BOARD
OF EDUCATION; WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION; W. CLAYTON BURCH in his
official capacity as State Superintendent;
DORA STUTLER in her official capacity as
Harrison County Superintendent;
PATRICK MORRISEY in his official
capacity as Attorney General; and THE
STATE OF WEST VIRGINIA,

     *Defendants.*

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin

JURY DEMAND ENDORSED HEREIN

**THE STATE OF WEST VIRGINIA'S ANSWER TO FIRST AMENDED COMPLAINT**

     The State of West Virginia, by its Attorney General (the "State"), submits the following

answer and affirmative defenses to First Amended Complaint (Doc. 64).  Any allegation made

by the First Amended Complaint that has not been expressly admitted within this Answer is

denied.  To the extent any section heading or subheading in the First Amended Complaint is not

deemed to be purely for the purpose of organization and, instead, is deemed a factual allegation,

all such headings and subheadings are denied. Further, any reference to complaint means the

First Amended Complaint if not otherwise stated.

1

## INTRODUCTION

1.      The State lacks sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's First Amended Complaint (the "First Amended Complaint"), including facts personal to Plaintiff, and on that basis denies those allegations.

2.      The State admits that W. Va. Code § 18-2-25d, which speaks for itself, was enacted after HB 3293 was passed by the Legislature on April 9, 2021, and signed by the Governor on April 28, 2021.  The State denies all remaining allegations of Paragraph 2 of the First Amended Complaint.

3.      The State avers that Exhibits A and E to the Declaration of Loree Stark speak for themselves and denies all remaining allegations of Paragraph 3 of the First Amended Complaint.

4.      The allegations set forth in Paragraph 4 of the First Amended Complaint are legal conclusions to which the State is not required to respond.  To the extent any of these allegations are construed as factual in nature, the State denies them.

5.      The State admits that Plaintiff seeks declaratory and injunctive relief from this Court.  Answering further, the State lacks sufficient information to admit or deny the remaining allegations Paragraph 5 of the First Amended Complaint, including facts personal to Plaintiff, and on that basis denies those allegations.

## PARTIES

**Plaintiff**

6.      The State lacks sufficient information to admit or deny the allegations of Paragraph 6 of the First Amended Complaint and on that basis denies those allegations.

**Defendants**

7.      In response to Paragraph 7 of the First Amended Complaint, the State admits that the West Virginia State Board of Education ("State Board of Education") is located in Kanawha

County, West Virginia.  Answering further, the State avers that W. Va. Const. art. XII, § 2 and W. Va. Code § 18-2-25 speak for themselves.

8.      In response to Paragraph 8 of the First Amended Complaint, the State admits that the West Virginia Secondary School Activities Commission ("School Activities Commission") is located in Wood County, West Virginia.  Answering further, W. Va. Code § 18-2-25 speaks for itself.

9.      The State admits that the Harrison County Board of Education ("County Board of Education") is the county board of education for the Harrison County school district and that Bridgeport Middle School is located in Harrison County.  The State avers that W. Va. Code §§ 18-5-1, 18-5-13, and 18-5-25 speak for themselves.  Answering further, the State lacks sufficient information to admit or deny the remaining allegations of Paragraph 9 of the First Amended Complaint, and on that basis denies those allegations.

10.     The State admits that Plaintiff purports to sue Defendant Burch in his official capacity as State Superintendent.  Answering further, W. Va. Code § 18-3-3 speaks for itself. The State lacks sufficient information to admit or deny the remaining allegations of Paragraph 10 and on that basis denies those allegations.

11.     The State admits that Plaintiff purports to sue Defendant Stutler in her official capacity as Superintendent.  Answering further, W. Va. Code § 18-4-10 speaks for itself.  The State lacks sufficient information to admit or deny the remaining allegations of Paragraph 11 and on that basis denies those allegations.

12.     In response to Paragraph 12 of the First Amended Complaint, the State admits that Patrick Morrisey is the Attorney General of the State of West Virginia, that Plaintiff purports to sue Patrick Morrisey in his official capacity as the Attorney General of the State of West

3

Virginia and that the office of the Attorney General is located at the State Capitol Complex, Building 1, Room E-26, Charleston, West Virginia.  The State avers that ECF Nos. 40 and 44 speak for themselves.  Answering further, the State denies the remaining allegations, specifically denying that the Attorney General is a proper defendant in this action.

13.    The State avers that W. Va. Code § 18-2-1 and ECF Nos. 40 and 44 speak for themselves.  Answering further, the State denies all remaining allegations of Paragraph 13 of the First Amended Complaint.

## JURISDICTION AND VENUE

14.    The State admits that Plaintiff purportedly brings this action under United States Constitution, 42 U.S.C. § 1983, and Title IX.

15.    Paragraph 15 of the First Amended Complaint sets forth a legal conclusion to which no response is required.  To the extent any of these allegations are construed as factual in nature, the State denies them.

16.    In response to Paragraph 16 of the First Amended Complaint, the State admits that the Southern District of West Virginia, Charleston Division, is a proper venue.  To the extent a further response is required, the State lacks sufficient information admit or deny the remaining allegations contained in Paragraph 16.

17.    In response to Paragraph 17 of the First Amended Complaint, the Federal Rules of Civil Procedure and the United States Code speak for themselves.  The State denies that the Court has the authority to enter a declaratory judgment, an injunction, or any other requested relief in this case against the State because of the State's sovereign immunity under the Eleventh Amendment.

18.   Paragraph 18 of the First Amended Complaint sets forth a legal conclusion to which no response is required.  To the extent any of these allegations are construed as factual in nature, the State denies them.

## FACTUAL ALLEGATIONS

19.   The State lacks sufficient information to admit or deny myriad elements of the allegations in Paragraph 19 of the First Amended Complaint, and on that basis denies those allegations.

20.   The State lacks sufficient information to admit or deny myriad elements of the allegations in Paragraph 20 of the First Amended Complaint, and on that basis denies those allegations.

21.   The State lacks sufficient information to admit or deny myriad elements of the allegations in Paragraph 21 of the First Amended Complaint, and on that basis denies those allegations.

22.   In response to Paragraph 22 of the First Amended Complaint, the State admits that sex designation usually occurs at birth based on a visual assessment of the infant's external genitalia, that the term "cisgender" generally is used to refer to someone whose gender identity aligns with their sex as determined at birth, and that most people hold a gender identity that aligns with their sex designation as determined at birth.

23.   The State admits that a transgender person generally is an individual who has a gender identity that does not align with their sex as determined at birth.  Answering further, the State lacks sufficient information to admit or deny myriad elements of the allegations the remaining allegations in Paragraph 23.

24.     In response to Paragraph 24 of the First Amended Complaint, the State avers that the American Psychiatric Association's Diagnostic & Statistical Manual of Mental Disorders speaks for itself.

25.     The State avers that any standards of care developed or adopted by The Endocrine Society and the World Professional Association for Transgender Health speak for themselves.  In answering further, the State lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 25 of the First Amended Complaint.

26.     The State lacks sufficient information to admit or deny the allegations contained in Paragraph 26 of the First Amended Complaint and on that basis denies them.

27.     The State lacks sufficient information to admit or deny myriad elements of the allegations contained in Paragraph 27 of the First Amended Complaint and on that basis denies them.

28.     The State lacks sufficient information to admit or deny myriad elements of the allegations of Paragraph 28 of the First Amended Complaint.

29.     The State lacks sufficient information to admit or deny myriad elements of the allegations of Paragraph 29 of the First Amended Complaint.

30.     The State lacks sufficient information to admit or deny the allegations in Paragraph 30 of the First Amended Complaint, including facts personal to Plaintiff, and on that basis denies those allegations.

31.     The State lacks sufficient information to admit or deny the allegations in Paragraph 31 of Plaintiff's First Amended Complaint, including facts personal to Plaintiff, and on that basis denies those allegations.

32.     The State lacks sufficient information to admit or deny the allegations in Paragraph 32 of the First Amended Complaint, including facts personal to Plaintiff, and on that basis denies those allegations.

33.     The State lacks sufficient information to admit or deny the allegations in Paragraph 33 of the First Amended Complaint, including facts personal to Plaintiff, and on that basis denies those allegations.

34.     The State lacks sufficient information to admit or deny the allegations in Paragraph 34 of the First Amended Complaint, including facts personal to Plaintiff, and on that basis denies those allegations.  In answering further, the State, upon information and belief, admits that Bridgeport Middle School cross-country team tryouts are expected to begin August 2, 2021.

35.     The State lacks sufficient information to admit or deny the allegations in Paragraph 35 of the First Amended Complaint, including facts personal to Plaintiff, and on that basis denies those allegations.

36.     The State lacks sufficient information to admit or deny the allegations in Paragraph 36 of the First Amended Complaint, including facts personal to Plaintiff, and on that basis denies those allegations.

37.     The State lacks sufficient information to admit or deny the allegations in Paragraph 37 of the First Amended Complaint, including facts personal to Plaintiff, and on that basis denies those allegations.

38.     In response to Paragraph 38 of the First Amended Complaint, the State admits that school-sponsored athletics offer a range of benefits for some children and young adults and provide an opportunity to develop physically, emotionally, and socially.  In answering further,

the State lacks sufficient information to admit or deny the remaining allegations in Paragraph 38 of the First Amended Complaint and on that basis denies those allegations.

39.     The State denies the allegations of Paragraph 39 of the First Amended Complaint.

40.     The State specifically denies the allegations that there is a "scientific consensus" and, further answering, denies all other allegations in Paragraph 40 of the First Amended Complaint.

41.     The State admits that puberty blocker hormone drug treatment impact endogenous puberty.   Answering further, the State denies all other allegations in paragraph 41 of the First Amended Complaint.

42.     Paragraph 42 of the First Amended Complaint does not meet the requirements of Federal Rules of Civil Procedure 8(d)(1).  Answering further, the State  avers that the policies of the National Collegiate Athletic Association ("NCAA"), World Athletics, and the International Olympic Committee (the "Olympics") speak for themselves.  Further answering, the State denies all other allegations therein.

43.     In response to Paragraph 43 of the First Amended Complaint, the State avers that W. Va. Admin. Code § 127-2-3 (3.8) speaks for itself.

44.     In response to Paragraph 44 of the First Amended Complaint, the State avers that West Virginia laws or policies regarding the participation of students in school sports speak for themselves.  Answering further, the State denies the remaining allegations therein, including the implication that H.B. 3293 is a prohibition preventing transgender students from participating in school sports.

45.     The State admits that H.B. 3293 was introduced as an originating bill by the Education Committee for the West Virginia House of Delegates (the "House"), sponsored by

eleven committee members including Delegate Hanna, in March 2021.  The State denies the remaining allegations contained in Paragraph 45 of the First Amended Complaint.

46.     The State denies the allegations in Paragraph 46 of the First Amended Complaint.

47.     The State avers that any Facebook posts or statements made by Delegate Jordan Bridges speak for themselves.  Answering further, the State lacks sufficient information to admit or deny all other allegations in Paragraph 47 and on that basis denies those allegations.

48.     In response to Paragraph 48 of the First Amended Complaint, the State avers that W. Va. Leg. Originating H.B. 3293 (Mar. 16, 2021) § 18-2-5c and § 18-2-25c(a)(2) speak for themselves.  The State further states that H.B. 3293 as enacted differs from the bill originated in the House Education Committee and that the final enrolled legislation signed by the Governor is the only version relevant here.

49.     In response to Paragraph 49 of the First Amended Complaint, the State avers that W. Va. Leg. Originating H.B. 3293 (Mar. 16, 2021) § 18-2-5c(e) speaks for itself.

50.     In response to Paragraph 50 of the First Amended Complaint, the State avers that W. Va. Leg. Originating H.B. 3293 (Mar. 16, 2021) § 18-2-25(f) speaks for itself.

51.     In response to Paragraph 51 of the First Amended Complaint, the State admits that on March 18, 2021, the House Education Committee held a hearing on H.B. 3293.  The State avers that the quotes in Paragraph 51 are incomplete and further states that the full statements of counsel for the House Education Committee speak for themselves. Answering further, the State denies for lack of knowledge all other allegations therein.

52.     In response to Paragraph 52 of the First Amended Complaint, the State states that any testimony speaks for itself.  Otherwise, the State denies for lack of knowledge all other allegations therein.

53.     In response to Paragraph 53 of the First Amended Complaint, the State admits that H.B. 3293 passed the House Education Committee and was heard by the House Judiciary Committee on March 18, 2021.  Answering further, the State avers that W. Va. Leg. Amended H.B. 3293 (Mar. 18, 2021) § 18-2-25c speaks for itself.  The State further states that the enacted version of this legislation is the only version relevant here and the enacted version does not contain the language discussed in Paragraph 53.

54.     In response to Paragraph 54 of the First Amended Complaint, the State admits that H.B. 3293 passed out of the House Judiciary Committee on March 18, 2021.  The State lacks sufficient information to admit or deny the remaining allegations in Paragraph 54 and on that basis denies those allegations.

55.     The State lacks sufficient information to admit or deny the allegations in Paragraph 55 of the First Amended Complaint and on that basis denies those allegations.

56.     The State lacks sufficient information to admit or deny the allegations in Paragraph 56 of the First Amended Complaint and on that basis denies those allegations.

57.     The State lacks sufficient information to admit or deny the allegations in Paragraph 57 of the First Amended Complaint and on that basis denies those allegations.

58.     In response to Paragraph 58 of the First Amended Complaint, the State admits that H.B. 3293 passed out of the House on March 25, 2021.

59.     In response to Paragraph 59 of the First Amended Complaint, the State admits that on April 1, 2021, H.B. 3293 was heard in the Education Committee for the West Virginia Senate (the "Senate"), that the Senate Education Committee undertook amendments to the then-current version of H.B. 3293, and the Senate Education Committee reported the amended bill to the full Senate.  The State avers that all of the West Virginia Code Sections identified in

Paragraph 59 and the specific amendments made by the Senate Education Committee speak for themselves.  Answering further, the State denies all other remaining allegations.

60.     In response to Paragraph 60 of the First Amended Complaint, the State admits that on April 8, 2021, the Senate debated H.B. 3293.  The State lacks sufficient information to admit or deny the remaining allegations of Paragraph 60.

61.     The State lacks sufficient information to admit or deny the allegations in Paragraph 61 of the First Amended Complaint and on that basis denies those allegations.

62.     In response to Paragraph 62 of the First Amended Complaint, the State admits that H.B. 3293 was passed by the Senate on April 9, 2021.

63.     In response to Paragraph 63 of the First Amended Complaint, the State admits that Governor Justice signed the final enrolled version of H.B. 3293 into law on April 28, 2021.

64.     In response to Paragraph 64 of the First Amended Complaint, the State avers that the complete April 30, 2021 interview of Governor Justice speaks for itself. Answering further, the State denies the remaining allegations in Paragraph 64.

65.     In response to Paragraph 65 of the First Amended Complaint, the State admits that H.B. 3293 will become effective on July 8, 2021.

66.     The State denies the allegations in Paragraph 66 of the First Amended Complaint, specifically denying that H.B. 3293 used the term "transgender."

67.     The State denies the allegations in Paragraph 67 of the First Amended Complaint. Answering further, the State avers that W. Va. Code § 18-2-25(a)(4) speaks for itself.

68.     In response to Paragraph 68 of the First Amended Complaint, the State avers that W. Va. Code §§ 18-2-25d(b) and (c) speak for themselves.

69.     In response to Paragraph 69 of the First Amended Complaint, the State avers that W. Va. Code § 18-2-25d(c)(2) speaks for itself.

70.     In response to Paragraph 70 of the First Amended Complaint, the State avers that W. Va. Code § 18-2-25d(b)(1) speaks for itself.  Answering further, the State avers that H.B. 3293 did not use the term "transgender."

71.     In response to Paragraph 71 of the First Amended Complaint, the State avers that W. Va. Code § 18-2-25d(d) speaks for itself.

72.     In response to Paragraph 72 of the First Amended Complaint, the State avers that H.B. 3293 speaks for itself.

73.     Paragraph 73 of the First Amended Complaint sets forth a legal conclusion to which no response is required.  To the extent any of these allegations are construed as factual in nature, the State denies them.  Answering further, the State lacks sufficient information to admit or deny the allegations regarding the School Activities Commission form and on that basis denies them.

74.     The State denies the allegations of Paragraph 74 of the First Amended Complaint. Answering further, the State avers that H.B. 3293 did not use the term "transgender."

75.     The State avers that W. Va. Code § 18-2-25d(b)(1) speaks for itself.  Answering further, the State denies all other allegations in Paragraph 75 of the First Amended Complaint and specifically denies that "circulating testosterone is the only sex-related characteristic with any documented relationship to athletic ability."

76.     Paragraph 76 of the First Amended Complaint sets forth a legal conclusion to which no response is required.  To the extent any of these allegations are construed as factual in

nature, the State denies them.  Answering further, the State avers that H.B. 3293 does not use the term "transgender."

77.     Paragraph 77 of the First Amended Complaint sets forth a legal conclusion to which no response is required.  To the extent any of these allegations are construed as factual in nature, the State denies them.  Answering further, H.B. 3293 does not use the term "transgender."

78.     The State lacks sufficient information to admit or deny the allegations in Paragraph 78 of the First Amended Complaint, including information personal to Plaintiff, and on that basis denies those allegations.  Answering further, the State avers that W. Va. Code § 18-2-25d(b)(1) speaks for itself.  Answering further, H.B. 3293 does not use the term "transgender."

79.     In response to Paragraph 79 of the First Amended Complaint, the State denies the allegations of Paragraph 79 of the Complaint.

80.     The State lacks sufficient information to admit or deny the allegations in Paragraph 80 of the First Amended Complaint and on that basis denies those allegations.

81.     The State lacks sufficient information to admit or deny the allegations in Paragraph 81 of the First Amended Complaint and on that basis denies those allegations.

82.     The State lacks sufficient information to admit or deny the allegations in Paragraph 82 of the First Amended Complaint, including information personal to Plaintiff, and on that basis denies those allegations.

83.     The State lacks sufficient information to admit or deny the allegations in Paragraph 83 of the First Amended Complaint, including information personal to Plaintiff, and on that basis denies those allegations.

84.     The State denies the allegations of Paragraph 84 of the First Amended Complaint.

85.     The State denies the allegations of Paragraph 85 of the First Amended Complaint.

86.     The State denies the allegations of Paragraph 86 of the First Amended Complaint.

87.     The State denies the allegations of Paragraph 87 of the First Amended Complaint.

**CLAIM FOR RELIEF**

**COUNT I**
Violation of Title IX
20 U.S.C. § 1681, *et seq.*
Plaintiff against the State of West Virginia, the State Board of Education, the County Board of
Education, and the School Activities Commission

88.     In response to Paragraph 88 of the First Amended Complaint, the State

incorporates by reference and reaffirms its answers contained in Paragraphs 1 to 87 of its Answer

as though fully set forth herein.  Answering further, the State admits that Plaintiff purportedly

brings this Count against the State Board of Education, the County Board of Education, the State

of West Virginia, and the School Activities Commission.

89.     In response to Paragraph 89 of the First Amended Complaint, the State avers that

20 U.S.C. § 1681(a) speaks for itself.

90.     Upon information and belief, the State admits that the State Board of Education

and the County Board of Education are governmental entities focused on education and receiving

federal financial assistance. Answering further, the State denies the remaining allegations in

Paragraph 90 of the First Amended Complaint.

91.     The State lacks sufficient information to admit or deny the allegations in

Paragraph 91 of the First Amended Complaint.

92.     The State lacks sufficient information to admit or deny the allegations in

Paragraph 92 of the First Amended Complaint.

93.     The State lacks sufficient information to admit or deny the allegations in Paragraph 93 of the First Amended Complaint.

94.     Paragraph 94 of the First Amended Complaint sets forth a legal conclusion to which no response is required.  To the extent any of these allegations are construed as factual in nature, the State denies them.

95.     In response to Paragraph 95 of the First Amended Complaint, the State avers that Title IX and the regulations related thereto speak for themselves.

96.     In response to Paragraph 96 of the First Amended Complaint, the State avers that Title IX and the regulations related thereto speak for themselves.  .

97.     The State denies the allegations of Paragraph 97 of the First Amended Complaint. Answering further, the State avers that H.B. 3293 does not use the term "transgender."

98.     The State denies the allegations of Paragraph 98 of the First Amended Complaint.

99.     The State denies the allegations of Paragraph 99 of the First Amended Complaint.

**COUNT II**
Deprivation of Equal Protection
U.S. Const. Amend. XIV
Plaintiff against Clayton Burch, Dora Stutler, School Activities Commission, and Patrick Morrisey

100.     In response to Paragraph 100 of the First Amended Complaint, the State incorporates by reference and reaffirms its answers contained in Paragraphs 1 to 99 of its Answer as though fully set forth herein.  Answering further, the State admits that Plaintiff purportedly brings this Count against Defendants State Superintendent W. Clayton Burch in his official capacity, Harrison County Superintendent Dora Stutler in her official capacity, the School Activities Commission, and Attorney General Patrick Morrisey in his official capacity.

101.    In response to Paragraph 101 of the First Amended Complaint, the State avers that U.S. Const. amend. XIV, § 1 speaks for itself.

102.    Paragraph 102 of the First Amended Complaint sets forth a legal conclusion to which no response is required.

103.    Paragraph 103 of the First Amended Complaint sets forth a legal conclusion to which no response is required.

104.    The State denies the allegations of Paragraph 104 of the First Amended Complaint.  Answering further, the State avers that H.B. 3293 does not use the term "transgender."

105.    Paragraph 105 of the First Amended Complaint sets forth a legal conclusion to which no response is required.  To the extent any of these allegations are construed as factual in nature, the State denies them.

106.    The State denies the allegations of Paragraph 106 of the First Amended Complaint.  Answering further, the State avers that H.B. 3293 does not use the term "transgender."

107.    The State denies the allegations of Paragraph 107 of the First Amended Complaint.  Answering further, the State avers that H.B. 3293 does not use the term "transgender."

108.    The State denies the allegations of Paragraph 108 of the First Amended Complaint.

109.    The State denies the allegations of Paragraph 109 of the First Amended Complaint.

110.    The State denies the allegations of Paragraph 110 of the First Amended Complaint.

## PRAYER FOR RELIEF

The State denies the allegations contained in (A) through (G) of the "WHEREFORE" clause of the First Amended Complaint in their entirety and denies that Plaintiff is entitled to any relief of any kind from, or as against, the State on the purported claims alleged in the First Amended Complaint and aver that Plaintiff has not suffered any damages.

Any allegation made by the First Amended Complaint that has not been expressly admitted within this Answer is denied.  To the extent any section heading or subheading is not deemed to be purely for the purpose of organization and, instead, is deemed a factual allegation, all such headings and subheadings are denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted, in whole or in part.

2.    Plaintiff has failed to join indispensable parties.

3.    Plaintiff lacks standing.

4.    Plaintiff's claims are unripe.

5.    No government action occurred in relation to Plaintiff's claims against W. Va. Code § 18-2-25d.

6.    Sovereign immunity under the Eleventh Amendment bars any judgment against the State, including injunctive relief, declaratory relief, damages, attorneys' fees, or costs under 42 U.S.C. § 1988.

7.    Plaintiff is not entitled to attorneys' fees and/or costs under 42 U.S.C. § 1988.

8.      Plaintiff's claims are contrary to the sovereign interests of the State under the Tenth Amendment.

9.      Plaintiff's First Amended Complaint fails to state any cause of action for which attorneys' fees or costs are recoverable.

10.     The First Amended Complaint is barred, in whole or part, because the relief sought exceeds that authorized by law.

11.     Plaintiff's claims are barred to the extent the First Amended Complaint seeks damages in excess of the caps on damages under applicable law.

12.     The State is entitled to all defenses and immunities available under federal and state constitutional, statutory, and decisional law including but not limited to any and all affirmative defenses listed in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure.

13.     The State reserves the right to identify additional affirmative defenses based upon information obtained during the discovery process.

WHEREFORE, the State requests that the allegations and claims in Plaintiff's First Amended Complaint be dismissed with prejudice and that it recover all of its costs and expenses, including reasonable attorneys' fees expended in connection with the defense of this action, and that it have such other and further relief as justice may require.

JURY DEMAND

The State hereby demands trial by jury on all issues triable by jury.

**Respectfully submitted,**

**STATE OF WEST VIRGINIA,**

By counsel,
PATRICK MORRISEY,

ATTORNEY GENERAL

/s/ Curtis R. A. Capehart
Douglas P. Buffington, II (WV Bar # 8157)
    *Chief Deputy Attorney General*
Curtis R. A. Capehart (WV Bar # 9876)
    *Deputy Attorney General*
David C. Tryon (visiting attorney)
    *Special Assistant to the Attorney General*
Jessica A. Lee (WV Bar # 13751)
    *Assistant Solicitor General*
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Email: Curtis.R.A.Capehart@wvago.gov
Telephone: (304) 558-2021
Facsimile: (304) 558-0140

*Counsel for Defendant STATE OF WEST VIRGINIA*