IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON,<br><br>        *Plaintiff*,<br> v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA,<br><br>        *Defendants*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

## **PLAINTIFF'S MOTION TO STRIKE JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 39(a)(2), Plaintiff B.P.J., through undersigned counsel, respectfully moves this Court to strike the State of West Virginia's jury demand set forth in its Answer to B.P.J.'s First Amended Complaint. (Dkt. 78.)

In her First Amended Complaint, B.P.J. alleges one cause of action against the State: a violation of her rights guaranteed by Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*. (Dkt. 64, ¶¶ 88–99.) B.P.J.'s other cause of action (which is not alleged against the State) is brought under 42 U.S.C. § 1983 and alleges a violation by other defendants of her rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment. (Dkt. 64, ¶¶ 100–10.) For both claims, B.P.J. seeks a declaration that H.B. 3293 violates her rights, a preliminary and permanent injunction enjoining enforcement of H.B. 3293, nominal damages, costs, expenses, and attorneys' fees. (Dkt. 64, Prayer for Relief ¶¶ A-G.)

Under binding precedent, claims for nominal damages—which are limited to a maximum of one dollar, *see Carey v. Piphus*, 435 U.S. 247, 266–67 (1978); *Cent. Radio Co. v. City of Norfolk, Va.*, No. 2:12cv247, 2016 WL 8199737, at *2 (E.D. Va. Aug. 5, 2016)—do not confer a right to jury trial under the Seventh Amendment: "[T]he [S]eventh [A]mendment requires a jury trial upon demand where the amount in controversy exceeds twenty dollars. . . . If plaintiff's allegations . . . entitle h[er] to no more than nominal damages, the [S]eventh [A]mendment will not be applicable because of an insufficient amount in controversy." *Burt v. Abel*, 585 F.2d 613, 616 n.7 (4th Cir. 1978) (citations omitted).

Similarly, the State is not entitled to a jury trial regarding B.P.J.'s claim for declaratory or injunctive relief. *See, e.g.*, *Martin v. Deiriggi*, 985 F.2d 129, 134 (4th Cir. 1992) ("Actions for injunctive relief . . . are equitable in nature" and "thus the defendant has no right to a jury trial"); *Keller v. Prince George's Cnty.*, 827 F.2d 952, 955–56 (4th Cir. 1987) (noting that when a Title VII or § 1983 trial is limited to equitable relief, no jury trial is available); *Hedberg v. Darlington Cnty. Disabilities & Special Needs Bd.*, No. 95-3049, 1997 WL 787164, at *3 (4th Cir. Dec. 24, 1997) (per curiam) (stating "there is no right to trial by jury" when case is "limited to only equitable relief"); *see also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999) ("[T]he Seventh Amendment jury guarantee extends to . . . claims [that] can be said to sound basically in tort, and seek legal relief") (cleaned up); *cf. id.* at 751–52 (Souter, J., concurring) ("[R]ights passing through the § 1983 prism may in proper cases be vindicated by injunction, by orders of restitution, and by declaratory judgments, none of which implicate, or always implicate, a right to jury trial")  (internal citations omitted and cleaned up).

Finally, B.P.J.'s request for attorneys' fees and costs does not entitle the State to a jury trial. *See, e.g.*, *Hedberg*, 1997 WL 787164, at *3 (stating "there is no right to trial by jury" for case

seeking "attorney's fees"); *AIA Am., Inc. v. Avid Radiopharmaceuticals*, 866 F.3d 1369, 1373 (Fed. Cir. 2017) (holding no right to jury trial exists "when attorney's fees are awarded pursuant to a statutory prevailing party provision," as such fees are an "equitable" remedy because they raise "issues collateral to and separate from the decision on the merits" (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988)); *Quinn v. Bowmar Publ'g Co.*, 445 F. Supp. 780, 788 (D. Md. 1978) ("Nor is there a right to a jury trial on the award of attorney's fees and cost").

Therefore, pursuant to Rule 39(a)(2), B.P.J. respectfully requests that this Court strike the State's jury demand because "there is no federal right to a jury trial" for either cause of action alleged by B.P.J. Moreover, to the extent any other defendant makes a jury demand in the future, B.P.J. further requests that this Court strike such request "on its own" as set forth in Rule 39(a)(2) for the same reasons stated herein.

Dated: August 13, 2021

Joshua Block*
Taylor Brown*
Chase Strangio*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
730 Peachtree Street NE, Suite 640
Atlanta, GA 30308-1210
Phone: (404) 897-1880
ccharles@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St., Suite 2300
Denver, CO  80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully submitted,

 /s/ Loree Stark

Loree Stark (Bar No. 12936)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org

Kathleen Hartnett*
Julie Veroff*
COOLEY LLP
101 California Street 5th Floor
San Francisco, CA 94111-5800
Phone: (415) 693-2000
khartnett@cooley.com

Katelyn Kang*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON,<br><br>        *Plaintiff*,<br>  v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA,<br><br>        *Defendants*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

## CERTIFICATE OF SERVICE

I, Loree Stark, do hereby certify that on this 13th day of August 2021, I electronically filed a true and exact copy of **Plaintiff's Motion to Strike Jury Demand** with the Clerk of Court and all parties using the CM/ECF System.

                */s/ Loree Stark*
                West Virginia Bar No. 12936