**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**B.P.J., by her next friend and mother, HEATHER JACKSON,**

    **Plaintiff,**

v.                                                                 **Civil Action No. 2:21-cv-00316
                                                                         Honorable Joseph R. Goodwin**

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA,**

    **Defendants.**

**DEFENDANTS WEST VIRGINIA STATE BOARD OF EDUCATION
AND SUPERINTENDENT W. CLAYTON BURCH'S REPLY TO
PLAINTIFF'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**

       **NOW COME** Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch (collectively referred to hereinafter as "State BOE"), by and through counsel, Kelly C. Morgan, Michael W. Taylor, Kristen V. Hammond, and the law firm of Bailey & Wyant, P.L.L.C., and hereby file their Reply to Plaintiff's Consolidated Memorandum in Opposition to Defendants' Motions to Dismiss First Amended Complaint.

       **A.    PLAINTIFF DOES NOT HAVE STANDING AGAINST THE STATE BOE.**

       Plaintiff cannot prove standing based upon the allegations of her First Amended Complaint. Plaintiff has alleged an injury. Specifically, Plaintiff alleges that she cannot play the sport of her

choosing. [ECF No. 64, at ¶¶ 78; 82]. She alleges that the Principal of Bridgeport Middle School, who is **not** an employee of the State BOE, has enforced House Bill 3293 ("H.B. 3293") against her. [*Id*., at ¶ 81. This enforcement has caused her injury. [*Id*., at ¶¶ 82-87]. Nowhere does she cite or alleged that the State BOE played **any** role in those actions. Rather, Plaintiff argues that the State BOE's conduct is "fairly traceable" to cause her injury in that eventually the State BOE will issue promulgations and have ultimate authority to supervise the Harrison County Board of Education ("County BOE") so its conduct is a link – but not the last link – in the chain of causation. This argument fails. The causation prong requires that the conduct of a defendant be "fairly traceable" to that defendant's conduct. Plaintiff asserts that the defendant's conduct does not need to be the last link in the chain of causation for an injury to be traceable to that conduct. *See Air Evac EMS, Inc. v. Cheatham*, 910 F.3d 751, 760 (4th Cir. 2018). However, it is insufficient to be merely a link in the causation chain, Plaintiff must show that she suffers an injury that is "'produced by [the] determinative or coercive effect' of the defendant's conduct 'upon the action of someone else.'" *Lansdowne on the Potomac Homeowners Ass'n v. OpenBand at Lansdowne, LLC*, 713 F.3d 187, 197 (4th Cir. 2013) (quoting *Bennett v. Spear*, 520 U.S. 154, 169, 117 S. Ct. 1154, 1164, 137 L. Ed. 2d 281, 299 (1997)). Moreover, a "speculative chain of possibilities" that rests on "decisions of independent actors" does not confer standing. *Clapper v. Amnesty Int'l*, 568 U.S. 398, 414, 133 S. Ct. 1138, 1150, 185 L. Ed. 2d 264, 279 (2013).

Here, Plaintiff cannot establish that the County BOE's conduct is a result of, or will be a result of, a "determinative or coercive effect" of the State BOE. The "determinative or coercive effect" is caused by the statute; not the State BOE's enforcement of the statute or the State BOE's conduct towards Plaintiff. It cannot be maintained that the State BOE has taken any action against Plaintiff. So instead, Plaintiff argues that the State BOE is ultimately responsible for the supervision

of the County BOE.  However, taking Plaintiff's argument to its logical conclusion, she would have standing over anyone who may exert control over a governing body.  Ultimately, Plaintiff's position would be akin to asserting standing to sue citizens of the State of West Virginia because they exercise ultimate control over elected officials through their vote. Obviously, the control element in that hypothetical is too attenuated to assert standing, just like it is here.  Much like here, standing against the State BOE is too attenuated upon hypothetical events[1] that have not occurred and have not been alleged to occur.

Similarly, Plaintiff's argument that the State BOE will have to enact regulations fails to meet standing as well.  Plaintiff **cannot** argue that regulations **not yet drafted** will cause injury to her.  It would be entirely too speculative to argue the same.  As a result, despite the statute requiring the State BOE to, at some point in the future, draft regulations regarding it, that mandate does not cause any of the harm alleged to have occurred to Plaintiff thus far.  Accordingly, standing simply does not exist against the State BOE.

Quite simply, the State BOE does not enforce the statute against Plaintiff; has not enforced the statute against Plaintiff; has not exercised control over the County BOE to enforce the statute against Plaintiff; and otherwise has not engaged in any conduct that is fairly traceable to the injury complained of by Plaintiff.  The State BOE must be dismissed because this Court lacks standing with respect to the claims in the First Amended Complaint.

     **B.**     **PLAINTIFF'S CLAIMS ARE NOT RIPE AGAINST THE STATE BOE.**

Plaintiff argues that the claims are ripe against the State BOE because she will suffer an injury by the enforcement of the statute.  While Plaintiff would have to concede that the State BOE

---

[1] One such event is the County BOE not enforcing the statute but Plaintiff's First Amended Complaint asserts facts of enforcement against it. [ECF No. 64]. As a result, by virtue of Plaintiff's own pleadings, the argument advanced by her amounts to a hypothetical based upon attenuated circumstances.

was and is not the enforcing body of the statute, Plaintiff still asserts that the claim is ripe as it relates to the State BOE.  Plaintiff argues that the claims are fit for judicial decision because the matter is purely legal.  However, Plaintiff's argument fails by asking one simple question:  What regulations promulgated by the State BOE related to the statute are the Court going to review?  The promulgation of regulations is the **sole** act that the State BOE may engage in related to the statute.  These regulations do not exist.  How can the Court declare the State BOE's regulations unconstitutional before they are even drafted?  Because Plaintiff simply cannot answer these questions, the claims are not ripe for review.

### C. REMAINDER OF ARGUMENTS

As for the remainder of Plaintiff's arguments, the State BOE stands on its briefing thus far raised on those points, with the exception of the "duplicative" argument.  As for the "duplicative" argument, the State BOE withdraws the argument.  The argument was merely advanced in an effort to narrow parties and streamline issues.  After reviewing Plaintiff's response, the State BOE agrees with the position asserted therein regarding this argument and therefore withdraws the same.  Ultimately, the Court will have to conclude that the State BOE has not caused the injury complained of by Plaintiff.  As there is no conduct alleged to have occurred by the State BOE against Plaintiff, her claims fail as a matter of law.

**WHEREFORE**, based upon the foregoing and the reasons previously asserted, Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch respectfully request that this Court enter an Order dismissing them from this action, with prejudice, and awarding them such other relief deemed necessary and appropriate.

Respectfully Submitted,

**WEST VIRGINIA STATE BOARD OF EDUCATION and W. CLAYTON BURCH**

By Counsel,

 /s/ Kelly C. Morgan
**Kelly C. Morgan (WV Bar #9519)**
**Michael W. Taylor (WV Bar #11715)**
**Kristen V. Hammond (WV Bar #9727)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**mtaylor@baileywyant.com**
**khammond@baileywyant.com**

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B.P.J., by her next friend and mother, HEATHER JACKSON,**

   **Plaintiff,**

v.

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his** official capacity as State Superintendent, **DORA STUTLER, in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA,**

   **Defendants.**

                                         Civil Action No. 2:21-cv-00316
                                         Honorable Joseph R. Goodwin

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of foregoing **"Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch's Reply to Plaintiff's Consolidated Memorandum in Opposition to Defendants' Motions to Dismiss First Amended Complaint"** was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, August 20, 2021:

Loree Stark
American Civil Liberties Union of West Virginia Foundation
P.O. Box 3952
Charleston, WV 25339-3952
lstark@acluwv.org
*Counsel for Plaintiff*

Avatara Smith-Carrington
Lambda Legal
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org
*Counsel for Plaintiff*

Carl Charles

Tara Borelli
Lambda Legal
730 Peachtree Street NE, Suite 640
Atlanta, GA 30308-1210
ccharles@lambdalegal.org
*Counsel for Plaintiff*

Sruti Swaminathan
Lambda Legal
120 Wall Street, 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org
*Counsel for Plaintiff*

Joshua Block
Taylor Brown
Chase Strangio
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
jblock@aclu.org
*Counsel for Plaintiff*

Kathleen Hartnett
Julie Veroff
Cooley LLP
101 California Street 5th Floor
San Francisco, CA 94111-5800
khartnett@cooley.com
*Counsel for Plaintiff*

Elizabeth Reinhardt
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
ereinhardt@cooley.com
*Counsel for Plaintiff*

Andrew Barr
Cooley LLP
1144 15th St., Suite 2300
Denver, CO 80202-5686
abarr@cooley.com
*Counsel for Plaintiff*

Katelyn Kang
Cooley LLP

2

55 Hudson Yards
New York, NY 10001-2157
kkang@cooley.com
*Counsel for Plaintiff*

Roberta F. Green
Shuman McCuskey & Slicer PLLC
P.O. Box 3953
Charleston, WV 25339-3953
rgreen@Shumanlaw.com
*Counsel for Defendant West Virginia Secondary School Activities Commission*

Susan L. Deniker
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
susan.deniker@steptoe-johnson.com
*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

Douglas P. Buffington, II
Curtis R. A. Capehart
Jessica A. Lee
Office of the Attorney General, State of West Virginia
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Curtis.R.A.Capehart@wvago.gov
*West Virginia Attorney General's Office*

David C. Tryon
West Virginia Attorney General's Office
1900 Kanawha Boulevard, East
Bldg. 1, Room 26E
Charleston, WV 25305

Whitney M. Pellegrino
Aria S. Vaughan
Michelle L. Tucker
Amanda K. Dallo
United States Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave., NW
4CON, 10th Floor
Washington, DC 20530
Aria.Vaughan@usdoj.gov
*United States Department of Justice*

3

Fred B. Westfall, Jr.<br>
Jennifer M. Mankins<br>
300 Virginia Street East, Room 4000<br>
Charleston, WV 25301<br>
Fred.Westfall@usdoj.gov<br>
*United States Attorney's Office*

 /s/ **Kelly C. Morgan**
**Kelly C. Morgan (WV Bar #9519)**
**Michael W. Taylor (WV Bar #11715)**
**Kristen V. Hammond (WV Bar #9727)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**mtaylor@baileywyant.com**
**khammond@baileywyant.com**

4