IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

*Plaintiff*,

v.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA,

*Defendants*.

**DEFENDANTS HARRISON COUNTY BOARD OF EDUCATION
AND DORA STUTLER'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS (FIRST AMENDED COMPLAINT)**

Defendants the Harrison County Board of Education ("HCBOE") and Dora Stutler (collectively, the "County Board"), by counsel, in support of their motion to dismiss, reply that they are entitled to the dismissal of the claims against them in this civil action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response to the County Board's Motion to Dismiss, Plaintiff cited to no authority supporting her position that the County Board may be liable under Title IX of the Educational Amendments Act of 1972 ("Title IX") despite the fact that the County Board has engaged in no misconduct and has no authority to address or correct any alleged discrimination perpetuated by West Virginia Code § 18-2-25d (the "Act"), the law that Plaintiff challenges in her civil action. The County Board cannot be liable merely for enforcing a state law

13086838

it is required to enforce. Therefore, the County Board is entitled to the dismissal of Count I against it.

Plaintiff also does not argue in her response brief that the County Board can be liable for any monetary award, including but not limited to attorneys' fees, under the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution ("EPC"). Rather, Plaintiff argues only that Superintendent Stutler is a proper defendant to the EPC claim because she is a "*state official* for purposes of *Ex parte Young*" when, or if, she enforces the Act. (Doc. 80, at 23 (p. 18 of the brief).) Binding precedent states that, in such circumstances, the State – not the county entity with which Superintendent Stutler is employed – is responsible for any monetary award to Plaintiff. Therefore, even if Superintendent Stutler is retained as a defendant to Count II in her capacity as a state official, Plaintiff's claim for any monetary award, including but not limited to an award of damages, costs, expenses, and attorneys' fees, against the County Board should be dismissed.

## I. The HCBOE Cannot Be Liable to Plaintiff Under Title IX Because It Has Engaged in No Misconduct and Has No Authority to Address or Correct any Discrimination that May Be Perpetuated by the Act

In Count I, Plaintiff has asserted a cause of action against the HCBOE (as well as the State of West Virginia, the W. Va. State Board of Education, and the W. Va. Secondary School Activities Commission), but not Superintendent Stutler, for an alleged violation of Title IX. In her response brief, Plaintiff cites to no authority to support the proposition that the County Board may be liable despite the fact that a state law, not a County Board policy, rule, custom, etc., is at issue.

Instead, Plaintiff indicates that the County Board has relied only "on inapposite cases . . . under *Monell v. Dep't of Soc. Servs*, 436 U.S. 658 (1978)." (Doc. 80, at 15.) But that is not true. In fact, the County Board has pointed to clear authority from the U.S. Supreme Court and the U.S. Court of Appeals for the Fourth Circuit stating that a federal fund recipient "may be liable in

damages under Title IX only for its own misconduct." *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 640-41 (1999); *Baynard v. Malone*, 268 F.3d 228, 237 (4th Cir. 2001) (quoting *Davis*, 526 U.S. 629).

Indeed, the U.S. Supreme Court, when addressing the circumstances under which a funding recipient may be liable for damages in harassment cases brought under Title IX, concluded that "in cases like this one ***that do not involve official policy <u>of the recipient entity</u>***, we hold that a damages remedy will not lie under Title IX unless an official ***who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf*** has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290, 118 S. Ct. 1989, 1999, 141 L. Ed. 2d 277 (1998) (emphasis added); *Jennings v. Univ. of N. Carolina*, 482 F.3d 686, 700 (4th Cir. 2007) (stating in a harassment case, "An institution can be held liable for a Title IX violation only if 'an official who . . . has authority to address the alleged discrimination and to institute corrective measures . . . has actual knowledge of discrimination in the [institution's] programs and fails adequately to respond' or displays 'deliberate indifference' to discrimination." (quoting *Gebser*) (ellipses in *Jennings*)); *Carroll K. v. Fayette Cty. Bd. of Educ.*, 19 F. Supp. 2d 618, 621 (S.D.W. Va. 1998) (quoting *Gebser* in a peer-to-peer harassment case).

Similarly, in *Davis*, in which the U.S. Supreme Court was addressing a funding recipient's liability for harassment, the Court stated, "[d]eliberate indifference makes sense as a theory of direct liability under Title IX only where the funding recipient has some control over the alleged harassment. A recipient cannot be directly liable for its indifference where it lacks the authority to take remedial action." *Davis*, 526 U.S. at 644, 119 S. Ct. at 1672.

Here, undisputedly, no official policy of the HCBOE is at issue. Rather, Plaintiff challenges a state law. Therefore, the HCBOE can be liable only if one of its officials (a) has authority to

address the alleged discrimination and to institute corrective measures on the HCBOE's behalf, (b) knows of the alleged discrimination, and (c) fails to adequately respond. Thus, the HCBOE cannot be liable to Plaintiff because it is undisputed that no HCBOE official has authority to address the alleged discrimination or to institute corrective measures. In other words, the HCBOE lacks the authority to take any remedial action.

This is the case because the Act is mandatory, not permissive; it gives the HCBOE no discretion. The Act directs that "[a]thletic teams or sports designated for females, women, or girls ***shall not be open*** to students of the male sex where selection for such teams is based upon competitive skill or the activity involved is a contact sport." W. Va. Code § 18-2-25d(c)(2) (emphasis added). The Act further expressly provides "[a]ny student aggrieved by a violation" of the Act with a civil "action against a county board of education . . . alleged to be responsible for" the alleged violation, with potential damages including injunctive relief, actual damages, attorneys' fees, and court costs. W. Va. Code § 18-2-25d(d)(1). Clearly, no HCBOE official has authority to address any alleged discrimination that may be perpetuated by the Act, and no HCBOE official has authority to institute any corrective measures that may be necessary.

Plaintiff points to authority stating that a school district may be liable under Title IX if a school administrator "'with authority to take corrective action'" responds to harassment with deliberate indifference and, thus, liability may exist even when a municipal custom, policy, or practice is not at issue. (Doc. 80, at 15 (p. 10 of the brief) (citing *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257, 129 S. Ct. 788, 797, 172 L. Ed. 2d 582 (2009) (citing *Gebser*, 524 U.S. at 290)).) Plaintiff's argument misses the mark. At issue here is not harassment by an employee (or student) of the HCBOE, which an HCBOE official has authority to address and correct. And the true question is not, as Plaintiff suggests it should be, whether the County Board had knowledge of any alleged harassment. Rather, pursuant to *Gebser*, *Davis*, *Baynard*, *Jennings*, and *Carroll K.*,

the real questions are whose (if anyone's) misconduct is at issue and whether the HCBOE has the authority to address and correct any such misconduct.

Here, if there is any misconduct, it was perpetrated by the State, not by the HCBOE. Because the County Board can be liable under Title IX only for its own misconduct, it cannot be liable to Plaintiff here. The HCBOE lacks the authority to take any remedial action that may be appropriate because the State requires it to enforce the Act to the extent that it goes into effect. Plaintiff does not dispute that the HCBOE is required to enforce the Act. The County Board has no control over the Act or any alleged discrimination resulting from it, and therefore, it cannot be liable to Plaintiff. Like Plaintiff, the HCBOE is affected by the Act, not the other way around. The U.S. Supreme Court, the U.S. Court of Appeals for the Fourth Circuit, and this Court have all made it clear that under such circumstances, the HCBOE cannot be liable under Title IX.

Furthermore, dismissing the HCBOE as a defendant to Count I, alleging a violation of Title IX, will not result in harm to Plaintiff. Even if the HCBOE is dismissed as a defendant, it will not enforce the Act as to B.P.J. unless the Court lifts its injunction. The defendants to this civil action – including but not limited to the State of West Virginia, the W. Va. State Board of Education, and the W. Va. Secondary School Activities Commission – have been enjoined from enforcing the Act as to B.P.J. The County Board will not enforce a state law to the extent that the other defendants (including but not limited to the State, the W. Va. State Board of Education, and the W. Va. Secondary School Activities Commission) are enjoined from enforcing the Act state-wide; a more localized injunction directed at the County Board is simply superfluous and unnecessary. As Plaintiff points out, the W. Va. State Board of Education has "ultimate control" over the HCBOE. (Doc. 80, at 20-21 (pp.15-16 of the brief) (quoting *State ex rel. Lambert by Lambert v. W. Va. State Bd. of Educ.*, 191 W. Va. 700, 709, 447 S.E.2d 901, 910 (1994)).)

In other words, it is "'absolutely clear,' absent the injunction [against the County Board], 'that the allegedly wrongful behavior could not reasonably be expected to recur'" unless the Court permits enforcement of the Act as to B.P.J. at the state level by lifting the injunction directed at the other defendants to this civil action. *See Vitek v. Jones*, 445 U.S. 480, 487, 100 S. Ct. 1254, 1260, 63 L. Ed. 2d 552 (1980) (citing, *inter alia*, *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203, 89 S. Ct. 361, 364, 21 L. Ed. 2d 344 (1968) ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."))

No basis exists to hold the HCBOE liable to Plaintiff under Title IX, and dismissing the HCBOE as a defendant to Count I cannot result in harm to B.P.J. The HCBOE simply cannot be held liable for alleged misconduct that it did not perpetrate and that it has no authority to address or correct. Simply put, the HCBOE has done nothing wrong. Therefore, the County Board's motion to dismiss Count I against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted because it fails to state a claim upon which relief can be granted.

**II.     Superintendent Stutler Should Be Dismissed as a Defendant to Count II, and if She is Retained as a Defendant as a State Official Through Which Plaintiff Sues the State, then Responsibility for any Award Assessed Against Her Is the Sole Responsibility of the State**

In Count II, Plaintiff asserts a cause of action under the EPC (via 42 U.S.C. § 1983) against Superintendent Stutler, as well as W. Clayton Burch, the W. Va. Secondary School Activities Commission, and Patrick Morrisey, but not against the HCBOE. In the County Board's initial memorandum of law in support of its motion to dismiss, the County Board pointed out that Superintendent Stutler cannot be liable to Plaintiff for an alleged violation of the EPC because neither she nor the HCBOE has any policy or custom that would prevent B.P.J. from participating in girls' sports based on transgender status, and neither Superintendent Stutler nor the HCBOE

made any deliberate choice to exclude B.P.J. from girls' sports based on transgender status. (Doc. 73, at 8-12.) *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205, 103 L. Ed. 2d 412 (1989); *Bruce & Tanya & Assocs., Inc. v. Bd. of Supervisors of Fairfax Cty., Va.*, No. 19-1151, 2021 WL 1854750 (4th Cir. May 10, 2021) (unpublished).

In response to the County Board's motion to dismiss, Plaintiff does not address the County Board's argument. Instead, Plaintiff argues only that Superintendent Stutler is considered a state official for *Ex parte Young*[1] purposes when she enforces state law. (Doc. 80, at 23.) Plaintiff does not argue that Superintendent Stutler is a proper defendant pursuant to *Monell* or that an award of damages could be proper as against Superintendent Stutler. Plaintiff has not alleged or argued that any policy or custom of HCBOE (or Superintendent Stutler) has caused or will cause her harm. Accordingly, at least to the extent that Superintendent Stutler represents the HCBOE, there is no basis for an EPC claim against her.

Rather, Plaintiff argues that Superintendent Stutler "is a proper defendant for purposes of enjoining H.B. 3293" in her capacity as "a *state official* for purposes of *Ex parte Young*[.]" (Doc. 80, at 23 (p. 18 of the brief).) Even if, as Plaintiff claims, Superintendent Stutler, as a state official, is a proper defendant for purposes of an injunction, any monetary award (including but not limited to attorneys' fees) cannot be assessed against her or against the Harrison County Board of Education because at issue is a *state* law, not a *county* policy, custom, etc. Therefore, dismissal of Plaintiff's claim for monetary damages against the County Board is appropriate at this time.

In *McGee*, the U.S. District Court for the Southern District of West Virginia determined "how to distribute liability for the fee among the defendants." *McGee v. Cole*, 115 F. Supp. 3d 765, 169-70, 772 (S.D.W. Va. 2015). There, the plaintiffs had filed suit against two county clerks

---

[1] *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).

who had denied them marriage licenses because state statutes prohibited the county clerks from issuing marriage licenses to same-sex couples. *Id.* The Court had declared the state statutes at issue to be unconstitutional. The Court then looked to and quoted the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988(b) (2012), which permits a court to allow "'the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs'" in suits brought under Title IX and under 42 U.S.C. § 1983, among certain other federal statutes. *Id.*, 115 F. Supp. 3d at 770.

In determining how to distribute liability for fees to be awarded to the plaintiffs, the Court recognized that the proper "distribution of fees in this case turns on whether the suit is properly considered an *Ex parte Young* case against the state of West Virginia, or rather one against Cabell and Kanawha counties." *McGee*, 115 F. Supp. 3d at 772. The Court further recognized that if a plaintiff is successful in an *Ex parte Young* suit, "any judgment against the official in her official capacity," including both judgments on the merits and awards of attorneys' fees, "'imposes liability on the entity that [s]he represents.'" *McGee*, 115 F. Supp. 3d at 772 (citing *Brandon v. Holt,* 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L.Ed.2d 878 (1985)).

In this way, liability for judgments may be imposed on a state; "a state properly sued through a state official in an *Ex parte Young* action has no immunity from subsequent fees awarded under Section 1988. . . . Accordingly, although fees awarded in an *Ex parte Young* action are assessed against the defendant official, they are ultimately the responsibility the state or local entity on whose behalf the official acts. . . . It is thus necessary to determine the entity that a defendant official represents in order to identify the entity that will be responsible for attorneys' fees." *McGee*, 115 F. Supp. 3d at 773 (citing *Hutto v. Finney,* 437 U.S. 678, 696-98, 98 S. Ct. 2565, 57 L.Ed.2d 522 (1978)).

The *McGee* Court recognized that, in name, the defendants were county officials but that, nevertheless, county officials "are sometimes considered state agents for purposes of a specific case." 115 F. Supp. 3d at 773. The Court looked to the decision in *Bostic*, in which the Fourth Circuit had found a clerk to be "a proper defendant through which to sue the state of Virginia under *Ex parte Young* because he was responsible for enforcing Virginia's same-sex marriage ban" and that the clerk's denial of a marriage license "was 'clearly attributable to the state.'" *McGee*, 115 F. Supp. 3d at 773 (citing *Bostic v. Schaefer*, 760 F.3d 352, 371 & n.2, n.3 (4th Cir. 2014)).

The *McGee* Court further stated that the "U.S. Courts of Appeals for the Fifth, Sixth, and Seventh Circuits have also held that a county or local official may be properly considered an agent of the state where that official is sued for enforcing a state law, rather than a discretionary rule or local policy." 115 F. Supp. 3d at 773 (citing *Brotherton v. Cleveland,* 173 F.3d 552, 566 (6th Cir. 1999) ("Where county officials are sued simply for complying with state mandates that afford no discretion, they act as an arm of the State."); *Bethesda Lutheran Homes and Servs., Inc. v. Leean,* 154 F.3d 716, 718 (7th Cir.1998) (explaining that where a municipality is forced to follow an unconstitutional state law, it is the state law and not the municipality that is responsible for the plaintiff's injury); *Echols v. Parker,* 909 F.2d 795, 801 (5th Cir. 1990) ("[W]hen a state statute directs the actions of an official, as here, the officer, be he state or local, is acting as a state official.")).

The Court further found that the counties and State could not be jointly and severally liable for the fees because the county clerks represented only one government entity at the time of the plaintiffs' injury:

> Plaintiffs argue that the State and Defendant Clerks should be held jointly and severally liable for attorneys' fees. ECF No. 156. Although this is sometimes an appropriate approach to distributing liability for fees, it is not applicable in this case. Here, Defendant Clerks were sued in their official capacities. As such, attorneys' fees

> and costs will be assessed against them in name only; they will not be held personally liable for paying those fees and costs. *See West Virginians for Life[, Inc. v. Smith],* 952 F. Supp. [342] at 348 n. 4 [(S.D.W. Va. 1996)]. Instead, the government entity that the clerks represented at the time of Plaintiffs' injury will be responsible for payment. This entity is either Cabell and Kanawha counties, or the state, but not both. Thus only one government entity will be responsible for the attorneys' fees and costs assessed.

*McGee*, 115 F. Supp. 3d at 778 n.3.

The *McGee* Court stated that, for purposes of determining liability for fees, if the county clerks were enforcing West Virginia state law, they would properly be considered state officials, and any fees awarded would have "to be paid by the State of West Virginia." *McGee*, 115 F. Supp. 3d at 773. The counties for which the clerks worked could be liable for the judgment and fees only if "the clerks were sued for administering a county rule or policy." *Id.* The Court concluded that the clerks were administering state law, that they "had no discretion to disregard state law," and thus that they were acting as state agents, not as county officials, for purposes of the civil action. *McGee*, 115 F. Supp. 3d at 778–79. (A portion of the Court's analysis is quoted in the County Board's initial memorandum of law, Doc. 73 at 13-14.) The Court therefore found that it was the responsibility of the State alone to pay the attorneys' fees assessed against the county clerks. *McGee*, 115 F. Supp. 3d at 779.

Here, as in *McGee*, Plaintiff seeks costs, expenses, and reasonable attorneys' fees under 42 U.S.C. § 1988. (Doc. 64, at 24 ¶ F.) Like the county clerks in *McGee*, Superintendent Stutler was sued only in her official capacity. And like the county clerks in *McGee*, there is no question that, to the extent that Superintendent Stutler enforces the Act, she enforces state law, not a rule or policy of the HCBOE. Therefore, the State is the only government entity that Superintendent Stutler represents, to the extent that she enforces the Act (if she ever does). Accordingly, the State is solely responsible for any award that could be assessed against Superintendent Stutler.

Therefore, to the extent that Superintendent Stutler is named in her official capacity as a representative of the HCBOE, Count II should be dismissed against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Neither Superintendent Stutler nor the HCBOE may be liable for any of Plaintiff's alleged damages, costs, fees, or expenses. As was set forth in detail in the County Board's initial memorandum of law (Doc. 73, at 8-12), Superintendent Stutler cannot be liable to Plaintiff because no policy, custom, or decision of the County Board is at issue in this civil action.

Furthermore, Plaintiff has also named as defendants the State of West Virginia, the W. Va. State Board of Education, the West Virginia Secondary School Activities Commission, the State Superintendent, and the State Attorney General. Therefore, it is unnecessary for Plaintiff to name Superintendent Stutler as a defendant to Count II as a means of suing the State and challenging a state statute. However, if Superintendent Stutler is retained as a defendant to Count II, she must be retained only in her official capacity as a representative of the State pursuant to *Ex parte Young*. In that scenario, only the State can be responsible for any award assessed against Superintendent Stutler in her official capacity as a state official. Any claim that the HCBOE is responsible for any monetary award assessed against Superintendent Stutler should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Notably, despite Plaintiff's unsupported contention to the contrary, a Rule 12(b)(6) motion is an appropriate vehicle for the dismissal of any unviable claim for damages, costs, expenses, and attorneys' fees as against the Harrison County Board of Education, through its Superintendent, because the Superintendent is – as Plaintiff concedes – acting as a state official when she enforces state law. For example, the Court has previously dismissed claims for consequential damages, attorney's fees, and costs where they were not recoverable, even where it did not dismiss all causes of action against the defendant. *See Collins v. First Cmty. Bank, NA*, No. 2:17-CV-03755, 2018

WL 1404278, at *2 (S.D.W. Va. Mar. 19, 2018). Thus, the County Board properly moves under Rule 12(b)(6) for the dismissal of both Count II and Plaintiff's claims for damages, costs, expenses, and attorneys' fees against it.

Therefore, the County Board's motion to dismiss should be granted.

### III. Plaintiff's Title IX and EPC Claims Fail on the Merits and Should Be Dismissed

The County Board has set forth its argument that both of Plaintiff's causes of action fail on the merits in its briefing in response to Plaintiff's motion for a preliminary injunction and in its initial memorandum of law supporting its motion to dismiss. (*See* Doc. 50, at 13-27; Doc. 73, at 15-20.) In her response brief, Plaintiff does not add to her argument that her claims succeed on the merits. Therefore, the County Board likewise relies on its previous briefing to support its argument that the Title IX and EPC claims both fail to state a claim on which relief can be granted. Both of Plaintiff's causes of action against the County Board should be dismissed under Rule 12(b)(6) for this additional reason.

### IV. Conclusion

For all of the foregoing reasons, and for all of the reasons set forth in Defendants Harrison County Board of Education and Dora Stutler's Motion to Dismiss (First Amended Complaint) and the initial memorandum of law in support thereof (Docs. 72, 73), both of Plaintiff's claims against them should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. If the Court finds it proper for Plaintiff to sue the State through Superintendent Stutler, then she should be retained as a defendant to Count II in her official capacity as a state official only. In that scenario, any monetary award assessed against her must be the sole responsibility of the State. All claims for damages, attorneys' fees, costs, and expenses asserted against, or claimed to be the responsibility of, Harrison County Board of Education and/or Dora Stutler, should be dismissed

under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as should Counts I and II against them.

Respectfully submitted this 20th day of August, 2021,

STEPTOE & JOHNSON PLLC
  OF COUNSEL

*/s/ Susan L. Deniker*
Susan L. Deniker         (WV ID #7992)
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000

*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

13086838                          13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

        *Plaintiff*,

v.

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA,

        *Defendants*.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin, District Judge

## CERTIFICATE OF SERVICE

      I hereby certify that on August 20, 2021, I electronically filed a true and exact copy of "***Defendants Harrison County Board of Education and Dora Stutler's Reply in Support of Their Motion to Dismiss (First Amended Complaint)***" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

| | |
|---|---|
| **Andrew D. Barr**<br>COOLEY<br>Suite 2300<br>1144 15th Street<br>Denver, CO 80202<br>    *Counsel for Plaintiff* | **Joshua A. Block**<br>AMERICAN CIVIL LIBERTIES UNION<br>Floor 18<br>125 Broad Street<br>New York, NY 10004<br>    *Counsel for Plaintiff* |

13086838

**Tara L. Borelli**
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND
158 West Ponce De Leon Avenue, Suite 105
Decatur, GA 30030
*Counsel for Plaintiff*

**Carl Solomon Charles**
LAMBDA LEGAL
Suite 640
730 Peachtree Street, NE
Atlanta, GA 30308
*Counsel for Plaintiff*

**Kathleen R Hartnett**
COOLEY
5th Floor
101 California Street
San Francisco, CA 94111
*Counsel for Plaintiff*

**Katelyn Kang**
COOLEY
55 Hudson Yards
New York, NY 10001
*Counsel for Plaintiff*

**Elizabeth Reinhardt**
COOLEY
500 Boylston Street
Boston, MA 02116
*Counsel for Plaintiff*

**Avatara Antoinette Smith-Carrington**
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND
Suite 500
3500 Oak Lawn Avenue
Dallas, TX 75219
*Counsel for Plaintiff*

**Loree Beth Stark**
AMERICAN CIVIL LIBERTIES UNION OF
WEST VIRGINIA
Suite 507
405 Capitol Street
Charleston, WV 25301
914-393-4614
*Counsel for Plaintiff*

**Julie Veroff**
COOLEY
5th Floor
101 California Street
San Francisco, CA 94111
*Counsel for Plaintiff*

**Sruti J. Swaminathan**
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND
19th Floor
120 Wall Street
New York, NY 10005
*Counsel for Plaintiff*

**Aria Vaughan**
DEPARTMENT OF JUSTICE
4CON, 10th Floor
950 Pennsylvania Avenue NW
Washington, DC 20530
*Counsel for Interest Party USA*

**Douglas P. Buffington, II**
WV ATTORNEY GENERAL'S OFFICE
Building 1, Room 26e
1900 Kanawha Boulevard, East
Charleston, WV 25305
*Counsel for Intervenor State of W. Va.*

**Curtis R. Capehart**
WV ATTORNEY GENERAL'S OFFICE
Building 1, Room 26e
1900 Kanawha Boulevard, East
Charleston, WV 25305
*Counsel for Intervenor State of W. Va.*

13086838

| | |
|---|---|
| **Jessica Anne Lee**<br>WEST VIRGINIA ATTORNEY GENERAL'S OFFICE<br>Building 1, Room E-26<br>1900 Kanawha Boulevard, East<br>Charleston, WV 25305<br>*Counsel for Intervenor State of W. Va.* | **Fred B. Westfall , Jr.**<br>UNITED STATES ATTORNEY'S OFFICE<br>P. O. Box 1713<br>Charleston, WV 25326-1713<br>*Counsel for Interest Party USA* |
| **Jennifer M. Mankins**<br>U. S. ATTORNEY'S OFFICE<br>P. O. Box 1713<br>Charleston, WV 26326-1713<br>*Counsel for Interest Party USA* | **Kelly C. Morgan**<br>**Kristen Vickers Hammond**<br>**Michael W. Taylor**<br>BAILEY & WYANT<br>P. O. Box 3710<br>Charleston, WV 25337-3710<br>*Counsel for Defendant WVSBE* |
| **Roberta F. Green**<br>**Anthony E. Nortz**<br>**Kimberly M. Bandy**<br>SHUMAN MCCUSKEY & SLICER<br>P. O. Box 3953<br>Charleston, WV 25339<br>*Counsel for Defendant WVSSAC* | **David C. Tryon**<br>West Virginia Attorney General's Office<br>1900 Kanawha Blvd., E.<br>Bldg. 1, Room 26E<br>Charleston, WV 25305 |
| **Taylor Brown**<br>American Civil Liberties Union<br>125 Broad Street., 18th Floor<br>New York, NY 10004 | |

STEPTOE & JOHNSON PLLC
    OF COUNSEL

*/s/ Susan L. Deniker*
Susan L. Deniker    (WV ID #7992)
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000

*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

13086838