IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br>                      *Plaintiff*,<br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA,<br>                      *Defendants*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S SURREPLY IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Defendants West Virginia Secondary School Activities Commission ("School Activities Commission") and Harrison County Board of Education ("County Board") (collectively, "Defendants") each raised a new argument for the first time in their reply brief supporting their motion to dismiss. Specifically, the County Board argues for the first time that it is not a proper party under Title IX because no County Board "official has authority to institute any corrective measures that may be necessary."[1] (Dkt. 85 at 4). And the School Activities Commission argues for the first time that it is not a proper party for B.P.J.'s Equal Protection claim because it is not a state actor. (Dkt. 83 at 9–14). Because neither Defendant raised these arguments in their initial

---

[1] The County Board and Superintendent Stutler's reply memorandum argues only that the County Board cannot be liable to B.P.J. under Title IX, not that Superintendent Stutler cannot be liable. (Dkt. 85 at 2). As such, our argument here pertains to the County Board.

1

brief, the arguments are waived, and this Court should not consider them. If the Court nonetheless proceeds to consider these new arguments, the arguments should be rejected as meritless.

As an initial matter, the County Board and the School Activities Commission fail to provide any reason or justification for not having raised their new reply arguments in their initial briefs supporting their motions to dismiss. Thus, these arguments are waived. *See Blaney v. Ballard*, 2014 WL 1276502, at *26 (S.D. W.Va. Mar. 27, 2014) (Goodwin, C.J.) (holding that because defendant "failed to raise these issues in [his] initial briefs, they are considered waived"); *see also Moseley v. Branker*, 550 F.3d 312, 325 n.7 (4th Cir. 2008) ("As a general rule, arguments not specifically raised and addressed in opening brief, but raised for the first time in reply, are deemed waived."); *Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 736, 745 n.4 (S.D. W.Va. 2014) ("[A]n argument raised for the first time in a reply brief or memorandum will not be considered").[2] The Court therefore should not consider Defendants' new arguments or any "evidence" submitted in connection with the waived arguments.

Although Defendants' waiver is dispositive, the new arguments also are wrong on the law and thus fail on the merits.

***First,*** the County Board incorrectly argues that it is not liable under Title IX because it lacks the ability to undertake "corrective measures" to remedy B.P.J.'s harm, given that H.B. 3293 governs its actions. This argument ignores a fundamental legal principle of our federated system: the supremacy of federal law. Pursuant to the Supremacy Clause, when there is a conflict between state and federal law, the state statute is preempted by federal law. *See Cox v. Shalala*, 112 F.3d

---

[2] The School Activities Commission's statement in a footnote in its initial brief that it "does not waive any other factual or legal defenses to the First Amended Complaint" is insufficient to preclude application of the longstanding principle that arguments not raised in opening briefs are waived. *Cf. Finch v. Weigh Down Workshop Ministries, Inc.*, 2019 WL 1243729, at *4 (E.D. Va. Mar. 18, 2019) (holding conclusory claim in a footnote that a defense is not waived is insufficient).

151, 154 (4th Cir. 1997). It is undisputed that the County Board, as an institution that receives federal funding, is required to comply with Title IX, a federal law. *Alston v. Va. High Sch. League, Inc.*, 144 F. Supp. 2d 526, 530 (W.D. Va. 1999). Pursuant to the Supremacy Clause, then, the County Board *can* take corrective action to remedy the harm H.B. 3293 causes B.P.J.—namely, the County Board can comply with its obligations under Title IX rather than its obligations under H.B. 3293, an illegal state law. *See, e.g.*, *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., UAW v. Johnson Controls, Inc.*, 499 U.S. 187, 209 (1991) ("When it is impossible for an employer to comply with both state and federal requirements, this Court has ruled that federal law pre-empts that of the States."); *Yellow Springs Exempted Vill. Sch. Dist. Bd. of Ed. v. Ohio High Sch. Athletic Ass'n*, 647 F.2d 651, 658 (6th Cir. 1981) (affirming an injunction against enforcement of a state regulation barring coeducational sports teams in a lawsuit brought by a school district against its own state board of education and state athletics association alleging that the rule violated Title IX). That the County Board has instead chosen to enforce and defend H.B. 3293 until otherwise ordered by a court does not allow it to escape liability under Title IX. Because the County Board "has authority to address the alleged discrimination and to institute corrective measures" (Dkt. 85 at 4), the County Board can be liable to B.P.J. under Title IX.

*Second*, the School Activities Commission's argument that it is not a state actor because it does not receive federal funding and has some parochial school members lacks merit. (Dkt. 83 at 9–14). The Supreme Court of West Virginia has twice addressed the merits of equal protection challenges against the School Activities Commission, both times treating the Commission as a state actor. *See Jones v. W. Va. State Bd. of Ed. et al.*, 218 W. Va. 52, 58 (2005) ("Here, there is no question that the equal protection claim involves state action"); *Israel by Israel v. W. Va. Secondary Sch. Activities Comm'n*, 182 W. Va. 454, 458 & n.4 (1989). As that court explained in

*Israel*, "[e]very court that has considered the question whether associations like the [School Activities Commission] are state actors have found that those organizations are so intertwined with the state that their acts constitute state action." *Id.* (collecting cases).

The School Activities Commission is "so intertwined with the state that [its] acts constitute state action." *Id.* State law authorizes the School Activities Commission to control, supervise, and regulate interscholastic athletic events alongside county boards. (*See* Dkt. 80 at 13 & n.6). Bridgeport Middle School, a public, federally funded school, has agreed to "delegate the control, supervision, and regulation of the interscholastic athletic . . . activities" to the Commission and adhere to the Commission's policies and procedures governing interscholastic athletics. (*Id.* at 13). Accordingly, the School Activities Commission has "controlling authority" over Bridgeport Middle School's athletic program, a fact it does not dispute, (*id.* at 13 & n.7; *see* Dkt. 71 at 2), and it plays a role in B.P.J.'s eligibility to participate on the girls' sports team at Bridgeport Middle School (*see* Dkt. 71 at 9 (stating that the School Activities Commission will maintain the student-athlete rosters for the cross-country and track teams)). For these reasons, the School Activities Commission is a state actor here. *Communities for Equity v. Mich. High Sch. Athletic Ass'n*, 80 F. Supp. 2d 729, 739 (W.D. Mich. 2000) (discussing the "state compulsion" and "symbiotic relationship or nexus"[3] tests as applied to a school athletic association).

That the School Activities Commission does not itself receive federal funds and has some unidentified number of parochial school members does not change the conclusion that it is a state

---

[3] The state compulsion test "examines the extent to which the party seeking to establish state action can prove that the state so coerced or encouraged a private entity to act in a given way that the entity's action must be regarded as the choice of the state." *Communities for Equity*, 80 F. Supp. 2d at 739. "Under the symbiotic relationship or nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id*. (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).

actor for purposes of B.P.J.'s equal protection claim.  In *Communities for Equity*, the court held that the Michigan High School Athletic Association was a state actor even though it was "neither a direct nor indirect recipient of federal funds" and more than 100 of its roughly 730 members were private schools.  80 F. Supp. 2d at 732, 740 n.4.  What mattered to the court's analysis was that the power of interscholastic athletics had been delegated to the commission (through the local school boards), and that the commission had "a unique and close relationship" with the state as evidenced by the commission:  being "made up of primarily public schools"; having public officials, including school employees, on its board[4]; "exercis[ing] tremendous influence and control over the rules and policies that regulate interscholastic athletics"; and having "binding . . . rules and policies" on member schools.  *Id.* at 739–40; *see also Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 299–303 (2001) (holding association's regulatory activity may and should be treated as state action owing to the pervasive entwinement of state school officials in the structure of the association).  The School Activities Commission has precisely these characteristics, confirming that it is a state actor.

The School Activities Commission does not cite a single case holding that a similar commission is not a state actor.  Because its actions plainly constitute state action, the School Activities Commission is a proper defendant for B.P.J.'s equal protection claim.

## CONCLUSION

The Court should not consider the new, waived arguments raised for the first time on reply by the County Board or School Activities Commission.  But in any event, those new arguments lack merit; both parties are proper defendants to this action.  For the foregoing reasons, and those in Plaintiff's opposition briefing, Defendants' Motions to Dismiss should be denied.

---

[4] *See* WVSSAC Board of Directors, https://www.wvssac.org/wvssac-board-directors/.

Dated: August 27, 2021

Joshua Block*
Taylor Brown*
Chase Strangio*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30
Phone: (404) 897-1880
ccharles@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO  80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully submitted,

/s/ Loree Stark

Loree Stark (Bar No. 12936)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org

Kathleen Hartnett*
Julie Veroff*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com

Katelyn Kang*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>     *Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA,<br><br>     *Defendants*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

## CERTIFICATE OF SERVICE

I, Loree Stark, do hereby certify that on this 27th day of August, 2021, I electronically filed a true and exact copy of ***Plaintiff's Surreply in Opposition to Defendants' Motions to Dismiss*** with the Clerk of Court and all parties using the CM/ECF System.

                */s/ Loree Stark*
                West Virginia Bar No. 12936