**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**B.P.J., by her next friend and mother,**
**HEATHER JACKSON,**

     *Plaintiff*,

     **vs.**

**WEST VIRGINIA STATE BOARD OF**
**EDUCATION;**
**HARRISON COUNTY BOARD**
**OF EDUCATION;**
**WEST VIRGINIA SECONDARY SCHOOL**
**ACTIVITIES COMMISSION;**
**W. CLAYTON BURCH in his official capacity**
**as State Superintendent;**
**DORA STUTLER in her official capacity as**
**Harrison County Superintendent; PATRICK**
**MORRISEY in his official capacity as**
**Attorney General; and THE STATE OF**
**WEST VIRGINIA,**

     *Defendants*.

                            **Civil Action No. 2:21-cv-00316**
                            **Hon. Joseph R. Goodwin**

**THE STATE OF WEST VIRGINIA'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO STRIKE JURY DEMAND**

     The State of West Virginia, by its Attorney General (the "State"), through undersigned

counsel, submits its Response In Opposition to Plaintiff's Motion to Strike Jury Demand (ECF

No. 81).  The State respectfully requests that the Court deny Plaintiff's motion because the State

maintains a Seventh Amendment right to a jury trial in this case based on the Title IX claim, the

42 U.S.C. § 1983 claim, the demand for declaratory relief, and Plaintiff's demand for "such other

and further relief as the Court deems just and proper," (ECF No. 64, p. 24), under which Plaintiff

"may seek money damages." *Liberty Nat'l Ins. Holding Co. v. The Charter Co.*, 734 F.2d 545, 560 n.31 (11th Cir. 1984).

## BACKGROUND

On May 26, 2021, Plaintiff filed a 106-paragraph complaint seeking an order declaring that West Virginia Code § 18–2–25d is invalid under Title IX (Count I) and the Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983 (Count II), for nominal damages, as well as for "such other and further relief as the Court deems just and proper." (ECF No. 1, p. 22). Plaintiff named as defendants the West Virginia State Board of Education ("State Board"), the Harrison County Board of Education ("County Board"), the West Virginia Secondary School Activities Commission ("WVSSAC"), W. Clayton Burch, in his official capacity as State Superintendent, and Dora Stutler, in her official capacity as Harrison County Superintendent. *Id.*

On June 17, 2021, the State moved to intervene to defend the constitutionality of its laws, specifically noting the challenges thereto vis-à-vis Title IX (Count I) and the Equal Protection Clause via 42 U.S.C. § 1983 (Count II). (ECF No. 40). On July 18, 2021, the Court granted the State's request to intervene. (ECF No. 44). On July 2, 2021, the State filed its answer to the Complaint, asserting its constitutional right to a jury trial. (ECF No. 61). Thereafter, Plaintiff filed an amended complaint affirmatively naming the State and its Attorney General as defendants. (ECF No. 64). In the First Amended Complaint, Plaintiff alleged the State and its Attorney General violated Title IX. *Id.* ¶¶ 88–99. Plaintiff now contends that the only claim against the State is based on Title IX, not on 42 U.S.C. § 1983. (ECF No. 81 at 1). But the State's motion to intervene and the Court's granting of that motion did not so restrict the State's involvement to any particular challenge. To the contrary, the State's granted motion sought intervention to defend the

2

constitutionality of its laws against all challenges in this matter, and the Amended Complaint cannot limit that scope of the Court's order allowing this.[1]

On July 30, 2021 the State answered the full Amended Complaint, including both counts, and again asserted its constitutional right to a jury trial.  (ECF No. 78).  Only after the State's second jury demand did Plaintiff file the present motion to strike.

## ARGUMENT

As a matter of blackletter law, "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate."  Fed. R. Civ. P. 38(a).  Rule 38 requires a party who desires a jury trial—on some or all factual issues—to file a written demand with the court and serve it on the parties.  Fed. R. Civ. P. 38(b).  The State has fulfilled this obligation by way of asserting a jury demand in its answer to Plaintiff's Complaint and, again, in its Answer to Plaintiff's First Amended Complaint (ECF Nos. 61, 78). On that basis, this case must be tried to a jury unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."  Fed. R. Civ. P. 39(a)(2).

### I.    The State has a Constitutional Right to a Jury Trial.

Under the circumstances of this case, the State has a constitutional right to a jury trial under the Seventh Amendment.  The Supreme Court has long recognized that the Seventh Amendment right to a jury trial is "a vital and cherished right," *City of Morgantown v. Royal Ins. Co.*, 337 U.S. 254, 258 (1949), and any "curtailment of [that right] should be scrutinized with the utmost care." *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935).  To determine whether a party has a right to a jury

---

[1] To the extent that the Court views the Amended Complaint as controlling over its order allowing the State's intervention for the entire Complaint, the State will promptly file a renewed Motion to Intervene as to the entire Amended Complaint.

trial, courts engage in a two-prong analysis. *Tull v. United States*, 481 U.S. 412, 417-418 (1987). First, courts compare the nature of the action to the late "18th century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.*  Second, courts "examine the remedy sought" to "determine whether the remedy is legal or equitable in nature." *Id.*

In practice, Title IX cases involve jury trials.  *See Mercer v. Duke Univ.,* 401 F.3d 199, 207 (4th Cir. 2005); *Littleton v. Bd. of Educ. of Cty. of Ohio*, 172 F.3d 43 (4th Cir. 1999); *Preston v. Com. of Va. ex rel. New River Cmty. Coll.*, 31 F.3d 203, 204 (4th Cir. 1994).  The critical factor in this treatment is, as indicated above, that the claim must include a claim for relief at law, i.e. a claim for damages.  As discussed below, a claim for nominal damages is not limited to one dollar and a claim "for such other and further relief as the Court deems just and proper" includes damages, which are available under Title IX as explained below.

It is settled law that a party is entitled to a jury trial to resolve claims under § 1983:  "We hold that a § 1983 suit seeking legal relief is an action at law within the meaning of the Seventh Amendment."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709, (1999); *see also id*. at 727 (Scalia, J. concurring).

Plaintiff's Motion to Strike omits any consideration of the foregoing and suggests that, since the Amended Complaint focuses on declaratory and injunctive relief, it seeks only equitable relief and therefore there is no legal claim or relief in play.  This over-simplifies Plaintiff's request for relief, though.  Considering the second factor of the *Tull* analysis in this case, Plaintiff seeks legal remedies *beyond* mere equitable relief—including (1) a declaration that West Virginia Code § 18-2-25d "violates Plaintiff's rights" under federal law and (2) "such other and further relief as the Court deems just and proper" (ECF No. 64, at 23–24).  The Seventh Amendment preserves the right to a jury trial in federal courts of facts in all "suits of common law" where the amount in

controversy exceeds twenty dollars.  U.S. Const. amend. VII.  The Supreme Court has stated that "[s]uits at common law'" refers to "suits in which legal rights [are] to be ascertained and determined." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447 (1830); quotation marks omitted).

Federal procedural law governs the question of whether there is a right to a jury trial for a claim for declaratory judgment.  *Simler v. Conner*, 372 U.S. 221, 222 (1963) (per curiam).  A litigant is not deprived of a jury trial merely because it is a party to a declaratory judgment action. *Id*. at 223.  Although the declaratory judgment procedure largely originated in equity, declaratory relief *per se* is neither legal nor equitable.  The fact that a declaratory judgment is sought neither restricts nor enlarges any right to a jury trial that would exist if the issue were to arise in a more traditional kind of action for affirmative relief.  *Id*.  To determine whether there is a right to a jury trial in a declaratory judgment action, it is necessary first to determine the nature of the action in which the issue would have arisen absent the declaratory judgment procedure.  *See In re Lockheed Martin Corp.*, 503 F.3d 351, 355 (4th Cir. 2007).  Here, absent a declaratory judgment avenue, Plaintiff would have been limited to seeking monetary damages and injunctive relief under the causes of action invoked (Title IX and §1983/Equal Protection).

Because this action will resolve "legal rights," and Plaintiff seeks "other and further relief"—beyond mere equitable relief, which as a matter of law can encompass monetary damages—Plaintiff's motion must be denied.  *See id*. at 564.  The Seventh Amendment preserves to litigants the right to jury trial not merely in common law suits, but also in suits in which legal rights are to be ascertained and determined.  *Ross v. Bernhard*, 396 U.S. 531 (1970) ("The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action."); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962) (holding if a claim for equitable

relief and a claim for legal relief will require determination of common facts, the factual issues underlying the legal claim must first be determined by a jury prior to any determination of the equitable claims by the court).

Further, the Supreme Court in *Dairy Queen* recognized the immateriality of cases which assert stronger equitable rather than legal claims. The Supreme Court found that it is "immaterial that the case at bar contains a stronger basis for equitable relief." *Id*. at 473 n.8 (quoting *Thermo–Stitch, Inc. v. Chemi–Cord Processing Corp.,* 294 F.2d 486, 491 (5th Cir.1961)). The Court continued by stating that "[i]t would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable. *As long as any legal cause is involved the jury rights it creates control.*" *Dairy Queen,* 369 U.S. at 473 n.8 (quoting *Thermo–Stitch,* 294 F.2d at 491 (emphasis added).

Here, the very nature of Plaintiff's cause of action against the State is to ascertain and determine the legality of West Virginia Code § 18–2–25d. *See Chauffeurs, Teamsters & Helpers, Local No. 391* at 564. It is well-established that the State has a "manifest legal interest in defending the constitutionality of [West Virginia's] laws." *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006). Both federal and state law recognize a State's manifest interest. *See Mobile Oil Corp. v. Att'y Gen. of Va.*, 940 F.2d 73, 76-77 (4th Cir. 1991). Even if the Court is inclined to find that Plaintiff's equitable remedies *clearly outweigh* her legal ones, precedent establishes that this lacks conclusive bearing on this Court's Seventh Amendment analysis. *See Dairy Queen,* at 473 n.8. Moreover, "if [a] legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact. The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." *Curtis v. Loether,* 415 U.S. 189, 196 n.11 (1974).

Finally, Plaintiff asserts there is no constitutional right to a jury trial unless the amount in controversy exceeds twenty dollars.  Plaintiff overstates footnote 7 in *Burt v. Abel*, 585 F.2d 613, 616 (4th Cir. 1978).  The footnote assumed that nominal damages could not exceed one dollar in that case, stating: "If plaintiff's allegations on remand entitle him to no more than nominal damages, the seventh amendment will not be applicable because of an insufficient amount in controversy."  *Id.*  But, in 2009, the Fourth Circuit affirmed an award of nominal damages of $100.00.  *W. Insulation, LP v. Moore*, 316 F. App'x 291, 294 (4th Cir. 2009).  Other cases suggest that "typically" nominal damages are one dollar and that they could be another "small sum."[2] Contrary to Plaintiff's assertion, *Carey v. Piphus*, 435 U.S. 247 (1978), does not mandate that in any case nominal damages may not exceed one dollar.

What is more, Plaintiff has made a total of seven demands for relief.  Plaintiff's catch-all demand for "such other and further relief as the Court deems just and proper" alone is sufficient to deny Plaintiff's motion given the prospect that Plaintiff may yet seek money damages in this action.  The "plaintiff is 'the master of the complaint.'" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831 (2002), and Plaintiff chose to include this demand in its complaint.  This additional demand encompasses all available relief.  The Fourth Circuit has held that "such other and further relief as the Court deems just" is sufficient to include a request for damages – nominal damages in that case – even though not requested in the complaint.  *Minnesota Laws. Mut. Ins. Co. v. Batzli*, 442 F. App'x 40, 52 (4th Cir. 2011); *see also Liberty National Ins. Holding Co. v. The Charter Co.*, 734 F.2d 545, 560 n.31 (11th Cir. 1984) (a plaintiff "*may seek*

---

[2] *See, e.g.*, *Price v. City of Charlotte, N.C.,* 93 F.3d 1241, 1250 (4th Cir. 1996); *see also Okoli v. Balt.*, 582 F. App'x 142, 143 (4th Cir. 2014) (rejecting a jury award of nominal damages of $60,000 in light of the district court's "clear instructions that a nominal damages was an award of only one dollar*, or other small sum.*" (emphasis added)).

*money damages* under its prayer for 'such other and further relief as this Court may deem just and proper.'"); *Yniguez v. State,* 975 F.2d 646, 647 n. 1 (9th Cir.1992)(per curiam)(same).  In another case, the Fourth Circuit found that, even though the counter-claimant's prayer for relief requested only the plaintiff's profits (but not the counter-claimant's actual damages),  the additional prayer for "such other and further relief as this Court may deem just and proper" was an adequate prayer to support an award of the counter-claimants' actual damages.  *Belk, Inc. v. Meyer Corp., U.S.,* 679 F.3d 146, 168 (4th Cir. 2012), as amended (May 9, 2012).  The Fourth Circuit recognizes this clause as a meaningful request for actual damages, beyond those otherwise explicitly requested in a complaint.

While these "general prayers" for relief are often ignored, the Supreme Court has long recognized that such a broad request "will enable the court to make such a decree as the complainant may show himself entitled to, upon the facts set forth in the stating part of the bill." *Tayloe v. Merchants' Fire Ins. Co.,* 50 U.S. 390, 406 (1850).  This continues to be the law and has, in fact, been effectively contemplated in the Federal Rules of Civil Procedure:

> **Demand for Judgment; Relief to Be Granted.** A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. *Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.*

Fed. R. Civ. P. 54(c)(emphasis added).

And there is no question that "a damages remedy is available for an action brought to enforce Title IX." *Franklin v. Gwinnett Cty. Pub. Sch.,* 503 U.S. 60, 76 (1992).  In addition, "there are no damages caps on the judicially implied private cause of action under Title IX." *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.,* 526 U.S. 629, 680 (1999).  Damages are also available under 42 U.S.C. § 1983. *Price v. City of Charlotte, N.C.,* 93 F.3d 1241 (4th Cir. 1996).

8

There is simply no question that Plaintiff's Amended Complaint seeks relief which could easily exceed $20.  The Seventh Amendment's inviolate protection of a jury trial applies here.

**CONCLUSION**

Therefore, for the foregoing reasons, this Court should find on the side of the Seventh Amendment and deny Plaintiff's Motion to Strike.

**Respectfully submitted,**

**THE STATE OF WEST VIRGINIA,**

**PATRICK MORRISEY**
**ATTORNEY GENERAL OF WEST VIRGINIA**

/s/      Curtis R. A. Capehart
Douglas P. Buffington, II (WV Bar # 8157)
   *Chief Deputy Attorney General*
Curtis R. A. Capehart (WV Bar # 9876)
   *Deputy Attorney General*
David C. Tryon (visiting attorney)
   *Special Assistant to the Attorney General*
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Email: Curtis.R.A.Capehart@wvago.gov
Telephone: (304) 558-2021
Facsimile: (304) 558-0140