IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,
    Plaintiff,

v.                                                                                  Civil Action No. 2:21-cv-00316
                                                                            Honorable Joseph R. Goodwin, Judge

WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK MORRISEY
In his official capacity as Attorney General, and THE
STATE OF WEST VIRGINIA,
    Defendants.

**WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

        Now comes West Virginia Secondary School Activities Commission (WVSSAC), by counsel, Roberta F. Green, Anthony E. Nortz, Kimberly M. Bandy and Shuman McCuskey Slicer PLLC, and responds in opposition to "Plaintiff's Motion for Leave to File Surreply[1] in Opposition to Defendants' Motion to Dismiss" (ECF No. 87) (Motion for Leave), as follows.

        Plaintiff's Motion for Leave alleges that WVSSAC raised new arguments for the first time on reply, specifically alleging that "[t]he School Activities Commission argued for the first time on reply that it is not liable under the Equal Protection Clause because it is not a state actor. (Dkt. 83, at 9–13)."[2] However, what Plaintiff fails to understand or convey is that Plaintiff herself raised the 'state

---

[1] On information and belief, WVSSAC asserts that Plaintiff's supplemental filing would be a 'surresponse.' However, WVSSAC has adopted Plaintiff's terminology and refers to the filing as 'surreply' herein.
[2] Motion for Leave at 2.

actor' issue for the first time in this motions practice in her "Memorandum in Opposition to Defendants' Motion to Dismiss First Amended Complaint" (ECF 80) (Consolidated Response). Specifically, in her Consolidated Response, Plaintiff asserted that "Defendants do not contest they are governmental actors," which is an inaccurate overstatement. As demonstrated in WVSSAC's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 70) and Memorandum in Support (ECF No. 71), WVSSAC believes that dismissal is necessary and proper at this time on grounds unrelated to whether it is or is not a state actor. WVSSAC has sought dismissal *inter alia* on the bases including that WVSSAC is not the impediment nor the means to the relief Plaintiff seeks. Plaintiff still has identified no enforcement action that WVSSAC has taken or is slated to take relative to H.B. 3293. Plaintiff still attempts to sidestep her admissions against interest that WVSSAC's regulations and forms are gender and therefore transgender neutral, which she cited in reliance on the precise regulations and forms as placed before this Court. Plaintiff has ignored and even in her Proposed Surreply continues to ignore the basic rules of statutory construction in relying on the broad statement of possible authority rather than the Commission's precise, particularized regulations that apply to Plaintiff here.

The fact that Plaintiff assumes without providing a scintilla of proof that WVSSAC is federally funded and a state actor, none of which has been addressed, let alone proven, before this Court or, on information and belief, any other is a diversion and inaccuracy that WVSSAC attempted to clarify and nullify in "West Virginia Secondary School Activities Commission's Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint" (ECF No. 83) (WVSSAC Reply). It was an assumption that was unsupported by discovery or case law, and now it has diverted this process yet again.

As of the Consolidated Response, WVSSAC had not challenged any potential assumption that it is a governmental actor for the reason that dismissal in this instance is appropriate whether WVSSAC

finally is or is not a 'state actor.' WVSSAC has never been adjudicated a 'state actor' and is meaningfully different from the organizations who have been, as cited by Plaintiff in the Consolidated Response and the Motion for Leave. The first time in motions practice that 'state actor' liability was raised against WVSSAC was in the Consolidated Response. WVSSAC refuted Plaintiff's unsupported assumptions, keeping its reply within the scope of the response, as is proper.[3]

In her Consolidated Response, Plaintiff further asserts without preamble or analysis as follows:

> The School Activities Commission is a state actor under the Fourteenth Amendment. *See Israel by Israel v. W. Va. Secondary Sch. Activities Comm'n*, 182 W. Va. 454, 458 n.4 (1989) ("Every court that has considered the question whether associations like the [Secondary School Activities Commission] are state actors have found that these organizations are so intertwined with the state that their acts constitute state action."); *accord Jones*, 218 W. Va. at 58 (concluding that, in suit against School Activities Commission, "there is no question that the equal protection claim involves state action"); *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (determining that a state interscholastic athletic association's actions qualify as "state action" under the Fourteenth Amendment).[4]

Plaintiff has incorrectly surmised that, because WVSSAC has not raised 'state actor' as a grounds for dismissal in this matter to date, then WVSSAC concedes it is a state actor. That is not the case, and Plaintiff's assertions in the Consolidated Response, made without predicate or factual support, mandated that WVSSAC refute that suggestion before it took on the essence of 'fact.'

In her Motion for Leave at Plaintiff's Surreply in Opposition to Defendants' Motions to Dismiss (ECF No. 87-1) (Proposed Surreply), Plaintiff takes further unsupported positions, including that "[t]he School Activities Commission does not cite a single case holding that a similar commission is not a state actor."[5] Conversely, WVSSAC identified both the *Israel* and *Jones* cases, neither of

---

[3] *See, e.g.,* Fed. R. App. P. Rule 27 Motions, providing in pertinent part that "A reply must not present matters that do not relate to the response."
[4] Consolidated Response (ECF No. 87) at 18-19.
[5] Motion for Leave at "Plaintiff's Surreply in Opposition to Defendants' Motions to Dismiss" (ECF No. 87-1) (Proposed Surreply) at 5.

which analyzes WVSSAC under the state actor rubric and neither of which holds that WVSSAC is a 'state actor,' stating as follows:

> Plaintiff asserts that WVSSAC, first, has been adjudged to be a state actor in *Israel v. West Virginia Secondary Schools Activities Commission,* 182 W. Va. 454, 388 S.E.2d 480 (1989), and *Jones v. West Virginia State Board of Educ. et al.,* 218 W. Va. 52, 622 S.E.2d 289 (2005). However, neither *Israel* nor *Jones* specifically addresses the issue of whether WVSSAC is a state actor for purposes of Equal Protection claims or otherwise. The *Jones* Court considers whether the *plaintiff's claims* sound in Equal Protection so as to mandate a finding of 'state action or actor,' and the *Israel* Court cites organizations in other jurisdictions without ever undertaking any analysis whatsoever of WVSSAC under the 'state actor' rubric. It would be an overstatement to assert that the West Virginia Supreme Court has considered and decided these issues.[6]

It will not have escaped the Court's attention that if the West Virginia Supreme Court of Appeals had analyzed WVSSAC under such a rubric, in either *Jones* or *Israel* or otherwise, and had found it to be a state actor, Plaintiff would be quoting that analysis in her brief. Conversely, the Supreme Court of Appeals of West Virginia has expressly found that WVSSAC is not a state agency on the basis that it has been a voluntary association since 1916 (and was not created nor empowered by the Legislature); it is not funded by public moneys; and not all public or private schools in West Virginia have elected to belong.[7] To clarify, WVSSAC has never been adjudicated to be a state actor, so WVSSAC replied to Plaintiff's assertions by advising the Court of the same.

In its Reply, WVSSAC placed Plaintiff and the Court on notice that WVSSAC is differently situated, not only in its funding and in its inclusion of parochial schools, but also *inter alia* in its involvement of organizations and activities across state lines, in its identity as an 'activities' commission (versus an athletics commission), and in its policies at issue here, which Plaintiff has identified -- and does not refute – as neutral. WVSSAC maintains its position that

---

[6] West Virginia Secondary School Activities Commission's Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint (ECF 83) at 3, citing Consolidated Response at 18; *Jones,* 218 W. Va. at 57, 622 S.E.2d at 294; *Israel,* 182 W. Va. at 458 n.4, 388 S.E.2d at 484 n.4.
[7] Syl. pt. 2, 3, *Mayo v. WVSSAC,* 233 W. Va. 88, 96, 872 S.E.2d 224, 232 (2008).

dismissal is the necessary and proper outcome regardless of the 'state actor' rubric, given all of the other bases set out in WVSSAC's Motion to Dismiss. WVSSAC stands behind its Reply that identified the fallacies and assumptions appearing in the Consolidated Response for the first time. And WVSSAC maintained the scope of its Reply within the scope of the Response.

In a nutshell, it was Plaintiff in her Consolidated Response that introduced for the first time the issue of state actor and thereby misstated the facts and the law as WVSSAC sees them. Therefore, in its Reply, WVSSAC clarified the law and facts, staying all the while within the scope of the Response. Plaintiff opened the door to the topic, and, in the process, made assumptions and cited legal conclusions unsupported by the record, the law, the facts. WVSSAC walked through that opened door in an effort to correct the record, clarify the issues, reassert its position on briefs in this matter.

For all of the reasons set forth herein, WVSSAC opposes Plaintiff's Motion for Leave and asks this Court to stop the dispositive motions practice with West Virginia Secondary School Activities Commission's Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint (ECF 83). In the alternative, should the Court grant Plaintiff's Motion for Leave, WVSSAC stands ready to address these issues further, should additional information and pleading assist the Court in this process.

WVSSAC renews its previously filed "West Virginia Secondary School Activities Commission's Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint" (ECF No. 81) as if set forth in its entirety herein and stands ready to address additional issues or these issues further, should the Court elect to proceed to additional motions practice. Until that time, WVSSAC renews its position that, where there are no actions of WVSSAC that could lead to an assessment of liability for damages or attorney's fees against WVSSAC, and no actions of

WVSSAC that could provide the relief sought by the Plaintiff, WVSSAC should be dismissed as a matter of law.

              **WEST VIRGINIA SECONDARY SCHOOL**
              **ACTIVITIES COMMISSION,**
              **By Counsel.**

*/S/ Roberta F. Green*
_____
Roberta F. Green (WVSB #6598)
Anthony E. Nortz (WVSB #12944)
Kimberly M. Bandy (WVSB #10081)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street East, Suite 200 (25301
Charleston, WV 25339
(304) 345-1400
(304) 343-1826 FAX
rgreen@shumanlaw.com
anortz@shumanlaw.com
kbandy@shumanlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**B.P.J., by her next friend and mother,
HEATHER JACKSON,**
    **Plaintiff,**

**v.**                                     **Civil Action No. 2:21-cv-00316
Honorable Joseph R. Goodwin, Judge**

**WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK MORRISEY
In his official capacity as Attorney General, and THE
STATE OF WEST VIRGINIA,**
    **Defendants.**

## **CERTIFICATE OF SERVICE**

I hereby certify that I, Roberta F. Green, have this day, the 30th day of August, 2021, served a true and exact copy of ***"West Virginia Secondary School Activities Commission's Response In Opposition To Plaintiff's Motion For Leave To File Surreply"*** with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Loree Stark | Kathleen R. Hartnett |
| ACLU of WV FOUNDATION | Julie Veroff |
| P.O. Box 3952 | COOLEY LLP |
| Charleston, WV 25339-3952 | 101 California St., 5th Floor |
| lstark@acluwv.org | San Francisco, CA 94111-5800 |
| | khartnett@cooley.com |
| | |
| Katelyn Kang | Elizabeth Reinhardt |
| COOLEY LLP | COOLEY LLP |
| 55 Hudson Yards | 500 Boylston St., 14th Floor |
| New York, NY 10001-2157 | Boston, MA 02116-3736 |
| kkang@cooley.com | ereinhardt@cooley.com |

Andrew Barr
COOLEY LLP
1144 15th St., Suite 2300
Denver, CO  80202-5686
abarr@cooley.com

Joshua Block
Chase Strangio
ACLU FOUNDATION
125 Broad Street
New York, NY  10004
jblock@aclu.org

Sruti Swaminathan
LAMBDA LEGAL
120 Wall St., 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org

Kelly C. Morgan
BAILEY & WYANT, PLLC
500 Virginia St., East, Suite 600
Charleston, WV  25301
kmorgan@baileywyant.com

Douglas P. Buffington, II
Curtis R.A. Capehart
Jessica A. Lee
State Capitol Complex
Building 1, Room E-26
Charleston, WV  25305-0220
Curtis.R.A.Capehart@wvago.gov

Taylor Brown
American Civil Liberties Union
125 Broad St., 18th Fl.
New York, NY  10004
tbrown@aclu.org

Avatara Smith-Carrington
LAMBDA LEGAL
3500 Oak Lawn Ave., Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org

Carl Charles
LAMBDA LEGAL
730 Peachtree Steet NE., Suite 640
Atlanta, GA  30308-1210
ccharles@lambdalegal.org

Susan Llewellyn Deniker
STEPTOE and JOHNSON, LLC
400 White Oaks Boulevard
Bridgeport, WV  26330
susan.deniker@steptoe-johnson.com

Tara Borelli
LAMBDA LEGAL
158 West Ponce De Leon Avenue, Suite 105
Decatur, GA  30030

David C. Tryon
West Virginia Atty. General's Office
1900 Kanawha Blvd., E.
Bldg. 1, Rm 26E
Charleston, WV  25305
David.C.Tryon@wvago.gov

*/S/ Roberta F. Green*

_____
Roberta F. Green, Esquire (WVSB #6598)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street E., Suite 200 (25301)
Charleston, West Virginia
Phone: (304) 345-1400; Fax: (304) 343-1826
*Counsel for Defendant WVSSAC*