IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br>                                *Plaintiff*, <br><br>      v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA, <br>                                *Defendants*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

## B.P.J.'S REPLY IN SUPPORT OF MOTION
## TO STRIKE JURY DEMAND [Dkt. 81]

H.B. 3293 is an unconstitutional law that discriminates against women and girls who are transgender.  For this very reason, this Court has already recognized that B.P.J. is likely to succeed on both her Title IX and Equal Protection Claims.  (Dkt. 67.)  In so doing, this Court identified the relief B.P.J. seeks in the lawsuit:  "B.P.J. seeks a declaratory judgment that Section 18-2-25d of the West Virginia Code violates Title IX and the Equal Protection Clause; an injunction preventing Defendants from enforcing the law against her; a waiver of the requirement of a surety bond for preliminary injunctive relief; nominal damages; and reasonable attorneys' fees."  (Dkt. 67 at 4; *see also* Dkt. 64, Prayer for Relief ¶¶ A-G.)  B.P.J. does not seek money damages and, instead, simply wants to be protected from this law and allowed to "participate in school athletics in the same way as her girl classmates."  (Dkt. 67 at 15.)  That's it.

Nevertheless, the State now contends that B.P.J. has covertly asked for money damages

1

such that a jury trial is warranted.  The State's misguided contention is premised on three arguments:  (1)  B.P.J. could theoretically be asking for a nominal damages award of more than $1 because one idiosyncratic Fourth Circuit case awarded $100 in nominal damages; (2) B.P.J. asked for "such other and further relief as the Court deems just and proper," (Dkt. 64, Prayer for Relief ¶ G), a phrase that according to the State could be interpreted to include damages; and (3) B.P.J.'s request for declaratory relief sounds more in law than equity such that it triggers a Seventh Amendment right to a jury.  These arguments, individually and collectively, fail.

First, even the State acknowledges that "'typically' nominal damages are one dollar." (Dkt. 88 at 7.)  And such is the case here.  B.P.J. is simply seeking the standard $1 in nominal damages that is recognized under Supreme Court and Fourth Circuit precedent.  See e.g., Carey v. Piphus, 435 U.S. 247, 267 (1978); Burt v. Abel, 585 F.2d 613, 616 n.7 (4th Cir. 1978) (if plaintiff's claims "entitle h[er] to no more than nominal damages, the seventh amendment will not be applicable because of an insufficient amount in controversy").  To the extent any confusion was created by B.P.J.'s request for nominal damages, she hereby clarifies that she only seeks $1 in nominal damages.[1]  With this clarification, even the State must concede that B.P.J.'s claim for nominal damages is insufficient to trigger a right to a jury trial under the Seventh Amendment. (Dkt. 88 at 4–5); see Wigg v. Sioux Falls Sch. Dist. 49-5, 274 F. Supp. 2d 1084, 1094 (D.S.D. 2003) ("Therefore, the Plaintiff is not entitled to a jury trial in this matter because if she prevails, her nominal damages award will be $1.00, which does not exceed the twenty dollar threshold required by the Seventh Amendment.") (affirmed in part, reversed in part on other grounds).  B.P.J. is not aware of, and the State failed to point to, any cases where a request for the standard nominal

---

[1] A plaintiff can clarify the amount of damages she seeks outside of formal pleadings, including in briefing addressing whether a Seventh Amendment jury right is triggered.  See, e.g., Doe v. Barrow Cty., Ga., No. No. 2:03-CV-156, 2005 WL 6033020, at *3 (N.D. Ga. Mar. 3, 2005).

damages amount of $1 was sufficient to trigger a right to a jury trial. Instead, cases routinely find just the opposite. *See, e.g.*, *Robinson v. Larson*, No. 3:13CV387, 2018 WL 6028819, at *2 (N.D. Fla. Oct. 17, 2018), report and recommendation adopted, No. 3:13CV387, 2018 WL 6025854 (N.D. Fla. Nov. 16, 2018) (compiling cases finding that nominal damages of $1 do not confer a right to a jury trial).

*Second*, and similarly, B.P.J.'s request for "further relief as the Court deems just and proper" does not transform this equitable case into a legal one. B.P.J. has disavowed legal remedies by expressly not including a request for money damages in her Complaint. The mere possibility that legal damages would be available for other cases brought under Title IX or 42 U.S.C. § 1983 does not change the basic fact that B.P.J. does not seek damages here. *See Barton v. Constellium Rolled Prods.-Ravenswood, LLC*, No. 2:13-cv-03127, 2014 WL 3696646, at *3 (S.D.W. Va. July 23, 2014) (Goodwin, J.) ("The constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings.") (internal citation omitted); *Hernandez v. Cnty. of Monterey*, 306 F.R.D. 279, 292–93 (N.D. Cal. 2015) (finding possibility of damages under the cause of action insufficient when the plaintiff did not seek damages in her complaint); *Hugueley v. Parker*, No. 3:19-cv-00598, 2021 WL 780724, at *4 (M.D. Tenn. Mar. 1, 2021) (noting that plaintiff can disavow damages to avoid a jury trial).

Supporting this common sense approach to determining what damages are at issue in any given case, a district court found no right to a jury trial where "the complaint sought declaratory and injunctive relief but also demanded nominal damages, costs and attorney fees, and 'such other and further relief to which plaintiff may be entitled.'" *Id.* at *4 (citing *Phelps-Roper v. Nixon*, No. 06-4156, 2010 WL 11618547, at *1–2 (W.D. Mo. May 28, 2010)). For good reason: the right to a jury trial is only present if the plaintiff seeks at least $20 in damages. The State recognizes that

B.P.J. is the "master" of her Complaint, (Dkt. 88 at 7), and as the "master" she expressly determined *not* to seek money damages beyond the $1 in nominal damages discussed *supra*. Courts have regularly found that the right to a jury trial is not implicated by a request for "further relief as the Court deems just and proper" in a case that otherwise does not satisfy the Seventh Amendment's $20 threshold. *See Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1161 (10th Cir. 1998) (finding generic request for additional relief insufficient to trigger Seventh Amendment jury trial); *Spicuzza v. Ace Hardware Corp.*, No. C 82-1, 1986 WL 20578, at *3 (N.D. Ohio Jan. 15, 1986) (finding the argument that such a generic prayer for relief sought legal remedies "to be without merit and legal support"). Such is the case here.

*Third*, to the extent the State argues that B.P.J.'s request for declaratory relief triggers a jury trial, that also fails. The Declaratory Judgment Act "*preserves* the right to jury trial for both parties," but does not *create* a right to a jury trial. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959) (emphasis added). The State accordingly recognizes that "the fact that a declaratory judgment is sought neither restricts nor enlarges any right to a jury trial that would exist if the issue were to arise in a more traditional kind of action for affirmative relief." (Dkt. 88 at 5.) But then it claims that "absent a declaratory judgment avenue, Plaintiff would have been limited to seeking monetary damages *and* injunctive relief under the causes of action invoked (Title IX and §1983/Equal Protection)." (Dkt. 88 at 5 (emphasis added).) Not so. B.P.J. could have pursued money damages *or* injunctive relief—there is nothing requiring her to pursue money damages in connection with a Title IX, § 1983, or any other claim. And indeed she opted to pursue equitable relief, not money damages, in this action. This is dispositive as it shows that B.P.J., as the "master" of her complaint, did not transform this equitable suit into a legal one by adding a request for declaratory relief. *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299

4

F.3d 643, 649 (7th Cir. 2002) ("[C]asting one's suit in the form of a suit for a declaratory judgment, or adding a claim for a declaratory judgment . . . does not create a right to a jury trial.").

At bottom, B.P.J. seeks equitable relief, nominal damages of $1, costs, expenses, and attorneys' fees.  (Dkt. 64, Prayer for Relief ¶¶ A-G.)  None of these provide the State (or any Defendant) with the right to a jury trial.  This Court should strike the State's jury demand.

Dated: September 3, 2021                    Respectfully submitted,

                                            /s/ Loree Stark

Joshua Block*                               Loree Stark (Bar No. 12936)
Taylor Brown*                               AMERICAN CIVIL LIBERTIES UNION OF
Chase Strangio*                             WEST VIRGINIA FOUNDATION
AMERICAN CIVIL LIBERTIES UNION FOUNDATION   P.O. Box 3952
125 Broad St.                               Charleston, WV 25339-3952
New York, NY 10004                          Phone: (914) 393-4614
Phone: (212) 549-2569                       lstark@acluwv.org
jblock@aclu.org

Avatara Smith-Carrington*                   Kathleen Hartnett*
LAMBDA LEGAL                                Julie Veroff*
3500 Oak Lawn Avenue, Suite 500             COOLEY LLP
Dallas, TX 75219                            3 Embarcadero Center, 20th Floor
Phone: (214) 219-8585                       San Francisco, CA 94111
asmithcarrington@lambdalegal.org            Phone: (415) 693-2000
                                            khartnett@cooley.com

Carl Charles*                               Katelyn Kang*
Tara Borelli*                               COOLEY LLP
LAMBDA LEGAL                                55 Hudson Yards
158 West Ponce De Leon Ave., Ste. 105       New York, NY 10001-2157
Decatur, GA 30                              Phone: (212) 479-6000
Phone: (404) 897-1880                       kkang@cooley.com
ccharles@lambdalegal.org

Sruti Swaminathan*                          Elizabeth Reinhardt*
LAMBDA LEGAL                                COOLEY LLP
120 Wall Street, 19th Floor                 500 Boylston Street, 14th Floor
New York, NY 10005                          Boston, MA 02116-3736
Phone: (212) 809-8585                       Phone: (617) 937-2305
sswaminathan@lambdalegal.org                ereinhardt@cooley.com

Andrew Barr*                                *Visiting Attorneys
COOLEY LLP
1144 15th St. Suite 2300                    Attorneys for Plaintiff
Denver, CO  80202-5686
Phone: (720) 566-4000
abarr@cooley.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J. by her next friend and mother, HEATHER
JACKSON,

*Plaintiff*,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent, DORA
STUTLER in her official capacity as Harrison
County Superintendent, PATRICK MORRISEY in
his official capacity as Attorney General, and THE
STATE OF WEST VIRGINIA,

*Defendants*.

Civil Action No. 2:21-cv-00316

Hon. Joseph R. Goodwin

## CERTIFICATE OF SERVICE

I, Loree Stark, do hereby certify that on this 3rd day of September, 2021, I electronically

filed a true and exact copy of ***Reply in Support of Plaintiff's Motion to Strike Jury Demand*** with

the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
West Virginia Bar No. 12936

7