# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| B.P.J, by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA<br><br>*Defendants.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin<br><br>Jury Trial Demanded |

**INTERVENOR'S PROPOSED ANSWER TO FIRST AMENDED COMPLAINT**

Under Federal Rule of Civil Procedure 24(c), Intervenor-Defendant submits the following answer and affirmative defenses to Plaintiff's First Amended Complaint. Intervenor denies any allegation that is not expressly admitted below.

1. To the extent Plaintiff asserts that B.P.J. is a biological female, Intervenor denies this allegation. Intervenor lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 1, so they are denied.

2. Intervenor admits that West Virginia's legislature passed H.B. 3293 in April 2021 and is codified at W. Va. Code § 18-2-25d. To the extent Plaintiff characterizes H.B. 3293, Intervenor states that the law speaks for itself. Intervenor denies the remaining allegations in paragraph 2.

3. Intervenor denies the allegations in paragraph 3.

4. Intervenor denies the allegations in paragraph 4.

1

5. Intervenor admits that B.P.J. seeks declaratory and injunctive relief from this Court. Intervenor denies the remaining allegations in paragraph 5.

6. To the extent Plaintiff asserts that B.P.J. is a biological female, Intervenor denies this allegation. Intervenor admits that B.P.J. purports to bring this suit by and through Heather Jackson. Intervenor lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 6, so they are denied.

7. Plaintiff cites statutes and case law that speak for themselves. Intervenor lacks sufficient knowledge and information to admit or deny the allegations in paragraph 7, so they are denied.

8. Plaintiff cites statutes and case law that speak for themselves. Intervenor lacks sufficient knowledge and information to admit or deny the allegations in paragraph 8, so they are denied.

9. Plaintiff cites statutes that speak for themselves. Intervenor lacks sufficient knowledge or information to admit or deny that the Harrison County Board of Education has delegated control of Bridgeport Middle School's athletics to the School Activities Commission, so this allegation is denied. Intervenor admits the remaining allegations in paragraph 9.

10. Plaintiff cites a statute that speaks for itself. Intervenor lacks sufficient knowledge or information to admit or deny that Clayton Burch "executes his official duties in Wood County," so this allegation is denied. Intervenor admits the remaining allegations in paragraph 10.

11. Plaintiff cites a statute that speaks for itself. Intervenor lacks sufficient knowledge or information to admit or deny that Dora Stutler's responsibilities include "interscholastic athletics," so this allegation is denied. Intervenor admits the remaining allegations in paragraph 11.

12. Plaintiff cites a statute that speaks for itself. Intervenor lacks sufficient knowledge or information to admit or deny that the Attorney General is charged

with enforcing H.B. 3293, so this allegation is denied. Intervenor admits the remaining allegations in paragraph 12.

13. Plaintiff cites a statute that speaks for itself. Intervenor lacks sufficient knowledge or information to admit or deny that "West Virginia oversees and operates the West Virginia State Board of Education," so this allegation is denied. Intervenor admits the remaining allegations in paragraph 13.

14. Intervenor admits the allegations in paragraph 14.

15. Intervenor denies the allegations in paragraph 15.

16. Intervenor admits that the Southern District of West Virginia, Charleston Division, is a proper venue for this case because the State Board of Education resides in this District and Division. Intervenor lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 16, so they are denied.

17. Intervenor admits that this Court has general authority to enter declaratory judgments and to provide injunctive relief but denies that such relief is proper in this case.

18. Intervenor denies that Plaintiff's rights under the United States Constitution and laws of the United States have been denied and admits the remaining allegations in paragraph 18.

19. Intervenor admits that a person's sex is manifest in "distinct biological characteristics" such as genetics, reproductive organs, hormones, and secondary sex characteristics. Intervenor denies that gender identity is a biological attribute and denies any remaining allegations in paragraph 19.

20. Intervenor denies the allegations in paragraph 20.

21. Intervenor denies the allegations in paragraph 21.

22. Intervenor admits that a person is born male or female and that sex is often recognized at birth in part based on a visual assessment of genitalia.

Intervenor lacks sufficient knowledge or information to admit or deny "[m]ost people are cisgender," so this allegation is denied.

23. Intervenor denies the allegations in paragraph 23.

24. Intervenor denies that paragraph 24 accurately states the contents of the DSM-V.

25. Intervenor denies the allegations in paragraph 25.

26. Intervenor denies the allegations in paragraph 26.

27. Intervenor denies the allegations in paragraph 27.

28. Intervenor admits that puberty-blocking drugs can interfere with puberty and can limit the influence of endogenous hormones on the body. Intervenor lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 28, so they are denied.

29. Intervenor admits that puberty-blocking drugs can interfere with puberty and can delay or inhibit physical development that would otherwise occur. Intervenor denies that puberty blockers help mitigate gender dysphoria and denies any remaining allegations in paragraph 29.

30. To the extent Plaintiff asserts that B.P.J. is a biological female, Intervenor denies this allegation. Intervenor lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 30, so they are denied.

31. To the extent Plaintiff asserts that B.P.J. is a biological female, Intervenor denies this allegation. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 31, so they are denied.

32. To the extent Plaintiff asserts that B.P.J. is a biological female, Intervenor denies this allegation. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 32, so they are denied.

33. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 33, so they are denied.

34. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 34, so they are denied.

35. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 35, so they are denied.

36. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 36, so they are denied.

37. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 37, so they are denied.

38. Intervenor admits that athletics provide benefits to children and young adults. Intervenor lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 38, so they are denied.

39. Intervenor denies the allegations in paragraph 39.

40. Intervenor admits that circulating testosterone levels in boys and girls can diverge significantly starting at puberty. Intervenor denies the remaining allegations in paragraph 40.

41. Intervenor denies the allegations in paragraph 41.

42. Intervenor admits that the NCAA, World Athletics, and the International Olympics Committee permit biological males to compete in women's sport events in certain circumstances. Intervenor denies the remaining allegations in paragraph 42.

43. Plaintiff cites to portions of the West Virginia administrative code that speak for themselves. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 43, so they are denied.

44. Intervenor denies the allegations in paragraph 44.

45. Intervenor admits that Delegate Caleb Hanna helped sponsor H.B. 3293 in the West Virginia House of Delegates. Intervenor denies the remaining allegations in Paragraph 45.

46. Intervenor denies the allegations in paragraph 46.

47. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 47, so they are denied.

48. Plaintiff cites an earlier version of H.B. 3293 that speaks for itself. Paragraph 48 calls for a legal conclusion to which no response is required.

49. Plaintiff cites an earlier version of H.B. 3293 that speaks for itself. Paragraph 49 calls for a legal conclusion to which no response is required.

50. Plaintiff cites an earlier version of H.B. 3293 that speaks for itself. Paragraph 50 calls for a legal conclusion to which no response is required.

51. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 51, so they are denied.

52. Intervenor admits that on March 18, 2021, the Education Committee held a hearing on H.B. 3293. Intervenor lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 52, so they are denied.

53. Intervenor admits that on March 18, 2021, the Education Committee passed H.B. 3292 to the Judiciary Committee. The public record speaks for itself. Intervenor lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 53, so they are denied.

54. Intervenor admits that H.B. 3293 passed out of the Judiciary Committee, as amended, on March 18, 2021. Intervenor lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 54, so they are denied.

55. Intervenor admits that the West Virginia Delegates debated H.B. 3293 on March 23, 2021. Intervenor lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 55, so they are denied.

56. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 56, so they are denied.

57. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 57, so they are denied.

58. Intervenor admits the allegations in Paragraph 58.

59. Intervenor admits that on April 1, 2021, the Education Committee considered H.B. 3293. Intervenor admits that the Committee later passed an amended version of H.B. 3293. Intervenor lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 59, so they are denied.

60. Intervenor admits that on April 8, 2021, the Senate debated H.B. 3293. Intervenor lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 58, so they are denied.

61. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 61, so they are denied.

62. Intervenor admits the allegations in paragraph 62.

63. Intervenor admits the allegations in paragraph 63.

64. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 64, so they are denied.

65. Intervenor admits the allegations in paragraph 65.

66. Intervenor denies the allegations in paragraph 66.

67. Intervenor admits that paragraph 67 accurately reproduces language in part from West Virginia Code § 18-2-25d(a)(4). Intervenor denies the remaining allegations in paragraph 67.

68. Intervenor denies that paragraph 68 accurately states the content of West Virginia Code § 18-2-25d(c).

69. Intervenor admits the allegations in paragraph 69.

70. Intervenor admits that paragraph 70 accurately states the definition of biological sex contained in H.B. 3293. Intervenor admits that biological males cannot show that they are girls whether they identify as male or female.

71. Intervenor admits the allegations in paragraph 71 accurately quote in part from H.B. 3293.

72. Intervenor admits that H.B. 3293 "delegates authority to other bodies to establish rules and regulations." Intervenor denies the remaining allegations in paragraph 72.

73. Intervenor lacks sufficient knowledge or information to admit or deny what the School Activities Commission requires students to disclose, so these allegations are denied. Intervenor denies the remaining allegations in paragraph 73.

74. Intervenor denies the allegations in paragraph 74.

75. Intervenor denies the allegations in paragraph 75.

76. Intervenor denies the allegations in paragraph 76.

77. Intervenor states that Paragraph 77 calls for a legal conclusion and the statute speaks for itself.

78. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 78, so they are denied.

79. Intervenor denies the allegations in paragraph 79.

80. Intervenor admits that track and cross-country involve "competitive skill." Intervenor lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 80, so they are denied.

81. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 81, so they are denied.

82. To the extent Plaintiff asserts that B.P.J. is a biological female, Intervenor denies this allegation. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 82, so they are denied.

83. Intervenor denies that H.B. 3293 bars B.P.J. from participating in sports. Intervenor lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 83, so they are denied.

84. Intervenor denies the allegations in paragraph 84.

85. Intervenor denies the allegations in paragraph 85.

86. Intervenor denies the allegations in paragraph 86.

87. Intervenor denies the allegations in paragraph 87.

88. Paragraph 88 merely incorporates allegations to which Intervenor has already responded, so it does not require a response here.

89. Intervenor admits the allegations in paragraph 89.

90. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 90, so they are denied.

91. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 91 and they are therefore denied.

92. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 92 and they are therefore denied.

93. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 93 and they are therefore denied.

94. Intervenor denies the allegations in paragraph 94.

95. Intervenor admits the first sentence in paragraph 95 and denies the second sentence because in some circumstances compliance with Title IX may require the separation of sports teams by sex.

96. Intervenor denies the allegations in paragraph 96.

97. Intervenor denies the allegations in paragraph 97.

98. Intervenor denies the allegations in paragraph 98.

99. Intervenor denies the allegations in paragraph 99.

100. The first sentence of paragraph 100 merely incorporates Plaintiff's allegations to which Intervenor has already responded, so it does not require a response here.

101. Intervenor admits the allegations in paragraph 101.

102. Intervenor lacks sufficient knowledge or information to admit or deny the allegations in paragraph 102, so they are denied.

103. Intervenor denies the allegations in paragraph 103.

104. Intervenor denies the allegations in paragraph 104.

105. Intervenor denies the allegations in paragraph 105.

106. Intervenor denies the allegations in paragraph 106.

107. Intervenor denies the allegations in paragraph 107.

108. Intervenor denies the allegations in paragraph 108.

109. Intervenor denies the allegations in paragraph 109.

110. Intervenor denies the allegations in paragraph 110.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Intervenor denies that H.B. 3293 violates any of Plaintiff's rights. Intervenor also denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to bring the asserted claims.
2. Plaintiff lacks standing to seek relief beyond Plaintiff.
3. Plaintiff has failed to join indispensable parties.
4. Plaintiff's claims are unripe.
5. No government action occurred in relation to Plaintiff's claims against W. Va. Code § 18-2-25d.
6. Plaintiff fails to state a claim upon which relief can be granted.
7. Plaintiff is not entitled to attorney fees and/or costs under 42 U.S.C. § 1988.

8. Plaintiff fails to state any cause of action for which attorney fees and costs are recoverable.

9. The First Amended Complaint is barred, in whole or part, because the relief sought exceeds that authorized by law.

10. Plaintiff's claims are barred to the extent the First Amended Complaint seeks damages in excess of the caps on damages under applicable law.

11. The requested relief would violate Intervenor's rights under Title IX, 20 U.S.C. § 1681, et seq. and its interpreting regulations.

12. Intervenor is entitled to all defenses available under federal and state constitutional, statutory, and decisional law including but not limited to any and all affirmative defenses listed in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure.

13. Intervenor reserves the right to identify additional affirmative defenses based on information obtained during discovery.

### PRAYER FOR RELIEF

Wherefore, Defendant-Intervenor ask this Court to dismiss the Complaint with prejudice.

### JURY DEMAND

Defendant-Intervenor demands trial by jury on all issues triable by jury.

Respectfully submitted this 10th day of September, 2021.

/s/ *Brandon S. Steele*
Brandon Steele, WVBar No. 12423
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com

Jonathan Scruggs, AZ Bar No. 030505*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@adflegal.org

Christiana Holcomb, DC Bar No. 176922*
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
cholcomb@adflegal.org

Timothy D. Ducar, AZ Bar No. 015307*
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ 85260
(480) 502-2119
(480) 452-0900 Fax
tducar@azlawyers.com

*Statement of Visiting Attorneys forthcoming*

*Attorneys for Proposed Intervenor*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| B.P.J, by her next friend and mother, HEATHER JACKSON *Plaintiff,* v. WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA *Defendants.* | Case No. 2:21-cv-00316 Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Brandon Steele, hereby certify that on September 10, 2021, I electronically filed a true and exact copy of ***Intervenor's Proposed Answer to First Amended Complaint*** with the Clerk of Court and all parties using the CM/ECF system.

*/s/ Brandon S. Steele*
Brandon Steele, WV Bar No. 12423
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com

*Attorney for Proposed Intervenor*

13