IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B.P.J., by her next friend and mother,
HEATHER JACKSON,**

    *Plaintiff*,

    vs.

**WEST VIRGINIA STATE BOARD OF
EDUCATION; HARRISON COUNTY BOARD
OF EDUCATION; WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION; W. CLAYTON BURCH in his
official capacity as State Superintendent; and,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,**

    *Defendants*.

        **Civil Action No. 2:21-cv-00316
        Hon. Joseph R. Goodwin**

## JOINT MOTION FOR ENTRY OF A
## <u>PARTICULARIZED PROTECTIVE ORDER</u>

NOW COME the parties herein, by counsel, and, pursuant to Federal Rules of Civil Procedure 26(c) and Local Rules of Procedure Rule 26.4(b) move this Honorable Court for entry of the attached proposed Protective Order on the basis that discovery in this case involves Plaintiff's medical, counseling and school records which likely contain information protected by federal law. As described below, the proposed Protective Order has modest modifications from the Court's standard form protective order tailored to the circumstances of this case.

Federal Rule of Civil Procedure Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(a). A protective order prohibiting the parties seeking discovery from "publishing, disseminating, or using the information in any way except where necessary to prepare for and try the case" does not offend the First Amendment "where . . . entered

on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 32 (1984).

The parties anticipated at the beginning of the discovery process in this matter that the medical and school records of the Plaintiff may be subject to discovery in this case and that such records should be subject to a protective order because they are likely protected under federal law and in order to protect Plaintiff's privacy and/or to avoid any improper or unnecessary embarrassment. *See, e.g.,* Family Educational Rights & Privacy Act (FERPA), 20 U.S.C. § 1232g; Protection of Pupil Rights Amendment, 34 CFR Part 99; Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 CFR Parts 160, 164. Because the privacy of Plaintiff's educational, mental health, and medical records are protected by federal law, protection of the same in this litigation would advance the interests of federal law and would shield Plaintiff from embarrassment, thus satisfying the requirements of the Federal Rules and the First Amendment.

There is also good cause to allow the modest modifications from the Court's standard form protective order in this case. In preparing the proposed Protective Order, the parties began with the Court's standard form set forth on the website and made modifications to tailor it to the specific circumstances of this case. First, the parties made modest modifications to the provisions regarding who may view documents under the Protective Order and in what manner. One modification would afford Plaintiff and Defendants the same rights as counsel under the proposed Protective Order. Because many of the records potentially subject to the protective order in this case are Plaintiff's own medical and educational records, the parties deemed it appropriate to grant Plaintiff access to these records. On grounds of reciprocity, the parties deemed it appropriate to allow Defendants the same. The parties also made modifications to address the practical impacts of the quick pace with which discovery is taking place in this case by allowing Plaintiff and

Defendants' professional staff to access and process Confidential documents at the same level as counsel.  Furthermore, given the still-pending status of the Proposed-Intervenor in this case, the parties clarified that the preferred form's usage of the term "consultant" did not include Proposed-Intervenor, and, as such, Proposed-Intervenor could not view Confidential documents unless Proposed-Intervenor is formally added as a party.

Second, the parties made modifications to address the practical impact of the Defendants' insurance coverage.  Defendants are represented by counsel whose retention is accomplished in whole or in part through insurance coverage.  *See, e.g.,* Defendant West Virginia Secondary School Activities Commission's Initial Disclosures (10.4.21) (ECF 101).  The proposed protective order would allow counsel to report to the clients and to the insurer.  However, Defendants' insurer is governed by both West Virginia and Pennsylvania regulations relative to document retention, whether those documents are actual records or reports of counsel relative to same.  West Virginia C.S.R. § 114-15-4.2(b) defines the required period of claim file retention for an insurance company:

> b. All insurer records within the scope of this rule must be retained for the lessor of:
>    1. The current calendar year plus five (5) calendar years;
>    2. From the closing date of the period of review for the most recent examination by the commissioner; or
>    3. A period otherwise specified by statute as the examination cycle for the insurer.

Further, Defendants' insurance company was organized under the laws of the State of Pennsylvania. Pursuant to 41 Pa.B 5849, then, insurance companies are required to maintain each claim file for seven (7) years after that claim file is closed.  The parties further proposed an alternative procedure whereby Defendants' insurance carriers could retain a copy of the confidential information protected subject to a continuing duty and obligation to maintain the confidentiality of the confidential information, including storing it in a sealed or restricted manner that only allows access to the confidential information to the attorneys, staff, and/or claims

3

personnel responsible for this Civil Action (or their successors). Also included in that alternative plan was that the confidential information would not be used for any other purpose or in any other proceeding unless prior written approval is obtained from Plaintiff, or as otherwise permitted by this Protective Order, or by further order of this Court. Because of the logical realities of litigation and provision of a defense, the parties seek leave to revise the form Protective Order to allow for inclusion of the insurers.

WHEREFORE, for all of the reasons set forth herein, the parties seek leave of Court to enter the attached proposed protective order, which has modest modifications tailored to the circumstances of this case.

| Respectfully submitted: | Agreed to by counsel: |
|---|---|
| **THE STATE OF WEST VIRGINIA** | |
| | */s/ Katelyn Kang (per consent)* |
| **PATRICK MORRISEY,** | Katelyn Kang |
| **ATTORNEY GENERAL** | Cooley LLP |
| | 55 Hudson Yards |
| */s/ Curtis R. A. Capehart* | New York, NY 10001-2157 |
| Curtis R. A. Capehart (WV Bar # 9876) | kkang@cooley.com |
| *Deputy Attorney General* | |
| Douglas P. Buffington, II (WV Bar # 8157) | *Counsel for Plaintiff* |
| *Chief Deputy Attorney General* | |
| David C. Tryon (visiting attorney)* | |
| *Special Assistant* | |
| State Capitol Complex | */s/ Roberta F. Green(per consent)* |
| Building 1, Room E-26 | Roberta F. Green |
| Charleston, WV 25305-0220 | Shuman McCuskey & Slicer PLLC |
| Curtis.R.A.Capehart@wvago.gov | P.O. Box 3953 |
| Telephone: (304) 558-2021 | Charleston, WV 25339-3953 |
| Facsimile: (304) 558-0140 | rgreen@shumanlaw.com |
| *Counsel for Defendant, STATE OF WEST VIRGINIA* | *Counsel for Defendant, West Virginia Secondary School Activities Commission* |

*Admitted in Ohio. Practicing under the supervision of West Virginia attorneys.

4

5

>*/s/ Susan L. Deniker (per consent)*
>Susan L. Deniker
>Steptoe & Johnson PLLC
>400 White Oaks Boulevard
>Bridgeport, WV 26330
>susan.deniker@steptoe-johnson.com
>
>>*Counsel for Defendants, Harrison County Board of Education and Dora Stutler*
>
>*/s/ Kelly C. Morgan (per consent)*
>Kelly C. Morgan
>Michael W. Taylor
>Kristen V. Hammond
>Bailey & Wyant, PLLC
>500 Virginia Street East, Suite 600
>P.O. Box 3710
>Charleston, WV 25337-3710
>kmorgan@baileywyant.com
>mtaylor@baileywyant.com
>khammond@baileywyant.com
>
>>*Counsel for Defendants, West Virginia State Board of Education and W. Clayton Burch*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**B.P.J., by her next friend and mother,**
**HEATHER JACKSON,**

    *Plaintiff*,

    vs.

**WEST VIRGINIA STATE BOARD OF**
**EDUCATION; HARRISON COUNTY BOARD**
**OF EDUCATION; WEST VIRGINIA**
**SECONDARY SCHOOL ACTIVITIES**
**COMMISSION; W. CLAYTON BURCH in his**
official capacity as State Superintendent; and,
**DORA STUTLER in her official capacity as**
Harrison County Superintendent, **PATRICK**
**MORRISEY in his official capacity as Attorney**
General, and **THE STATE OF WEST VIRGINIA,**

    *Defendants*.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, the *Joint Motion for Entry of A Particularized Protective Order* was served on all counsel of record via the CM/ECF system.

                                             */s/ Curtis R. A. Capehart*
                                             Curtis R. A. Capehart
                                             *Deputy Attorney General*