IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

B. P. J., et al.,

            Plaintiffs,

v.                                 CIVIL ACTION NO.  2:21-cv-00316

WEST VIRGINIA STATE BOARD OF EDUCATION, et al.,

            Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are three motions to dismiss Plaintiff's First Amended Complaint, filed by Defendant West Virginia Secondary School Activities Commission [ECF No. 70], Defendants Harrison County Board of Education and Dora Stutler [ECF No. 72], and Defendants West Virginia Board of Education and Superintendent W. Clayton Burch [ECF No. 74]. For the following reasons, the motions to dismiss are **DENIED**.

## I.  PRELIMINARY MATTER

Before turning to the merits of the case, I will first address the Court's use of pronouns going forward. I note from the outset that I have consistently used female pronouns to refer to B.P.J. in my opinions. Courts hearing cases involving transgender litigants have long used language respecting the gender identity used by the litigants. *See, e.g., Farmer v. Haas*, 990 F.2d 319, 320 (7th Cir. 1993) ("[T]he defendants say 'he,' but Farmer prefers the female pronoun and we shall respect her preference."); *Farmer v. Circuit Court of Maryland for Baltimore Cty.*, 31 F.3d 219,

220 n.1 (4th Cir. 1994) ("This opinion, in accord with Farmer's preference, will use feminine pronouns."); *Murray v. U.S. Bureau of Prisons*, 106 F.3d 401 n.1 (6th Cir. 1997) ("Murray uses the feminine pronoun to refer to herself. Although the government in its brief used the masculine pronoun, for purposes of this opinion we will follow Murray's usage."); *Schwenk v. Hartford*, 204 F.3d 1187, 1192 (9th Cir. 2000) ("In using the feminine rather than the masculine designation when referring to Schwenk, we follow the convention of other judicial decisions involving male-to-female transsexuals which refer to the transsexual individual by the female pronoun."); *Cuoco v. Moritsugu*, 222 F.3d 99, 103 n.1 (2d Cir. 2000) ("We . . . refer to the plaintiff using female pronouns" because "[s]he [is] a preoperative male to female transsexual."); *Smith v. Rasmussen*, 249 F.3d 755, 757 (8th Cir. 2001) ("As did the parties during the proceedings in the district court, we will refer to Smith, in accordance with his preference, by using masculine pronouns."); *Kosilek v. Spencer*, 740 F.3d 733, 737 (1st Cir. 2014) ("We will refer to Kosilek as her preferred gender of female, using feminine pronouns."); *Pinson v. Warden Allenwood USP*, 711 F. App'x 79, 80 (3d Cir. 2018) ("Because Pinson has referred to herself using feminine pronouns throughout this litigation, we will follow her example.").

That being said, it will be necessary in this case to differentiate between males and females, as assigned at birth, without regard to their gender identity. The Court, therefore, adopts the following framework for the language it will use in its opinions going forward:

When referring to a person's sex assigned at birth, I will use the term "biological male" and "biological female." A person who was assigned male at birth but identifies as female I will refer to as a transgender girl or a transgender woman.

2

A person who was assigned female at birth but identifies as male I will refer to as a transgender boy or a transgender man. A person who was assigned female at birth and identifies as female is a cisgender woman or girl. A person who was assigned male at birth and identifies as male is a cisgender man or boy. I will use the pronouns associated with a person's gender identity. In doing so, I am not expressing any opinion, political, judicial, or otherwise about any issue in this case. I will not order any litigant to use the language that I use.

## II. BACKGROUND

On April 28, 2021, the State of West Virginia passed H.B. 3293, known as the "Protect Women's Sports Act." W. Va. Code § 18-2-25d. ("H.B. 3293" or "the Act"). The Act requires that any sports team sponsored by a public secondary school or higher education institution be expressly designated as a male, female, or coed team. § 18-2-25d(c)(1). Teams designated as "female" are not open to males, while teams designated as "male" are open to either sex. § 18-2-25d(c)(2). The act defines "male" and "female" as a person's "biological sex determined at birth." § 18-2-25d(b)(3).

B.P.J. is an eleven-year-old transgender girl. The complaint alleges that B.P.J. has been "living authentically as the girl she is" since the end of her third grade school year. [ECF No. 64, at ¶¶ 31–32]. She enjoys sports and has competed on girls' sports teams throughout elementary school. [ECF No. 64, at ¶¶31, 36]. Going into middle school, the complaint alleges that she anticipated trying out for girls' sports teams. [*Id.* at ¶ 34]. H.B. 3293 would prevent her from doing so because her sex assigned at birth is male.

B.P.J. has brought suit asserting that H.B. 3293 violates her rights under Title IX and the Equal Protection Clause. Count I of B.P.J.'s First Amended Complaint, against the State of West Virginia, the State Board of Education, the Harrison County Board of Education, and the West Virginia Secondary School Activities Commission ("WVSSAC"), alleges that the law violates Title IX of the Education Amendments of 1972 (20 U.S.C. § 1618 *et seq.*) [*Id.* at ¶¶ 88–99]. Count II, against State Superintendent W. Clayton Burch, Harrison County Superintendent Dora Stutler, and the WVSSAC, alleges that the law violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. [*Id.* at ¶¶ 100–110].[1] All named defendants, except the State of West Virginia, have filed motions to dismiss. The motions to dismiss are filed pursuant to Federal Rules of Civil Procedure 12(b)(1)—lack of subject matter jurisdiction—and 12(b)(6)—failure to state a claim upon which relief can be granted. I will first consider the court's subject matter jurisdiction and then consider whether the plaintiff has adequately stated a claim under both Title IX and the Equal Protection Clause.

## III.   SUBJECT MATTER JURISDICTION

The West Virginia Board of Education and Superintendent Clayton Burch (collectively, the "State Board Defendants") have moved to dismiss the complaint for lack of subject matter jurisdiction. They argue first that Plaintiff lacks standing because the State Board Defendants did not cause her injuries, and second that

---

[1] Both claims named Patrick Morrisey in his official capacity as the Attorney General of West Virginia, but Mr. Morrisey is no longer a defendant because the court has granted the Joint Motion to Dismiss Equal Protection Claim Against Defendant Patrick Morrisey in his Official Capacity as Attorney General of the State of West Virginia. [ECF No. 127].

Plaintiff's claims are not ripe for judicial consideration because the law has not been enforced against her.

The WVSSAC similarly challenges B.P.J.'s standing and the ripeness of her claims. WVSSAC argues that because it has no mandate to enforce the law against B.P.J., it is an improper party. The Harrison County Board of Education and Harrison County Superintendent Dora Stutler (collectively, the "County Board Defendants") argue that their actions are not the cause of B.P.J.'s harm and that they have not and will not enforce the law against her. Though their arguments are clothed in 12(b)(6), they nonetheless challenge Plaintiff's standing and the claims' ripeness. Accordingly, I will address these arguments as if they were made under 12(b)(1).

### A. Standard of Review

It is axiomatic that a court must have subject matter jurisdiction over a case before it can render any decision on the merits. A motion to dismiss challenging that jurisdiction arises under Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) covers challenges to Article III standing and ripeness because those issues implicate a court's competency to hear a claim and therefore its subject matter jurisdiction. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) ("[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement . . . by alleging an actual case and controversy."). A defendant can challenge the court's subject matter jurisdiction facially—by arguing that the facts alleged in the complaint are not sufficient to establish jurisdiction—or factually—by arguing that the facts establishing jurisdiction are untrue. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). If a factual challenge is made, the court may hold an evidentiary hearing to test the validity of the jurisdictional allegations. *Id.* However, if a facial

challenge is made, as it is here, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

## B. Discussion

B.P.J. has standing to sue the State Board Defendants, the County Board Defendants, and the WVSSAC. She has adequately alleged an injury-in-fact—that she will be treated differently on the basis of sex; she has asserted that under H.B. 3293, each defendant will take some action that will cause her asserted harm; and she has established that each defendant can redress her claims because a favorable ruling against each will prevent them from enforcing the Act as to B.P.J.

B.P.J.'s claims are ripe against each defendant. First, her claims are fit for judicial review because they do not require any future factual development. The question in this case is whether it is permissible under Title IX or the Equal Protection Clause to prevent B.P.J., a transgender girl, from playing on girls' sports teams. H.B. 3293 requires each defendant to prevent B.P.J. from playing on girls' sports teams; no future factual development will change that effect. Second, and consistent with my ruling on the preliminary injunction, B.P.J. has sufficiently alleged that she will experience hardship if this law is enforced against her.

## IV. FAILURE TO STATE A CLAIM

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

### A. DISCUSSION

All named defendants claim that B.P.J. has failed to state a claim upon which relief can be granted under both Title IX and the Equal Protection Clause.

B.P.J. has plausibly stated a claim under Title IX against State Superintendent Burch, Harrison County Superintendent Stutler, and the WVSSAC. She has sufficiently alleged that each defendant (1) will exclude her from participation in an educational event on the basis of sex, (2) receives federal funding, either directly or indirectly, and (3) that the exclusion from school events will cause her harm. *See Grimm v. Gloucester Cty. Sch. Bd.*, 972 F.3d 586, 616 (4th Cir. 2020), *as amended* (Aug. 28, 2020), *cert. denied,* No. 20-1163, 2021 WL 2637992 (U.S. June 28, 2021) (defining the elements of a Title IX claim).

B.P.J. has plausibly stated an equal protection claim against State Superintendent Burch, Harrison County Superintendent Stutler, and the WVSSAC. She has alleged that each defendant, acting under the color of state law, is discriminating against her on the basis of sex. Both the Supreme Court and the Fourth Circuit have ruled that discrimination on the basis of a person's transgender

status is discrimination on the basis of sex. *Bostock v. Clayton Cty.*, ___ U.S. ___, ___,

140 S. Ct. 1731, 1741 (2020); *Grimm*, 972 F.3d at 609; 616 (2020).

## V.  CONCLUSION

For the foregoing reasons, the Motions to Dismiss [ECF Nos. 71, 72, 74] are

**DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of

record and any unrepresented party.

ENTER:       December 1, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

8