IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

B. P. J., et al.,

        Plaintiffs,

v.                                        CIVIL ACTION NO. 2:21-cv-00316

WEST VIRGINIA STATE BOARD OF EDUCATION, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the Court is Proposed Intervenor Lainey Armistead's Motion to Intervene. [ECF No. 94]. Ms. Armistead has moved to intervene both (1) as of right under Federal Rule of Civil Procedure 24(a) and (2) permissively under Federal Rule of Civil Procedure 24(b). For the reasons that follow, Ms. Armistead does not meet the requirements to intervene as a matter of right, but the court will allow her to intervene permissively. Her Motion to Intervene is therefore **DENIED in part and GRANTED in part.**

### I. Relevant Facts

Ms. Armistead is a cisgender girl. She has played soccer most of her life and earned a scholarship to play soccer at West Virginia State University ("WVSU"). She has moved to intervene to defend the constitutionality of H.B. 3293, the "Protect Women's Sports Act." She has, to her knowledge, only competed against biological

1

females both in competition and for slots on the WVSU soccer team. She asserts that she is concerned however that allowing transgender women to compete on women's teams and in women's leagues will put her at risk of injury, of losing her playing spot on her team, or of losing an opportunity to meaningfully compete for a championship title.

She claims the right to intervene because she may be exposed to these risks if the court strikes down H.B. 3293. She further claims the right to intervene as a representative of cisgender women athletes who would be subject to the same risks if H.B. 3293 is declared unconstitutional or if B.P.J. succeeds in her as-applied challenge and is allowed to play women's sports.

## II. Timeliness

Federal Rule of Civil Procedure 24 allows for intervention only after a timely motion. Fed. R. Civ. P. 24(a); (b)(1). To assess timeliness, the district court must determine how far the underlying suit has progressed, the prejudice any resulting delay might cause the other parties, and why the movant was tardy in filing its motion. *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014). Among these factors, the prejudice that the delay causes to existing parties is the most important. *Spring Const. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980).

Considering these factors, I find that Ms. Armistead's Motion to Intervene was timely filed. First, this case is still in its early stages. At the time the present motion was filed and became ripe, the deadline for amendment of pleadings and joinder of parties had not yet passed. Second, because of the early stage of litigation, the existing parties will not be prejudiced by the addition of another. Additionally, Ms. Armistead maintains that she "will comply with the scheduling deadlines established

by this Court's September 8, 2021, order." [ECF No. 95, at 5]; *see Steves & Sons, Inc. v. JELD-WEN, Inc.*, 323 F.R.D. 553, 557–60 (E.D. Va. 2018) (finding intervention proper, even where the case had advanced significantly, because prejudice was mitigated by a promise to follow the existing scheduling order).

Finally, Ms. Armistead's delay in filing her motion to intervene is reasonable. She waited until after the court issued its preliminary injunction, increasing in her estimation the likelihood that the court's final judgment would harm her. [*Id.* at 5]. The court issued the preliminary injunction on July 21, 2021, and Ms. Armistead intervened on September 10, 2021. According to Ms. Armistead, she spent the time between the preliminary injunction and her motion to intervene considering the ramifications of being the public face supporting a contentious law. The court accepts this justification and finds her motion timely.

### III. Intervention as of Right

A court must grant a motion to intervene if the movant can demonstrate "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir, 1991)).

A government defendant, given its "basic duty to represent the public interest," is a presumptively adequate defender of duly enacted statutes. *N.C. State Conference of NAACP v. Berger*, 999 F.3d 915, 932 (4th Cir. 2021) (quoting *Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013)). "When a statute comes under attack, it is difficult to conceive of an entity better situated to defend it than the government." *Stuart*, 706

3

F.3d at 351. "[T]he business of the government could hardly be conducted if, in matters of litigation, individual citizens could usually or always intervene and assert individual points of view." *Id.* (quoting 6 *Moore's Federal Practice* § 24.03[4][a][iv][A] (3d ed. 2011)). Accordingly, where both the potential intervenors and the government want the statute constitutionally sustained, the intervenor "must mount a strong showing of inadequacy." *Id.* at 352.

An intervenor can overcome the presumption of adequate representation by showing "adversity of interest, collusion, or nonfeasance." *Berger*, 999 F.3d at 930 (citing *Stuart*, 706 F.3d at 353). Merely alleging a "disagreement over how to approach the conduct of the litigation" is not enough to overcome the presumption of adequacy. *Stuart*, 706 F.3d at 353. "To have such unremarkable divergences of view sow the seeds for intervention as of right risks generating endless squabbles at every juncture over how best to proceed." *Id.* at 354. At least one other district court in this circuit has found "the presumption of adequacy [is] unrebutted where state agency 'answered the [plaintiff's] complaint, has asserted several affirmative defenses, has expressly denied that the [plaintiffs] are entitled to any relief, and has urged the Court to dismiss the action with prejudice." *Makhteshim Agan of N. Am., Inc. v. Nat'l Marine Fisheries Serv.,* No. 8:18-cv-00961-PWG, 2018 WL 5846816, at *5 (D. Md. Nov. 8, 2018).

Here, Ms. Armistead does not rebut the presumption that the State will adequately represent her interests. She has shown neither adversity of interest, collusion, nor nonfeasance. In fact, the State of West Virginia has intervened in this case specifically to defend the constitutionality of the law. Her assertions that the

government does not adequately represent her interests amount to nothing more than "disagreement over how to approach the conduct of litigation."

Accordingly, Ms. Armistead may not intervene as a matter of right.

## IV. Permissive Intervention

District courts enjoy wide discretion in deciding whether to grant permissive intervention. *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003). Pursuant to Rule 24(b) the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P 24(b)(1). In making this determination, the court should consider whether intervention will cause undue delay or prejudice the original parties. Fed. R. Civ. P. 24(b)(3); *Berger*, 999 F.3d at 927. Ultimately, the court should allow intervention if it will "contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Students for Fair Admissions v. Univ. of N.C.*, 319 F.R.D. 490, 496 (M.D.N.C. Jan 13, 2017) (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

B.P.J. does not challenge Ms. Armistead's assertion that her defense of H.B. 3293 shares common questions of law and fact with the current action. Therefore, I need only examine whether granting permissive intervention will cause undue delay or prejudice to B.P.J. On that score, B.P.J. raises several concerns: that (1) additional parties necessarily complicate case management and increase the burdens of discovery and motions practice; (2) including Ms. Armistead will not provide any factual development that would benefit the existing parties; (3) Ms. Armistead will present frivolous legal arguments; and (4) Ms. Armistead's counsel has a history of intentionally misgendering transgender individuals in this kind of litigation and then

5

delaying proceedings on the merits while litigating that issue. [ECF No. 99, at 16–17].

I find that allowing Ms. Armistead to intervene will not cause undue delay or prejudice. Ms. Armistead plans to defend H.B. 3293 as a member of the class of people for whom the law was written. She will add a perspective not represented by any of the current defendants. Second, because there has not been significant discovery in this case, adding Ms. Armistead at this point will not significantly add to the parties' discovery burdens. Additionally, she has represented her intent to abide by the current scheduling order, causing no delay. Third, Ms. Armistead indicates several arguments she intends to make that will differ from those of the current defendants.

Finally, B.P.J. argues that Ms. Armistead's counsel has and will continue to "gratuitously misgender" B.P.J. and will delay the proceedings further litigating that issue. [ECF No. 99, at 16–17]. While the parties should always be mindful to show the respect due other parties, the Court will not order any party to use specific language in this case. So long as the terminology used by the parties is properly defined, the parties may use the language they find necessary to support their respective positions. Further, concern that Ms. Armistead's counsel *may* seek to delay these proceedings is mere speculation that does not justify denying permissive intervention.

### V. Conclusion

Ms. Armistead does not qualify for intervention as of right because her interests are adequately represented by the state. However, because this case is in its early stages, the addition of one party will not cause undue prejudice or delay.

6

Therefore, Ms. Armistead may intervene permissively. The Motion to Intervene [ECF No. 94] is therefore **DENIED in part and GRANTED in part.**

The court **DIRECTS** the Clerk to docket Intervenor's Proposed Answer to First Amended Complaint [ECF No. 95-2] and to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 1, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE