AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendants* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____            _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# ADDENDUM A

## **DEFINITIONS**

Words in CAPITALS are defined as follows:

1. ACTION means *B.P.J., by her next friend and mother, Heather Jackson v. West Virginia State Board of Education et al.*, which was instituted by B.P.J. on May 26, 2021 in the United States District Court for the Southern District of West Virginia.

2. COMMUNICATION means any transmission of information from one PERSON to another by any means in the form of facts, ideas, inquiries, or otherwise.

3. CONCERNING is defined as information, things, COMMUNICATIONS, or DOCUMENTS that reflect, relate to, identify, constitute, embody, describe, discuss, summarize, evidence, reference, comment on, or concern in any way the subject matter of the request.

4. DOCUMENT means any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in, upon, or from which information may be embodied, translated, conveyed, or stored (including, but not limited to, correspondence, memoranda, notes, records, books, written policies, papers, telegrams, telexes, dictation or other audio tapes, video tapes, computer tapes, computer discs, computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, sketches, and all other writings or drafts thereof) as defined in Federal Rule of Civil Procedure 34(a), Federal Rule of Civil Procedure 45, and Federal Rule of Evidence 1001, whether or not labeled "confidential."  A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.

5. YOU, YOUR, or YOURS means Delegate Charles Horst as includes each of the officers, directors, employees, partners, corporate parent, subsidiaries, affiliates,

attorneys, accountants, consultants, representatives, and agents that report to YOU in YOUR official capacity.

## INSTRUCTIONS

1. If a document request is silent as to the time period for which information is sought, YOU should produce material dated from January 1, 2019 to the present.

2. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, YOU are to produce all information within the scope of the definitions set forth herein that is within YOUR possession, custody, or control, as well as all information within the possession, custody, or control of anyone acting on YOUR behalf including, but not limited to, YOUR agents, representatives, employees, officers, directors, and attorneys.

3. YOUR written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

4. One legible copy of each DOCUMENT requested is to be produced. Any copy of a DOCUMENT that varies in any way whatsoever from the original or from any other copy of the DOCUMENT, whether by reason of handwritten or other notation or any addition or omission, shall constitute a separate DOCUMENT and must be produced. Plaintiff reserves the right to inspect the original of any DOCUMENT produced upon reasonable request.

5. In producing the DOCUMENTS, all DOCUMENTS that are physically attached to each other shall be considered one DOCUMENT and left so attached. DOCUMENTS

that are segregated or separated from other DOCUMENTS, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or other methods, shall be left so segregated or separated. DOCUMENTS shall be retained in the order in which they are maintained in the file where they are found.

6. YOU shall produce DOCUMENTS and electronically stored information ("ESI") pursuant to the Protective Order filed by this Court on November 23, 2021 and pursuant to Exhibit A of the parties' Rule 26(f) report filed on September 7, 2021 (ECF No. 92-1) in this ACTION. The Protective Order and Exhibit A of the parties' Rule 26(f) report are attached to this Addendum A as Exhibit 1 and Exhibit 2 respectively.

7. Each document request shall be complied with fully unless it is objected to in good faith, in which event the reasons for YOUR objection shall be stated in detail. If an objection pertains to only a portion of the document request, or a word, phrase, or clause contained within it, YOU are required to state YOUR objection to that portion and to comply with the remainder of the request, using YOUR best efforts to do so.

8. Pursuant to Federal Rule of Civil Procedure 34, information produced in response to these document requests shall be produced as it is kept in the usual course of business or shall be organized and labeled to correspond with the categories in the demand. DOCUMENTS or COMMUNICATIONS attached to each other consisting of multiple pages must not be separated.

9. Information is to be produced in its full and unredacted form; redacted information shall not constitute compliance with these document requests unless such information is redacted pursuant to a claim of privilege, as set forth below.

10. If YOU or YOUR counsel assert that any information responsive to any document request is privileged or otherwise protected from discovery, YOU are to comply with the requirements of Federal Rule of Civil Procedure 26(b)(5) and Exhibit A of the parties' Rule 26(f) report filed on September 7, 2021 (ECF No. 92-1) in this ACTION as to each DOCUMENT, COMMUNICATION, thing, or piece of information for which a claim of privilege or protection from discovery is made.

11. If any responsive DOCUMENT or COMMUNICATION is no longer in existence, cannot be located or is not in YOUR possession, custody, or control, then identify the DOCUMENT or COMMUNICATION, describe its subject matter, and describe its disposition, including, without limitation, identifying the PERSON having knowledge of the disposition.

12. If production of any requested information is objected to on the grounds that production is unduly burdensome or the information is not reasonably accessible as defined in Rule 26(b)(2) of the Federal Rules of Civil Procedure, describe in detail the burden or expense of producing the requested information, including but not limited to identification of the steps that would be necessary to retrieve and produce the information and a dollar estimate of the cost of performing those steps.

13. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests are continuing in nature and YOU are to promptly supplement (i) if YOU learn that the information YOU disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiff during the discovery process or in writing, or (ii) if ordered by the Court.

14. The use of the singular form of any word includes the plural and use of the plural form includes the singular form. Verb tenses shall be interpreted to include past, present, and future tenses. The word "all" includes the word "any" and vice versa. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information that might otherwise be construed to be outside the scope of these requests.

15. Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purpose of limitation.

## DOCUMENTS TO BE PRODUCED

1. All DOCUMENTS and COMMUNICATIONS that were provided to YOU or any of YOUR committees from January 1, 2020 through July 8, 2021 concerning the participation of students who are transgender in school sports of any level in West Virginia.

2. All DOCUMENTS and COMMUNICATIONS reflecting any research or studies performed by or on behalf of YOU, YOUR committees, or the House of Delegates in opposition to H.B. 3293 prior to July 8, 2021.

3. All DOCUMENTS and COMMUNICATIONS reflecting any research or studies performed by or on behalf of YOU, YOUR committees, or the House of Delegates in support of H.B. 3293 prior to July 8, 2021.

4. All DOCUMENTS and COMMUNICATIONS provided to YOU, any of YOUR committees, or the House of Delegates regarding H.B. 3293 prior to July 8, 2021.

5. All DOCUMENTS and COMMUNICATIONS regarding H.B. 3293 between YOU on the one hand, and the West Virginia Governor's Office, the West Virginia Attorney General's Office, the West Virginia State Board of Education, or the West Virginia Secondary School Athletic Commission, on the other hand.

6. All DOCUMENTS and COMMUNICATIONS regarding H.B. 3293 between YOU on the one hand, and the Alliance Defending Freedom or any of its representatives, including its counsel, on the other hand.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B.P.J., by her next friend and mother,
HEATHER JACKSON,**

    *Plaintiff*,

    vs.

**WEST VIRGINIA STATE BOARD OF
EDUCATION; HARRISON COUNTY BOARD
OF EDUCATION; WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION; W. CLAYTON BURCH in his
official capacity as State Superintendent; and,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,**

    *Defendants*.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin

### STIPULATED PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby **ORDERED** as follows:

**I. DISCOVERY PHASE**

    A.    If a party, or a non-party producing information in this civil action, or an attorney for the party or non-party, has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a request or court order, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party, non-party, or attorney shall clearly mark each such document or other material as "**CONFIDENTIAL**." The individual or entity designating the document or materials as "**CONFIDENTIAL**" must take care to limit any such designation to specific documents or materials that qualify for protection under the appropriate standards. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly

unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or impose unnecessary expense and burden on another party) expose the designating individual or entity to sanctions. If it comes to the attention of the designating individual or entity that a document or other material has been improperly marked as "**CONFIDENTIAL**," the designating individual or entity must promptly notify all parties that the erroneous designation is being withdrawn and must replace the improperly designated document or material with a copy that is not marked "**CONFIDENTIAL**".

      B.      If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute with the designating individual or entity. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

      C.      No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL,**" or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

      D.      Any document or other material which is marked "**CONFIDENTIAL,**" or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any deposition taken in this action.

      E.      If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person other than:

            1.      Plaintiff B.P.J.,

            2.      Her next friend and mother, Heather Jackson,

3. Counsel of record for Plaintiff, their professional staff, or their litigation vendors, or

4. Defendants, Counsel of record for Defendants, their professional staff, their insurers, or their litigation vendors;

but is actively engaged in working on this action on behalf of Plaintiff or Defendants (*e.g.,* expert witness, expert consultant), the person making the disclosure shall do the following; provided, however, that any such disclosure shall only be made to such person for purposes of litigating this case:

5. Provide a copy of this Protective Order to the person to whom disclosure is made;

6. Inform the person to whom disclosure is made that they are bound by this Protective Order;

7. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

8. Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material; and

9. Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person.

## II. POST-DISCOVERY PHASE

A. If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, they must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by

either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12, and (c) controlling precedent. *See, e.g.*, *Press-Enterprise Co. v. Superior Court,* 478 U.S. 1, 8–9 (1986); *Virginia Dep't. of State Police v. Washington Post*, 386 F. 3d 567, 575 (4th Cir. 2004).

B.  Within thirty days after the conclusion of the action, each party shall gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; (3) as to documents bearing the notations, summations, or other mental impressions of a receiving party or the party's expert witness or consultant, that party elects to destroy the documents and certifies to the producing party that it has done so; or (4) otherwise required or allowed by law.[1] Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including drafts of preliminary reports submitted by an expert or consultant, which includes information produced as

---

[1] The Court recognizes that, under West Virginia law, W. Va. C.S.R. § 114-15-4.2(b) defines the required period of claim file retention for an insurance company. However, the Court also recognizes that Defendants' insurance company was organized under the laws of the State of Pennsylvania. According to 41 Pa.B 5849, insurance companies are required to maintain each claim file for seven (7) years after that claim file is closed. Therefore, the applicable claim file retention period in this matter will be seven (7) years after the conclusion of this lawsuit.

4

"**CONFIDENTIAL**," so long as that work product does not duplicate verbatim substantial portions or the text or images of confidential documents. Any such work product retained by counsel shall continue to be "**CONFIDENTIAL**" and shall be subject to this protective order. The counsel may use said work product in other litigation provided that the counsel does not use or disclose the confidential documents.

As an alternative procedure, Defendants' insurance carriers may retain a copy of the confidential information protected by this Protective Order subject to the following conditions: That a continuing duty and obligation shall exist to maintain the confidentiality of the confidential information; that the confidential information be stored in a sealed or restricted manner that only allows access to the confidential information to the attorneys, staff, and/or claims personnel responsible for this Civil Action (or their successors); and that the confidential information will not be used for any other purpose or in any other proceeding unless prior written approval is obtained from Plaintiff, or as otherwise permitted by this Protective Order, or by further order of this Court.

ENTER: November 23, 2021

Dwane L. Tinsley
United States Magistrate Judge

Case 2:21-cv-00316 Document 135 Filed 11/23/21 Page 12 of 20 PageID #: 1816

Agreed to by counsel:

**THE STATE OF WEST VIRGINIA**

**PATRICK MORRISEY,
ATTORNEY GENERAL**

*/s/ Curtis R. A. Capehart*
Curtis R. A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
Douglas P. Buffington, II (WV Bar # 8157)
  *Chief Deputy Attorney General*
David C. Tryon (visiting attorney)*
  *Special Assistant*
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Curtis.R.A.Capehart@wvago.gov
Telephone:  (304) 558-2021
Facsimile:  (304) 558-0140

   *Counsel for Defendant, STATE OF
   WEST VIRGINIA*

*Admitted in Ohio.  Practicing under the supervision of West Virginia attorneys.

*/s/ Katelyn Kang (per consent)*
Katelyn Kang
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
kkang@cooley.com

   *Counsel for Plaintiff*

*/s/ Roberta F. Green(per consent)*
Roberta F. Green
Shuman McCuskey & Slicer PLLC
P.O. Box 3953
Charleston, WV 25339-3953
rgreen@shumanlaw.com

   *Counsel for Defendant, West Virginia
   Secondary School Activities Commission*

*/s/ Susan L. Deniker (per consent)*
Susan L. Deniker
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
susan.deniker@steptoe-johnson.com

   *Counsel for Defendants, Harrison County
   Board of Education and Dora Stutler*

*/s/ Kelly C. Morgan (per consent)*
Kelly C. Morgan
Michael W. Taylor
Kristen V. Hammond
Bailey & Wyant, PLLC
500 Virginia Street East, Suite 600
P.O. Box 3710
Charleston, WV 25337-3710
kmorgan@baileywyant.com
mtaylor@baileywyant.com
khammond@baileywyant.com

   *Counsel for Defendants, West Virginia State
   Board of Education and W. Clayton Burch*

It is so ordered:

_____
Judge Joseph R. Goodwin

6

**Exhibit A – Document Production Format**

1. **Definitions**

    The following definitions apply to these instructions:

    A.  **"Database"** means an electronic collection of structured data (often maintained in a non-custodial manner), such as data created and maintained in Oracle, SAP, SQL, or Microsoft Access.

    B.  **"ESI"** or **"Electronic Document"** refers to information stored in electronic form including word processing files (*e.g.*, Microsoft Word), computer presentations (*e.g.*, Microsoft PowerPoint), spreadsheets (*e.g.*, Microsoft Excel) and email, together with the available metadata associated with each such document.

    C.  **"Extracted Text"** refers the result of the process by which textual content of an Electronic Document is extracted by eDiscovery processing or indexing software.

    D.  **"Load File"** refers to a file or files issued with each production providing a map to the images and metadata or coding associated with the records in the production.

    E.  **"Native Format"** as used herein, means the default format of an Electronic Document created by its associated software program. For example, Microsoft Excel produces its output as '.xls' files by default, which is the Native Format of Excel.

    F.  **"OCR"** refers to optical character recognition, or the result of the process by which a hard copy or non-searchable Electronic Document is analyzed by a computer in order to glean the textual content of the document.

2. **Production Format**

    With the exception of documents to be provided in Native Format described in Paragraph E, documents shall be produced as Bates Numbered tagged image file format ("TIFF" or "JPEG")

images accompanied by an image Load File, a data Load File with fielded metadata, document-level Extracted Text for ESI, and OCR text for scanned hard copy documents and ESI that does not contain extractable text.

    A.    **De-duplication.**  The producing party shall use industry standard Md5, SHA1, or SHA256 hash comparison method to globally de-duplicate all files identified for production. Loose Electronic Documents shall not be compared to email attachments for deduplication purposes.  Emails shall be deduplicated at the family level (i.e. an email and its attachments shall be considered together for deduplication purposes).  Hard copy documents containing handwritten notes shall not be considered as duplicative of any other document.

    B.    **ESI Processing Time zone.**  All ESI shall be processed in the industry standard time zone, Coordinated Universal Time (UTC).

    C.    **Document Unitization.**  Where documents with attachments are produced, they shall be attached in the same manner as included in the original file.  Where documents are produced and all attachments thereto are not included, the producing party shall identify the missing attachments by means of a "place holder" file and explain the reason for their non-production.  Documents that are segregated or separated from other documents, whether by inclusion of binders, files, dividers, tabs, clips or any other method, shall be produced in a manner that reflects these divisions.  Where the producing party converts paper documents into electronic format, distinct documents must not be merged into a single record, and single documents must not be split into multiple records (*i.e.*, paper documents must be logically unitized). In the case of an organized compilation of separate documents – for example, a binder containing several separate documents behind numbered tabs – the document behind each tab should be scanned separately.

D.  **Production Delivery.** Productions shall be delivered via FTP, or another secure data transfer method.

E.  **JPEG/TIFF Image Requirements.**

i.  JPEG images shall be produced when color is present in an image. TIFF images preferable for black and white images. JPEG/TIFF images shall be provided in single-page format and consecutively Bates Numbered.

ii.  Images shall include the following content where present:

a.  For word processing files (*e.g.*, Microsoft Word): Comments, "tracked changes," similar in-line editing and all hidden content contained within the document.

b.  For presentation files (*e.g.*, Microsoft PowerPoint): Speaker notes, comments and all other hidden content.

c.  For spreadsheet files (*e.g.*, Microsoft Excel – if applicable): Hidden columns, rows, and sheets; comments, and "tracked changes" and any similar in-line editing or hidden content.

F.  **Native Production Requirements.**

i.  Spreadsheet files (*e.g.*, Microsoft Excel and .Csv files) are to be provided in Native Format.

a.  In lieu of a full TIFF image version of each spreadsheet file, a single placeholder image bearing the relevant Bates number and confidentiality designation shall be produced.

b.  When redaction of a spreadsheet is necessary, native redaction using an industry standard software solution (i.e. Mylili Blackout) is preferred. If native redaction is not possible, a redacted full TIFF version may be produced provided that the spreadsheet is manually formatted for optimal printing. If the spreadsheet requiring redaction is not reasonably useable with native redaction or in TIFF format, the Parties shall meet-and-confer to determine a suitable production format.

c.  If redactions within a native spreadsheet are necessary, contact the receiving party to meet-and-confer to discuss the process, and provide a means to identify such documents in the production.

ii. Media files (e.g. .mp3, .wmv, etc.) shall be produced in Native Format with a single placeholder image bearing the relevant Bates number and confidentiality designations.

iii. Contact the receiving party to discuss a suitable production format for any proprietary or non-standard file types that require special software or technical knowledge for review, Databases or Database reports, or any data not covered by the technical specifications in this protocol. This includes data collected from collaboration and chat applications such as Slack, Microsoft Teams, Jira, mobile device data, etc.

iv. Any responsive files that cannot be accurately rendered in a reviewable TIFF format shall be produced in Native Format.

**G.      Load File Requirements.**

i. The parties will provide a Concordance compatible data Load File with each production volume using standard ASCII delimiters and Unicode containing a header row listing the metadata fields included in the production volume.

ii. Image Load Files shall be produced in Concordance/Opticon compatible format.

**H.      Extracted Text/OCR Requirements.**

i. Electronically extracted text must be provided for documents collected from electronic sources. Text generated via OCR must be provided when possible for all documents that do not contain electronically extractable text (e.g. non-searchable PDF files or JPG images) and for redacted and hard copy documents. The parties will not degrade the searchability of documents as part of the document production process.

  ii.  Document text shall be provided as separate, document-level text files and not be embedded in the metadata Load File.

  iii.  Text files shall be named according to the beginning Bates number of the document to which they correspond.

  iv.  If a document is provided in Native Format, the text file shall contain the Extracted Text of the native file.

  v.  A path to each Extracted Text file on the delivery media shall be included in a Load File field, or in a separate cross-reference file.

 I.  **Metadata.** The Parties will produce the following metadata fields, where available:

  i.  **BegBates** -- Beginning Bates number.

  ii.  **EndBates** -- Ending Bates number.

  iii.  **BegAttach** -- Bates number of the first page of a family range.

  iv.  **EndAttach** -- Bates number of the last page of a family range.

  v.  **PageCount** -- Number of pages in a Document.

  vi.  **FileExtension** -- Original file extension as the Document was maintained in the ordinary course.

  vii.  **FileSize** -- File size in bytes.

  viii.  **DocTitle** -- Document title as stored in file metadata.

  ix.  **DocSubject** -- Any value populated in the Subject field of the Document properties.

  x.  **Custodian** – Primary custodian full name.

xi. **AllCustodians/DeDupe Custodians –** All custodians from whom a document was collected.

xii. **Author** -- Document author information for non-email.

xiii. **Email From**

xiv. **Email To**

xv. **Email CC**

xvi. **Email BCC**

xvii. **Email Subject**

xviii. **Attachments** -- Name of attached file(s) as maintained in the ordinary course of business.

xix. **DateCreated** -- File date and time created MM/DD/YYYY HH:MM AM/PM.

xx. **DateModified** -- File date and time modified MM/DD/YYYY HH:MM AM/PM.

xxi. **DateLastSaved** – File date and time last saved MM/DD/YYYY HH:MM AM/PM.

xxii. **DateSent** -- Email date and time sent MM/DD/YYYY HH:MM AM/PM.

xxiii. **DateReceived** -- Email date and time received. MM/DD/YYYY HH:MM AM/PM.

xxiv. **FileName** -- Name of the file as maintained in the ordinary course of business with extension.

xxv. **MD5Hash** -- The computer-generated MD5 Hash value for each Document.

xxvi. **TextPath** -- The path to the corresponding text file for each record on the delivery media, including filename.

xxvii. **NativePath** -- The path to the native-format file corresponding to the record on the delivery media, including the file name (if a native-format file is provided).

**3.** **Documents Protected from Discovery**

A. Documents that contain both privileged and non-privileged information shall be produced with the privileged information redacted in such a way as to show the location of the redaction within the Document.