**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**B.P.J., by her next friend and mother, HEATHER JACKSON,**

    **Plaintiff,**

**v.**                                                                            **Civil Action No. 2:21-cv-00316
Honorable Joseph R. Goodwin**

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

    **Defendants,**

**and**

**LAINEY ARMISTEAD,**

    **Defendant-Intervenor.**

**DEFENDANTS WEST VIRGINIA STATE BOARD OF EDUCATION
AND SUPERINTENDENT W. CLAYTON BURCH'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

    **NOW COME** Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch (collectively referred to hereinafter as the "State Board Defendants"), by and through counsel, Kelly C. Morgan, Kristen V. Hammond, Michael W. Taylor, and the law firm of Bailey & Wyant, PLLC, and hereby respond to Plaintiff's First Amended Complaint by stating as follows:

**FIRST AFFIRMATIVE DEFENSE**

    Plaintiff's First Amended Complaint fails to state a cause of action against the State Board Defendants upon which relief can be granted, and therefore, they must be dismissed as a matter of

law.

## SECOND AFFIRMATIVE DEFENSE

In response to the enumerated paragraphs set forth in Plaintiff's First Amended Complaint, the State Board Defendants state as follows:

## INTRODUCTION

1.      The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

2.      With respect to the allegations set forth in Paragraph 2 of Plaintiff's First Amended Complaint, the State Board Defendants admit that the West Virginia Legislature passed House Bill 3293 in April 2021, which is codified at W. Va. Code § 18-2-25d and speaks for itself, but deny all remaining allegations set forth therein and demand strict proof thereof.

3.      With respect to the allegations set forth in Paragraph 3 of Plaintiff's First Amended Complaint, the State Board Defendants aver that the Declaration of Loree Stark and its exhibits speak for themselves and deny all remaining allegations set forth therein and demand strict proof thereof.

4.      The State Board Defendants assert that the allegations set forth in Paragraph 4 of Plaintiff's First Amended Complaint consist of legal conclusions and references to legal authorities to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

5.      With respect to the allegations set forth in Paragraph 5 of Plaintiff's First Amended Complaint, the State Board Defendants admit that Plaintiff seeks declaratory and injunctive relief from this Court, but lack sufficient information and knowledge to form a belief as to the truth or

falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

## PARTIES

**Plaintiff**

6.      The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

**Defendants**

7.      With respect to the allegations set forth in Paragraph 7 of Plaintiff's First Amended Complaint, the State Board Defendants admit that the West Virginia State Board of Education is located in Kanawha County, aver that W. Va. Const. art. XII, § 2 and W. Va. Code § 18-2-5 speak for themselves, and further assert that the remaining allegations set forth therein consist of legal conclusions and references to legal authorities to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

8.      With respect to the allegations set forth in Paragraph 8 of Plaintiff's First Amended Complaint, the State Board Defendants admit that the West Virginia Secondary School Activities Commission is located in Wood County, aver that W. Va. Code § 18-2-25 speaks for itself, and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

9.      With respect to the allegations set forth in Paragraph 9 of Plaintiff's First Amended Complaint, the State Board Defendants admit that the Harrison Board of Education is the county

board of education for Harrison County Schools, which includes Bridgeport Middle School, aver that W. Va. Code § 18-5-1, § 18-5-13, and § 18-2-25 speak for themselves, and further assert that the remaining allegations set forth therein consist of legal conclusions and references to legal authorities to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

10.     With respect to the allegations set forth in Paragraph 10 of Plaintiff's First Amended Complaint, the State Board Defendants admit that W. Clayton Burch is the State Superintendent of Schools who is being sued solely in his official capacity, aver that W. Va. Code § 18-3-3 speaks for itself, and further assert that the remaining allegations set forth therein consist of legal conclusions and a reference to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

11.     With respect to the allegations set forth in Paragraph 11 of Plaintiff's First Amended Complaint, the State Board Defendants admit that Dora Stutler is the Superintendent of Harrison County Schools who is being sued solely in her official capacity, aver that W. Va. Code § 18-4-10 speaks for itself, and further assert that the remaining allegations set forth therein consist of legal conclusions and a reference to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

12.     With respect to the allegations set forth in Paragraph 12 of Plaintiff's First Amended Complaint, the State Board Defendants admit that Patrick Morrisey is the Attorney General of the State of West Virginia and that the Office of the Attorney General is located at the State Capitol Complex, aver that W. Va. Code § 5-3-2 and ECF Nos. 40 and 44 speak for themselves, deny that Patrick Morrisey is being sued in any capacity as he has been dismissed as a party and demand strict

proof thereof, and further assert that the remaining allegations set forth therein consist of legal conclusions and a reference to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

13.     With respect to the allegations set forth in Paragraph 13 of Plaintiff's First Amended Complaint, the State Board Defendants aver that W. Va. Code § 18-2-1 and ECF Nos. 40 and 44 speak for themselves and further assert that the remaining allegations set forth therein consist of legal conclusions and a reference to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

**JURISDUCTION AND VENUE**

14.     The State Board Defendants assert that the allegations set forth in Paragraph 14 of Plaintiff's First Amended Complaint consist of legal conclusions and references to legal authorities to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants admit that Plaintiff purportedly brings this action under the United States Constitution, 42 U.S.C. § 1983, and Title IX.

15.     The State Board Defendants assert that the allegations set forth in Paragraph 15 of Plaintiff's First Amended Complaint consist of legal conclusions and references to legal authorities to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

16.     The State Board Defendants assert that the allegations set forth in Paragraph 16 of Plaintiff's First Amended Complaint consist of legal conclusions and references to legal authorities to which no response is necessary.  To the extent that a response is deemed necessary, the State

Board Defendants admit that the Southern District of West Virginia, Charleston Division, is the proper venue based on the allegations set forth in Plaintiff's First Amended Complaint.

17.     With respect to the allegations set forth in Paragraph 17 of Plaintiff's First Amended Complaint, the State Board Defendants aver that the Federal Rules of Civil Procedure and the United States Code speak for themselves and further deny that this Court has the authority to enter a declaratory judgment, an injunction, or any other requested relief in this action against them because of the State's sovereign immunity under the Eleventh Amendment and demand strict proof thereof.

18.     The State Board Defendants assert that the allegations set forth in Paragraph 18 of Plaintiff's First Amended Complaint consist of legal conclusions and references to legal authorities to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

## FACTUAL ALLEGATIONS

### A.     Gender Identity and Gender Dysphoria.

19.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

20.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

21.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

22.     The State Board Defendants lack sufficient information and knowledge to form a

6

belief as to the truth or falsity of the allegations set forth in Paragraph 22 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

23.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

24.     With respect to the allegations set forth in Paragraph 24 of Plaintiff's First Amended Complaint, the State Board Defendants aver that the American Psychiatric Association's Diagnostic & Statistical Manual of Mental Disorders speaks for itself and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

25.     With respect to the allegations set forth in Paragraph 25 of Plaintiff's First Amended Complaint, the State Board Defendants aver that any standards of care developed or adopted by The Endocrine Society and the World Professional Association for Transgender Health speak for themselves and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

26.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

27.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 27 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

28.     The State Board Defendants lack sufficient information and knowledge to form a

belief as to the truth or falsity of the allegations set forth in Paragraph 28 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

29.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

**B.      B.P.J.'s Gender, Medical Treatment, and Participation in Sports.**

30.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 30 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

31.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 31 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

32.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 32 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

33.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 33 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

34.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 34 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

35.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 35 of Plaintiff's First

Amended Complaint, and therefore, deny the same and demand strict proof thereof.

36.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 36 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

37.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 37 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

**C.     Participation of B.P.J. and Other Transgender Youth in School-Sponsored Athletics.**

38.     With respect to the allegations set forth in Paragraph 38 of Plaintiff's First Amended Complaint, the State Board Defendants admit that school-sponsored athletics offer a range of benefits for some children and young adults, but lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

39.     The State Board Defendants deny the allegations set forth in Paragraph 39 of Plaintiff's First Amended Complaint and demand strict proof thereof.

40.     The State Board Defendants deny the allegations set forth in Paragraph 40 of Plaintiff's First Amended Complaint and demand strict proof thereof.

41.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 41 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

42.     With respect to the allegations set forth in Paragraph 42 of Plaintiff's First Amended Complaint, the State Board Defendants aver that the policies, rules, and regulations of the National Collegiate Athletic Association, World Athletics, and International Olympic Committee speak for

themselves and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

    **D.**    **H.B. 3293**

        **1.**    **H.B. 3293's Introduction, Debate, Amendment, and Enactment**

43.    With respect to the allegations set forth in Paragraph 43 of Plaintiff's First Amended Complaint, the State Board Defendants aver that W. Va. Admin. Code § 127-2-3 (3.8) speak for itself and further assert that the remaining allegations set forth therein consist of legal conclusions and references to legal authorities to which no response is necessary. To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

44.    With respect to the allegations set forth in Paragraph 44 of Plaintiff's First Amended Complaint, the State Board Defendants aver that West Virginia laws, policies, rules, and regulations regarding the participation of students in school sports speak for themselves and further assert that the remaining allegations set forth therein consist of legal conclusions to which no response is necessary. To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

45.    With respect to the allegations set forth in Paragraph 45 of Plaintiff's First Amended Complaint, the State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations regarding introduction of H.B. 3293 so they deny the same and demand strict proof thereof and further deny the remaining allegations set forth therein and demand strict proof thereof.

46.    The State Board Defendants deny the allegations set forth in Paragraph 46 of Plaintiff's First Amended Complaint and demand strict proof thereof.

47.     With respect to the allegations set forth in Paragraph 47 of Plaintiff's First Amended Complaint, the State Board Defendants aver that any Facebook posts or comments made by Delegate Jordan Bridges speak for themselves and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

48.     With respect to the allegations set forth in Paragraph 48 of Plaintiff's First Amended Complaint, the State Board Defendants aver that W. Va. Leg. Originating H.B. 3293 (Mar. 16, 2021) § 18-2-5c and § 18-2-5c(a)(2) speak for themselves and further assert that the remaining allegations set forth therein consist of legal conclusions and references to legal authorities to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

49.     With respect to the allegations set forth in Paragraph 49 of Plaintiff's First Amended Complaint, the State Board Defendants aver that W. Va. Leg. Originating H.B. 3293 (Mar. 16, 2021) § 18-2-5c(e) speaks for itself and further assert that the remaining allegations set forth therein consist of legal conclusions and references to legal authorities to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

50.     With respect to the allegations set forth in Paragraph 50 of Plaintiff's First Amended Complaint, the State Board Defendants aver that W. Va. Leg. Originating H.B. 3293 (Mar. 16, 2021) § 18-2-25(f) speaks for itself and further assert that the remaining allegations set forth therein consist of legal conclusions and references to legal authorities to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

51.     With respect to the allegations set forth in Paragraph 51 of Plaintiff's First Amended Complaint, the State Board Defendants aver that the allegations regarding the full statements of counsel for the West Virginia House Education Committee speak for themselves, aver that the Declaration of Loree Stark and its exhibits speak for themselves, and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

52.     With respect to the allegations set forth in Paragraph 52 of Plaintiff's First Amended Complaint, the State Board Defendants aver that any testimony during the hearing speaks for itself and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

53.     With respect to the allegations set forth in Paragraph 53 of Plaintiff's First Amended Complaint, the State Board Defendants aver that W. Va. Leg. Amended H.B. 3293 (Mar. 18, 2021) § 18-2-5(c) speaks for itself and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

54.     With respect to the allegations set forth in Paragraph 54 of Plaintiff's First Amended Complaint, the State Board Defendants aver that any testimony and/or statements made during the hearing and/or debate speak for themselves and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

55.     With respect to the allegations set forth in Paragraph 55 of Plaintiff's First Amended Complaint, the State Board Defendants aver that any testimony and/or statements made during the

hearing and/or debate speak for themselves and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

56. With respect to the allegations set forth in Paragraph 56 of Plaintiff's First Amended Complaint, the State Board Defendants aver that any testimony and/or statements made during the hearing and/or debate speak for themselves, aver that the Declaration of Loree Stark and its exhibits speak for themselves, and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

57. With respect to the allegations set forth in Paragraph 57 of Plaintiff's First Amended Complaint, the State Board Defendants aver that any testimony and/or statements made during the hearing and/or debate speak for themselves, aver that the Declaration of Loree Stark and its exhibits speak for themselves, and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

58. The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 58 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

59. With respect to the allegations set forth in Paragraph 59 of Plaintiff's First Amended Complaint, the State Board Defendants aver that any amendments to H.B. 3293 speak for themselves and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

60.     With respect to the allegations set forth in Paragraph 60 of Plaintiff's First Amended Complaint, the State Board Defendants aver that any testimony and/or statements made during the hearing and/or debate speak for themselves, aver that the Declaration of Loree Stark and its exhibits speak for themselves, and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

61.     With respect to the allegations set forth in Paragraph 61 of Plaintiff's First Amended Complaint, the State Board Defendants aver that any testimony and/or statements made during the hearing and/or debate speak for themselves and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

62.     The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 62 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

63.     Upon information and belief, the State Board Defendants admit the allegations set forth in Paragraph 63 of Plaintiff's First Amended Complaint.

64.     With respect to the allegations set forth in Paragraph 64 of Plaintiff's First Amended Complaint, the State Board Defendants aver that the complete interview of Governor Justice speaks for itself and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

### 2.     H.B. 3293 As Enacted

65.     The State Board Defendants admit the allegations set forth in Paragraph 65 of

Plaintiff's First Amended Complaint.

66.     With respect to the allegations set forth in Paragraph 66 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d, speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

67.     With respect to the allegations set forth in Paragraph 67 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d, speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

68.     With respect to the allegations set forth in Paragraph 68 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d, speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

69.     With respect to the allegations set forth in Paragraph 69 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d, speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

70.     With respect to the allegations set forth in Paragraph 70 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d,

speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

71.   With respect to the allegations set forth in Paragraph 71 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code §1 8-2-25d, speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

72.   With respect to the allegations set forth in Paragraph 72 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d, speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

73.   With respect to the allegations set forth in Paragraph 73 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d, speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

### 3.   H.B. 3293 Excludes Girls Who Are transgender Based on Their Transgender Status—Not Based on Purported Athletic Advantages

74.   With respect to the allegations set forth in Paragraph 74 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d, speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is

deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

75.    With respect to the allegations set forth in Paragraph 75 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d, speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

76.    With respect to the allegations set forth in Paragraph 76 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d, speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

77.    With respect to the allegations set forth in Paragraph 77 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d, speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

**E.    H.B. 3293 Harms B.P.J. and Other Girls Who Are Transgender.**

78.    With respect to the allegations set forth in Paragraph 78 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d, speaks for itself, lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations regarding information personal to Plaintiff so they deny the same and demand strict proof thereof, and further assert that the remaining allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that

a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

79.    With respect to the allegations set forth in Paragraph 79 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d, speaks for itself and further deny the allegations set forth therein and demand strict proof thereof.

80.    With respect to the allegations set forth in Paragraph 80 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d, speaks for itself and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

81.    With respect to the allegations set forth in Paragraph 81 of Plaintiff's First Amended Complaint, the State Board Defendants aver that H.B. 3293, codified at W. Va. Code § 18-2-25d, speaks for itself and further assert that they lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth therein, and therefore, deny the same and demand strict proof thereof.

82.    The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 82 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

83.    The State Board Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 83 of Plaintiff's First Amended Complaint, and therefore, deny the same and demand strict proof thereof.

84.    The State Board Defendants deny the allegations set forth in Paragraph 84 of Plaintiff's First Amended Complaint and demand strict proof thereof.

85.     The State Board Defendants deny the allegations set forth in Paragraph 85 of Plaintiff's First Amended Complaint and demand strict proof thereof.

86.     The State Board Defendants deny the allegations set forth in Paragraph 86 of Plaintiff's First Amended Complaint and demand strict proof thereof.

87.     The State Board Defendants deny the allegations set forth in Paragraph 87 of Plaintiff's First Amended Complaint and demand strict proof thereof.

## CLAIMS FOR RELIEF

### COUNT I
Violation of Title IX
20 U.S.C. § 1681, *et seq.*
Plaintiff against the State of West Virginia, the State Board of Education, the County Board of Education, and the School Activities Commission

88.     With respect to the allegations set forth in Paragraph 88 of Plaintiff's First Amended Complaint, the State Board Defendants incorporate by reference their answers to each and every allegation set forth in Paragraphs 1 through 87 of Plaintiff's First Amended Complaint as if fully set forth verbatim herein.  The State Board Defendants further admit that Plaintiff brings this Count against the State Board of Education, the County Board of Education, the State of West Virginia, and the School Activities Commission.

89.     With respect to the allegations set forth in Paragraph 89 of Plaintiff's First Amended Complaint, the State Board Defendants aver that Title IX speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

90.     With respect to the allegations set forth in Paragraph 90 of Plaintiff's First Amended Complaint, the State Board Defendants admit that the State Board of Education and the County

Board of Education are governmental entities focused on education and receiving federal financial assistance and deny the remaining allegations set forth therein and demand strict proof thereof.

91.     The State Board Defendants deny the allegations set forth in Paragraph 91 of Plaintiff's First Amended Complaint and demand strict proof thereof.

92.     The State Board Defendants deny the allegations set forth in Paragraph 92 of Plaintiff's First Amended Complaint and demand strict proof thereof.

93.     The State Board Defendants deny the allegations set forth in Paragraph 93 of Plaintiff's First Amended Complaint and demand strict proof thereof.

94.     With respect to the allegations set forth in Paragraph 94 of Plaintiff's First Amended Complaint, the State Board Defendants aver that Title IX speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

95.     With respect to the allegations set forth in Paragraph 95 of Plaintiff's First Amended Complaint, the State Board Defendants aver that Title IX and its regulations speak for themselves and further assert that the allegations set forth therein consist of legal conclusions and references to legal authorities to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

96.     With respect to the allegations set forth in Paragraph 96 of Plaintiff's First Amended Complaint, the State Board Defendants aver that Title IX and its regulations speak for themselves and further assert that the allegations set forth therein consist of legal conclusions and references to legal authorities to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

97.     The State Board Defendants deny the allegations set forth in Paragraph 97 of Plaintiff's First Amended Complaint and demand strict proof thereof.

98.     The State Board Defendants deny the allegations set forth in Paragraph 98 of Plaintiff's First Amended Complaint and demand strict proof thereof.

99.     The State Board Defendants deny the allegations set forth in Paragraph 99 of Plaintiff's First Amended Complaint and demand strict proof thereof.

**COUNT II**
Deprivation of Equal Protection
U.S. Const. Amend. XIV
Plaintiff against W. Clayton Burch, Dora Stutler, School Activities Commission, and Patrick Morrisey

100.     With respect to the allegations set forth in Paragraph 100 of Plaintiff's First Amended Complaint, the State Board Defendants incorporate by reference their answers to each and every allegation set forth in Paragraphs 1 through 99 of Plaintiff's First Amended Complaint as if fully set forth verbatim herein.  The State Board Defendants further admit that Plaintiff brings this Count against the State Superintendent W. Clayton Burch in his official capacity, Harrison County Superintendent Dora Stutler in her official capacity, and the School Activities Commission and deny the remaining allegations set forth therein and demand strict proof thereof.

101.     With respect to the allegations set forth in Paragraph 101 of Plaintiff's First Amended Complaint, the State Board Defendants aver that Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983 speak for themselves and further assert that the allegations set forth therein consist of legal conclusions and references to legal authorities to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

102.     With respect to the allegations set forth in Paragraph 102 of Plaintiff's First Amended

Complaint, the State Board Defendants aver that Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983 speak for themselves and further assert that the allegations set forth therein consist of legal conclusions and references to legal authorities to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

103.     With respect to the allegations set forth in Paragraph 103 of Plaintiff's First Amended Complaint, the State Board Defendants aver that Equal Protection Clause of the Fourteenth Amendment speaks for itself and further assert that the allegations set forth therein consist of legal conclusions and references to a legal authority to which no response is necessary.  To the extent that a response is deemed necessary, the State Board Defendants deny the same and demand strict proof thereof.

104.     The State Board Defendants deny the allegations set forth in Paragraph 104 of Plaintiff's First Amended Complaint and demand strict proof thereof.

105.     The State Board Defendants deny the allegations set forth in Paragraph 105 of Plaintiff's First Amended Complaint and demand strict proof thereof.

106.     The State Board Defendants deny the allegations set forth in Paragraph 106 of Plaintiff's First Amended Complaint and demand strict proof thereof.

107.     The State Board Defendants deny the allegations set forth in Paragraph 107 of Plaintiff's First Amended Complaint and demand strict proof thereof.

108.     The State Board Defendants deny the allegations set forth in Paragraph 108 of Plaintiff's First Amended Complaint and demand strict proof thereof.

109.     The State Board Defendants deny the allegations set forth in Paragraph 109 of Plaintiff's First Amended Complaint and demand strict proof thereof.

110.   The State Board Defendants deny the allegations set forth in Paragraph 110 of Plaintiff's First Amended Complaint and demand strict proof thereof.

## PRAYER FOR RELIEF

111.   The State Board Defendants deny that Plaintiff is entitled to any of the relief demanded in the PRAYER FOR RELIEF and the WHEREFORE clause of Plaintiff's First Amended Complaint and demand strict proof thereof.   The State Board Defendants further aver that Plaintiff has not suffered any damages.

112.   The State Board Defendants deny each and every allegation set forth in Plaintiff's First Amended Complaint that is not specifically admitted herein and demand strict proof thereof.

## <u>THIRD AFFIRMATIVE DEFENSE</u>

The State Board Defendants hereby invoke any and all affirmative defenses and immunities applicable in the defense of the claims asserted in Plaintiff's First Amended Complaint as may be relevant, pertinent, and/or justified and established by the facts and circumstances of this action. Such affirmative defenses are contemplated and/or set forth in Rules 8, 9, and 12 of the *Federal Rules of Civil Procedure* and any and all other matters constituting an avoidance of liability and/or affirmative defense as contemplated by Rules 8, 9, and 12 of the *Federal Rules of Civil Procedure,* including the following affirmative defenses: accord and satisfaction, advice of counsel, arbitration and award, assumption of risk, contributory negligence, comparative negligence, superseding/intervening cause, discharge in bankruptcy, duress, estoppel, collateral estoppel, equitable estoppel, failure of consideration, failure of consideration, fraud, illegality, injury by fellow servant, doctrine of laches, license, payment, release, res judicata, statute of frauds, statute of limitations, statute of repose, sophisticated user, waiver, unclean hands, lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of

service of process, failure to state a claim upon which relief can be granted, failure to join an indispensable party, and any and all other matters constituting an avoidance of liability and/or affirmative defense.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action against the State Board Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the State Board Defendants are not ripe for judicial review.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensable parties.

### SEVENTH AFFIRMATIVE DEFENSE

Sovereign immunity under the Eleventh Amendment bars any judgment against the State Board Defendants, including injunctive relief, declaratory relief, monetary damages, attorney's fees, and/or costs under 42 U.S.C. § 1988.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover attorney's fees and/or costs under 42 U.S.C. § 1988.

### NINTH AFFIRMATIVE DEFENSE

No government action occurred in relation to Plaintiff's claims against W. Va. Code § 18-2-25d.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are contrary to the sovereign interests of the State under the Tenth Amendment.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint is barred, in whole or part, because the relief sought

exceeds that authorized by law.

### TWELFTHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent the First Amended Complaint seeks damages in excess of the maximum available under applicable law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a claim for which attorney's fees and/or costs are recoverable.

### FOURTEENTH AFFIRMATIVE DEFENSE

The State Board Defendants have not discriminated against Plaintiff on the basis of sex and/or transgender status.

### FIFTEENTH AFFIRMATIVE DEFENSE

The State Board Defendants have not engaged in any action that violated any rights, statutes, laws, rules, regulations, policies,  standards, or duties whatsoever with respect to Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

The State Board Defendants are not liable for any acts or omissions of the other Defendants or their agents and/or employees.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The State Board Defendants hereby invoke any and all affirmative defenses and immunities or defenses available under Federal and West Virginia constitutional, statutory, and common law.

### EIGHTENTH AFFIRMATIVE DEFENSE

The State Board Defendants reserve the right to amend their Answer to Plaintiff's First Amended Complaint and to assert any additional affirmative defenses that may be deemed necessary through discovery or investigation of the claims made the subject of Plaintiff's First Amended

Complaint.

## NINTEENTH AFFIRMATIVE DEFENSE

The State Board Defendants reserve the right to file such cross-claims, counterclaims, third-party complaints, and other pleadings as may be revealed to be appropriate through discovery, as well as reserving the right to seek contribution and/or indemnification and/or offset against a party or other person/entity, as they may prove appropriate.

## JURY DEMAND

The State Board Defendants demand a trial by jury on all issues so triable.

**WHEREFORE**, having fully responded to Plaintiff's First Amended Complaint, the State Board Defendants hereby request that this Honorable Court enter an Order dismissing Plaintiff's First Amended Complaint against them, with prejudice, awarding their attorney's fees and costs expended in the defense of Plaintiff's First Amended Complaint, and granting them such other relief deemed just and proper.

**WEST VIRGINIA STATE BOARD OF EDUCATION and W. CLAYTON BURCH**

**By Counsel,**

 **/s/ Kelly C. Morgan**
**Kelly C. Morgan (WV Bar #9519)**
**Kristen V. Hammond (WV Bar #9727)**
**Michael W. Taylor (WV Bar #11715)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**khammond@baileywyant.com**
**mtaylor@baileywyant.com**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**B.P.J., by her next friend and mother, HEATHER
JACKSON,**

    **Plaintiff,**

**v.**

**WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent, DORA
STUTLER, in her official capacity as Harrison
County Superintendent, and THE STATE OF
WEST VIRGINIA,**

    **Defendants,**

**and**

**LAINEY ARMISTEAD,**

    **Defendant-Intervenor.**

**Civil Action No. 2:21-cv-00316
Honorable Joseph R. Goodwin**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on December 15, 2021, the foregoing **"Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch's Answer to Plaintiff's First Amended Complaint"** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Loree Stark
American Civil Liberties Union of West Virginia Foundation
405 Capitol St., Suite 507
P.O. Box 3952
Charleston, WV 25339-3952
lstark@acluwv.org
*Counsel for Plaintiff*

Avatara Smith-Carrington
Lambda Legal
3500 Oak Lawn Ave., Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org
*Counsel for Plaintiff*

Carl Charles
Tara Borelli
Lambda Legal
158 West Ponce De Leon Ave., Suite 105
Atlanta, GA 30030
ccharles@lambdalegal.org
*Counsel for Plaintiff*

Sruti Swaminathan
Lambda Legal
120 Wall St., 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org
*Counsel for Plaintiff*

Joshua Block
Meredith Taylor Brown
Chase Strangio
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
jblock@aclu.org
*Counsel for Plaintiff*

Kathleen Hartnett
Julie Veroff
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
khartnett@cooley.com
*Counsel for Plaintiff*

Elizabeth Reinhardt
Cooley LLP
500 Boylston St., 14th Floor
Boston, MA 02116
ereinhardt@cooley.com
*Counsel for Plaintiff*

2

Andrew Barr
Cooley LLP
1144 15th St., Suite 2300
Denver, CO 80202
abarr@cooley.com
*Counsel for Plaintiff*

Katelyn Kang
Cooley LLP
55 Hudson Yards
New York, NY 10001
kkang@cooley.com
*Counsel for Plaintiff*

Roberta F. Green
Anthony E. Nortz
Shuman McCuskey & Slicer PLLC
P.O. Box 3953
Charleston, WV 25339-3953
rgreen@Shumanlaw.com
*Counsel for Defendant West Virginia Secondary School Activities Commission*

Susan L. Deniker
Jeffrey M. Cropp
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
susan.deniker@steptoe-johnson.com
*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

Douglas P. Buffington, II
Curtis R. A. Capehart
David C. Tryon
Jessica A. Lee
Office of the West Virginia Attorney General
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Curtis.R.A.Capehart@wvago.gov
*Counsel for Defendant State of West Virginia Attorney*

Brandon S. Steele
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Dr., Suite 100
Beckley, WV 25801
bsteelelawoffice@gmail.com

*Counsel for Defendant-Intervenor Lainey Armistead*
Jonathan Scruggs
Alliance Defending Freedom
15100 N. 90th St.
Scottsdale, AZ 85260
jscruggs@adflegal.org
*Counsel for Defendant-Intervenor Lainey Armistead*

Christiana M. Holcomb
Alliance Defending Freedom
440 First St., NW, Suite 600
Washington DC 20001
cholcomb@adflegal.org
*Counsel for Defendant-Intervenor Lainey Armistead*

Timothy D. Ducar
Law Offices of Timothy D. Ducar
7430 E. Butherus Dr., Suite E
Scottsdale, AZ 85260
orders@azlawyers.com
*Counsel for Defendant-Intervenor Lainey Armistead*

Whitney M. Pellegrino
Aria S. Vaughan
Michelle L. Tucker
Amanda K. Dallo
United States Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave., NW
4CON, 10th Floor
Washington, DC 20530
Aria.Vaughan@usdoj.gov
*Counsel for United States of America*

Fred B. Westfall, Jr.
Jennifer M. Mankins
United States Attorney's Office
300 Virginia Street East, Room 4000
Charleston, WV 25301
Fred.Westfall@usdoj.gov
*Counsel for United States of America*

4

 /s/ Kelly C. Morgan
Kelly C. Morgan (WV Bar #9519)
Kristen V. Hammond (WV Bar #9727)
Michael W. Taylor (WV Bar #11715)
Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
P.O. Box 3710
Charleston, WV 25337-3710
Telephone: 304.345.4222
Facsimile: 304.343.3133
kmorgan@baileywyant.com
khammond@baileywyant.com
mtaylor@baileywyant.com