IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

*Plaintiff*,

v.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,

*Defendants*.

**DEFENDANTS HARRISON COUNTY BOARD OF EDUCATION
AND DORA STUTLER'S ANSWER TO
<u>FIRST AMENDED COMPLAINT</u>**

For their Answer to the First Amended Complaint, Defendants Harrison County

Board of Education and Dora Stutler (collectively, the "County Board Defendants") state as

follows:

*First Defense*

The First Amended Complaint fails, in whole or in part, to state a claim upon which

relief may be granted.

*Second Defense*

The County Board Defendants respond to the specific allegations of the First

Amended Complaint as follows:

## INTRODUCTION

1.      The County Board Defendants admit that B.P.J. is 11 years old, admit that B.P.J. identifies as a girl and admit that B.P.J. started middle school in the fall of 2021.  Upon information and belief, the County Board Defendants admit that B.P.J. wants to continue playing sports in middle school by participating on the girls' cross country and track teams.  The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the First Amended Complaint.

2.      The allegations in Paragraph 2 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, H.B. 3293 speaks for itself.  Upon information and belief, the County Board Defendants admit that H.B. 3293 was passed in April 2021.  The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the First Amended Complaint.

3.      The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the First Amended Complaint.

4.      The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that "[i]f allowed to go into effect, H.B. 3293 will cause severe and entirely unnecessary harms and distress to B.P.J. and other girls who are transgender – an already vulnerable group of people subject to a history of discrimination that continues to this day."  The remaining allegations in Paragraph 4 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the County Board Defendants deny the remaining allegations in Paragraph 4 of the First Amended Complaint.

5.      Upon information and belief, the County Board Defendants understand that Plaintiff is seeking declaratory and injunctive relief from this Court.  The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the First Amended Complaint.

## PARTIES

**Plaintiff**

6.      Upon information and belief, the County Board Defendants admit the allegations in Paragraph 6 of the First Amended Complaint.

**Defendants**

7.      The County Board Defendants admit that Defendant West Virginia State Board of Education is located in Kanawha County.  The remaining allegations in Paragraph 7 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the stated legal authorities speak for themselves.

8.      The County Board Defendants admit that Defendant West Virginia Secondary School Activities Commission is located in Wood County.  The allegations in Paragraph 8 of the First Amended Complaint regarding West Virginia Code § 18-2-5 state a legal conclusion to which no response is required.  To the extent a response is required, the stated legal authority speak for itself.  The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the First Amended Complaint.

9.      The County Board Defendants deny that the County Board of Education has delegated all of its control, supervision and regulation of Bridgeport Middle School's interscholastic activities to the School Activities Commission as alleged in Paragraph 9 of the First Amended Complaint.  The allegations in Paragraph 9 regarding West Virginia statutes state legal

conclusions to which no response is required.  To the extent that a response is required, the stated legal authorities speak for themselves.  The County Board Defendants admit that the Harrison County Board of Education is the governing body of Harrison County public schools, which includes Bridgeport Middle School, and that the County Board exercises control, supervision and regulation of Bridgeport Middle School's interscholastic athletics unless it delegates that control.

10.     Upon information and belief, the County Board Defendants deny that W. Clayton Burch executes his official duties in Wood County.  The County Board Defendants admit the remaining allegations in Paragraph 10 of the First Amended Complaint.

11.     The County Board Defendants admit the allegations in Paragraph 11 of the First Amended Complaint.

12.     The allegation that "[t]he Attorney General is the state officer in charge of enforcing all state laws in West Virginia, including H.B. 3293" states a legal conclusion to which no response is required.  To the extent a response is required, West Virginia Code § 5-3-2 and H.B. 3293 speaks for themselves.  The County Board Defendants admit the remaining allegations in Paragraph 12 of the First Amended Complaint.

13.     The County Board Defendants admit that the "State of West Virginia, by its Attorney General Defendant Morrisey, moved to intervene on June 17, 2021," and admit that the motion was granted on June 18, 2021.  The remaining allegations in Paragraph 13 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the First Amended Complaint.

**JURISDICTION AND VENUE**

14.     The County Board Defendants admit the allegations in Paragraph 14 of the First Amended Complaint.

15.     The County Board Defendants admit the allegations in Paragraph 15 of the First Amended Complaint.

16.     The County Board Defendants admit the allegations in Paragraph 16 of the First Amended Complaint.

17.     The County Board Defendants deny that the cited rule and legal authorities mention permanent injunctive relief.   The County Board Defendants admit the remaining allegations in Paragraph 17 of the First Amended Complaint.

18.     The County Board Defendants deny that they engaged in any conduct that denied Plaintiff's rights under the United States Constitution and the laws of the United States. The County Defendants admit the remaining allegations in Paragraph 18 of the First Amended Complaint.

**FACTUAL ALLEGATIONS**

A.     **Gender Identity and Gender Dysphoria**

19.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the First Amended Complaint.

20.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the First Amended Complaint.

21.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the First Amended Complaint.

22.     Upon information and belief, the County Board Defendants admit the allegations in Paragraph 22 of the First Amended Complaint.

23.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the First Amended Complaint.

24.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the First Amended Complaint.

25.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the First Amended Complaint.

26.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the First Amended Complaint.

27.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the First Amended Complaint.

28.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the First Amended Complaint.

29.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the First Amended Complaint.

**B.     B.P.J.'s Gender, Medical Treatment, and Participation in Sports.**

30.     Upon information and belief, the County Board Defendants admit the allegations in Paragraph 30 of the First Amended Complaint.

31.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the First Amended Complaint.

32.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the First Amended Complaint.

33.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the First Amended Complaint.

34.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that B.P.J. comes from a family of runners. The County Board Defendants deny that the girls' track team tryouts at Bridgeport Middle School began on August 2, 2021. Upon information and belief, the County Board Defendants admit the remaining allegations in Paragraph 34 of the First Amended Complaint.

35.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the First Amended Complaint.

36.    The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the First Amended Complaint.

37.    The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the First Amended Complaint.

**C.    Participation of B.P.J. and Other Transgender Youth in School-Sponsored Athletics.**

38.    The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the First Amended Complaint.

39.    The County Board Defendants deny the allegations in Paragraph 39 of the First Amended Complaint.

40.    The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the First Amended Complaint.

41.    The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the First Amended Complaint.

42.    The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the First Amended Complaint.

D.      **H.B. 3293**

1.      **H.B. 3293's Introduction, Debate, Amendment, and Enactment**

43.     The County Board Defendants admit the allegations in Paragraph 43 of the First Amended Complaint.

44.     Upon information and belief, the County Board Defendants admit the allegations in Paragraph 44 of the First Amended Complaint.

45.     Upon information and belief, the County Board Defendants admit that H.B. 3293 was introduced in the West Virginia House of Delegates in March 2021, and admit that Delegate Caleb Hanna is designated as the "lead" sponsor of the bill on the West Virginia Legislature's website.  The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the First Amended Complaint.

46.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the First Amended Complaint.

47.     Upon information and belief, the County Board Defendants admit that Delegate Jordan Bridges made a comment that "this country is going down hill [sic] fast."  The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the First Amended Complaint.

48.     Upon information and belief, the County Board Defendants admit the allegations in Paragraph 48 of the First Amended Complaint but assert that the requirement regarding the submission of an affidavit and a signed physician's statement arose if a certified copy of the birth certificate could not be obtained.  The submission of the affidavit and a signed

physician's statement was not limited to the situation when a birth certificate did not reflect the individual's "sex at time of birth."

49.     Upon information and belief, the County Board Defendants admit the allegations in Paragraph 49 of the First Amended Complaint.

50.     Upon information and belief, the County Board Defendants admit the allegations in Paragraph 50 of the First Amended Complaint.

51.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the First Amended Complaint.

52.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the First Amended Complaint.

53.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that the Judiciary Committee was the committee that amended H.B. 3293.  Upon information and belief, the County Board Defendants admit the remaining allegations in Paragraph 53 of the First Amended Complaint but believe that the hearing before the Judiciary Committee occurred on March 19, 2021.

54.     Upon information and belief, the County Board Defendants admit that H.B. 3293 passed out of the Judiciary Committee.   The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the First Amended Complaint.

55.     Upon information and belief, the County Board Defendants admit that Delegate Joe Ellington was a sponsor of H.B. 3293.  The County Board Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the First Amended Complaint.

56.     Upon information and belief, the County Board Defendants admit that Delegate Margitta Mazzocchi was a co-sponsor of H.B. 3293.  The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 of the First Amended Complaint.

57.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the First Amended Complaint.

58.     Upon information and belief, the County Board Defendants admit the allegations in Paragraph 58 of the First Amended Complaint.

59.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the First Amended Complaint.

60.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the First Amended Complaint.

61.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the First Amended Complaint.

62.     Upon information and belief, the County Board Defendants admit the allegations in Paragraph 62 of the First Amended Complaint but believe that H.B. 3293 passed the Senate floor on April 8, 2021.

63.     Upon information and belief, the County Board Defendants admit the allegations in Paragraph 63 of the First Amended Complaint.

64.     Upon information and belief, the County Board Defendants admit that Governor Justice made the quoted comments during an interview on April 30, 2021.  The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 of the First Amended Complaint.

**2.   H.B. 3293 As Enacted**

65.     Upon information and belief, the County Board Defendants admit the allegations in Paragraph 65 of the First Amended Complaint.

66.     The allegations in Paragraph 66 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, H.B. 3293 speaks for itself.

67.     The allegations in Paragraph 67 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, H.B. 3293 speaks for itself.

68.     The allegations in Paragraph 68 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, H.B. 3293 speaks for itself.

69.     The allegations in Paragraph 69 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, H.B. 3293 speaks for itself.

70.     The allegations in Paragraph 70 of the First Amended Complaint regarding H.B. 3293 state a legal conclusion to which no response is required.  To the extent a response is required, H.B. 3293 speaks for itself.  The County Board Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 of the First Amended Complaint.

71.     The allegations in Paragraph 71 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, H.B. 3293 speaks for itself.

72.     The allegations in Paragraph 72 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, H.B. 3293 speaks for itself.

73.     As drafted, the County Board Defendants do not understand the allegations in Paragraph 73 of the First Amended Complaint, and as a result, the County Board Defendants deny the allegations in Paragraph 73 of the First Amended Complaint.

### 3.  H.B. 3293 Excludes Girls Who Are Transgender Based on Their Transgender Status – Not Based on Purported Athletic Advantages

74.     The County Board Defendants deny the allegations in Paragraph 74 of the First Amended Complaint.

75.     The allegations in Paragraph 75 of the First Amended Complaint regarding H.B. 3293 state a legal conclusion to which no response is required.  To the extent a response is required, H.B. 3293 speaks for itself.  The County Board Defendants deny the remaining allegations in Paragraph 75 of the First Amended Complaint.

76.     The allegations in Paragraph 76 of the First Amended Complaint regarding H.B. 3293 state a legal conclusion to which no response is required.  To the extent a response is required, H.B. 3293 speaks for itself.  The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 of the First Amended Complaint.

77.     The allegations in Paragraph 77 of the First Amended Complaint regarding H.B. 3293 state a legal conclusion to which no response is required.  To the extent a response is required, H.B. 3293 speaks for itself.  The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 of the First Amended Complaint.

**E.      H.B. 3293 Harms B.P.J. and Other Girls Who Are Transgender**

78.     The allegations in Paragraph 78 of the First Amended Complaint regarding H.B. 3293 state a legal conclusion to which no response is required.  To the extent a response is required, H.B. 3293 speaks for itself.  The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the First Amended Complaint.

79.     The County Board Defendants deny the allegations in Paragraph 79 of the First Amended Complaint.

80.     The County Board Defendants deny the allegations in Paragraph 80 of the First Amended Complaint.

81.     The County Board Defendants admit that Plaintiff began attending Bridgeport Middle School in the Fall of 2021, and admit that, during a meeting on May 18, 2021 with Plaintiff and her mother, there was a discussion about Plaintiff's participation in athletics and the potential implication that H.B. 3293 had on her participation.  The County Board Defendants deny the remaining allegations in Paragraph 81 of the First Amended Complaint.

82.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the First Amended Complaint.

83.     The County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the First Amended Complaint.

84.     The County Board Defendants deny the allegations in Paragraph 84 of the First Amended Complaint.

85.     The County Board Defendants deny the allegations in Paragraph 85 of the First Amended Complaint.

86.     The County Board Defendants deny the allegations in Paragraph 86 of the First Amended Complaint.

87.     The County Board Defendants deny the allegations in Paragraph 87 of the First Amended Complaint.

## CLAIMS FOR RELIEF

## COUNT I

### Violation of Title IX

20 U.S.C. § 1681, et seq.

Plaintiff against the State of West Virginia, the State Board of Education, the County Board of Education, and the School Activities Commission

88.     The County Board Defendants restate and reincorporate by reference their responses to Paragraphs 1 through 87 of the First Amended Complaint as if set forth herein verbatim.  The County Board Defendants understand that Plaintiff is bringing this Count against the State Board of Education, the County Board of Education, the State of West Virginia, and the School Activities Commission.

89.     The allegations in Paragraph 89 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Title IX speaks for itself.

90.     The allegations in Paragraph 90 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the County Board Defendants admit the allegations in Paragraph 90 of the First Amended Complaint.

91.     The allegations in Paragraph 91 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the First Amended Complaint.

92.     The allegations in Paragraph 92 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the County Board Defendants admit that the School Activities Commission has some authority over secondary school athletics but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92 of the First Amended Complaint.

93.     The allegations in Paragraph 93 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the County Board Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the First Amended Complaint.

94.     The allegations in Paragraph 94 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the County Board Defendants state that Title IX does not specifically address discrimination against transgender students and deny that they engaged in any form of illegal discrimination.

95.     The allegations in Paragraph 95 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Title IX and its regulations speak for themselves.

96.     The allegations in Paragraph 96 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Title IX and its regulations speak for themselves.

97.     The County Board Defendants deny the allegations in Paragraph 97 of the First Amended Complaint.

98.     The County Board Defendants deny the allegations in Paragraph 98 of the First Amended Complaint.

99.     The County Board Defendants deny the allegations in Paragraph 99 of the First Amended Complaint.

## COUNT II

### Deprivation of Equal Protection

U.S. Const. Amend. XIV

Plaintiff against W. Clayton Burch, Dora Stutler, School Activities Commission, and Patrick Morrisey

100.     The County Board Defendants restate and reincorporate by reference their responses to Paragraphs 1 through 99 of the First Amended Complaint as if set forth herein verbatim.  The County Board Defendants understand that Plaintiff is bringing this Count against State Superintendent W. Clayton Burch in his official capacity, Harrison County Superintendent Dora Stutler in her official capacity, the School Activities Commission, and Attorney General Patrick Morrisey in his official capacity.

101.    The allegations in Paragraph 101 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, 42 U.S.C. § 1983 and Section 1 of the Fourteenth Amendment of the United States Constitution speak for themselves.

102.    The allegations in Paragraph 102 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution speaks for themselves.

103.    The County Board Defendants deny the allegations in Paragraph 103 of the First Amended Complaint.

104.    The County Board Defendants deny the allegations in Paragraph 104 of the First Amended Complaint.

105.    The County Board Defendants deny the allegations in Paragraph 105 of the First Amended Complaint.

106.    The County Board Defendants deny the allegations in Paragraph 106 of the First Amended Complaint.

107.    The County Board Defendants deny the allegations in Paragraph 107 of the First Amended Complaint.

108.    The County Board Defendants deny the allegations in Paragraph 108 of the First Amended Complaint.

109.    The County Board Defendants deny the allegations in Paragraph 109 of the First Amended Complaint.

110.    The County Board Defendants deny the allegations in Paragraph 110 of the First Amended Complaint.

The County Board Defendants deny the allegations in the WHEREFORE clause and its subparagraphs A. through G.

The County Board Defendants deny each and every allegation contained in the First Amended Complaint not specifically admitted above.

### Third Defense

The County Board Defendants reserve the right to raise the affirmative defense that Plaintiff's damages, if any, should be reduced by reason of her failure to take reasonable steps to mitigate them.

### Fourth Defense

Plaintiff has suffered no compensable damages.

### Fifth Defense

The County Board Defendants have not engaged in any conduct which violated Plaintiff's rights under any federal or state law or under any federal or state constitutional provision.

### Sixth Defense

The County Board Defendants' actions were in good faith, in conformity with applicable statutes, laws, and regulations, and based upon the reasonable belief that the County Board Defendants were in compliance with all applicable laws; therefore, Plaintiff cannot prove a willful violation of any statute or constitutional provision.

### Seventh Defense

The County Board Defendants acted at all times in good faith and on the basis of reasonable and legitimate factors.

### Eighth Defense

All damages and/or losses suffered, if any, were solely and proximately caused by acts or omissions over which the County Board Defendants have no control, and as such, recovery from the County Board Defendants is barred.

### Ninth Defense

The County Board Defendants reserve the right to assert that they entitled to immunity from Plaintiff's claims.

### Tenth Defense

To the extent Plaintiff asserts that she is seeking punitive damages, the County Board Defendants reserve the right to assert that Plaintiff is not entitled to recover punitive damages against the County Board Defendants.

### Eleventh Defense

The County Board Defendants assert that H.B. 3293 was drafted and enacted by the West Virginia legislature and signed by the West Virginia Governor.  H.B. 3293 was not adopted or promulgated by the County Board Defendants.  As a result, the County Board Defendants assert that they cannot be liable if the Court finds that H.B. 3293 violates Plaintiff's rights.

### Twelfth Defense

The County Board Defendants assert that if the Court finds in favor of Plaintiff, any award assessed against Superintendent Stutler is the responsibility of the State, not the Harrison County Board of Education, as she would be acting as a State, not a County, official in being required to enforce H.B. 3293.

### *Thirteenth Defense*

The County Board Defendants hereby incorporate by reference each and every affirmative defense available to them pursuant to Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, which discovery might reveal appropriate and reserve the right to assert additional affirmative defenses as the claims are clarified under the course of this litigation.

WHEREFORE, the County Board Defendants respectfully request that this Court dismiss Plaintiff's First Amended Complaint in its entirety and award the County Board Defendants reasonable attorneys' fees and costs, and such other relief as the Court deems just and proper.

Dated this the 15th day of December, 2021.

STEPTOE & JOHNSON PLLC
    OF COUNSEL

*/s/ Susan L. Deniker*
Susan L. Deniker      (WV ID #7992)
Jeffrey M. Cropp      (WV ID #8030)
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000

*Counsel for Defendants Harrison County Board
of Education and Dora Stutler*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

*Plaintiff*,

v.                                                  Civil Action No. 2:21-cv-00316
                                                    Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,

*Defendants*.

## CERTIFICATE OF SERVICE

I hereby certify that on 15th day of December, 2021, I electronically filed the

foregoing "Defendants Harrison County Board Of Education and Dora Stutler's Answer to First

Amended Complaint" with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to the following counsel of record:

| | |
|---|---|
| **Joshua A. Block, Esquire** | **Kathleen R. Hartnett, Esquire** |
| **Taylor Brown, Esquire** | **Julie Veroff, Esquire** |
| AMERICAN CIVIL LIBERTIES UNION | COOLEY LLP |
| FOUNDATION | 3 Embarcadero Center, 20th Floor |
| 125 Broad Street 18th Floor | San Francisco, CA 94111 |
| New York, NY 10004 | *Counsel for Plaintiff* |
| *Counsel for Plaintiff* | |
| **Loree Beth Stark, Esquire** | **Katelyn Kang, Esquire** |
| AMERICAN CIVIL LIBERTIES UNION OF | COOLEY LLP |
| WEST VIRGINIA FOUNDATION | 55 Hudson Yards |
| 405 Capitol Street Suite 507 | New York, NY 10001 |
| Charleston, WV 25301 | *Counsel for Plaintiff* |
| *Counsel for Plaintiff* | |

13792262.1

**Avatara A. Smith-Carrington, Esquire**
LAMBDA LEGAL
3500 Oak Lawn Avenue Suite 500
Dallas, TX 75219
*Counsel for Plaintiff*

**Carl Solomon Charles, Esquire**
**Tara L. Borelli, Esquire**
LAMBDA LEGAL
158 West Ponce De Leon Avenue, Suite 105
Decatur, GA 30030
*Counsel for Plaintiff*

**Sruti J. Swaminathan, Esquire**
LAMBDA LEGAL
120 Wall Street 19th Floor
New York, NY 10005
*Counsel for Plaintiff*

**Douglas P. Buffington, II, Esquire**
**Curtis R. Capehart, Esquire**
**David C. Tryon, Esquire**
WV ATTORNEY GENERAL'S OFFICE
State Capitol Complex
Building 1, Room 26E
1900 Kanawha Boulevard East
Charleston, WV 25305
*Counsel for Intervenor State of W. Va.*

**Brandon S. Steele, Esquire**
THE LAW OFFICES OF BRANDON S.
STEELE
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
*Counsel for Intervenor Lainey Armistead*

**Christiana Holcomb, Esquire**
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001

*Counsel for Intervenor Lainey Armistead*

**Elizabeth Reinhardt, Esquire**
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
*Counsel for Plaintiff*

**Andrew D. Barr, Esquire**
COOLEY LLP
1144 15th Street Suite 2300
Denver, CO 80202
*Counsel for Plaintiff*

**Kelly C. Morgan, Esquire**
**Kristen Vickers Hammond, Esquire**
**Michael W. Taylor, Esquire**
BAILEY & WYANT
PO Box 3710
Charleston, WV 25337-3710
*Counsel for Defendants WV State Board of
Education and W. Clayton Burch*
**Roberta F. Green, Esquire**
**Kimberly M. Bandy, Esquire**
SHUMAN McCUSKEY & SLICER
PO Box 3953
Charleston, WV 25339
*Counsel for Defendant WV Secondary School
Activities Commission*

**Jonathan Scruggs, Esquire**
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
*Counsel for Intervenor Lainey Armistead*

**Timothy D. Ducar, Esquire**
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ 85260
*Counsel for Intervenor Lainey Armistead*

13792262.1

/s/ Susan L. Deniker

Susan L. Deniker          (WV ID #7992)
Jeffrey M. Cropp          (WV ID #8030)

STEPTOE & JOHNSON PLLC
     OF COUNSEL

400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000

*Counsel for Defendants Harrison County Board of Education and Dora Stutler*