**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**B.P.J., by her next friend and mother,
HEATHER JACKSON,**

     **Plaintiff,**

**v.**                                        **Civil Action No. 2:21-cv-00316
Honorable Joseph R. Goodwin, Judge**

**WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISSION, W. CLAYTON BURCH
in his official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, and
THE STATE OF WEST VIRGINIA,**

     **Defendants,**

     **and**

**LAINEY ARMISTEAD,**

     **Intervenor Defendant.**

**DEFENDANT WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES
COMMISSION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

     **NOW COMES** Defendant West Virginia Secondary School Activities Commission

("WVSSAC"), incorrectly designated by Plaintiff as "School Activities Commission" (hereinafter

designated appropriately as "WVSSAC"), by counsel Roberta F. Green, Kimberly M. Bandy, and

Shuman McCuskey Slicer PLLC, and for its Answer to Plaintiff's First Amended Complaint states

and avers as follows:

**INTRODUCTION**

     1.     In response to Paragraph 1 of Plaintiff's First Amended Complaint, this Defendant

admits upon information and belief and upon Plaintiff's averments that B.P.J. is an 11-year-old

transgender female that started middle school in the fall of 2021. In further response to Paragraph 1 of Plaintiff's First Amended Complaint, to the extent that Plaintiff alleges that B.P.J. is a biological female, this Defendant denies the same upon information and belief and on Plaintiff's averments. In response to the remaining allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint, this Defendant lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same and demands strict proof thereof.

2.      In response to Paragraph 2 of Plaintiff's First Amended Complaint, this Defendant admits that the West Virginia Legislature passed H.B. 3293 in April 2021 which is codified at W.Va. Code § 18-2-25d. To the extent that the First Amended Complaint characterizes H.B. 3293, this Defendant states that the law speaks for itself.  This Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint and demands strict proof thereof.

3.      This Defendants lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

4.      Paragraph 4 of Plaintiff's First Amended Complaint states legal conclusions to which no response is required. In further response to Paragraph 4 of Plaintiff's First Amended Complaint, this Defendant denies that it has caused any harm, distress, or other damages to B.P.J. or other girls who are transgender and demands strict proof of any evidence to the contrary.

5.      In response to Paragraph 5 of Plaintiff's First Amended Complaint, this Defendant admits that B.P.J. seeks declaratory and injunctive relief from this Court.  In further response, this Defendant denies any and all allegations of wrongdoing, express or implied, raised against it in Paragraph 5 of Plaintiff's First Amended Complaint, denies that Plaintiff is entitled to declaratory and injunctive relief as against it, and demands strict proof thereof.

**PARTIES**

**Plaintiff**

6.      In response to Paragraph 6 of Plaintiff's First Amended Complaint, this Defendant admits upon information and belief and Plaintiff's averments that B.P.J. is an 11-year-old transgender female, that B.P.J. attends Bridgeport Middle School and is participating in girls' cross-country, and that B.P.J. brings this suit through her next friend and mother, Heather Jackson. In further response to Paragraph 6 of Plaintiff's First Amended Complaint, to the extent that Plaintiff alleges that B.P.J. is a biological female, this Defendant denies the same upon information and belief, and Plaintiff's averments. In response to the remaining allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint, this Defendant lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same and demands strict proof thereof.

7.      Paragraph 7 of Plaintiff's First Amended Complaint states legal conclusions to which no response is required. This Defendant further states that the case law and statutes cited by Plaintiff speak for themselves.

8.      The allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant avers that it is a private corporation, admits that its headquarters are located in Wood County, West Virginia, and admits that Bridgeport Middle School is a member school of WVSSAC. This Defendant further states that the statutory law cited by Plaintiff and the Rules and Regulations Handbook referenced in footnote 3 speak for themselves.

9.      The allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant admits that Bridgeport Middle School is a member school of WVSSAC and that the County Board of Education has designated some portions of its control and supervision

3

to WVSSAC. This Defendant denies the other allegations and representations set forth therein. This Defendant further states that the statutory law cited by Plaintiff speaks for itself.

10.     The allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant neither admits nor denies that W. Clayton Burch is the chief executive officer of the State Board of Education. This Defendant further states that the statutory law cited by Plaintiff speaks for itself.  In response to the allegation that Burch "executes his official duties in Wood County," this Defendant lacks sufficient information or knowledge to admit or deny the allegation and therefore denies the same and demands strict proof thereof.

11.     The allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant neither admits nor denies that Dora Stutler is the chief executive officer of the Harrison County Board of Education. This Defendant further states that the statutory law cited by Plaintiff speaks for itself.  In response to the allegation that Stutler "executes her official duties in Harrison County," this Defendant lacks sufficient information or knowledge to admit or deny the allegation and therefore denies the same and demands strict proof thereof.

12.     The allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant admits upon information and belief that Patrick Morrisey is the Attorney General of the State of West Virginia, whose office is located in the State Capitol Complex, Building 1, Room E-26, in Charleston, West Virginia. This Defendant further states that the statutory law cited by Plaintiff speaks for itself.  This Defendant admits that "State of West Virginia's Unopposed Motion to Intervene and For Proposed Response Deadline" was filed on June 17, 2021, and that the motion to intervene was granted on June 18, 2021.

13.     The allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required. This Defendant further states that the statutory law cited by Plaintiff speaks for itself.  This Defendant admits that "State of West Virginia's Unopposed Motion to Intervene and For Proposed Response Deadline" was filed on June 17, 2021, and that the motion to intervene was granted on June 18, 2021.

## JURISDICTION AND VENUE

14.     The allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

15.     The allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

16.     The allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant admits upon information and belief that the State Board of Education and the WVSSAC are located within the Charleston Division of the Southern District of West Virginia. In further response, this Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

17.     The allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required. This Defendant denies any and all allegations of wrongdoing, express or implied, raised against it in Paragraph 17 of Plaintiff's First Amended Complaint or elsewhere, and denies that Plaintiff is entitled to any such relief sought in Plaintiff's First Amended Complaint against this Defendant, and demands strict proof thereof.

18.     In response to the allegation contained in Paragraph 18 of Plaintiff's First Amended Complaint that Plaintiff's rights under the United States Constitution and the laws of the United

States have been violated by this Defendant, this Defendant denies the same and demands strict proof thereof. The remaining allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

### A.    Gender Identity and Gender Dysphoria.

19.    This Defendant lacks sufficient information or knowledge to admit or deny the representations and allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint regarding the precise components of "every individual's sex" and therefore denies the same and demands strict proof thereof.

20.    This Defendant lacks sufficient information or knowledge to admit or deny the representations and allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

21.    This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

22.    This Defendant lacks sufficient information or knowledge to admit or deny the representations and allegations in Paragraph 22 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

23.    This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

24.    This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

25.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

26.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

27.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

28.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

29.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

**B.      B.P.J.'s Gender, Medical Treatment, and Participation in Sports.**

30.     In response to the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint, this Defendant admits upon information and belief and Plaintiff's averments that B.P.J. is a transgender female. In further response to Paragraph 30 of Plaintiff's First Amended Complaint, to the extent that Plaintiff alleges that B.P.J. is a biological female, this Defendant denies the same upon information and belief and Plaintiff's averments.  This Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

31.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

32.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

33.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

34.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

35.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

36.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

37.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

C.      **Participation of B.P.J. and Other Transgender Youth in School-Sponsored Athletics.**

38.     In response to Paragraph 38 of Plaintiff's First Amended Complaint, this Defendant admits generally that participating in sports can offer a range of benefits to an individual. In response to the remaining specific allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint, this Defendant lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same and demands strict proof thereof.

39.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

40.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

41.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

42.     In response to Paragraph 42 of Plaintiff's First Amended Complaint, this Defendant on information and belief admits that the National Collegiate Athletic Association ("NCAA"), World Athletics, and the International Olympic Committee all allow transgender females to participate at some level in women's athletic events under certain circumstances. In response to the remaining allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint, this Defendant lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same and demands strict proof thereof.

9

D.      H.B. 3293

        1.      H.B. 3293's Introduction, Debate, Amendment and Enactment

43.     In response to the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint, this Defendant admits that it has adopted legislative rules in connection with a student's eligibility to participate in athletics at the secondary school level, which rules speak for themselves. The remainder of Paragraph 43 states legal conclusions to which no response is required.  To the extent a response is deemed required, this Defendant denies the remaining allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint and demands strict proof thereof.

44.     The allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

45.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

46.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

47.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

48.     In response to Paragraph 48 of Plaintiff's First Amended Complaint, this Defendant states that the language of H.B. 3293 as introduced speaks for itself.

49.     In response to Paragraph 49 of Plaintiff's First Amended Complaint, this Defendant states that the language of H.B. 3293 as introduced speaks for itself.

50.     In response to Paragraph 50 of Plaintiff's First Amended Complaint, this Defendant states that the language of H.B. 3293 as introduced speaks for itself.

51.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

52.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

53.     In response to Paragraph 53 of Plaintiff's First Amended Complaint, this Defendant states that the language of H.B. 3293 as amended speaks for itself. This Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

54.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

55.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

56.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

57.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 57 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

58.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

59.     In response to Paragraph 59 of Plaintiff's First Amended Complaint, this Defendant states that the language of H.B. 3293 as amended speaks for itself. This Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

60.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

61.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 61 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

62.     Upon information and belief, this Defendant admits the allegations contained in Paragraph 62 of Plaintiff's First Amended Complaint.

63.     Upon information and belief, this Defendant admits the allegations contained in Paragraph 63 of Plaintiff's First Amended Complaint.

64.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 64 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

## 2.    H.B. 3293 As Enacted

65.    Upon information and belief, this Defendant admits the allegations contained in Paragraph 65 of Plaintiff's First Amended Complaint.

66.    The allegations contained in Paragraph 66 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

67.    The allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

68.    The allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

69.    The allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

70.    In response to Paragraph 70 of Plaintiff's First Amended Complaint, this Defendant states that the language of H.B. 3293 speaks for itself. This Defendant avers that the remaining allegations contained in Paragraph 70 of Plaintiff's First Amended Complaint are a legal conclusion to which no response is required.

71.    In response to the allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint, this Defendant states that the language of H.B. 3293 speaks for itself.

72.    In response to the allegations contained in Paragraph 72 of Plaintiff's First Amended Complaint, this Defendant states that the language of H.B. 3293 speaks for itself. In further response, this Defendant admits that H.B. 3293 delegates authority to The State Board of Education to promulgate rules and to The Higher Education Policy Commission and the Council for Community and Technical College Education to promulgate emergency rules and propose rules for legislative approval to implement the provisions of W.Va. Code §18-2-25d. The remaining

allegations in Paragraph 72 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

73.     In response to Paragraph 73 of Plaintiff's First Amended Complaint, this Defendant admits that the medical history form that the WVSSAC requires students wishing to participate in school athletics to complete and submit to the school does not refer to sex or gender, nor does it require students to report their reproductive biology or genetics. This Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 73 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

### 3.     H.B. 3293 Excludes Girls Who Are Transgender Based on Their Transgender Status – Not Based on Purported Athletic Advantages

74.     The allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint constitute legal conclusions to which this Defendant need not respond.

75.     In response to the allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint, this Defendant states that the language of H.B. 3293 speaks for itself. In response to the allegation that "circulating testosterone" is "the only sex-related characteristic with any documented relationship to athletic ability," this Defendant lacks sufficient information or knowledge to admit or deny the allegation and therefore denies the same and demands strict proof thereof. The remaining allegations in Paragraph 75 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

76.     In response to the allegations contained in Paragraph 76 of Plaintiff's First Amended Complaint, this Defendant states that the language of H.B. 3293 speaks for itself. In response to the allegation that H.B. 3293 does not consider "factors that have any correlation with athletic ability," this Defendant lacks sufficient information or knowledge to admit or deny the

allegation and therefore denies the same and demands strict proof thereof. The remaining allegations in Paragraph 76 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

77.     In response to the allegations contained in Paragraph 77 of Plaintiff's First Amended Complaint, this Defendant states that the language of H.B. 3293 speaks for itself. In further response, the allegations in Paragraph 77 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant lacks sufficient information or knowledge to admit or deny the allegation and therefore denies the same and demands strict proof thereof.

**E.     H.B. 3293 Harms B.P.J. and Other Girls Who Are Transgender.**

78.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 78 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

79.     This Defendant denies the allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint and demands strict proof thereof.

80.     In response to Paragraph 80 of Plaintiff's First Amended Complaint, this Defendant admits that cross country running and track involve "competitive skill." This Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 80 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

81.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 81 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

82.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 82 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

83.     Paragraph 83 of Plaintiff's First Amended Complaint sets forth legal conclusions to which this Defendant need not respond.

84.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 84 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

85.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 85 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

86.     This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 86 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

87.     The allegations contained in Paragraph 87 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

### CLAIMS FOR RELIEF

### COUNT I
Violation of Title IX
20 U.S.C. § 1681, *et seq.*
Plaintiff against the State of West Virginia, the State Board of Education, the County Board of Education, and the School Activities Commission

88.     This Defendant restates and reincorporates its responses to Paragraphs 1 through 87 of Plaintiff's First Amended Complaint as if fully set forth herein.

89.     In response to the allegations contained in Paragraph 89 of Plaintiff's First Amended Complaint, this Defendant states that the language of the statute speaks for itself.

90.     The allegations contained in Paragraph 90 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

91.     This Defendant denies the allegations contained in Paragraph 91 of Plaintiff's First Amended Complaint and demands strict proof thereof.

92.     The allegations contained in Paragraph 92 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

93.     In response to the allegations contained in Paragraph 93 of Plaintiff's First Amended Complaint, this Defendant on information and belief denies that it is "a controlling authority over a federally funded program" and demands strict proof thereof. The remaining allegations contained in Paragraph 93 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

94.     The allegations contained in Paragraph 94 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

95.     In response to the allegations contained in Paragraph 95 of Plaintiff's First Amended Complaint, this Defendant states that the language of Title IX and the implementing regulations speak for themselves. In further response, this Defendant states that the allegations contained in Paragraph 95 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant denies the same and demands strict proof thereof.

96.     In response to the allegations contained in Paragraph 96 of Plaintiff's First Amended Complaint, this Defendant states that the language of Title IX and the implementing regulations speak for themselves. In further response, this Defendant states that the allegations contained in Paragraph 96 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

97.     The allegations contained in Paragraph 97 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

98.     The allegations contained in Paragraph 98 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

99.     This Defendant denies the allegations contained in Paragraph 99 and demands strict proof thereof.

**COUNT II**
Deprivation of Equal Protection
U.S. Const. Amend. XIV
Plaintiff against W. Clayton Burch, Dora Stutler, School Activities Commission, and Patrick Morrisey

100.    This Defendant restates and reincorporates its responses to Paragraphs 1 through 99 of Plaintiff's First Amended Complaint as if fully set forth herein.

101.    In response to the allegations contained in Paragraph 101 of Plaintiff's First Amended Complaint, this Defendant states that the language of the Fourteenth Amendment speaks for itself. In further response, the allegations contained in Paragraph 101 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

102.    This Defendant denies the allegations relative to WVSSAC contained in Paragraph 102 of Plaintiff's First Amended Complaint and demands strict proof thereof and is without sufficient information or knowledge to respond to the remaining allegations.

103.    The allegations contained in Paragraph 103 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, this Defendant denies the same, denies that it is a 'state actor,' and demands strict proof thereof.

104.    The allegations contained in Paragraph 104 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

105.    This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 105 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

106.    This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 106 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

107.    This Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 107 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

108.    The allegations contained in Paragraph 108 of Plaintiff's First Amended Complaint state legal conclusions to which no response is required.

109.    This Defendant denies the allegations contained in Paragraph 109 and demands strict proof thereof.

110.    This Defendant denies the allegations contained in Paragraph 110 and demands strict proof thereof.

## PRAYER FOR RELIEF

111.    Responding to the *ad damnum* paragraph and subparagraphs A through G thereto of Plaintiff's First Amended Complaint, this Defendant denies any and all allegations of wrongdoing raised against it in Plaintiff's First Amended Complaint and denies that Plaintiff is entitled to any of the relief requested therein or otherwise as against it.

112.    This Defendant denies any and all allegations not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a claim against this Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

This Defendant denies that the Plaintiff is entitled to any compensatory, injunctive, or declaratory relief as against it.

## THIRD AFFIRMATIVE DEFENSE

This Defendant denies that it breached any affirmative duty with respect to the Plaintiff or that any of its acts or omissions proximately caused or contributed to any injuries or damages to the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

This Defendant denies that the Plaintiff is entitled to recover whatsoever and/or to recover any amount whatsoever against it. In particular, this Defendant denies that the Plaintiff is entitled to recover exemplary damages, including punitive damages, attorneys' fees, and costs, against it.

## FIFTH AFFIRMATIVE DEFENSE

This Defendant reserves its right to assert such claims, counterclaims, cross-claims, third-party claims or other claims as investigation and discovery may prove applicable, and hereby reserve all of its rights associated with any such claim or potential claim.

## SIXTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to have the fault, and/or negligence of all persons determined in the manner provided by law and hereby reserves its right of contribution and/or indemnity, as the same may prove applicable.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant asserts the affirmative defense of superseding and intervening cause. This Defendant asserts all of its rights and privileges to introduce evidence at trial regarding the negligence or other wrongdoing of another party or a non-party as set forth in *Sydenstricker v. Mohan*, 618 S.E.2d 561 (W.Va. 2005) and/or West Virginia Code 55-7-13d.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust their administrative remedies, and, therefore, Plaintiff's claims are barred as a matter of law.

### NINTH AFFIRMATIVE DEFENSE

This Defendant denies that it violated Title IX and denies that it deprived the Plaintiff of Equal Protection under the Fourteenth Amendment to the United States Constitution.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the asserted claims and lacks standing to seek relief beyond the Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

The remedy sought by Plaintiff is unavailable through this Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff has failed to join indispensable parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not ripe.

### FOURTEENTH AFFIRMATIVE DEFENSE

This Defendant is not a government actor for purposes of Plaintiff's claims under Title IX or the Fourteenth Amendment to the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to damages against this Defendant because this Defendant has not engaged in any action constituting discrimination or other wrongful action against Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorney fees and/or costs under 42 U.S.C. § 1988 and fails to state any cause of action or source of law for which attorney fees and costs are recoverable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The relief sought exceeds that authorized by law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This Defendant specifically reserves the right to plead any and all affirmative defenses not specifically raised herein that may arise during discovery or otherwise.

**WHEREFORE**, having fully answered Plaintiff's First Amended Complaint filed herein, Defendant West Virginia Secondary School Activities Commission demands that Plaintiff's First Amended Complaint against it be dismissed, with prejudice, and that it be awarded costs expended herein and such other relief as the Court deems appropriate.

**THIS DEFENDANT REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

> **WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION,**
>
> **By Counsel,**

*/s/ Roberta F. Green*

_____
Roberta F. Green, Esquire (WVSB #6598)
Kimberly M. Bandy, Esquire (WVSB #10081)
Counsel for West Virginia Secondary School
Activities Commission
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street E., Suite 200 (25301)
Charleston, West Virginia
Phone: (304) 345-1400; Fax: (304) 343-1826
rgreen@shumanlaw.com
kbandy@shumanlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**B.P.J., by her next friend and mother,
HEATHER JACKSON,**

      **Plaintiff,**

**v.**                           **Civil Action No. 2:21-cv-00316
Honorable Joseph R. Goodwin, Judge**

**WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISSION, W. CLAYTON BURCH
in his official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, and
THE STATE OF WEST VIRGINIA,**

      **Defendants,**

      **and**

**LAINEY ARMISTEAD,**

      **Intervenor Defendant.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I, Roberta F. Green / Kimberly M. Bandy, have this day, the 15th day of December, 2021, served a true and exact copy of **"*Defendant West Virginia Secondary School Activities Commission's Answer to Plaintiff's First Amended Complaint*"** with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

Loree Stark
ACLU of WV FOUNDATION
P.O. Box 3952
Charleston, WV  25339-3952
lstark@acluwv.org

Kathleen R. Hartnett
Julie Veroff
COOLEY LLP
101 California St., 5th Floor
San Francisco, CA 94111-5800
khartnett@cooley.com

Katelyn Kang
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
kkang@cooley.com

Andrew Barr
COOLEY LLP
1144 15th St., Suite 2300
Denver, CO  80202-5686
abarr@cooley.com

Joshua Block
Chase Strangio
ACLU FOUNDATION
125 Broad Street
New York, NY  10004
jblock@aclu.org

Sruti Swaminathan
LAMBDA LEGAL
120 Wall St., 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org

Kelly C. Morgan
BAILEY & WYANT, PLLC
500 Virginia St., East, Suite 600
Charleston, WV  25301
kmorgan@baileywyant.com

Douglas P. Buffington, II
Curtis R.A. Capehart
Jessica A. Lee
State Capitol Complex
Building 1, Room E-26
Charleston, WV  25305-0220
Curtis.R.A.Capehart@wvago.gov

Taylor Brown
American Civil Liberties Union
125 Broad St., 18th Fl.
New York, NY  10004
tbrown@aclu.org

Elizabeth Reinhardt
COOLEY LLP
500 Boylston St., 14th Floor
Boston, MA  02116-3736
ereinhardt@cooley.com

Avatara Smith-Carrington
LAMBDA LEGAL
3500 Oak Lawn Ave., Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org

Carl Charles
LAMBDA LEGAL
1 West Court Square, Suite 105
Decatur, GA  30030
ccharles@lambdalegal.org

Susan Llewellyn Deniker
STEPTOE and JOHNSON, LLC
400 White Oaks Boulevard
Bridgeport, WV  26330
susan.deniker@steptoe-johnson.com

Tara Borelli
LAMBDA LEGAL
1 West Court Square, Suite 105
Decatur, GA  30030
tborelli@lambdalegal.org

David C. Tryon
West Virginia Atty. General's Office
1900 Kanawha Blvd., E.
Bldg. 1, Rm 26E
Charleston, WV  25305
David.C.Tryon@wvago.gov

Brandon Steele
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Ste 100
Beckley, WV  25801
bsteelelawoffice@gmail.com

Jonathan Scruggs
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ  85260
jscruggs@adflegal.org

Timothy D. Ducar
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ  85260
tducar@azlawyers.com

Christiana Holcomb
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC  20001
cholcomb@adflegal.org

*/s/ Roberta F. Green*
_____
Roberta F. Green, Esquire (WVSB #6598)
Kimberly M. Bandy, Esquire (WVSB #10081)
Counsel for West Virginia Secondary School
Activities Commission
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street E., Suite 200 (25301)
Charleston, West Virginia
Phone: (304) 345-1400; Fax: (304) 343-1826
rgreen@shumanlaw.com
kbandy@shumanlaw.com