IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>      *Plaintiff*,<br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>      *Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>      *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin<br><br>**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING VIRTUAL DEPOSITIONS IN LIGHT OF COVID-19 PANDEMIC** |

  Pursuant to Federal Rules of Civil Procedure 26(c) and 30(b)(4), Plaintiff B.P.J. by her next friend and mother, Heather Jackson, respectfully moves this Court for a protective order requiring the depositions of Plaintiff, Plaintiff's mother, and Plaintiff's father noticed by Defendants for January 19, 20, and 21, 2022, to proceed virtually (*i.e.*, via videoconference and a remote court reporting service, such as Veritext Virtual), in order to avoid the undue risk of COVID-19 transmission (the "Motion").[1] Plaintiff requested that Defendants agree to virtual depositions on December 29, 2021, in light of the recent surge in COVID-19 cases due to the

---

[1] Plaintiff is willing to hold all depositions in this case virtually, and if necessary, will subsequently seek a protective order for additional depositions. At present, however, the only noticed depositions are the three that are the subject of this motion.

1

Omicron variant, and the parties met and conferred in good faith on January 4, 2022. (Declaration of Loree Stark ("Stark Decl.") ¶¶ 3, 6 at Ex. A.) It is Plaintiff's understanding that the State is the only Defendant that objects in substance to the relief requested in this Motion; that the State Board Defendants and Intervenor defer to the position of the State as the expected primary questioner; and that the County Board Defendants and WVSSAC do not oppose the relief requested.

Neither the State, nor any Defendant, will be prejudiced by the relief Plaintiff seeks, as virtual depositions have become an established alternative to in-person depositions during the pandemic. Plaintiff also is willing to take all depositions in this matter—including those of Defendants—remotely in light of the current and turbulent risks posed by COVID-19. Even the State has indicated that it wishes to conduct at least some expert depositions remotely, but nevertheless opposes remote depositions of Plaintiff—an 11-year-old child—and her parents. For the reasons set forth herein, the requested relief should be granted.

## BACKGROUND

**I.     COVID-19, Particularly the Recent Omicron Variant, Poses Severe Risks, Including in West Virginia.**

Currently, there is an unprecedented risk of COVID-19 transmission and infection for those traveling and attending in-person meetings. As this Court is well aware, COVID-19—including the fast-emerging Omicron variant—continues to sweep the State and Nation. As of this week, West Virginia's "record-breaking trends" include that "[o]ne in 5 West Virginians who test for COVID-19 reveal a positive result." Joe Severino, *1 in 5 West Virginians testing positive for virus*, Charleston Gazette-Mail (Jan. 4, 2022), https://www.wvgazettemail.com/news/health/1-in-5-west-virginians-testing-positive-for-virus/article_89c0d9da-6cb3-5e27-95a5-5744f6213c81.html. Notably, the Omicron variant is also more easily transmitted than past variants. Centers for Disease Control and Prevention, *Potential Rapid Increase of Omicron Variant Infections in the*

*United States* (last updated Dec. 20, 2021), https://www.cdc.gov/coronavirus/2019-ncov/science/forecasting/mathematical-modeling-outbreak.html.

On December 28, 2021, the day before Plaintiff requested that Defendants agree to proceed with virtual depositions, West Virginia Governor Jim Justice held a COVID-19 press conference noting "that more than 500,000 new cases of COVID-19 were identified across the United States yesterday alone." Office of the Governor, *COVID-19 Update*, Press Release (Dec. 28, 2021), https://governor.wv.gov/News/press-releases/2021/Pages/COVID-19-UPDATE-Gov-Justice-renews-call-for-West-Virginians-to-get-vaccinated-or-boosted-as-Omicron-variant-begins-spread.aspx. Warning of the Omicron variant, he stated: "This thing will surely skyrocket in West Virginia. You have to protect yourself." *Id.*

Governor Justice again held a COVID-19 press conference on January 4, 2022, highlighting the stark reality and risk posed by the current state of the pandemic, including Omicron. After reading a lengthy list of West Virginians who had recently succumbed to the disease, Governor Justice warned that "it's going to get way worse than this." Charles Young, *West Virginia Omicron Cases More Than Quadruple*, WV News (Jan. 4, 2022), https://www.wvnews.com/news/wvnews/west-virginia-omicron-cases-more-than-quadruple/article_615df9a6-6d63-11ec-ad9b-6fc6c4ac0a5d.html; *see also* Office of the Governor, *COVID-19 Update*, Press Release (Jan. 4, 2022), https://governor.wv.gov/News/press-releases/2022/Pages/COVID-19-UPDATE-Governor-Justice-says-We-cannot-afford-to-become-numb.aspx. Currently, nearly every county in the State is under a "red" warning concerning the number of infected individuals, including Harrison County. *See* WSAZ13, *COVID-19, 38 Counties in "the red" on County Alert System Map,* https://www.wsaz.com/2022/01/03/covid-19-wva-38-counties-red-county-alert-system-map/. Governor Justice encouraged West Virginians to

take all reasonable precautions to avoid the spread of this disease. Among other things, this includes avoiding spending long periods of time indoors with a group of people, especially if unmasked. *See* Centers for Disease Control and Prevention, *How to Protect Yourself & Others* (last updated Nov. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html.

The United States now "is averaging more than 500,000 new cases a day for the first time in the pandemic." N.Y. Times, *Coronavirus in the U.S.: Latest Map and Case Count* (last updated Jan. 6, 2022), https://www.nytimes.com/interactive/2021/us/covid-cases.html. In West Virginia, more than 340,000 residents have been infected and nearly 5,500 have died from COVID-19 to date, and West Virginia's 14-day change in infections is up nearly 135%. N.Y. Times, *Tracking Coronavirus in West Virginia: Latest Map and Case Count* (last updated Jan. 6, 2022), https://www.nytimes.com/interactive/2021/us/west-virginia-covid-cases.html.

Thus, it cannot be disputed that COVID-19, particularly in light of the highly transmissible Omicron variant, poses a serious risk to all individuals. Notably, children appear to be particularly susceptible to infection by Omicron. *See, e.g.*, Holly Yan & Travis Caldwell, *A record-high number of kids are getting hospitalized with Covid-19 as overall Covid-19 hospitalizations soar past the Delta peak*, CNN (Jan. 5, 2022), https://www.cnn.com/2022/01/04/health/us-coronavirus-tuesday/index.html.

**II. In Light of Current COVID-19 Risks, Plaintiff Sought Defendants' Consent for Upcoming Depositions to Occur Virtually.**

Plaintiff is an 11-year-old girl. Plaintiff's mother and father are both medical professionals who routinely interact with immunocompromised patients and others in the healthcare system. (Stark Decl. ¶ 8.) B.P.J. and her parents are concerned about the risk of COVID-19 exposure and

infection posed by sitting in close quarters with a large group of people (*i.e.*, questioning attorney, defending attorney, court reporter, videographer, etc.) for an extended period of time.

Additionally, all but one of B.P.J.'s counsel are located out of state. (*Id.* ¶ 9.) If the upcoming depositions of B.P.J. and her parents were to proceed in person, at least some out-of-state attorneys may be required to travel to West Virginia, endangering both themselves and all individuals involved in the proceeding, or Plaintiff's counsel would be required to re-configure its defense strategy of Plaintiff in light of COVID-19 risk, with some out-of-state counsel appearing remotely while the State appears in person.

All of these serious risks can easily be avoided through the use of technology: virtual depositions are reliable, effective, and compliant with the Federal Rules. Accordingly, and in light of the increasing risks associated with the Omicron variant, on December 29, 2021, Plaintiff requested Defendants' consent to virtual depositions in this matter—for all sides, so that the virtual format provides no arguable advantage or disadvantage to anyone. A copy of Plaintiff's email requesting virtual depositions and the State's response is attached to the Stark Declaration as Exhibit A.

Plaintiff's December 29, 2021 email noted that the risks associated with COVID-19, including the new Omicron variant, have materially increased. (Stark Decl. ¶ 3 at Ex. A.) Plaintiff also provided an example of a virtual platform available to host the deposition and confirmed Plaintiff's willingness to provide all exhibits to the deponent in hard copy prior to the start of the deposition to address concerns that some Defendants had raised. (*Id.*) Plaintiff also agreed that counsel for the witness would be permitted to be in the room with the deponent, again addressing concerns that some Defendants had raised. (*Id.*) Beyond eliminating the COVID-19 risks associated with gathering a large group of people in a room and requiring counsel to travel,

Plaintiff noted that by proceeding virtually, all participants—including the deponent—could be unmasked, addressing any concern that masked witnesses would be more difficult to understand or perceive. (*Id.*)

### III. The Parties Met and Conferred in Good Faith Pursuant to Rule 26(c) But the State Objects to the Substance of the Relief Requested, Necessitating this Motion.

On January 3, 2022, in response to Plaintiff's December 29, 2021 email, counsel for WVSSAC proposed a meet and confer with all parties on January 4, 2022, and arranged that videoconference. (Stark Decl. ¶ 4 at Ex. B.)

Later on January 3, 2022, the State sent an email opposing Plaintiff's request for virtual depositions. (*Id.* ¶ 5 at Ex. A.) The State informed Plaintiff that:

> There are several reasons for maintaining in-person depositions, including the potential for technology issues and the inherent limitations that attend any communicative effort that is remote only. Also, given the current level of understanding of COVID-19 and exposure risk control, there are reasonable efforts that the parties can take to minimize the potential for transmission while conducting depositions here. (For example, the confirmed availability of a sizeable space for depositions coupled with very light in-person attendance is a major factor in proceeding safely.) More on this is anticipated during the January 4, 2022, call.

*Id.* The State further objected to COVID-19 testing before the deposition, stating that daily testing "is not required for any situation in West Virginia and is not normal protocol or required by any court rule or order," observing the shortage of testing kits, and proposing temperature taking and symptom monitoring as an alternative. (*Id.*[2]) Finally, the State did not agree that all deposition participants be masked, instead requesting that "those speaking in depositions do so without masks." (*Id.*)

---

[2] Everyone associated with Plaintiff is willing to take a COVID-19 test, but these tests are currently scarce, and results are currently being delayed due to increased demand, making it presently infeasible to institute a testing requirement for in-person participants at this time.

6

On January 4, 2022, counsel for all parties met and conferred on a video conference. (*Id.* ¶ 6.) The parties had a full and effective exchange, notwithstanding the virtual format and the many meeting participants. Among other things, the State confirmed that it opposed a virtual format for the upcoming depositions, claiming that it would be unable to establish a "rapport" with B.P.J. and her parents via a video deposition. (*Id.*) The State also maintained its position that those in the deposition room should not wear a mask while speaking, though it also said it would consider whether all persons should remain masked at all times at a potential in-person deposition. The State has since confirmed its position that the questioning counsel and witness be unmasked in any in-person deposition. (*Id.*; *id.* ¶ 7 at Ex. C.)

Plaintiff cannot accept the State's position for the health and safety reasons set forth above and herein, and therefore files this Motion.

Plaintiff understands that the State is the only party independently objecting to proceeding with the deposition of these witnesses remotely, with the State Board Defendants and Intervenor deferring to the State as the expected primary questioner, and the County Board Defendants and WVSSAC not opposing the requested relief.

**ARGUMENT**

Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Small v. Ramsey*, 280 F.R.D. 264, 269 (N.D. W. Va. 2012) (citation omitted); *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986) (stating that a trial court has "wide latitude" in managing pretrial discovery). Under the Federal Rules, "the court may on motion order [] that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). Although Rule 30 "does not specify the showing that a party must make to support a motion for a remote deposition[,] . . . courts generally have held that

7

the moving party must put forward a legitimate reason to conduct the deposition remotely." *Macias v. Monterrey Concrete LLC*, C.A. No. 3:19-CV-0830, 2020 WL 6386861, at *2 (E.D. Va. Oct. 30, 2020) (citations and internal quotation marks omitted). If the movant makes this showing, "the burden then shifts to the opposing party to show how it would be prejudiced if the deposition were taken in that way." *Id*. (citation and internal quotation marks omitted). The court has discretion to grant a motion for a remote deposition. *Id*.

In light of the present state of the pandemic, B.P.J.'s age and her parents' employment as healthcare workers, and her counsel's need to either travel from out of state to any in-person deposition or to reconfigure its defense of Plaintiff in light of COVID-19 risk, as well as the lack of prejudice to Defendants, under Rules 26 and 30(b)(4), this Court should order that the currently scheduled depositions of B.P.J. and her parents occur virtually by videoconference.

I.  **Plaintiff Has Shown a "Legitimate Reason" for This Court to Authorize Remote Depositions.**

There can be no dispute that efforts to reduce the risk of contracting COVID-19, particularly given the current state of the pandemic and the surge of the Omicron variant, are a "legitimate reason" to conduct virtual depositions. In the rare circumstances where counsel does not agree to proceed with a remote deposition when health and safety concerns are raised, courts across the state and nation have authorized the use of virtual depositions to avoid risks associated with COVID-19. *See, e.g.*, *Macias*, 2020 WL 6386861, at *3 ("[C]ourts have found that the health risks related to the ongoing COVID-19 pandemic are good cause to conduct depositions remotely.").

Indeed, reflecting the realities of the pandemic and the need to protect public health and safety, this Court has previously authorized the use of virtual methods to adduce witness testimony *at trial* to protect witnesses (and lawyers, the Court, and Court staff) from unnecessary exposure

to COVID-19.  In *Sutphin v. Ethicon, Inc.*, No. 2:14-cv-01379, 2020 WL 5229448 (S.D. W. Va. Sept. 1, 2020), the plaintiff requested that this Court permit it to present two witnesses' trial testimony "via live videoconference[ing]." *Id*. at *1.  Plaintiff noted that COVID-19 posed unique risks to witnesses who must travel—especially witnesses who work in the medical field. *Id.*

This Court found that "good cause" existed to grant plaintiff's motion.  Noting that "courts have found the COVID-19 pandemic constitutes 'good cause in compelling circumstances' to allow witness testimony through live videoconference," this Court found "that the ongoing COVID-19 pandemic" was sufficient good cause to authorize remote trial testimony. *Id*. at 2.  This Court also noted that "the unexpected nature, rapid spread, and potential risk of COVID-19," coupled with the "added risk [that the medical provider witnesses'] physical presence would create for them and their patients," made in-person testimony unduly dangerous. *Id*.  This Court concluded:

> In my view, any witness presenting live, in-person testimony is at an increased risk of contracting COVID-19.  Further, the more people present in the courtroom, the greater the risk to the parties, counsel, the jury, and court staff.  Where an acceptable alternative to in-person testimony exists and allows for the benefits of live witness examination, the COVID-19 pandemic presents perhaps the most compelling reason yet to authorize its use.

*Id*.  The same is true here:  an "acceptable alternative to in-person testimony exists," *id.* at 2, and thus Plaintiff has met her burden of demonstrating a "legitimate reason" under Rule 26 and 30(b)(4).  *See Macias*, 2020 WL 6386861, at *2.

Courts also have continued to find that remote depositions are appropriate even after the availability of vaccines.  *See, e.g.*, *Lashley v. Spartanburg Methodist Coll.*, No. 7:18-CV-2957-JD-KFM, 2021 WL 5991774, at *3 (D.S.C. Sept. 9, 2021).  The State contends that the risk of transmission at an in-person deposition can be addressed by distancing six feet within the conference room or by placing plexiglass between Plaintiff and Plaintiff's counsel, and

9

Defendants' counsel. But precautions that may have mitigated the spread of earlier variants have proven insufficient for the new Omicron variant. Given that the Omicron variant is "roughly twice as contagious as delta and four times more than the original virus," and that "more vaccinated or previously infected people are contracting omicron than they did earlier variants," the mere threshold of distancing within the conference room or requiring individuals to be vaccinated is insufficient to ensure the safety of all parties. Weintraub, Karen, *Yes, omicron has overtaken delta. No, it's not March 2020*, USA Today (Dec. 21, 2021), https://www.usatoday.com/story/news/health/2021/12/21/covid-omicron-not-march-2020/8967351002/.

## II. The State Will Suffer No Prejudice if Plaintiff's Request Is Granted.

The State will not be prejudiced by using a remote deposition format. Courts routinely conclude that parties are not prejudiced by proceeding with remote depositions. *In re S.C.*, 865 S.E.2d 79, 93 (W. Va. 2021) (determining that petitioner was "given a full, fair, and meaningful hearing" when required to proceed virtually); *Lashley*, 2021 WL 5991774, at *3–4 (rejecting defendants' arguments that they would be prejudiced by remote deposition).[3] Moreover, here, Plaintiff offered for *all* depositions to proceed virtually—not just those of her and her parents—such that no side would have any arguable advantage from a differential deposition format. (*See* Stark Decl. ¶ 3 at Ex. A.)

---

[3] Referring to COVID-19 as the "scourge of the earth," the West Virginia Supreme Court "vest[ed] circuit courts with the authority to halt all proceedings if their counties experienced a resurgence of COVID-19 cases in an attempt to protect the litigants, the bench, the bar, and the public." *State ex rel. Porter v. Farrell*, 858 S.E.2d 897, 908 (W. Va. 2021). Rather than seek to "halt all proceedings," *id.*, Plaintiff simply seeks a protective order that protects her, her family, and all deposition participants from undue exposure to COVID-19. That is far less intrusive relief than what has been authorized by the West Virginia Supreme Court.

The State's basis for insisting that the depositions occur in person—observing demeanor and developing "rapport"—has been correctly rejected as a cognizable basis for prejudice. As the Eastern District of Virginia has explained, "the fact that Defendants' ability to assess the plaintiffs' demeanors by video conference is less than it would be in person does not itself establish the prejudice necessary to defeat a motion for remote depositions." *Macias*, 2020 WL 6386861, at *5. As the Court noted, "[i]f the inability to assess a deponent's demeanor in person alone suffices to show prejudice, then Rule 30(b)(4) would be without meaning or effect." *Id*. Thus, even assuming that a video deposition would impact the State's ability to observe Plaintiff or Plaintiff's parents or establish "rapport" with them, such concerns do not "establish the prejudice necessary to defeat a motion for remote depositions." *Id*. Moreover, as noted, any such "prejudice" would apply to both sides in this case equally, as Plaintiff is willing to take all depositions remotely in light of the current and unpredictable dangers posed by the pandemic.

Notably, and as Plaintiff has explained to Defendants, the desire to see a witness's facial expression and demeanor in present circumstances is advanced, not hindered, by virtual deposition. As one court has observed, "in the context of the COVID-19 pandemic, depositions conducted by video conference may allow counsel to *better assess a deponent's demeanor* than they could in person." *Lashley*, 2021 WL 5991774, at *3–4 (emphasis added). Indeed, "[d]uring a remote deposition, the deponent need not wear a mask to prevent the spread of COVID-19 among in-person participants." *Id*.[4]

---

[4] The State also has taken the unreasonable position that participants in in-person depositions not wear masks while speaking. (Stark Decl. ¶ 6.) Although a masking requirement for in-person depositions would be insufficient here, given the current COVID-19 risks, including in light of the Omicron variant, the State's objection to full masking at deposition is also unsupported by this Court's masking requirements. *See* United States District Court Southern District of West Virginia March 12, 2020 General Order # 13, available at https://www.wvsd.uscourts.gov/pdfs/generalorders/covid19/general_order_13_filed.pdf.

\* \* \*

Plaintiff and her parents understandably want to avoid the risk of exposure to COVID-19. Not only would this pose a risk to them and those with whom they are in direct contact, but it also would pose risks to the immunocompromised patients and healthcare workers with whom Plaintiff's parents interact, including those who are receiving treatment for cancer, and who are seniors. *See Sutphin*, 2020 WL 5229448, at \*2; (Stark Decl. ¶ 8.) Just as "the COVID-19 pandemic presents perhaps the most compelling reason yet to authorize" trial testimony to occur virtually, *id.*, it certainly provides "good cause" to authorize remote depositions. *Macias*, 2020 WL 6386861, at \*3 (authorizing remote deposition due to COVID-19 pursuant to Rule 30(b)(4)); *Lashley*, 2021 WL 5991774, at \*3–4 (same), particularly given the contagious and skyrocketing nature of the Omicron variant.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the upcoming depositions of Plaintiff, Plaintiff's mother, and Plaintiff's father be subject to a protective order requiring that the proceeding occur fully virtually, by videoconference. Plaintiff further requests that the order of virtual deposition permit (though not require) one defending counsel to be in the room with the witness, allow one of B.P.J.'s parents to be in the room with her (as the parties have agreed, regardless of format), and require all other individuals appear remotely.

Dated: January 6, 2022

Joshua Block*
Taylor Brown*
Chase Strangio*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org
tbrown@aclu.org
cstrangio@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO  80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully submitted,
/s/ *Loree Stark*

Loree Stark (Bar No. 12936)
AMERICAN CIVIL LIBERTIES UNION OF WEST VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org

Kathleen Hartnett*
Julie Veroff*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com

Katelyn Kang*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 6th day of January, 2022, I electronically filed a true and exact copy of the ***Plaintiff's Motion for Protective Order Regarding Virtual Depositions in Light of COVID-19 Pandemic*** with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
West Virginia Bar No. 12936

14