IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**DECLARATION OF LOREE STARK**

I, Loree Stark, declare under penalty of perjury of the laws of the United States of America that the following is true and correct, and state:

1. I am the Legal Director of the ACLU of West Virginia and counsel of record for Plaintiff B.P.J, with her next friend and mother, Heather Jackson. The following is true of my own personal knowledge, and, if called as a witness, I would and could testify competently thereto.

2. I submit this Declaration in support of Plaintiff's Motion for Protective Order Regarding Virtual Depositions in Light of COVID-19 Pandemic filed in the above captioned matter.

1

3.  On December 29, 2021, Plaintiff emailed counsel for Defendants requesting that the depositions of Plaintiff, Plaintiff's mother, and Plaintiff's father proceed virtually in light of the recent surge in COVID-19 cases due to the Omicron variant.  Plaintiff also offered for all depositions to proceed virtually.  Plaintiff indicated an intent to seek relief from the Court absent an agreement to proceed virtually.  *See* Exhibit A.

4.  On January 3, 2022, in response to Plaintiff's December 29, 2021 email, counsel for the West Virginia Secondary School Activities Commission proposed a meet and confer with all parties on January 4, 2022 and arranged a videoconference.  *See* Exhibit B.

5.  Later in the day on January 3, 2022, counsel for the State sent an email opposing Plaintiff's request for virtual depositions.  *See* Exhibit A.

6.  On January 4, 2022, the parties met and conferred about Plaintiff's proposal of virtual depositions.  During the meet and confer, among other things, the State confirmed that it opposed deposing Plaintiff and her parents virtually, claiming that it would be unable to establish a "rapport" with Plaintiff and her parents via a video deposition.  The State also maintained its position that those in the deposition room should not wear a mask while speaking, although stated that it would consider a masking requirement.  Plaintiff informed Defendants that the contemplated relief to be sought from the Court was a protective order, and that they would email the Defendants before filing a motion for protective order.

7.  On January 5, 2022, Plaintiff emailed counsel for Defendants confirming Plaintiff's intention to file a motion for protective order seeking virtual depositions of B.P.J. and her parents.  *See* Exhibit C.  On January 6, 2022, counsel for the State sent an email in

response, among other things indicating the State's continued insistence that the questioner and witness be unmasked while speaking.  Plaintiff responded, confirming her intent to file the motion in light of the State's confirmation that it would not be willing to proceed virtually.  *See id.*

8. Plaintiff's mother and father are both medical professionals who routinely interact with immunocompromised patients and others in the healthcare system.  Specifically, Plaintiff's mother routinely works with patients who have undergone chemotherapy, and Plaintiff's father works with geriatric patients.

9. Additionally, all but one of B.P.J.'s counsel are located out of state.  Plaintiff's legal team includes counsel from New York, California, Massachusetts, Georgia, Texas, and Colorado.

10. In my experience, counsel for the State's refusal for a virtual deposition is unusual, as it is common for counsel in West Virginia to accommodate requests to take depositions remotely, especially in light of COVID-19-related health concerns.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 6, 2022                    _/s/ Loree Stark_

                                                         Loree Stark, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>     *Plaintiff,*<br><br>   v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>     *Defendants*,<br><br>   and<br><br>LAINEY ARMISTEAD,<br><br>     *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

 I, Loree Stark, do hereby certify that on this 6th day of January, 2022, I electronically filed a true and exact copy of the ***Declaration of Loree Stark*** with the Clerk of Court and all parties using the CM/ECF System.

        */s/ Loree Stark*
        West Virginia Bar No. 12936

5

# EXHIBIT A

| | |
|---|---|
| **From:** | David C. Tryon <David.C.Tryon@wvago.gov> |
| **Sent:** | Monday, January 3, 2022 6:08 PM |
| **To:** | Kang, Katelyn L; Curtis R. A. Capehart; Morgan, Kelly; Hammond, Kristen; Taylor, Michael; aria.vaughan@usdoj.gov; Doug P. Buffington, II; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy; Roberta Green; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia; Susan Deniker |
| **Cc:** | Reinhardt, Elizabeth F; Veroff, Julie M.; Tara Borelli; Carl Charles; Barr, Andrew D; Joshua Block; Hartnett, Kathleen; Avatara Smith-Carrington; Loree Stark; Sruti Swaminathan; Taylor  Brown; Helstrom, Zoë W. |
| **Subject:** | RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316 |

**[External]**

To Plaintiff's Counsel regarding deposition protocols:

We are in your receipt of your letters addressing deposition protocols for the upcoming depositions.  We appreciate the concerns and thoughts you have raised and have the following responses.

Deposition order, location, and virtual attendance:  As you know, the Notice of Deposition sets forth a specific order for depositions.  We anticipate that the depositions may well last three days, and we had intended and been preparing for the specified order.  However, if you agree that B.P.J. will not attend the depositions of Wesley Pepper or Heather Jackson and (since neither of them is a party) that neither of them will attend each other's depositions, your proposed order is acceptable.  Accordingly, we agree to begin Wesley Pepper's deposition on Wednesday January 19, at 10 am, followed by the deposition of Heather Jackson either later that day or beginning January 20 at 10am.  Thereafter, either on January 20 or January 21, we will depose B.P.J.

As set forth in the Notice of Deposition, the Bridgeport location is acceptable.

We agree with prior communications regarding the mixed virtual and in-person approach.  There are several reasons for maintaining in-person depositions, including the potential for technology issues and the inherent limitations that attend any communicative effort that is remote only.  Also, given the current level of understanding of COVID and exposure risk control, there are reasonable efforts that the parties can take to minimize the potential for transmission while conducting depositions here.  (For example, the confirmed availability of a sizeable space for depositions coupled with very light in-person attendance is a major factor in proceeding safely.)  More on this is anticipated during the January 4, 2022, call.

We agree with your approach on expert witness location and asking questions remotely.

COVID protocol:

- We agree that each party will limit in-person attendance to 1-2 counsel.
- While we appreciate and share your concerns regarding COVID and that precautions are appropriate, we do not agree that daily COVID testing is necessary or practical.  That is not required for any situation in West Virginia  and is not normal protocol or required by any court rule or order. Moreover, it is unclear if immediate rapid testing kits will even be available in the relevant parts of West Virginia in January given the increasing shortage of these tests.  However, we believe that taking temperatures of any in-person attendee is appropriate and if someone is experiencing COVID symptoms, then it would be prudent for that person to get a test (if possible) or attend remotely.
- Masks:  West Virginia presently does not have a mask mandate in effect.  Nevertheless, we can agree to wearing masks, but masks acceptable per CDC guidance are appropriate.  (In fact, the CDC's guidance on which masks to use recommends against N-95 masks.  See https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/about-face-coverings.html.)  Separately, as we all know, verbal communication is only part of communication; nonverbal indicators (e.g. facial expressions) do much to round out that communication.  In addition, because hearing issues can affect some participating in or viewing a deposition, it is important to be able to see people's lips when they speak.  Finally, as you know, court reporters also generally seek to see the persons face while they are talking to enable more accurate transcription of the testimony.  Therefore, we respectfully request that those speaking in depositions do so without masks.  (Given the size of the deposition space, any amount of reasonable distancing should be easily accommodated.)

Order of questioning:  Questioning by multiple counsel should be conducted based on the normal protocol in multiple party litigation, which is a fairly typical situation.  We cannot agree in advance who will ask what or exactly who is entitled to ask what questions. The standard objection of "asked and answered" and other objections are available, and it seems unlikely that any party will seek to unnecessarily extend any of these depositions.

Scope of B.P.J.'s questions.  First and foremost, Defendants are sensitive to the fact that B.P.J. is only 11 years old and must be treated with respect and sensitivity, regardless of the subject of the lawsuit or the subject of the deposition.  Defendants also recognize the sensitivity of the subjects that may come up during the course of B.P.J.'s deposition.  Of course we will act professionally and respectfully, and expect all other counsel to do so as well.

At the same time, Defendants must fulfill their duties to represent their clients' interests properly.  In this case, Plaintiff's Amended Complaint presents an as-applied challenge to the statute and includes many allegations about B.P.J. that are relevant to the as-applied challenge.  Further, B.P.J. appears to have engaged in significant public discussion,  and generally been in the public eye.   The parties should be able to agree that any public statements

by B.P.J. or B.P.J.'s family members would be appropriate fare for questions.  While Defendants may not see a need to ask questions about these public statements, an objection to such questions based on concerns relating to trauma would be surprising given B.P.J.'s openness and candor evident to this point.  Furthermore, it is impossible to commit to not ask any questions related to the very specific case which Plaintiff has brought and the allegations made to date.  Similarly, we are not able to commit to any specific questioning in advance.  Nevertheless, we are sensitive to your concerns and will keep them in mind during the questioning.  However, it is safe to say that during B.P.J.'s deposition:

- It is unlikely that there will be any need to use pronouns referring to B.P.J.
- It is unlikely that there will be a need to speak B.P.J's birth certificate name or to present documents with that name on them.
- It is unlikely that there will be a need to refer to B.P.J.'s genitalia.
- It is unlikely that there would be any need to ask B.P.J. about sexual abuse.
- It is unclear what questions might be asked which might be construed as "undermining" parents or family members, so this does not seem to be a problem.
- As to the medical records, B.P.J.'s medical records contain many relevant items which may raise questions that need answers, so we cannot agree that such questions are strictly off limits.  But, as always, you will be free to object to any references during the deposition if there is a legitimate objection.
- Since B.P.J. is a biological male under the challenged statute and the challenged statute addressed the question of which team B.P.J. may be on, the request that there be no reference to this key issue is odd.  While Defendants' counsel would not expect to present this in a harmful way, it goes to the crux of the Plaintiff's challenge.

<u>Federal Rules of Civil Procedure</u>: This is not particular to this matter  and this is a topic that impacts all parties.  When engaged in working out deposition logistics, we have begun a practice of noting the content of a rule that is too often given short shrift: FRCP 30(c)(2).  While this of course applies to these depositions, it is worth noting:  "Objections. An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  All parties are well-served to refresh our collective familiarity with this as we move into depositions here.

We look forward to further discussions, in particular on the COVID protocol issue at the anticipated call on Tuesday.

Thank you.
Dave Tryon

David C. Tryon*
SPECIAL ASSISTANT TO THE ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL
State Capitol Complex
112 California Avenue
Bldg. 6, Room 430
Charleston, WV 25305-0220
Main:  (304) 558-2021
Direct: (681) 313-4570
Cell: (440) 503-7877



*Admitted in Ohio. Practicing under the supervision of West Virginia attorneys.

---

**From:** Kang, Katelyn L <kkang@cooley.com>
**Sent:** Wednesday, December 29, 2021 5:13 PM
**To:** David C. Tryon <David.C.Tryon@wvago.gov>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Susan Deniker <Susan.Deniker@steptoe-johnson.com>
**Cc:** Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>; Helstrom, Zoë W. <zhelstrom@cooley.com>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

Counsel:

I hope that everyone is having a good holiday. We write to follow up to our letter sent on December 20, 2021.

Given the recent, material increase in risk associated with COVID-19 and its variants, we write to ask whether counsel for Defendants and for Defendant-Intervenor would be amenable to holding all depositions in this case virtually, including the upcoming depositions for B.P.J. and her parents.  This link provides an example of our contemplated format.  https://www.veritext.com/services/veritext-virtual/.  This format allows all exhibits to be displayed electronically (including for the witness to review as they see fit), and we also would be amenable to requiring exhibits to be sent in hard copy to the defending counsel to arrive the day before the deposition in a sealed envelope (or otherwise make provision for hard copies to be available to the witness). Further, we would agree that counsel for the witness may be in the same room as the witness (but everyone else, including court reporter and videographer, would appear virtually). This format would also allow the witnesses to provide testimony without the need to wear masks.

We look forward to your response, which we would appreciate by Tuesday 1/4, and of course are happy to confer by phone if useful.  We plan to raise this issue with the Court if we are not able to reach an agreement, given the current severity of the pandemic and the strong preference of our client.

Best,
Katelyn

---

**From:** Kang, Katelyn L <kkang@cooley.com>
**Sent:** Monday, December 20, 2021 5:42 PM
**To:** David C. Tryon <David.C.Tryon@wvago.gov>
**Cc:** Susan Deniker <Susan.Deniker@steptoe-johnson.com>; Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

Thank you, David.

Counsel, please see the attached.

Best,
Katelyn

---

**From:** David C. Tryon <David.C.Tryon@wvago.gov>
**Sent:** Monday, December 20, 2021 2:09 PM
**To:** Kang, Katelyn L <kkang@cooley.com>
**Cc:** Susan Deniker <Susan.Deniker@steptoe-johnson.com>; Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

[External]

Counsel:
Attached is a notice of deposition for the three depositions we discussed having the week of January 17.  We are noticing them starting Wednesday the 19th because the 17th is MLK day and we thought it might be more convenient to start on Wednesday and we expect that three days should be more than adequate.  We also determined that given the

travel time from Charleston and wherever Plaintiff's counsel are staying and given that it is winter and the possible travel delays we should start at 10 am.  We have noticed the depositions in the order of Heather Jackson, B.P.J. and then Wesley Pepper and tried to estimate the times necessary to complete those depositions.  However, the times may change depending on how long the depositions last.  Accordingly, the depositions may continue into Friday.  We want to be flexible to recognize both counsel's time issues and the deponents time.  Please advise if anyone thinks that these time issues are unrealistic.

Finally, would Plaintiff's counsel confirm that we do not need to subpoena either Ms. Jackson or Mr. Pepper?
Thank you for your cooperation on this matter.
Respectfully,
Dave Tryon

David C. Tryon*
SPECIAL ASSISTANT TO THE ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL
State Capitol Complex
112 California Avenue
Bldg. 6, Room 430
Charleston, WV 25305-0220
Main:  (304) 558-2021
Direct: (681) 313-4570
Cell: (440) 503-7877



*Admitted in Ohio. Practicing under the supervision of West Virginia attorneys.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

# EXHIBIT B

████████████

| | |
|---|---|
| **From:** | Kang, Katelyn L |
| **Sent:** | Monday, January 3, 2022 3:06 PM |
| **To:** | 'Roberta Green'; David C. Tryon; Curtis R. A. Capehart; Morgan, Kelly; Hammond, Kristen; Taylor, Michael; aria.vaughan@usdoj.gov; Doug P. Buffington, II; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia; Susan Deniker |
| **Cc:** | Reinhardt, Elizabeth F; Veroff, Julie M.; Tara Borelli; Carl Charles; Barr, Andrew D; Joshua Block; Hartnett, Kathleen; Avatara Smith-Carrington; Loree Stark; Sruti Swaminathan; Taylor  Brown; Helstrom, Zoë W. |
| **Subject:** | RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316 |

Hi Roberta, thanks for your email. Plaintiff is generally available between noon-3pm ET tomorrow.

Hope everyone had a good holiday.

Best,
Katelyn

---

**From:** Roberta Green <rgreen@shumanlaw.com>
**Sent:** Monday, January 3, 2022 10:29 AM
**To:** Kang, Katelyn L <kkang@cooley.com>; David C. Tryon <David.C.Tryon@wvago.gov>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Susan Deniker <Susan.Deniker@steptoe-johnson.com>
**Cc:** Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>; Helstrom, Zoë W. <zhelstrom@cooley.com>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

**[External]**

---

Hello, Katelyn.

Thank you so much for your email. I wonder if it would make sense to have a conversation so that we could discuss options in real time (given the rapidly approaching date).  I could put together a Zoom for tomorrow afternoon, if that works for anyone?

Thank you again.

Roberta

**Roberta F. Green |** *Member*

1411 Virginia Street, East, Suite 200 Charleston, WV 25301
P.O. Box 3953, Charleston, WV 25339
Phone: 304.345.1400 | Fax: 304.343.1826 | Email: rgreen@shumanlaw.com
www.shumanlaw.com

**CONFIDENTIALITY NOTE:** This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

**From:** Kang, Katelyn L <kkang@cooley.com>
**Sent:** Wednesday, December 29, 2021 5:13 PM
**To:** David C. Tryon <David.C.Tryon@wvago.gov>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Susan Deniker <Susan.Deniker@steptoe-johnson.com>
**Cc:** Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>; Helstrom, Zoë W. <zhelstrom@cooley.com>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

Counsel:

I hope that everyone is having a good holiday. We write to follow up to our letter sent on December 20, 2021.

Given the recent, material increase in risk associated with COVID-19 and its variants, we write to ask whether counsel for Defendants and for Defendant-Intervenor would be amenable to holding all depositions in this case virtually, including the upcoming depositions for B.P.J. and her parents.  This link provides an example of our contemplated format.  https://www.veritext.com/services/veritext-virtual/.  This format allows all exhibits to be displayed electronically (including for the witness to review as they see fit), and we also would be amenable to requiring exhibits to be sent in hard copy to the defending counsel to arrive the day before the deposition in a sealed envelope (or otherwise make provision for hard copies to be available to the witness).  Further, we would agree that counsel for the witness may be in the same room as the witness (but everyone else, including court reporter and videographer, would appear virtually). This format would also allow the witnesses to provide testimony without the need to wear masks.

We look forward to your response, which we would appreciate by Tuesday 1/4, and of course are happy to confer by phone if useful.  We plan to raise this issue with the Court if we are not able to reach an agreement, given the current severity of the pandemic and the strong preference of our client.

Best,
Katelyn

**From:** Kang, Katelyn L <kkang@cooley.com>
**Sent:** Monday, December 20, 2021 5:42 PM
**To:** David C. Tryon <David.C.Tryon@wvago.gov>

**Cc:** Susan Deniker <Susan.Deniker@steptoe-johnson.com>; Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

Thank you, David.

Counsel, please see the attached.

Best,
Katelyn

---

**From:** David C. Tryon <David.C.Tryon@wvago.gov>
**Sent:** Monday, December 20, 2021 2:09 PM
**To:** Kang, Katelyn L <kkang@cooley.com>
**Cc:** Susan Deniker <Susan.Deniker@steptoe-johnson.com>; Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

**[External]**

Counsel:
Attached is a notice of deposition for the three depositions we discussed having the week of January 17. We are noticing them starting Wednesday the 19th because the 17th is MLK day and we thought it might be more convenient to start on Wednesday and we expect that three days should be more than adequate. We also determined that given the travel time from Charleston and wherever Plaintiff's counsel are staying and given that it is winter and the possible travel delays we should start at 10 am. We have noticed the depositions in the order of Heather Jackson, B.P.J. and then Wesley Pepper and tried to estimate the times necessary to complete those depositions. However, the times may change depending on how long the depositions last. Accordingly, the depositions may continue into Friday. We want to be flexible to recognize both counsel's time issues and the deponents time. Please advise if anyone thinks that these time issues are unrealistic.

Finally, would Plaintiff's counsel confirm that we do not need to subpoena either Ms. Jackson or Mr. Pepper? Thank you for your cooperation on this matter.
Respectfully,
Dave Tryon

David C. Tryon*
SPECIAL ASSISTANT TO THE ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL
State Capitol Complex
112 California Avenue
Bldg. 6, Room 430
Charleston, WV 25305-0220
Main:  (304) 558-2021
Direct: (681) 313-4570
Cell: (440) 503-7877



*Admitted in Ohio. Practicing under the supervision of West Virginia attorneys.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

# EXHIBIT C

| | |
|---|---|
| **From:** | Hartnett, Kathleen |
| **Sent:** | Thursday, January 6, 2022 4:19 PM |
| **To:** | Curtis R. A. Capehart; Kang, Katelyn L; David C. Tryon; Morgan, Kelly; Hammond, Kristen; Taylor, Michael; aria.vaughan@usdoj.gov; Doug P. Buffington, II; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy; Roberta Green; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia; Susan Deniker |
| **Cc:** | Reinhardt, Elizabeth F; Veroff, Julie M.; Tara Borelli; Carl Charles; Barr, Andrew D; Joshua Block; Avatara Smith-Carrington; Loree Stark; Sruti Swaminathan; Taylor  Brown; Helstrom, Zoë W. |
| **Subject:** | RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316 |

Curtis,

Thanks for your message.  Our position in our email, and our proposed protective order, do not depart from the nature of Tuesday's call.  On that call, we reiterated our request for fully virtual depositions, though based on the meet and confer (and some Defendants' suggestions) decided that for now we need only resolve the upcoming 3 depositions, including due to the immediate risks posed by the Omicron surge.  On our call, we explained the risks to both participants and those who are considering traveling.  We also heard the various proposals for limiting the number of people in the room, which we appreciated, but at the end of the day, the State continues to refuse a requirement that questioner and witness be masked at all times.  Rather, you propose having 2 unmasked people sit apart from each other at no more than 6 feet distance.  We asked you to reconsider this position, but it is now clear you have not.  Nor, at this point, would full masking in the room address the safety issues, which have only escalated from the time of our December 20 letter (memorializing our December 16 meet and confer) proposing full masking, and our December 29 proposal of virtual depositions.  Plaintiff's counsel also would have to consider traveling from out of state to an in-person deposition, and those risks, plus those from unmasked participants in the deposition room, lead us to seek relief from the court for fully virtual depositions.

Nor is the timing of our motion a surprise.  We first raised these issues on December 16, memorialized them on December 20, and followed-up (hearing nothing from any Defendant) on December 29 to request fully virtual depositions.  We asked for Defendants' positions on our proposal by January 4, we met and conferred for over an hour on January 4.  On that conference, we said that we would check with our client and circle back re whether the State's proposal of limited attendance at an in-person deposition, but with questioner and witness unmasked, would be acceptable.  It is not acceptable to us, given the health risks posed.  We also asked if you would change your position re masking, but you have not.  We told you that we would email everyone before filing a motion for protective order, indicating that we expected to file one absent a change in the State's position.

Finally, on the issue of hard copy exhibits, as I responded to Roberta and Susan, we were seeking to accommodate the concern expressed by some Defendants that they might not be able to access virtual exhibits, but are happy to remove that accommodation and will do so.

We will file our motion, because it contains the background and authorities supporting our requested relief.  We are happy to have a call to the magistrate once we file our motion.

We will separately address the issue of deposition scope and other issues raised in your email.

Thanks,
Kathleen

**Kathleen R. Hartnett**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com
www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

---

**From:** Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>
**Sent:** Thursday, January 6, 2022 7:29 AM
**To:** Kang, Katelyn L <kkang@cooley.com>; David C. Tryon <David.C.Tryon@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Susan Deniker <Susan.Deniker@steptoe-johnson.com>
**Cc:** Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>; Helstrom, Zoë W. <zhelstrom@cooley.com>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

**[External]**

---

Katelyn,

Thank you for yesterday's email.  Had we been aware of the notably short time frame you all were considering vis-à-vis filing the motion mentioned, we would have undertaken a revising of priorities (as evaluating your request was one of many things on our plate with numerous other pressing deadlines).  Given the 10:00 a.m. deadline (which I have now eclipsed briefly), we will try to be as comprehensive as time allows.

First, it appears from the first paragraph of your email that it is Plaintiff's position that there is no way to do depositions in this matter other than wholly virtually.  This seems to depart from the nature of Tuesday's call, much of which focused on finding conditions amenable to all for in-person deposition.  (Indeed, a latter paragraph from yesterday's email queries whether the State has revised its stance on agreeing to all-masked in-person deposition.)  It seemed that we were very close on that, with both sides asking the other to consider some final proposed alternative accommodations: Plaintiff asking whether the State could agree to everyone being masked to do in-person depos; the State asking whether Plaintiff's exposure concerns would be ameliorated by the size of depo room, distancing, minimal persons in room (4-6), possibly physical barriers, and everyone other than deponent and questioner in masks.  (As any mention of these are absent from yesterday's emails, we must presume that they were discussed and rebuffed.  If you could let us know whether that presumption is accurate, it would be appreciated.)

If the Plaintiff's final position is that no in-person depositions should proceed here, that is an unfortunate turn and is not something to which the State can agree.

However, if Plaintiff's last concern standing in the way of in-person depositions (as appeared to be the case with Tuesday's discussion) is the exposure risk associated with 2 persons (deponent and questioner) unmasked, we feel that the additional factors attendant to these depositions (room size, distancing, etc.) are appropriate measures to minimize any risk while preserving full benefit of a deposition to a party's ability to properly defend its position.  We all know that

depositions are more effective in-person because the deposing party can monitor a person's facial and body expressions, develop a deposition rapport, and also be aware and mindful of verbal and non-verbal communications from others in the room.  It also facilitates handling of exhibits, confidential communications between counsel when needed, and other communications between different parties' counsels, which sometimes need occur outside of a deponent's presence.  As related yesterday, the facility designated for the depositions will have a conference room which has 1,600+ square feet that only need to occupied by 4-6 people, minimizing common air concerns and leaving significant space for social distancing.  While current CDC guidelines recommend at least 3 feet, the space would easily accommodate 6, 8, or even more feet of separation between the questioner and the deponent.  It is our understanding that Plaintiff and Plaintiff's parents (the other deponents) have frequent interactions with the public in school and in the parents' occupations, an in-person deposition under these conditions seems reasonable.  In fact, the ability for Plaintiff to see the face of the person asking questions (i.e. me being a generally friendly person by default) would hopefully be a means of trying to help a child relax in a very unusual, uncomfortable situation, which we have understood from prior communications should be a front-of-mind concern in Plaintiff's depo.

The ability to fully communicate is based on much more than a sterile question and answer.  As Plaintiff's case is one of constitutional import, it is important that all parties, including the State, be provided with a full and fair opportunity in discovery.  That is all we are trying to preserve while being very aware and understanding of COVID-related concerns.

Also, relative to the intent stated in yesterday's email to require all exhibits in hard copy in advance of any deposition, the State has found that an unnecessary measure, even when having no option other than a virtual deposition during the early days of the pandemic, and not in keeping with standard discovery practices.  Consequently, the State would oppose such request.

As a final point, while we appreciate that there has been movement on these logistical concerns both ways, the State (not speaking for defendants generally but as the defendant pressing discovery forward generally) has made many efforts to be mindful, be accommodating, and be flexible based on Plaintiff's positions and concerns here.  These depositions were first requested to proceed in mid-December; this was refused with explanation that deponents were not available and could not be available until January with the seeming belief that there was still ample time to accomplish all discovery.  The State had no real option choice but to accede to this unilateral removal of a month from the deposition calendar.  Although Plaintiff filed this case in Charleston rather than closer federal courts, the State did not insist on Plaintiff and parents traveling two hours to Charleston for depositions so as to not overly impact Plaintiff and family and so offered to hold the depositions where they live.  The State agreed to accommodate Plaintiff's out-of-town counsel by agreeing to allow them to attend via Zoom or similar means.  Then, more recently, the noticed order of depositions was said to be unworkable during the agreed deposition period, the explanation being parental schedules.  The State agreed to this change, as well.  All parties then spent significant time (perhaps hours) addressing your concerns about permissible or sensitive topics that the State or any defendant should avoid asking in Plaintiff's deposition.  The defendants were asked to commit to not ask certain questions.  This is highly unusual, even totally unprecedented in our experience.  Nevertheless, we expressed that we sincerely understood this is an 11 year-old and would handle things accordingly, and the State tried to do our very best -- as did the other parties – to resolve concerns on this issue.  Now, we are down to restrictions on the methodology of depositions.  We all understand the concerns about COVID – some very acutely – but that reality prevailed before this lawsuit was brought and all defendants have the right to fully, properly, effectively conduct discovery while appropriately addressing the (now-familiar) potential for exposure/transmission.  The measures discussed to date appear reasonable for these matters, and we remain committed to exploring more alternatives moving forward.

As we understand it presently, your side will not proceed in any way other than full-virtual, remote depositions and intend to file a motion for a protective order.  The State believes that this is not warranted by the conditions that are available here to allow some version of in-person depositions to occur on the scheduled dates.  However, if we are truly at an impasse, we suggest placing a call to the Magistrate's office to seek advice quickly on how to proceed before any motion is filed, as such filing will significantly delay the discovery in this case (and the discovery phase is rapidly slipping away).  In fact, a quick conference call with the Magistrate would be far more efficient and provide needed direction, again assuming that Plaintiff is now entertaining no options other than full-virtual, remote depositions.

Please feel free to call to discuss anytime, especially if we have misapprehended your position and intent moving forward.  You can reach me via cell (304-206-5219) as we are uncertain whether the office will be open all day due to impending snow event.

Best regards,
Curtis

---

**From:** Kang, Katelyn L <kkang@cooley.com>
**Sent:** Wednesday, January 5, 2022 6:29 PM
**To:** David C. Tryon <David.C.Tryon@wvago.gov>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Susan Deniker <Susan.Deniker@steptoe-johnson.com>
**Cc:** Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>; Helstrom, Zoë W. <zhelstrom@cooley.com>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

Counsel,

Thank you for the call yesterday.  As we explained in our December 29 email and reiterated yesterday, we will need to seek relief from the Court re deposition format absent an agreement to proceed by wholly virtual deposition.  Given the timing of the depositions, and that we made our request a week ago and fully conferred yesterday but have apparently reached impasse, we intend to file our motion for protective order tomorrow (Thursday) morning.

Our email of December 29 proposed holding all depositions virtually, but given that the three upcoming depositions are the only ones currently noticed, our motion will be formally limited to those depositions.  However, we will note in our motion Plaintiff's willingness to hold all depositions virtually and that we expect to file a similar motion for later depositions if we are unable to reach agreement to proceed virtually on those.  Our motion will request that the protective order include a requirement that the only people admitted in the room with the deponent be one defending counsel (and, in BPJ's case, one parent), and that all exhibits are to be provided in hard copy prior to the deposition.  No masks would be worn by the witnesses.

Yesterday, the State said it would provide an update regarding whether it would agree to in-person depositions where all attendees are wearing masks at all times.  To date, the State has not agreed to this, but please let us know if that has changed.

It is our understanding that the Harrison County defendants and WVSSAC do not oppose the relief requested by Plaintiff; that the State Board defendants and intervenor-defendant are deferring to the position of the State as primary questioner; and that the State opposes the requested relief.  If these understandings are not correct, please let us know by 10 AM EST tomorrow, so that we can ensure we accurately state your position in our filing.

Thanks,
Katelyn

**From:** David C. Tryon <David.C.Tryon@wvago.gov>
**Sent:** Monday, January 3, 2022 6:08 PM
**To:** Kang, Katelyn L <kkang@cooley.com>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Susan Deniker <Susan.Deniker@steptoe-johnson.com>
**Cc:** Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>; Helstrom, Zoë W. <zhelstrom@cooley.com>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

[External]

---

To Plaintiff's Counsel regarding deposition protocols:

We are in your receipt of your letters addressing deposition protocols for the upcoming depositions. We appreciate the concerns and thoughts you have raised and have the following responses.

<u>Deposition order, location, and virtual attendance</u>: As you know, the Notice of Deposition sets forth a specific order for depositions. We anticipate that the depositions may well last three days, and we had intended and been preparing for the specified order. However, if you agree that B.P.J. will not attend the depositions of Wesley Pepper or Heather Jackson and (since neither of them is a party) that neither of them will attend each other's depositions, your proposed order is acceptable. Accordingly, we agree to begin Wesley Pepper's deposition on Wednesday January 19, at 10 am, followed by the deposition of Heather Jackson either later that day or beginning January 20 at 10am. Thereafter, either on January 20 or January 21, we will depose B.P.J.

As set forth in the Notice of Deposition, the Bridgeport location is acceptable.

We agree with prior communications regarding the mixed virtual and in-person approach. There are several reasons for maintaining in-person depositions, including the potential for technology issues and the inherent limitations that attend any communicative effort that is remote only. Also, given the current level of understanding of COVID and exposure risk control, there are reasonable efforts that the parties can take to minimize the potential for transmission while conducting depositions here. (For example, the confirmed availability of a sizeable space for depositions coupled with very light in-person attendance is a major factor in proceeding safely.) More on this is anticipated during the January 4, 2022, call.

We agree with your approach on expert witness location and asking questions remotely.

COVID protocol:
- We agree that each party will limit in-person attendance to 1-2 counsel.
- While we appreciate and share your concerns regarding COVID and that precautions are appropriate, we do not agree that daily COVID testing is necessary or practical.  That is not required for any situation in West Virginia  and is not normal protocol or required by any court rule or order. Moreover, it is unclear if immediate rapid testing kits will even be available in the relevant parts of West Virginia in January given the increasing shortage of these tests.  However, we believe that taking temperatures of any in-person attendee is appropriate and if someone is experiencing COVID symptoms, then it would be prudent for that person to get a test (if possible) or attend remotely.
- Masks:  West Virginia presently does not have a mask mandate in effect.  Nevertheless, we can agree to wearing masks, but masks acceptable per CDC guidance are appropriate.  (In fact, the CDC's guidance on which masks to use recommends against N-95 masks.  See https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/about-face-coverings.html.)  Separately, as we all know, verbal communication is only part of communication; nonverbal indicators (e.g. facial expressions) do much to round out that communication.  In addition, because hearing issues can affect some participating in or viewing a deposition, it is important to be able to see people's lips when they speak.  Finally, as you know, court reporters also generally seek to see the persons face while they are talking to enable more accurate transcription of the testimony.  Therefore, we respectfully request that those speaking in depositions do so without masks.  (Given the size of the deposition space, any amount of reasonable distancing should be easily accommodated.)

Order of questioning:  Questioning by multiple counsel should be conducted based on the normal protocol in multiple party litigation, which is a fairly typical situation.  We cannot agree in advance who will ask what or exactly who is entitled to ask what questions. The standard objection of "asked and answered" and other objections are available, and it seems unlikely that any party will seek to unnecessarily extend any of these depositions.

Scope of B.P.J.'s questions.  First and foremost, Defendants are sensitive to the fact that B.P.J. is only 11 years old and must be treated with respect and sensitivity, regardless of the subject of the lawsuit or the subject of the deposition.  Defendants also recognize the sensitivity of the subjects that may come up during the course of B.P.J.'s deposition.  Of course we will act professionally and respectfully, and expect all other counsel to do so as well.

At the same time, Defendants must fulfill their duties to represent their clients' interests properly.  In this case, Plaintiff's Amended Complaint presents an as-applied challenge to the statute and includes many allegations about B.P.J. that are relevant to the as-applied challenge.  Further, B.P.J. appears to have engaged in significant public discussion,  and generally been in the public eye.   The parties should be able to agree that any public statements

by B.P.J. or B.P.J.'s family members would be appropriate fare for questions. While Defendants may not see a need to ask questions about these public statements, an objection to such questions based on concerns relating to trauma would be surprising given B.P.J.'s openness and candor evident to this point. Furthermore, it is impossible to commit to not ask any questions related to the very specific case which Plaintiff has brought and the allegations made to date. Similarly, we are not able to commit to any specific questioning in advance. Nevertheless, we are sensitive to your concerns and will keep them in mind during the questioning. However, it is safe to say that during B.P.J.'s deposition:

- It is unlikely that there will be any need to use pronouns referring to B.P.J.
- It is unlikely that there will be a need to speak B.P.J's birth certificate name or to present documents with that name on them.
- It is unlikely that there will be a need to refer to B.P.J.'s genitalia.
- It is unlikely that there would be any need to ask B.P.J. about sexual abuse.
- It is unclear what questions might be asked which might be construed as "undermining" parents or family members, so this does not seem to be a problem.
- As to the medical records, B.P.J.'s medical records contain many relevant items which may raise questions that need answers, so we cannot agree that such questions are strictly off limits. But, as always, you will be free to object to any references during the deposition if there is a legitimate objection.
- Since B.P.J. is a biological male under the challenged statute and the challenged statute addressed the question of which team B.P.J. may be on, the request that there be no reference to this key issue is odd. While Defendants' counsel would not expect to present this in a harmful way, it goes to the crux of the Plaintiff's challenge.

<u>Federal Rules of Civil Procedure</u>: This is not particular to this matter  and this is a topic that impacts all parties. When engaged in working out deposition logistics, we have begun a practice of noting the content of a rule that is too often given short shrift: FRCP 30(c)(2). While this of course applies to these depositions, it is worth noting: "Objections. An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." All parties are well-served to refresh our collective familiarity with this as we move into depositions here.

We look forward to further discussions, in particular on the COVID protocol issue at the anticipated call on Tuesday.

Thank you.
Dave Tryon

David C. Tryon*
SPECIAL ASSISTANT TO THE ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL
State Capitol Complex
112 California Avenue
Bldg. 6, Room 430
Charleston, WV 25305-0220
Main:  (304) 558-2021
Direct: (681) 313-4570
Cell: (440) 503-7877



*Admitted in Ohio. Practicing under the supervision of West Virginia attorneys.

---

**From:** Kang, Katelyn L <kkang@cooley.com>
**Sent:** Wednesday, December 29, 2021 5:13 PM
**To:** David C. Tryon <David.C.Tryon@wvago.gov>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Susan Deniker <Susan.Deniker@steptoe-johnson.com>
**Cc:** Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>; Helstrom, Zoë W. <zhelstrom@cooley.com>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

Counsel:

I hope that everyone is having a good holiday. We write to follow up to our letter sent on December 20, 2021.

Given the recent, material increase in risk associated with COVID-19 and its variants, we write to ask whether counsel for Defendants and for Defendant-Intervenor would be amenable to holding all depositions in this case virtually, including the upcoming depositions for B.P.J. and her parents.  This link provides an example of our contemplated format.  https://www.veritext.com/services/veritext-virtual/.  This format allows all exhibits to be displayed electronically (including for the witness to review as they see fit), and we also would be amenable to requiring exhibits to be sent in hard copy to the defending counsel to arrive the day before the deposition in a sealed envelope (or otherwise make provision for hard copies to be available to the witness).  Further, we would agree that counsel for the witness may be in the same room as the witness (but everyone else, including court reporter and videographer, would appear virtually). This format would also allow the witnesses to provide testimony without the need to wear masks.

We look forward to your response, which we would appreciate by Tuesday 1/4, and of course are happy to confer by phone if useful.  We plan to raise this issue with the Court if we are not able to reach an agreement, given the current severity of the pandemic and the strong preference of our client.

Best,
Katelyn

---

**From:** Kang, Katelyn L <kkang@cooley.com>
**Sent:** Monday, December 20, 2021 5:42 PM
**To:** David C. Tryon <David.C.Tryon@wvago.gov>
**Cc:** Susan Deniker <Susan.Deniker@steptoe-johnson.com>; Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

Thank you, David.

Counsel, please see the attached.

Best,
Katelyn

---

**From:** David C. Tryon <David.C.Tryon@wvago.gov>
**Sent:** Monday, December 20, 2021 2:09 PM
**To:** Kang, Katelyn L <kkang@cooley.com>
**Cc:** Susan Deniker <Susan.Deniker@steptoe-johnson.com>; Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

**[External]**

Counsel:
Attached is a notice of deposition for the three depositions we discussed having the week of January 17.  We are noticing them starting Wednesday the 19th because the 17th is MLK day and we thought it might be more convenient to start on Wednesday and we expect that three days should be more than adequate.  We also determined that given the

travel time from Charleston and wherever Plaintiff's counsel are staying and given that it is winter and the possible travel delays we should start at 10 am.  We have noticed the depositions in the order of Heather Jackson, B.P.J. and then Wesley Pepper and tried to estimate the times necessary to complete those depositions.  However, the times may change depending on how long the depositions last.  Accordingly, the depositions may continue into Friday.  We want to be flexible to recognize both counsel's time issues and the deponents time.  Please advise if anyone thinks that these time issues are unrealistic.

Finally, would Plaintiff's counsel confirm that we do not need to subpoena either Ms. Jackson or Mr. Pepper? Thank you for your cooperation on this matter.

Respectfully,

Dave Tryon

David C. Tryon*

SPECIAL ASSISTANT TO THE ATTORNEY GENERAL

OFFICE OF THE ATTORNEY GENERAL

State Capitol Complex

112 California Avenue

Bldg. 6, Room 430

Charleston, WV 25305-0220

Main:  (304) 558-2021

Direct: (681) 313-4570

Cell: (440) 503-7877



*Admitted in Ohio. Practicing under the supervision of West Virginia attorneys.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.