IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>     *Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>     *Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>     *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin<br><br>**PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION** |

  PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff B.P.J., by her next friend and mother, Heather Jackson, will take the deposition of Defendant the West Virginia State Board of Education at approximately the stated time below or on such other date and at such other time as may be agreed upon by the parties.

  The deposition will be conducted remotely via video teleconference offered by Veritext. The deposition will continue from day to day until concluded. The deposition will be taken under oath before a certified shorthand reporter or other officer authorized to administer oaths. The deposition will be recorded by stenographic means, on videotape, and by instant visual display of testimony using LiveNote or similar software. The deposition shall be used for discovery purposes and may be used as evidence in this action, including at trial.

Pursuant to Rule 30(b)(6), Defendant West Virginia State Board of Education shall designate one or more knowledgeable officers, directors, managing agents, or other persons who consent to testify on their behalf concerning the subjects set forth in Exhibit A. Prior to deposition, Defendant West Virginia State Board of Education and Plaintiff shall meet and confer about the matters for examination.

| **Deponent** | **Date and Time of Deposition** |
|---|---|
| West Virginia State Board of Education<br><br>1900 Kanawha Boulevard East<br>Charleston, West Virginia 25305 | February 9, 2022 at 12:00 PM EST |

Dated: January 21, 2022

Joshua Block*
Taylor Brown*
Chase Strangio*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30
Phone: (404) 897-1880
ccharles@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully submitted,
/s/ *Loree Stark*

Loree Stark (Bar No. 12936)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org

Kathleen Hartnett*
Julie Veroff*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com

Katelyn Kang*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

**Visiting Attorneys*

*Attorneys for Plaintiff*

# Exhibit A

## DEFINITIONS

1. "Action" refers to the above-captioned litigation instituted by B.P.J. on May 26, 2021.

2. "B.P.J." means B.P.J. and her mother, Heather Jackson.

3. "Communication" means any transmission of information from one PERSON to another by any means in the form of facts, ideas, inquiries, or otherwise.

4. "Concerning" is defined as information, things, COMMUNICATIONS, or DOCUMENTS that reflect, relate to, identify, constitute, embody, describe, discuss, summarize, evidence, reference, comment on, or concern in any way the subject matter of the request.

5. "Document" means any written, printed, typed, recorded, magnetic, punched, copied, graphic or tangible thing in, upon, or from which information may be embodied, translated, conveyed, or stored (including, but not limited to, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, dictation or other audio tapes, video tapes, computer tapes, computer discs, computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, sketches, and all other writings or drafts thereof) as defined in Federal Rule of Civil Procedure 34(a), Federal Rule of Civil Procedure 45, and Federal Rule of Evidence 1001, whether or not labeled "confidential." A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.

6. "Person" means any natural person or any business, legal, or governmental entity or association or any other cognizable entity, including, without limitation, corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

7. "Policy" means any policy, procedure, rule, protocol, guideline, regulation, practice, or other principle or course of action.

8. "State Board" means the West Virginia State Board of Education, as well as its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, and agents.

9. "State Superintendent" means W. Clayton Burch in his official capacity as Superintendent of the State Board as includes each of the officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, and agents that report to him in his official capacity. It also means any "Person" who assumes any of Mr. Burch's official positions or responsibilities in part, whether temporarily or permanently.

10. "You," "Your," or "Yours," means the State Board and the State Superintendent collectively.

## TOPICS OF EXAMINATION

**TOPIC 1:**

The organization and structure of the State Board, including its employees, their positions, and the scope of their responsibilities, including the role and responsibilities of the State Superintendent.

**TOPIC 2:**

Your Policies, Documents, and Communications concerning rulemaking.

**TOPIC 3:**

Your Policies, Documents, and Communications Concerning Your control, supervision, or authority over school athletics in West Virginia.

**TOPIC 4:**

Your current and/or expected role in implementing and enforcing H.B. 3293, including any delegation of authority to or supervision over the West Virginia Secondary School Activities Commission, West Virginia county boards of education, and/or county superintendents.

**TOPIC 5:**

The relationship between the State Board and the West Virginia Secondary School Activities Commission.

**TOPIC 6:**

Your relationship and Communication with the West Virginia Legislature, including individual legislators, legislative staff, Committees, and/or Committee staff, in developing legislation, including Your Communication regarding and involvement in the drafting, passage, and implementation of H.B. 3293.  This expressly includes all Communications with the House Education Committee, including its counsel Melissa White.

**TOPIC 7:**

Your Policies, Documents, and Communications Concerning the participation of transgender students in athletics in West Virginia from January 1, 2019 to the present.

**TOPIC 8:**

Your Policies, Documents and Communications Concerning the separation of boys and girls in school-sponsored sports in West Virginia prior to and following the passage of H.B. 3293.

**TOPIC 9:**

Your understanding Concerning the purpose, scope, and implications of H.B. 3293.  This expressly includes Your understanding of what, if any, governmental interests are furthered by H.B. 3293.

**TOPIC 10:**

Your Policies, Documents, and Communications Concerning B.P.J. and her family from January 1, 2019 to the present.

**TOPIC 11:**

Your Policies, Documents, and Communications Concerning H.B. 3293. This expressly includes Your Green Book Summary of H.B. 3293 published in 2021, Bates stamped WVSBOE 000035, as well as the Enrolled Bill Review Form submitted in relation to H.B. 3293, Bates stamped WVSBOE 000038.

**TOPIC 12:**

All Your discovery responses provided to date in this Action.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

    I, Loree Stark, do hereby certify that on this 21st day of January, 2022, I electronically filed a true and exact copy of the ***Plaintiff's Notice of 30(b)(6) Deposition*** with the Clerk of Court and all parties using the CM/ECF System.

                                                 */s/ Loree Stark*
                                                 Loree Stark
                                                 West Virginia Bar No. 12936