IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>     *Plaintiff*,<br><br>  v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>     *Defendants*,<br><br>  and<br><br>LAINEY ARMISTEAD,<br><br>     *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin<br><br>**PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION** |

  PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff B.P.J., by her next friend and mother, Heather Jackson, will take the deposition of Defendant the West Virginia Secondary School Activities Commission at approximately the stated time below or on such other date and at such other time as may be agreed upon by the parties.

  The deposition will be conducted remotely via video teleconference offered by Veritext. The deposition will continue from day to day until concluded. The deposition will be taken under oath before a certified shorthand reporter or other officer authorized to administer oaths. The deposition will be recorded by stenographic means, on videotape, and by instant visual display of testimony using LiveNote or similar software. The deposition shall be used for discovery purposes and may be used as evidence in this action, including at trial.

Pursuant to Rule 30(b)(6), Defendant West Virginia Secondary School Activities Commission shall designate one or more knowledgeable officers, directors, managing agents, or other persons who consent to testify on their behalf concerning the subjects set forth in Exhibit A.  Prior to deposition, Defendant West Virginia Secondary School Activities Commission and Plaintiff shall meet and confer about the matters for examination.

| **Deponent** | **Date and Time of Deposition** |
| --- | --- |
| West Virginia Secondary School Activities Commission<br><br>2875 Staunton Turnpike<br>Parkersburg, WV 26104 | February 11, 2022 at 12:00 PM EST |

| | |
|---|---|
| Dated: January 21, 2022 | Respectfully submitted,<br>/s/ *Loree Stark* |
| Joshua Block*<br>Taylor Brown*<br>Chase Strangio*<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>125 Broad St.<br>New York, NY 10004<br>Phone: (212) 549-2569<br>jblock@aclu.org | Loree Stark (Bar No. 12936)<br>AMERICAN CIVIL LIBERTIES UNION OF WEST<br>VIRGINIA FOUNDATION<br>P.O. Box 3952<br>Charleston, WV 25339-3952<br>Phone: (914) 393-4614<br>lstark@acluwv.org |
| Avatara Smith-Carrington*<br>LAMBDA LEGAL<br>3500 Oak Lawn Avenue, Suite 500<br>Dallas, TX 75219<br>Phone: (214) 219-8585<br>asmithcarrington@lambdalegal.org | Kathleen Hartnett*<br>Julie Veroff*<br>COOLEY LLP<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111<br>Phone: (415) 693-2000<br>khartnett@cooley.com |
| Carl Charles*<br>Tara Borelli*<br>LAMBDA LEGAL<br>158 West Ponce De Leon Ave., Ste. 105<br>Decatur, GA 30<br>Phone: (404) 897-1880<br>ccharles@lambdalegal.org | Katelyn Kang*<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001-2157<br>Phone: (212) 479-6000<br>kkang@cooley.com |
| Sruti Swaminathan*<br>LAMBDA LEGAL<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>Phone: (212) 809-8585<br>sswaminathan@lambdalegal.org | Elizabeth Reinhardt*<br>COOLEY LLP<br>500 Boylston Street, 14th Floor<br>Boston, MA 02116-3736<br>Phone: (617) 937-2305<br>ereinhardt@cooley.com<br><br>*Visiting Attorneys* |
| Andrew Barr*<br>COOLEY LLP<br>1144 15th St. Suite 2300<br>Denver, CO  80202-5686<br>Phone: (720) 566-4000<br>abarr@cooley.com | *Attorneys for Plaintiff* |

# Exhibit A

# DEFINITIONS

1. "Action" means the above-captioned litigation instituted by B.P.J. on May 26, 2021.

2. "B.P.J." means B.P.J. and her mother, Heather Jackson.

3. "Communication" means any transmission of information from one PERSON to another by any means in the form of facts, ideas, inquiries, or otherwise.

4. "Concerning" is defined as information, things, Communications, or Documents that reflect, relate to, identify, constitute, embody, describe, discuss, summarize, evidence, reference, comment on, or concern in any way the subject matter of the request.

5. "Document" means any written, printed, typed, recorded, magnetic, punched, copied, graphic or tangible thing in, upon, or from which information may be embodied, translated, conveyed, or stored (including, but not limited to, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, dictation or other audio tapes, video tapes, computer tapes, computer discs, computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, sketches, and all other writings or drafts thereof) as defined in Federal Rule of Civil Procedure 34(a), Federal Rule of Civil Procedure 45, and Federal Rule of Evidence 1001, whether or not labeled "confidential." A draft or non-identical copy is a separate Document within the meaning of this term.

6. "Executive Director" means Bernie Dolan in his capacity as Executive Director of the School Activities Commission.

7. "Person" means any natural person or any business, legal, or governmental entity or association or any other cognizable entity, including, without limitation, corporations,

8. proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

8. "Policy" means any policy, procedure, rule, protocol, guideline, regulation, practice, or other principle or course of action.

9. "You," "Your," or "Yours" means the School Activities Commission, and each of its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, and agents.

## TOPICS OF EXAMINATION

**TOPIC 1:**

Your organization and structure, including Your employees, their positions, and the scope of their responsibilities, including the role and responsibilities of Your Executive Director.

**TOPIC 2:**

All of the sources of Your funding.

**TOPIC 3:**

Your Policies, Documents, and Communications Concerning Your control, supervision, or authority over secondary school athletics in West Virginia.

**TOPIC 4:**

Your Policies, Documents, and Communications Concerning Your relationship with the West Virginia State Board of Education and State Superintendent W. Clayton Burch, including any protocol regarding delegation or supervision.

**TOPIC 5:**

Your Policies, Documents, and Communications Concerning Plaintiff B.P.J. and her family from January 1, 2019 to the present.

**TOPIC 6:**

Your Policies, Documents, and Communications Concerning the participation of transgender students in athletics in West Virginia prior to and following the passage of H.B. 3293, including but not limited to the implementation and enforcement of Your Board of Directors Transgender Policy (Bates stamped WVSSAC000008).

**TOPIC 7:**

Your Policies, Documents, and Communications Concerning how to determine whether a student is a boy or a girl for purposes of competing in School Activities Commission events.

**TOPIC 8:**

Your Policies, Documents, and Communications Concerning H.B. 3293, including the circumstances and process by which H.B. 3293 was enacted.

**TOPIC 9:**

Your Policies, Documents, and Communications Concerning the separation of boys and girls in school-sponsored sports in West Virginia.

**TOPIC 10:**

Your Policies, Documents, and Communications Concerning school-sponsored sports teams designated as co-ed or mixed.

**TOPIC 11:**

Your Policies, Documents, and Communications Concerning the process by which Your member schools may appeal the eligibility of a transgender student to participate on school-sponsored sports teams.

**TOPIC 12:**

Your Policies, Documents, and Communications Concerning Your role in setting standards of eligibility for Your sponsored events and for adjudicating disputes over a student's eligibility.

**TOPIC 13:**

Your understanding Concerning the purpose, scope, and implications of H.B. 3293, including the basis for Your responses to Interrogatory Nos. 7 and 9.

**TOPIC 14:**

All Your discovery responses provided to date in this Action.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 21st day of January, 2022, I electronically filed a true and exact copy of the ***Plaintiff's Notice of 30(b)(6) Deposition*** with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936

9