IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

          *Plaintiff*,

v.

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,

          *Defendants*,

and

LAINEY ARMISTEAD,

          *Defendant-Intervenor*.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin, District Judge

**JOINT MOTION TO EXTEND DEADLINES FOR DISPOSITIVE MOTIONS AND BRIEFING, TO ESTABLISH A SCHEDULE FOR FILING *DAUBERT MOTIONS*, AND FOR LEAVE TO FILE BRIEFS IN EXCESS OF THE PAGE LIMITATION OF LOCAL RULE OF CIVIL PROCEDURE 7.1(a)(2)**

Plaintiff, Defendants, and Defendant-Intervenor ("the parties"), by and through their counsel, respectfully request leave for modest extensions of the existing dispositive motions deadlines and to establish a schedule for filing *Daubert* motions. The parties further respectfully seek leave to file dispositive motions, *Daubert* motions, and attendant response and reply briefs in excess of the 20-page limit established in Local Rule of Civil Procedure 7.1(a)(2). One Defendant (State of West Virginia) and the Defendant-Intervenor also ask the Court to vacate the trial date

and reset it after its summary-judgement decision or, alternatively, continue the trial date and associated trial deadlines for two months. Plaintiff opposes this last request, and the other Defendants take no position on this last request.

I. **Joint Motion to Extend Dispositive Motions and Briefing Deadlines and to Establish *Daubert* Deadlines.**

On September 8, 2021, this Court entered the Scheduling Order presently governing this matter. (*See* ECF No. 93.) That Order provides that dispositive motions are to be filed on April 14, 2022, with responses to follow on April 28 and replies on May 5. The Scheduling Order does not specify a timeline for *Daubert* motions, which the parties anticipate filing in conjunction with their summary judgment briefing. Presently the hearing on dispositive motions is set for June 8, 2022, and trial is set to begin on July 26, 2022.

The Scheduling Order set March 25, 2022 as the deposition deadline and close of discovery. The parties have diligently conducted discovery in this matter, but, in light of the number of putative experts and various scheduling issues, four expert depositions were conducted after the March 25, 2022 discovery cutoff (with the last one occurring yesterday, April 4).

The parties are diligently preparing their summary judgment and *Daubert* motions. However, in light of the volume of recent discovery, the number of anticipated summary judgment and *Daubert* motions, and the parties' desire to put forward the most cogent presentation to the Court, the parties respectfully request that the Court (1) modestly extend the current summary judgment deadlines; and (2) establish deadlines for *Daubert* motions, which the parties seek to file in conjunction with their dispositive motions. Specifically, the parties jointly request that this Court modify the Scheduling Order with the following revised and new deadlines:

- April 21, 2022: Filing of dispositive motions (current deadline April 14, 2022).

- May 12, 2022: Responses to dispositive motions (current deadline April 28, 2022); filing of *Daubert* motions (no current deadline).

- May 26, 2022: Replies to responses to dispositive motions (current deadline May 5, 2022); responses to *Daubert* motions (no current deadline).

- June 2, 2022: Replies to responses to *Daubert* motions (no current deadline).

The parties' request for this modestly revised schedule is based on the number of depositions taken in this case—seventeen, many of which lasted the full seven hours allotted; the fact that, due to scheduling considerations, several of those depositions took place just a few days before the deposition deadline and close of discovery, and four took place after; and the need to prepare multiple *Daubert* motions concurrently with preparing summary judgment submissions.

Regarding whether this request affects other dates set forth in the current Scheduling Order, Plaintiff respectfully requests that the Court maintain all other deadlines set forth in the Scheduling Order, including the trial date of July 26, 2022. The modest extension of summary judgment deadlines is reconcilable with the remainder of the present schedule as set forth in the Scheduling Order; Plaintiff's counsel has scheduled other matters around the planned trial date; and Plaintiff respectfully submits that a prompt trial on the merits (for which Defendants have no jury right, as the Court has ordered) would serve the interests of justice.

Defendants West Virginia State Board of Education, W. Clayton Burch, Harrison County Board of Education, Dora Stutler, and West Virginia Secondary School Activities Commission take no position on the trial date.

Defendant State of West Virginia and Defendant-Intervenor respectfully request that the Court vacate the trial date and reset it after its summary-judgment ruling or, in the alternative,

continue the trial date and associated deadlines for approximately two months. These Defendants' concern relative to the trial date and related deadlines is that the amount of briefing to be addressed prior to a ruling on the various motions, which will likely include six dispositive motions and as many as 12 *Daubert* motions among the parties for the eight experts, may delay rulings—which in turn affects the scope of the trial and how the parties prepare for a (potentially advisory jury) trial and all the associated deadlines set forth in the scheduling order. These Defendants note that a delay in the trial date does not affect the Preliminary Injunction, which fully protects the Plaintiff B.P.J. at least unless and until this Court issues a contrary final order.

A proposed Order concerning this Motion is submitted for the Court's convenience.

**II.     Joint Motion for Leave to File Briefs in Excess of the Page Limitation.**

Local Rule of Civil Procedure 7.1(a)(2) establishes a 20-page limit for memoranda accompanying motions for summary judgment, including response and reply memoranda, as well as memoranda accompanying any other type of motion. The same Rule provides that upon a showing of good cause, the Court may allow a party to exceed the 20-page limit.

The parties jointly request leave to file memoranda accompanying their forthcoming motions for summary judgment and *Daubert* motions, including response and reply memoranda, in excess of the 20-page limit. Specifically, the parties respectfully request that this Court grant leave allowing each party up to 30 pages for each summary judgment memorandum—*i.e.*, 30 pages per party for an opening memorandum, response memorandum, and reply memorandum. The parties also respectfully request that if Plaintiff chooses to file any omnibus summary judgment memorandum (in opening, response, and/or reply)—rather than five separate memoranda addressed to each of the Defendants and Defendant-Intervenor—that Plaintiff be given up to 60 pages for any such omnibus filing. The parties further respectfully request that this Court grant

4

leave allowing each party up to 25 pages for an opening memorandum in support of a *Daubert* motion and up to 25 pages for a response memorandum.

Good cause exists to allow the requested leave. As was the case when the Court granted Plaintiff leave to exceed the 20-page limit when filing her Memorandum in Support of her Motion for Preliminary Injunction (*see* ECF No. 18), the parties require sufficient space to address the weighty matters at issue, including whether H.B. 3293 violates Title IX and the Equal Protection Clause. The issues before the Court in any forthcoming *Daubert* motions will be likewise potentially complex and involved, particularly given the length of many of the putative expert depositions.

The parties believe the additional pages requested will assist the Court in adjudicating these matters and respectfully submit that good cause exists to permit filing briefs in excess of Rule 7.1(a)(2)'s 20-page limit. A proposed Order concerning this Motion is submitted for the Court's convenience.

Dated this the 5th day of April, 2022.

| COUNSEL FOR DEFENDANTS | COUNSEL FOR PLAINTIFF |
|---|---|
| BY: /s/ Kelly C. Morgan | BY: /Kathleen Hartnett/ |
| Kelly C. Morgan (WV Bar No. 9519)<br>Michael W. Taylor (WV Bar No. 11715)<br>Kristen V. Hammond (WV Bar No. 9727)<br>Bailey & Wyant, LLC<br>500 Virginia Street, East, Suite 600<br>P.O. Box 3710<br>Charleston, WV 25337-3710<br><br>*Attorneys for Defendant West Virginia State Board of Education and W. Clayton Burch* | Loree Stark (Bar No. 12936)<br>Nick Ward (Bar No. 13703)<br>AMERICAN CIVIL LIBERTIES UNION OF WEST VIRGINIA FOUNDATION<br>P.O. Box 3952<br>Charleston, WV 25339-3952<br>Phone: (914) 393-4614<br>lstark@acluwv.org<br><br>Joshua Block*<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad St.<br>New York, NY 10004<br>Phone: (212) 549-2569<br>jblock@aclu.org |
| BY: /s/ Susan Llewellyn Deniker<br><br>Susan Llewellyn Deniker (WV Bar No. 7992)<br>Jeffrey M. Cropp (WV Bar No. 8030)<br>Steptoe and Johnson, LLC<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330<br><br>*Attorneys for Defendant Harrison County Board of Education and Dora Stutler* | Avatara Smith-Carrington*<br>LAMBDA LEGAL<br>3500 Oak Lawn Avenue, Suite 500<br>Dallas, TX 75219<br>Phone: (214) 219-8585<br>asmithcarrington@lambdalegal.org |
| BY: /s/ Roberta F. Green<br><br>Roberta F. Green (WV Bar No. 6598)<br>Kimberly M. Bandy (WV Bar No. 10081)<br>Shannon M. Rogers (WV Bar No. 13920)<br>Shuman McCuskey Slicer PLLC<br>Post Office Box 3953<br>1411 Virginia Street East, Suite 200<br>Charleston, WV 25339<br><br>*Attorneys for West Virginia Secondary School Activities Commission* | Carl Charles*<br>Tara Borelli*<br>LAMBDA LEGAL<br>158 West Ponce De Leon Ave., Ste. 105<br>Decatur, GA 30<br>Phone: (404) 897-1880<br>ccharles@lambdalegal.org<br><br>Sruti Swaminathan*<br>LAMBDA LEGAL<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>Phone: (212) 809-8585<br>sswaminathan@lambdalegal.org |

BY: /s/ David C. Tryon

Douglas P. Buffington, II (WV Bar No. 8157)
Curtis R. A. Capehart (WV Bar No. 9876)
David C. Tryon (WV Bar No. 14145)
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220

*Attorneys for State of West Virginia*


BY: /s/ Jonathan Scruggs

Brandon Steele (WV Bar No. 12423)
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801

Jonathan Scruggs*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260

Christiana Holcomb*
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001

Timothy D. Ducar*
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ 85260

*Attorneys for Defendant-Intervenor*

Kathleen Hartnett*
Julie Veroff*
Zoe Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Katelyn Kang*
Valeria Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Attorneys for Plaintiff*

**Visiting Attorneys*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

*Plaintiff*,

v.                                                                                 Civil Action No. 2:21-cv-00316
                                                                                   Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, and
THE STATE OF WEST VIRGINIA,

*Defendants*,

and

LAINEY ARMISTEAD,

*Defendant-Intervenor*.

## CERTIFICATE OF SERVICE

I, Loree Stark, do hereby certify that on this 5th day of April, 2022, I electronically filed a true and exact copy of ***Joint Motion To Extend Deadlines for Dispositive Motions and Briefing, To Establish A Schedule For Filing Daubert Motions, And For Leave To File Briefs In Excess Of The Page Limitation Of Local Rule Of Civil Procedure 7.1(a)(2)*** with the Clerk of Court and all parties using the CM/ECF System. A copy of this motion will also be served to Defendants and Defendant-Intervenors.

/s/ Loree Stark
West Virginia Bar No. 12936

8