IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

                                        *Plaintiff*,

v.                                                          Civil Action No. 2:21-cv-00316
                                                   Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,

                                        *Defendants,*

and

LAINEY ARMISTEAD,

                                        *Defendant-Intervenor*.


**DEFENDANTS HARRISON COUNTY BOARD OF EDUCATION
AND DORA STUTLER'S MOTION FOR SUMMARY JUDGMENT**


14558750

Defendants Harrison County Board of Education ("HCBOE") and County Superintendent Dora Stutler ("Stutler") (collectively the "County Board"), by counsel, move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  The County Board has not caused any injury to Plaintiff B.P.J., and it is thus entitled to summary judgment. This conclusion is compelled for three reasons, all of which rely on undisputed facts and applicable law.   These three reasons are set forth in greater detail in the County Board's supporting memorandum of law, which is contemporaneously being filed with this motion.

First, the County Board is required to comply with and enforce West Virginia law, including the state law ("the Act") that B.P.J. challenges in this civil action.  Thus, B.P.J.'s claim is one against the State, not against the County Board.  It is undisputed that, if B.P.J. has an actionable injury as she alleges, then her injury was inflicted by the State; the County Board undisputedly has no policy or custom of its own that has caused or will cause B.P.J. any harm, and it had no part in the creation or passage of the Act at issue.  The County Board cannot be liable for any injury that it did not cause. Therefore, the HCBOE is entitled to summary judgment on the Title IX claim against it in Count I, and Stutler is entitled to summary judgment on the Equal Protection Clause claim against her, in her official capacity, in Count II.

Second, should the Court determine that Stutler, in her official capacity, is a proper defendant to Count II for purposes of an injunction, then she should be retained only in her capacity as a State official – not in her capacity as an official of the HCBOE.  If Stutler ever enforces the Act at issue (in the event that the Court's injunction is lifted or modified), she will be acting solely as a State official, not as a HCBOE official, because she would be enforcing only a State law, not any policy or custom of the County Board.  Any such enforcement would be mandated; Stutler has no discretion regarding whether to enforce the Act.  Under these circumstances and this Court's clear precedent, any monetary award assessed against Stutler must be paid entirely by the State,

14558750

*not* by the County Board, because the State, not Stutler or the HCBOE, is solely responsible for the Act that B.P.J. claims harms her.

Finally, although the County Board undisputedly had no part in creating, developing, shaping, or passing the Act at issue, and it undisputedly has no policy or custom of its own that prevents B.P.J. from joining girls' teams based on transgender status, the County Board has been sued for damages, fees, and costs over the Act. Therefore, the County Board finds itself in the position of defending the Act, even though it did not create, support or pass the Act. As set forth in its supporting memorandum of law, a legal foundation clearly exists for finding that the Act is lawful under Title IX and that the Act does not violate the Equal Protection Clause.

There is evidence that biological males outperform biological females and that biological females are more prone to injury when participating in sports. Thus, permitting biological males to compete on teams designated for females may displace and injure biological female athletes. Title IX regulations permit sex-separated sports teams if selection for teams is based on competitive skill or if the sport is a contact sport, and it promotes equal athletic opportunity for members of both sexes. Thus, the Act does not violate Title IX. Similarly, the Act does not violate the Equal Protection Clause because the classification it makes is substantially related to its purposes of promoting fair competition and safety for biological female athletes.

Pursuant to Rule 7.1(a)(1) of the Local Rules of Civil Procedure of the United States District Court for the Southern District of West Virginia, copies of Exhibits 1 through 8, which are cited in the supporting memorandum of law, are attached to this motion.

WHEREFORE, for the reasons set forth herein and in the County Board's supporting memorandum of law, the HCBOE and Stutler respectfully request that the Court **GRANT** their Motion for Summary Judgment. The HCBOE is entitled to summary judgment on the sole claim against it, and it should be dismissed as a defendant. Stutler has not violated any

14558750                                                2

right of B.P.J.'s, and thus, she is also entitled to summary judgment.  If Stutler is retained as a defendant to Count II for purposes of an injunction, then she must be retained as an agent of the State, not of the HCBOE, and consequently, any damages or other monetary award, including any award for attorneys' fees and costs, that may be assessed against her must be paid by the State. Therefore, the HCBOE and Stutler are entitled to summary judgment on Counts I and II, as well as B.P.J.'s claim for monetary damages, including any award for attorneys' fees and costs, against them.  Thus, they respectfully request that the Court **GRANT** their motion.

Respectfully submitted this 21st day of April, 2022.

|  |  |
|---|---|
| | /s/ Susan L. Deniker |
| | Susan L. Deniker          (WV ID #7992) |
| | Jeffrey M. Cropp          (WV ID #8030) |
| STEPTOE & JOHNSON PLLC | 400 White Oaks Boulevard |
| OF COUNSEL | Bridgeport, WV 26330-4500 |
| | (304) 933-8000 |

*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER
JACKSON,

*Plaintiff*,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin, District Judge

*Defendants,*

and

LAINEY ARMISTEAD,

*Defendant-Intervenor*.

**CERTIFICATE OF SERVICE**

I hereby certify that on 21st day of April, 2022, I electronically filed the foregoing

"Defendants Harrison County Board of Education and Dora Stutler's Motion for Summary

Judgment" with the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to all counsel of record.

14558750

**Joshua A. Block, Esquire**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street 18th Floor
New York, NY 10004
*Counsel for Plaintiff*

**Loree Stark, Esquire**
**Nicholas P. Ward, Esquire**
AMERICAN CIVIL LIBERTIES UNION
OF WEST VIRGINIA
1614 Kanawha Boulevard East
Charleston, WV  25311
*Counsel for Plaintiff*

**Avatara A. Smith-Carrington, Esquire**
LAMBDA LEGAL
3500 Oak Lawn Avenue Suite 500
Dallas, TX 75219
*Counsel for Plaintiff*

**Carl Solomon Charles, Esquire**
**Tara L. Borelli, Esquire**
LAMBDA LEGAL
158 West Ponce De Leon Avenue, Suite 105
Decatur, GA 30030
*Counsel for Plaintiff*

**Sruti J. Swaminathan, Esquire**
LAMBDA LEGAL
120 Wall Street 19th Floor
New York, NY 10005
*Counsel for Plaintiff*

**Kathleen R. Hartnett, Esquire**
**Julie Veroff, Esquire**
**Zoë Helstrom, Esquire**
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
*Counsel for Plaintiff*

**Katelyn Kang, Esquire**
**Valeria M. Pelet del Toro, Esquire**
COOLEY LLP
55 Hudson Yards
New York, NY 10001
*Counsel for Plaintiff*

**Elizabeth Reinhardt, Esquire**
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
*Counsel for Plaintiff*

**Andrew D. Barr, Esquire**
COOLEY LLP
1144 15th Street Suite 2300
Denver, CO 80202
*Counsel for Plaintiff*

**Roberta F. Green, Esquire**
**Kimberly M. Bandy, Esquire**
**Shannon M. Rogers, Esquire**
SHUMAN McCUSKEY & SLICER
PO Box 3953
Charleston, WV 25339-3953
*Counsel for Defendant WV Secondary
School Activities Commission*

14558750

| | |
|---|---|
| **Kelly C. Morgan, Esquire**<br>**Kristen Vickers Hammond, Esquire**<br>**Michael W. Taylor, Esquire**<br>BAILEY & WYANT<br>PO Box 3710<br>Charleston, WV 25337-3710<br>*Counsel for Defendants WV State Board of Education and W. Clayton Burch* | **Douglas P. Buffington, II, Esquire**<br>**Curtis R. Capehart, Esquire**<br>**David C. Tryon, Esquire**<br>WV ATTORNEY GENERAL'S OFFICE<br>State Capitol Complex<br>Building 1, Room 26E<br>1900 Kanawha Boulevard East<br>Charleston, WV 25305-0220<br>*Counsel for Defendant The State of West Virginia* |
| **Brandon Steele, Esquire**<br>**Joshua D. Brown, Esquire**<br>THE LAW OFFICES OF BRANDON S. STEELE<br>3049 Robert C. Byrd Drive, Suite 100<br>Beckley, WV 25801<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Jonathan Scruggs, Esquire**<br>**Roger G. Brooks, Esquire**<br>**Henry W. Frampton, IV, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>*Counsel for Defendant-Intervenor Lainey Armistead* |
| **Christina Holcomb, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Rachel Csutoros, Esquire**<br>**Tyson Langhofer, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>44180 Riverside Parkway<br>Lansdowne, VA 20176<br>*Counsel for Defendant-Intervenor Lainey Armistead* |
| **Travis Barham, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>1000 Hurricane Shoals Rd NE<br>STE D-1100<br>Lawrenceville GA 30043<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Timothy D. Ducar, Esquire**<br>Law Offices of Timothy D. Ducar, PLC<br>7430 E. Butherus Drive, Suite E<br>Scottsdale, AZ 85260<br>*Counsel for Defendant-Intervenor Lainey Armistead* |

STEPTOE & JOHNSON PLLC
   OF COUNSEL

**/s/ Susan L. Deniker**

Susan L. Deniker      (WV ID #7992)
Jeffrey M. Cropp      (WV ID #8030)
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000

*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

14558750