# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

                        *Plaintiff*,

v.                                               Civil Action No. 2:21-cv-00316
                                                     Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,

                        *Defendants,*

and

LAINEY ARMISTEAD,

                        *Defendant-Intervenor*.

**DEFENDANT SUPERINTENDENT DORA STUTLER'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION**

        Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Superintendent Dora Stutler ("Superintendent Stutler") hereby responds and objects to "Plaintiff's Second Set of Requests for Admission to Defendant Harrison County Superintendent Dora Stutler" as follows:

        **GENERAL OBJECTION**: Superintendent Stutler objects to the definitions of "County Board" and "County Superintendent" as set forth in Plaintiff's requests for admission.

14095490.1

**REQUEST NO. 25:** Admit that the Harrison County Board of Education and the Harrison County School Superintendent must comply with H.B. 3293 unless enjoined from doing so by a court.

**RESPONSE**: **OBJECTION**. Superintendent Stutler objects to the extent this request is seeking a legal conclusion. Subject to and without waiving the objection, Superintendent Stutler states as follows: Because H.B. 3293 is a West Virginia State law that applies to County Boards of Education, including the Harrison County Board of Education ("County Board") and its County Superintendent, because H.B. 3293 provides for private causes of action, and thus imposes liability against County Boards of Education, like the County Board, and while the County Board and its County Superintendent did not devise and have not adopted H.B. Bill 3293 as their own policy, Superintendent Stutler admits this request because, absent an injunction by a court, the County Board and the County Superintendent would be compelled and required to enforce H.B. Bill 3293 because it is a mandatory State law that affords the County Board and the County Superintendent no discretion.

**REQUEST NO. 26:** Admit that H.B. 3293 prohibits the Harrison County Board of Education and the Harrison County Superintendent from adopting or enforcing a policy that would allow B.P.J. to participate on girls' athletic teams at Bridgeport Middle School.

**RESPONSE**: **OBJECTION**. Superintendent Stutler objects to the extent this request is seeking a legal conclusion. Subject to and without waiving the objection, Superintendent Stutler states as follows: Because H.B. 3293 is a West Virginia State law that applies to County Boards of Education, including the County Board and its County Superintendent, because H.B. 3293 provides for private causes of action, and thus imposes liability against County Boards of Education, like the County Board, and while the County Board and its County

Superintendent did not devise and have not adopted H.B. Bill 3293 as their own policy, Superintendent Stutler admits this request because, absent an injunction by a court, the County Board and the County Superintendent would be compelled and required to enforce H.B. Bill 3293 because it is a mandatory State law that affords the County Board and the County Superintendent no discretion.

**REQUEST NO. 27:** Admit that the West Virginia Secondary School Athletic Commission must comply with H.B. 3293 unless enjoined from doing so by a court.

**RESPONSE**: **OBJECTION**. Superintendent Stutler objects to the extent this request is seeking a legal conclusion. Subject to and without waiving the objection, Superintendent Stutler is not in a position to admit or deny this request because it concerns the West Virginia Secondary School Athletic Commission's obligations under H.B. 3293.

**REQUEST NO. 28:** Admit that H.B. 3293 prohibits the West Virginia Secondary School Athletic Commission from adopting or enforcing a policy that would allow B.P.J. to participate on girls' athletic teams at Bridgeport Middle School

**RESPONSE**: **OBJECTION**. Superintendent Stutler objects to the extent this request is seeking a legal conclusion. Subject to and without waiving the objection, Superintendent Stutler is not in a position to admit or deny this request because it concerns the West Virginia Secondary School Athletic Commission's obligations under H.B. 3293.

**REQUEST NO. 29:** Admit that there are no athletic teams designated as "coed or mixed," as that phrase is used in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(1)(C)), offered at Bridgeport Middle School.

**RESPONSE**: Denied.

**REQUEST NO. 48:**  Admit that when enforcing West Virginia State law you act on behalf of the State of West Virginia.

**RESPONSE**:  **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.  Subject to and without waiving the objection, Superintendent Stutler admits this request.

**REQUEST NO. 49:**  Admit that when enforcing West Virginia State law you are a State Actor for purposes of 42 U.S.C. § 1983.

**RESPONSE**:  **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.  Subject to and without waiving the objection, Superintendent Stutler admits this request.

**REQUEST NO. 50:**  Admit that you are required to enforce H.B. 3293 assuming the Court has not enjoined you from doing so.

**RESPONSE**:  **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.  Subject to and without waiving the objection, Superintendent Stutler states as follows:  Because H.B. 3293 is a West Virginia State law that applies to County Boards of Education, including the County Board and its County Superintendent, because H.B. 3293 provides for private causes of action, and thus imposes liability against County Boards of Education, like the County Board, and while the County Board and its County Superintendent did not devise and have not adopted H.B. Bill 3293 as their own policy, Superintendent Stutler admits this request because, absent an injunction by a court, the County Board and the County Superintendent would be compelled and required to enforce H.B. Bill 3293 because it is a mandatory State law that affords the County Board and the County Superintendent no discretion.