IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B.P.J., by her next friend and mother, HEATHER JACKSON,**

   Plaintiff,

v.

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

   Defendants,

and

**LAINEY ARMISTEAD,**

   Defendant-Intervenor.

Civil Action No. 2:21-cv-00316
Honorable Joseph R. Goodwin

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS WEST VIRGINIA STATE BOARD OF EDUCATION AND W. CLAYTON BURCH'S <u>MOTION FOR SUMMARY JUDGMENT</u>

     **NOW COME** Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch (collectively hereinafter "WVBOE Defendants"), by and through counsel, Kelly C. Morgan, Michael W. Taylor, Kristen V. Hammond, and the law firm of Bailey & Wyant, P.L.L.C., and, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, hereby submit this Memorandum of Law in support of their contemporaneously filed Motion for Summary Judgment. In support thereof, WVBOE Defendants state as follows:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In April 2021, the West Virginia Legislature passed House Bill 3293 ("H.B. 3293"), which has been codified as *West Virginia Code* § 18-2-25d. This newly created statute requires interscholastic, intercollegiate, intramural, or club athletic teams or sports that are sponsored by any public secondary school or state institution of higher education to be expressly designated as either a male, female or coed team. *See W. Va. Code* § 18-2-25d(c)(1). This statute restricts teams designated for females from being open to students of the male sex when the team is based upon competitive skill or the activity involved is a contact sport. *Id.,* at § 18-2-25d(c)(2). However, teams designated as "male" or "coed" are not restricted to a specific gender. In defining what constitutes a male or a female, *West Virginia Code* § 18-2-25d defines a "male" as "an individual whose biological sex determined at birth is male." *Id.,* at § 18-2-25d(b)(3). A "female" is defined as "an individual whose biological sex determined at birth is female." *Id.,* at § 18-2-25d(b)(2). Finally, this statute states that WVBOE shall, at some undefined point in the future, promulgate rules regarding the statute's enforcement.

There is no evidence that WVBOE Defendants requested a legislative bill regarding the substance of H.B. 3293 or played a role in the introduction or initial drafting of H.B. 3293. Moreover, there is no evidence that WVBOE Defendants participated in the enactment of *West Virginia Code* § 18-2-25d. WVBOE's only legislative involvement in H.B. 3293 was limited to answering specific questions posed to it during a West Virginia House of Delegates Education Committee meeting. [ECF. No. 1-1, Decl. of Loree Stark, at ¶ 4, Ex. B. ]. Superintendent Burch, as a representative of WVBOE, did and does not support H.B. 3293. [ECF No. 270, at ¶ 5].

H.B. 3293 was signed by West Virginia's Governor on April 28, 2021, with an effective date of July 8, 2021. In anticipation of the enactment of this law, Plaintiff B.P.J., by her next friend and

2

mother, filed a Complaint on May 26, 2021, against WVBOE; Harrison County Board of Education; West Virginia Secondary School Activities Commission; Superintendent W. Clayton Burch, in his official capacity at State Superintendent; and Dora Stutler, in her official capacity as Harrison County Superintendent. [ECF No. 1]. On the same date, Plaintiff also filed a Motion for a Preliminary Injunction seeking an Order preliminarily enjoining Defendants from enforcing *West Virginia Code* § 18-2-25d. [ECF Nos 2, 19]. WVBOE Defendants filed a Motion to Dismiss Plaintiff's Complaint on July 1, 2021, which was denied as moot by Order of this Court on July 28, 2021. [ECF Nos. 54-55, 69].

On July 16, 2021, Plaintiff filed a First Amended Complaint to add The State of West Virginia. [ECF No. 64]. The Amended Complaint alleges that Plaintiff is an 11-year-old transgender student who will start middle school in the Fall of 2021 at Bridgeport Middle School in Harrison County, West Virginia, and who plans to try out for and participate in the girls' cross-country and track teams. [*Id.*]. Plaintiff seeks an Order declaring that *West Virginia Code* § 18-2-25d violates Plaintiff's rights under Title IX, 20 U.S.C. § 1681, *et seq*., and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and enjoining its enforcement by Defendants. [*Id.*]. On July 21, 2021, this Court entered an Order enjoining Defendants from "enforcing Section 18-2-25d against B.P.J." [ECF No. 67, at 14-15]. On July 30, 2021, WVBOE Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. [ECF Nos. 74-75]. On December 1, 2021, this Court entered an Order denying WVBOE Defendants' Motion to Dismiss, as well as all other Defendants' Motions to Dismiss. [ECF No. 129].

After this Court entered Orders enjoining enforcement of the law and denying the Motions to Dismiss, the parties engaged in discovery. During discovery, Plaintiff failed to establish any facts

showing that WVBOE Defendants had any role in enforcing *West Virginia Code* § 18-2-25d. Plaintiff also failed to establish any facts showing that WVBOE Defendants enforced or would enforce *West Virginia Code* § 18-2-25d against Plaintiff. Because of such, WVBOE Defendants now move for summary judgment.

## II. STANDARD OF REVIEW

"Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Kitchen v. Summers Continuous Care Center, LLC*, 552 F.Supp.2d 589, 592 (S.D. W. Va. 2008) (quoting *Fed.R.Civ.P.* 56(c)). "The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d. 265 (1986). "When determining whether there is an issue for trial, the Court must view all evidence in the light most favorable to the non-moving party." *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 (4th Cir.1990). Although the Court views all underlying facts and inferences in the light most favorable to the nonmoving party, "[t]he nonmoving party nonetheless must offer some 'concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]'" *Piedmont Behavioral Health Ctr., LLC v. Stewart*, 413 F.Supp.2d 746, 751 (S.D. W. Va. 2006) (Goodwin, J.) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

4

### III. LAW AND ARGUMENT

### A. PLAINTIFF CANNOT ESTABLISH CAUSATION AGAINST WVBOE DEFENDANTS.

Causation is an essential element of standing, as well as Plaintiff's causes of action of Violation of Title IX (Count I) and Deprivation of Equal Protection (Count II). *McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)). It is undisputed that Plaintiff did not communicate with WVBOE Defendants regarding her participation in school sports. [Ex. 1, Blatt Depo., at 32:25-33:12]. It is further undisputed that WVBOE Defendants did not take any action in relation to Plaintiff's participation in school sports or enforcement of *West Virginia Code* § 18-2-25d against Plaintiff. [*Id.*, at 66:22-44; 71:9-16; 80:6-11; 135:13-23]. Rather, Plaintiff's argument that WVBOE Defendants caused injury or damage to Plaintiff is that WVBOE Defendants have "ultimate control" over County Boards of Education and that they, at some point in the future, will be mandated under *West Virginia Code* § 18-2-25d to promulgate rules "to implement the provisions of this section." *See W. Va. Code* § 18-2-25d(e). Each of these arguments will be addressed below under the causation prong of standing, as well as each cause of action.

**1. Plaintiff cannot establish that the injury is "fairly traceable to the challenged action of" WVBOE Defendants, and thus, Plaintiff does not have standing to sue them.**

WVBOE Defendants previously raised an argument that Plaintiff lacks standing to sue them because it cannot establish that her injury is "fairly traceable to the challenged action of the defendant." [ECF Nos. 74-75]. This Court summarily rejected this argument. [ECF No. 129]. However, as standing relates to the subject-matter jurisdiction of this Court, a party has the burden to prove the standing elements through discovery. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (The elements of standing "are not mere pleading

requirements but rather an indispensable part of the plaintiff's case, each element must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation."). In addition, the standing inquiry must be evaluated separately as to each defendant. *See Bostic v. Schaefer*, 760 F.3d 352, 370-71 (4th Cir. 2014) (plaintiffs' claims can survive a defendant's standing challenge upon satisfying the standing requirements with respect to each defendant."). As a result, the issue of standing remains ripe for consideration at this summary judgment stage.

> To establish standing, a party must meet three requirements:
>
> (1) [the party] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)). "The party attempting to invoke federal jurisdiction bears the burden of establishing standing." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

Here, Plaintiff cannot establish that the injury alleged is "fairly traceable to the challenged action of [each] defendant." The "fairly traceable" component requires a causal connection between the alleged injury and the defendant's assertedly unlawful conduct. *Allen v. Wright*, 468 U.S. 737, 753, 104 S. Ct. 3315, 3325, 82 L. Ed. 2d 556 (1984). A plaintiff can establish a sufficient causal connection between injury and challenged action if he/she can make a reasonable showing that the alleged injury would not have occurred "but for" the defendant's challenged conduct. *Duke Power Co. v. Carolina Envtl. Study Group*, 438 U.S. 59, 74-75, 98 S. Ct. 2620, 57 L. Ed. 2d 595 (1978). A defendant's conduct does not need to be the last link in the chain of causation for an injury to be traceable to that conduct. *Air Evac EMS, Inc. v. Cheatham*, 910 F.3d 751, 760 (4th Cir. 2018). However, it is insufficient to merely be a link in the causation chain because a plaintiff must show

that he/she suffers an injury that is "'produced by [the] determinative or coercive effect' of the defendant's conduct 'upon the action of someone else.'" *Lansdowne on the Potomac Homeowners Ass'n v. OpenBand at Lansdowne, LLC*, 713 F.3d 187, 197 (4th Cir. 2013) (quoting *Bennett v. Spear*, 520 U.S. 154, 169, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997)). Finally, a "speculative chain of possibilities" that rests on "decisions of independent actors" does not confer standing. *Clapper v. Amnesty Int'l*, 568 U.S. 398, 414, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013).

As previously discussed, Plaintiff asserts that WVBOE Defendants' conduct is "fairly traceable" to Plaintiff's injury because they have "ultimate" control over County Boards of Education. This argument is flawed both factually and legally. Factually, WVBOE Defendants do not have "ultimate" control over County Boards of Education, particularly in interscholastic athletic events. *West Virginia Code* § 18-2-25 transfers the "control, supervision, and regulation of all interscholastic athletic events, and other extracurricular activities of the students in public secondary schools, and of those schools of their respective counties." *W. Va. Code* § 18-2-25(a). "The county board of education may delegate control, supervision, and regulation of interscholastic athletic events and band activities to the West Virginia Secondary School Activities Commission." *Id.* WVBOE Defendants only have a duty to "generally supervise" the schools in this State. Syl. Pt. 6, *State ex rel. Lambert v. W. Va. State Bd. of Educ.*, 191 W. Va. 700, 447 S.E.2d 901 (1994).[1]

---

[1] Plaintiff will no doubt assert that WVBOE Defendants have "ultimate control" over the County School Boards and the WVSSAC. This is a selective quote from *Lambert*, 91 W. Va. at 709, 447 S.E.2d at 910. However, this selective quote of "ultimate control" is mere dicta. The powers of WVBOE Defendants are more accurately explained in the Supreme Court of Appeals of West Virginia's Syllabus Point 6 in *Lambert*, which is cited above in the body of this brief. In West Virginia, Syllabus Points contain the Court's announcement of the law, so this Court must follow the "generally supervise" language, as it is the announced law, as opposed to the dicta of "ultimate control." *See* Syl. Pt. 1, *State v. McKinley*, 234 W. Va. 143, 764 S.E.2d 303 (2014) ("Signed opinions containing original syllabus points have the highest precedential value because the Court uses original syllabus points to announce new points of law or to change established patterns of practice by the Court."); *see also State ex rel. Vanderra Res., LLC v. Hummel*, 242 W. Va. 35, 43, 829 S.E.2d 35, 43 (2019) ("Thus, if this Court were to create such a requirement, it would do so in a syllabus point and not in dicta."). Finally, Plaintiff's "ultimate control" argument is further rejected by the plain

As it relates to the law at issue, under *West Virginia Code* § 18-2-25d, the only duty WVBOE Defendants have is to promulgate rules. *See W. Va. Code* § 18-2-25d. In *West Virginia Code* § 18-2-25d, there is no specific duty imposed upon WVBOE Defendants to enforce the law, and therefore, the only "duty" to enforce would clearly fall within the duty to "generally supervise" the schools in the State. *See* Syl. Pt. 6, *Lambert*, 191 W. Va. 700, 447 S.E.2d 901. In other words, it is clear that the duties of WVBOE Defendants as it relates to the claims at issue are "general" in nature.

Here, WVBOE Defendants did not take any action in relation to Plaintiff's participation in school sports or enforcement of *West Virginia Code* § 18-2-25d against Plaintiff. [Ex. 1, Blatt Depo., at 66:22-44; 71:9-16; 80:6-11; 135:13-23]. Prior to the commencement of this action, WVBOE Defendants were not even contacted by Plaintiff or anyone else regarding the enforcement of this law or with complaints regarding a transgender student participating in school sports. [*Id*., 32:25-33:12; 67:3-10]. It is further undisputed that Superintendent Burch, as a representative of WVBOE, did not and does not support this law. [ECF No. 270, at ¶ 5]. The *only* involvement thus far as it relates to WVBOE Defendants and Plaintiff has been responding to this lawsuit. Moreover, there has been no evidence presented wherein WVBOE Defendants would have taken *any* action as it relates to Plaintiff in connection with this law.

Hypothetically, if this lawsuit did not exist, questions regarding Plaintiff's eligibility would be resolved through the County BOE and the WVSSAC.[2] However, when an issue arises regarding a student's eligibility at the school level, WVSSAC – through its Executive Director – intervenes and

---

language of the *West Virginia Constitution*. *See* W.Va. Const. Art. XII, § 2 ("The general supervision of the free schools of the State shall be vested in the West Virginia board of education which shall perform such duties as may be prescribed by law.").

[2] A WVSSAC member school makes the initial student eligibility determination. [Ex. 2, Dolan Depo., at 43:10-12; 61:25-62:4]. See *W. Va. C.S.R.* § 127-3-2. Since Bridgeport Middle School is a member of WVSSAC, it was and is responsible for making the initial determination as to Plaintiff's eligibility to participate on a sports team at that school. [*Id*., at 39:7-10; Ex. 6, WVSSAC Transgender Policy].

gathers facts and then makes a determination on the eligibility issue. [Ex. 2, Dolan Depo., at 30:11-31; 61:25-62:6]. *See W. Va. C.S.R.* § 127-1-12. If WVSSAC finds a student to be ineligible, the student can appeal the decision to WVSSAC's Board of Directors for a decision. [*Id*., at 45:4-21; 61:25-62:13]. *See W. Va. C.S.R.* § 127-1-8; 127-1-12. A final appeal can then be made to WVSSAC's Board of Review for a decision. [*Id*., at 61:25-62:13]. *See W. Va. C.S.R.* § 127-1-13. At no point in this eligibility determination process would WVBOE Defendants be required to make an eligibility decision or enforce the law at issue as it relates to Plaintiff.

In sum, legally, WVBOE Defendants have no duty to enforce *West Virginia Code* § 18-2-25d and the only duty as it relates to interscholastic athletics is to "generally supervise" the schools. Factually, WVBOE Defendants took no action to enforce *West Virginia Code* § 18-2-25d as it relates to Plaintiff. Hypothetically, even under WVBOE Defendants duty to "generally supervise" schools, they would still not take any action as it relates to enforcement of *West Virginia Code* § 18-2-25d against Plaintiff. Therefore, Plaintiff can cite to no actual conduct or hypothetical conduct that caused Plaintiff's injury <u>or</u> was determinative, coercive or caused any Co-Defendant to take a specific action that did or will cause injury to Plaintiff. *See e.g. Lansdowne on the Potomac Homeowners Ass'n*, 713 F.3d at 197.

What remains is an argument that, the mere fact that WVBOE Defendants have a "general duty" to supervise schools, is sufficient to confer standing. This argument has no merit. Recently, the Fourth Circuit addressed the "fairly traceable" element of standing in the context of a Governor's "general duty" to enforce the law. *See* Ex. 3, *Disability Rights S.C. v. McMaster*, No. 21-2070, 2022 U.S. App. LEXIS 2292, at *11-12 (4th Cir. Jan. 25, 2022). In *McMaster*, Plaintiffs sued, among others, the Governor of South Carolina over a mask mandate. In analyzing standing to sue, the Fourth Circuit rejected standing for claims against officials who have a "general duty" to enforce a

9

law:

> As we have made clear in the Eleventh Amendment context, however, "[t]he mere fact that a governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001) (quoting *Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979)). The same is true with respect to "[t]he fact that [the governor] has publicly endorsed and defended the challenged statutes." *Id.* Rather, in order to be a proper defendant in an action to enjoin an allegedly unconstitutional state law, the governor must have "a specific duty to enforce" that law. *Id.*; *see Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 550 (4th Cir. 2014) ("The *Ex parte Young* exception to Eleventh Amendment immunity applies only where a party 'defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional' has 'some connection with the enforcement of the act.'" (quoting Ex parte *Young*, 209 U.S. 123, 157, 28 S. Ct. 441, 52 L. Ed. 714 (1908))).
>
> These principles apply with equal force in the standing context. *See Okpalobi v. Foster*, 244 F.3d 405, 426 (5th Cir. 2001) (en banc) ("The requirements of *Lujan* are entirely consistent with the long-standing rule that a plaintiff may not sue a state official who is without any power to enforce the complained-of statute."). To establish standing, "[a] plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury *as a result of the statute's operation or enforcement*." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S. Ct. 2301, 60 L. Ed. 2d 895 (1979) (emphasis supplied) (citing *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974)). When a defendant has no role in enforcing the law at issue, it follows that the plaintiff's injury allegedly caused by that law is not traceable to the defendant.

*McMaster*, No. 21-2070, 2022 U.S. App. LEXIS 2292, at *11-12. As it is undisputed that WVBOE Defendants possess merely a "general duty" to supervise schools, and there is no specific duty to enforce *West Virginia Code* § 18-2-25d, standing is not conferred in this case.

Next, addressing the argument that WVBOE Defendants will, at some point in the future, promulgate regulations regarding *West Virginia Code* § 18-2-25d, this argument also fails. There is no case law that WVBOE Defendants are aware in which a plaintiff has standing to assert that regulations that have not yet been drafted can be fairly traceable to cause injury to a plaintiff. As speculation is insufficient to confer standing upon Plaintiff, speculating regarding what the regulations will consist of cannot confer standing to challenge non-existent regulations in this case.

10

Based upon the foregoing, Plaintiff does not have standing to sue WVBOE Defendants because Plaintiff has not set forth any evidence that Plaintiff's injury is "fairly traceable" to any conduct of WVBOE Defendants.

### 2. Plaintiff cannot establish that "on the basis of sex" element of the Title IX claim against WVBOE Defendants.

Plaintiff alleges that WVBOE Defendants have violated her Title IX rights. Title IX provides that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). To prevail on Plaintiff's Title IX claim against WVBOE Defendants, Plaintiff must establish "(1) that [plaintiff] was excluded from participation in an education program 'on the basis of sex'; (2) that the educational institution was receiving federal financial assistance at the time; and (3) that improper discrimination caused [the plaintiff] harm." *Grimm v. Gloucester Cty. Sch. Bd.*, 972 F.3d 586, 616 (4th Cir. 2020). With respect to the "on the basis of sex" language, the Fourth Circuit interprets this to require a showing of "but-for" causation. *See Sheppard v. Visitors of Virginia State Univ.*, 993 F.3d 230, 236 (4th Cir. 2021) ("We agree that 'on the basis of sex' requires 'but-for' causation in Title IX claims alleging discriminatory school disciplinary proceedings."); *see also Grimm*, 972 F.3d at 616 (relying on *Bostock v. Clayton County,* 140 S. Ct. 1731, 1741-42, 207 L. Ed. 2d 218 (2020), to find that in Title IX, "sex remains a but-for cause" in homosexual or transgender discrimination).

Here, for the reasons discussed above, there is no evidence sufficient to establish a triable issue on, "but-for" the conduct of WVBOE Defendants, Plaintiff suffered damages. In fact, WVBOE Defendants did not take any action in relation to Plaintiff's participation in school sports or enforcement of *West Virginia Code* § 18-2-25d against Plaintiff. [Ex. 1, Blatt Depo., at 66:22-44; 71:9-16; 80:6-11; 135:13-23]. Therefore, even if this Court finds standing, Plaintiff has no evidence

sufficient to meet her burden of proof as it relates the "on the basis of sex" element of her Title IX claim against WVBOE Defendants. Therefore, WVBOE Defendants are entitled to summary judgment on Plaintiff's Title IX claim.

### 3. Plaintiff cannot establish that "on the basis of sex" element of her Equal Protection claim against WVBOE Defendants.

Plaintiff alleges that *West Virginia Code* § 18-2-25d violates her rights under the Equal Protection Clause. The Equal Protection Clause of the Fourteenth Amendment, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In order to prevail on Plaintiff's Equal Protection claim against WVBOE Defendants, Plaintiff must establish, among other things, that the specific Defendant discriminated (or will discriminate) against Plaintiff on the basis of her transgender status and/or sex. *See Grimm*, 972 F.3d at 607. As previously discussed, Plaintiff has no evidence of any action or prospective action that WVBOE Defendants will engage in conduct that will "discriminate" against Plaintiff on the basis of her transgendered status. The reality is that WVBOE Defendants did not take any action in relation to Plaintiff's participation in school sports or enforcement of *West Virginia Code* § 18-2-25d against Plaintiff. [Ex. 1, Blatt Depo., at 66:22-44; 71:9-16; 80:6-11; 135:13-23]. Therefore, WVBOE Defendants are entitled to summary judgment on Plaintiff's Equal Protection claim.

### B. WVBOE DEFENDANTS ARE ENTITLED TO LEGISLATIVE IMMUNITY DUE TO THE MANDATE TO ADOPT REGULATIONS.

`

Even if this Court should find that Plaintiff's claims can advance against WVBOE Defendants because they must enact regulations under *West Virginia Code* § 18-2-25d, WVBOE Defendants are entitled to absolute legislative immunity as it pertains to enacting regulations mandated by the Legislature. Legislative immunity attaches to the acts of state executive branch

officials only when they are exercising the state's "entire legislative power with respect to" the matter at issue. *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734, 64 L. Ed. 2d 641, 100 S. Ct. 1967 (1980), *superseded by statute on other grounds*, (Virginia Supreme Court members entitled to legislative immunity for regulation of the Bar because they were exercising Virginia's entire legislative power regarding governing the State Bar); *see also Bogan v. Scott-Harris*, 523 U.S. 44, 118 S. Ct. 966, 140 L. Ed. 2d 79 (1998). Here, WVBOE Defendants are mandated to adopt regulations related to *West Virginia Code* § 18-2-25d. In so adopting regulations, pursuant to *West Virginia Code* § 29A-3b-1, *et seq.*, WVBOE Defendants will be exercising the "entire legislative power" with respect to those regulations. That is, unlike other administrative rules, WVBOE regulations are not subject to Legislative oversight. *See e.g. W. Va. Code* § 29A-3-12; *see also* Ex. 4, 2022 West Virginia Legislature House Joint Resolution 102 (seeking to amend the Constitution to give Legislature oversight of WVBOE rules."). This absolute legislative authority has been confirmed by the Supreme Court of Appeals of West Virginia. *See* Syl. Pt. 2, *West Va. Bd. of Educ. v. Hechler*, 180 W.Va. 451, 376 S.E.2d 839 (1988) ("Rule-making by the State Board of Education is within the meaning of 'general supervision" of state schools pursuant to art. XII. § 2 of the *West Virginia Constitution*, and any statutory provision that interferes with such rule making is unconstitutional.").

      Here, the sole factual basis against WVBOE Defendants is that, at some point, they must enact regulations regarding *West Virginia Code* § 18-2-25d. In so enacting, WVBOE Defendants will be engaging in the "entire legislative power" related to this issue. Absolute legislative immunity therefore attaches, resulting in a dismissal of WVBOE Defendants. In sum, WVBOE Defendants cannot be held liable for purported constitutional violations for being mandated to enact regulations consistent with the law. Therefore, WVBOE Defendants are entitled to legislative

immunity as to Plaintiff's claims..

**WHEREFORE**, based upon the foregoing, Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch respectfully request that this Court enter an Order granting them summary judgment resulting in a dismissal from this action, with prejudice, and awarding them such other relief deemed necessary and appropriate.

                    **Respectfully Submitted,**

                    **DEFNDANTS WEST VIRGINIA STATE BOARD OF EDUCATION and W. CLAYTON BURCH**

                    **By Counsel,**

 /s/ Kelly C. Morgan
**Kelly C. Morgan (WV Bar #9519)**
**Michael W. Taylor (WV Bar #11715)**
**Kristen V. Hammond (WV Bar #9727)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**mtaylor@baileywyant.com**
**khammond@baileywyant.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B.P.J., by her next friend and mother, HEATHER JACKSON,**

    Plaintiff,

v.

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

    Defendants,

**and**

**LAINEY ARMISTEAD,**

    Defendant-Intervenor.

Civil Action No. 2:21-cv-00316
Honorable Joseph R. Goodwin

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on April 21, 2022, the foregoing **"Memorandum of Law in Support of Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch's Motion for Summary Judgment"** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Loree Stark
Nicholas Ward
American Civil Liberties Union of West Virginia Foundation
405 Capitol St., Suite 507
P.O. Box 3952
Charleston, WV 25339-3952
lstark@acluwv.org
*Counsel for Plaintiff*

Avatara Smith-Carrington
Lambda Legal
3500 Oak Lawn Ave., Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org
*Counsel for Plaintiff*

Carl Charles
Tara Borelli
Lambda Legal
158 West Ponce De Leon Ave., Suite 105
Atlanta, GA 30030
ccharles@lambdalegal.org
*Counsel for Plaintiff*

Sruti Swaminathan
Lambda Legal
120 Wall St., 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org
*Counsel for Plaintiff*

Joshua Block
Chase Strangio
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
jblock@aclu.org
*Counsel for Plaintiff*

Kathleen Hartnett
Julie Veroff
Zoe Helstrom
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
khartnett@cooley.com
*Counsel for Plaintiff*

Elizabeth Reinhardt
Cooley LLP
500 Boylston St., 14th Floor
Boston, MA 02116
ereinhardt@cooley.com
*Counsel for Plaintiff*

2

Andrew Barr
Cooley LLP
1144 15th St., Suite 2300
Denver, CO 80202
abarr@cooley.com
*Counsel for Plaintiff*

Katelyn Kang
Cooley LLP
55 Hudson Yards
New York, NY 10001
kkang@cooley.com
*Counsel for Plaintiff*

Roberta F. Green
Kimberly M. Bandy
Shuman McCuskey & Slicer PLLC
P.O. Box 3953
Charleston, WV 25339-3953
rgreen@Shumanlaw.com
*Counsel for Defendant West Virginia Secondary School Activities Commission*

Susan L. Deniker
Jeffrey M. Cropp
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
susan.deniker@steptoe-johnson.com
*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

Douglas P. Buffington, II
Curtis R. A. Capehart
David C. Tryon
Office of the West Virginia Attorney General
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Curtis.R.A.Capehart@wvago.gov
*Counsel for Defendant State of West Virginia Attorney*

Brandon S. Steele
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Dr., Suite 100
Beckley, WV 25801
bsteelelawoffice@gmail.com
*Counsel for Defendant-Intervenor Lainey Armistead*

Jonathan Scruggs
Henry W. Frampton
Alliance Defending Freedom
15100 N. 90th St.
Scottsdale, AZ 85260
jscruggs@adflegal.org
*Counsel for Defendant-Intervenor Lainey Armistead*

Christiana M. Holcomb
Alliance Defending Freedom
440 First St., NW, Suite 600
Washington DC 20001
cholcomb@adflegal.org
*Counsel for Defendant-Intervenor Lainey Armistead*

Timothy D. Ducar
Law Offices of Timothy D. Ducar
7430 E. Butherus Dr., Suite E
Scottsdale, AZ 85260
orders@azlawyers.com
*Counsel for Defendant-Intervenor Lainey Armistead*

Whitney M. Pellegrino
Aria S. Vaughan
Michelle L. Tucker
Amanda K. Dallo
United States Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave., NW
4CON, 10th Floor
Washington, DC 20530
Aria.Vaughan@usdoj.gov
*Counsel for United States of America*

Fred B. Westfall, Jr.
Jennifer M. Mankins
United States Attorney's Office
300 Virginia Street East, Room 4000
Charleston, WV 25301
Fred.Westfall@usdoj.gov
*Counsel for United States of America*

 /s/ Kelly C. Morgan
**Kelly C. Morgan (WV Bar #9519)**
**Kristen V. Hammond (WV Bar #9727)**
**Michael W. Taylor (WV Bar #11715)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**khammond@baileywyant.com**
**mtaylor@baileywyant.com**

5