# Exhibit 3

CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin <br><br> **PLAINTIFF'S SECOND SET OF SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT THE STATE OF WEST VIRGINIA'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** |

Pursuant to Federal Rules of Civil Procedure Rules 26 and 34, Plaintiff B.P.J. by her next friend and mother, Heather Jackson, responds as follows to Defendant the State of West Virginia's ("Defendant") First Set of Interrogatories ("Interrogatories") and Requests for Production ("Requests"):

## GENERAL RESPONSES

1. B.P.J.'s response to the Interrogatories and Requests is made to the best of B.P.J.'s present knowledge, information, and belief. This response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of B.P.J.'s recollection, is subject to such refreshing of

CONFIDENTIAL

recollection, and such additional knowledge of facts, as may result from B.P.J.'s further discovery or investigation.

2.  To the extent B.P.J. agrees to produce documents or information in response to any particular Interrogatory or Request, B.P.J. will produce only non-privileged, responsive documents in her possession, custody, or control, and in accordance with Exhibit A of the parties' Rule 26(f) report filed on September 7, 2021 (ECF No. 92-1) in this action.

3.  B.P.J. has no duty to, and will not, produce or identify documents or information that are not in her possession, custody, or control.  By stating in these responses that B.P.J. will search for or produce documents or information, B.P.J. does not represent that any such documents or information actually exist.  Rather, B.P.J. represents that she will undertake a good-faith search and reasonable inquiry to ascertain whether the documents or information described in any such response do, in fact, exist, and, if so, will produce responsive, non-privileged documents or information within B.P.J.'s possession, custody, or control in accordance with Exhibit A of the parties' Rule 26(f) report filed on September 7, 2021 (ECF No. 92-1) in this action.

4.  B.P.J. reserves the right to make any use of, or to introduce at any hearing and at trial, documents responsive to the Interrogatories or Requests but discovered subsequent to the date of B.P.J.'s initial production, including, but not limited to, any documents obtained in discovery herein.

5.  B.P.J. reserves the right to decide whether the documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Interrogatories or Requests, in accordance with Federal Rule of Civil Procedure 34(b).

CONFIDENTIAL

6.  B.P.J. reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Interrogatories or Requests.

7.  B.P.J. reserves the right to object on any ground at any time to such other or supplemental requests for production as Defendant may at any time propound involving or relating to the subject matter of these Interrogatories or Requests.

8.  B.P.J. is willing to meet and confer with Defendant regarding any response or objection to the Interrogatories or Requests.

## GENERAL OBJECTIONS

B.P.J. makes the following general objections, whether or not separately set forth in response to each Interrogatory or Request, to each and every Definition, Instruction, Interrogatory, and Request made in Defendant's First Set of Interrogatories and Requests for Production:

1.  B.P.J. objects generally to all Definitions, Instructions, Interrogatories, and Requests inclusive, insofar as each such request seeks production of documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Such documents or information shall not be produced in response to the Interrogatories or Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege or right with respect to such documents or information or of any work product doctrine that may attach thereto.

2.  B.P.J. objects to all Definitions, Instructions, Interrogatories, and Requests inclusive, to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of

CONFIDENTIAL

any specific request on the ground that such enlargement, expansion, or alteration renders said request vague, ambiguous, unintelligible, unduly broad, and uncertain.

3. B.P.J. objects to all Definitions, Instructions, Interrogatories, and Requests inclusive, to the extent they seek documents not currently in B.P.J.'s possession, custody, or control, or refer to persons, entities, or events not known to B.P.J., on the grounds that such Instructions, Definitions, Interrogatories, or Requests seek to require more of B.P.J. than any obligation imposed by law, would subject B.P.J. to unreasonable and undue burden and expense, and would seek to impose upon B.P.J. an obligation to investigate or discover information or materials from third parties or services who are equally accessible to Defendant.

4. B.P.J.'s failure to object to the Interrogatories or Requests on a particular ground shall not be construed as a waiver of her right to object on that ground or any additional ground at any time.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, B.P.J. responds to the specific requests of Defendant's First Set of Interrogatories as follows:

### Interrogatory No. 1:

1. Identify each and every Health Care Provider who has examined or treated the Plaintiff at any point during the last 7 years. For each Health Care Provider identified, state:

   a. The date of each consultation, examination or treatment;

   b. The injury, illness, condition, complaint or other reason or purpose for which each examination or treatment was conducted; and

CONFIDENTIAL

      c.   Whether the injury, illness, condition, or complaint for which the examination or treatment was performed had been relieved or successfully, and if so, the approximate date of relief or completion of successful treatment.

**B.P.J.'s Response To Interrogatory No. 1:**

B.P.J. objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, not relevant to a claim or defense, and not proportional to the needs of the case, as it seeks medical information unrelated to B.P.J.'s gender dysphoria diagnosis, and B.P.J. has specifically disclaimed any claim for damages based on emotional distress. In addition to being overbroad and unduly burdensome, B.P.J. objects to the Interrogatory on the ground that the period of time of "the last 7 years" far exceeds any period relevant to this action and therefore Defendant improperly seeks the production of information that is not material or necessary to any claim or defense in this action. B.P.J. additionally objects to this Interrogatory to the extent that it seeks documents protected by any applicable psychotherapist-patient privilege.

Subject to these general and specific objections, and without waiver thereof, B.P.J. provides the following responses regarding B.P.J.'s treatment for gender dysphoria. For the specific dates of each consultation, examination, or treatment, B.P.J. refers Defendant to the documents Bates stamped as BPJ_012 – BPJ_95 in the production.

| Name | Position/Business Affiliation | Address | Phone Number |
|---|---|---|---|
| Gerald Montano | DO, UPMC Children's Hospital of Pittsburgh | 4401 Penn Avenue Pittsburgh, PA 15224 | 412-692-6677 |
| Kacie M. Kidd | MD, WVU Department of Pediatrics<br><br>Division of Adolescent Medicine | PO Box 9214 Morgantown, WV 26506 | 412-692-6677 |

CONFIDENTIAL

| Matthew D. Brunner | MD, West Virginia University Hospitals - Chestnut Ridge Center | 930 Chestnut Ridge Road Morgantown, WV 26505 | 304-598-4835 |
| Parth Bhatt | MD, Bridgeport Pediatrics, West Virginia University | 900 Lodgeville Road Bridgeport, WV 26330 | 304-842-3311 |

**B.P.J.'s Supplemental and Amended Response to Interrogatory No. 1:**

B.P.J. reiterates her specific objections stated in her initial response to Interrogatory No. 1, and objects to Interrogatory No. 1 as overbroad, seeking irrelevant information, and not proportional to the needs of the case. As noted in correspondence between the parties, this case involves a straightforward constitutional challenge to H.B. 3293's exclusion of transgender girls from girls' sports teams, and there is no basis for turning this case into an irrelevant medical examination of B.P.J.

During Plaintiff's investigation and active process of seeking medical records from her providers, Plaintiff identified additional providers that had not been disclosed in her initial set of responses. Subject to and without waiving her General and Specific Objections, without waiver thereof, and without conceding the relevance of this information, B.P.J. therefore supplements her response as follows:

| Name | Position/Business Affiliation | Address | Phone Number |
| --- | --- | --- | --- |
| Jean R. Someshwar | MD, West Virginia University Hospitals | 61 Campus Drive Martinsburg, WV 25404 | 304-274-6343 |
| Bradley Mitchell | MD, FAAP, Cardinal Pediatrics | 139 Conference Center Way, Suite 113 Bridgeport, WV 26330 | 304-599-8000 |
| Cardinal Pediatrics | | Cardinal Pediatrics 139 Conference Center Way, Ste. 113 Bridgeport, WV 26330 | 304-599-8000 |

CONFIDENTIAL

| Amanda Pennington | MD, Pediatrics | Davis Medical Center<br>812 Gorman Ave.<br>Elkins, WV 26241 | 304-636-3300 |
|---|---|---|---|

Plaintiff also amends her previous response, which had incorrectly identified one of B.P.J.'s medical providers as "Dr. Matthew D. Brunner," to "Matthew D. Bunner."

**Interrogatory No. 2:**

2. Identify each and every document provided to any expert or consultant with whom you have consulted, met or counseled in connection with this case and the experts and consultants to whom such documents were provided. This includes without limitation those whom you identified as experts in Plaintiff's Motion for Preliminary Injunction and experts and consultants whom you determined to not use as an expert or consultant in this case.

**B.P.J.'s Response To Interrogatory No. 2:**

B.P.J. objects to this Interrogatory as seeking discovery of information or documents that are beyond the scope of expert discovery permitted by Federal Rule of Civil Procedure 26(b)(4) and protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant's request that B.P.J. identify "each and every document" provided to "any" expert or consultant in the course of and in preparation of this litigation directly seeks work product-protected material, because such information and documents would disclose the thoughts, mental impressions, and strategic decisions of counsel.

Subject to these general and specific objections, and without waiver thereof, B.P.J. will provide appropriate, non-privileged information in response to this Interrogatory pursuant to the Court's Scheduling Order (ECF No. 93) and at the appropriate time.

CONFIDENTIAL

**Interrogatory No. 3:**

3. Identify each and every employee, member, agent, and representative of any of the defendants with whom you have had discussions regarding Plaintiff's status or identity as a girl/female or boy/male or regarding Plaintiff's participation in sports or athletic events, including Plaintiff's participation in track and field events and the cheer team in which Plaintiff participated.

**B.P.J.'s Response To Interrogatory No. 3:**

B.P.J. objects on the ground that Defendant has failed to identify any limitation on period of time, and therefore Defendant improperly seeks the production of information that is not material or necessary to any claim or defense in this action. B.P.J. further objects to the phrase "Plaintiff's status or identity as a girl/female or boy/male" as vague, ambiguous, and overbroad. B.P.J. further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks the identities of all parties who may at any time have spoken to B.P.J. and/or any of her "agents, guardians, parents, representatives, and . . . attorneys" regarding B.P.J.'s "status," regardless of whether those communications are relevant to a claim or defense.

Subject to these general and specific objections, and without waiver thereof, B.P.J. will identify the representatives of Defendants that she and/or her mother communicated with regarding B.P.J.'s gender identity or athletics. Accordingly, B.P.J. responds as follows:

| Name | Position/Business Affiliation | Address | Phone Number |
|------|-------------------------------|---------|--------------|
| David Mazza | Principal, Bridgeport Middle School | 413 Johnson Ave Bridgeport, WV 26330 | 304-326-7142 |

CONFIDENTIAL

| Danyelle Schoonmaker | Cross-Country Coach and Teacher, Bridgeport Middle School | 413 Johnson Ave Bridgeport, WV 26330 | 304-326-7142 |
| Rachel Miller Yates | Head of Cheerleading, Bridgeport Youth Football League | P.O. Box 22 Bridgeport, WV 26330 | RAEYATES52@GMAIL.COM[1] |
| Dustin B. Vincent | Board Member, Bridgeport Youth Football League | P.O. Box 22 Bridgeport, WV 26330 | 304-842-0778 |
| Sarah Starkey | MSW, LGSW, Social Worker, Harrison County Board of Education | 445 W. Main Street Clarksburg, WV 26301 | 304-326-7300 |
| Amber Davis | Guidance Counselor, Harrison County School District | 8128 Kidd Ave Stonewood, WV 26301 | 304-326-7050 |
| Lauren Merrill | Counselor, Bridgeport Middle School | 413 Johnson Ave Bridgeport, WV 26330 | 304-326-7142 |

**B.P.J.'s Supplemental Response to Interrogatory No. 3:**

B.P.J. reiterates her specific objections stated in her initial response to Interrogatory No. 3.

In addition to her initial response, subject to the general and specific objections, and without waiver thereof, B.P.J. supplements her response as follows:

| Name | Position/Business Affiliation | Address | Phone Number |
| --- | --- | --- | --- |
| David Mazza | Principal, Bridgeport Middle School | 413 Johnson Ave Bridgeport, WV 26330 | 304-326-7142 |

---

[1] Plaintiff was unable to identify a phone number for Ms. Yates, and thus provides an email address in the alternative.

CONFIDENTIAL

| | | | |
|---|---|---|---|
| Danyelle Schoonmaker | Cross-Country **and Track** Coach and Teacher, Bridgeport Middle School | 413 Johnson Ave Bridgeport, WV 26330 | 304-326-7142 |
| Rachel Miller Yates | Head of Cheerleading, Bridgeport Youth Football League | P.O. Box 22 Bridgeport, WV 26330 | RAEYATES52@GMAIL.COM[2] |
| Dustin B. Vincent | Board Member, Bridgeport Youth Football League | P.O. Box 22 Bridgeport, WV 26330 | 304-842-0778 |
| Sarah Starkey | MSW, LGSW, Social Worker, Harrison County Board of Education | 445 W. Main Street Clarksburg, WV 26301 | 304-326-7300 |
| Amber Davis | Guidance Counselor, Harrison County School District | 8128 Kidd Ave Stonewood, WV 26301 | 304-326-7050 |
| Lauren Merrill | Counselor, Bridgeport Middle School | 413 Johnson Ave Bridgeport, WV 26330 | 304-326-7142 |
| **David Robinson** | **Track Coach, Bridgeport Middle School** | **413 Johnson Avenue Bridgeport, WV 26330** | **304-842-6251** |
| **Meghan Flesher** | **Track Coach, Bridgeport Middle School** | **413 Johnson Avenue Bridgeport, WV 26330** | **304-842-6251** |

---

[2] Plaintiff was unable to identify a phone number for Ms. Yates, and thus provides an email address in the alternative.

CONFIDENTIAL

**Interrogatory No. 4:**

4.  Identify each and every West Virginia legislator or staff member thereof (whether in the Senate or the House of Delegates) with whom you communicated with respect to participation of transgender athletes in sports or regarding H.B. 3293 or W. Va. Code §18-2-25d, during the period from January 1, 2021, to the present.

**B.P.J.'s Response To Interrogatory No. 4:**

B.P.J. objects on the ground that the period of time from January 1, 2021, to the present includes a time period predating counsel for B.P.J.'s participation in this case, and thus such period is not relevant to this action and is not relevant to any claim or defense in this action.  B.P.J. further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks the identities of all third-party "West Virginia legislator[s] or staff member[s]" who have communicated to B.P.J. and/or any of her "agents, guardians, parents, representatives, and . . . attorneys," regardless of whether those third-parties or communications are relevant to the claims or defenses at issue in this action.

Subject to these general and specific objections, and without waiver thereof, B.P.J. will provide the identities of those West Virginia legislators or staff members that she or her representatives have communicated with in respect to the participation of transgender athletes in sports or regarding H.B. 3293 after the date of B.P.J.'s retention of legal counsel for this case. Accordingly, B.P.J. responds that she does not have information responsive to this Interrogatory.

**B.P.J.'s Supplemental Response to Interrogatory No. 4:**

Subject to and without waiving her General and Specific Objections, without waiver thereof, and without conceding the relevance of this information, B.P.J. provides the identities of

CONFIDENTIAL

those West Virginia legislators or staff members that she or her mother has communicated with in respect to the participation of transgender athletes in sports or regarding H.B. 3293.

| Name | Position/Business Affiliation | Address | Phone Number |
|------|-------------------------------|---------|--------------|
| Mike Romano | Senator, West Virginia State Senate | Room 200W, Building 1 State Capitol Complex Charleston, WV 25305 | 304-357-7904 |
| Patrick S. Martin | Senator, West Virginia State Senate | Room 213W, Building 1 State Capitol Complex Charleston, WV 25305 | 304-357-7845 |

**Interrogatory No. 5:**

5. Identify each and every school board member or other public employee with whom you communicated with respect to participation of transgender athletes in sports or regarding H.B. 3293 or W. Va. Code §18-2-25d, during the period from January 1, 2021, to the present.

**B.P.J.'s Response To Interrogatory No. 5:**

B.P.J. objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks the identities of all third-party "school board member[s] or other public employee[s]" who have communicated to B.P.J. and/or any of her "agents, guardians, parents, representatives, and . . . attorneys," regardless of whether those third-parties or communications are relevant to the claims or defenses at issue in this action. B.P.J. further objects to the phrase "other public employee" as vague, ambiguous, and overbroad.

Subject to these general and specific objections, and without waiver thereof, B.P.J. will identify the school authorities that she and/or her mother communicated with at B.P.J.'s elementary or middle school regarding B.P.J.'s participation in athletics or regarding H.B. 3293. Accordingly, B.P.J. responds as follows:

CONFIDENTIAL

| Name | Position/Business Affiliation | Address | Phone Number |
|---|---|---|---|
| David Mazza | Principal, Bridgeport Middle School | 413 Johnson Ave Bridgeport, WV 26330 | 304-326-7142 |
| Danyelle Schoonmaker | Cross Country Coach/Teacher, Bridgeport Middle School | 413 Johnson Ave Bridgeport, WV 26330 | 304-326-7142 |
| Sarah Starkey | MSW, LGSW, Social Worker, Harrison County Board of Education | 445 W. Main Street Clarksburg, WV 26301 | 304-326-7300 |
| Tarra Shields | Principal, Norwood Elementary School | 8128 Kidd Ave Stonewood, WV 26301 | 304-326-7050 |
| Jasmine Lowther | Teacher, Norwood Elementary School | 8128 Kidd Ave Stonewood, WV 26301 | 304-326-7050 |
| Amber Davis | Guidance Counselor, Harrison County School District | 8128 Kidd Ave Stonewood, WV 26301 | 304-326-7050 |
| Lauren Merrill | Counselor, Bridgeport Middle School | 413 Johnson Ave Bridgeport, WV 26330 | 304-326-7142 |
| Tina DeMary | Nurse, Norwood Elementary School | 8128 Kidd Ave Stonewood, WV 26301 | 304-326-7050 |

CONFIDENTIAL

**B.P.J.'s Supplemental Response to Interrogatory No. 5:**

Subject to and without waiving her General and Specific Objections, without waiver thereof, and without conceding the relevance of this information, B.P.J. respectfully refers the State to her response in Interrogatory No. 4.

**B.P.J.'s Second Supplemental Response to Interrogatory No. 5:**

B.P.J. reiterates her specific objections stated in her initial response to Interrogatory No. 5.

In addition to her initial response, subject to the general and specific objections, and without waiver thereof, B.P.J. supplements her response as follows:

| Name | Position/Business Affiliation | Address | Phone Number |
|---|---|---|---|
| David Mazza | Principal, Bridgeport Middle School | 413 Johnson Ave Bridgeport, WV 26330 | 304-326-7142 |
| Danyelle Schoonmaker | Cross-Country **and Track** Coach and Teacher, Bridgeport Middle School | 413 Johnson Ave Bridgeport, WV 26330 | 304-326-7142 |
| Sarah Starkey | MSW, LGSW, Social Worker, Harrison County Board of Education | 445 W. Main Street Clarksburg, WV 26301 | 304-326-7300 |
| Tarra Shields | Principal, Norwood Elementary School | 8128 Kidd Ave Stonewood, WV 26301 | 304-326-7050 |
| Jasmine Lowther | Teacher, Norwood Elementary School | 8128 Kidd Ave Stonewood, WV 26301 | 304-326-7050 |
| Amber Davis | Guidance Counselor, Harrison County School District | 8128 Kidd Ave Stonewood, WV 26301 | 304-326-7050 |

CONFIDENTIAL

| Lauren Merrill | Counselor, Bridgeport Middle School | 413 Johnson Ave Bridgeport, WV 26330 | 304-326-7142 |
|---|---|---|---|
| Tina DeMary | Nurse, Norwood Elementary School | 8128 Kidd Ave Stonewood, WV 26301 | 304-326-7050 |
| **David Robinson** | **Track Coach, Bridgeport Middle School** | **413 Johnson Avenue Bridgeport, WV 26330** | **304-842-6251** |
| **Meghan Flesher** | **Track Coach, Bridgeport Middle School** | **413 Johnson Avenue Bridgeport, WV 26330** | **304-842-6251** |

**Interrogatory No. 6:**

6.   Identify each and every preschool, public or private school, or other educational institution that B.P.J. has attended to date.

**B.P.J.'s Response To Interrogatory No. 6:**

B.P.J. objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks the identification of all "educational institution[s]" that B.P.J. has attended, regardless of whether those institutions are relevant to the claims or defenses at issue in this action.  B.P.J. further objects to this Interrogatory on the ground that Defendant has failed to identify any limitation on period of time, and therefore Defendant improperly seeks the production of information that is not material or necessary to any claim or defense in this action.  B.P.J. further objects to the phrase "other educational institution" as vague, ambiguous, and overbroad.

Subject to these general and specific objections, and without waiver thereof, B.P.J. responds as follows:

CONFIDENTIAL

- Norwood Elementary School

- Bridgeport Middle School

**Interrogatory No. 7:**

7.  Identify each and every witness whom you intend to call at any hearing or at trial.

**B.P.J.'s Response To Interrogatory No. 7:**

B.P.J. objects to this Interrogatory on the basis that it is premature and not reasonably practicable for B.P.J. to identify "each and every" witness she intends to rely on at "any hearing" or at trial prior to the completion of discovery.

Subject to these general and specific objections, and without waiver thereof, B.P.J. will provide appropriate, non-privileged information in response to this Interrogatory in accordance with Federal Rule of Civil Procedure 26(a)(3) pursuant to the Court's Scheduling Order (ECF No. 93) at the appropriate time.

**Interrogatory No. 8:**

8.  Identify all cases where any of Plaintiff's counsel have used any of Plaintiff's Experts (as defined in the Requests for Production below) and, as to each case, the expert(s) used.

**B.P.J.'s Response To Interrogatory No. 8:**

B.P.J. objects to this Interrogatory on the basis that it is premature and not reasonably practicable for B.P.J. to identify "all cases" of all of "Plaintiff's Experts," including those "who [B.P.J.] may call to testify at trial or rely upon in future filings" prior to the completion of discovery.  In addition, B.P.J. objects to the phrase "used" as vague, ambiguous, and overbroad. B.P.J. further objects on the ground that this interrogatory seeks information beyond the scope of Federal Rule of Civil Procedure 26(a)(2)(B)(v).

CONFIDENTIAL

Subject to these general and specific objections, and without waiver thereof, B.P.J. will provide appropriate, non-privileged information in response to this Interrogatory in accordance with Federal Rule of Civil Procedure 26(a)(2)(B)(v) pursuant to the Court's Scheduling Order (ECF No. 93) at the appropriate time.

**Interrogatory No. 9:**

9. Name and identify all athletic teams or organized athletic activities, including but not limited to cheer, in which B.P.J has participated during the past 7 years.

**B.P.J.'s Response To Interrogatory No. 9:**

B.P.J. objects to this Interrogatory on the grounds that the phrase "organized athletic activities" is vague, ambiguous, and overbroad.  B.P.J. further objects on the ground that this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case, as the time period of "the past 7 years" far exceeds any period relevant to this action and therefore Defendant improperly seeks information that is not material or necessary to any claim or defense in this action.

Subject to these general and specific objections, and without waiver thereof, B.P.J. responds as follows:

- Bridgeport Youth Football League Cheerleading Team

- Bridgeport Middle School Cross Country Team

**B.P.J.'s Supplemental Response to Interrogatory No. 9:**

**B.P.J. reiterates her specific objections stated in her initial response to Interrogatory No. 9.**

**In addition to her initial response, subject to the general and specific objections, and without waiver thereof, B.P.J. supplements her response as follows:**

- **Bridgeport Youth Football League Cheerleading Team**

CONFIDENTIAL

- **Bridgeport Middle School Cross Country Team**
- **Bridgeport Middle School Track Team**

### SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Plaintiff responds to the specific requests of Defendant's First Set of Requests for Production of Documents as follows:

### Request for Documents No. 1:

1. All documents or other record or recorded media that reflect or contain reports, correspondences, and records from (a) each and every Health Care Provider who has treated, examined, consulted with, conferred with or counseled with the Plaintiff at any point during the last 7 years, (b) each and every medical facility where the Plaintiff has been treated, examined, or otherwise attended or admitted either as an inpatient or as an outpatient at any point during the last 7 years, and (c) each and every Health Care Provider with whom any parent of Plaintiff has consulted, conferred or counseled regarding Plaintiff at any point during the last 7 years.

### B.P.J.'s Response to Request for Documents No. 1:

B.P.J. objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the case to the extent it requests "all" documents and records that "reflect" or "contain" information regarding "each and every Health Care Provider" who has treated B.P.J. or "each and every Heath Care Provider" with whom any parent of B.P.J. has consulted during the last 7 years. In addition to being overbroad and unduly burdensome, B.P.J. further objects to the Request to the extent that it seeks sensitive medical information unrelated to B.P.J.'s gender dysphoria diagnosis, as B.P.J has specifically disclaimed any claim for damages based on emotional distress.  B.P.J.

CONFIDENTIAL

further objects on the ground that the period of time of "the last 7 years" far exceeds any period relevant to this action and therefore Defendant improperly seeks the production of documents that are not material or necessary to any claim or defense in this action.  B.P.J. additionally objects to this Request to the extent that it seeks documents protected by any applicable psychotherapist-patient privilege.

Subject to these general and specific objections, and without waiver thereof, B.P.J. will produce non-privileged documents showing B.P.J.'s treatment for gender dysphoria.

**B.P.J.'s Supplemental Response to Request for Documents No. 1:**

B.P.J. reiterates her specific objections stated in her initial response to Request for Documents No. 1, and objects to Request for Documents No. 1 as overbroad, seeking irrelevant information, and not proportional to the needs of the case.  As noted in correspondence between the parties, this case involves a straightforward constitutional challenge to H.B. 3293's exclusion of transgender girls from girls' sports teams, and there is no basis for turning this case into an irrelevant medical examination of B.P.J.

As noted in Plaintiff's supplemental response to Interrogatory No. 1, during Plaintiff's investigation and active process of seeking medical records from her providers, Plaintiff identified additional providers that had not been disclosed in her initial set of responses.  Subject to and without waiving her General and Specific Objections, without waiver thereof, B.P.J. has therefore supplemented her production with medical records from these providers.

Regarding medical records provided by Mr. Bunner, B.P.J. also objects to producing the content of communications between B.P.J. and Mr. Bunner during therapy sessions as protected by the psychotherapist-patient privilege.  Without conceding their relevance, Plaintiff has produced unredacted versions of the documents subject to the Parties' stipulation that producing

CONFIDENTIAL

such material does not constitute a waiver of privilege or otherwise affect Plaintiff's right to object to their further use or admission into evidence.

**Request for Documents No. 2:**

2. All documents that reflect or contain the name, home address, or business address of all individuals contacted as potential witnesses for this litigation.

**B.P.J.'s Response to Request for Documents No. 2:**

B.P.J. objects to this Request as seeking discovery of information or documents protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant's request that B.P.J. identify "all documents" reflecting information regarding "all individuals" contacted as "potential witnesses" directly seeks work product-protected material, because such documents would disclose the thoughts, mental impressions, and strategic decisions of counsel.

Subject to these general and specific objections, and without waiver thereof, B.P.J. will disclose the identities of the witnesses she intends to rely upon in accordance with Federal Rule of Civil Procedure 26(a)(3) pursuant to the Court's Scheduling Order (ECF No. 93) at the appropriate time.

**Request for Documents No. 3:**

3. All documents that reflect or contain resumes or qualifications of all experts whose reports, publications, statements, or work have been cited by or included within any of Plaintiff's filings in this matter or who you may call to testify at trial or rely upon in future filings ("Plaintiff's Experts"). This includes without limitation Joshua D. Safer, Mary D. Fry, and Deanna Atkins.

CONFIDENTIAL

**B.P.J.'s Response to Request for Documents No. 3:**

B.P.J. objects to this Request on the basis that it is premature, as it seeks documents and information that will be produced in due course pursuant to the Court's Scheduling Order filed on September 8, 2021 (ECF No. 93).   B.P.J. further objects to this Request on the basis that it is premature and not reasonably practicable for B.P.J. to identify "each and every" witness or expert she intends to rely on at "any hearing" or at trial prior to the completion of discovery.  In addition, B.P.J. objects to the phrase "reflect" as vague, ambiguous, and overbroad.  B.P.J. further objects on the ground that this interrogatory seeks information beyond the scope of Federal Rule of Civil Procedure 26(a)(2)(B)(iv).

Subject to these general and specific objections, and without waiver thereof, B.P.J. will provide appropriate, non-privileged documents in response to this Request in accordance with Federal Rule of Civil Procedure 26(a)(2)(B)(iv) pursuant to the Court's Scheduling Order (ECF No. 93) at the appropriate time.

**Request for Documents No. 4:**

4.  All correspondence or communications between you and any school authorities, employees, agents, or representatives or other public authorities, employees, agents, or representatives regarding Plaintiff, including, but not limited to communications regarding Plaintiff's gender identity or gender dysphoria or Plaintiff's participation in any athletic program or activity, and any recordings or records pertaining to such correspondence or communication.

**B.P.J.'s Response to Request for Documents No. 4:**

B.P.J. objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the case to the extent it requests "all" correspondence or communications regarding

CONFIDENTIAL

B.P.J., regardless of whether they relate to B.P.J.'s gender dysphoria diagnosis and athletics. B.P.J. further objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the case in that it seeks not only communications, but also documents pertaining to such communications. In addition, B.P.J. objects to the phrases "school authorities," "other public authorities," and "athletic program or activity" as vague, ambiguous, and overbroad. B.P.J. additionally objects on the ground that Defendant has failed to identify any limitation on period of time, and therefore Defendant improperly seeks the production of information that is not material or necessary to any claim or defense in this action.

Subject to these general and specific objections, and without waiver thereof, B.P.J. will produce non-privileged communications from the past three years between herself and/or her mother and school authorities at B.P.J.'s elementary and middle school regarding B.P.J.'s gender dysphoria and participation on school athletics teams.

**Request for Documents No. 5:**

5. All communications to or from Plaintiff, Plaintiff's parents, or Plaintiff's counsel to or from any of Plaintiff's Experts or any other consultant or person who was contacted or interviewed to serve or potentially serve as an expert or consultant in this case.

**B.P.J.'s Response to Request for Documents No. 5:**

B.P.J. objects to this Request as seeking discovery of information or documents that are beyond the scope of expert discovery permitted by Federal Rule of Civil Procedure 26(b)(4) and protected by the attorney-client privilege and/or the work-product doctrine. Defendant's request that B.P.J. identify "all communications" to or from persons who were "contacted or interviewed to serve or potentially serve as an expert or consultant" in this litigation directly seeks work

product-protected material, because such communications would disclose the thoughts, mental impressions, and strategic decisions of counsel.

Subject to these general and specific objections, and without waiver thereof, B.P.J. will provide the required expert disclosures in response to this Request in accordance with Federal Rule of Civil Procedure 26(a)(2)(B) pursuant to the Court's Scheduling Order (ECF No. 93) at the appropriate time.

## Request for Documents No. 6:

6. All documents that reflect or contain reports, draft reports, manuals, textbooks, policy sheets, communications or any other information sent by you to any expert, potential expert, witness, or potential witness in preparation for this litigation.

## B.P.J.'s Response to Request for Documents No. 6:

B.P.J. objects to this Request as seeking discovery of information or documents that are beyond the scope of expert discovery permitted by Federal Rule of Civil Procedure 26(b)(4) and protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant's request that B.P.J. provide "all documents" or "any other information" sent "in preparation for this litigation" directly seeks work product-protected material, because such information would disclose the thoughts, mental impressions, and strategic decisions of counsel.

Subject to these general and specific objections, and without waiver thereof, B.P.J. will provide the required expert disclosures in response to this Request in accordance with Federal Rule of Civil Procedure 26(a)(2)(B) pursuant to the Court's Scheduling Order (ECF No. 93) at the appropriate time.

CONFIDENTIAL

**Request for Documents No. 7:**

7. All documents of Plaintiff's Experts with respect to cases or lawsuits in which any of the
   Plaintiff's Experts has submitted declarations or affidavits or has testified as an expert at
   trial or by deposition.

**B.P.J.'s Response to Request for Documents No. 7:**

B.P.J. objects to this Request because the request for "all documents of Plaintiff's Experts
with respect to cases or lawsuits" is vague, ambiguous, and overbroad.  B.P.J. further objects to
the extent that it exceeds the scope of Federal Rule of Civil Procedure 26(a)(2)(B)(v).

Subject to these general and specific objections, and without waiver thereof, B.P.J. will
provide the required expert disclosures in response to this Request in accordance with Federal Rule
of Civil Procedure 26(a)(2)(B) pursuant to the Court's Scheduling Order (ECF No. 93) at the
appropriate time.

**Request for Documents No. 8:**

8. All documents that reflect or contain reports, draft reports, manuals, textbooks, policy
   sheets, communications or any other information which any expert, potential expert,
   witness, or potential witness has consulted or reviewed as a result of, or in preparation for
   this litigation or that person's deposition or trial testimony.

**B.P.J.'s Response to Request for Documents No. 8:**

B.P.J. objects to this Request on the basis that it is premature, as it seeks documents and
information that are beyond the scope of expert discovery permitted by Federal Rule of Civil
Procedure 26(b)(4) and protected by the attorney-client privilege and/or the work-product doctrine.
B.P.J. further objects to this Request on the basis that it is premature and not reasonably practicable

CONFIDENTIAL

for B.P.J. to identify documents consulted or reviewed as a result of, or in preparation for "deposition" or "trial" prior to the completion of discovery.

Subject to these general and specific objections, and without waiver thereof, B.P.J. will provide the required expert disclosures in response to this Request in accordance with Federal Rule of Civil Procedure 26(a)(2)(B) pursuant to the Court's Scheduling Order (ECF No. 93) at the appropriate time.

### Request for Documents No. 9:

9. All documents that reflect or contain literature, studies, journals, papers, pamphlets, or other publications upon which Plaintiff's Experts have relied for their respective opinions, segregating said documents by the expert who has relied on said documents.

### B.P.J.'s Response to Request for Documents No. 9:

B.P.J. objects to this Request on the basis that it is premature, as it seeks documents and information that will be produced in due course pursuant to the Court's Scheduling Order filed on September 8, 2021 (ECF No. 93). B.P.J. further objects to this Request on the basis that it is premature and not reasonably practicable for B.P.J. to identify documents consulted or reviewed as a result of, or in preparation for "deposition" or "trial" prior to the completion of discovery. B.P.J. further objects to this Request to the extent that it is duplicative of Request No. 8.

Subject to these general and specific objections, and without waiver thereof, B.P.J. will provide the required expert disclosures in response to this Request in accordance with Federal Rule of Civil Procedure 26(a)(2)(B) pursuant to the Court's Scheduling Order (ECF No. 93) at the appropriate time.

CONFIDENTIAL

**Request for Documents No. 10:**

10. All documents that reflect or contain reports, drafts of reports, or any other testimonial material of Plaintiff's Experts which they have prepared for this or any other litigation.

**B.P.J.'s Response to Request for Documents No. 10:**

B.P.J. objects to this Request as seeking discovery of information or documents that are beyond the scope of expert discovery permitted by Federal Rule of Civil Procedure 26(b)(4) and protected by the attorney-client privilege and/or the work-product doctrine.  Defendant's request that B.P.J. identify "all documents" "prepared for" litigation directly seeks work product-protected material, because such documents would disclose the thoughts, mental impressions, and strategic decisions of counsel.  B.P.J. further objects to the extent that it exceeds the scope of Federal Rule of Civil Procedure 26(a)(2)(B)(v).

Subject to these general and specific objections, and without waiver thereof, B.P.J. will provide the required expert disclosures in response to this Request in accordance with Federal Rule of Civil Procedure 26(a)(2)(B) pursuant to the Court's Scheduling Order (ECF No. 93) at the appropriate time.

**Request for Documents No. 11:**

11. All documents that reflect or contain the current fee schedule for each of Plaintiff's Experts.

**B.P.J.'s Response to Request for Documents No. 11:**

B.P.J. objects to this Request as seeking discovery of information or documents beyond the scope of FRCP 26(a)(2)(B)(v) and FRCP 26(b)(4)(C)(i).  Subject to these general and specific objections, and without waiver thereof, B.P.J. responds that she will disclose the compensation to be paid for each expert in accordance with FRCP 26(a)(2)(B)(vi) pursuant to the Court's Scheduling Order (ECF No. 93) at the appropriate time.

**Request for Documents No. 12:**

12. A complete copy of the entire file of each expert consulted in connection with this case, including any and all documents generated by said expert, copies of all photographs, videos, or depictions in the possession of the expert, copies of all notes, draft reports, demonstrations, all documents and authorities reviewed or relied upon by each said expert, a list of all cases in which the expert has been deposed or given trial testimony in the past five years, all articles authored by the expert, and compensation to be paid to the expert.

**B.P.J.'s Response to Request for Documents No. 12:**

B.P.J. objects to this Request as seeking discovery of information or documents outside the scope of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4) and protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to these general and specific objections, and without waiver thereof, B.P.J. will provide the required expert disclosures in response to this Request in accordance with Federal Rule of Civil Procedure 26(a)(2)(B) pursuant to the Court's Scheduling Order (ECF No. 93) at the appropriate time.

**Request for Documents No. 13:**

13. Any document issued by any government agency that identifies Plaintiff's gender.

**B.P.J.'s Response to Request for Documents No. 13:**

B.P.J. objects to this Request on the ground that it is overbroad, unduly burdensome, and not relevant to the claims and defenses, as Defendant has failed to identify any limitation on period of time, and therefore Defendant improperly seeks the production of information that is not material or necessary to any claim or defense in this action.  In addition, B.P.J. objects to the phrases "gender" and "government agency" as vague, ambiguous, and overbroad.

CONFIDENTIAL

Subject to these general and specific objections, and without waiver thereof, B.P.J. will produce non-privileged documents responsive to this Request.

**Request for Documents No. 14:**

14. A signed copy of the attached Medical Release form.

**B.P.J.'s Response to Request for Documents No. 14:**

B.P.J. objects to this Request on the ground that Interrogatory No. 1 and Request for Documents No. 1 are overbroad, unduly burdensome, and not relevant to the claims and defenses in this action as currently written.  B.P.J. further objects to this Request because it would allow Defendants to access sensitive and private information without restrictions or further dissemination of that information or other privacy protections.  Subject to these general and specific objections, and without waiver thereof, if B.P.J. and Defendant are able to agree upon the scope of Interrogatory No. 1 and Request for Documents No. 1, B.P.J. will produce information and non-privileged documents responsive to Request for Documents No. 1 and Interrogatory No. 1 that will render Request for Documents No. 14 unnecessary.

**Request for Documents No. 15:**

15. A signed copy of the attached FERPA Consent to Release Student Information forms, with the missing information filled in.

**B.P.J.'s Response to Request for Documents No. 15:**

B.P.J. objects to this Request on the ground that Interrogatory Nos. 3, 5, 6 and Request for Documents No. 4 are overbroad, unduly burdensome, and not relevant to the claims and defenses in this action as currently written.  B.P.J. further objects to this Request because it would allow Defendant to access sensitive and private information without restrictions or further dissemination of that information or other privacy protections.  Subject to these general and specific objections,

and without waiver thereof, if B.P.J. and Defendant are able to agree upon the scope of Interrogatory Nos. 3, 5, 6 and Request for Documents No. 4, B.P.J. will produce non-privileged documents responsive to those Requests that will render Request for Documents No. 15 unnecessary.

**Request for Documents No. 16:**

16. Copies of all documents and materials produced in response to and any written responses to any discovery requests to Plaintiff from any other party in this matter.

**B.P.J.'s Response to Request for Documents No. 16:**

Subject to the general objections, and without waiver thereof, B.P.J. will produce non-privileged documents responsive to this Request.

**Request for Documents No. 17:**

17. Copies of all documents and materials received or obtained via any subpoena in this matter.

**B.P.J.'s Response to Request for Documents No. 17:**

Subject to the general objections, and without waiver thereof, B.P.J. will produce non-privileged documents responsive to this Request and relevant to the claims in this case.

**Request for Documents No. 18:**

18. Copies of all documents and materials received or obtained via a Freedom of Information Act request submitted to Defendant, West Virginia State Board of Education; Defendant, Harrison County Board of Education; or any state officer, official, agency, or entity regarding Plaintiff, H.B. 3293, or W. Va. Code § 18-2-25d.

**B.P.J.'s Response to Request for Documents No. 18:**

Subject to the general objections, and without waiver thereof, B.P.J. will produce non-privileged documents responsive to this Request and relevant to the claims in this case.

CONFIDENTIAL

Dated: April 1, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30
Phone: (404) 897-1880
ccharles@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO  80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully submitted,
/s/ *Loree Stark*

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J. by her next friend and mother, HEATHER
JACKSON,

                *Plaintiff*,

        v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD OF
EDUCATION, WEST VIRGINIA SECONDARY
SCHOOL ACTIVITIES COMMISSION, W.
CLAYTON BURCH in his official capacity as State
Superintendent, DORA STUTLER in her official
capacity as Harrison County Superintendent, and
THE STATE OF WEST VIRGINIA,

                *Defendants*,

        and

LAINEY ARMISTEAD,

                *Defendant-Intervenor*.

Civil Action No. 2:21-cv-00316

Hon. Joseph R. Goodwin

## **VERIFICATION**

After being first duly sworn, I, Heather Jackson, depose and say that I have read the foregoing responses in Plaintiff's Second Set of Supplemental Responses and Objections to Defendant the State of West Virginia's First Set of Interrogatories and Requests for Production dated April 1, 2022 and know its contents. The foregoing is true to my knowledge, except to those matters stated to be alleged on information and belief, and as to those matters I believe them to be true.

 

_____

Heather Jackson

1

**STATE OF WEST VIRGINIA,**

**COUNTY OF** ____Harrison____**, to-wit:**

      Taken, subscribed and sworn to before me, the undersigned Notary Public, this date,

____April 1, 2022____.

My commission expires:

# Video Meeting

Video ID: tapfWqpJQ2, Recording URL: https://ds4u.cc/tapfWqpJQ2, Passcode: 0272

# Video Meeting

Video ID: tapfWqpJQ2, Recording URL: https://ds4u.cc/tapfWqpJQ2, Passcode: 0272