# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

B.P.J., by her next friend and mother,
HEATHER JACKSON,

   *Plaintiff*,

              Civil Action No. 2:21-cv-00316
  vs.            Hon. Joseph R. Goodwin

WEST VIRGINIA STATE BOARD OF
EDUCATION; HARRISON COUNTY BOARD
OF EDUCATION; WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION; W. CLAYTON BURCH in his
official capacity as State Superintendent;
DORA STUTLER in her official capacity as
Harrison County Superintendent;
PATRICK MORRISEY in his official
capacity as Attorney General; and THE
STATE OF WEST VIRGINIA,

   *Defendants*.

## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, STATE OF WEST VIRGINIA

   Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the applicable

Local Rules of the District of West Virginia and this Court, Defendant the State of West Virginia

provides the following in response to Plaintiff's First Set of Interrogatories to Defendant, State of

West Virginia ("First Set of Interrogatories").

### GENERAL OBJECTIONS

   1)  The State of West Virginia objects to the following definition as stated in

Plaintiff's First Set of Interrogatories:

**"YOU, YOUR, or YOURS means the State of West Virginia and its governors, attorneys general, agencies, legislators, officials, affiliates, attorneys, accountants, consultants, representatives, and agents."**

In this case, the State of West Virginia alone intervened and was then added as a named defendant via the Amended Complaint, and the Attorney General represents only the State of West Virginia.  The Attorney General does not represent any of the other entities or individuals listed in the foregoing definition and cannot provide information from or documents within the custody or control of those entities and individuals.  Plaintiff may obtain information and documents from specific entities and individuals listed in the definition as permitted by the procedures set forth in the Federal Rules of Civil Procedure.  To explain this objection further, the State of West Virginia is a sovereign state consisting of a specific geographic area and the residents therein.  Its Constitution designates three independent branches with multiple officers and officials, who are elected or appointed separately, and typically constituted with multiple agencies or bodies.  The Attorney General of West Virginia is the chief legal officer for the State of West Virginia and has constitutional and statutory authority to, among other things, represent officers and agencies of state government and to pursue or defend the interests on behalf of the State in courts and other tribunals.  *See* W. Va. Const. art. VII, § 1; W. Va. Code § 5-3-2; *see also* syl. pt. 4, *State ex rel. McGraw v. Burton*, 569 S.E.2d 99 (2002).  As is the case in most States, "all agencies and departments within the executive branch do not speak with a single voice."  *Com. v. Ortho-McNeil-Janssen Pharms., Inc.*, No. CIV.A. 2011-2811-BLS, 2012 WL 5392617, at *2 (Mass. Super. Oct. 5, 2012) (citing *New York v. National R.R. Passenger Corp*, 233 F.R.D. 259 (N.D.N.Y. 2006).  In legal proceedings, agencies and officers are separate entities, and each may have its own counsel, though related officers and agencies often are represented by the same counsel as is the situation with the West Virginia State Board of Education and the State Superintendent in this case.  Indeed, such entities are in some cases adverse to one another.  While the Attorney General may at various times represent some of

these entities and officers, he was not been called upon to do so here.  Rather, only the State of West Virginia—not any agencies or officers of its state government—is represented by the Attorney General here.  Accordingly, Defendant State of West Virginia will respond to these discovery requests as though they seeks information possessed by the State of West Virginia, subject to all other objections available to it or its counsel.

2)    In addition, the State of West Virginia objects to any other instruction or definition that imposes burdens beyond the scope of the Federal Rules of Civil Procedure or other law and further presumes that the requests do not seek attorney work product, which is non-discoverable.

## **INTERROGATORIES**

Without waiving and subject to the general objections, which are incorporated into each response, Defendant State of West Virginia answers Plaintiff's First Set of Interrogatories as follows:

**INTERROGATORY NO. 1:** **Identify all PERSONS who provided information in preparation of YOUR Answer and Motion to Dismiss the First Amended Complaint, and for each such PERSON, state the following:**

(a)        **Their name, address, and telephone number:**

(b)        **Their relationship to YOU and/or Plaintiff: and**

(c)        **A detailed description of such knowledge and/or information.**

**RESPONSE:** Defendant State objects to this interrogatory as it requests information subject to the work-product privilege and that it implies Defendant State has filed a motion to dismiss in this action, which it has not.  Without waiving any objections, Defendant State identifies its counsel of record, (a) whose address and telephone number are indicated in the pleadings, (b) that they are counsel to the State and have no relationship with the Plaintiff, other than in their capacities as public servants to West Virginia residents,

3

including Plaintiff, and (c) that they are aware of the legal arguments in this case, are familiar with the allegations made by Plaintiff, and are investigating the relevant facts.

**INTERROGATORY NO. 2:** **Identify all of YOUR internal or external COMMUNICATIONS regarding the participation of students who are transgender playing on school sports teams, and the date and content of the COMMUNICATION.**

**RESPONSE:** Defendant State objects to this interrogatory as it requests information subject to the work-product privilege and is vague and unclear and overly burdensome. As written, this interrogatory contemplates the compilation of every utterance of "facts, ideas, inquiries, or otherwise" regarding "the participation of students who are transgender playing on school sports teams" irrespective of any limitations, such as to time, persons involved, or relation to Plaintiff's claims and allegations. Further objecting, the information sought is not relevant because the core of Plaintiff's claims address the validity and constitutionality of the Protection of Women's Sports Act, and whether or not the State of West Virginia has ever had any such communications is not relevant to the validity of such law. Even if such communications were limited to any time from January 1, 2019, to the present, the same objection would remain valid. The scope of this interrogatory is also duplicative of Interrogatory 5. Further objecting, many such communications would likely be protected by the attorney work product and/or attorney client privileges. Without waiver of any objections, the State of West Virginia has no such communications. However, the State of West Virginia takes notice of communications regarding "the participation of students who are transgender playing on school sports teams" as are available in the public

4

domain.  *See, e.g.* reports of biological males participating on female sports teams in Connecticut and Montana.  The State is also aware of public statements of biological female athletes and women's advocacy organizations commenting on this issue, including those opposing participation of biological males in biological female sports. Such communications are equally available to the Plaintiff in the public sphere.  Further answering, the State of West Virginia notes that Plaintiff may seek the information contemplated by this interrogatory from governmental agencies and/or officers directly or through their respective counsel, as appropriate.

**INTERROGATORY NO. 3:** **Identify all PERSONS involved in drafting, lobbying for, testifying in support of, and/or advancing H.B. 3293, or any other potential legislation in 2020 or 2021 regarding the participation of transgender athletes in West Virginia. For each such PERSON, state the following:**

(a)       **Their name. address, and telephone number;**

(b)       **Their relationship to YOU and/or B.P.J.; and**

(c)       **A detailed description of their involvement.**

**RESPONSE:**  Defendant State objects to this interrogatory as it is vague and unclear and overly burdensome.  As written, this interrogatory requests the State of West Virginia compile a listing of persons involved in myriad parts of legislative processes and efforts over 2 years and not limited to the statute challenged by Plaintiff but inclusive of "any other potential legislation … regarding the participation of transgender athletes in West Virginia."  It is unclear to the State just what is meant by this quoted language and by the use of "advancing" as these are subject to multiple meanings and interpretations.  Regardless, several categories of persons described in

this interrogatory relative to H.B. 3293 can be discerned through publicly-available resources. Further objecting, the requested information is not relevant because the identities or views of such persons does not affect the validity of the Protection of Women's Sports Act.  As long as the subject law meets the required standard of review, the views of the drafters or sponsors as to its purposes do not affect its validity.  "[A] classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.  [...] Further, a legislature that creates these categories need not 'actually articulate at any time the purpose or rationale supporting its classification.'" *Heller v. Doe by Doe*, 509 U.S. 312, 320, (1993) (internal citations omitted).  To the extent a heightened level of scrutiny might apply, courts look to see if "the proffered purpose for the challenged law be the actual purpose," *United States v. Virginia*, 518 U.S. 515, 559 (1996), not individual legislator comments.  *See e.g. Kofa v. U.S. I.N.S.*, 60 F.3d 1084, 1088 (4th Cir. 1995) ("The text of the statute, and not the private intent of the legislators, is the law.... So the text is law and legislative intent a clue to the meaning of the text, rather than the text being a clue to legislative intent.") (citing *Continental Can Co. v. Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund*, 916 F.2d 1154, 1157–58 (7th Cir.1990)).

Without waiver of any objections, Defendant State of West Virginia has no independent knowledge of such individuals.  However, the State of West Virginia takes notice of the alleged transcript (the "Alleged Transcript") filed by the Plaintiff in this case, which purportedly contains information which may be instructive for identifying persons sought by this interrogatory.

**INTERROGATORY NO. 4:** **Identify all PERSONS responsible for implementing or enforcing H.B. 3293.**

**RESPONSE:**  Defendant State objects to this unclear and unduly burdensome.  Further objecting, the requested information is not relevant.   Specifically, it is unclear how the requested information is relevant to the validity of the subject statute and the breadth of meaning for "responsible" in this context.   Also, the State of West Virginia is not responsible for determining the "PERSONS responsible for implementing or enforcing" the Protecting Women's Sports Act.   Without waiver of any objections, the State of West Virginia presently anticipates that local school boards, coaches, school administrators throughout the State would be involved in the implementation of the Protection of Women's Sports Act.   It is possible that the other named defendants may also have such responsibilities; however, in providing this observation, the State does not assert any position contrary to those parties' assertions in their respective Motions to Dismiss.   The identification of all of the "local school boards, coaches, school administrators throughout the State" is a matter of public record which is equally available to the Plaintiff as it is to the State.   Accordingly, the State is not obligated to locate this information for the Plaintiff.   Plaintiff may seek such information from those parties directly or through their respective counsel, as appropriate.

**INTERROGATORY NO. 5:** **Identify all of YOUR internal or external COMMUNICATIONS regarding H.B. 3293. or any other potential legislation in 2020**

or 2021 regarding the participation of transgender athletes in West Virginia, and the date and content of the COMMUNICATION.

**RESPONSE:**  Defendant State objects to this interrogatory as it requests information subject to the work-product privilege and is vague and unclear and overly burdensome.  As written, this interrogatory contemplates the compilation of every utterance of "facts, ideas, inquiries, or otherwise" regarding "potential legislation in 2020 or 2021 regarding the participation of transgender athletes in West Virginia" without limitations as to persons involved or relation to Plaintiff's claims and allegations.  Further objecting, the requested information is not relevant because the core of Plaintiff's claims address the validity and constitutionality of the Protection of Women's Sports Act and whether or not the State of West Virginia has ever had any such communications about "other potential legislation"—the meaning of which is not clear—is not relevant to the validity of such law.  Also, though the scope of this interrogatory is somewhat narrower than that of Interrogatory 1, the overlap makes these interrogatories duplicative and, thus, burdensome.  Further objecting, many such communications would likely be protected by the attorney work product and/or attorney client privileges.  Without waiver of any objections, the State of West Virginia provides that it has no such communications.  However, the State of West Virginia takes notice of communications regarding "the participation of transgender athletes in West Virginia" as are available in the public domain.  *See e.g.* news releases and media reports regarding Plaintiff and this matter.  Further answering, the State of West Virginia notes that Plaintiff may seek the information contemplated by this interrogatory from governmental agencies and/or officers directly or through their respective counsel, as appropriate.

**INTERROGATORY NO. 6:** **Identify all governmental interests that YOU believe are advanced by H.B. 3293.**

      **RESPONSE:**   The State objects to the word "believe" as used in this interrogatory; the State is not a natural person capable of belief or non-belief.  Further objecting, the government interests advanced by the Protection of Women's Sports Act, also known as H.B 3293, are a subject of legal determination.  Without waiver of any objections, the State asserts the following interests, primarily and in general, which are advanced by the Protection of Women's Sports Act:

1.      To Protect Women's Sports

2.      To follow Title IX

3.      To protect women's safety in female athletic sports.

The State reserves the right to further address this issue as this matter progresses, either in its discovery responses, its expert witness disclosures, or its legal briefing.

**INTERROGATORY NO. 7:** **Identify all ways that YOU believe the governmental interests identified in Interrogatory No. 6 are advanced by H.B. 3293.**

**RESPONSE:**  Defendant State of West Virginia incorporates the specific objections to Interrogatory 6 above into this response.  The State also objects to the extent that this interrogatory seeks to preview legal arguments relative to governmental interests, which are a subject of legal determination, and is therefore inappropriate.  Without waiver of any objections, Defendant State of West Virginia notes its Brief in Opposition to Motion for Preliminary Injunction and its attached materials and other documents.  In addition, the State may provide further materials and documents through additional expert witness

testimony in this case pursuant to the scheduling order and references any such materials, documents, and testimony in response to this interrogatory. The State is also aware of public statements of biological female athletes and women's' advocacy organizations commenting on this issue and opposing participation of biological males in biological female sports.

**INTERROGATORY NO. 8: Identify all information known to YOU prior to April 9, 2021 that support YOUR argument that the identified governmental interests are advanced by H.B. 3293.**

**RESPONSE:** Defendant State of West Virginia incorporates the specific objections to Interrogatory 6 above into this response. The State also objects to the extent that this interrogatory seeks to preview legal arguments relative to governmental interests, which are a subject of legal determination, and is therefore inappropriate. Without waiver any objections, Defendant State of West Virginia asserts that it was not involved in this matter prior to April 9, 2021, and thus has no responsive information.

**INTERROGATORY NO. 9: State all facts that support YOUR argument that the identified governmental interests are advanced by H.B. 3293.**

**RESPONSE:** Defendant State of West Virginia incorporates the specific objections to Interrogatory 6 above into this response. The State also objects to the extent that this interrogatory seeks to preview legal arguments relative to governmental interests, which are a subject of legal determination, and is therefore inappropriate. Without waiver of any objections, Defendant State of West Virginia notes its Brief in Opposition to Motion

for Preliminary Injunction and its attached materials and other documents.  In addition, the State may provide further materials and documents through additional expert witness testimony in this case pursuant to the scheduling order and references any such materials, documents, and testimony in response to this interrogatory.  The State is also aware of public statements of biological female athletes and women's advocacy organizations commenting on this issue and opposing participation of biological males in biological female sports.  The State may develop other information, documents, or material as this matter proceeds and will supplement this response accordingly.

**INTERROGATORY NO. 10:** **Identify all employees, contractors, or other personnel affiliated with YOU who maintain records CONCERNING B.P.J. and describe the general nature of those records.**

**RESPONSE:**  Defendant State of West Virginia objects to this interrogatory to the extent that it seeks information subject to the attorney work-product privilege.  Without waiver of any objections, any records maintained by the Defendant State of West Virginia concerning B.P.J. are litigation related.

**INTERROGATORY NO. 11:** **Identify all COMMUNICATIONS between YOU and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, attorney, accountant, consultant, representative, or agent of Alliance Defending Freedom and state the date and the contents of such COMMUNICATIONS.**

**RESPONSE:**  Defendant State of West Virginia objects as the information sought is overbroad and not relevant.  As written, this interrogatory contemplates the compilation of every contact

that related "facts, ideas, inquiries, or otherwise" to or with any person seemingly having any

contact or connection to an organization appearing as counsel of record for Lainey Armistead,

who is seeking to intervene in this matter.  The requested information is not relevant because

the core of Plaintiff's claims address the validity and constitutionality of the Protection of

Women's Sports Act, and whether or not Defendant State of West Virginia has ever had any

communications with Alliance Defending Freedom is not relevant to the validity of such law.

Even if such interrogatory is limited in time, the same objection remains valid.  Further

objecting, any such communications would be subject to the attorney work product.


Respectfully,

STATE OF WEST VIRGINIA,

By counsel,
PATRICK MORRISEY,
ATTORNEY GENERAL

/s/ Curtis R. A. Capehart (by permission)
Douglas P. Buffington, II (WV Bar # 8157)
    *Chief Deputy Attorney General*
Curtis R. A. Capehart (WV Bar # 9876)
    *Deputy Attorney General*
David C. Tryon (visiting attorney admitted pro hac vice)
    *Special Assistant to the Attorney General*
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Email: Curtis.R.A.Capehart@wvago.gov
Telephone: (304) 558-2021
Facsimile: (304) 558-0140

*Counsel for Defendant, STATE OF WEST VIRGINIA*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

B.P.J., by her next friend and mother,
HEATHER JACKSON,

    *Plaintiff*,

                              Civil Action No. 2:21-cv-00316
    vs.                         Hon. Joseph R. Goodwin

WEST VIRGINIA STATE BOARD OF
EDUCATION; HARRISON COUNTY BOARD
OF EDUCATION; WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION; W. CLAYTON BURCH in his
official capacity as State Superintendent; and,
DORA STUTLER in her official capacity as
Harrison County Superintendent,

    *Defendants*.

## CERTIFICATE OF SERVICE

    I caused a true copy of this Certificate of Service for "Responses to Plaintiff's ***First Set of Interrogatories to Defendant, State of West Virginia***" to be served on all parties via the CM/ECF System this November 23, 2021, with a copy of said requests addressed to counsel as follows:

Loree Stark
ACLU of WV Foundation
P.O. Box 3952
Charleston, WV 25339-3952
lstark@acluwv.org
*Counsel for Plaintiff*

Avatar Smith-Carrington
Lambda Legal
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org
*Counsel for Plaintiff*

Carl Charles
Tara Borelli

Andrew Barr
Cooley LLP
1144 15th St., Suite 2300
Denver, CO 80202-5686
*Counsel for Plaintiff*

Kathleen R. Hartnett
Julie Veroff
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
khartnett@cooley.com
*Counsel for Plaintiff*

Elizabeth Reinhardt
Cooley LLP

Lambda Legal
730 Peachtree Street NE, Suite 640
Atlanta, GA 30308-1210
ccharles@lambdalegal.org
*Counsel for Plaintiff*

Sruti Swaminathan
Lambda Legal
120 Wall Street, 19th Floor
New York, NY 10005
*Counsel for Plaintiff*

Joshua Block
Taylor Brown
Chase Strangio
American Civil Liberties Foundation
125 Broad Street
New York, NY 10004
jblock@aclu.org
*Counsel for Plaintiff*

Susan L. Deniker
Steptoe @ Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
susan.deniker@steptoe-johnson.com
*Counsel for Defendants, Harrison County
Board of Education and Dora Stutler*

Kelly C. Morgan
Michael W. Taylor
Kristen V. Hammond
Bailey & Wyant, PLLC
500 Virginia Street East, Suite 600
P.O. Box 3710
Charleston, WV 25337-3710
kmorgan@baileywyant.com
mtaylor@baileywyant.com
khammond@baileywyant.com
*Counsel for Defendants, West Virginia
State Board of Education and W. Clayton
Burch*

500 Boylston Street, 14th Floor
Boston, MA 02116-3736
ereinhardt@cooley.com
*Counsel for Plaintiff*

Katelyn Kang
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
kkang@cooley.com
*Counsel for Plaintiff*

Whitney M. Pellegrino
Aria S. Vaughan
Michelle L. Tucker
Amanda K. Dallo
United States Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave., NW
4CON, 10th Floor
Washington, DC 20530
Aria.Vaughan@usdoj.gov
*United States Department of Justice*

Lisa G. Johnson
Fred B. Westfall, Jr.
Jennifer M. Mankins
300 Virginia Street East, Room 4000
Charleston, WV 25301
Fred.Westfall@usdoj.gov
*United States Attorney's Office*

Roberta F. Green
Shuman McCuskey & Slicer PLLC
P.O. Box 3953
Charleston, WV 25339-3953
rgreen@shumanlaw.com
*Counsel for Defendant, West Virginia
Secondary School Activities Commission*

PATRICK MORRISEY
ATTORNEY GENERAL

*/s/ Curtis R. A. Capehart*
Douglas P. Buffington, II (WV Bar # 8157)
    *Chief Deputy Attorney General*
Curtis R. A. Capehart (WV Bar # 9876)
    *Deputy Attorney General*
David C. Tryon (visiting attorney admitted pro hac vice)\*
    *Special Assistant to the Attorney General*
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Email:  Curtis.R.A.Capehart@wvago.gov
Telephone:  (304) 558-2021
Facsimile:  (304) 558-0140

*Admitted in Ohio. Practicing under the supervision of West Virginia attorneys.

*Counsel for Defendant, STATE OF WEST VIRGINIA*