# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

*Plaintiff*,

v.                                                    Civil Action No. 2:21-cv-00316
                                                      Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,

*Defendants,*

and

LAINEY ARMISTEAD,

*Defendant-Intervenor*.

## DEFENDANT SUPERINTENDENT DORA STUTLER'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Superintendent Dora Stutler ("Superintendent Stutler") hereby responds and objects to "Plaintiff's Second Set of Requests for Admission to Defendant Harrison County Superintendent Dora Stutler" as follows:

**GENERAL OBJECTION**:  Superintendent Stutler objects to the definitions of "County Board" and "County Superintendent" as set forth in Plaintiff's requests for admission.

14095490.1

Those definitions are overly broad and outside the permissible scope of discovery under the Federal Rules of Civil Procedure as the definitions improperly broaden the identity of parties in this case. For instance, the definitions of the "County Board" and the "County Superintendent" also include their "officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives and agents." Superintendent Stutler objects to providing responses pursuant to the broadened definitions of "County Board" and "County Superintendent." Superintendent Stutler further objects to the Definitions and Instructions set forth in Plaintiff's requests to the extent they are inconsistent with the Federal Rules of Civil Procedure or applicable law.

**REQUEST NO. 5:** Admit that Plaintiff B.P.J. has been diagnosed with gender dysphoria.

**RESPONSE**: Superintendent Stutler admits that medical records produced in this case state that Plaintiff B.P.J. has been diagnosed with gender dysphoria.

**REQUEST NO. 6:** Admit that in 2021 Plaintiff B.P.J. was a member of Bridgeport Middle School's girls' cross-country team.

**RESPONSE**: Admitted.

**REQUEST NO. 7:** Admit that Plaintiff B.P.J. placed 51 out of 66 competitors in the girls' middle school cross country Mountain Hollar MS Invitational meet in 2021.

**RESPONSE**: Upon information and belief, and based on information provided on RunWV.com regarding the results of the race, Superintendent Stutler admits this request.

**REQUEST NO. 8:**    Admit that Plaintiff B.P.J. placed 123 out of 150 competitors in the girls' middle school cross country Doddridge Invitational meet in 2021.

**RESPONSE**:        Upon information and belief, and based on information provided on RunWV.com regarding the results of the race, Superintendent Stutler admits this request.

**REQUEST NO. 9:**    Admit that you have not received any complaints associated with Plaintiff B.P.J.'s membership on Bridgeport Middle School's girls' cross country team.

**RESPONSE**:        Admitted.

**REQUEST NO. 10:**    Admit that no middle school girl was harmed as a result of B.P.J.'s participation on Bridgeport Middle School's girls' cross country team in 2021.

**RESPONSE**:        **OBJECTION**.    Superintendent Stutler objects to this request because it is vague.  Superintendent Stutler does not know what Plaintiff means by the term "harmed."  Subject to and without waiving the objection, Superintendent Stutler admits that no student was cut from the Bridgeport Middle School's girls' cross country team in 2021. Superintendent Stutler otherwise denies this request because it is unclear what Plaintiff is asking.

**REQUEST NO. 11:**    Admit that no middle school girl was injured as a result of Plaintiff B.P.J.'s participation on Bridgeport Middle School's girls' cross country team in 2021.

**RESPONSE**:        **OBJECTION**.    Superintendent Stutler objects to this request because it is vague.  Superintendent Stutler does not know what Plaintiff means by the term "injured."  Subject to and without waiving the objection, Superintendent Stutler admits that no student was cut from the Bridgeport Middle School's girls' cross country team in 2021. Superintendent Stutler otherwise denies this request because it is unclear what Plaintiff is asking.

**REQUEST NO. 12:** Admit that no Bridgeport Middle School girl student was prohibited from joining Bridgeport Middle School's girls' cross-country team in 2021.

> **RESPONSE**:        Admitted.

**REQUEST NO. 13:** Admit that Bridgeport Middle School's girls' cross-country team did not turn anyone away from participating due to lack of space on the roster in 2021.

> **RESPONSE**:        Admitted.

**REQUEST NO. 14:** Admit that Plaintiff B.P.J. does not have an unfair athletic advantage over other girls participating on the Bridgeport Middle School girls' cross-country team.

> **RESPONSE**:        Even with a reasonable inquiry, Superintendent Stutler cannot admit or deny this request because the information she knows or can readily obtain is insufficient to enable Superintendent Stutler to admit or deny the request.

**REQUEST NO. 15:** Admit that Plaintiff B.P.J. does not have an unfair athletic advantage over girls competing against the Bridgeport Middle School girls' cross-country team.

> **RESPONSE**:        Even with a reasonable inquiry, Superintendent Stutler cannot admit or deny this request because the information she knows or can readily obtain is insufficient to enable Superintendent Stutler to admit or deny the request.

**REQUEST NO. 16:** Admit that cross country is a sport that requires "competitive skill" as that phrase is used in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(2)).

> **RESPONSE**:        **OBJECTION**. Superintendent Stutler objects to the extent this request is seeking a legal conclusion. Subject to and without waiving the objection, Superintendent Stutler cannot admit or deny this request because "competitive skill" is not defined in H.B. 3293.

**REQUEST NO. 17:**  Admit that cross country is a sport that requires "competitive skill" as that phrase is used in 34 C.F.R.§106.41(b).

**RESPONSE**:        **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.   Subject to and without waiving the objection, Superintendent Stutler cannot admit or deny this request because "competitive skill" is not defined in 34 C.F.R.§106.41(b).

**REQUEST NO. 18:**  Admit that cross country is not a "contact sport" as that phrase is used in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(2)).

**RESPONSE**:        **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.   Subject to and without waiving the objection, Superintendent Stutler cannot admit or deny this request because "contact sport" is not defined in H.B. 3293.

**REQUEST NO. 19:**  Admit that cross country is not a "contact sport" as that phrase is used in 34 C.F.R.§106.41(b).

**RESPONSE**:        **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.   Subject to and without waiving the objection, Superintendent Stutler admits that "cross country" is not specifically identified as a "contact sport" in 34 C.F.R.§106.41(b).

**REQUEST NO. 20:**  Admit that, but for the injunction issued in this case (Dkt. 67), Plaintiff B.P.J. would not have been permitted to be a member of Bridgeport Middle

School's girls' cross-country team in 2021 because of H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(2)).

              **RESPONSE**:              **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.  Subject to and without waiving the objection, Superintendent Stutler states as follows:  Because, as it is currently drafted, H.B. Bill 3293 (codified at West Virginia Code § 18- 2-25d) applies to public secondary schools and states that "[a]thletic teams or sports designated for females, women, or girls shall not be open to students of the male sex where selection for such teams is based upon competitive skill or the activity involved is a contact sport[,]" because of the definitions set forth in H.B. 3293, and absent the injunction issued in this case, Superintendent Stutler admits this request.

              **REQUEST NO. 21:**  Admit that, but for the injunction issued in this case (Dkt. 67), Plaintiff B.P.J. would not be permitted to be a member of any girls' athletic team offered at Bridgeport Middle School because of H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(2)).

              **RESPONSE**:              **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.  Subject to and without waiving the objection, Superintendent Stutler states as follows:  Because, as it is currently drafted, H.B. Bill 3293 (codified at West Virginia Code § 18- 2-25d) applies to public secondary schools and states that "[a]thletic teams or sports designated for females, women, or girls shall not be open to students of the male sex where selection for such teams is based upon competitive skill or the activity involved is a contact sport[,]" because of the definitions set forth in H.B. 3293, and absent the injunction issued in this case, Superintendent Stutler admits this request.

**REQUEST NO. 22:** Admit that H.B. 3293 prohibits Plaintiff B.P.J. from participating on girls' athletic teams at all public secondary schools located in West Virginia.

**RESPONSE**: **OBJECTION**. Superintendent Stutler objects to the extent this request is seeking a legal conclusion. Subject to and without waiving the objection, Superintendent Stutler states as follows: Because, as it is currently drafted, H.B. Bill 3293 (codified at West Virginia Code § 18- 2-25d) applies to public secondary schools and states that "[a]thletic teams or sports designated for females, women, or girls shall not be open to students of the male sex where selection for such teams is based upon competitive skill or the activity involved is a contact sport[,]" because of the definitions set forth in H.B. 3293, and absent the injunction issued in this case, Superintendent Stutler admits this request.

**REQUEST NO. 23:** Admit that the State Board of Education and the State Superintendent must comply with H.B. 3293 unless enjoined from doing so by a court.

**RESPONSE**: **OBJECTION**. Superintendent Stutler objects to the extent this request is seeking a legal conclusion. Subject to and without waiving the objection, Superintendent Stutler is not in a position to admit or deny this request because it concerns the State Board of Education and State Superintendent's obligations under H.B. 3293.

**REQUEST NO. 24:** Admit that H.B. 3293 prohibits the State Board of Education and the State Superintendent from adopting or enforcing a policy that would allow B.P.J. to participate on girls' athletic teams at Bridgeport Middle School.

**RESPONSE**: **OBJECTION**. Superintendent Stutler objects to the extent this request is seeking a legal conclusion. Subject to and without waiving the objection, Superintendent Stutler is not in a position to admit or deny this request because it concerns the State Board of Education and State Superintendent's obligations under H.B. 3293.

**REQUEST NO. 25:**  Admit that the Harrison County Board of Education and the Harrison County School Superintendent must comply with H.B. 3293 unless enjoined from doing so by a court.

**RESPONSE**:          **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.  Subject to and without waiving the objection, Superintendent Stutler states as follows:  Because H.B. 3293 is a West Virginia State law that applies to County Boards of Education, including the Harrison County Board of Education ("County Board") and its County Superintendent, because H.B. 3293 provides for private causes of action, and thus imposes liability against County Boards of Education, like the County Board, and while the County Board and its County Superintendent did not devise and have not adopted H.B. Bill 3293 as their own policy, Superintendent Stutler admits this request because, absent an injunction by a court, the County Board and the County Superintendent would be compelled and required to enforce H.B. Bill 3293 because it is a mandatory State law that affords the County Board and the County Superintendent no discretion.

**REQUEST NO. 26:**  Admit that H.B. 3293 prohibits the Harrison County Board of Education and the Harrison County Superintendent from adopting or enforcing a policy that would allow B.P.J. to participate on girls' athletic teams at Bridgeport Middle School.

**RESPONSE**:          **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.  Subject to and without waiving the objection, Superintendent Stutler states as follows:  Because H.B. 3293 is a West Virginia State law that applies to County Boards of Education, including the County Board and its County Superintendent, because H.B. 3293 provides for private causes of action, and thus imposes liability against County Boards of Education, like the County Board, and while the County Board and its County

Superintendent did not devise and have not adopted H.B. Bill 3293 as their own policy, Superintendent Stutler admits this request because, absent an injunction by a court, the County Board and the County Superintendent would be compelled and required to enforce H.B. Bill 3293 because it is a mandatory State law that affords the County Board and the County Superintendent no discretion.

**REQUEST NO. 27:**  Admit that the West Virginia Secondary School Athletic Commission must comply with H.B. 3293 unless enjoined from doing so by a court.

**RESPONSE**:          **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.   Subject to and without waiving the objection, Superintendent Stutler is not in a position to admit or deny this request because it concerns the West Virginia Secondary School Athletic Commission's obligations under H.B. 3293.

**REQUEST NO. 28:**  Admit that H.B. 3293 prohibits the West Virginia Secondary School Athletic Commission from adopting or enforcing a policy that would allow B.P.J. to participate on girls' athletic teams at Bridgeport Middle School

**RESPONSE**:          **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.   Subject to and without waiving the objection, Superintendent Stutler is not in a position to admit or deny this request because it concerns the West Virginia Secondary School Athletic Commission's obligations under H.B. 3293.

**REQUEST NO. 29:**  Admit that there are no athletic teams designated as "coed or mixed," as that phrase is used in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(1)(C)), offered at Bridgeport Middle School.

**RESPONSE**:          Denied.

**REQUEST NO. 30:**  Admit that there are no athletic teams designated as "coed or mixed," as that phrase is used in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(1)(C)), that compete interscholastically offered at any public secondary school located in West Virginia.

**RESPONSE**:          Denied.

**REQUEST NO. 31:**  Admit that there are no cross-country teams designated as "coed or mixed," as that phrase is used in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(1)(C)), that compete interscholastically offered by any member school of the West Virginia Secondary School Activities Commission.

**RESPONSE**:          **OBJECTION**.  Superintendent Stutler objects to the scope of this request.  Subject to and without waiving the objection, Superintendent Stutler can only answer on behalf of schools in Harrison County, and admits that there are no "co-ed or mixed" cross country teams in Harrison County.

**REQUEST NO. 32:**  Admit that there are no athletic leagues designated as "coed or mixed," as that phrase is used in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(1)(C)), that comprise teams from more than one school supervised by the West Virginia Secondary School Activities Commission.

**RESPONSE**:          **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.  Subject to and without waiving the objection, and even with a reasonable inquiry, Superintendent Stutler cannot admit or deny this request because the information she knows or can readily obtain is insufficient to enable Superintendent Stutler to admit or deny the request.

**REQUEST NO. 33:**  Admit that there are no athletic teams designated as "coed or mixed," as that phrase is used in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(1)(C))," that compete interscholastically offered by any public secondary school under the supervision of the West Virginia State Board of Education.

**RESPONSE**:   **OBJECTION**.   Superintendent Stutler objects to this request because it is vague.  Subject to and without waiving the objection, Superintendent Stutler denies the request because there are "co-ed" teams in Harrison County, but Superintendent Stutler cannot admit or deny the rest of the request based on how it is phrased.

**REQUEST NO. 34:**  Admit that H.B. 3293 does not prohibit a cisgender girl student at Bridgeport Middle School from joining a girls' athletic team offered at Bridgeport Middle School.

**RESPONSE**:   **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.  Subject to and without waiving the objection, and based on the language used in H.B. 3293, Superintendent Stutler admits this request.

**REQUEST NO. 35:**  Admit that H.B. 3293 does not prohibit a cisgender girl student at any public secondary school in West Virginia from joining a girls' athletic team offered by her public secondary school.

**RESPONSE**:   **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.  Subject to and without waiving the objection, and based on the language used in H.B. 3293, Superintendent Stutler admits this request.

**REQUEST NO. 36:**  Admit that H.B. 3293 prohibits a Bridgeport Middle School transgender girl student from joining a girls' athletic team offered at Bridgeport Middle School.

**RESPONSE**:          **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.   Subject to and without waiving the objection, Superintendent Stutler states as follows:  Because, as it is currently drafted, H.B. Bill 3293 (codified at West Virginia Code § 18- 2-25d) applies to public secondary schools and states that "[a]thletic teams or sports designated for females, women, or girls shall not be open to students of the male sex where selection for such teams is based upon competitive skill or the activity involved is a contact sport[,]" because of the definitions set forth in H.B. 3293, and absent the injunction issued in this case, Superintendent Stutler admits this request.

**REQUEST NO. 37:**  Admit that H.B. 3293 prohibits any second (sic) school transgender girl student located in West Virginia from joining a girls' athletic team offered by her public secondary school.

**RESPONSE**:          **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.   Subject to and without waiving the objection, Superintendent Stutler states as follows:  Because, as it is currently drafted, H.B. Bill 3293 (codified at West Virginia Code § 18- 2-25d) applies to public secondary schools and states that "[a]thletic teams or sports designated for females, women, or girls shall not be open to students of the male sex where selection for such teams is based upon competitive skill or the activity involved is a contact sport[,]" because of the definitions set forth in H.B. 3293, and absent the injunction issued in this case, Superintendent Stutler admits this request.

**REQUEST NO. 38:**  Admit that prior to the enactment of H.B. 3293, cisgender boy students at Bridgeport Middle School were prohibited from joining girls' athletic teams offered at Bridgeport Middle School.

**RESPONSE**:          **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.  Subject to and without waiving the objection, Superintendent Stutler admits that there is a West Virginia Secondary School Activities Commission rule that may apply to this situation.

**REQUEST NO. 39:**  Admit that prior to the enactment of H.B. 3293, a cisgender boy student at any public secondary school in West Virginia was prohibited from joining girls' athletic teams offered at his public secondary school.

**RESPONSE**:          **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.  Subject to and without waiving the objection, Superintendent Stutler admits that there is a West Virginia Secondary School Activities Commission rule that may apply to this situation.

**REQUEST NO. 40:**  Admit that prior to the enactment of H.B. 3293, you are not aware of any transgender student athlete participating on an athletic team offered by Bridgeport Middle School.

**RESPONSE**:          Admitted.

**REQUEST NO. 41:**  Admit that prior to the enactment of H.B. 3293, you are not aware of any transgender student athlete participating on an athletic team offered by a public secondary school in West Virginia.

**RESPONSE**:          Admitted.

**REQUEST NO. 42:**  Admit that other than Plaintiff B.P.J., you are not aware of a transgender student athlete participating on an athletic team offered by Bridgeport Middle School.

**RESPONSE**:        Admitted.

**REQUEST NO. 43:**  Admit that other than Plaintiff B.P.J., you are not aware of a transgender student athlete participating on an athletic team offered by a public secondary school in West Virginia.

**RESPONSE**:        Admitted.

**REQUEST NO. 44:**  Admit that students derive social benefits from participation on athletic teams offered by public secondary schools in West Virginia.

**RESPONSE**:        Admitted.

**REQUEST NO. 45:**  Admit that students derive psychological benefits from participation on athletic teams offered by public secondary schools in West Virginia.

**RESPONSE**:        Admitted.

**REQUEST NO. 46:**  Admit that interscholastic athletic competition benefits middle school students.

**RESPONSE**:        Admitted.

**REQUEST NO. 47:**  Admit that middle school students who participate in interscholastic athletics receive benefits regardless whether they win or lose.

**RESPONSE**:        Admitted.

**REQUEST NO. 48:**  Admit that when enforcing West Virginia State law you act on behalf of the State of West Virginia.

**RESPONSE**:           **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.   Subject to and without waiving the objection, Superintendent Stutler admits this request.

**REQUEST NO. 49:**  Admit that when enforcing West Virginia State law you are a State Actor for purposes of 42 U.S.C. § 1983.

**RESPONSE**:           **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.   Subject to and without waiving the objection, Superintendent Stutler admits this request.

**REQUEST NO. 50:**  Admit that you are required to enforce H.B. 3293 assuming the Court has not enjoined you from doing so.

**RESPONSE**:           **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.   Subject to and without waiving the objection, Superintendent Stutler states as follows:  Because H.B. 3293 is a West Virginia State law that applies to County Boards of Education, including the County Board and its County Superintendent, because H.B. 3293 provides for private causes of action, and thus imposes liability against County Boards of Education, like the County Board, and while the County Board and its County Superintendent did not devise and have not adopted H.B. Bill 3293 as their own policy, Superintendent Stutler admits this request because, absent an injunction by a court, the County Board and the County Superintendent would be compelled and required to enforce H.B. Bill 3293 because it is a mandatory State law that affords the County Board and the County Superintendent no discretion.

**REQUEST NO. 51:**  Admit that you are required to ensure that the Harrison County Board of Education enforces H.B. 3293 assuming the Court has not enjoined it from doing so.

**RESPONSE**:          **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.  Subject to and without waiving the objection, Superintendent Stutler states as follows:  Because H.B. 3293 is a West Virginia State law that applies to County Boards of Education, including the County Board and its County Superintendent, because H.B. 3293 provides for private causes of action, and thus imposes liability against County Boards of Education, like the County Board, and while the County Board and its County Superintendent did not devise and have not adopted H.B. Bill 3293 as their own policy, Superintendent Stutler admits this request because, absent an injunction by a court, the County Board and the County Superintendent would be compelled and required to enforce H.B. Bill 3293 because it is a mandatory State law that affords the County Board and the County Superintendent no discretion.

**REQUEST NO. 52:**  Admit that you are required to ensure that Bridgeport Middle School enforces H.B. 3293 assuming the Court has not enjoined it from doing so.

**RESPONSE**:          **OBJECTION**.  Superintendent Stutler objects to the extent this request is seeking a legal conclusion.  Subject to and without waiving the objection, Superintendent Stutler states as follows:  Because H.B. 3293 is a West Virginia State law that applies to County Boards of Education, including the County Board and its County Superintendent, because H.B. 3293 provides for private causes of action, and thus imposes liability against County Boards of Education, like the County Board, and while the County Board and its County Superintendent did not devise and have not adopted H.B. Bill 3293 as their own policy,

Superintendent Stutler admits this request because, absent an injunction by a court, the County Board and the County Superintendent would be compelled and required to enforce H.B. Bill 3293 because it is a mandatory State law that affords the County Board and the County Superintendent no discretion.

Dated this the 10th day of March, 2022.


STEPTOE & JOHNSON PLLC
OF COUNSEL

/s/ Susan L. Deniker
Susan L. Deniker          (WV ID #7992)
Jeffrey M. Cropp          (WV ID #8030)
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000

*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

　　　　　　　　　　　　　　*Plaintiff*,

v.　　　　　　　　　　　　　　　　　　Civil Action No. 2:21-cv-00316
　　　　　　　　　　　　　　　　　　Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,

　　　　　　　　　　　　　　*Defendants*,

and

LAINEY ARMISTEAD,

　　　　　　　　　　　　　　*Defendant-Intervenor*.

## CERTIFICATE OF SERVICE

　　　　I hereby certify that on the 10th day of March, 2022, I electronically filed the foregoing Certificate of Service of "Defendant Harrison County Superintendent Dora Stutler's Responses and Objections to Plaintiff's Second Set of Requests for Admission" with the Clerk of the Court using the CM/ECF system, and a true and exact copy of such filing was sent by email to the following counsel of record:

14095490.1

**Joshua A. Block, Esquire**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street 18th Floor
New York, NY 10004
*Counsel for Plaintiff*

**Loree Beth Stark, Esquire**
**Nicholas P. Ward, Esquire**
AMERICAN CIVIL LIBERTIES UNION
OF WEST VIRGINIA
1614 Kanawha Boulevard East
Charleston, WV 25311
*Counsel for Plaintiff*

**Avatara A. Smith-Carrington, Esquire**
LAMBDA LEGAL
3500 Oak Lawn Avenue Suite 500
Dallas, TX 75219
*Counsel for Plaintiff*

**Carl Solomon Charles, Esquire**
**Tara L. Borelli, Esquire**
LAMBDA LEGAL
158 West Ponce De Leon Avenue, Suite 105
Decatur, GA 30030
*Counsel for Plaintiff*

**Sruti J. Swaminathan, Esquire**
LAMBDA LEGAL
120 Wall Street 19th Floor
New York, NY 10005
*Counsel for Plaintiff*

**Kathleen R. Hartnett, Esquire**
**Julie Veroff, Esquire**
**Zoë Helstrom, Esquire**
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
*Counsel for Plaintiff*

**Katelyn Kang, Esquire**
**Valeria M. Pelet del Toro, Esquire**
COOLEY LLP
55 Hudson Yards
New York, NY 10001
*Counsel for Plaintiff*

**Elizabeth Reinhardt, Esquire**
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
*Counsel for Plaintiff*

**Andrew D. Barr, Esquire**
COOLEY LLP
1144 15th Street Suite 2300
Denver, CO 80202
*Counsel for Plaintiff*

**Roberta F. Green, Esquire**
**Kimberly M. Bandy, Esquire**
**Shannon M. Rogers, Esquire**
SHUMAN McCUSKEY & SLICER
PO Box 3953
Charleston, WV 25339-3953
*Counsel for Defendant WV Secondary*
*School Activities Commission*

**Kelly C. Morgan, Esquire**
**Kristen Vickers Hammond, Esquire**
**Michael W. Taylor, Esquire**
BAILEY & WYANT
PO Box 3710
Charleston, WV 25337-3710
*Counsel for Defendants WV State Board of Education and W. Clayton Burch*

**Douglas P. Buffington, II, Esquire**
**Curtis R. Capehart, Esquire**
**David C. Tryon, Esquire**
WV ATTORNEY GENERAL'S OFFICE
State Capitol Complex
Building 1, Room 26E
1900 Kanawha Boulevard East
Charleston, WV 25305-0220
*Counsel for Defendant The State of West Virginia*

**Brandon Steele, Esquire**
**Joshua D. Brown, Esquire**
THE LAW OFFICES OF BRANDON S. STEELE
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
*Counsel for Defendant-Intervenor Lainey Armistead*

**Jonathan Scruggs, Esquire**
**Roger G. Brooks, Esquire**
**Henry W. Frampton, IV, Esquire**
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
*Counsel for Defendant-Intervenor Lainey Armistead*

**Christina Holcomb, Esquire**
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
*Counsel for Defendant-Intervenor Lainey Armistead*

**Rachel Csutoros, Esquire**
**Tyson Langhofer, Esquire**
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, VA 20176
*Counsel for Defendant-Intervenor Lainey Armistead*

**Travis Barham, Esquire**
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd NE
STE D-1100
Lawrenceville GA 30043
*Counsel for Defendant-Intervenor Lainey Armistead*

**Timothy D. Ducar, Esquire**
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ 85260
*Counsel for Defendant-Intervenor Lainey Armistead*

STEPTOE & JOHNSON PLLC
OF COUNSEL

/s/ Susan L. Deniker
Susan L. Deniker          (WV ID #7992)
Jeffrey M. Cropp          (WV ID #8030)
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000

*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

14095490.1