# Exhibit 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**B.P.J., by her next friend and mother, HEATHER
JACKSON,**

   **Plaintiff,**

**v.**

**WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD OF
EDUCATION, WEST VIRGINIA SECONDARY
SCHOOL ACTIVITIES COMMISSION, W.
CLAYTON BURCH in his official capacity as State
Superintendent, DORA STUTLER, in her official
capacity as Harrison County Superintendent, and
THE STATE OF WEST VIRGINIA,**

   **Defendants,**

**and**

**LAINEY ARMISTEAD,**

   **Defendant-Intervenor.**

**Civil Action No. 2:21-cv-00316
Honorable Joseph R. Goodwin**

**DEFENDANT WEST VIRGINIA STATE BOARD OF EDUCATION'S RESPONSES
TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION**

    **NOW COMES** Defendant West Virginia State Board of Education (hereinafter "WVBOE"),

by and through counsel, Kelly C. Morgan, Kristen V. Hammond, Michael W. Taylor, and the law

firm of Bailey & Wyant, P.L.L.C., and, pursuant to Rule 33 of the *Federal Rules of Civil Procedure*,

hereby responds and objects to "*Plaintiff's Second Set of Requests for Admissions to Defendant West

Virginia State Board of Education*" as follows:

    **GENERAL OBJECTIONS AND PRELIMINARY STATEMENT**

    A.    WVBOE objects to the definitions as stated in Plaintiff's Second Set of Requests for

Admission, including specifically the following definitions:

> "STATE BOARD means the West Virginia State Board of Education, as well as its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, and agents."

> "STATE SUPERINTENDENT means W. Clayton Burch in his official capacity as Superintendent of the STATE BOARD, as includes each of the officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, and agents that report to him in his official capacity. It also means any PERSON who assumes any of Mr. Burch's official positions or responsibilities in part, whether temporarily or permanently."

These definitions are overly broad and outside the permissible scope of discovery under the *Federal Rules of Civil Procedure* as these definitions improperly broaden the identity of parties in this case. These responses are made by WVBOE only.

B.      These responses are based upon information and documentation presently available to WVBOE and which it believes to be complete and accurate. Said responses are made without prejudice to WVBOE's right to rely upon subsequently discovered facts or evidence.

C.      No incidental or implied admission of fact by WVBOE is made as to the responses provided herein. The fact that WVBOE has responded to the discovery requests of Plaintiff, may not properly be taken as an admission that WVBOE accepts or admits the existence of any facts set forth or assumed by such response or that such response constitutes admissible evidence.

D.      Responses to Plaintiff's discovery requests may be supplemented by WVBOE upon further investigation and acquisition of information or documentation which it does not possess or have knowledge of at this time.  However, any such further supplementation shall be made only in accordance with *Federal Rules of Civil Procedure*.

E.      WVBOE objects to each and every request insofar as it seeks information which is protected by the attorney-client privilege, or which falls within the scope of the work-product doctrine.  WVBOE also objects to Plaintiff's discovery requests to the extent that the information

and/or documentation sought has or could have been obtained from other sources that were more convenient, less burdensome, or less expensive.

F.      WVBOE objects to any definitions and instructions set forth in Plaintiff's discovery requests to the extent that such definitions and instructions are inconsistent and confusing, and to the extent that they attempt to impose requirements which are more burdensome or in addition to those set forth in Rule 26 of the *Federal Rules of Civil Procedure*.

G.      WVBOE objects to Plaintiff's discovery requests to the extent that they seek to discover confidential information or documentation.  WVBOE will produce such information and/or documentation, if essential to the litigation, only upon the entry of an appropriate Protective Order and upon permission of any third parties with whom WVBOE may have obligations concerning confidential information.

H.      WVBOE objects to Plaintiff's discovery requests based on insufficient information, knowledge, or belief to admit or deny any assertions set forth in such requests.

I.      WVBOE states that the word usage and sentence structure may be that of the attorney assisting in the preparation of the following responses and, thus, does not necessarily purport to be the precise language of the executing party.

J.      WVBOE is answering and responding to these discovery requests in conformity with the requirements set forth in *Federal Rules of Civil Procedure* and not necessarily in compliance with the instructions and definitions set forth in "*Plaintiff's Second Set of Requests for Admission to Defendant West Virginia State Board of Education.*"

K.      WVBOE objects to the discovery requests to the extent that the information and/or documents sought are not in its possession.

## REQUESTS FOR ADMISSION

**REQUEST NO. 5:**

Admit that Plaintiff B.P.J. has been diagnosed with gender dysphoria.

**RESPONSE:  WVBOE has made a reasonable inquiry and admits that Plaintiff B.P.J. has produced documentation that attests Plaintiff B.P.J. has been diagnosed with gender dysphoria and that Plaintiff B.P.J.'s witnesses have testified to the same. However, WVBOE lacks sufficient independent knowledge to admit or deny the assertions set forth in this Request.**

**REQUEST NO. 6:**

Admit that in 2021 Plaintiff B.P.J. was a member of Bridgeport Middle School's girls' cross-country team.

**RESPONSE:  WVBOE has made a reasonable inquiry and admits that Plaintiff B.P.J. has produced documentation that attests Plaintiff B.P.J. was a member of Bridgeport Middle School's girls' cross-country team in 2021 and that Plaintiff B.P.J.'s witnesses have testified to the same. However, WVBOE lacks sufficient independent knowledge to admit or deny the assertions in this Request.**

**REQUEST NO. 7:**

Admit that Plaintiff B.P.J. placed 51 out of 66 competitors in the girls' middle school cross country Mountain Hollar MS Invitational meet in 2021.

**RESPONSE:  WVBOE has made a reasonable inquiry and lacks sufficient knowledge or information to admit or deny the assertions in this Request.**

**REQUEST NO. 8:**

Admit that Plaintiff B.P.J. placed 123 out of 150 competitors in the girls' middle school cross country Doddridge Invitational meet in 2021.

**RESPONSE:  WVBOE has made a reasonable inquiry and lacks sufficient knowledge or information to admit or deny the assertions in this Request.**


**REQUEST NO. 9:**

Admit that you have not received any complaints associated with Plaintiff B.P.J.'s membership on Bridgeport Middle School's girls' cross country team.

**RESPONSE:  WVBOE admits this Request.**


**REQUEST NO. 10:**

Admit that no middle school girl was harmed as a result of B.P.J.'s participation on Bridgeport Middle School's girls' cross country team in 2021.

**RESPONSE:  WVBOE has made a reasonable inquiry and lacks sufficient knowledge or information to admit or deny the assertions in this Request.**


**REQUEST NO. 11:**

Admit that no middle school girl was injured as a result of Plaintiff B.P.J.'s participation on Bridgeport Middle School's girls' cross country team in 2021.

**RESPONSE:  WVBOE has made a reasonable inquiry and lacks sufficient knowledge or**

**information to admit or deny the assertions in this Request.**

**REQUEST NO. 12:**

Admit that no Bridgeport Middle School girl student was prohibited from joining Bridgeport Middle School's girls' cross-country team in 2021.

**RESPONSE:  WVBOE has made a reasonable inquiry and admits that Plaintiff B.P.J. and Defendant Dora Stutler have testified that all Bridgeport Middle School girl students who tried out for Bridgeport Middle School's girls' cross-country team in 2021 made the team. However, WVBOE lacks sufficient independent knowledge to admit or deny the assertions in this Request.**

**REQUEST NO. 13:**

Admit that Bridgeport Middle School's girls' cross-country team did not turn anyone away from participating due to lack of space on the roster in 2021.

**RESPONSE: WVBOE has made a reasonable inquiry and admits that Plaintiff B.P.J. and Defendant Dora Stutler have testified that all Bridgeport Middle School girl students who tried out for Bridgeport Middle School's girls' cross-country team in 2021 made the team. However, WVBOE lacks sufficient independent knowledge to admit or deny the assertions in this Request.**

**REQUEST NO. 14:**

Admit that Plaintiff B.P.J. does not have an unfair athletic advantage over other girls participating on the Bridgeport Middle School girls' cross-country team.

6

**RESPONSE:  Objection.  The phrase "unfair athletic advantage" is vague, undefined, and subject to multiple interpretation.  Without waiving this objection, WVBOE has made a reasonable inquiry and lacks sufficient knowledge or information to admit or deny the assertions in this Request.**

**REQUEST NO. 15:**

Admit that Plaintiff B.P.J. does not have an unfair athletic advantage over girls competing against the Bridgeport Middle School girls' cross-country team.

**RESPONSE: Objection.  The phrase "unfair athletic advantage" is vague, undefined, and subject to multiple interpretation.  Without waiving this objection, WVBOE has made a reasonable inquiry and lacks sufficient knowledge or information to admit or deny the assertions in this Request.**

**REQUEST NO. 16:**

Admit that cross country is a sport that requires "competitive skill" as that phrase is used in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(2)).

**RESPONSE:  WVBOE denies as "competitive skill" is not defined in H.B. 3293 or *West Virginia Code* § 18-2-25d and said provision has not yet been defined by a Court having jurisdiction over WVBOE or through regulations.**

**REQUEST NO. 17:**

Admit that cross country is a sport that requires "competitive skill" as that phrase is used in 34 C.F.R.§ 106.41(b).

**RESPONSE:  WVBOE denies as "competitive skill" is not defined in 34 C.F.R. § 106.41(b) and said provision has not yet been defined by a Court having jurisdiction over WVBOE or through regulations.**

**REQUEST NO. 18:**

Admit that cross country is not a "contact sport" as that phrase is used in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(2)).

**RESPONSE: WVBOE denies as "contact sport" is not defined in H.B. 3293 or *West Virginia Code* § 18-2-25d and said provision has not yet been defined by a Court having jurisdiction over WVBOE or through regulations.**

**REQUEST NO. 19:**

Admit that cross country is not a "contact sport" as that phrase is used in 34 C.F.R.§ 106.41(b).

**RESPONSE: WVBOE denies as "contact sport" is not fully defined in 34 C.F.R. § 106.41(b) and WVBOE is not aware of any exhaustive definition by a Court having jurisdiction over it or through regulations.**

**REQUEST NO. 20:**

Admit that, but for the injunction issued in this case (Dkt. 67), Plaintiff B.P.J. would not have been permitted to be a member of Bridgeport Middle School's girls' cross-country team in 2021 because of H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(2)).

**RESPONSE: WVBOE admits that the plain language of H.B. 3293 (codified at *West Virginia***

8

*Code* § 18-2-25d(c)(2)) would not have been permitted Plaintiff B.P.J. to be a member of Bridgeport Middle School's girls' cross-country team after July 8, 2021 and that the injunction issued in this case permitted Plaintiff B.P.J. to be a member of the same.

**REQUEST NO. 21:**

Admit that, but for the injunction issued in this case (Dkt. 67), Plaintiff B.P.J. would not be permitted to be a member of any girls' athletic team offered at Bridgeport Middle School because of H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(2)).

**RESPONSE: WVBOE admits that the plain language of H.B. 3293 (codified at *West Virginia Code* § 18-2-25d(c)(2)) would not have been permitted Plaintiff B.P.J. to be a member of any girls' athletic team offered at Bridgeport Middle School after July 8, 2021 and that the injunction issued in this case would have permitted Plaintiff B.P.J. to be a member of the same.**

**REQUEST NO. 22:**

Admit that H.B. 3293 prohibits Plaintiff B.P.J. from participating on girls' athletic teams at all public secondary schools located in West Virginia.

**RESPONSE: WVBOE admits that the plain language of H.B. 3293 (codified at *West Virginia Code* § 18-2-25d) prohibits Plaintiff B.P.J. from participating on girls' athletic teams at all public secondary schools located in West Virginia.**

**REQUEST NO. 23:**

Admit that the State Board of Education and the State Superintendent must comply with

H.B. 3293 unless enjoined from doing so by a court.

**RESPONSE: WVBOE admits as all persons and entities must comply with the law, unless enjoined from doing so by a court.**


**REQUEST NO. 24:**

Admit that H.B. 3293 prohibits the State Board of Education and the State Superintendent from adopting or enforcing a policy that would allow B.P.J. to participate on girls' athletic teams at Bridgeport Middle School.

**RESPONSE: WVBOE admits that all persons and entities must comply with the law but denies the remaining request as it misstates the law. H.B. 3293 only requires WVBOE to promulgate rules to "implement" *West Virginia Code* § 18-2-25d, not to enforce it.**


**REQUEST NO. 25:**

Admit that the Harrison County Board of Education and the Harrison County School Superintendent must comply with H.B. 3293 unless enjoined from doing so by a court.

**RESPONSE: WVBOE admits that all persons and entities must comply with the law, unless enjoined from doing so by a court.**


**REQUEST NO. 26:**

Admit that H.B. 3293 prohibits the Harrison County Board of Education and the Harrison County Superintendent from adopting or enforcing a policy that would allow B.P.J. to participate on girls' athletic teams at Bridgeport Middle School.

**RESPONSE: WVBOE admits as all persons and entities must comply with the law, unless**

**enjoined from doing so by a court.**

**REQUEST NO. 27:**

Admit that the West Virginia Secondary School Athletic Commission must comply with

H.B. 3293 unless enjoined from doing so by a court.

**RESPONSE: WVBOE admits as all persons and entities must comply with the law, unless**

**enjoined from doing so by a court.**

**REQUEST NO. 28:**

Admit that H.B. 3293 prohibits the West Virginia Secondary School Athletic Commission

from adopting or enforcing a policy that would allow B.P.J. to participate on girls' athletic teams at

Bridgeport Middle School.

**RESPONSE: WVBOE admits as all persons and entities must comply with the law, unless**

**enjoined from doing so by a court.**

**REQUEST NO. 29:**

Admit that there are no athletic teams designated as "coed or mixed," as that phrase is used

in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(1)(C)), offered at Bridgeport Middle

School.

**RESPONSE: WVBOE has made a reasonable inquiry and lacks sufficient knowledge or**

**information to admit or deny the assertions in this Request.**

**REQUEST NO. 30:**

Admit that there are no athletic teams designated as "coed or mixed," as that phrase is used in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(1)(C)), that compete interscholastically offered at any public secondary school located in West Virginia.

**RESPONSE: WVBOE has made a reasonable inquiry and lacks sufficient knowledge or information to admit or deny the assertions in this Request.**

**REQUEST NO. 31:**

Admit that there are no cross-country teams designated as "coed or mixed," as that phrase is used in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(1)(C)), that compete interscholastically offered by any member school of the West Virginia Secondary School Activities Commission.

**RESPONSE: WVBOE has made a reasonable inquiry and lacks sufficient knowledge or information to admit or deny the assertions in this Request.**

**REQUEST NO. 32:**

Admit that there are no athletic leagues designated as "coed or mixed," as that phrase is used in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(1)(C)), that comprise teams from more than one school supervised by the West Virginia Secondary School Activities Commission.

**RESPONSE: WVBOE has made a reasonable inquiry and lacks sufficient knowledge or information to admit or deny the assertions in this Request.**

**REQUEST NO. 33:**

Admit that there are no athletic teams designated as "coed or mixed," as that phrase is used in H.B. 3293 (codified at Code of West Virginia §18-2-25d(c)(1)(C))," that compete interscholastically offered by any public secondary school under the supervision of the West Virginia State Board of Education.

**RESPONSE: WVBOE has made a reasonable inquiry and lacks sufficient knowledge or information to admit or deny the assertions in this Request.**

**REQUEST NO. 34:**

Admit that H.B. 3293 does not prohibit a cisgender girl student at Bridgeport Middle School from joining a girls' athletic team offered at Bridgeport Middle School.

**RESPONSE: WVBOE admits that the plain language of H.B. 3293 (codified at *West Virginia Code* § 18-2-25d) does not prohibit a cisgender girl student at Bridgeport Middle School from joining a girls' athletic team offered at Bridgeport Middle School.**

**REQUEST NO. 35:**

Admit that H.B. 3293 does not prohibit a cisgender girl student at any public secondary school in West Virginia from joining a girls' athletic team offered by her public secondary school.

**RESPONSE: WVBOE admits that the plain language of H.B. 3293 (codified at *West Virginia Code* § 18-2-25d) does not prohibit a cisgender girl student at any public secondary school in West Virginia from joining a girls' athletic team offered by her public secondary school.**

**REQUEST NO. 36:**

Admit that H.B. 3293 prohibits a Bridgeport Middle School transgender girl student from

joining a girls' athletic team offered at Bridgeport Middle School.

**RESPONSE: WVBOE admits that the plain language of H.B. 3293 (codified at *West Virginia Code* § 18-2-25d) prohibits a Bridgeport Middle School transgender girl student from joining a girls' athletic team offered at Bridgeport Middle School.**

**REQUEST NO. 37:**

Admit that H.B. 3293 prohibits any transgender girl secondary school student located in West Virginia from joining a girls' athletic team offered by her public secondary school.

**RESPONSE: WVBOE admits that the plain language of H.B. 3293 (codified at *West Virginia Code* § 18-2-25d) prohibits any transgender girl secondary school student located in West Virginia from joining a girls' athletic team offered by her public secondary school.**

**REQUEST NO. 38:**

Admit that prior to the enactment of H.B. 3293, cisgender boy students at Bridgeport Middle School were prohibited from joining girls' athletic teams offered at Bridgeport Middle School.

**RESPONSE: This Defendant admits to the extent that Section 3.8 of 127 C.S.R. 2 is applicable.**

**REQUEST NO. 39:**

Admit that prior to the enactment of H.B. 3293, a cisgender boy student at any public secondary school in West Virginia was prohibited from joining girls' athletic teams offered at his public secondary school.

**RESPONSE: This Defendant admits to the extent that Section 3.8 of 127 C.S.R. 2 is applicable.**

14

**REQUEST NO. 40:**

Admit that prior to the enactment of H.B. 3293, you are not aware of any transgender student athlete participating on an athletic team offered by Bridgeport Middle School.

**RESPONSE: WVBOE admits this Request.**

**REQUEST NO. 41:**

Admit that prior to the enactment of H.B. 3293, you are not aware of any transgender student athlete participating on an athletic team offered by a public secondary school in West Virginia.

**RESPONSE: WVBOE admits this Request.**

**REQUEST NO. 42:**

Admit that other than Plaintiff B.P.J., you are not aware of a transgender student athlete participating on an athletic team offered by Bridgeport Middle School.

**RESPONSE: WVBOE admits this Request.**

**REQUEST NO. 43:**

Admit that other than Plaintiff B.P.J., you are not aware of a transgender student athlete participating on an athletic team offered by a public secondary school in West Virginia.

**RESPONSE: WVBOE admits this Request.**

**REQUEST NO. 44:**

Admit that students derive social benefits from participation on athletic teams offered by public secondary schools in West Virginia.

**RESPONSE:  Objection.  The phrase "derive social benefits" is vague, undefined, and subject to multiple interpretations. Without waiving this objection, WVBOE admits that there are certain benefits to students from participation on athletic teams offered by public secondary schools in West Virginia.**

**REQUEST NO. 45:**

Admit that students derive psychological benefits from participation on athletic teams offered by public secondary schools in West Virginia.

**RESPONSE: Objection.  The phrase "derive psychological benefits" is vague, undefined, and subject to multiple interpretations. Without waiving this objection, WVBOE admits that there are certain benefits to students from participation on athletic teams offered by public secondary schools in West Virginia.**

**REQUEST NO. 46:**

Admit that interscholastic athletic competition benefits middle school students.

**RESPONSE: Objection.  The phrase "benefits" is vague, undefined, and subject to multiple interpretations. Without waiving this objection, WVBOE admits that there are certain benefits to middle school students who participate in interscholastic sports.**

**REQUEST NO. 47:**

Admit that middle school students who participate in interscholastic athletics receive benefits regardless whether they win or lose.

**RESPONSE: Objection.  The phrase "benefits" is vague, undefined, and subject to multiple**

16

**interpretations. Without waiving this objection, WVBOE admits that there are certain benefits to middle school students who participate in interscholastic sports.**

**REQUEST NO. 48:**

Admit that Plaintiff B.P.J.'s gender is identified as "male" in the West Virginia Education Information System ("WVEIS").

**RESPONSE: WVBOE admits this Request.**

**REQUEST NO. 49:**

Admit that you have the ability to change Plaintiff B.P.J.'s gender in WVEIS to "female."

**RESPONSE: WVBOE denies this Request as it does not have this ability.**

**REQUEST NO. 50:**

Admit that you are required to supervise public secondary schools in West Virginia.

**RESPONSE: WVBOE admits that it has general supervision and oversight over the free schools of the state of West Virginia, not including private schools.**

**REQUEST NO. 51:**

Admit that you have control over the county boards of education in West Virginia.

**RESPONSE: WVBOE admits that it can only exercise such "control" as it possesses by West Virginia Constitution or statute. WVBOE denies this request to the extent that W.Va. Code §18-2-25 speaks for itself.**

**REQUEST NO. 52:**

Admit that you have control over Defendant Harrison County Board of Education.

**RESPONSE: OBJECTION.  WVBOE admits that it can only exercise such "control" as it possesses by West Virginia Constitution or statute.  WVBOE denies this request to the extent that W.Va. Code §18-2-25 speaks for itself.**

**REQUEST NO. 53:**

Admit that you have control over Defendant West Virginia Secondary School Activities Commission.

**RESPONSE: OBJECTION.  WVBOE admits that it can only exercise such "control" as it possesses by West Virginia Constitution or statute.  WVBOE denies this request to the extent that W.Va. Code §18-2-25 speaks for itself.**

**REQUEST NO. 54:**

Admit that you have delegated control over public secondary school athletics to the county boards of education.

**RESPONSE: WVBOE admits that it can only exercise such "control" as it possesses by West Virginia Constitution or statute. WVBOE denies this request to the extent that W.Va. Code §18-2-25 speaks for itself.**

**REQUEST NO. 55:**

Admit that you have delegated control over public secondary school athletics to Defendant West Virginia Secondary School Activities Commission.

**RESPONSE: WVBOE admits that it can only exercise such "control" as it possesses by West Virginia Constitution or statute. WVBOE denies this request to the extent that W.Va. Code §18-2-25 speaks for itself.**

**REQUEST NO. 56:**

Admit that you have delegated control over Bridgeport Middle School's athletics to the Harrison County Board of Education.

**RESPONSE: WVBOE denies this request to the extent that W.Va. Code §18-2-25 speaks for itself.**

**REQUEST NO. 57:**

Admit that you have delegated control over Bridgeport Middle School's athletics to Defendant West Virginia Secondary School Activities Commission.

**RESPONSE: WVBOE denies this request to the extent that W.Va. Code §18-2-25 speaks for itself.**

**REQUEST NO. 58:**

Admit that you must approve all rules issued by the West Virginia Secondary School Activities Commission.

**RESPONSE: WVBOE admits this Request.**

**REQUEST NO. 59:**

Admit that you receive federal financial assistance.

**RESPONSE: WVBOE admits this Request.**

**REQUEST NO. 60:**

Admit that you are required to promulgate rules implementing H.B. 3293 unless enjoined from doing so by a court.

**RESPONSE: WVBOE admits this Request as it must comply with the law.**

**REQUEST NO. 61:**

Admit that any rules you promulgate pursuant to H.B. 3293 cannot conflict with the plain language of H.B. 3293.

**RESPONSE: WVBOE admits this Request as it must comply with the law.**

**REQUEST NO. 62:**

Admit that under any rules you promulgate pursuant to H.B. 3293, students defined as "male" under H.B. 3293 would not be allowed to participate on girls' athletic teams offered by public secondary schools in West Virginia.

**RESPONSE: WVBOE admits this Request as it must comply with the law.**

**REQUEST NO. 63:**

Admit that under and rules you promulgate pursuant to H.B. 3293 Plaintiff B.P.J. would not be allowed to participate on girls' athletic teams offered by public secondary schools in West Virginia.

**RESPONSE: WVBOE admits this Request as all persons and entities must comply with the**

**law.**

**REQUEST NO. 64:**

Admit that the West Virginia Secondary School Activities Commission must comply with any rule you promulgate pursuant to H.B. 3293 unless enjoined from doing so by a court.

**RESPONSE: WVBOE admits this Request as all persons and entities must comply with the law, unless enjoined from doing so by a court.**

**REQUEST NO. 65:**

Admit that the Harrison County Board of Education and Harrison County School Superintendent must comply with any rule you promulgate pursuant to H.B. 3293 unless enjoined from doing so by a court.

**RESPONSE: WVBOE admits this Request as all persons and entities must comply with the law, unless enjoined from doing so by a court.**

**REQUEST NO. 66:**

Admit that you selected Heather Hutchens to be the person responsible for promulgating rules implementing H.B. 3293.

**RESPONSE: This Defendant denies this request as stated; however, this Defendant admits that Heather Hutchens and/or other counsel on behalf of the West Virginia Department of Education are generally tasked with drafting rules.**

**REQUEST NO. 67:**

21

Admit that you must comply with Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*.

**RESPONSE: WVBOE admits this Request as it must comply with the law.**

**REQUEST NO. 68:**

Admit that you are required to enforce H.B. 3293 assuming the Court has not enjoined you from doing so.

**RESPONSE:  WVBOE denies this Request as *West Virginia Code* § 18-2-25d only requires it to promulgate rules, including emergency rules, pursuant to *West Virginia Code* § 29A-3B-1 et. seq., to implement the provisions of this section.**

**WEST VIRGINIA STATE BOARD OF EDUCATION,**

**By Counsel,**

**/s/ Kelly C. Morgan**
**Kelly C. Morgan (WV Bar #9519)**
**Kristen V. Hammond (WV Bar #9727)**
**Michael W. Taylor (WV Bar #11715)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**khammond@baileywyant.com**
**mtaylor@baileywyant.com**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

**B.P.J., by her next friend and mother, HEATHER JACKSON,**

    **Plaintiff,**

**v.**

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

    **Defendants,**

**and**

**LAINEY ARMISTEAD,**

    **Defendant-Intervenor.**

**Civil Action No. 2:21-cv-00316**
**Honorable Joseph R. Goodwin**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of foregoing "**Defendant West Virginia State Board of Education's Responses to Plaintiff's Second Set of Requests for Admission**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system and via electronic mail on this day, Thursday, March 10, 2022:

Loree Beth Stark
Nicholas Ward
American Civil Liberties Union of West Virginia Foundation
P.O. Box 3952
Charleston, WV 25339-3952
lstark@acluwv.org
nward@acluwv.org
*Counsel for Plaintiff*

Avatara Smith-Carrington

Lambda Legal
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org
*Counsel for Plaintiff*

Carl Charles
Lambda Legal
730 Peachtree Street NE, Suite 640
Atlanta, GA 30308-1210
ccharles@lambdalegal.org
*Counsel for Plaintiff*

Sruti Swaminathan
Lambda Legal
120 Wall Street, 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org
*Counsel for Plaintiff*

Joshua A. Block
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
jblock@aclu.org
*Counsel for Plaintiff*

Kathleen Hartnett
Julie Veroff
Cooley LLP
101 California Street 5th Floor
San Francisco, CA 94111-5800
khartnett@cooley.com
jveroff@cooley.com
*Counsel for Plaintiff*

Elizabeth Reinhardt
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
ereinhardt@cooley.com
*Counsel for Plaintiff*

Andrew D. Barr

Cooley LLP
1144 15th St., Suite 2300
Denver, CO 80202-5686
abarr@cooley.com
*Counsel for Plaintiff*

Katelyn Kang
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
kkang@cooley.com
*Counsel for Plaintiff*

Meredith Taylor Brown
American Civil Liberties Unition
125 Broad Street, 18th Floor
New York, NY 10004
tbrown@aclu.og
*Counsel for Plaintiff*

Tara L. Borelli
Lamda Legal Defense and Education Fund
1 West Court Square, Suite 105
Decatur, GA 30030
tborelli@lambdalegal.org
*Counsel for Plaintiff*

Roberta F. Green
Kimberly M. Bandy
Shuman McCuskey & Slicer PLLC
P.O. Box 3953
Charleston, WV 25339-3953
rgreen@Shumanlaw.com
*Counsel for Defendant West Virginia Secondary School Activities Commission*

Susan L. Deniker
Jeffrey M. Cropp
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
susan.deniker@steptoe-johnson.com
*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

Douglas P. Buffington, II

Curtis R. A. Capehart
David C. Tryon
Jessica A. Lee
West Virginia Attorney General's Office
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Curtis.R.A.Capehart@wvago.gov
*Counsel for Intervenor State of West Virginia*

Aria S. Vaughan
United States Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave., NW
4CON, 10th Floor
Washington, DC 20530
Aria.Vaughan@usdoj.gov
*Interested Party United States of America*

Fred B. Westfall, Jr.
Jennifer M. Mankins
United States Attorney's Office
300 Virginia Street East, Room 4000
Charleston, WV 25301
Fred.Westfall@usdoj.gov
*Interested Party United States of America*

Brandon S. Steele
Joshua D. Brown
The Law Office of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
bsteelelawoffice@gmail.com
joshua_brown05@hotmail.com
*Counsel for Movant Lainey Armistead*

Christiana M. Holcomb
Alliance Defending Freedom
440 First Street, NW
Washington, DC 2001
cholcomb@adflegal.org
*Counsel for Movant Lainey Armistead*

Jonathan Scruggs

Alliance Defending Freedom
15100 North 90th Street
Scottsdale, AZ 85260
jscruggs@alliancedefendingfreedom.org
*Counsel for Movant Lainey Armistead*

Timothy D. Ducar
Law Office of Timothy D. Ducar
7430 East Butherus Drive, Suite E
Scottsdale, AZ 85260
orders@azlawyers.com
*Counsel for Movant Lainey Armistead*

**/s/ Kelly C. Morgan**
**Kelly C. Morgan (WV Bar #9519)**
**Kristen V. Hammond (WV Bar #9727)**
**Michael W. Taylor (WV Bar #11715)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**khammond@baileywyant.com**
**mtaylor@baileywyant.com**