IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J. by her next friend and mother, HEATHER JACKSON,

*Plaintiff*,

v.

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,

*Defendants*,

and

LAINEY ARMISTEAD,

*Defendant-Intervenor*.

Civil Action No. 2:21-cv-00316

Hon. Joseph R. Goodwin

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO FILE EXHIBITS UNDER SEAL**

## BACKGROUND

The Parties in the above-captioned case move the Court pursuant to Local Rule 26.4(b)(2), Local Rule 5.2.1, and the Court's December 9, 2021 Protective Order (Dkt. No. 147) for an Order permitting redaction of limited portions of the Exhibits that are attached to this Memorandum and permitting Plaintiff to file under seal a reference list identifying minor Plaintiff for the Court. The attached Exhibits are transcripts of depositions taken by parties in this matter, and each contains certain personal, medical, financial, and/or other sensitive information that the Parties designated as "Confidential" under the Court's Protective Order and that the Parties believe warrant redaction in this case. As such, all Parties respectfully request that the Court enter an Order for the attached

Exhibits (described below) to be filed in redacted form on the public docket and for unredacted versions to be filed under seal.

1. **Exhibit 1: Wesley Scott Pepper Deposition Transcript**

   a. Seeking limited redactions of minor plaintiff B.P.J.'s full name and discussions of B.P.J.'s medical records.

2. **Exhibit 2: Heather Jackson (January 19) Deposition Transcript**

   a. Seeking limited redactions of Heather Jackson's address and personal phone number.

3. **Exhibit 3: Heather Jackson (January 20) Deposition Transcript**

   a. Seeking limited redactions of minor plaintiff B.P.J.'s full name and discussions of B.P.J.'s medical records.

4. **Exhibit 4: B.P.J. Deposition Transcript**

   a. Seeking limited redactions of minor plaintiff B.P.J.'s full name and discussions of B.P.J.'s medical records.

5. **Exhibit 5: Dr. Montano Deposition Transcript**

   a. Seeking limited redactions of minor plaintiff B.P.J.'s full name, Dr. Montano's personal cell phone number, and discussions of B.P.J.'s medical records.

6. **Exhibit 6: Dr. Kidd Deposition Transcript**

   a. Seeking limited redactions of minor plaintiff B.P.J.'s full name and discussions of B.P.J.'s medical records.

7. **Exhibit 7: Harrison County Board of Education 30(b)(6) Deposition Transcript**

   a. Seeking limited redactions of minor plaintiff B.P.J.'s full name and discussions of B.P.J.'s conversations with school counselor.

8. **Exhibit 8: Dr. Joshua Safer Deposition Transcript**

   a. Seeking limited redaction of financial information related to Dr. Safer's compensation, minor plaintiff B.P.J.'s full name, and discussions of B.P.J.'s medical records.

9. **Exhibit 9: Lainey Armistead Deposition Transcript**

   a. Seeking limited redactions of minor plaintiff B.P.J.'s full name and Defendant-Intervenor's confidential information.

## DISCUSSION

### A. Legal Standard

Under Local Rule of Civil Procedure 26.4(b)(2), a motion to seal must be accompanied by a memorandum of law that contains "(A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate; (B) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our court of appeals." Loc. R. Civ. P. 26.4(b)(2). Although there is a presumption of access, this presumption "may be rebutted if countervailing interests heavily outweigh the public interests in access." *Dilliner v. Gen. Motors, LLC*, No. 2:19-CV-00415, 2021 WL 665531, at *2 (S.D.W. Va. Feb. 19, 2021) (internal quotations and citation omitted). In general, redaction of information in order to "protect[] the privacy rights" of a party or non-party is a sufficiently compelling interest to justify sealing under both the common law and the First Amendment. *BrickStreet Mut. Ins. Co. v. Zurich Am. Ins. Co.*, No. 2:15-CV-06172, 2016 WL 10789403, at *2 (S.D.W. Va. June 17, 2016) (citing *Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014)).

3

**B. Redaction of B.P.J.'s Name, Medical, and Mental Health Records is Appropriate**

Limited redactions of confidential information included in Exhibits 1, 3–7, and 9 are appropriate, because each Exhibit contains testimony from Plaintiff B.P.J.'s family, medical providers, and school that reference B.P.J.'s full name, as well as references, citations to, and/or quotes from B.P.J.'s medical and mental health records. *See also* HIPAA, 45 C.F.R. § 164.508(a)(1); *see id.* § 164.502(a) (forbidding disclosure of protected health information).

Redaction of Plaintiff B.P.J.'s name (other than her initials) is necessary under Local Rule 5.2.1.(a)(2), which requires that "only the initials" of a minor child be used in any filings made with the Court in order to protect that individual's "personal privacy and other legitimate interests." Loc. R. Civ. P. 5.2.1.(a)(2). Under this rule, however, parties are permitted to submit under seal a reference list containing the minor's full name. Loc. R. Civ. P. 5.2.1(a).

Similarly, redaction of B.P.J.'s medical and mental health information is necessary in order to protect Plaintiff's privacy and to avoid any improper or unnecessary embarrassment of a minor. *See, e.g.*, *Clark* v. *Bamberger*, No. 12 Civ. 1122, 2016 WL 1183180, at \*2 (M.D. Ala. Mar. 28, 2016) (recognizing that courts have sealed documents that "expose[] sensitive information about a child that could harm the child's future educational or employment prospects or that could cause the child great trauma or embarrassment") (collecting cases).

Courts in this circuit have recognized that redaction of information in order to "protect[] the privacy rights" of a party is a sufficiently compelling interest to justify sealing under both the common law and the First Amendment. *BrickStreet*, 2016 WL 10789403, at \*2 (citing *Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014)). Plaintiff B.P.J.'s interest in protecting her medical and mental health information—which is at times discussed in granular detail in the attached Exhibits—far outweighs any interest that the public may have in such information. *See*

4

*Graening v. Wexford Health Sources, Inc.*, No. 1:20-00400, 2022 WL 433332, at *2 (S.D.W. Va. Feb. 11, 2022) (finding that interest in protecting sensitive health information outweighed public's right of access under First Amendment test); *Sunshine v. Jividen*, No. 2:21-00241, 2021 WL 3557655, at *1 (S.D.W. Va. Aug. 11, 2021) (granting motion to seal information involving party's medical information).  This interest in privacy is especially compelling given B.P.J.'s status as a minor.  *See Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004) (granting "heightened protection" to children).

The parties therefore respectfully request that the Court permit redactions of the designated portions of Exhibits 1, 3–7, and 9 that contain B.P.J.'s full name and medical and mental health information.  Plaintiff requests that the Court file under seal the Reference List that provides B.P.J.'s full name.  The parties request that references to B.P.J.'s medical and mental health records remain under permanent seal, as there is no time at which the confidential nature of this information will expire.  *See*, *e.g.*, *United States v. Bennett*, No. 19-cr-255, 2021 WL 2310391, at *1 n.1 (D. Minn. June 7, 2021) (granting motion to seal exhibit containing medical information "indefinitely").

## C. Redaction of Personally Identifying Information and Other Personal Information is Appropriate

Limited redactions of Exhibits 2, 5, and 9 are appropriate because each Exhibit contains testimony that reflects personally identifying information, as well as highly sensitive personal information that could cause improper or unnecessary embarrassment.  Exhibit 2 references B.P.J.'s mother's home address (which is also Plaintiff B.P.J.'s home address), and Exhibit 5 references the personal cell phone number of one of B.P.J.'s medical providers, Dr. Montano. Such personally identifying information is routinely redacted or sealed in court filings.  *In re Marriott Int'l Customer Data Sec. Breach Litig.*, No. 19-MD-2879, 2022 WL 951692, at *4 (D.

Md. Mar. 30, 2022) (noting that courts across the country "routinely permit parties to redact or seal the types of PII . . . including, without limitation, home addresses, phone numbers . . . regardless of the applicable standard").   B.P.J.'s mother and her medical provider have a compelling interest in keeping their personal information private.   The exposure of B.P.J.'s mother's address would necessarily expose B.P.J.'s home address and violate the privacy interests of both parties.   Likewise, there is no reason to publish Dr. Montano's personal cell phone number, which is private.   *Cf. Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981) (noting that restriction of personally identifying information is appropriate in cases involving, among other things, transgender individuals and cases involving children).   These interests in privacy far outweigh whatever interest the public could have in such personally identifying information, which is of no relevance to the claims in this case.   *See Graening.*, 2022 WL 433332, at *2 (granting motion to seal where public's interest in information was low).   Furthermore, such minimal redactions would not restrict the public's ability to otherwise review or understand the content of either transcript.

Similarly, Exhibit 9 contains references to two confidential events in Defendant-Intervenor Lainey Armistead's life.   Defendant-Intervenor has a compelling interest in preventing the disclosure of such private information, which has no relevance to this case, and disclosure of such information could be traumatic to Defendant-Intervenor.   *See Wilmink v. Kanawha Cty. Bd. of Educ.*, No. CIV.A. 2:03-0179, 2006 WL 456021, at *2–3 (S.D.W. Va. Feb. 23, 2006) (permitting sealing information related to a traumatic event that "serve[s] no useful public or investigative purpose" to avoid inflicting unnecessary emotional pain).   In addition, the narrow redactions that would be applied do not otherwise affect the ability of third parties to review relevant information.   *Cf. Mears v. Atl. Se. Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *3–5 (E.D.N.C. Oct. 7, 2014) (permitting sealing information where it was narrowly tailored).

6

The parties therefore respectfully request that the Court permit redactions of the designated portions of Exhibits 2, 5, and 9 that contain this personal information, and the parties request that this information remain under permanent seal.

**D. Redaction of Confidential Financial Information is Appropriate**

Limited redaction of Exhibit 8 is appropriate, because Exhibit 8 contains testimony from Plaintiff's expert, Dr. Safer, involving certain confidential financial information.  Such financial information is unrelated to Dr. Safer's retention as an expert and is unrelated to his testimony in this case.  *See Tolliver v. Tandium Corp.*, No. CV ELH-21-1441, 2021 WL 5827886, at *3 (D. Md. Dec. 8, 2021) (permitting redaction of financial information that was of "minimal relevance" to case's claims).  Federal courts frequently seal or redact documents that contain such non-public financial information.  *See, e.g.*, *Gentry v. Maggie Valley Resort Mgmt., LLC*, No. 1:13-cv-00108, 2014 WL 1384451, at *2 (W.D.N.C. 2014) (sealing a party's "sensitive financial or business data"); *see King Coal Chevrolet Co. v. Gen. Motors Co.*, No. 2:12-5992, 2012 WL 5877555, at *1 (S.D.W. Va. Nov. 20, 2012) (permitting redaction of "commercially sensitive" confidential information).  Furthermore, "nearly all of the content of" Exhibit 8—including financial information that is related to Dr. Safer's retention as an expert in this case—is still available for the public to review, which weighs in favor of permitting the redaction.  *Tolliver*, 2021 WL 5827886, at *3 (permitting redaction where majority of exhibit remained public).

The parties therefore respectfully request that the Court permit redactions of the designated portion of Exhibit 8 that contains this information, and the parties request that this information remain under permanent seal.

**CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Joint Motion to File Exhibits Under Seal be granted and that the Court permit Plaintiff to file the Reference List under seal.

Dated: April 21, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO  80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully submitted,
/s/ *Loree Stark*

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com

Katelyn Kang*
Valeria Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

**Visiting Attorneys*

*Attorneys for Plaintiff*

Agreed to by counsel:

/s/ David C. Tryon (per consent)
David C. Tryon*
State Capitol Complex Building 1
Room E-26
Charleston, WV 25305-0220

*Counsel for Defendant, the State of West Virginia*

/s/ Susan L. Deniker (per consent)
Susan L. Deniker
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
susan.deniker@steptoe-johnson.com

*Counsel for Defendants, Harrison County Board of Education and Dora Stutler*

/s/ Kelly C. Morgan (per consent)
Kelly C. Morgan
Bailey & Wyant, PLLC
500 Virginia Street East, Suite 600
P.O. Box 3710
Charleston, WV 25337-3710
kmorgan@baileywyant.com

*Counsel for Defendants, West Virginia State Board of Education and W. Clayton Burch*

/s/ Roberta F. Green (per consent)
Roberta F. Green
Shuman McCuskey & Slicer PLLC
P.O. Box 3953
Charleston, WV 25339-3953
rgreen@shumanlaw.com

*Counsel for Defendant, West Virginia Secondary School Activities Commission*

/s/ Christiana Kiefer (per consent)
Christiana Kiefer*
Alliance Defending Freedom
440 First Street NW, Suite 600

Washington, DC 20001
cholcomb@adflegal.org

*Counsel for Defendant-Intervenor,*
*Lainey Armistead*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 21st day of April, 2022, I electronically filed a true and exact copy of the ***Memorandum in Support of Joint Motion to File Exhibits Under Seal*** with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936

12