**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**B.P.J., by her next friend and mother,
HEATHER JACKSON,**
      **Plaintiff,**

**v.**                           **Civil Action No. 2:21-cv-00316**
                                           **Honorable Joseph R. Goodwin, Judge**

**WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISSION, W. CLAYTON BURCH**
**in his official capacity as State Superintendent, and**
**DORA STUTLER in her official capacity as**
**Harrison County Superintendent,**
      **Defendants,**

**And**

**LAINEY ARMISTEAD,**
      **Defendant-Intervenor.**

**WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Now comes West Virginia Secondary School Activities Commission (WVSSAC), by

counsel, Roberta F. Green, Kimberly M. Bandy, Shannon M. Rogers and Shuman McCuskey

Slicer PLLC, and responds in opposition to Plaintiff's Motion for Summary Judgment (ECF 289)

and Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment (ECF 291),

(Plaintiff's Motion) on the basis that Plaintiff has failed to prove an essential element of the case

she has the burden to prove; that is, Plaintiff has failed to demonstrate that WVSSAC is a state

actor so as to fall within the rubric of either Equal Protection or Title IX, which status (state actor)

is a mandatory predicate to her claims.[1] Plaintiff further has failed to demonstrate that H.B. 3293 mandates that WVSSAC act or refrain from acting in any way, or that it even results in WVSSAC needing to act in any way that, as a matter of law, could be actionable. Plaintiff expressly glosses over the fact of WVSSAC's non-federal funding, of its existence as a private corporation, and of its delegated authority, which, as a matter of law, fails to rise to the level of "controlling authority." For these reasons, and those set out further below, WVSSAC responds in opposition to Plaintiff's Motion, asserting that Plaintiff's Motion must be denied as against WVSSAC as a matter of law. Where it is undisputed that WVSSAC's regulations are neutral, where the evidence in discovery has been that WVSSAC will accept and embed any new regulation (not promulgate it), and where eligibility determinations fail to serve as 'state action,' where all of these actions fail to demonstrate 'controlling authority' over federally funded programs, WVSSAC has no role here. Plaintiff's Motion for Summary Judgment must be denied as a matter of fact and law at this time.

## I.   STANDARD OF REVIEW

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find for the non-moving party. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

---

[1] "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## II.    ARGUMENT

Here, Plaintiff has failed to prove an essential element of the case she has the burden to prove, in pertinent part, that WVSSAC is a state actor such that Title IX and the Equal Protection Clause are enforceable against it as a matter of law.[2] Plaintiff has failed to show that, as a matter of law, the authority delegated to WVSSAC or its duty to determine student eligibility make it a state actor, so as to be open to enforcement before this Court. Further, Plaintiff has failed to demonstrate that WVSSAC's actions will affect her outcome in any way here. As a result, Plaintiff's dispositive motion must be denied, and, conversely, WVSSAC must be dismissed as a matter of law.

### A.  Plaintiff's Motion Mischaracterizes the Evidence Before the Court, thereby inaccurately reflecting the law and fact of WVSSAC's involvement.

Plaintiff's Motion relies upon overstatements and mischaracterizations of the evidence adduced in discovery in order to meet her legal burdens under Title IX and Equal Protection as against WVSSAC. Emblematic of that imprecision as an initial matter, Plaintiff mischaracterizes WVSSAC's position relative to the injunction, oversimplifying her case against WVSSAC by alleging that "Defendants opposed B.P.J.'s Motion for Preliminary Injunction."[3] While distinguishing reality from argument relative to the injunction may appear to be nitpicking, the difference is meaningful and significant. WVSSAC's position from the start has been that it is differently situated, that nothing adduced in discovery to date has converted WVSSAC into a state actor so as to place it within Title IX or Equal Protection. Nothing it does or refrains from doing affects the determinations under H.B. 3293. Therefore, it is of no small moment to note that

---

[2] "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

[3] Plaintiff's Motion (ECF No. 291) at 10.

expressly "WVSSAC [took] no position relative to the preliminary injunction because, by the express terms of HB 3293, WVSSAC has no role and is not envisioned as having a role in enforcing West Virginia's law at this time."[4] Plaintiff's efforts to address the Defendants as a group, to address their role here as an amalgam, is not only inappropriate, but also inaccurate. As a matter of law and fact, WVSSAC expressly and purposefully, took no position relative to the preliminary injunction. WVSSAC's position from inception has been that it is a private corporation, founded in 1916.[5]   It is not a recipient of federal funding,[6] and the delegation of authority it receives does not make it a 'controlling authority' over the programs that do receive federal funding. WVSSAC is not a 'state actor,' and it is improperly included here.

In her arguments, Plaintiff addresses all Defendants as similarly situated and, therefore, as synonymous with 'State.' Specifically, Plaintiff asserts that "[b]ecause Plaintiff's equal protection claim is subject to heightened scrutiny, the ultimate burden of justifying the law's constitutionality 'rests entirely on the State.' *United States v. Virginia,* 518 U.S. 515, 533 (1996) ('VMI')."[7] Regardless of whether that is an accurate statement of law, it does not and cannot change the reality that, as a matter of fact and law, WVSSAC is not a 'state actor,' has never been adjudicated a state

---

[4] ECF No. 47 at 1 (further attesting that it is not a state actor). *See also* ECF 83, with WVSSAC asserting as an initial matter in this litigation that "Plaintiff overlooks that the WVSSAC regulations under which Plaintiff is now participating have been neutral and inclusive at all times and required no engineering or adjustment to allow for Plaintiff's participation, whether with or without the injunction in place."

[5] Videotaped Remote Zoom 30(b)(6) Deposition West Virginia Secondary School Activities Commission Bernard Dolan, Friday, February 11, 2022 (Dolan Dep.) (ECF No. 276-1), at 38.

[6] WVSSAC's uncontroverted sworn testimony in this matter is that its sources of funding are as follows:
> West Virginia's Secondary School Activities Commission (WVSSAC) receives no dues whatsoever from member schools and has not for more than a decade. WVSSAC sustains itself with corporate sponsorships, advertising revenue and gate proceeds from championship meets and tournaments. WVSSAC's corporate sponsorships, which change over time, from 2019 to the present have included West Virginia Dairy Association/Milk Producers, Farmers & Mechanics, U.S. Army, MetroNews, Midstate Automotive, Field Turf, Spalding, and Caresource.[6]

WVSSAC's Responses to Plaintiffs First Set of Interrogatories (ECF Nos. 115, 276-7).

[7] Plaintiff's Motion (ECF No. 291) at 12.

actor, and does not act under color of law so as to fall within the rubric of either Title IX or Equal Protection. Indeed, in her Motion, Plaintiff includes WVSSAC among the 'state actors,' and assumes, without any demonstrative support, that WVSSAC exercises 'controlling authority,' all without offering any analysis or proof in support. Conversely, the fact of the matter is that no evidence has been adduced to dispute that WVSSAC is a non-profit private corporation and has been since 1916.[8] No party has disputed the findings of the Supreme Court of Appeals of West Virginia, who expressly found that WVSSAC is not a state agency on the basis that it has been a voluntary association since 1916 (and was not created nor empowered by the Legislature); it is not funded by public moneys; and not all schools in West Virginia have elected to belong.[9] Nothing in this litigation has undercut any of those determinations.

Conversely, Plaintiff asserts and relies upon determinations allegedly in this Court's pre-discovery Memorandum Opinion and Order (ECF No. 129) that denied Defendants' motions to dismiss. Specifically, Plaintiff cites as a legal conclusion that "each Defendant is a proper defendant in this lawsuit because they will be involved in the enforcement of H.B. 3293 against B.P.J[,]"[10] while the actual language of the Memorandum Opinion and Order is that

> [Plaintiff] has adequately alleged an injury-in-fact—that she will be treated differently on the basis of sex; she has asserted that under H.B. 3293, each defendant will take some action that will cause her asserted harm; and she has established that each defendant can redress her claims because a favorable ruling against each will prevent them from enforcing the Act as to B.P.J.[11]

---

[8] Dolan Dep. (ECF No. 276-1), at 38.
[9] *See* Syl. pt. 2, 3, *Mayo v. WVSSAC,* 233 W. Va. 88, 96, 872 S.E.2d 224, 232 (2008). *See also* State of West Virginia's Memorandum of Law in Support of its Motion to Intervene and For Proposed Response Deadline (ECF No. 41) at 6, *citing Mayo v. W. Va. Secondary Sch. Activities Comm'n*, 672 S.E.2d 224, 233 (W. Va. 2008).
[10] Plaintiff's Motion (ECF No. 291) at 11.
[11] Memorandum Opinion and Order (ECF No. 129) at 6.

While this demonstrates that Plaintiff's initial assertions *as plead* were sufficient to establish that 'each defendant can redress her claims' under a motion to dismiss standard, Plaintiff fails to concede that the Memorandum Opinion and Order stated expressly that "if a facial challenge is made, as it is here, 'the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'"[12] Therefore, while Plaintiff relies upon the Memorandum Opinion and Order as if it were determinations of fact and law by this Court, ripe to be applied as determinative at summary disposition, she fails to focus on the fact that the applicable standard for the motions practice was merely "test[ing] the legal sufficiency of a complaint or pleading."[13]

In this context, it is also important to note that the Order does not analyze or even address whether WVSSAC is a state actor or when, if ever, WVSSAC would be called to act, let alone act in such a manner so as to convert this private corporation into a state actor. Specifically, as a matter of fact and law, WVSSAC is not a state actor, and it has no role here that converts it into a state actor. Of significance, Plaintiff has failed to demonstrate that WVSSAC is anything other than a private corporation. Further, in terms of WVSSAC's role under the statute, both Plaintiff's Complaint and First Amended Complaint recount the process by which WVSSAC was initially included in the legislation and then removed.[14] The statute provides only that "The State Board of Education shall promulgate rules, including emergency rules, 55 pursuant to §29A-3B-1 et. seq. of this code to implement the provisions of this section." Relatedly, the only evidence offered in this matter is that, per the subject statute as written, the State Board of Education will promulgate

---

[12] Memorandum Opinion and Order (ECF No. 129) at 5-6, quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).
[13] Memorandum Opinion and Order (ECF No. 129) at 6, citing *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).
[14] *See* Complaint (ECF No. 1) at ¶¶ 45-46; First Amended Complaint (ECF No. 64) at ¶¶ 49-50.

a rule, which, like the other State rule in existence, will be embedded in WVSSAC's rule books, where only the State Board can revise, amend, and provide waivers.[15] No other regulation or rule was uncovered in discovery relative to this process, and any reliance beyond that embedded rule is outside the law and facts of this case. Under H.B. 3293, WVSSAC's role is minimal, if not nonexistent, demonstrated in discovery to be, at most, an eligibility appeal,[16] which, as a matter of law is insufficient to demonstrate the 'controlling authority' necessary to convert a private corporation into a state actor.[17]  Even assuming *arguendo* that WVSSAC would be called upon to make an eligibility determination relative to Plaintiff, as a matter of fact and law,  absent more, that does not provide WVSSAC the "controlling authority" over federally funded programs that is a necessary predicate to Plaintiff's argument pronouncing WVSSAC as a state actor, converting this private corporation into state.[18]

Returning to the Memorandum Opinion and Order, then, the precise wording includes that '[Plaintiff] has adequately alleged,' not that the Court has determined that each Defendant will be involved in enforcement that is actionable against it under the rubric of Title IX and Equal Protection, which is a very different matter and, indeed, the question before the Court at this time. Plaintiff is charged with proving that assertion, which she has failed to do in any actionable way as against WVSSAC.

Because WVSSAC has been differently situated at all times, because nothing WVSSAC has done, would do or failed to do was involved in the injunction, and because WVSSAC is,

---

[15] Dolan Dep. (ECF No. 276-1) at 62, testifying that the State Board's 2.0 Rule is embedded in WVSSAC's regulation book but remains the State Board's Rule). *See also* Virtual Videoconference Video-Recorded Deposition of Michele Blatt (2.14.22) (ECF No. 276-2) at 132-33.
[16] Dolan Dep. (ECF No. 276-1) at 43, 60, testifying that eligibility determinations start at the school level and are appealed to Mr. Dolan at WVSSAC
[17] *Smith v. NCAA*, 266 F.3d 152, 156ff (3d Cir. 2001).
[18] *Smith v. NCAA*, 266 F.3d 152, 156ff (3d Cir. 2001).

finally, not a 'state actor' (included improperly in this claim), Plaintiff's Motion must be denied; Plaintiff's claim against WVSSAC must be dismissed as a matter of law at this time. Further, at a minimum, no declaratory judgment or relief should be imposed upon WVSSAC because, as a matter of law and fact, it has not violated B.P.J.'s rights. Because it has not injured the Plaintiff, no damages should be assessed against it.

**B. Plaintiff has failed to prove as a matter of law that WVSSAC is a state actor providing it with enforcement powers of H.B. 3293, and as a result, Plaintiff has no actionable claim against WVSSAC and therefore the claims against it should be dismissed.**

Where the Memorandum Opinion and Order relies upon what Plaintiff had alleged in her complaints, in the instant motions practice, Plaintiff must present what she has proven through discovery. The inescapable fact remains that Plaintiff has failed to prove that WVSSAC has an actionable role in enforcement, has failed to prove that WVSSAC will be called upon to adopt regulations relative to H.B. 3293, and, most critically, has failed to prove that WVSSAC is a state actor. Conversely, the evidence adduced in this matter is that neither the delegation at issue nor any related enforcement power, absent more (which Plaintiff has not proven), is sufficient as a matter of law for liability to attach to WVSSAC pursuant to Title IX or Equal Protection. As a matter of law, none of this statutory process converts WVSSAC into a state actor so as to have a role before this Court. That is, where Plaintiff alleges supervision, regulation, rulemaking, and a delegation of duties and authority,[19] that process has been expressly found to be insufficient to turn WVSSAC's actions into 'color of law' such as to convert WVSSAC into a 'state actor,' absent more.[20]

Plaintiff considers Defendants as an amalgam, addressing them collectively relative to the injunction and even electing to file one dispositive motion as against all Defendants globally.

---

[19] Plaintiff's Motion (ECF No. 291) at 14-15.
[20] *Smith v. NCAA*, 266 F.3d 152, 155ff (3d Cir. 2001).

However, emblematic in that decision is Plaintiff's failure to understand that WVSSAC is differently situated as a matter of law and fact.  Plaintiff asserts that "WVSSAC is subject to Title IX because it exercises control over federally funded athletic programs[.]"[21] Then, in support of that proposition, Plaintiff cites a district court case out of Michigan which found that "'[a]ny entity that exercises *controlling authority* over a federally funded program is subject to Title IX, regardless of whether that entity is itself a recipient of federal aid.'"[22] Even assuming that WVSSAC exercises 'control' over secondary school activities (which WVSSAC disputes to the extent of Plaintiff's assertions here), that is not synonymous with 'controlling authority,' as both a matter of law and fact.[23] The evidence adduced in this matter is that WVSSAC does **not** control the member schools in any way meaningful to the 'controlling authority' determination, as follows

In the alleged Statement of Undisputed Facts (ECF No. 290), Plaintiff relies upon WVSSAC's statutory delegation and proclaims it 'controlling authority' without conducting any of the mandatory legal analysis of or under that concept.[24]  To that end, when Plaintiff states that member schools "must follow WVSSAC's rules and regulations when 'conducting interscholastic athletics,'"[25] the statement is devoid of any factual analysis of whether that is indeed accurate and/or even a meaningful statement under the legal concept of 'controlling authority.' Here, the schools have a voluntary relationship with WVSSAC and have retained the authority to withdraw

---

[21] Plaintiff's Motion (ECF No. 291) at 14.

[22] Plaintiff's Motion (ECF No. 291)  at 14, citing *Cmtys. For Equity v. Mich. High Sch. Athletic Ass'n,* 80 F. Supp. 2d 729, 735 (W.D. Mich. 2000) (emphasis added above).

[23] *Smith v. NCAA*, 266 F.3d 152, 155ff (3d Cir. 2001).

[24] ECF No. 290 at ¶ 116. WVSSAC disputes that the Undisputed Facts are in whole or part 'undisputed' and reserves the right to plead further, as indicated.

[25] Ex. 39 (WVSSAC0000134) reads as follows:

> 4.2.b. The principal or designee is and shall be responsible for conducting interscholastic athletic and band activities of the school in accordance with the constitution, bylaws, rules and regulations of the Commission which have been adopted by the Board of Control of the Commission for the governing of such activities;

from the association, which has been determined to be a key factor mitigating against any finding of control.[26] WVSSAC testified that both public and private schools can elect not to join and indeed can withdraw; private schools have done so.[27] While withdrawal means that the member schools would be excluded from the championships, they nonetheless may participate in sports and activities as long as they remain a 'school.'[28] In a nutshell, reviewing courts have found that even if resignation from WVSSAC were to preclude a school's participation in activities (which is not the evidence here), nonetheless, the ability to withdraw is a "'practical alternative to compliance with [WVSSAC's] demands,'" such that WVSSAC does not *control* any of the member programs.[29] No school is forced to join, another key determinant,[30] and each school must elect to participate,[31] as it were, 'opt in.' In sum, the schools have a voluntary relationship with WVSSAC and have retained the authority to withdraw from the association – a key determinants against any finding of control.[32]

Here, the key is choice. Where the schools have a voluntary relationship with WVSSAC, have retained the authority to withdraw from the association,[33] have has an opportunity for input on the rules, have a choice whether to follow the rules or face penalties, the relationship has been found insufficient to demonstrate *control*.[34] As for the eligibility enforcements, should member schools or athletes risk sanctions by violating the regulations or rules regarding eligibility, that choice on their part demonstrates a lack of "*controlling authority*" by WVSSAC. The fact that "'options [may be]

---

[26] *Id*. at 159.
[27] Dolan Dep. (ECF No. 276-1) at 69.
[28] Dolan Dep. (ECF No. 276-1) at 70.
[29] *Smith*, 266 F.3d at 159, quoting *Cureton v. NCAA,* 198 F.3d 107, 116-18 (3d Cir. 1999).
[30] *Smith*, 266 F.3d at 159.
[31] Dolan Dep. (ECF No. 276-1) at 39.
[32] *Id*. at 159.
[33] *Smith*, 266 F.3d at 159.
[34] *Smith*, 266 F.3d at 159, quoting *NCAA v. Tarkanian*, 488 U.S. 179, 195 (1988).

unpalatable does not mean that they were nonexistent.'"[35] And it is the option to be a member or withdraw, the option to follow the rules or face sanctions that undercuts any actionable understanding of control in which to anchor Plaintiff's Title IX and Equal Protection claim. Finally, the same analysis applies whether the nomenclature is controlling authority, pervasive entwinement, public entwinement – the analysis of *control* "is no less rigorous."[36] Nothing in Plaintiff's Motion challenges the evidence established that member schools have choices relative to their membership, as well as relative to following regulations or facing sanctions. Plaintiff's Motion disproves none of that and fails to make a viable case as against WVSSAC. Indeed, Plaintiff's Motion fails to prove that WVSSAC is a party rightfully before this Court, such that Plaintiff's Motion must be denied. Conversely, judgment as a matter of law in favor of WVSSAC is the necessary and proper outcome for WVSSAC at this time.

Further, returning to the alleged Undisputed Facts, Plaintiff also asserts as meaningful that WVSSAC decides eligibility appeals and that "WVSSAC's athletic handbook provides that it must comply with Title IX."[37] Once again, Plaintiff fails to recognize or acknowledge that, as a matter of law, deciding eligibility appeals, absent more, does not create 'controlling authority' over federally funded programs so as to convert this private corporation into a state actor. Once again, reviewing courts have found expressly that giving an organization like WVSSAC the power to enforce the eligibility rules adopted by the State Board and member schools directly against the students does not constitute "ced[ing] authority."[38]

Plaintiff's assertion that "WVSSAC's athletic handbook provides that it must comply with Title IX"[39] also fails to bind WVSSAC to this cause of action. Whereas WVSSAC prohibits

---

[35] *Smith*, 266 F.3d at 156, quoting *NCAA v. Tarkanian*, 488 U.S. 179, 198 n.19 (1988).
[36] *Smith*, 266 F.3d at 160.
[37] ECF No. 290 at ¶¶ 118, 119.
[38] *Smith v. NCEAA*, 266 F.3d at 157.
[39] ECF No. 290 at ¶¶ 118, 119.

discrimination in its programs,[40] that is distinctly different as a matter of law and fact than any assertion that WVSSAC "must comply with Title IX," which is Plaintiff's assertion in the alleged Undisputed Facts.[41] The actual evidence is that WVSSAC elects voluntarily to follow Title IX given that its members (the member schools) are recipients of federal funding and therefore bound by Title IX.[42] The actual evidence is that WVSSAC espouses the ideals of Title IX and voluntarily elects to comply with Title IX, to further its goals voluntarily.[43] Plaintiff does not assert that WVSSC receives federal funding, and, indeed, Plaintiff cites affirmatively WVSSAC's assertion that it does not.[44] Plaintiff does not assert that WVSSAC receives federal moneys from its member schools in the form of dues or otherwise, as indeed, it does not.[45]  As evaluated above, Plaintiff alleges but has not proven and cannot prove 'controlling authority' in an effort to tie Title IX and Equal Protection mandates to WVSSAC; the facts and law will not and do not support that claim. Because Plaintiff's Motion fails to demonstrate that WVSSAC is a 'state actor' so as to be held responsible for these claims, Plaintiff's Motion as against WVSSAC must fail as a matter of law.

Plaintiff's mischaracterizations extend as well to WVSSAC's informal Board policy, which was never passed nor adopted in any way by anyone.[46] The evidence is that the internal policy was drafted by WVSSAC's general counsel at the behest of WVSSAC's then-Executive Director.[47] The evidence is that, as WVSSAC "went to the national meetings [where] more and

---

[40] Dolan Dep. (ECF No. 276-1) at Exhibit 003 (WVSSAC000123)
[41] ECF No. 290 at ¶119.
[42] Dolan Dep. (ECF No. 276-1) at 86-87. Whereas WVSSAC knows its member public schools are required to follow Title IX and whereas Mr. Dolan *believes* WVSSAC is as well, *see* First Am. Compl. (ECF No. 64) at ¶81, stating that "Title IX provides that '[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.' 20 U.S.C. § 1681(a)."
[43] Dolan Dep. (ECF No. 276-1) at 133-34.
[44] Plaintiff's Motion (ECF No. 291) at 14.
[45] Dolan Dep. (ECF No. 276-1), at 39. *Smith v. NCAA*, 266 F.3d 152, 156-57 (3d Cir. 2001).
[46] Dolan Dep. (ECF No. 276-1) at 118-19.
[47] Dolan Dep. (ECF No. 276-1) at 118-19.

more, people were saying this was an issue, and so they wanted -- you know, it had not hit West Virginia yet"[48] to help guide the Board in determining eligibility, should an appeal rise to its level. It was intended to provide guidance internally, informally to the Board in the instance of an appeal of the school's determination and WVSSAC's Executive Director's determination, which appeal never occurred. It is a mischaracterization of that policy to state that the policy "allowed students who are transgender to participate on teams consistent with their gender identity if the transgender student's school allowed them to participate[,]"[49] as the express evidence adduced is that it was internal guidance, an interoffice memo, if you will, provided to the Board for the instance of an advanced appeal, which has never occurred. It is an overstatement to announce that the policy garnered no complaints.[50] While it is true that no complaints were ever raised, it is imperative to note that the policy was never formally in any posture to be subject to any considered, adjudicated response, whether complaint or approval.[51]

Plaintiff further attempts to transform the informal, interoffice memorandum, Board policy, prepared in-house as a guide on how best to proceed should any appeals arise to its level (and none did), and puts it to work as part of the heightened scrutiny determination. Specifically, Plaintiff states that "Defendants' burden under heightened scrutiny [is] to justify why the state replaced its pre-existing case-by-case policy of *inclusion* with a categorical across-the-board rule of *exclusion* of all transgender women under all circumstances."[52] It is a gross mischaracterization to take an informal draft internal policy, written by a private corporation as a 'stopgap'[53] in case an appeal arose (it never did), and pronounce it state law. It mischaracterizes the policy, the

---

[48] Dolan Dep. (ECF No. 276-1) at 118-19.
[49] Plaintiff's Motion (ECF No. 291) at 5.
[50] Plaintiff's Motion (ECF No. 291) at 6. *See also id.* at 29.
[51] Dolan Dep. (ECF No. 276-1) at 118.
[52] Plaintiff's Motion (ECF No. 291) at 30.
[53] Dolan Dep. (ECF No. 276-1) at 118.

evidence adduced in discovery, and WVSSAC's (a private corporate citizen's) role to assert that the State **replaced** WVSSAC's in-house policy with H.B. 3293. The State never adopted the in-house policy, and certainly no evidence has been adduced that West Virginia's Legislature considered the policy and then decided to proceed otherwise.[54]

Plaintiff's Motion also mischaracterizes WVSSAC's statements on the record. For instance, Plaintiff cites WVSSAC as conceding that H.B. 3293 bars B.P.J. from participating on girls' sports teams, and cites WVSSAC as agreeing that H.B. 3293 allows cisgender girls to participate on those same sports teams.[55] Universally, WVSSAC's position has been that these are legal determinations, that WVSSAC cannot respond beyond 'information and belief' based upon events herein.[56] Determinations relative to H.B. 3293 are beyond WVSSAC's involvement at this time, and Plaintiff's gloss of its evidence does nothing to forward the determinations before this Court. Where Plaintiff alleges that none of the Defendants can cite even "a single transgender girl playing on a girls' sports team in West Virginia other than B.P.J.,"[57] WVSSAC's evidence is poorly reflected in that statement. WVSSAC's actual statement in discovery was more pointed and precise:

> While WVSSAC admits that it is not aware of any other transgender student athlete
> participating on an athletic team offered by a public secondary school in West

---

[54] *But see* Dolan Dep. (ECF No. 276-1) at 141, testifying that he brought the policy with him to a meeting of the Democratic Caucus.

[55] Plaintiff's Motion (ECF No. 291) at 20-21.

[56] ECF No. 289-11 at 10:
> REQUEST NO. 36: Admit that H.B. 3293 prohibits a Bridgeport Middle School transgender girl student from joining a girls' athletic team offered at Bridgeport Middle School.
> RESPONSE:
> Objection; calls for a legal conclusion. Beyond that, on information and belief, admitted.
> REQUEST NO. 37: Admit that H.B. 3293 prohibits any transgender girl secondary school student located in West Virginia from joining a girls' athletic team offered by her public secondary school.
> RESPONSE:
> Objection; calls for a legal conclusion. Beyond that, on information and belief, admitted.

[57] Plaintiff's Motion (ECF No. 291) at 27.

> Virginia, WVSSAC denies that it would have any reason to know of same, as the only information WVSSAC has about students is what is recorded on the rosters, i.e., boys, girls.[58]

WVSSAC has no access to the West Virginia Education Information Service (WVEIS) and relies on the member schools to designate students on the rosters as most appropriate.[59] None of the allegations nor the facts adduced renders this matter fit for adjudication as against WVSSAC, as it remains true at the close of discovery that WVSSAC has no actionable role under H.B. 3293 and, therefore, never has had and does not now have a role in this litigation. At the close of discovery, it remains undisputed that as a matter of law and fact, appeals of eligibility determinations and the delegation of authority such as it is over member schools are insufficient to convert this private corporation into a state actor. Certainly, the Court will have noted that, in any of the Supreme Court of West Virginia decisions cited relative to WVSSAC's identity or role, WVSSAC raises none of the immunities that would be available to it were it either State or a Political Subdivision. If WVSSAC were government, state, a recipient of state or federal funding, it would embrace the related immunities; because it is a private corporation, no immunities are available to it. It is not subject to FOIA requests. It is not a state actor. Conversely, however, the Supreme Court of West Virginia expressly found that WVSSAC is not a state agency on the basis that it has been a voluntary association since 1916 (and was not created nor empowered by the Legislature); it is not funded by public moneys; and not all public or private schools in West Virginia have elected to belong.[60] *See* Syl. pt. 2, 3, *Mayo v. WVSSAC,* 233 W. Va. 88, 96, 872 S.E.2d 224, 232 (2008).

---

[58] ECF No. 289-11 at 12.

[59] Dolan Dep. (ECF No. 276-1) at 119-120; HCBOE Dep. (ECF No. 276-3) at 216.

[60] *See* Syl. pt. 2, 3, *Mayo v. WVSSAC,* 233 W. Va. 88, 96, 872 S.E.2d 224, 232 (2008). *See also* State of West Virginia's Memorandum of Law in Support of its Motion to Intervene and For Proposed Response Deadline (ECF No. 41) at 6, *citing Mayo v. W. Va. Secondary Sch. Activities Comm'n*, 672 S.E.2d 224, 233 (W. Va. 2008).

Where Plaintiff once alleged that WVSSAC is a federally funded program,[61] now she attempts to turn WVSSAC into a 'state actor' through the ***controlling authority*** that she alleges but has not proven. As a result, Plaintiff has failed to prove that WVSSAC could be a proper party for either her Title IX or her Equal Protection claims because, once again, Plaintiff has failed to prove that WVSSAC is a state actor.[62]   Although Plaintiff alleges in the First Amended Complaint that "B.P.J. is irreparably harmed by Defendants' illegal conduct" in violation of Title IX and in violation of the Equal Protection Clause,[63] she has not identified any illegal conduct on the part of WVSSAC.   For all of these reasons, Plaintiff's Motion must be denied; Plaintiff's claim against WVSSAC must be dismissed as a matter of law at this time**.**

### C.  Plaintiff has no standing to proceed against WVSSAC, such that judgment as a matter of law in favor of WVSSAC is necessary and proper at this time.

Conversely to Plaintiff's position in her consolidated dispositive motion, "'the standing inquiry must be evaluated separately as to each defendant.'"[64]  "'Article III standing [relative to a case or controversy] to sue each defendant . . . requires a showing that each defendant caused [the plaintiff's] injury and that an order of the court against each defendant could redress the injury.'"[65] Therefore, in order to proceed against WVSSAC, Plaintiff must be able to demonstrate to this Court that WVSSAC caused her any alleged harm and that she wasn't rather injured by "'the independent action of some third party not before the Court.'"[66] Specifically, Plaintiff must prove that an order from this Court against WVSSAC could redress the injury.

---

[61] First Am. Compl. (ECF No 64) at ¶ 91. *See also* Consolidated Memorandum in Opposition to Defendants' Motions to Dismiss Plaintiff's First Amended Complaint (ECF No. 80) (Consolidated Response) at 18.
[62] First Am. Compl. (ECF No. 64) at ¶ 91.
[63] First Am. Compl. (ECF No. 64) at ¶¶ 99, 110.
[64] *Disability Rights S.C. v. McMaster,* 24 F.4th 893, 9 (4th Cir. 2022), quoting *Bostic v Schaefer,* 760 F.3d 352, 370-71 (4th Cir. 2014).
[65] *Id.*, quoting *Calzone v. Hawley,* 866 F.3d 866, 869 (8th Cir. 2017).
[66] *Disability Rights* at 10, quoting *Frank Krasner Enters., Ltd. Montgomery County*, 401 F.3d 230, 234 (4th Cir. 2005).

Conversely, Plaintiff has failed to demonstrate that WVSSAC has had a role in any of the determinations to date or that it is slated to have a role in promulgating any rule or building any roster. Plaintiff has failed to demonstrate that WVSSAC can have any meaningful impact or outcome relative to H.B. 3293. WVSSAC had no role in its passage, is not part of any implementation, and cannot change outcome for any student under its rubrics. Plaintiff has failed to demonstrate standing as against WVSSAC, such that Plaintiff's Motion must be denied, and WVSSAC should be dismissed as a matter of law.

## III.    CONCLUSION

Because Plaintiff has failed to prove that WVSSAC is a state actor, because WVSSAC has no role under H.B. 3293, and because all of the genuine material facts in the light most favorable to the Plaintiff still cannot support a case that any fact-finder could embrace, Plaintiff's Motion must be denied as a matter of fact and law. Conversely, for all of the reasons set forth herein, judgment as a matter of law in favor of WVSSAC is the necessary and proper outcome at this time.

**WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISSION,
By Counsel.**

*/S/ Roberta F. Green*
_____
Roberta F. Green (WVSB #6598)
Kimberly M. Bandy (WVSB #10081)
Shannon M. Rogers (WVSB # 13920)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street East, Suite 200 (25301
Charleston, WV 25339
(304) 345-1400
(304) 343-1826 FAX
rgreen@shumanlaw.com
kbandy@shumanlaw.com
srogers@shumanlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**B.P.J., by her next friend and mother,
HEATHER JACKSON,**
      **Plaintiff,**

**v.**                    **Civil Action No. 2:21-cv-00316
Honorable Joseph R. Goodwin, Judge**

**WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,**
      **Defendants,**

**And**

**LAINEY ARMISTEAD,**
      **Defendant-Intervenor.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I, Roberta F. Green, have this day, the 12th day of May, 2022, served a true and exact copy of **"WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT"** with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Loree Beth Stark | Kathleen R. Hartnett |
| Nicholas Ward | Julie Veroff |
| ACLU of WV FOUNDATION | COOLEY LLP |
| 1614 Kanawha Boulevard, East | 101 California St. – 5th Floor |
| Charleston, WV  25311 | San Francisco, CA 94111-5800 |
| lstark@acluwv.org | khartnett@cooley.com |
| nward@acluwv.org | jveroff@cooley.com |

Katelyn Kang
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
kkang@cooley.com

Andrew Barr
COOLEY LLP
1144 15th St., Suite 2300
Denver, CO  80202-5686
abarr@cooley.com

Joshua Block
Chase Strangio
ACLU FOUNDATION
125 Broad Street
New York, NY  10004
jblock@aclu.org

Sruti Swaminathan
LAMBDA LEGAL
120 Wall St., 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org

Kelly C. Morgan
Michael W. Taylor
Kristen Vickers Hammond
BAILEY & WYANT, PLLC
500 Virginia St., East, Suite 600
Charleston, WV  25301
kmorgan@baileywyant.com
mtaylor@baileywyant.com
khammond@baileywyant.com

Douglas P. Buffington, II
Curtis R.A. Capehart
Jessica A. Lee
State Capitol Complex
Building 1, Room E-26
Charleston, WV  25305-0220
Curtis.R.A.Capehart@wvago.gov

Elizabeth Reinhardt
COOLEY LLP
500 Boylston St., 14th Floor
Boston, MA  02116-3736
ereinhardt@cooley.com

Avatara Smith-Carrington
LAMBDA LEGAL
3500 Oak Lawn Ave., Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org

Carl Charles
LAMBDA LEGAL
1 West Court Square, Suite 105
Decatur, GA  30030
ccharles@lambdalegal.org

Susan Llewellyn Deniker
Jeffrey M. Cropp
STEPTOE and JOHNSON, LLC
400 White Oaks Boulevard
Bridgeport, WV  26330
susan.deniker@steptoe-johnson.com
jeffrey.cropp@steptoe-johnson.com

Tara Borelli
LAMBDA LEGAL
1 West Court Square, Suite 105
Decatur, GA  30030
tborelli@lambdalegal.org

David C. Tryon
West Virginia Atty. General's Office
1900 Kanawha Blvd., E.
Bldg. 1, Rm 26E
Charleston, WV  25305
David.C.Tryon@wvago.gov

Taylor Brown
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004
tbrown@aclu.org

Jonathan Scruggs
Roger Greenwood Brooks
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
jscruggs@adflegal.org
rbrooks@adflegal.org

Timothy D. Ducar
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ  85260
tducar@azlawyers.com

Anthony E. Nortz
Kesner & Kesner
112 Capitol Street
Charleston, WV 25301
anortz@kesnerlaw.com

Aria S. Vaughan
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave., NW
4CON, 10th Floor
Washington, DC 20530
aria.vaughan@usdoj.gov

Brandon S. Steele
Joshua D. Brown
Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Ste 100
Beckley, WV  25801
bsteelelawoffice@gmail.com
joshua_brown05@hotmail.com

Christiana Holcomb
Rachel Csutoros
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
cholcomb@adflegal.org
rcsutoros@adflegal.org

Meredith Taylor Brown
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
tbrown@aclu.org

Michael W. Taylor
BAILEY & WYANT PLLC
500 Virginia St., E. – Suite 600
Charleston, WV 25301
mtaylor@baileywyant.com

Fred B. Westfall, Jr.
Jennifer M. Mankins
United States Attorney's Office
300 Virginia Street, East – Rm. 400
Charleston, WV 25301
fred.westfall@usdoj.gov
jennifer.mankins@usdoj.gov

*/S/ Roberta F. Green*

Roberta F. Green, Esquire (WVSB #6598)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street E., Suite 200 (25301)
Charleston, West Virginia
 (304) 345-1400; FAX: (304) 343-1826
*Counsel for Defendant WVSSAC*
rgreen@shumanlaw.com