IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

   Plaintiff,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER, in her official capacity as
Harrison County Superintendent, and
THE STATE OF WEST VIRGINIA,

   Defendants,

**and**

LAINEY ARMISTEAD,

   Defendant-Intervenor.

Civil Action No. 2:21-cv-00316
Honorable Joseph R. Goodwin

**DEFENDANTS WEST VIRGINIA STATE BOARD OF EDUCATION
AND W. CLAYTON BURCH'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**NOW COME** Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch (collectively hereinafter "WVBOE Defendants"), by and through counsel, Kelly C. Morgan, Michael W. Taylor, Kristen V. Hammond, and the law firm of Bailey & Wyant, P.L.L.C., and for their response in opposition of Plaintiff's Motion for Summary Judgment hereby state as follows:

    **I.    INCORPORATION OF MOTION FOR SUMMARY JUDGMENT**

WVBOE Defendants filed their Motion for Summary Judgment on April 21, 2022. [ECF

Nos. 283 & 284]. In lieu of reiterating substantially the same facts as stated therein, WVBOE Defendants incorporate by reference those facts as if fully stated herein. Further, as addressed below, the legal arguments in WVBOE Defendants' Motion for Summary Judgment directly address the sole contention against them in Plaintiff's Motion for Summary Judgment which is that injunctive relief is proper against them. Therefore, WVBOE Defendants incorporate by reference those legal arguments asserted in their Motion for Summary Judgment as if fully stated herein.

## II. STANDARD OF REVIEW

"Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Kitchen v. Summers Continuous Care Center, LLC*, 552 F.Supp.2d 589, 592 (S.D. W. Va. 2008) (quoting *Fed.R.Civ.P*. 56(c)). "The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d. 265 (1986). "When determining whether there is an issue for trial, the Court must view all evidence in the light most favorable to the non-moving party." *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 (4th Cir.1990). Although the Court views all underlying facts and inferences in the light most favorable to the nonmoving party, "[t]he nonmoving party nonetheless must offer some 'concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]'" *Piedmont Behavioral Health Ctr., LLC v. Stewart*, 413 F.Supp.2d 746, 751 (S.D. W. Va. 2006) (Goodwin, J.) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." *Thompson v. Potomac Elec. Power Co.*,

312 F.3d 645, 649 (4th Cir. 2002).

### III. LAW AND ARGUMENT

#### A. INJUNCTIVE RELIEF IS IMPROPER AGAINST WVBOE DEFENDANTS.

Plaintiff's Motion for Summary Judgment asserts that injunctive relief is proper against all Defendants, including WVBOE Defendants. [ECF No. 291, at 12-13]. Specifically, as it relates to WVBOE Defendants, Plaintiff asserts that an injunction is proper against WVBOE Defendants because "[WVBOE Defendants] have acknowledged that, '[a]bsent an injunction by a court,' the State Board and Superintendent Burch 'would be compelled and required to follow H.B. 3293' and the State Board 'would be compelled and required to promulgate rules implementing H.B. 3293.'" [*Id.*, at 13].[1] However, this mere conclusory statement does not meet the required elements of Plaintiff's claims against WVBOE Defendants, as fully briefed in WVBOE Defendants' Motion for Summary Judgment and fully incorporated by reference herein. [ECF Nos. 283 & 284].

More specifically, WVBOE Defendants have a duty to follow the law, just as every other person or entity. But, while WVBOE Defendants have a duty to follow the law, merely following the law by WVBOE Defendants does not "cause" the complained of injuries by Plaintiff. As set forth in WVBOE Defendants' Motion for Summary Judgment, causation is an essential element of standing and the causes of action asserted by Plaintiff against WVBOE Defendants. [ECF No. 284].

Since WVBOE Defendants fully addressed the legal arguments on Plaintiff's lack of causation in their Motion for Summary Judgment, and Plaintiff does not address it in her Motion for Summary

---

[1] WVBOE Defendants object to Plaintiff's Statement of Undisputed Material Facts relied upon in support of her Motion for Summary Judgment as the parties have not agreed that the "facts" therein are material or undisputed. [ECF No. 290]. Plaintiff's Statement of Undisputed Material Facts consists of factual assertions which include general background information, matters in dispute, arguments, legal conclusions, conjecture, and other information not material to this case. [*Id.*].

Judgment, WVBOE Defendants incorporate by reference those legal arguments in response to Plaintiff's Motion for Summary Judgment.as if fully stated herein.

Having addressed the issue on WVBOE Defendants having a duty to follow the law, the only issue that remains is that the State Board of Education is required to promulgate rules regarding the enforcement of H.B. 3293. While non-existent rules certainly cannot "cause" an injury, as set forth in WVBOE Defendants' Motion for Summary Judgment, there is an additional argument regarding legislative immunity with respect to promulgation of rules. [ECF No. 284]. As WVBOE Defendants briefed the arguments regarding legislative immunity in their Motion for Summary Judgment, and Plaintiff does not address it in her Motion for Summary Judgment, WVBOE Defendants incorporate by reference those arguments in response to Plaintiff's Motion for Summary Judgment as if fully stated herein.

**WHEREFORE**, based upon the foregoing, Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch respectfully request that this Court enter an Order denying Plaintiff's Motion for Summary Judgment as to all claims asserted against them and awarding them such other relief deemed necessary and appropriate.

**Respectfully Submitted,**

**DEFNDANTS WEST VIRGINIA
STATE BOARD OF EDUCATION
and W. CLAYTON BURCH**

**By Counsel,**

  **/s/ Kelly C. Morgan**
**Kelly C. Morgan (WV Bar #9519)**
**Michael W. Taylor (WV Bar #11715)**
**Kristen V. Hammond (WV Bar #9727)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**mtaylor@baileywyant.com**
**khammond@baileywyant.com**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**B.P.J., by her next friend and mother, HEATHER JACKSON,**

    Plaintiff,

v.                                                     Civil Action No. 2:21-cv-00316
                                                               Honorable Joseph R. Goodwin

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

    Defendants,

**and**

**LAINEY ARMISTEAD,**

    Defendant-Intervenor.

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on May 12, 2022, the foregoing **"Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch's Response in Opposition to Plaintiff's Motion for Summary Judgment"** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Loree Stark
Nicholas Ward
American Civil Liberties Union of West Virginia Foundation
405 Capitol St., Suite 507
P.O. Box 3952
Charleston, WV 25339-3952
lstark@acluwv.org
*Counsel for Plaintiff*

Avatara Smith-Carrington
Lambda Legal
3500 Oak Lawn Ave., Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org
*Counsel for Plaintiff*

Carl Charles
Tara Borelli
Lambda Legal
158 West Ponce De Leon Ave., Suite 105
Atlanta, GA 30030
ccharles@lambdalegal.org
*Counsel for Plaintiff*

Sruti Swaminathan
Lambda Legal
120 Wall St., 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org
*Counsel for Plaintiff*

Joshua Block
Chase Strangio
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
jblock@aclu.org
*Counsel for Plaintiff*

Kathleen Hartnett
Julie Veroff
Zoe Helstrom
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
khartnett@cooley.com
*Counsel for Plaintiff*

Elizabeth Reinhardt
Cooley LLP
500 Boylston St., 14th Floor
Boston, MA 02116
ereinhardt@cooley.com
*Counsel for Plaintiff*

Andrew Barr
Cooley LLP
1144 15th St., Suite 2300
Denver, CO 80202
abarr@cooley.com
*Counsel for Plaintiff*

Katelyn Kang
Cooley LLP
55 Hudson Yards
New York, NY 10001
kkang@cooley.com
*Counsel for Plaintiff*

Roberta F. Green
Kimberly M. Bandy
Shuman McCuskey & Slicer PLLC
P.O. Box 3953
Charleston, WV 25339-3953
rgreen@Shumanlaw.com
*Counsel for Defendant West Virginia Secondary School Activities Commission*

Susan L. Deniker
Jeffrey M. Cropp
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
susan.deniker@steptoe-johnson.com
*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

Douglas P. Buffington, II
Curtis R. A. Capehart
David C. Tryon
Office of the West Virginia Attorney General
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Curtis.R.A.Capehart@wvago.gov
*Counsel for Defendant State of West Virginia Attorney*

Brandon S. Steele
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Dr., Suite 100
Beckley, WV 25801
bsteelelawoffice@gmail.com
*Counsel for Defendant-Intervenor Lainey Armistead*

Jonathan Scruggs
Henry W. Frampton
Alliance Defending Freedom
15100 N. 90th St.
Scottsdale, AZ 85260
jscruggs@adflegal.org
*Counsel for Defendant-Intervenor Lainey Armistead*

Christiana M. Holcomb
Alliance Defending Freedom
440 First St., NW, Suite 600
Washington DC 20001
cholcomb@adflegal.org
*Counsel for Defendant-Intervenor Lainey Armistead*

Timothy D. Ducar
Law Offices of Timothy D. Ducar
7430 E. Butherus Dr., Suite E
Scottsdale, AZ 85260
orders@azlawyers.com
*Counsel for Defendant-Intervenor Lainey Armistead*

Whitney M. Pellegrino
Aria S. Vaughan
Michelle L. Tucker
Amanda K. Dallo
United States Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave., NW
4CON, 10th Floor
Washington, DC 20530
Aria.Vaughan@usdoj.gov
*Counsel for United States of America*

Fred B. Westfall, Jr.
Jennifer M. Mankins
United States Attorney's Office
300 Virginia Street East, Room 4000
Charleston, WV 25301
Fred.Westfall@usdoj.gov
*Counsel for United States of America*

4

          **/s/ Kelly C. Morgan**
**Kelly C. Morgan (WV Bar #9519)**
**Kristen V. Hammond (WV Bar #9727)**
**Michael W. Taylor (WV Bar #11715)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**khammond@baileywyant.com**
**mtaylor@baileywyant.com**