# Exhibit 61

# Kang, Katelyn L

| | |
|---|---|
| **From:** | Christiana Holcomb <cholcomb@adflegal.org> |
| **Sent:** | Friday, February 25, 2022 11:53 AM |
| **To:** | Kang, Katelyn L |
| **Cc:** | Jonathan Scruggs; Hal Frampton; Rachel Csutoros; Timothy Ducar; Brandon Steele; Joshua Brown; Loree Stark; Barr, Andrew D; Avatara Smith-Carrington; Carl Charles; Tara Borelli; Reinhardt, Elizabeth F; Joshua Block; Veroff, Julie M.; Hartnett, Kathleen; Sruti Swaminathan; 'kmorgan@baileywyant.com'; 'khammond@baileywyant.com'; 'rgreen@Shumanlaw.com'; 'kbandy@shumanlaw.com'; Pelet del Toro, Valeria M.; 'susan.deniker@steptoe-johnson.com'; 'Jeffrey.Cropp@steptoe-johnson.com'; 'Curtis.R.A.Capehart@wvago.gov'; 'david.c.tryon@wvago.gov'; 'Doug.P.Buffington@wvago.gov'; 'mtaylor@baileywyant.com'; NWard |
| **Subject:** | RE: BPJ v WV \| Plaintiff's Responses & Objections to Intervenor's First & Second Discovery Requests [IWOV-IWOV_FileDocs.FID1333803] |

**[External]**

Hi Katelyn,

Thank you for your email and for the productive conversation on February 17.

At the outset, Intervenor-Defendant reiterates that her discovery requests are proper because they seek information "relevant to a[] party's claim or defense and [they are] proportional to the needs of the case." Fed R. Civ. P. 26(b)(1). Plaintiff's transgender status is squarely at issue in this case, and Plaintiff has made a variety of allegations concerning that status, including that it is deeply rooted, durable, and persistent over a long period of time. Defendant-Intervenor is entitled to take discovery on those points and, particularly as narrowed below, is asking for very limited information that is imminently proportionate to the needs of the case.

Ms. Armistead also notes that her discovery requests specifically did not seek information already disclosed to another party (see, *e.g.*, Intervenor-Defendant's First Set of Interrogatories to Plaintiff, No. 3).

**Intervenor's Interrogatory #2**
Thank you for clarifying that—to the best of Plaintiff's recollection—Dr. Montano was the first health care provider who was notified that B.P.J. identified as a girl.

**Intervenor's Interrogatory #4**
In light of Plaintiff's request for a "more specific definition of 'gender identity,'" Intervenor is willing to narrow the topics covered by this request to communications concerning B.P.J.'s participation in girls' athletics, Plaintiff's request that school or athletic entities recognize B.P.J. as a girl, and any request for pharmaceutical or surgical intervention for B.P.J. to "transition."

As noted, Intervenor is willing to exclude "family members and/or friends" from this Interrogatory. Please supplement your answer with the identification of communications with medical personnel, school administrators, sports coaches, extracurricular activity administrators or facilitators.

Finally, because Plaintiff is unable to identify the first time a health care provider was notified that B.P.J. identified as a girl, please identify relevant communications from January 2019 to present.

**Intervenor's Interrogatory #5**

Thank you for agreeing to supplement your response with communications that B.P.J. and/or Heather Jackson may have had with other individuals regarding B.P.J.'s desire to play sports.

**Intervenor's Interrogatory # 9**
Thank you for agreeing to supplement your response with communications that B.P.J. and/or Heather Jackson may have had with other individuals regarding H.B. 3293.

**Intervenor's Request for Production #1**
Thank you for confirming that Plaintiff is not withholding medical records on relevance or privilege grounds.

**Intervenor's Request for Production #2**
Thank you for agreeing to supplement your responses to this Request by searching for and producing Heather Jackson's and B.P.J.'s social media content related to H.B. 3293, to proposed legislation regarding transgender athletes, to the participation of transgender athletes in school sports, and to B.P.J.'s participation in school athletics.

Please also include searches for the ACLU and material that discusses B.P.J.'s gender identity, transgender status, or social transition.  We will narrow the timeframe of our request from July 2017 to present.

**Intervenor's Request for Production #3**
Thank you for confirming that Plaintiff is willing to supplement responses to this Request by searching for and producing written or electronic communications related to H.B. 3293, to proposed legislation regarding transgender athletes, to the participation of transgender athletes in school sports, and to B.P.J.'s participation in school athletics.

Please also search for social media content that material that discusses B.P.J.'s gender identity, transgender status, or social transition.

**Intervenor's Request for Production #4**
Thank you for confirming that Plaintiff is not aware of additional responsive information.

\*\*\*

To briefly memorialize our conversation about Ms. Armistead's production:

**Plaintiff's Interrogatory #7**
Intervenor is not aware of additional communications concerning potential legislation from 2020 or 2021 regarding transgender athlete participation in sports responsive to this request, but reserves the right to supplement her answer as discovery progresses.

**Plaintiff's Interrogatory #12**
In addition to her scholarship and having not financially benefitted to date  from her name, image, and likeness, Ms. Armistead is not aware of any other information responsive to this request.

**Plaintiff's Interrogatory #14 & #16**
As discussed, Intervenor's responses were supplemented with the defense expert reports, which were produced on February 23, 2022.

**Plaintiff's Request for Production #1**
Intervenor noted that, to the best of her knowledge, the text messages she produced include both the time and date stamp and represent the entirety of the responsive conversation.

**Plaintiff's Request for Production #6**
As agreed, Intervenor produced the Harold Dispatch op-ed on February 23, 2022.

\*\*\*

Regarding Ms. Armistead's supplemental disclosures served on February 11, 2022, she reiterates that those disclosures were supplemented to align with the Intervenor's responses to Plaintiff's first set of interrogatories served on February 2, 2022.

Plaintiff's Interrogatory 14 asked for "all facts that support YOUR argument that the governmental interests identified in Interrogatory No. 13 are advanced by H.B. 3293." Intervenor answered this question with well-known and publicly available information, and then went beyond her obligation under the federal rules to supplement her initial disclosures. Intervenor attempted to be reasonably comprehensive in identifying individuals who may possess relevant information, including female athletes across the country who have faced competition from male athletes in the female category. Many of these incidents are already well-known to Plaintiff's counsel, and have even been cited in Plaintiff's briefing. *See*, e.g., Plaintiff's Opposition to Motion to Intervene (citing *Hecox v. Little*, 479 F. Supp. 3d 930 (D. Idaho 2020) and *Soule by Stanescu v. Conn. Ass'n of Sch., Inc.*, No. 3:20-cv-00201, 2021 WL 1617206 (D. Conn. Apr. 25, 2021)).

Ms. Armistead may rely on the declaration or testimony of some of these individuals at summary judgment or trial, but has not yet made this decision—nor is Plaintiff entitled to the identification of such persons.

Ms. Armistead also disagrees that her supplemental disclosures were served "after the deadline for written discovery." The February 8, 2022 written discovery deadline was for the issuance of new discovery requests. Ms. Armistead here has supplemented her initial disclosures in a timely manner as required by Fed R. Civ. P. 26(e) based on further review of the universe of available information. Plaintiff is welcome to depose any potential witnesses identified by Ms. Armistead within the discovery deadline and the bounds of Rule 26 and 30.

Kind regards,
Christiana

---

**From:** Kang, Katelyn L <kkang@cooley.com>
**Sent:** Monday, February 21, 2022 9:55 AM
**To:** Christiana Holcomb <cholcomb@adflegal.org>
**Cc:** Jonathan Scruggs <jscruggs@adflegal.org>; Hal Frampton <hframpton@adflegal.org>; Rachel Csutoros <rcsutoros@adflegal.org>; Timothy Ducar <tducar@azlawyers.com>; Brandon Steele <bsteelelawoffice@gmail.com>; Joshua Brown <joshua_brown05@hotmail.com>; Loree Stark <LStark@acluwv.org>; Barr, Andrew D <abarr@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Tara Borelli <Tborelli@lambdalegal.org>; Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Joshua Block <jblock@aclu.org>; Veroff, Julie M. <jveroff@cooley.com>; Hartnett, Kathleen <khartnett@cooley.com>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; 'kmorgan@baileywyant.com' <kmorgan@baileywyant.com>; 'khammond@baileywyant.com' <khammond@baileywyant.com>; 'rgreen@Shumanlaw.com' <rgreen@Shumanlaw.com>; 'kbandy@shumanlaw.com' <kbandy@shumanlaw.com>; Pelet del Toro, Valeria M. <vpeletdeltoro@cooley.com>; 'susan.deniker@steptoe-johnson.com' <susan.deniker@steptoe-johnson.com>; 'Jeffrey.Cropp@steptoe-johnson.com' <Jeffrey.Cropp@steptoe-johnson.com>; 'Curtis.R.A.Capehart@wvago.gov' <Curtis.R.A.Capehart@wvago.gov>; 'david.c.tryon@wvago.gov' <david.c.tryon@wvago.gov>; 'Doug.P.Buffington@wvago.gov' <Doug.P.Buffington@wvago.gov>; 'mtaylor@baileywyant.com' <mtaylor@baileywyant.com>; NWard <nward@acluwv.org>
**Subject:** RE: BPJ v WV | Plaintiff's Responses & Objections to Intervenor's First & Second Discovery Requests [IWOV-IWOV_FileDocs.FID1333803]

\*EXTERNAL\*

Hi Christiana,

Thank you for the call on Thursday. We write to respond to your February 8, 2022 email concerning Plaintiff's responses to certain discovery requests, and to memorialize our conversation on February 17.

At the outset, Plaintiff reiterates her view that many of Defendant-Intervenor's requests seek information that does not appear to be relevant to a claim or defense in this case.  The currently operative standard allows for discovery of information only if it "is relevant to any party's claim or defense and proportional to the needs of the case," Fed R. Civ. P. 26(b)(1), which replaced the prior "reasonably calculated to lead to the discovery of admissible evidence" language, *see id.* 2015 Advisory Committee Notes.  Relatedly, and additionally, many of Defendant-Intervenor's requests appear to seek to challenge whether B.P.J. is a transgender girl and/or question her medical treatment.  But that B.P.J. has been diagnosed with gender dysphoria and is transgender is a matter of record, and the propriety of her medical treatment or her gender identity as a general matter (unrelated to her participation in sports) is not the subject of this case.

In addition to seeking irrelevant material, many of Defendant-Intervenor's requests are notably broad and unwarranted, including because B.P.J. has already turned over medical records from all of her providers over a 7-year period, including information that reflects her gender dysphoria diagnosis.  Furthermore, B.P.J., her mother, and her father have all provided detailed deposition testimony regarding B.P.J.'s transgender status and participation in athletics, and Defendants are currently in the process of taking the depositions of B.P.J.'s medical providers.  Those sources of discovery largely provide the additional details sought by Defendant-Intervenor.

Plaintiff addresses each of the points in Defendant-Intervenor's February 8 email below.

**Interrogatory No. 2**

As noted in B.P.J.'s Responses and Objections to Defendant-Intervenor's First Set of Discovery Requests ("Responses and Objections"), B.P.J. objects to the phrases "your agent," "expressed gender dysphoria," and "any behavior, statements, actions, or other expression" as vague, ambiguous, and overbroad.  It is unclear what Defendant-Intervenor seeks when she asks for "expressions" of "gender dysphoria"—"gender dysphoria" involves a medical diagnosis, and B.P.J. is neither a medical provider nor a medical expert.  As Plaintiff noted in her Responses and Objections to Interrogatory No. 2, Plaintiff was formally diagnosed with gender dysphoria by Dr. Montano on July 15, 2019.

As stated during our call, to the extent that Defendant-Intervenor is seeking the first time that B.P.J. or her mother informed one of B.P.J.'s health care providers that B.P.J. is a girl, B.P.J. believes that her mother informed Dr. Montano around the time when B.P.J. first began seeking care from him, but cannot recall the exact date.  It is also possible that B.P.J. or her mother earlier apprised a health care provider of some characteristic arguably associated with B.P.J. being a girl, but B.P.J. does not currently recall any such occurrence.

**Interrogatory No. 4**

In response to Interrogatory No. 4, B.P.J. directs Defendant-Intervenor to B.P.J.'s Responses and Objections, and in particular to B.P.J.'s objections on relevance grounds.  This is a case about B.P.J.'s participation in school athletics, and not about B.P.J.'s gender identity writ large.  To the extent this request seeks information other than about sports participation, it is unclear what these requests seek other than to challenge whether B.P.J. is a transgender girl.

Subject to, and without waiving these objections, B.P.J. supplements her response in the first instance by directing Defendant-Intervenor to B.P.J.'s responses to the State of West Virginia's First Set of Discovery Requests, and to the documents produced in response to Requests No. 1 and Requests No. 4.

B.P.J. is appreciative of Defendant-Intervenor's agreement on our call to exclude "family members, and/or friends" from this Interrogatory.  In addition to the above, and as noted on the call, B.P.J. is willing to consider additional supplementation if Defendant-Intervenor is able to provide a more specific definition of "gender identity."

**Interrogatory No. 5**

Subject to, and without waiving the objections in her Responses and Objections, B.P.J. supplements her response in the first instance by directing Defendant-Intervenor to B.P.J.'s responses to the State of West Virginia's First Set of Discovery Requests, and to the documents produced in response to Requests No. 1 and Requests No. 4.  B.P.J. will also supplement her response to Interrogatory No. 5 with communications that B.P.J. and/or Heather Jackson may have had with other individuals regarding B.P.J.'s desire to play sports.

**Interrogatory No. 9**

Subject to, and without waiving the objections in her Responses and Objections, B.P.J. supplements her response in the first instance by directing Defendant-Intervenor to B.P.J.'s responses to the State of West Virginia's First Set of Discovery Requests, and to the documents produced in response to Requests No. 1 and Requests No. 4.  B.P.J. will also supplement her response to Interrogatory No. 9 with communications that B.P.J. and/or Heather Jackson may have had with other individuals regarding H.B. 3293.

**Request for Production No. 1**

As Plaintiff has stated in previous correspondence and during our call, Plaintiff is not withholding any medical records on privilege or relevance grounds.

**Request for Production No. 2**

In response to Request for Production No. 2, B.P.J. directs Defendant-Intervenor to B.P.J.'s Responses and Objections, and in particular to B.P.J.'s objections on relevance and overbreadth grounds.  This is a case about B.P.J.'s participation in school athletics.  It is unclear how B.P.J. and Heather Jackson's social media posts, and especially those going back as far as 7 years (*i.e.*, when B.P.J. was less than four years old), could possibly be relevant to a claim or defense in this case.  In addition to being overly broad, to the extent this request seeks information other than about transgender participation in sports and H.B. 3293 (or similar legislative proposals), it is unclear what these requests seek other than to challenge whether B.P.J. is a transgender girl.

Subject to, and without waiving these objections, B.P.J. is willing to supplement her response to Request for Production No. 2 by searching for and producing social media content related to H.B. 3293, to proposed legislation regarding transgender athletes, to the participation of transgender athletes in school sports, and to B.P.J.'s participation in school athletics.

**Request for Production No. 3**

In response to Request for Production No. 3, B.P.J. directs Defendant-Intervenor to B.P.J.'s Responses and Objections, and in particular to B.P.J.'s objections on relevance and overbreadth grounds.  This is a case about B.P.J.'s participation in school athletics.  Again, it is unclear how B.P.J. and Heather Jackson's email and text messages over a 7-year period about a range of topics unrelated to transgender participation in sports or H.B. 3293 (or similar proposed legislation) are relevant to a claim or defense in this case.  Your request for supplementation is particularly and unnecessarily burdensome given that Defendant-Intervenor has deposed B.P.J., her mother, and her father on all of these topics.

Subject to, and without waiving these objections, B.P.J. is willing to supplement her response to Request for Production No. 3 by searching for and producing emails or text messages related to H.B. 3293, to proposed legislation regarding transgender athletes, to the participation of transgender athletes in school sports, and to B.P.J.'s participation in school athletics.  We have confirmed with our client that Heather Jackson uses only one email address, and that B.P.J. also has access to one email address.

**Request for Production No. 4**

Plaintiff does not believe she has additional relevant information to provide at this time.  Plaintiff reserves the right to supplement her response to this Request until the close of discovery.

\*\*\*

Finally, Plaintiff appreciates the clarification that you provided during our February 17 meet and confer regarding Defendant-Intervenor's supplemental initial disclosures.  You explained that you supplemented those disclosures to add individuals otherwise identified in Defendant-Intervenor's interrogatory responses.  When reviewing Defendant-Intervenor's interrogatory responses and initial disclosures, however, Plaintiff noted that there are a number of individuals newly identified in Defendant-Intervenor's initial disclosures that were not identified in Defendant-Intervenor's interrogatory responses.  Can you please explain this discrepancy?

On the call, we also noted that we will need to understand whether you intend to rely on declaration or other testimony from any of the newly added individuals in order to depose them or otherwise week relief based on their addition after the deadline for written discovery.  You were going to take that request back.  Can you let us know if Defendants intend to rely on testimony from any of the newly added individuals at summary judgment or trial?

Best,
Katelyn

---

**From:** Christiana Holcomb <cholcomb@adflegal.org>
**Sent:** Friday, February 11, 2022 6:00 PM
**To:** Kang, Katelyn L <kkang@cooley.com>
**Cc:** Jonathan Scruggs <jscruggs@adflegal.org>; Hal Frampton <hframpton@adflegal.org>; Rachel Csutoros <rcsutoros@adflegal.org>; Timothy Ducar <tducar@azlawyers.com>; Brandon Steele <bsteelelawoffice@gmail.com>; Joshua Brown <joshua_brown05@hotmail.com>; Loree Stark <LStark@acluwv.org>; Barr, Andrew D <abarr@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Tara Borelli <Tborelli@lambdalegal.org>; Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Joshua Block <jblock@aclu.org>; Taylor Brown <TBrown@aclu.org>; Veroff, Julie M. <jveroff@cooley.com>; Hartnett, Kathleen <khartnett@cooley.com>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; 'kmorgan@baileywyant.com' <kmorgan@baileywyant.com>; 'khammond@baileywyant.com' <khammond@baileywyant.com>; 'rgreen@Shumanlaw.com' <rgreen@Shumanlaw.com>; 'kbandy@shumanlaw.com' <kbandy@shumanlaw.com>; Pelet del Toro, Valeria M. <vpeletdeltoro@cooley.com>; 'susan.deniker@steptoe-johnson.com' <susan.deniker@steptoe-johnson.com>; 'Jeffrey.Cropp@steptoe-johnson.com' <Jeffrey.Cropp@steptoe-johnson.com>; 'Curtis.R.A.Capehart@wvago.gov' <Curtis.R.A.Capehart@wvago.gov>; 'david.c.tryon@wvago.gov' <david.c.tryon@wvago.gov>; 'Doug.P.Buffington@wvago.gov' <Doug.P.Buffington@wvago.gov>; 'mtaylor@baileywyant.com' <mtaylor@baileywyant.com>; NWard <nward@acluwv.org>; 82303_B_P_J_ v_ West Virginia State Board of Education Correspondence <{F1333803}.IWOV_FileDocs@efs.adflegal.org>
**Subject:** RE: BPJ v WV | Plaintiff's Responses & Objections to Intervenor's First & Second Discovery Requests [IWOV-IWOV_FileDocs.FID1333803]

**[External]**

Hi Katelyn,

Thanks for your email. Let's plan for 2:30pm ET on Thursday, February 17. I'll circulate a meeting invitation.

Have a great weekend,
Christiana

**From:** Kang, Katelyn L <kkang@cooley.com>
**Sent:** Thursday, February 10, 2022 4:54 PM
**To:** Christiana Holcomb <cholcomb@adflegal.org>
**Cc:** Jonathan Scruggs <jscruggs@adflegal.org>; Hal Frampton <hframpton@adflegal.org>; Rachel Csutoros <rcsutoros@adflegal.org>; Timothy Ducar <tducar@azlawyers.com>; Brandon Steele <bsteelelawoffice@gmail.com>; Joshua Brown <joshua_brown05@hotmail.com>; Loree Stark <LStark@acluwv.org>; Barr, Andrew D <abarr@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Tara Borelli <Tborelli@lambdalegal.org>; Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Joshua Block <jblock@aclu.org>; Taylor Brown <TBrown@aclu.org>; Veroff, Julie M. <jveroff@cooley.com>; Hartnett, Kathleen <khartnett@cooley.com>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; 'kmorgan@baileywyant.com' <kmorgan@baileywyant.com>; 'khammond@baileywyant.com' <khammond@baileywyant.com>; 'rgreen@Shumanlaw.com' <rgreen@Shumanlaw.com>; 'kbandy@shumanlaw.com' <kbandy@shumanlaw.com>; Pelet del Toro, Valeria M. <vpeletdeltoro@cooley.com>; 'susan.deniker@steptoe-johnson.com' <susan.deniker@steptoe-johnson.com>; 'Jeffrey.Cropp@steptoe-johnson.com' <Jeffrey.Cropp@steptoe-johnson.com>; 'Curtis.R.A.Capehart@wvago.gov' <Curtis.R.A.Capehart@wvago.gov>; 'david.c.tryon@wvago.gov' <david.c.tryon@wvago.gov>; 'Doug.P.Buffington@wvago.gov' <Doug.P.Buffington@wvago.gov>; 'mtaylor@baileywyant.com' <mtaylor@baileywyant.com>; NWard <nward@acluwv.org>
**Subject:** RE: BPJ v WV | Plaintiff's Responses & Objections to Intervenor's First & Second Discovery Requests [IWOV-IWOV_FileDocs.FID1333803]

**\*EXTERNAL\***

Christiana,

Plaintiff is reviewing your email and will respond substantively, reserving all rights. Regarding your request for a meet and confer, Plaintiff is available from 2-5 eastern on Thursday, February 17. Plaintiff would like to discuss deficiencies in Ms. Armistead's responses, too, including the absence of any social media information that was requested. We will send additional information regarding those deficiencies next week.

Best,
Katelyn

**From:** Christiana Holcomb <cholcomb@adflegal.org>
**Sent:** Tuesday, February 8, 2022 5:16 PM
**To:** Kang, Katelyn L <kkang@cooley.com>
**Cc:** Jonathan Scruggs <jscruggs@adflegal.org>; Hal Frampton <hframpton@adflegal.org>; Rachel Csutoros <rcsutoros@adflegal.org>; Timothy Ducar <tducar@azlawyers.com>; Brandon Steele <bsteelelawoffice@gmail.com>; Joshua Brown <joshua_brown05@hotmail.com>; Loree Stark <LStark@acluwv.org>; Barr, Andrew D <abarr@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Tara Borelli <Tborelli@lambdalegal.org>; Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Joshua Block <jblock@aclu.org>; Taylor Brown <TBrown@aclu.org>; Veroff, Julie M. <jveroff@cooley.com>; Hartnett, Kathleen <khartnett@cooley.com>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; 'kmorgan@baileywyant.com' <kmorgan@baileywyant.com>; 'khammond@baileywyant.com' <khammond@baileywyant.com>; 'rgreen@Shumanlaw.com' <rgreen@Shumanlaw.com>; 'kbandy@shumanlaw.com' <kbandy@shumanlaw.com>; 'susan.deniker@steptoe-johnson.com' <susan.deniker@steptoe-johnson.com>; 'Jeffrey.Cropp@steptoe-johnson.com' <Jeffrey.Cropp@steptoe-johnson.com>; 'Curtis.R.A.Capehart@wvago.gov' <Curtis.R.A.Capehart@wvago.gov>; 'david.c.tryon@wvago.gov' <david.c.tryon@wvago.gov>; 'Doug.P.Buffington@wvago.gov' <Doug.P.Buffington@wvago.gov>; 'mtaylor@baileywyant.com' <mtaylor@baileywyant.com>; Kang, Katelyn L <kkang@cooley.com>; 82303_B_P_J_ v_ West Virginia State Board of Education Correspondence <{F1333803}.IWOV_FileDocs@efs.adflegal.org>

**Subject:** BPJ v WV | Plaintiff's Responses & Objections to Intervenor's First & Second Discovery Requests [IWOV-IWOV_FileDocs.FID1333803]

**[External]**

Hello Katelyn:

Intervenor's counsel are in receipt of Plaintiff's Responses and Objections to Intervenor's First Set of Discovery Requests (served on January 18, 2022) and Plaintiff's Responses and Objections to Intervenor's Second Set of Interrogatories and Requests for Production (served January 24, 2022). We write to note the deficiencies of Plaintiff's responses and production, and request that those deficiencies be cured as quickly as possible.

**Interrogatory #2**
Interrogatory #2 stated: "Identify the first time you or your agent apprised a Health Care Provider of any behavior, statements, actions, or other expression by B.P.J. that expressed gender dysphoria."

Plaintiff's answer was non-responsive. Plaintiff stated *when* B.P.J. was diagnosed with gender dysphoria, but did not answer the question posed, which was to identify the first time B.P.J. or Heather Jackson apprised a Health Care Provider of a statement, action, or other expression by B.P.J. that expressed gender dysphoria. If Plaintiff intended to communicate that July 15, 2019 was the first time a Health Care Provider was apprised of any symptoms by B.P.J. that expressed gender dysphoria, please state so.

Please supplement your answer.

**Interrogatory #4**
Interrogatory #4 stated: "Identify all of your communications with medical personnel, school employees, administrators, sports coaches, extracurricular activity administrators or facilitators, family members, and/or friends concerning B.P.J.'s gender identity since the date identified in Interrogatory No. 2."

Plaintiff's answer was non-responsive. Plaintiff noted that in response to Defendant State of West Virginia's interrogatories B.P.J. had identified medical providers and Defendant representatives with whom B.P.J. and/or Heather Jackson had communicated regarding B.P.J.'s gender identity or athletics.

But B.P.J. failed to identify communications with these individuals. As noted in the Instructions, "identify" when used in connection with a communication "means to describe fully the details of the communication, including the people involved, the date with as much specificity as can be recalled, and the substance of the communication." Plaintiff made no attempt at describing the communications, the people involved, the timeframe, or its substance.

Moreover, Plaintiff did not identify communications B.P.J. and/or Heather Jackson had with any extracurricular activity administrators or facilitators, family members, or friends regarding B.P.J.'s gender identity. During depositions, deponent Wesley Pepper indicated that that such conversations had occurred with family members.

Please supplement your answer.

**Interrogatory #5**
Interrogatory #5 stated: "Identify all of your communications concerning B.P.J.'s desire to play sports with anyone involved with or employed by Bridgeport Middle School or Norwood Elementary School."

Plaintiff's answer was incomplete. Plaintiff identified persons with whom B.P.J. or Heather Jackson purportedly communicated about B.P.J.'s desire to play sports, but failed to identify those communications. As noted in the Instructions, "identify" when used in connection with a communication "means to describe fully the details of the communication, including the people involved, the date with as much specificity as can be recalled, and the substance of

the communication." Plaintiff made no attempt at describing the communications, the people involved, the timeframe, or its substance.

Please supplement your answer.

**Interrogatory #9**
Interrogatory #9 stated: "Identify all of your communications about this litigation or H.B. 3293, excluding communications with your attorneys."

Plaintiff's answer referred to other discovery responses in which Plaintiff's listed individuals with whom B.P.J. or Heather Jackson communicated. But Plaintiff failed to identify the *communications* that occurred. As noted in the Instructions, "identify" when used in connection with a communication "means to describe fully the details of the communication, including the people involved, the date with as much specificity as can be recalled, and the substance of the communication." Plaintiff made no attempt at describing the communications, the people involved, the timeframe, or its substance.

Moreover, the individuals listed in response to Defendant State of West Virginia's Interrogatory #4 and #5 are medical providers and Defendant representatives. Those listed in response to Intervenor's Interrogatory #12 are public statements to the media. Plaintiff fails to identify any communications—whether written or oral—with friends, family, acquaintances, colleagues of Heather Jackson, etc.

Please supplement your answer.

**Request for Production #1**
Request for Production #1 states: "Please produce all medical records, mental health records, counseling records, or other health records of B.P.J., and any correspondence or reports relating to any such records, from the date identified in Interrogatory No. 2 until the present that have not already been produced in Response to Defendant State of West Virginia."

Plaintiff stated that "all responsive non-privileged documents have been produced." Are documents being withheld on the basis of privilege *other* than those that comprise the litigation file of counsel? (As noted in the Instructions, "[T]hese requests are not seeking documents made by Plaintiff's attorneys and agents which are protected by attorney-client or work-product privileges.")

If Plaintiff is withholding documents on any basis other than what is specifically excluded in the Instructions, please produce a privilege log.

**Request for Production #2**
Request for Production #2 states: "Please produce all of B.P.J.'s and Heather Jackson's social media accounts, posts, and content for the past 7 years that include the terms, or relate to, transgender, gender identity, gender dysphoria, the ACLU, sports, and any pictures of B.P.J."

Plaintiff produced nothing, and instead requested a meet and confer. I am available to meet and confer on Thursday, February 17, 2022 between 10:00am ET - 5:00pm ET or Friday, February 18, 2022 between 10:00am ET and noon ET.

**Request for Production #3**
Request for Production #3: "Please produce all of your written or electronic commutations over the past 7 years that concern or relate to B.P.J.'s gender identity, gender dysphoria, transgender, identification as female, gender transition, social transition, medical treatment related to B.P.J.'s gender identity, or psychological or other mental health or counseling treatment related to B.P.J.'s gender identity. Please include with this response and explanation of your search methodology, including a list of any search terms utilized, to ensure that you conducted a diligent search for the requested materials."

Plaintiff stated that B.P.J. has already produced "all responsive medical records and public statements regarding this litigation and H.B. 3293." But the Interrogatory was not limited solely to B.P.J.'s medical providers and public statements. The Interrogatory requested "all of your written or electronic communications" about the identified topics in the identified timeframe.

To date, Plaintiff has produced only one email from Heather Jackson, not a single email from B.P.J., and not a single text message from either Heather Jackson or B.P.J. This is hardly credible.

Please confirm that the following locations have been diligently searched:
- any and all email addresses belonging to Heather Jackson;
- all text messages on any cell phone belonging to Heather Jackson;
- any and all email address belonging to B.P.J; and
- any text messages on any cell phone belonging to B.P.J.

Please also identify the search terms utilized and methodology, and supplement your answers.

**Request for Production #4**
Request for Production #4 states: "Please produce all of your written or electronic commutations over the past 7 years that concern or relate to any alleged mistreatment of B.P.J. that you believe is related to B.P.J.'s gender identity, B.P.J.'s participation in cheerleading, B.P.J.'s participation in sports, and/or B.P.J.'s desire to run competitively. Please include with this response and explanation of your search methodology, including a list of any search terms utilized, to ensure that you conducted a diligent search for the requested materials."

Plaintiff only pointed to B.P.J.'s Complaint and Motion for Preliminary Injunction. If Plaintiff possesses or intends to rely on any documents or other electronic communications from the past 7 years to support any alleged "mistreatment" of B.P.J. that you believe is related to B.P.J.'s gender identity, B.P.J.'s participation in cheerleading, B.P.J.'s participation in sports, and/or B.P.J.'s desire to run competitively, please produce those documents.

~ ~ ~

As noted above, I am available to meet and confer on Thursday, February 17, 2022 between 10:00am ET - 5:00pm ET or Friday, February 18, 2022 between 10:00am ET and noon ET. Please let me know if there's a good time for you.

Kind regards,
Christiana



Christiana Holcomb
Legal Counsel
+1 202 393 8690 (Office)
202-347-3622 (Fax)
cholcomb@adflegal.org
ADFlegal.org

This e-mail message from Alliance Defending Freedom and any accompanying documents or embedded messages is intended for the named recipients only. Because Alliance Defending Freedom is a legal entity engaged in the practice of law, this communication contains information, which may include metadata, that is confidential, privileged, attorney work product, or otherwise protected from disclosure under applicable law. If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited. If you have received this

message in error, please immediately notify the sender and permanently delete the message. PRIVILEGED AND CONFIDENTIAL - ATTORNEY-CLIENT COMMUNICATION/ATTORNEY WORK PRODUCT.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.