# Exhibit 62

# Cooley

Kathleen Hartnett
+1 (415) 693-2071
khartnett@cooley.com

Christiana Holcomb
Alliance Defending Freedom
440 First Street, NW
Washington, DC 2001
cholcomb@adflegal.org

March 17, 2022

> Re: **B.P.J. et al. v. West Virginia State Board of Education et al., No. 2:21-cv-00316 (S.D.W. Va.)**

Dear Counsel:

We write regarding several newly apparent deficiencies with the discovery responses of Intervenor Lainey Armistead ("Intervenor"), which we request that you cure, and to confirm other matters. Please respond and supplement your discovery responses by March 23 in light of the upcoming close of discovery. We are available to meet and confer.

**A) Production Commitments From Intervenor's Deposition**

At Intervenor's deposition on March 11, 2022, counsel for Intervenor agreed to produce the Spring 2022 Graduation Application completed by Intervenor. Please do so promptly and provide Plaintiff with an update once Intervenor has made a decision as to her plans for the fall of 2022.

Counsel for Intervenor also agreed to obtain Intervenor's scholarship agreement from the last two years. As you are aware, Plaintiff's Request for Production No. 10 sought all documents sufficient to show any scholarships Intervenor received and put toward the cost and expense of attending college. Likewise, Plaintiff's Request for Production No. 12 sought all documents and communications reflecting new financial opportunities that Intervenor received due to playing soccer. Intervenor has not produced copies of her scholarship agreements in response to these requests. Please promptly supplement your discovery responses by providing Intervenor's scholarship agreements for 2020, 2021, and 2022.

# Cooley

March 17, 2022
Page Two

**B) Deficiencies In Intervenor's Discovery Responses**

    1)  Requests for Production Nos. 1, 2, and 3

At her deposition, Intervenor testified that a number of people reached out to her via Twitter and Facebook to talk about H.B. 3293 or her participation in the lawsuit. These communications were not provided to Plaintiff despite being responsive to several of Plaintiff's requests, including Requests for Production Nos. 1 and 2. Please promptly produce communications to or from Intervenor on Facebook, Twitter, or any other social media site concerning H.B. 3293 or Intervenor's participation in this lawsuit.

Intervenor also testified to communicating with Jayme Metzgar, Lisa Mann, Sinead Samarczuk, Brooklyn Pritt, Alison Raymond, Savanna Sowders, and Haley Lancester regarding H.B. 3293 or this litigation. Communications with these individuals on this topic would be responsive to Plaintiff's Requests for Production Nos. 1, 2, and 3. Please produce responsive documents and state whether Intervenor is withholding any communications responsive to Plaintiff's Requests for Production Nos. 1, 2, and 3.

    2)  Documents Bates Stamped L.Armistead 000001 and L.Armistead 000183

Intervenor did not produce metadata sufficient to identify the participants on the communications for the documents Bates stamped L.Armistead 000001 and L.Armistead 000183. Intervenor also did not provide the attachments to those communications. Please promptly provide Plaintiff with this information.

    3)  Privilege Log

Intervenor is withholding an email communication Bates stamped L.Armistead 000197-199 on the purported basis of attorney-client privilege, attorney work product, and common interest privilege. We do not see a basis for the applicability of any of these privileges based on the information provide. Please provide caselaw, if any, supporting your position that the email forwarded by Intervenor to Sinead Samarczuk is privileged. As you are aware, the party invoking privilege has the burden to demonstrate its applicability to the communication in question and that the privilege was not waived. *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982).

    4)  Initial Disclosures

As noted above, several additional individuals with discoverable information were named by Intervenor in her deposition. Please further supplemental your initial disclosures accordingly.

Further, by email dated February 25, you have refused to identify which of the 37 newly added people on February 11 you intend to present as declarants at summary judgment or as witnesses at

# Cooley

March 17, 2022
Page Three

trial. Plaintiff cannot depose all of these people nor would doing so serve any purpose. Plaintiff reiterates her request that Intervenor inform Plaintiff which witnesses she has a reasonable belief she "may use to support [Intervenor's] claims or defenses." Absent this information, Plaintiff will move to exclude testimony of any newly added witness at summary judgment or trial based on Plaintiff's inability to depose these late-disclosed and unspecified witnesses.

Sincerely,

Kathleen Hartnett

Cooley LLP   3 Embarcadero Center   20th Floor   San Francisco, CA   94111-4004
t: +1 415 693 2000  f: +1 415 693 2222  cooley.com