Exhibit 63

| | |
|---|---|
| **From:** | Christiana Holcomb <cholcomb@adflegal.org> |
| **Sent:** | Wednesday, March 23, 2022 6:10 PM |
| **To:** | Kang, Katelyn L; Joshua Block; Hartnett, Kathleen; Veroff, Julie M.; Helstrom, Zoë W.; Loree Stark; NWard; Avatara Smith-Carrington; Reinhardt, Elizabeth F; Carl Charles; Tara Borelli; Barr, Andrew D; Sruti Swaminathan; Pelet del Toro, Valeria M.; rgreen@Shumanlaw.com; kbandy@shumanlaw.com; srogers@shumanlaw.com; kmorgan@baileywyant.com; khammond@baileywyant.com; mtaylor@baileywyant.com; Doug.P.Buffington@wvago.gov; Curtis.R.A.Capehart@wvago.gov; David.C.Tryon@wvago.gov; bsteelelawoffice@gmail.com; Susan Deniker; Jeffrey Cropp |
| **Cc:** | Hal Frampton; Jonathan Scruggs; Rachel Csutoros; Joshua_brown05@hotmail.com; tducar@azlawyers.com; bsteelelawoffice@gmail.com; 82303_B_P_J_ v_ West Virginia State Board of Education Correspondence |
| **Subject:** | RE: B.P.J. v. WV | Intervenor's Responses to Plaintiff's Second RFAs [IWOV-IWOV_FileDocs.FID1333803] |

**[External]**

Good evening, Katelyn:

In response to Plaintiff's letter of March 17:

**1) Document production**
We will produce a copy of Ms. Armistead's Spring 2022 graduation application tomorrow.

Ms. Armistead's scholarship agreements for 2020, 2021, and 2022 are not in her possession or control, but she is requesting copies from West Virginia State University.

We will also update Plaintiff's counsel once we receive word that Ms. Armistead has made a final decision as to her fall plans.

With regard to documents 000001 and 0000183, Ms. Armistead made a good faith effort to produce all of her communications and, in fact, produced the vast majority of her communications in native format with metadata intact. But as noted in her Objection to Instruction #6 of Plaintiff's Requests for Production, after multiple attempts by individuals experienced in retrieving ESI—including several IT specialists—over the course of many hours, it was determined that there was no reasonably viable option for retrieving *all* of Ms. Armistead's text messages as tagged image files accompanied by metadata without significant expense and significant burden to Ms. Armistead. The responsive text threads that were successfully retrieved have been produced as TIFF or JPEGs with the metadata attached.

Document 00001 was produced in native format with metadata attached. This document is a text thread with Dalton Maggard.

Document  0000183 was also produced in native format with metadata attached, and is the native version of document 00006—a text thread with Brooklyn Pitt.

**2) Social media**
Ms. Armistead will search her social media accounts a second time for individuals who may have reached out to her regarding HB 3293 or this lawsuit.

**3) Communications**
Ms. Armistead did not testify to communicating with Jayme Metzgar—she testified that her mother communicated with Ms. Metzgar. Ms. Armistead does not recall ever personally communicating with Ms. Metzgar and therefore has no responsive communications.

Ms. Armistead is not withholding any responsive communications with the other individuals listed other than what is detailed on her privilege log. Ms. Armistead has already produced written communications with Brooklyn Pitt (*see, e.g.* L.Armistead 00006, 000183), and listed in response to Plaintiff's Interrogatory #2 and #7 her oral communications with the WVSU soccer team (including Sinead Samarczuk), Alison Raymond, Savanna Sowders, and Haley Lancaster, among others. Ms. Armistead has communicated orally with her coach, Lisa Mann, regarding this litigation.

**4)  Privilege Log**
Ms. Armistead's privilege log states that Lainey Armistead forwarded an email from Christiana Holcomb, her attorney in this case, to Sinead Samarczuk, a potential client, about possible participation as intervenor in this litigation.

At the time of the email, dated July 7, 2021, both Ms. Samrazcuk and Ms. Armistead were considering intervention and were prospective clients communicating in anticipation of litigation. The email forwarded by Ms. Armistead to Ms. Samrazcuk contained the mental impressions and opinion work product of counsel. Ms. Armistead communicated with Ms. Samrazcuk on our behalf and was acting as our agent.

It is uncontroversial that attorney documents which are prepared in anticipation of litigation —especially those containing the mental impression of counsel—are protected work product. *See, e.g.*, *In re Grand Jury Proceedings #5 Empanelled January 28, 2004*, 401 F.3d 247, 250 (4th Cir. 2005). Moreover, the Fourth Circuit in *In re Doe* noted a clear distinction between "disclosures of attorney work product material to someone with a common interest to that of the attorney or client, which normally does not amount to a waiver, and disclosure to a person with adverse interests, which does constitute a waiver…." *See Nelson v. Green, No. 3:06-CV-70, 2014 WL 12909405*, at *2–3 (W.D. Va. Sept. 8, 2014) (citing *In re Doe*, 662 F.2d 1073, 1081 (4th Cir. 1981)). The district court in *Nelson* concluded that because attorney documents prepared in anticipation of litigation were shared with individuals of a common interest, they were protected by the work product doctrine. The same logic applies here, as Ms. Samrazcuk shared a common litigation interest with Ms. Armistead. Both female athletes at WVSU share a common interest in defending West Virginia's save women's sports law and ensuring fair and safe play on the soccer field. The email shared between them was from their attorney in anticipation of litigation.

**5) Initial disclosures**
FRCP 26(a)(1) requires that parties disclose individuals "that the disclosing party may use to support its claims or defenses." We have satisfied that obligation.

Finally, as noted in my February 25, 2022 email to Katelyn Kang, Ms. Armistead may rely on the declaration or testimony of some of the individuals identified in her initial disclosures. We have not yet made those final determinations, nor is Plaintiff entitled to the identification of such persons at this time.

Kind regards,
Christiana

---

**From:** Kang, Katelyn L <kkang@cooley.com>
**Sent:** Thursday, March 17, 2022 5:24 PM
**To:** Christiana Holcomb <cholcomb@adflegal.org>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Veroff, Julie M. <jveroff@cooley.com>; Helstrom, Zoë W. <zhelstrom@cooley.com>; Loree Stark <LStark@acluwv.org>; NWard <nward@acluwv.org>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Carl Charles <CCharles@lambdalegal.org>; Tara Borelli <Tborelli@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Pelet del Toro, Valeria M. <vpeletdeltoro@cooley.com>;

rgreen@Shumanlaw.com; kbandy@shumanlaw.com; srogers@shumanlaw.com; kmorgan@baileywyant.com; khammond@baileywyant.com; mtaylor@baileywyant.com; Doug.P.Buffington@wvago.gov; Curtis.R.A.Capehart@wvago.gov; David.C.Tryon@wvago.gov; bsteelelawoffice@gmail.com; Susan Deniker <Susan.Deniker@Steptoe-Johnson.com>; Jeffrey Cropp <Jeffrey.Cropp@steptoe-johnson.com>
**Cc:** Hal Frampton <hframpton@adflegal.org>; Jonathan Scruggs <jscruggs@adflegal.org>; Rachel Csutoros <rcsutoros@adflegal.org>; Joshua_brown05@hotmail.com; tducar@azlawyers.com; Emily Christoph <echristoph@adflegal.org>; bsteelelawoffice@gmail.com
**Subject:** RE: B.P.J. v. WV | Intervenor's Responses to Plaintiff's Second RFAs

**\*EXTERNAL\***

---

Counsel:

Please see the attached.

Best,
Katelyn

---

**From:** Christiana Holcomb <cholcomb@adflegal.org>
**Sent:** Thursday, March 10, 2022 7:31 PM
**To:** Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Veroff, Julie M. <jveroff@cooley.com>; Helstrom, Zoë W. <zhelstrom@cooley.com>; Loree Stark LStark@acluwv.org; NWard nward@acluwv.org; Kang, Katelyn L kkang@cooley.com; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Carl Charles <CCharles@lambdalegal.org>; Tara Borelli <Tborelli@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Pelet del Toro, Valeria M. <vpeletdeltoro@cooley.com>; rgreen@Shumanlaw.com; kbandy@shumanlaw.com; srogers@shumanlaw.com; kmorgan@baileywyant.com; khammond@baileywyant.com; mtaylor@baileywyant.com; Doug.P.Buffington@wvago.gov; Curtis.R.A.Capehart@wvago.gov; David.C.Tryon@wvago.gov; bsteelelawoffice@gmail.com; Susan Deniker <Susan.Deniker@Steptoe-Johnson.com>; Jeffrey Cropp <Jeffrey.Cropp@steptoe-johnson.com>
**Cc:** Hal Frampton <hframpton@adflegal.org>; Jonathan Scruggs <jscruggs@adflegal.org>; Rachel Csutoros <rcsutoros@adflegal.org>; Joshua_brown05@hotmail.com; tducar@azlawyers.com; Emily Christoph <echristoph@adflegal.org>; bsteelelawoffice@gmail.com
**Subject:** B.P.J. v. WV | Intervenor's Responses to Plaintiff's Second RFAs

**[External]**

---

Counsel,

Please find attached Intervenor's responses to Plaintiff's second set of RFAs.

Kind regards,
Christiana



Christiana Holcomb
Senior Counsel
+1 202 393 8690 (Office)
202-347-3622 (Fax)
cholcomb@adflegal.org
ADFlegal.org

This e-mail message from Alliance Defending Freedom and any accompanying documents or embedded messages is intended for the named recipients only. Because Alliance Defending Freedom is a legal entity engaged in the practice of law, this communication contains information, which may include metadata, that is confidential, privileged, attorney work product, or otherwise protected from disclosure under applicable law. If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited. If you have received this message in error, please immediately notify the sender and permanently delete the message. PRIVILEGED AND CONFIDENTIAL - ATTORNEY-CLIENT COMMUNICATION/ATTORNEY WORK PRODUCT.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.