IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

   Plaintiff,

v.

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,

   Defendants,

and

LAINEY ARMISTEAD,

   Defendant-Intervenor.

Civil Action No. 2:21-cv-00316
Honorable Joseph R. Goodwin

### DEFENDANTS WEST VIRGINIA STATE BOARD OF EDUCATION AND W. CLAYTON BURCH'S REPLY IN SUPPORT OF THEIRMOTION FOR SUMMARY JUDGMENT

**NOW COME,** Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch (collectively hereinafter "WVBOE Defendants"), by and through counsel, Kelly C. Morgan, Michael W. Taylor, Kristen V. Hammond, and the law firm of Bailey & Wyant, P.L.L.C., and, in support of their Motion for Summary Judgment [ECF Nos. 283 & 284], hereby reply to Plaintiff's Consolidated Memorandum in Opposition to Defendants' Motions for Summary Judgment [ECF No. 331] as follows:

## I. LAW AND ARGUMENT

As anticipated, Plaintiff asserts two arguments as to why WVBOE Defendants are not entitled to summary judgment in this civil action. First, Plaintiff argues that WVBOE Defendants have "ultimate control" over the remaining Defendants and that WVBOE Defendants have a duty to promulgate rules regarding H.B. 3293. As explained in detail in WVBOE Defendants' motion for summary judgment [ECF Nos. 283 & 284] and further explained below, these assertions fail to defeat WVBOE Defendants' motion for summary judgment. Second, Plaintiff argues that the issue as to standing has already been resolved by this Court's previous Order denying Defendants' motions to dismiss. However, a party invoking federal subject matter jurisdiction bears the burden to prove the standing elements through discovery. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (finding that the elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation . . . [and] [i]n response to a summary judgment motion . . . the plaintiff . . . must set forth by affidavit or other evidence specific facts, which . . . will be taken to be true." (internal citations and quotation marks omitted)). At the summary judgment stage, Plaintiff has failed to meet her burden to establish standing against WVBOE Defendants.

### A. WVBOE DEFENDANTS HAVE A "GENERAL DUTY" TO SUPERVISE THE STATE'S SCHOOL SYSTEM WHICH DOES NOT CONFER STANDING.

With respect to Plaintiff's argument that WVBOE Defendants supervise the public education system in West Virginia, thus conferring standing, Plaintiff again relies upon *Robertson v. Jackson*, 972 F.2d 529 (4th Cir. 1992) as controlling in this case. However, *Robertson* is distinguishable from this case. In *Robertson*, the Fourth Circuit Court of Appeals affirmed an injunction ordering the State official responsible for the supervision of the State's food stamp program to ensure compliance by

local government agencies that were delegated administrative responsibilities by the State. *Id*., at 532-34. The State official had signed a Federal/State Agreement which created a legal obligation to administer the food stamp program in the manner proscribed by federal law and the Court found that delegation could not diminish the State's "ultimate responsibility" for compliance with federal requirements. *Id*., at 533. Thus, the State's scheme regarding the administration of the system was irrelevant because statutorily and contractually the State official had the "ultimate responsibility" for compliance with federal law.

Unlike in *Robertson*, no statutory or contractual delegation of "ultimate responsibility" exists for WVBOE Defendants in this case. Here, WVBOE Defendants only obligation with respect to the statute is to promulgate rules regarding the same. *See West Virginia Code* § 18-2-25d. There is no provision in the statute with respect to enforcement by WVBOE Defendants *or* responsibility to ensure compliance with the same. *Id*. In fact, Plaintiff concedes that enforcement of the statute falls upon the County Board and WVSSAC and not WVBOE Defendants. [ECF No. 331, at 14 stating ". . .the County Board and WVSSAC, which must directly enforce H.B. 3293 against B.P.J."].

Because there is no obligation for WVBOE Defendants to enforce the statute, Plaintiff attempts to parse *dicta* by the Supreme Court of Appeals of West Virginia to create a similar "ultimate responsibility" as the Fourth Circuit Court of Appeals found in *Robertson*. Plaintiff purposefully misleads this Court by relying on *dicta* from *State ex rel. Lambert by Lambert v. West. Va. State Bd. of Educ.*, 191 W. Va. 700, 709, 447 S.E.2d 901, 910 (1994), by asserting that WVBOE Defendants have "ultimate control" over the County Board and WVSSAC. This "ultimate control" language is used no less than four times in Plaintiff's Consolidated Memorandum. [ECF No. 33, at 15, 16]. However, as this Court is aware, cherry-picked language from a Supreme Court of Appeals of West Virginia decision does not constitute the Court's holding. Rather, syllabus points contain

the announcement of the law in West Virginia. *See* Syl. Pt. 1, *State v. McKinley*, 234 W. Va. 143, 764 S.E.2d 303 (2014) (holding that "[s]igned opinions containing original syllabus points have the highest precedential value because the Court uses original syllabus points to announce new points of law or to change established patterns of practice by the Court."); *see also State ex rel. Vanderra Res., LLC v. Hummel*, 242 W. Va. 35, 43, 829 S.E.2d 35, 43 (2019) (confirming that "we have made it clear that language utilized in our syllabus points, rather than our dicta, is controlling.")

> Syllabus Point 6 in *Lambert* accurately explains the powers of WVBOE Defendants:
>
> Notwithstanding the transfer of supervisory authority over interscholastic athletic events and other extracurricular activities to county boards of education and the West Virginia Secondary School Activities Commission, West Virginia Code § 18-2- 25 (1994) is constitutional, since it is clear that the Legislature, in enacting said statute, only intended to permit county boards of education and the West Virginia Secondary School Activities Commission to supervise and to regulate extracurricular activities subject to the **West Virginia State Board of Education's duty under Article XII, § 2 of the West Virginia Constitution to generally supervise the schools in this state**.

*Syl. Pt. 6, Lambert*, 191 W. Va. 700, 447 S.E.2d 901. This holding is clearly consistent with the plain language of the *West Virginia Constitution*, which states that "[t]he ***general supervision*** of the free schools of the State shall be vested in the West Virginia board of education which shall perform such duties as may be prescribed by law." W. Va. Const. Art. XII, § 2 (emphasis added). Moreover, West Virginia law dictates that "[t]he State Superintendent of Schools shall have ***general supervision*** of the free schools of the State." *W. Va. Code* § 18-3-3 (emphasis added).

Regardless of the cherry-picked *dicta*, as explained above, Plaintiff concedes that enforcement of the statute is by the County Board and WVSSAC. [ECF No. 331, at 14]. Further, Plaintiff cites to no evidence or law where WVBOE Defendants, through direct involvement, constraint, or compulsion, will enforce this specific statute. Plaintiff's failure to do forecloses standing in this case, as the evidence must show that WVBOE Defendants have more than a general

4

duty regarding enforcement of the statute. Specifically, to establish standing, Plaintiff must show more than the fact that a State official stands ready to perform their general duty to enforce laws. *See e.g. Poe v. Ullman*, 367 U.S. 497, 501, 81 S. Ct. 1752, 6 L. Ed. 2d 989 (1961); *Doe v. Duling*, 782 F.2d 1202, 1206 (4th Cir. 1986) (finding that "[a] litigant must show more than the fact that state officials stand ready to perform their general duty to enforce laws."); *City of Austin v. Paxton*, 943 F.3d 993, 1000 (5th Cir. 2019) (distinguishing "general duty" to implement state law from "particular duty to enforce the statute in question."). Plaintiff must, at the minimum, establish that the ***specific*** defendant has a role in ***enforcing*** the statute at issue. *Disability Rights S.C. v. McMaster*, 24 F.4th 893, 902 (4th Cir. 2022) (finding that "[w]hen a defendant has no role in enforcing the law at issue, it follows that the plaintiff's injury allegedly caused by that law is not traceable to the defendant.").

Because Plaintiff cannot establish that WVBOE Defendants have any specific role in the enforcement of the statute, Plaintiff lacks standing to sue WVBOE Defendants. Therefore, WVBOE Defendants are entitled to summary judgment based on lack of standing. Moreover, for the same reasons, WVBOE Defendants have no specific enforcement role with respect to the statute so Plaintiff cannot establish the causation element for the causes of action asserted against WVBOE Defendants. Therefore, even if this Court finds standing, Plaintiff lacks evidence of causation on the part of WVBOE Defendants. Because there is no such evidence of causation, WVBOE Defendants are entitled to summary judgment as to Plaintiff's claims.

### B. WVBOE DEFENDANTS' MANDATORY DUTY TO PROMULGATE ADMINISTRATIVE RULES DOES NOT CONFER STANDING.

Plaintiff's position regarding the mandatory duty under the statute to promulgate rules ignores the fact that promulgation of rules will not result in WVBOE Defendants enforcing the statute. Plaintiff cites to no law or other authority wherein the promulgation of a rule for which the

5

promulgating party will not enforce is a sufficient causal connection to confer standing. Plaintiff, in a footnote, asserts that "courts regularly consider suits and order injunctive relief against agencies that promulgate rules that do not directly enforce." [ECF No. 331, at 13, n. 7]. To support this "regularly consider" assertion, Plaintiff cites to one case, *Huisha-Huisha v. Mayorkas,* No. 21-100 (EGS), 2021 WL 4206688, at *3 (D.D.C. Sept. 16, 2021) wherein Plaintiff asserts the Court granted "a preliminary injunction against the Director of the Centers for Disease Control ('CDC') in their official capacity, among other defendants, in a challenge to a rule issued by CDC but implemented by the U.S. Department of Homeland Security), *aff'd in part*, 27 F.4th 748 (D.C. Cir. 2022)." [*Id*.]. This anecdotal case cited by Plaintiff is of no merit as the issue of standing was not asserted by the CDC so the Court was not faced with ruling on this argument. Curiously, Plaintiff cites to no other case regarding the promulgation of a rule. More importantly, the CDC's action at issue in *Huisha-Huisha* was not the prospective promulgation of a rule, but rather the issuance of an "Order" "to temporarily suspend the effect of any law, rule, decree, or order by which a person would otherwise have the right to be introduced or seek introduction into the U.S." *Huisha-Huisha v. Mayorkas*, 27 F.4th 718, 726 (D.C. Cir. 2022). In other words, in *Huisha-Huisha*, the government entity had taken action, issuing an order, as opposed to being statutorily required to promulgate rules in the future.

In sum, no case law exists to confer standing upon a government entity that is statutorily required to promulgate a rule; has not yet promulgated a rule; and would otherwise not specifically enforce the rule promulgated. WVBOE Defendants' mandatory duty to promulgate rules under the statute does not confer standing in this case. Therefore, WVBOE Defendants are entitled to summary judgment as to Plaintiff's claims against them.

  **C. WVBOE DEFENDANTS ARE ENTITLED TO LEGISLATIVE IMMUNITY REGARDING PROMULGATION OF RULES.**

In response to WVBOE Defendants' legislative immunity argument, Plaintiff does not assert

that WVBOE Defendants would not undertake legislative action in promulgating rules under the statute. Rather, Plaintiff merely argues that she is not aware of any case law for which legislative immunity is conferred upon an executive agency that promulgated implementing rules pursuant to a statute. [ECF No. 331, at 14]. This argument is without merit as the standard to implement legislative immunity is not on who performed it or why, but merely on the nature of the act in question and ample case law exists on this point. Specifically, the Supreme Court of the United States held "[w]hether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan v. Scott-Harris,* 523 U.S. 44, 54, 118 S. Ct. 966, 140 L. Ed. 2d 79 (1998). Thus, "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Id.*, 523 U.S. at 55.

Moreover, numerous Courts have conferred legislative immunity to executive agencies that promulgated rules and/or regulations pursuant to a statutory mandate. *See Lake County Estates v. Tahoe Regional Planning Agency,* 440 U.S. 391, 394, 405, 99 S. Ct. 1171, 59 L. Ed. 2d 401 (1979) (finding that members of Tahoe Regional Planning Agency's governing board had legislative immunity in an action challenging the agency's adoption of a land use ordinance, where the ordinance's adoption was based upon delegated powers from the California and Nevada legislatures); *Supreme Court of Virginia v. Consumers Union of U.S., Inc.,* 446 U.S. 719, 734, 100 S. Ct. 1967, 64 L. Ed. 2d 641 (1980) (holding that the members of the Virginia Supreme Court were entitled to absolute legislative immunity in connection with the quasi-legislative function of promulgating the State Bar Code); *Bruce v. Riddle*, 631 F.2d 272, 280 (4th Cir. 1980) (holding that county council members were entitled to absolute legislative immunity when performing legislative acts which included voting on city ordinances); *Herrera v. Finan*, 176 F. Supp. 3d 549, 569-70 (D.S.C. 2016), *aff'd* 709 F. App'x 741 (4th Cir. 2017) (observing that Commissioners of the South

7

Carolina Commission on Higher Education were entitled to legislative immunity in connection with exercising their quasi-legislative authority to promulgate regulations with respect to residency determinations); *Gerow* v. *Washington*, 383 Fed. Appx. 677, 678-79 (9th Cir. 2010) (affirming district court's finding that members of Washington State Gambling Commission were entitled to legislative immunity with respect to the adoption of regulations pursuant to statutory mandate); *Redwood Vill. P'ship v. Graham*, 26 F.3d 839, 842 (8th Cir. 1994) (holding "that executive officials are absolutely immune from suits for money damages under section 1983 for their promulgation of rules."); *Fletcher v. U.S. Parole Comm'n*, 550 F.Supp.2d 30, 40 (D.D.C. 2008) (finding that promulgation of an allegedly unconstitutional regulation by agency officials is a quasi-legislative function entitling members to absolute legislative immunity from money damages); *Abbey v. Rowland*, 359 F. Supp. 2d 94, 100 (D. Conn. 2005) (extending legislative immunity to the Governor who was statutorily mandated to propose a budget); *Health Promotion Specialists v. South Carolina Board of Dentistry*, 403 S.C. 623, 743 S.E.2d 808, 815 (2013) (holding that the promulgation of emergency regulations by the South Carolina Board of Dentistry constituted a legislative or quasi-legislative act that was entitled to absolute legislative immunity).

Since Plaintiff does not dispute that WVBOE Defendants would perform a legislative function when it promulgates rules under the statute. and case law exists wherein legislative immunity is afforded to entities promulgating rules and/or regulations pursuant to a statutory mandate, WVBOE Defendants are entitled to absolute legislative immunity with respect to promulgating rules under the statute. Accordingly, WVBOE Defendants are entitled to summary judgment based on legislative immunity in this case.

**WHEREFORE**, based upon the foregoing and reasons previously asserted in WVBOE Defendants' motion for summary judgment [ECF Nos. 283 & 284], WVBOE Defendants

respectfully request that this Court enter an Order granting their Motion for Summary Judgment as to all claims asserted against them and awarding them such other relief deemed necessary and appropriate.

                                              **Respectfully Submitted,**

                                              **DEFNDANTS WEST VIRGINIA**
                                              **STATE BOARD OF EDUCATION**
                                              **and W. CLAYTON BURCH**

                                              **By Counsel,**

  /s/ Kelly C. Morgan
**Kelly C. Morgan (WV Bar #9519)**
**Michael W. Taylor (WV Bar #11715)**
**Kristen V. Hammond (WV Bar #9727)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**mtaylor@baileywyant.com**
**khammond@baileywyant.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

   Plaintiff,

v.

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,

   Defendants,

and

LAINEY ARMISTEAD,

   Defendant-Intervenor.

Civil Action No. 2:21-cv-00316
Honorable Joseph R. Goodwin

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 26, 2022, the foregoing **"Defendants West Virginia State Board of Education and Superintendent W. Clayton Burch's Reply in Support of Their Motion for Summary Judgment"** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Loree Stark
Nicholas Ward
American Civil Liberties Union of West Virginia Foundation
405 Capitol St., Suite 507
P.O. Box 3952
Charleston, WV 25339-3952
lstark@acluwv.org
*Counsel for Plaintiff*

Avatara Smith-Carrington
Lambda Legal
3500 Oak Lawn Ave., Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org
*Counsel for Plaintiff*

Carl Charles
Tara Borelli
Lambda Legal
158 West Ponce De Leon Ave., Suite 105
Atlanta, GA 30030
ccharles@lambdalegal.org
*Counsel for Plaintiff*

Sruti Swaminathan
Lambda Legal
120 Wall St., 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org
*Counsel for Plaintiff*

Joshua Block
Chase Strangio
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
jblock@aclu.org
*Counsel for Plaintiff*

Kathleen Hartnett
Julie Veroff
Zoe Helstrom
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
khartnett@cooley.com
*Counsel for Plaintiff*

Elizabeth Reinhardt
Cooley LLP
500 Boylston St., 14th Floor
Boston, MA 02116
ereinhardt@cooley.com
*Counsel for Plaintiff*

Andrew Barr
Cooley LLP
1144 15th St., Suite 2300
Denver, CO 80202
abarr@cooley.com
*Counsel for Plaintiff*

Katelyn Kang
Cooley LLP
55 Hudson Yards
New York, NY 10001
kkang@cooley.com
*Counsel for Plaintiff*

Roberta F. Green
Kimberly M. Bandy
Shuman McCuskey & Slicer PLLC
P.O. Box 3953
Charleston, WV 25339-3953
rgreen@Shumanlaw.com
*Counsel for Defendant West Virginia Secondary School Activities Commission*

Susan L. Deniker
Jeffrey M. Cropp
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
susan.deniker@steptoe-johnson.com
*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

Douglas P. Buffington, II
Curtis R. A. Capehart
David C. Tryon
Office of the West Virginia Attorney General
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Curtis.R.A.Capehart@wvago.gov
*Counsel for Defendant State of West Virginia Attorney*

Brandon S. Steele
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Dr., Suite 100
Beckley, WV 25801
bsteelelawoffice@gmail.com
*Counsel for Defendant-Intervenor Lainey Armistead*

Jonathan Scruggs
Henry W. Frampton
Alliance Defending Freedom
15100 N. 90th St.
Scottsdale, AZ 85260
jscruggs@adflegal.org
*Counsel for Defendant-Intervenor Lainey Armistead*

Christiana M. Holcomb
Alliance Defending Freedom
440 First St., NW, Suite 600
Washington DC 20001
cholcomb@adflegal.org
*Counsel for Defendant-Intervenor Lainey Armistead*

Timothy D. Ducar
Law Offices of Timothy D. Ducar
7430 E. Butherus Dr., Suite E
Scottsdale, AZ 85260
orders@azlawyers.com
*Counsel for Defendant-Intervenor Lainey Armistead*

Whitney M. Pellegrino
Aria S. Vaughan
Michelle L. Tucker
Amanda K. Dallo
United States Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave., NW
4CON, 10th Floor
Washington, DC 20530
Aria.Vaughan@usdoj.gov
*Counsel for United States of America*

Fred B. Westfall, Jr.
Jennifer M. Mankins
United States Attorney's Office
300 Virginia Street East, Room 4000
Charleston, WV 25301
Fred.Westfall@usdoj.gov
*Counsel for United States of America*

4

       /s/ Kelly C. Morgan
**Kelly C. Morgan (WV Bar #9519)**
**Kristen V. Hammond (WV Bar #9727)**
**Michael W. Taylor (WV Bar #11715)**
**Bailey & Wyant, PLLC**
**500 Virginia Street, East, Suite 600**
**P.O. Box 3710**
**Charleston, WV 25337-3710**
**Telephone: 304.345.4222**
**Facsimile: 304.343.3133**
**kmorgan@baileywyant.com**
**khammond@baileywyant.com**
**mtaylor@baileywyant.com**