**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**B.P.J., by her next friend and mother,
HEATHER JACKSON,**

      **Plaintiff,**

**v.**                                **Civil Action No. 2:21-cv-00316
Honorable Joseph R. Goodwin, Judge**

**WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,**
      **Defendants,**

**And**

**LAINEY ARMISTEAD,**
      **Defendant-Intervenor.**

**WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION'S
REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Now comes West Virginia Secondary School Activities Commission (WVSSAC), by

counsel, Roberta F. Green, Kimberly M. Bandy, Shannon M. Rogers and Shuman McCuskey

Slicer PLLC, and renews its motion for summary judgment on the basis that now, after the close

of discovery, at the end of motions practice, no genuine issue as to any material fact remains and

WVSSAC is entitled to a judgment as a matter of law.[1] Further, WVSSAC hereby replies in

opposition to Plaintiff's Consolidated Memorandum in Opposition to Defendants' Motions for

Summary Judgment (ECF No. 331) (Plaintiff's Response), thereby also renewing its dispositive

---

[1] Fed. R. Civ. P. 56.

motion on the basis that Plaintiff's Response demonstrates unequivocally that WVSSAC is an improper party to this action.

## I.   APPLICABILITY OF APPROPRIATE STANDARD OF REVIEW

Judgment as a matter of law is the necessary and proper outcome for WVSSAC, as, pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Here, Plaintiff has characterized WVSSAC's sole argument as 'state actor.' In doing so, Plaintiff fails to acknowledge the substantial and undisputed evidence presented that WVSSAC is unnecessary to this process, that it has no role here, that it is an improper party for those reasons alone. It remains uncontested that WVSSAC was removed from an earlier draft of the legislation at issue, and WVSSAC appears nowhere in the statute as enrolled and signed into law.[2] Plaintiff recognizes WVSSAC's regulations as neutral and is participating under them now, without intervention or amendment[3] It is undisputed that the member schools determine how to roster the students.[4] WVSSAC has taken no action that has resulted in any deprivation of Plaintiff's rights. Before considering whether this private association could or should be converted into a 'state actor' by this process, it is imperative to note that no relief Plaintiff seeks is available as against WVSSAC.

Beyond that, Plaintiff has indeed failed to show that, as a matter of law, the authority delegated to WVSSAC or its duty to determine eligibility makes it a state actor so as to be open to

---

[2] First Am. Compl. (ECF No. 64) at 49-50.
[3] *See Grimm v. Gloucester County School Board,* 972 F.3d 586, 619–20 (4th Cir. 2020).
[4] Dolan Dep. (ECF No. 277-1) at 119-20; HCBOE Dep. (ECF No. 277-3) at 216, testifying that "The athletic director puts the information on the boy roster or the girl roster."

enforcement before this Court. Further, Plaintiff has failed to demonstrate that WVSSAC's actions will affect outcome in any way, as its only potential role might be determining eligibility, to the extent that would occur, which, absent more, is insufficient to bind WVSSAC. Because the "plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on that party will bear the burden of proof at trial,"[5] and because Plaintiff has failed to prove the most fundamental portion of her case as against WVSSAC, dismissal of WVSSAC as a matter of law is the necessary and proper outcome at this time. As the moving party, WVSSAC has "point[ed] out to the district court . . .that there is an absence of evidence to support the non-moving party's case." *Celotex Corp,* 477 U.S. 317, 325 (1986). Because WVSSAC satisfied this burden, then the non-moving party must set forth specific facts, admissible in evidence, that demonstrate the existence of a genuine issue of material fact for trial. *See id*. at 322-23; Fed. R. Civ. P. 56(c), (e). A "genuine" dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). On the other hand, "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Liberty Lobby,* 477 U.S. at 248. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find for the non-moving party. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). As such, WVSSAC is entitled to summary judgment at this time.

---

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## II.    ARGUMENT

Beyond Plaintiff's penchant for addressing Defendants as an amalgam, the fact remains that WVSSAC has never been adjudicated or otherwise determined to be a 'state actor.' Relying upon the same arguments Plaintiff addressed to this Court almost a year ago,[6] Plaintiff returns to footnote numbered 4 in *Israel v. West Virginia Secondary Schools Activities Comm'n,* 182 W. Va. 454, 388 S.E.2d 480 (1989), failing to concede that in West Virginia (as no doubt in other jurisdictions), footnotes are precisely and only *obiter dicta.*[7] Where Plaintiff relies upon statutory pronouncements of delegated control and authority relative to WVSSAC, Plaintiff declines to engage in any analysis whatsoever under S*mith v. NCAA,*[8] the only authority identified in this process that provides a test for when control and authority become 'controlling authority' so as to federalize a private association, a corporation, a non-state actor – WVSSAC. Plaintiff mischaracterizes *Smith* relative to control and federal funding[9] – and repeatedly misses the point. Control and authority do not become 'controlling authority,' absent more. *Smith* provides the rubric for that more.

To be clear, if the West Virginia Supreme Court of Appeals had analyzed WVSSAC under such a rubric in either *Jones* or *Israel* or otherwise, and had found it to be a state actor, Plaintiff would be quoting that analysis and that holding in her brief.  Conversely, the Supreme Court of Appeals of West Virginia has expressly found that WVSSAC is not a state agency on the basis that it has been a voluntary association since 1916 (and was not created by the Legislature); it is

---

[6] *See* ECF No. 87-1.

[7] *See, e.g., State ex rel. Med. Assurance of W. Va., Inc. v. Recht,* 213 W. Va. 457, 471, 583 S.E.2d 80, 94 *(2003)*, stating that "language in a footnote generally should be considered obiter dicta which, by definition, is language 'unnecessary to the decision in the case and therefore not precedential.' Black's Law Dictionary 1100 (7th ed. 1999)."

[8] *Smith v. NCAA*, 266 F.3d 152 (3d Cir. 2001).

[9] Plaintiff's Consolidated Memorandum in Opposition to Defendants' Motions for Summary Judgment (Plaintiff's Response) (ECF No. 331) at 24.

not funded by public moneys; and not all public or private schools in West Virginia have elected to belong.[10]  To clarify, WVSSAC has never been adjudicated to be a state actor, so WVSSAC replies to Plaintiff's assertions by advising the Court of the same.

Further, Plaintiff fails to concede that WVSSAC has been before West Virginia's highest court on eight separate occasions[11] without a finding that it is a state actor. Plaintiff cites two cases in which West Virginia's Court considered WVSSAC's statutory delegation of 'control' without a pronouncement that WVSSAC is a state actor, yet Plaintiff fails to engage in any way with the rubric provided by *Smith v. NCAA,* fails to engage in any determination under the concept of *controlling authority*.  Indeed, where Plaintiff dismisses *Smith,*[12] discounting its salience to this inquiry by quoting a portion of one sentence in the opinion – a key finding relative to control,[13] Plaintiff stops far short of addressing, let alone distinguishing, *Smith*'s detailed analysis of what constitutes *controlling authority*.  The *Smith* Court considers many of the same cases relied upon by both the Plaintiff and WVSSAC, analyzing the cases under 'controlling authority,' yet Plaintiff fails to address or even concede those key issues. As a result, Plaintiff and WVSSAC cite many of the same cases, with WVSSAC applying *Smith*'s rubrics to the programs at issue and Plaintiff ignoring its provisions and guidance on the whole. If Plaintiff were to prevail on her arguments that WVSSAC is a 'state actor,' she would be the first litigant, person or other to do so. From its inception until this moment, WVSSAC has been a private corporation, a private association that

---

[10] Syl. pt. 2, 3, *Mayo v. WVSSAC,* 233 W. Va. 88, 96, 872 S.E.2d 224, 232 (2008).

[11] *State ex rel WVSSAC v. Webster,* 228 W. Va. 75, 717 S.E.2d 859 (2011); *Mayo v. WVSSAC,* 223 W. VA. 88, 672 S.E.2d 224 (2008); *State ex rel WVSSAC v. Hrko,* 213 W. Va. 219, 579 S.E.2d 560 (2003); *Baisden v. WVSSAC,* 211 W. VA. 725, 568 S.E.2d 21 (2002); *Crispen v. WVSSAC,* 234 W. VA. 731, 769 S.E.2d 881 (2015); *Jones v. West Virginia SSAC,* 218 W. Va. 52, 622 S.E.2d 289 (2005), *Gallery v. WVSSAC,* 205 W. Va. 364, 518 S.E.2d 368 (1999); *Israel v. West Virginia Secondary Schools Activities Comm'n,* 182 W. Va. 454, 388 S.E.2d 480 (1989).

[12] Plaintiff's Response (ECF No. 331) at 24, quoting *Smith v. NCAA*, 266 F.3d 152 (3d Cir. 2001).

[13] Plaintiff's Response (ECF No. 331) at 24.

has never been adjudged to be a state actor. Whereas Plaintiff continues to direct this Court to a footnote that is remarkable for precisely what is does **not** say, Plaintiff still has not addressed the concept of controlling authority, let alone work to prove that WVSSAC has *controlling authority* so as to convert itself from private corporation into state. For this reason, Plaintiff has failed to prove an essential element of the case she has the burden to prove.[14] Therefore, judgment as a matter of law is the necessary and proper outcome in favor of WVSSAC, as, pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

For these reasons (set out further below) and those in WVSSAC's West Virginia Secondary School Activities Commission's Memorandum In Support Of Motion For Summary Judgment (ECF No. 277) and Response in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 298), dismissal of Plaintiff's claims against WVSSAC as a matter of law is the necessary and proper outcome at this time.

A.    **Plaintiff Has Failed to Prove That WVSSAC is a State Actor, and Therefore WVSSAC is an Improper Defendant in This Action.**

As Plaintiff's Response demonstrates yet again,[15] WVSSAC has never been adjudicated to be a state actor, and discovery in this matter has demonstrated all of the ways in which WVSSAC is not 'state.' Therefore, as a private corporation, a non-state association, WVSSAC is an improper

---

[14] "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[15] Of note, Plaintiff states that "WVSSAC fails even to mention *Israel* in its brief." Plaintiff's Response (ECF No. 331) at 22. However, it appears that Plaintiff has forgotten that WVSSAC and the Plaintiff already engaged in motions practice relative to *Israel. See* ECF Nos. 87, 87-1, 88.

defendant before this Court.  While Plaintiff relies upon *Israel v. West Virginia SSAC,* 182 W. Va. 454, 458 n.4 [388 S.E.2d 480, 484] (1989),[16] for the proposition that the Supreme Court of West Virginia has found "associations like the [WVSSAC] [to be] state actors," it is important to note what footnote 4 actually provides – and further key to determine what significance to allow that reference. That is, where footnote 4 states in passing that "[e]very court that has considered the question whether associations like the [WV]SSAC are state actors have found that those organizations are so intertwined with the state that their acts constitute state action[,]" it is imperative to note that, if West Virginia had believed it to be the case, the Supreme Court could just have easily have stated outright that WVSSAC is a state actor, yet the Court expressly does **not** so state. The *Israel* Court does not analyze  what constitutes sufficient 'intertwining' and stops far short of any relevant assessment or holding. Indeed, even if the *Israel* Court had undertaken that analysis and made that finding, given that WVSSAC has never been adjudged or identified as a 'state actor,' such a finding or holding would hardly be relegated to an oblique, indirect reference in a footnote.  Also, it bears mentioning that the *Israel* decision came down on December 20, 1989. Since that time, WVSSAC has appeared before the Court more than a half dozen times without a finding that it is a 'state actor.' Indeed, since that time, WVSSAC has continued to appear before the Supreme Court without seeking immunities and other protections that it could have claimed, had it been a state actor. Where Plaintiff asserts that "WVSSAC is clearly a state actor," to date, only the Plaintiff has determined that to be the case.

### B.    Plaintiff Has Failed to Prove That WVSSAC Maintains the Requisite 'Controlling Authority' Required to Adjudicate it to be a State Actor.

Perhaps most damaging to Plaintiff's case, however, is the uncontradicted authority in West Virginia that footnotes are without precedential value, as they present solely *obiter dicta.*

---

[16] Plaintiff's Response (ECF No. 331) at 23.

*See, e.g., State ex rel. W. Va. Hosps. Inc., v. Gaujot,* ___ W. Va. ___, ___ S.E.2d ___ (2022 W. Va. Lexis 328, *41); *State v. Conn,* ___W. Va. ___, ___ S.E.2d ___ (2022 W. Va. LEXIS 199, *29); *Emil N. v. Healy B.N.,* 2021 W. Va. Lexis 245 n.4; *West Virginia State Police v. JH,* 244 W. Va. 720, 734, 856 S.E.2d 679, 693 (2021); *Newton v. Morgantown Mach. & Hydraulics,* 242 W. Va. 650 n.1, 838 S.E.2d 734 n.1 (2019); *Saleh v. Damron,* 242 W. Va. 568, 579, 836 SE.2d 716, 727 (2019); *State ex rel. Vanderra Res., LLC v. Hummel,* 242 W. Va. 35 n.23, 829 S.E.2d 35 n.23 (2019); *Harris v. Cnty Comm'n of Calhoun Cnty,* 238 W. Va. 556 n.10, 797 S.E.2d 62 n.10 (2017); *Parson v. Haliburton Energy Services,* 237 W. Va. 138 n.5, 785 S.E.2d 864 n.5 (2016); *State v. Keith,* 235 W. Va. 421 n.8, 774 S.E.2d 502, n.8 (2015); *Valentine v. Sugar Rock, Inc.,* 234 W. Va. 526, 532, 766 S.E.2d 785, 791 (2014); *American States Ins. Co. v. Surbaugh,* 231 W. Va. 288 .12, 745 S.E.2d 179 n.12 (2013); *In re Friend Q,* 230 W. Va. 652 n.20, 742 S.E.2d 68 n.20 (2013); *Bland v. State,* 230 W. Va. 263, n.8, 737 S.E.2d 291 n.8 (2012); *Drumheller v. Fillinger,* 230 W. Va. 26, 34, 736 S.E.2d 26, 34 (2012); *Mylan Labs v. Am. Motorists Ins. Co.,* 226 W. Va. 307, 318, 700 S.E.2d 518, 529 (2010); *Croft v. TBR, Inc.,* 222 W. Va. 224, 230, 664 S.E.2d 109, 115 (2008); *State ex rel Medical Assurance v. Recht,* 213 W. Va. 457, 471, 583 S.E.2d 80, 94 (2003): *Toppings v. Meritech Morg. Servs.,* 212 W. Va. 73, 74, 569 S.E.2d 149, 150 (2002); *Zelenka v. City of Weirton,* 208 W. Va. 243 n.11, 539 S.E.2d 750 n.11 (2000).  Therefore, even assuming *arguendo* that the *Israel* footnote pronounces WVSSAC a state actor, which it decidedly does not, or even that *any* Supreme Court decision has determined that WVSSAC is a state actor, which it also decidedly has not, Plaintiff's reliance on footnote 4 for a holding, a finding, or any persuasive precedent at all would be in error pursuant to West Virginia law.[17]

---

[17] *See also, e.g., Snyder's-Lance, Inc., v. Frito-Lay N. Am. Inc.,* 991 F.3d 517, 527 (4th Cir. 2021); *Stltner v. Island Creek Coal Co.,* 86 F.3d 337 n.9 (N.D. W. Va. 1996).

Plaintiff does not dispute that WVSSAC is differently situated – indeed, it cannot be disputed that WVSSAC is the only Defendant[18] asserting that it is not a proper party based on its lack of status as a state actor, and because it has no 'controlling authority' over any federally funded programs. It is also undisputed that WVSSAC is the only Defendant who has never been adjudicated as or otherwise determined to be a state actor. WVSSAC is the only Defendant who is and has been judicially recognized to be a private corporation and voluntary association.[19] Indeed, the vast majority of Plaintiff's arguments and pleadings before this Court have nothing to do with WVSSAC. Plaintiff relies solely on the blanket delegation by statute but stops far short of performing or even rebutting any of the requisite analysis. Plaintiff fails to address, let alone counter, WVSSAC's analysis presented previously and again here that any authority delegated to WVSSAC fails to provide it with the requisite *controlling authority* over any of the member programs. Plaintiff has not and could not dispute that schools elect to join and can withdraw at any time without forgoing interscholastic sports and activities. Schools and athletes must follow the rules or face potential sanctions, yet even that provides a choice that mitigates against any finding of *controlling authority* – and Plaintiff cannot and has not disputed these determinations. Whereas Plaintiff cites repeatedly the statutory language of "control, supervision and regulation of . . . interscholastic athletic . . . activities,"[20] Plaintiff fails to even address the necessary sequence to prove her argument, that is, all the ways in which WVSSAC's actual 'control, supervision and regulation' would need to rise to the level of controlling authority, because Plaintiff cannot (and

---

[18] WVSSAC recognizes Intervenor-Defendant is not a state actor and is addressing 'defendants' only in this context.
[19] Syl. pt. 2, 3, *Mayo v. WVSSAC,* 233 W. Va. 88, 96, 872 S.E.2d 224, 232 (2008).
[20] Plaintiff's Response (ECF No. 331) at 20ff.

has not). Plaintiff's Equal Protection Clause claims are equally dependent on WVSSAC's being a 'state actor.'[21]  That is,

> in a claim under the Fourteenth Amendment, the defendant "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). Put another way, "private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." *Id.* at 507 (citation omitted).[22]

Plaintiff has failed to prove the 'domination' that is controlling authority, such as by refuting any of the criteria identified in *Smith,* and has failed to identify any other decisions that weigh these factors in any sort of meaningful fashion. Where Plaintiff cites 'entwinement,' it is with no recognition of or rebuttal to *Smith*'s pronouncement that the same analysis applies whether the nomenclature is controlling authority, pervasive entwinement, public entwinement – the analysis of *control* "is no less rigorous."[23] Entwinement is where the analysis begins, not ends, and Plaintiff fails to engage with the factors relevant to that determination. Indeed, Plaintiff fails to address them in any way.

It is undisputed that the key distinction for determining that WVSSAC would be a 'state actor' is whether WVSSAC truly assumes control of a federally funded program.[24]  Once again, while Plaintiff's discovery elicited all of the relevant information for the analysis (proving that WVSSAC does not have 'controlling authority'), Plaintiff does not address any of the criteria

---

[21] "[R]ights under the Equal Protection Clause itself arise only where there has been involvement of the State or of one acting under the color of its authority. The Equal Protection Clause does not . . . add anything to the rights which one citizen has under the Constitution against another." *United Bhd. Of Carpenters & Joiners, Local 610 v. Scott,* 463 U.S. 825, 831 (1983) (internal quotation marks and citations omitted).

[22] *Shipman v. Balt. Police Dept.,* 2014 U.S. Dist. Lexis 59733.

[23] *Smith*, 266 F.3d at 160.

[24] *Smith v. NCEAA*, 266 F.3d at 157.

reviewing courts have found demonstrate 'controlling authority' nor does Plaintiff expressly counter the argument that giving WVSSAC the power to enforce the eligibility rules adopted by the State Board and member schools directly against the students does not constitute "ced[ing] authority."[25] Plaintiff further cites the State Board's motion[26] as support for the fact that WVSSAC would be engaged in eligibility -- yet WVSSAC admits that it engages in eligibility determinations.[27] Per the only legal authority cited for the proposition of 'controlling authority,' eligibility determinations, absent more, are insufficient to federalize this private association.

C. **Plaintiff Fails to Address the Distinct Nature of WVSSAC's Relationship with Member Schools, whose Voluntary Relationship *Inter Alia* Distinguishes WVSSAC From Other Federalized Programs Deemed to Have 'Controlling Authority.'**

It remains undisputed that the member schools have a voluntary relationship with WVSSAC and retain the authority to withdraw from the association – Plaintiff has not refuted that the power to resign was found to be a key determinant and a factor mitigating against any finding of controlling authority.[28] Indeed, Plaintiff pursued that line of questioning in deposing WVSSAC, and WVSSAC testified that schools can indeed withdraw, and private schools have done so.[29] Plaintiff has not addressed, let alone refuted, that withdrawal from WVSSAC might mean that a member school would be excluded from the championships, yet even after withdrawing, a school nonetheless may participate in sports and activities as long as it remains just that, a 'school.'[30]

---

[25] *Id. See also* Plaintiff's Response (ECF No. 331) at 23ff; Indeed, the Supreme Court of West Virginia in *Jones v. West Virginia SSAC,* 218 W. Va. 52, 62, 622 S.E.2d 289, 299 (2005), speaks in terms of eligibility, yet, in *Smith,* eligibility determinations have been determined in such contexts to be insufficient to federalize an entity, absent more.

[26] Plaintiff's Response (ECF No. 331) at 21, citing ECF No. 284.

[27] Deposition West Virginia Secondary School Activities Commission Bernard Dolan, Friday, February 11, 2022 (Dolan Dep.) (ECF No. 277-1) at 30, discussing eligibility upon Plaintiff's questioning.

[28] *Smith*, 266 F.3d at 159.

[29] Dolan Dep. (ECF No. 277-1) at 69.

[30] Dolan Dep. (ECF No. 277-1) at 70.

Indeed, the Court in *Israel* acknowledges that key factor as well – that with exclusion or resignation from WVSSAC, athletic participation was not at risk – only participation in championships.[31] Plaintiff has not disputed the fact that *Smith* held that, even if WVSSAC excluded resigning schools from all participation, even if it would 'thwart' the schools' desire to 'remain a powerhouse' among the schools against which it competes, nonetheless, the ability to withdraw is a "'practical alternative to compliance with [WVSSAC's] demands,'" such that WVSSAC does not *control* any of the member programs.[32] In contrast, for example, consider whether Bridgeport Middle School could withdraw from the Harrison County Board of Education; certainly the Board has controlling authority over its schools. WVSSAC's relationship with its member schools is different, distinct, and Plaintiff has failed to prove otherwise. Where Plaintiff proclaims 'intertwinement and control,' Plaintiff stops far short of conducting any true analysis such as that undertaken in *Smith.* As a result, Plaintiff has failed to prove an essential element of the case that Plaintiff has the burden to prove, that WVSSAC is a state actor so as to be an appropriate party here.

Further, Plaintiff fails to concede or rebut additional key determinants,[33] regardless of the fact that these facts have been established in discovery and are undisputed: (1) that schools are not forced to join, and (2) that each school must affirmatively elect to participate.[34] The fact that each member school has an opportunity for input on the rules has been found insufficient to demonstrate *control* sufficient to federalize a program*,* just as has their voluntary decision to follow those rules.[35] As for the eligibility enforcements, should member schools or athletes risk sanctions by

---

[31] *Israel,* 182 W. Va. at 457, 388 S.E.2d at 483.
[32] *Smith*, 266 F.3d at 159, quoting *Cureton v. NCAA,* 198 F.3d 107, 116-18 (3d Cir. 1999).
[33] *Smith*, 266 F.3d at 159.
[34] Dolan Dep. (ECF No. 277-1) at 39.
[35] *Smith*, 266 F.3d at 159, quoting *NCAA v. Tarkanian*, 488 U.S. 179, 195 (1988).

violating the regulations or rules, that choice on their part demonstrates a lack of *control* by WVSSAC. The fact that "'options [may be] unpalatable does not mean that they were nonexistent.'"[36] And it is *inter alia* the option to be a member or withdraw from WVSSAC, and the option to follow the rules or face sanctions that undercut any actionable understanding of *control* in which to anchor Plaintiff's Equal Protection claim.

> **D.**     **Plaintiff has Failed to Establish that the Delegated 'Eligibility Enforcement' Responsibility of WVSSAC is Sufficient to Expose WVSSAC to the Federal Claims She Brings Against it.**

Now, after the close of discovery, at the end of motions practice, it remains undisputed that WVSSAC's physical examination form, the sole registration form WVSSAC requires from athletes for participation, is not impacted by H.B. 3293 and does not have the athletes identify themselves by gender.[37] Indeed, it remains undisputed that WVSSAC has no access to records to determine a student athlete's gender at any time and knows nothing beyond the rosters prepared and submitted by the member schools.[38] The evidence adduced in discovery is undisputed -- the only regulation that will be adopted will be adopted by the State Board and embedded in whole into WVSSAC regulations (as with the State Board's 2.0 Rule).[39] Therefore, WVSSAC's only involvement under H.B. 3293 will be to determine disputed eligibility,[40] which, as a matter of law, absent more, does not make it a state actor. Plaintiff cites no authority that converts eligibility determinations into 'state action,' nor any authority or facts that would dispute WVSSAC's position on 'controlling authority.' Plaintiff continues to recite the mantra 'intertwined' yet fails

---

[36] *Smith*, 266 F.3d at 156, quoting *NCAA v. Tarkanian*, 488 U.S. 179, 198 n.19 (1988).
[37] West Virginia Secondary School Activities Commission Response to Plaintiff's Motion for Preliminary Injunction (ECF No. 47-2) at Exhibit B.
[38] Remote Videotaped Deposition of Dora Stutler and Dave Mazza (3.8.22) (HCBOE Dep.) (ECF No. 277-3) at 215; Dolan Dep. (ECF No. 277-1) at 46, 155-56.
[39] Dolan Dep. (ECF No. 277-1) at 54-55, 61, 139-40. *See also* Virtual Videoconference Video-Recorded Deposition of Michele Blatt (2.14.22) (ECF No. 277-2) at 132-33.
[40] Dolan Dep. (ECF No. 277-1) at 60.

to prove any of the requisites here. The Court will note that Plaintiff segues from delegation and authority to 'controlling authority' without any analysis, let alone meaningful analysis.

Once again, however, even beyond *Smith,* both Plaintiff and WVSSAC address the federal courts that have considered Title IX and Fourteenth Amendment challenges brought as against what might appear to be parallel athletic associations.[41] *See, e.g., Communities for Equity v. Michigan High School Athletic Association,* 80 F. Supp. 2d 729 (W. D. Mich. 2000) (alleging that MHSAA discriminated against female athletes based on inequities in programs including non-traditional and/or shorter seasons and different rules); *Alston v. Virginia High School League, Inc.,* 144 F. Supp.2d 526 (W. D. Va. 1999) (alleging that VHSL denied certain female public school athletes equal treatment, opportunities and benefits based on their sex in violation of Title IX[42]). Beyond those instances, the United States Court of Appeals for the Sixth Circuit considered *Yellow Springs Exempted Village School District Board of Education v. Ohio High School Athletic Association,* 647 F.2d 651 (6th Cir. 1981) (challenging coeducational teams in contact sports as a violation of Title IX), and *Brentwood Academy v. Tennessee Secondary School Athletic Association,* 180 F.3d 758 (6th Cir. 1999), *rev'd* 531 U.S. 208 (2001), cited on more than one occasion by the Plaintiff.[43]

Plaintiff's Response does not address WVSSAC's arguments relative to *Yellow Springs Exempted Village School District Board of Education v. Ohio High School Athletic Association,*

---

[41] Plaintiff's Response (ECF No. 331) at 23ff.

[42] *But see Yellow Springs Exempted Village School District Board of Education v. Ohio High School Athletic Association,* 647 F.2d 651, 658 (6th Cir. 1981), finding that any resolution by necessity involves the Fourteenth Amendment as well.

[43] Plaintiff's Response (ECF No. 331) does introduce one additional case that draws upon *Brentwood,* that is, *McGee v. Va. High School League, Inc.,* 2011 U.S. Dist. Lexis 110270 (W.D. Va. 2011). There, the District Court relies solely upon *Brentwood,* which pre-dates Smith. The passage cited is nothing more than a blanket pronouncement about statewide athletic associations, without any analysis whatsoever. Of note, *Smith* follows *Brentwood* and provides particularized handling of these issues, introducing factors to be weighed in that determination.

647 F.2d 651 (6th Cir. 1981), in which the Appeals Court considered the applicability and enforcement of Title IX relative to co-educational sports, that is, whether boys and girls may play basketball on the same team.[44] Plaintiff argues without proving that WVSSAC is wrong when it asserts that embedding the State rule and determining eligibility does not constitute 'controlling authority,' absent more. Plaintiff maligns WVSSAC's position that eligibility enforcement as a matter of law is insufficient to convert WVSSAC into a state actor.[45] Plaintiff recounts all of the same evidence as does WVSSAC – that WVSSAC makes eligibility determinations when there is a dispute, that schools and students must follow WVSSAC's rules or face sanctions, that those determinations will also be made pursuant to the State Board's rule promulgated per H.B. 3293[46] -- yet Plaintiff fails to concede that all of that fails to federalize WVSSAC under *Smith.* Plaintiff fails to introduce competing authority to undercut or rebut *Smith.* Plaintiff has failed to prove an essential element of the claim, such that judgment as a matter of law for WVSSAC is the necessary and proper outcome at this time.

Among the factors these courts considered in determining the propriety of holding the associations accountable under federal law were sources of funding and whether the associations adopted the provisions that were alleged to be violations of federal law. That is, more particularly, the courts considered whether the associations are federally funded or receive support or dues from federally funded programs and/or whether the associations further the objectives of federally funded programs. In terms of Equal Protection, the United States Supreme Court in *Brentwood* considered whether the Tennessee association was a 'state actor' given the depth with which its operations were intertwined with a single state's (Tennessee's) activities (as compared to the

---

[44] *Yellow Springs,* 647 F.2d at, 656 (6th Cir. 1981)
[45] *Smith*, 266 F.3d at 159, quoting *Cureton v. NCAA,* 198 F.3d 107, 116-18 (3d Cir. 1999).
[46] Plaintiff's Response (ECF No. 331) at 21-22.

interstate impact of the NCAA[47] and of the multi-state involvements of WVSSAC[48]). The District Courts in both *Alston* and *Communities* addressed Equal Protection, considering whether the athletic (as opposed to activities) associations were 'state actors,' whether they served a public function, and/or whether they had a symbiotic relationship with the State and the regulated activity.[49] Plaintiff has failed to engage in any analysis, let alone the requisite rigorous analysis, that would convert WVSSAC from a private association into a state actor for the first time in its more than one hundred years of operation.

### E. Where Plaintiff Relies Upon Prior Rulings of This Court to Demonstrate that WVSSAC Is A Proper Party, No Such Determination Has Been Made.

Plaintiff once again asserts and relies upon determinations allegedly in this Court's pre-discovery Memorandum Opinion and Order (ECF No. 129) that denied Defendants' motions to dismiss. Specifically, Plaintiff asserts that each Defendant was determined by the Court to be a proper Defendant and that discovery has confirmed that initial ruling,[50] the actual language of the Memorandum Opinion and Order is that

> [Plaintiff] has adequately alleged an injury-in-fact—that she will be treated differently on the basis of sex; she has asserted that under H.B. 3293, each defendant will take some action that will cause her asserted harm; and she has established that each defendant can redress her claims because a favorable ruling against each will prevent them from enforcing the Act as to B.P.J.[51]

As WVSSAC has argued previously, the Court's ruling demonstrates that Plaintiff's initial assertions *as plead* were sufficient to establish that 'each defendant can redress her claims' under

---

[47] *Nat'l Collegiate Ath. Ass'n v. Tarkanian,* 109 S. Ct. 454 (1988), finding *inter alia* that NCAA "was not a state actor because it was acting under the color of its own policies rather than under the color of state law and because university did not delegate power to petitioner to take specific action against university or respondent."

[48] ECF No. 277 at 21-22.

[49] *See Alston v. Virginia High School League, Inc.,* 144 F. Supp.2d 526, 537 (W. D. Va. 1999)

[50] ECF No. 331 at 11.

[51] Memorandum Opinion and Order (ECF No. 129) at 6.

a motion to dismiss standard, yet, even now, Plaintiff fails to concede that the Memorandum Opinion and Order stated expressly that "if a facial challenge is made, as it is here, 'the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'"[52] Therefore, while Plaintiff relies upon the Memorandum Opinion and Order as if it were determinations of fact and law by this Court, ripe to be applied as determinative at summary disposition, she fails to focus on the fact that the applicable standard for the motions practice was merely "test[ing] the legal sufficiency of a complaint or pleading."[53]

In this context, it is also important to note that the Order does not analyze or even address whether WVSSAC is a state actor or when, if ever, WVSSAC would be called to act, let alone act in such a manner so as to convert this private corporation into a state actor. Specifically, as a matter of fact and law, WVSSAC is not a state actor, and it has no role here that converts it into a state actor. Of significance, Plaintiff has failed to demonstrate that WVSSAC is anything other than a private corporation. Further, in terms of WVSSAC's role under the statute, both Plaintiff's Complaint and First Amended Complaint recount the process by which WVSSAC was initially included in the legislation and then removed.[54] The statute provides only that "The State Board of Education shall promulgate rules, including emergency rules, 55 pursuant to §29A-3B-1 et. seq. of this code to implement the provisions of this section." Relatedly, the only evidence offered in this matter is that, per the subject statute as written, the State Board of Education will promulgate a rule, which, like the other State rule in existence, will be embedded in WVSSAC's rule books,

---

[52] Memorandum Opinion and Order (ECF No. 129) at 5-6, quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).
[53] Memorandum Opinion and Order (ECF No. 129) at 6, citing *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).
[54] *See* Complaint (ECF No. 1) at ¶¶ 45-46; First Amended Complaint (ECF No. 64) at ¶¶ 49-50.

where only the State Board can revise, amend, and provide waivers.[55] No other regulation or rule was uncovered in discovery relative to this process, and any reliance beyond that embedded rule is outside the law and facts of this case. Under H.B. 3293, WVSSAC's role is minimal, if not nonexistent, demonstrated in discovery to be, at most, an eligibility appeal,[56] which, as a matter of law is insufficient to demonstrate the 'controlling authority' necessary to convert a private corporation into a state actor.[57]  Even assuming *arguendo* that WVSSAC would be called upon to make an eligibility determination relative to Plaintiff, as a matter of fact and law,  absent more, that does not provide WVSSAC the "controlling authority" over federally funded programs that is a necessary predicate to Plaintiff's argument pronouncing WVSSAC as a state actor, converting this private corporation into state.[58] Even now, after the close of discovery, at the close of motions practice, Plaintiff has failed to engage in any analysis whatsoever of 'controlling authority,' such that judgment as a matter of law for WVSSAC is the proper outcome now.

Returning to the Memorandum Opinion and Order, then, the precise wording includes that '[Plaintiff] has adequately alleged,' not that the Court has determined that each Defendant will be involved in enforcement that is actionable against it under the rubric of Title IX and Equal Protection, which is a very different matter and, indeed, the question before the Court at this time.  Plaintiff is charged with proving that assertion, which she has failed to do in any actionable way as against WVSSAC.

---

[55] Dolan Dep. (ECF No. 276-1) at 62, testifying that the State Board's 2.0 Rule is embedded in WVSSAC's regulation book but remains the State Board's Rule). *See also* HCBOE Dep. (ECF No. 276-2) at 132-33.

[56] Dolan Dep. (ECF No. 276-1) at 43, 60, testifying that eligibility determinations start at the school level and are appealed to Mr. Dolan at WVSSAC

[57] *Smith v. NCAA*, 266 F.3d 152, 156ff (3d Cir. 2001).

[58] *Smith v. NCAA*, 266 F.3d 152, 156ff (3d Cir. 2001).

**F.  Judgment in Favor of WVSSAC Is Necessary and Proper At This Time.**

Because Plaintiff's case has demonstrated unequivocally that WVSSAC has been differently situated at all times, because the strict evidence as adduced herein is that nothing WVSSAC has done, would do or failed to do was involved in the injunction, and because WVSSAC is not and has never been adjudged to be a 'state actor,' Plaintiff's Motion must be denied; Plaintiff's claim against WVSSAC must be resolved in WVSSAC's favor as a matter of law at this time. Further, at a minimum, no declaratory judgment or relief should be imposed upon WVSSAC because, as a matter of law and fact, it has not violated B.P.J.'s rights. Because it has not injured the Plaintiff, no damages should be assessed against it.

## III.   CONCLUSION

All of the evidence, admissions and law before this Court at this time demonstrate that WVSSAC is differently situated. Plaintiff has conceded that WVSSAC is not a recipient of federal financial assistance,[59] and does not dispute the record establishing WVSSAC's sources of funding.[60] Plaintiff, in her Response provides no argument to contradict the fact that WVSSAC is not a direct recipient of federal funding but proceeds to make her Title IX argument on the basis of 'controlling authority' regardless.[61]

---

[59] 20 U.S.C. § 1681, stating that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."[59]

[60] WVSSAC's Responses to Plaintiffs First Set of Interrogatories (ECF No. 115), included in motions practice as ECF No. 277-7:

> West Virginia's Secondary School Activities Commission (WVSSAC) receives no dues whatsoever from member schools and has not for more than a decade. WVSSAC sustains itself with corporate sponsorships, advertising revenue and gate proceeds from championship meets and tournaments. WVSSAC's corporate sponsorships, which change over time, from 2019 to the present have included West Virginia Dairy Association/Milk Producers, Farmers & Mechanics, U.S. Army, MetroNews, Midstate Automotive, Field Turf, Spalding, and Caresource.[60]

[61] Plaintiff's Response (ECF No. 331) at 24ff; First Am. Compl. (ECF No. 64) at Count I.

Plaintiff fails to acknowledge that the facts fail to demonstrate 'controlling authority' and fails to refute that finding in any way. It is this ability to choose, even among unpalatable choices, that precludes any determination of *controlling authority.* After all, the fact that "'options [may be] unpalatable does not mean that they were nonexistent.'"[62] Plaintiff's unwillingness to address these issues is tantamount to a concession that, at the end of the day, Plaintiff has nothing to introduce that could undercut or diminish the arguments under *Smith.*

Plaintiff asserts that WVSSAC maintains *control,* yet fails to engage in any analysis under the legal authorities available. Plaintiff does not dispute that no school is forced to join, nor does Plaintiff dispute that *Smith* found that the freedom to join or not is another key determinant.[63] Plaintiff does not dispute that each school must elect to participate.[64] Plaintiff introduces no authority to refute the fact that each member school's having an opportunity for input on the rules has been found insufficient to demonstrate *control,* just as has their voluntary decision to follow the rules.[65] As for the eligibility enforcements, which are of keen interest to the Plaintiff, it remains undisputed as a matter of law that, should member schools or athletes risk sanctions by violating the regulations or rules, that choice on their part demonstrates a lack of *control* by WVSSAC. Once again, Plaintiff does not acknowledge or refute that it is the option to be a member or withdraw, the option to follow the rules or face sanctions that undercuts any actionable understanding of *control* in which to anchor Plaintiff's Equal Protection claim. Finally, the same analysis applies whether the nomenclature is controlling authority, pervasive entwinement, public entwinement – the analysis of *control* "is no less rigorous."[66]

---

[62] *Smith*, 266 F.3d at 156, quoting *NCAA v. Tarkanian*, 488 U.S. 179, 198 n.19 (1988).
[63] *Smith*, 266 F.3d at 159.
[64] Dolan Dep. (ECF No. 277-1) at 39.
[65] *Smith*, 266 F.3d at 159, quoting *NCAA v. Tarkanian*, 488 U.S. 179, 195 (1988).
[66] *Smith*, 266 F.3d at 160.

It remains uncontested that WVSSAC was removed from an earlier draft of the legislation at issue, and WVSSAC appears nowhere in the statute as enrolled and signed into law. Indeed, the First Amended Complaint details that transition fully.[67] WVSSAC is not mentioned within H.B. 3293.   WVSSAC's policies as currently crafted do not and would not impede Plaintiff from proceeding with middle school Cross-Country or Track as she envisions[68] nor would they impede other athletes as a matter of law. Plaintiff does not object to sex separation in sports, and it is WVSSAC's member schools who determine how to roster the students, with the only WVSSAC action relative to that process being anchored in eligibility.[69] Plaintiff recognizes WVSSAC's regulations as neutral and is participating under them now, without intervention or amendment. By its express terms, H.B. 3293 does not include WVSSAC in its enforcement or in any relief thereunder, such that Plaintiff's pre-enforcement action must fail. As such, Plaintiff's claims against WVSSAC should be dismissed because there is no relief Plaintiff needs from or through WVSSAC, and no relief available as against WVSSAC, as it is not a state actor so as to fall within this process.

Plaintiff has failed to prove that WVSSAC is a state actor and that WVSSAC has a role under H.B. 3293 that converts it into such. Therefore, as a matter of law, WVSSAC is entitled to summary judgment. Even in viewing all of the genuine material facts in the light most favorable to the Plaintiff, she still cannot support a case against WVSSAC that any fact-finder could embrace, and, as such dismissal of WVSSAC as a matter of law is the necessary and proper outcome at this time.

---

[67] First Am. Compl. (ECF No. 64) at 49-50.
[68] *See Grimm v. Gloucester County School Board,* 972 F.3d 586, 619–20 (4th Cir. 2020).
[69] Dolan Dep. (ECF No. 277-1) at 119-20; HCBOE Dep. (ECF No. 277-3) at 216, testifying that "The athletic director puts the information on the boy roster or the girl roster."

**WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISSION,
By Counsel.**

*/S/ Roberta F. Green*

_____

Roberta F. Green (WVSB #6598)
Kimberly M. Bandy (WVSB #10081)
Shannon M. Rogers (WVSB # 13920)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street East, Suite 200 (25301
Charleston, WV 25339
(304) 345-1400
(304) 343-1826 FAX
rgreen@shumanlaw.com
kbandy@shumanlaw.com
srogers@shumanlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**B.P.J., by her next friend and mother,**
**HEATHER JACKSON,**
     **Plaintiff,**

**v.**
                                         **Civil Action No. 2:21-cv-00316**
                                         **Honorable Joseph R. Goodwin, Judge**

**WEST VIRGINIA STATE BOARD OF EDUCATION,**
**HARRISON COUNTY BOARD OF EDUCATION,**
**WEST VIRGINIA SECONDARY SCHOOL**
**ACTIVITIES COMMISION, W. CLAYTON BURCH**
**in his official capacity as State Superintendent, and**
**DORA STUTLER in her official capacity as**
**Harrison County Superintendent,**
     **Defendants,**

**And**

**LAINEY ARMISTEAD,**
     **Defendant-Intervenor.**

## **CERTIFICATE OF SERVICE**

     I hereby certify that I, Roberta F. Green, have this day, the 26th day of May, 2022, served a true and exact copy of ***"West Virginia Secondary School Activities Commission's Reply in Support of its Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment"*** with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

Loree Beth Stark                                 Kathleen R. Hartnett
Nicholas Ward                                   Julie Veroff
ACLU of WV FOUNDATION                 COOLEY LLP
1614 Kanawha Boulevard, East            101 California St. – 5th Floor
Charleston, WV  25311                     San Francisco, CA 94111-5800
lstark@acluwv.org                            khartnett@cooley.com
nward@acluwv.org                            jveroff@cooley.com

1

Katelyn Kang
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
kkang@cooley.com

Elizabeth Reinhardt
COOLEY LLP
500 Boylston St., 14th Floor
Boston, MA  02116-3736
ereinhardt@cooley.com

 Andrew Barr
COOLEY LLP
1144 15th St., Suite 2300
Denver, CO  80202-5686
abarr@cooley.com

Avatara Smith-Carrington
LAMBDA LEGAL
3500 Oak Lawn Ave., Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org

Joshua Block
Chase Strangio
ACLU FOUNDATION
125 Broad Street
New York, NY  10004
jblock@aclu.org

Carl Charles
LAMBDA LEGAL
1 West Court Square, Suite 105
Decatur, GA  30030
ccharles@lambdalegal.org

Sruti Swaminathan
LAMBDA LEGAL
120 Wall St., 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org

Susan Llewellyn Deniker
Jeffrey M. Cropp
STEPTOE and JOHNSON, LLC
400 White Oaks Boulevard
Bridgeport, WV  26330
susan.deniker@steptoe-johnson.com
jeffrey.cropp@steptoe-johnson.com

Kelly C. Morgan
Michael W. Taylor
Kristen Vickers Hammond
BAILEY & WYANT, PLLC
500 Virginia St., East, Suite 600
Charleston, WV  25301
kmorgan@baileywyant.com
mtaylor@baileywyant.com
khammond@baileywyant.com

Tara Borelli
LAMBDA LEGAL
1 West Court Square, Suite 105
Decatur, GA  30030
tborelli@lambdalegal.org

Douglas P. Buffington, II
Curtis R.A. Capehart
Jessica A. Lee
State Capitol Complex
Building 1, Room E-26
Charleston, WV  25305-0220
Curtis.R.A.Capehart@wvago.gov

David C. Tryon
West Virginia Atty. General's Office
1900 Kanawha Blvd., E.
Bldg. 1, Rm 26E
Charleston, WV  25305
David.C.Tryon@wvago.gov

2

Taylor Brown
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004
tbrown@aclu.org

Jonathan Scruggs
Roger Greenwood Brooks
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
jscruggs@adflegal.org
rbrooks@adflegal.org

Timothy D. Ducar
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ  85260
tducar@azlawyers.com

Anthony E. Nortz
Kesner & Kesner
112 Capitol Street
Charleston, WV 25301
anortz@kesnerlaw.com

Aria S. Vaughan
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave., NW
4CON, 10th Floor
Washington, DC 20530
aria.vaughan@usdoj.gov

Brandon S. Steele
Joshua D. Brown
Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Ste 100
Beckley, WV  25801
bsteelelawoffice@gmail.com
joshua_brown05@hotmail.com

Christiana Holcomb
Rachel Csutoros
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
cholcomb@adflegal.org
rcsutoros@adflegal.org

Meredith Taylor Brown
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
tbrown@aclu.org

Michael W. Taylor
BAILEY & WYANT PLLC
500 Virginia St., E. – Suite 600
Charleston, WV 25301
mtaylor@baileywyant.com

Fred B. Westfall, Jr.
Jennifer M. Mankins
United States Attorney's Office
300 Virginia Street, East – Rm. 400
Charleston, WV 25301
fred.westfall@usdoj.gov
jennifer.mankins@usdoj.gov

3

*/S/ Roberta F. Green*

_____
Roberta F. Green, Esquire (WVSB #6598)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street E., Suite 200 (25301)
Charleston, West Virginia
 (304) 345-1400; FAX: (304) 343-1826
*Counsel for Defendant WVSSAC*
rgreen@shumanlaw.com