IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>      *Plaintiff*,<br><br>  v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>      *Defendants*,<br><br>  and<br><br>LAINEY ARMISTEAD,<br><br>      *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION TO PLACE DOCUMENTS UNDER SEAL** |

## BACKGROUND

The Parties in the above-captioned case move the Court pursuant to Local Rule 26.4(b)(2), Local Rule 5.2.1, and the Court's December 9, 2021 Protective Order (Dkt. No. 147) for an Order to seal Dkt. No. 280-8, Dkt. No. 285-9, Dkt. No. 289-20, and Dkt. No. 286-1.  The documents contain a transcript of a deposition taken in this matter and it contains certain personal and/or other sensitive information that the Parties designated as "Confidential" under the Court's Protective Order and that the Parties believe warrant redaction in this case.  However, upon previously submitting these documents, certain personal and/or sensitive information was not redacted.  As such, all Parties respectfully request that the Court seal the incorrectly redacted documents.

1

## DISCUSSION

### A. Legal Standard

Under Local Rule of Civil Procedure 26.4(b)(2), a motion to seal must be accompanied by a memorandum of law that contains "(A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate; (B) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our court of appeals." Loc. R. Civ. P. 26.4(b)(2). Although there is a presumption of access, this presumption "may be rebutted if countervailing interests heavily outweigh the public interests in access." *Dilliner v. Gen. Motors, LLC*, No. 2:19-CV-00415, 2021 WL 665531, at *2 (S.D.W. Va. Feb. 19, 2021) (internal quotations and citation omitted). In general, redaction of information in order to "protect[] the privacy rights" of a party or non-party is a sufficiently compelling interest to justify sealing under both the common law and the First Amendment. *BrickStreet Mut. Ins. Co. v. Zurich Am. Ins. Co.*, No. 2:15-CV-06172, 2016 WL 10789403, at *2 (S.D.W. Va. June 17, 2016) (citing *Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014)).

### B. Redaction of Personally Identifying Information is Appropriate

Limited additional redaction of the above documents is appropriate because the documents contain testimony that reflects personally identifying information. The documents reference Dr. Kidd's home address. Such personally identifying information is routinely redacted or sealed in court filings. *In re Marriott Int'l Customer Data Sec. Breach Litig.*, No. 19-MD-2879, 2022 WL 951692, at *4 (D. Md. Mar. 30, 2022) (noting that courts across the country "routinely permit parties to redact or seal the types of PII . . . including, without limitation, home addresses, phone

numbers . . . regardless of the applicable standard"). There is no reason to publish Dr. Kidd's address, which is private. *Cf. Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981) (noting that restriction of personally identifying information is appropriate in cases involving, among other things, transgender individuals and cases involving children). This interest in privacy far outweighs whatever interest the public could have in such personally identifying information, which is of no relevance to the claims in this case. *See Graening.*, 2022 WL 433332, at *2 (granting motion to seal where public's interest in information was low). Furthermore, such minimal additional redaction would not restrict the public's ability to otherwise review or understand the content of the transcript. In addition, and with the Court's permission, the Parties also intend to file revised redacted versions of the documents at issue which will be available to the public.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Joint Motion to Place Documents Under Seal be granted and that the Court seal the following documents:

- Dkt. No. 280-8
- Dkt. No. 285-9
- Dkt. No. 286-1
- Dkt. No. 289-20.

<div style="columns:2">

Dated: June 6, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO  80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully submitted,
/s/ *Loree Stark*

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com

Katelyn Kang*
Valeria Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

**Visiting Attorneys*

*Attorneys for Plaintiff*

</div>

Agreed to by counsel:

/s/ David C. Tryon (per consent)
David C. Tryon*
State Capitol Complex Building 1
Room E-26
Charleston, WV 25305-0220

*Counsel for Defendant, the State of West Virginia*

/s/ Susan L. Deniker (per consent)
Susan L. Deniker
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
susan.deniker@steptoe-johnson.com

*Counsel for Defendants, Harrison County Board of Education and Dora Stutler*

/s/ Kelly C. Morgan (per consent)
Kelly C. Morgan
Bailey & Wyant, PLLC
500 Virginia Street East, Suite 600
P.O. Box 3710
Charleston, WV 25337-3710
kmorgan@baileywyant.com

*Counsel for Defendants, West Virginia State Board of Education and W. Clayton Burch*

/s/ Roberta F. Green (per consent)
Roberta F. Green
Shuman McCuskey & Slicer PLLC
P.O. Box 3953
Charleston, WV 25339-3953
rgreen@shumanlaw.com

*Counsel for Defendant, West Virginia Secondary School Activities Commission*

/s/ Christiana Holcomb (per consent)
Christiana Holcomb*
Alliance Defending Freedom
440 First Street NW, Suite 600

5

Washington, DC 20001
cholcomb@adflegal.org

*Counsel for Defendant-Intervenor,
Lainey Armistead*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 6th day of June, 2022, I electronically filed a true and exact copy of the ***Memorandum in Support of Joint Motion to Place Exhibit Under Seal*** with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936