IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B. P. J., by her next friend and mother,
HEATHER JACKSON,

    Plaintiff,

v.                                        CIVIL ACTION NO. 2:21-cv-00316
                                          Judge Joseph R. Goodwin

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY
BOARD OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH, in
his official Capacity as State Superintendent,
DORA STUTLER, in her official capacity as
Harrison County Superintendent, and THE
STATE OF WEST VIRGINIA,

    Defendants.

and LAINEY ARMISTEAD,

    Intervenor Defendant.

## Response of Defendant, State of West Virginia to the Plaintiff's Motion to Reconsider The Grant of Lainey Armistead's Permissive Intervention

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................................ ii

    I. Introduction ................................................................................................................... 1

    II. Standard For Reconsideration Of Interlocutory Order .......................................... 2

    III.  The State Finds Lainey Armistead's Insight, Contributions, And Perspectives Beneficial To This Case ......................................................................................................... 3

    IV.  Plaintiff Attempts To Re-Litigate The Same Facts And Legal Issues Already Argued And Resolved ................................................................................................................. 4

    V.  Lainey Armistead Has The Appropriate Legal Interest In This Case And Provides A Unique Perspective .................................................................................................. 5

    VI. Lainey Armistead's Participation In Discovery Was Appropriate And Will Provide Appropriate And Typical Ongoing Contributions ........................................................... 6

    VII.  Lainey Armistead Raises Appropriate Legal Arguments ..................................... 9

    VIII.  Ms. Armistead Has Worked to Reduce Impact and Duplication While Litigating From Her Perspective Here .......................................................................................... 10

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acceptance Indem. Ins. Co. v. Se. Forge, Inc.*,
  209 F.R.D. 697 (M.D. Ga. 2002) ...................................................................................................2

*Am. Canoe Ass'n Inc., v. Murphy Farms, Inc.*,
  326 F.3d 505 (4th Cir. 2003) .........................................................................................................2

*Carlson v. Bos. Sci. Corp.*,
  856 F.3d 320 (4th Cir. 2017) .........................................................................................................2

*City of Greensboro v. Guilford Cnty. Bd. of Elections*,
  No. 15 Civ. 599, 2015 WL 12752936 (M.D.N.C. Oct. 30, 2015) ..............................................5

*Emerick v. Fenick Indus., Inc.*,
  539 F.2d 1379 (5th Cir. 1976) .......................................................................................................7

*Illinois v. City of Chi.*,
  No. 17 Civ. 6260, 2018 WL 3920816 (N.D. Ill. Aug. 16, 2018) ................................................5

*Koon as next friend of Glay v. Prince George's County, MD*,
  2019 WL 264834 (D.Md. June 27, 2019) ....................................................................................2

*Official Comm. Of the Unsecured Creditors of Color Tile, Inc. v. Coopers &
  Lybrand, LLP*,
  322 F.3d 147 (2d Cir. 2003) ......................................................................................................2, 4

*Sutphin v. Ethicon, Inc.*,
  No 14 Civ 1379, 2020 WL 5269409 (S.D. W.Va. Sept. 3, 2020) .....................................2, 4, 9

*U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*,
  899 F.3d 236 (4th Cir. 2018) .........................................................................................................3

**Rules**

Fed R. Civ. P. 24 ..............................................................................................................................5, 9

Fed. R. Civ. P. 26 .................................................................................................................................8

Fed. R. Civ. P. Rule 37 .......................................................................................................................7

**I. Introduction.**

Plaintiff's Memorandum of Law in Support of Motion to Reconsider the Grant of Lainey Armistead's Permissive Intervention ("Pl.'s Memorandum"), ECF No. 354, accuses Ms. Armistead of doing too little to merit continued participation[1] and, at the same time, doing too much to be allowed continued participation.[2] And, as discussed below, neither accusation is legitimate.

From the beginning of her involvement, Lainey Armistead has made valuable and unique contributions to this case. As a biological female college soccer athlete that might have to compete against a biological male athlete identifying as female, Ms. Armistead has a different insight into the subject statute than B.P.J., who is a biological male middle schooler who identifies as a female and wants to participate in girls track and field events. H.B. 3293 covers both of them, as it covers all who look to participate in sports at public secondary and higher education institutions. And they have different views on the Statute—one in favor and one against. This Court found that Ms. Armistead "will add a perspective not represented by any of the current defendants." Memorandum and Opinion Order ("Intervention Order") at 6, ECF No. 130.

In arriving at its decision, the Court considered and rejected Plaintiff's arguments opposing Ms. Armistead's intervention. Plaintiff now retreads many of the same arguments and

---

[1] *See e.g.* Pl.'s Memorandum at 4, ECF 354, ("Ms. Armistead has not presented the Court with distinct arguments in defense of H.B. 3293"); *id.* at 10 ("Plaintiff has had to respond to separate (but often overlapping) discovery requests and sets of briefs" ); *id.* at 12 ("She has not offered the Court the unique legal arguments promised in her intervention motion."); and *id.* at 9 (seemingly complaining that Ms. Armistead only "supported four expert witnesses" rather than submitting experts of her own).

[2] *See e.g.* Pl.'s Memorandum at 4, ECF 354 ("Ms. Armistead's participation in this case as Defendant-Intervenor unduly complicated discovery"); *id.* at 9 ("Ms. Armistead's involvement in the case has also significantly increased the amount of expert discovery"); *id.* at 10 ("Ms. Armistead now seeks to rely on the irrelevant testimony from ten individuals"); and *id.* at 9 ("she filed a motion to exclude the testimony of one of Plaintiff's experts that is duplicative of the State's motion to exclude the same expert").

asks the Court to change its ruling.  Secondarily, Plaintiff claims that Ms. Armistead's graduation means the Court must "reconsider" its original ruling.  Neither argument is valid.

The case has now been fully briefed for dispositive motions.  In the event there is a trial, Ms. Armistead's unique "perspective" will become even more important.  The Court should not remove Ms. Armistead at this crucial point in this case.

## II. Standard For Reconsideration Of Interlocutory Order.

Under Federal Rules of Civil Procedure (FRCP") Rule 54(b), a district court may "reconsider and modify its interlocutory judgments[3] … at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n Inc., v. Murphy Farms, Inc.*, 326 F.3d 505, 514-515 (4th Cir. 2003).  While district courts have "flexibility to revise interlocutory orders," the court's discretion to revise "is not limitless." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).  Courts "have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *Id.*

Moreover, a motion for reconsideration is "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, *nor without good reason permitted*, to battle for it again." *Official Comm. Of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (emphasis added) (cleaned up).  And "[m]otions to reconsider 'may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment.'" *Sutphin v. Ethicon, Inc.*, No 14 Civ 1379, 2020 WL 5269409 at *1 (S.D. W.Va. Sept. 3, 2020) (denying motion to reconsider the grant of a motion in limine).  *See, also, Koon as next friend of Glay v. Prince George's County, MD*, 2019

---

[3] Generally, an order granting a motion to intervene is interlocutory in nature, which gives the court discretion to reconsider it in this case.  *Acceptance Indem. Ins. Co. v. Se. Forge, Inc.*, 209 F.R.D. 697, 701 (M.D. Ga. 2002) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)).

2

WL 264834 (D.Md. June 27, 2019) (denying motion to reconsider summary judgment partly on the grounds that there was no explanation why the "new" evidence was not submitted in the movant's original motion).

Following this, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: '(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (citing *Carlson*, 856 F.3d at 325).  The Court may consider "different evidence discovered during litigation." *Id.*

### III. The State Finds Lainey Armistead's Insight, Contributions, And Perspectives Beneficial To This Case.

B.P.J.'s perspective in this case is that of a biological boy who identifies as a girl.  B.P.J., as Plaintiff, sued three organizations and two public officials, none of whom have an individual personal stake in the outcome of the case.  The State intervened to protect the State's interest in defending the validity of the statute.  Lainey Armistead is the only individual in the case who represents the view of a biological female athlete who agrees with the Legislature that the statute is beneficial.  Ms. Armistead chose to intervene "after a lot of thought, prayer and then communications with my parents." Armistead Dep. 28:15-18, ECF No. 289-21.  Ms. Armistead explained that "it was not an easy decision" because "it's not always easy standing up for what you believe when you know other people do not also believe in that, and it's a public thing, and I was nervous about it." *Id*. at 24:9-15.

Plaintiff has made clear (both when opposing Ms. Armistead's intervention in the case and again now) that Plaintiff would prefer to exclude the perspective of an individual female

3

athlete with a different view and experience.[4] The Court found that such a different perspective would be beneficial. *See* Intervention Order at 6, ECF No. 130. The State has found that Ms. Armistead's informed perspective and insights throughout the case, contributions in discovery, and legal briefing have been beneficial to a full and fair exploration of the issues presented. Contrary to Plaintiff's assertions, Ms. Armistead's involvement has not been obstructive or repetitive. Accordingly, the State is of the view that it is proper for Ms. Armistead to remain in the case.

### IV. Plaintiff Attempts To Re-Litigate The Same Facts And Legal Issues Already Argued And Resolved.

Plaintiff's Memorandum largely "raise[s] arguments" which were already raised or "could have been raised prior to the issuance of the [Intervention Order]." *Sutphin,* 2020 WL 5269409 at *1. This Court has warned against such a practice. *See Id*. Indeed, "where litigants have once battled for the court's decision, they should neither be required, *nor without good reason permitted,* to battle for it again." *Color Tile,* 322 F.3d at 167 (emphasis added).

Plaintiff complains that Intervenor Armistead has done the very things that Plaintiff originally predicted that Intervenor would do, such as raise legal arguments (Plaintiff's Opposition to Motion to Intervene ("Pl.'s Init. Op.") at 17, ECF No. 99), participate in discovery (*id.* at 3-5), participate in motion practice (*id.* at 16), and other "added burdens of intervention" (*id.* at 16). The Court considered all these things before granting Ms. Armistead's Motion to Intervene, so they need not and should not be re-litigated now.

---

[4] Contrary to Plaintiff's speculation in footnote 5 on page 7 of Pl.'s Memorandum, ECF 354, the State has not downplayed the value of Ms. Armistead's perspective in any fashion. Rather, the State notes that Intervenor's participation in this matter provides a unique perspective that Ms. Armistead alone can fully provide.

4

### V. Lainey Armistead Has The Appropriate Legal Interest In This Case And Provides A Unique Perspective.

Plaintiff argues that the Court should reverse itself and remove Ms. Armistead because she no longer has a "Significantly Protectable Interest at Stake" (Pl.'s Memorandum at 4, ECF No. 354), but provides no case law supporting that argument. The Court previously rejected this argument presented in Plaintiff's Opposition. Pl.'s Init. Op. at 7, ECF No. 99. Indeed, this argument advances the wrong standard. Only Rule 24(a) (Intervention of Right) requires a protectable interest; in fact, the two cases which Plaintiff cites that mention a protectable interest discussed it only in the context of interventions of right. *See City of Greensboro v. Guilford Cnty. Bd. of Elections,* No. 15 Civ. 599, 2015 WL 12752936, at *1 (M.D.N.C. Oct. 30, 2015) (court denied movants' intervention of right because they did not show a "significantly protectable interest" but granted permissive intervention); *Illinois v. City of Chi.*, No. 17 Civ. 6260, 2018 WL 3920816 (N.D. Ill. Aug. 16, 2018) (recognizing that an "interest relating to the subject matter" is required for intervention of right, but denying the intervention on lack of timeliness).

By contrast, the Court allowed Ms. Armistead to permissively intervene under FRCP Rule 24(b)(1)(B), which allows a party to intervene if the party "has a claim or defense that shares with the main action a common question of law or fact." The Court determined that Ms. Armistead met this standard. Nothing has changed.

Although a "protectable interest" is not required, Plaintiff still claims that Ms. Armistead's graduation eliminates that protectable interest. Pl.'s Memorandum at 4-5, ECF No. 354. Even if the existence of a protectable interest were relevant, Ms. Armistead's graduation does not change the fact that she has defended and will continue "to defend H.B. 3293 as a member of the class of people for whom the law was written." Intervention Order at 6,

5

ECF No. 130. Ms. Armistead still provides that different perspective and still defends H.B. 3293. Ms. Armistead appears intent on defending the Statute on behalf of all biological girls and women in West Virginia who value the protection guaranteed by H.B. 3293 and, in fact, will remain a resident of the State of West Virginia until late summer 2022. *See* Supplemental Declaration Of Lainey Armistead In Support Of Summary Judgment ("Armistead Sup. Decl.") ¶6, ECF No. 300.

Plaintiff's accusation that Ms. Armistead "was evasive when answering questions about her [academic and athletic] plans during her deposition," is both irrelevant and inaccurate. Pl.'s Memorandum at 5, ECF No. 354. Ms. Armistead answered many such questions, and sometimes the same question multiple times. Ms. Armstead answered honestly over and over again that she had multiple options and had not yet decided what to do. *See* Armistead Dep. at 50-73, ECF No. 289-21. Indeed, Plaintiff's footnote 2 on page 5 of Pl.'s Memorandum indicates the opposite of evasiveness, but rather suggests unnecessarily repetitive queries. In any event, Ms. Armistead still has 3 years of NCAA eligibility, which she can still use if plans change, such as, for example, if she returns to West Virginia State University for a master's degree, as she testified was a possibility. Armistead Dep. at 58:25-59:25, ECF No. 289-21; Armistead Sup. Decl. ¶8, ECF No. 300.

### VI. Lainey Armistead's Participation In Discovery Was Appropriate And Will Provide Appropriate And Typical Ongoing Contributions.

Plaintiff argues that the Intervenor has imposed excessive burdens in the discovery process. These arguments are irrelevant and invalid. Plaintiff originally complained "Ms. Armistead's intervention would 'prolong and increase the burdens of discovery and motion practice." Pl.'s Memorandum at 9, ECF No. 354 (citing Pl.'s Init. Op. at 16-17, ECF No. 99). Plaintiff complains that, even though there is no numerical limit on permitted requests for

admission, Ms. Armistead's eighty-two requests for admission ("RFAs") are excessive. By comparison, Plaintiff served 47 RFAs on the State (ECF No. 289-5) and between 48 and 68 RFAs on each of the other defendants. *See, e.g.,* Defendant West Virginia State Board of Education Responses to Plaintiff's Second Set of Requests for Admission (68 RFAs), ECF No. 289-9, and Defendant State Superintendent W. Clayton Burch's Responses to Plaintiff's Second Set of Requests for Admission (60 RFAs), ECF No. 289-10.[5] Also, Plaintiff submitted a Statement of Uncontested Facts (ECF No. 290) claiming 137 allegedly "uncontested facts," to which the State had to respond as the vast majority are, in fact, contested. This is hardly different than submitting numerous additional RFAs requiring some response. In light of the foregoing, Intervenor's requests seem far from "excessive" here.

The correct response to alleged discovery abuses is to file a motion for protective order. Plaintiff did not do so. Plaintiff now claims these alleged discovery abuses are cause for dismissal. That relief could be granted after a full briefing on a discovery motion and a request for sanctions under FRCP Rule 37, but none of that happened here. Further, dismissal for discovery abuses "is a sanction of last resort, applicable only in extreme circumstances." *Emerick v. Fenick Indus., Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976). Asking for that penalty in the present motion is improper.

Plaintiff also incorrectly claims "Ms. Armistead's involvement in the case has also significantly increased the amount of *expert* discovery." Pl.'s Memorandum at 9, ECF No. 354 (emphasis added). This is an odd and unjustifiable claim since the State submitted declarations of its four experts on June 23, 2021, months before Ms. Armistead even moved to intervene in the case on September 10, 2021. Those same experts are now joint experts of the State and the

---

[5] Collectively, this is 128 RFAs to the West Virginia State Board of Education and its head, State Superintendent Burch.

Intervenor and are the only experts that either party has used in this case. And all four are well qualified and provide relevant, reliable, and important testimony.

Plaintiff also seeks to remove Ms. Armistead because Ms. Armistead followed the requirements of FRCP Rule 26(a)(1) (Initial Disclosures) and Rule 26(e) (Supplementing Disclosures and Responses) and supplemented Ms. Armistead's prior initial disclosures with 37 individuals with knowledge when it became necessary and appropriate to do so. Pl.'s Memorandum at 10, ECF No. 354. Plaintiff submits no evidence to support the apparent accusation that Ms. Armistead improperly delayed the disclosure. Plaintiff also cites no case law or civil rule to support the unusual request to remove Ms. Armistead for supplementing the initial disclosures. In any event, there was nothing to stop Plaintiff from subpoenaing those individuals, calling them, or otherwise contacting them without a subpoena, even if only to ask them their involvement in the case and then decide which ones might merit a more in-depth discussion or deposition.

Plaintiff also complains that Ms. Armistead did not timely disclose her graduation date. Pl.'s Memorandum at 5, ECF No. 354. Ms. Armistead repeatedly testified in her deposition that she had not yet decided on her course of action as of the date of the deposition. *See* Armistead Dep. at 50-73, ECF No. 289-21. Plaintiff presents no evidence of untimely disclosure. Rather, Plaintiff should have known at the time of Ms. Armistead's intervention request that she would likely graduate prior to the conclusion of this litigation, whether at trial or on appeal, but did not raise that as an objection at the time. *See* Pl.'s Init. Op. at 1, ECF No. 99 (recognizing that Lainey Armistead is "a 21-year-old NCAA College student" which certainly suggests graduation could be imminent).

Plaintiff concludes that Ms. Armistead must be removed because it will result in "cross-examination if there is a trial, separate post-trial briefing, and separate appellate briefing[.]" Pl's Memorandum at 10, ECF No. 354. This is, of course, true as that is what opposing parties (and sometimes even aligned parties) do in any case. That was known at the time of Ms. Armistead's intervention—that Ms. Armistead would actually participate in the case through her counsel. If Ms. Armistead had not actively participated, Plaintiff would seek her dismissal claiming that Ms. Armistead added nothing to the case. In any event, the Court already rejected these arguments in granting Ms. Armistead's Motion to Intervene. Motions for reconsiderations are not to be used to rehash the same arguments. *See, e.g. Sutphin,* 2020 WL 5269409 at *1.

**VII. Lainey Armistead Raises Appropriate Legal Arguments.**

Plaintiff complains that Ms. Armistead's legal arguments are not different enough from the State's arguments to merit continuation as a party to the case. Pl.'s Memorandum at 11, ECF No. 354. FRCP Rule 24(b) requires that a permissive intervenor have "a claim or defense that shares with the main action a common question of law or fact." Unsurprisingly, Ms. Armistead has argued the common questions of law. An intervenor need not have new, novel or contrary arguments to another party to be a valuable contributor to the case. In fact, Plaintiff complained in its initial opposition to intervention that Ms. Armistead would make arguments different from the State which would "detract from" the case, such as that *Grimm* was incorrectly decided. Pl.'s Init. Op. at 17, ECF No. 99. Now, Plaintiff argues that Ms. Armistead did not make enough different arguments and so must be dismissed. Pl.'s Memorandum at 11-12. Just as Plaintiff's prior (and opposite) argument did not prevent granting Ms. Armistead's permissive intervention, this new argument is no reason to discontinue her participation at this juncture.

9

### VIII. Ms. Armistead Has Worked to Reduce Impact and Duplication While Litigating From Her Perspective Here.

The State has found that Ms. Armistead has pursued her own strategy and presented aspects of her perspective to this point while also seeking efficiencies to avoid unnecessary duplication and other burdens in this case. Recognizing the number of named defendants in this matter, Ms. Armistead has worked with the State and other Defendants to try to streamline questioning in depositions and has combined briefing with the State on expert witnesses as appropriate. But Ms. Armistead has also presented different questions in depositions, served different interrogatories and different RFAs, and submitted different evidence in her separate briefing relative to the dispositive motions. Ms. Armistead's counsel did so with a different perspective in mind. Thus, Ms. Armistead's participation has facilitated a fuller and fairer exploration of the facts and legal issues, and her continued participation throughout the remainder of this litigation is warranted so that the Court and the record are not deprived of her unique perspective.

### CONCLUSION

For the foregoing reasons, the Court should deny the Plaintiff's Motion to Reconsider The Grant of Lainey Armistead's Permissive Intervention.

Respectfully submitted,

PATRICK MORRISEY
  *West Virginia Attorney General*

/s/ *Curtis R. A. Capehart*
Douglas P. Buffington II (WV Bar # 8157)
  *Chief Deputy Attorney General*
Curtis R.A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
David C. Tryon (WV Bar #14145)
  *Deputy Solicitor General*

          OFFICE OF THE WEST VIRGINIA ATTORNEY
          GENERAL
          State Capitol Complex
          1900 Kanawha Blvd. E, Building 1, Room E-26
          Charleston, WV 25305-0220
          Telephone: (304) 558-2021
          Facsimile: (304) 558-0140
          Email: Curtis.R.A.Capehart@wvago.gov

*Counsel for Plaintiff, STATE OF WEST VIRGINIA*

<u>DATE: June 9, 2022</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B. P. J., by her next friend and mother, HEATHER JACKSON,**

    **Plaintiff,**

**v.**                                                     **CIVIL ACTION NO. 2:21-cv-00316**
                                                            **Judge Joseph R. Goodwin**

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH, in his official Capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA BOARD OF EDUCATION, et al.,**

    **Defendants.**

**and LAINEY ARMISTEAD,**

    **Intervenor Defendant.**

## CERTIFICATE OF SERVICE

    I hereby certify that, on this 9th day of June 2022, I electronically filed the foregoing Memorandum with the Clerk of Court and all parties using the CM/ECF System.

                                                        */s/ Curtis R. A. Capehart*
                                                        Curtis R. A. Capehart