IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

           *Plaintiff*,

v.                                             Civil Action No. 2:21-cv-00316
                                               Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,

           *Defendants,*

and

LAINEY ARMISTEAD,
           *Defendant-Intervenor*.

**DEFENDANTS HARRISON COUNTY BOARD OF EDUCATION
AND DORA STUTLER'S MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF
TESTIMONY BY STUTLER ELICITED OUTSIDE OF THE SCOPE OF THE RULE
30(B)(6) TOPICS FOR WHICH SHE WAS DESIGNATED TO TESTIFY**

14862397

Defendants the Harrison County Board of Education ("HCBOE") and County Superintendent Dora Stutler ("Stutler") (collectively, the "County Board"), by counsel, move the Court pursuant to Rules 30(b)(6) and 30(d)(3) of the Federal Rules of Civil Procedure for entry of an order precluding Plaintiff and/or any other party from introducing at trial any part of Stutler's testimony that was elicited outside of the scope of the topics for which she was designated to testify on behalf of the HCBOE in response to Plaintiff's Amended Notice of 30(b)(6) Deposition. Such testimony was improperly elicited and cannot bind the HCBOE; therefore, it should be excluded at trial.

## I.      RULE 30(b)(6) AND RULE 30(d)(3)

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides that a party may name an entity as a deponent. When a party does so, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Afterward, the named entity "must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.* Additionally, "the serving party and the organization must confer in good faith about the matters for examination." *Id.*

The Committee Note regarding the 2020 amendment to Rule 30 states with regard to Rule 30(b)(6), "[c]andid exchanges about the purposes of the deposition and the organization's information structure may clarify and focus the matters for examination, and enable the organization to designate and to prepare an appropriate witness or witnesses, thereby avoiding later disagreements."

When parties comply with Rule 30(b)(6) by corresponding about the topics that will be addressed at the deposition of an entity and they agree (even tacitly) as to the scope of the examination, then if the party taking the deposition exceeds the scope of those topics, the party

14862397

being deposed has "a valid reason for limiting the testimony." *Kovich v. Nationwide Prop. & Cas. Ins. Co.*, No. 3:20-CV-00518, 2021 WL 5450455, at *2 (S.D.W. Va. Nov. 22, 2021).

Courts are divided regarding whether a Rule 30(b)(6) deposition of an entity may delve into information outside of the scope of the Rule 30(b)(6) notice in the first place, but courts agree that any testimony elicited from an entity's representative that falls outside of that scope does not bind the entity being deposed. *See, e.g.*, *Lutes v. Kawasaki Motors Corp., USA*, No. 3:10CV1549 WWE, 2014 WL 657712, at *2 (D. Conn. Feb. 20, 2014) (recognizing that "courts are divided" regarding whether a 30(b)(6) examination may exceed the scope of the notice, with some courts taking the position that the notice "'constitutes the minimum, not the maximum, about what a deponent must be prepared to speak'" but determining that under the circumstances of the case, where court intervention had been sought regarding the scope of the notice, "the more sound approach is to adopt the view that a 30(b)(6) examination should be confined to matters stated with reasonable particularity in the notice of deposition"); *Meyer Corp. U.S. v. Alfay Designs, Inc.*, No. CV 2010 3647 CBA MDG, 2012 WL 3536987, at *5 (E.D.N.Y. Aug. 13, 2012) (even under the view that a 30(b)(6) notice does not limit the scope of testimony that may be elicited, a party "is permitted to object to a question as beyond the scope of the notice in order to preserve for the record that the deponent is answering such a question in an individual, not corporate, capacity").

The rationale for altogether disallowing the elicitation of testimony outside of the scope of a Rule 30(b)(6) notice is compelling, and it stems directly from the wording and purpose of Rule 30(b)(6). As one court has noted:

> First, the purpose of the rule [Rule 30(b)(6)] was to afford the party deposing the corporation the ability to obtain information on certain matters in the form of testimony on behalf of the corporation without having to name the individual in the corporation to be deposed. It makes no sense for a party to state in a notice that it wishes to examine a representative of a corporation on certain matters, have the corporation designate the person most knowledgeable with

14862397                                      2

respect to those matters, and then to ask the representative about matters totally different from the ones listed in the notice.

Second, another purpose of the rule was to allow the corporation to designate a person who was prepared to answer questions on certain matters on behalf of the corporation. The rule was designed to avoid the problem which arose when a party noticed a particular officer of the corporation and the corporation had no way of knowing what matters were going to be the subject of the inquiry and whether the particular officer whose deposition had been noticed knew anything about those matters. Obviously, this purpose of the rule would be effectively thwarted if a party could ask a representative of a corporation produced pursuant to a Rule 30(b)(6) deposition notice to testify as to matters which are totally unrelated to the matters listed in the notice and upon which the representative is prepared to testify.

Third, the fact that the notice must list the matters upon which examination is requested "with reasonable particularity" also lends weight to the notion that a limitation on the scope of the deposition to the matters specified in the notice is implied in the rule. If a party were free to ask any questions, even if "relevant" to the lawsuit, which were completely outside the scope of the "matters on which examination is requested", the requirement that the matters be listed "with reasonable particularity" would make no sense. With this in mind, the sentence which reads that "[t]he persons so designated shall testify as to matters known or reasonably available to the organization" can be read in harmony with the rest of the rule if the word "matters" has the same meaning as it does when used earlier in the rule, i.e. "matters upon which examination is requested". As to "matters upon which examination is requested", the representative has the duty to answer questions on behalf of the organization to the extent that the information sought is "known to the organization or reasonably available to it".

Accordingly, I rule that if a party opts to employ the procedures of Rule 30(b)(6), F.R.Civ.P., to depose the representative of a corporation, that party must confine the examination to the matters stated "with reasonable particularity" which are contained in the Notice of Deposition.

*Paparelli v. Prudential Ins. Co. of Am.*, 108 F.R.D. 727, 729–30 (D. Mass. 1985). *See also*

*Falchenberg v. New York State Dep't of Educ.*, 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008) (quoting

*Paparelli*), *aff'd,* 338 F. App'x 11 (2d Cir. 2009).

Therefore, if questions and answers at a Rule 30(b)(6) deposition exceed the scope of the Rule 30(b)(6) notice, then those answers "will not not bind the corporation, but are merely treated as the answers of the individual deponent." *Falchenberg*, 642 F. Supp. 2d at 164 (citing *Detoy v. City & County of San Francisco,* 196 F.R.D. 362, 367 (N.D.Cal. 2000); *accord King v. Pratt & Whitney,* 161 F.R.D. 475, 476 (S.D.Fla.1995) *aff'd,* 213 F.3d 646 (11th Cir. 2000)). The *Falchenberg* Court echoed other courts that had "noted, 'if the [30(b)(6)] deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem.'" *Id.* (citing *Detoy,* 196 F.R.D. at 367; *King,* 161 F.R.D. at 476) (alteration in *Falchenberg*).

The "scope of a Rule 30(b)(6) deposition has not been directly addressed in the Fourth Circuit," but, at least in the District of Maryland, it has "been established that a 'deponent's answers to questions outside the scope of the notice will not bind the organization.'" *Green v. Wing Enterprises, Inc.*, No. 1:14-CV-01913- RDB, 2015 WL 506194, at *8 (D. Md. Feb. 5, 2015) (quoting *E.E.O.C . v. Freeman,* 288 F.R.D. 92, 98–99 (D. Md. 2012)). Like other jurisdictions, the District of Maryland has taken the position that "to the extent the questioning is beyond the scope of the notice the testimony will constitute that of the deponent in an individual capacity and not on behalf of his organization." *Green*, 2015 WL 506194, at *8.

Rule 30(d)(3)(A) of the Federal Rules of Civil Procedure permits a party, "[a]t any time during a deposition," to "move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." The Southern District of West Virginia has recognized that "a valid reason for limiting" Rule 30(b)(6) testimony exists when "the questioning by Plaintiff at the deposition exceeded the scope proposed by Plaintiff, and tacitly agreed to by the parties[.]" *Kovich*, 2021 WL 5450455, at *2. If a party instructs a witness not to answer a question at a deposition because it is outside of

the scope of the Rule 30(b)(6) notice (absent a claim of privilege or non-compliance with a court order), the party should state on the record that it is instructing the witness pursuant to Rule 30(d)(3) and follow up by filing a Rule 30(d)(3) motion after the deposition concludes. *Id.*

## II.     BRIEF STATEMENT OF RELEVANT FACTS

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, on February 14, 2022, Plaintiff filed "Plaintiff's Amended Notice of 30(b)(6) Deposition," which included "Exhibit A," a list of 15 topics Plaintiff sought to address at her deposition of the HCBOE, and which is attached hereto as "**Exhibit 1**."

In response, the HCBOE's legal counsel conferred with Plaintiff's counsel about the matters for examination, as required by Rule 30(b)(6). (*See* "Remote Videotaped Deposition of Dora Stutler and Dave Mazza," pertinent parts of which are attached as "**Exhibit 2**," at 21-22.) As a result, Plaintiff agreed to withdraw Topic Nos. 3, 6, 9, 12, and 15. The HCBOE designated two witnesses to testify as to the remaining topics. Specifically, it designated Stutler to testify as to Topic Nos. 1, 2, 4, 5, 7, 8, 13, and 14; and it designated Dave Mazza to testify as to Topic Nos. 10 and 11. (Exhibit 2, at 21-22, 197, 204-05.)

At the Rule 30(b)(6) deposition, however, Plaintiff asked questions of Stutler that were outside of the scope of the topics for which she was designated to testify. The undersigned counsel for the HCBOE and Stutler did not instruct Stutler not to answer the questions but, on multiple occasions, objected to questions and testimony elicited on the basis that they exceeded the scope of Plaintiff's Rule 30(b)(6) notice.

First, Plaintiff's counsel asked Stutler questions that fell under Topic No. 10, which Mazza was designated to testify about, while claiming that the questions fell under Topic No. 8, which Stutler was designated to testify about. Topic No. 10, which the HCBOE designated Mazza to testify about, is "[t]he relationship between the Harrison County Board and West Virginia

Secondary School Activities Commission." (Exhibit 1, at Doc. 229-1, p. 5.) Topic No. 8, which Stutler was designated to testify about, was the HCBOE and Stutler's "current and/or expected role in implementing, monitoring, supervising, regulating, and enforcing H.B. 3293, including any delegation of authority to or supervision over the West Virginia Secondary School Activities Commission." (Exhibit 1, at Doc. 229-1, p. 4.)

For example, without limiting her question to the HCBOE and Stutler's role regarding H.B. 3293, Plaintiff's counsel asked Stutler if the HCBOE has delegated any of its sports-related powers to the West Virginia Secondary School Activities Commission ("WVSSAC") or any other entity. (Exhibit 2, at 71-72.) Stutler indicated some "confusion" at the beginning of her response because what she and the Board do is to "follow[] state policy and guideline," and as part of her answer, she stated that she was "trying to just explain the relationship" between the HCBOE and the WVSSAC. (*Id.*) The HCBOE's counsel objected to the form of the question and also stated on the record "that to the extent we're talking about the relationship between the Harrison County [B]oard and the WVSSAC, I believe that that is topic 10, and we've designated a different witness for that." (Exhibit 2, at 72-73.) Plaintiff's counsel indicated that she understood but claimed that she was asking questions related to Topic No. 8. (Exhibit 2, at 73.)

However, the questions that Plaintiff's counsel asked of Stutler were not limited to the HCBOE and Stutler's role with regard to H.B. 3293, which is all that Topic No. 8 addressed, and Plaintiff's counsel did not end her questioning there. She went on to ask Stutler if the WVSSAC has powers related to sports, if the WVSSAC provides guidelines that are presented to the HCBOE and whether the HCBOE has to follow those, whether the WVSSAC provides rules that the HCBOE has to follow for its athletic programs, the process if the HCBOE does not agree with a guideline or rule set by the WVSSAC, what happens if a dispute arises about implementing a certain rule, whether the HCBOE was currently following all of the rules set by the WVSSAC,

and whether the HCBOE determines player eligibility. (Exhibit 2, at 73-78.)

When the HCBOE's counsel objected again (and again) on the basis "that this is a topic 10 issue," Plaintiff's counsel asked Stutler to continue to answer, "as I believe this falls under topic 8." (Exhibit 2, at 76-81.) As Plaintiff's counsel continued with her line of general questions about the relationship between the HCBOE and the WVSSAC, counsel for the HCBOE continued to object to the questions, explaining that Plaintiff's line of questioning was outside of the scope of Topic No. 8. When Plaintiff's counsel insisted that her questions fell under Topic No. 8, the HCBOE's counsel stated on the record,

> Well, I object to that because I believe that topic 8 is in the context of House Bill 3293. You're asking general questions with regard to the relationship between Harrison County Board of Education and the WVSSAC, which I believe are within the scope of topic 10. I – I understand topic 8 to be in the context solely of House Bill 3293.

(Exhibit 2, at 80-81.) In response, Plaintiff's counsel stated that she would allow a standing objection or further objections – and then she continued her line of questioning. (Exhibit 2, at 81.) She asked Stutler again whether the HCBOE determines player eligibility, whether guidelines determining eligibility are "through" the HCBOE, and what happens if a dispute arises between the HCBOE and the WVSSAC regarding player eligibility and whether a process is in place for disputes. (Exhibit 2, at 81-82.)

Later in the deposition, Plaintiff's counsel asked Stutler whether, in accordance with rules that school Athletic Directors and administrators have to follow, sports rosters are reviewed before students are designated to a specific sports team, that is, a team designated for females or males. (Exhibit 2, at 146.) (The question's reference to a "specific sports team" implied separation by gender, as it followed other questions about whether Stutler was aware of any rule prior to H.B. 3293 that schools had to follow related to gender separation in West Virginia school sports teams. (Exhibit 2, at 145-46.)) Stutler attempted to answer the question but qualified her answer, stating

that "the only thing I know about rostering is that there's a bulk of information that's pulled over to that roster from that student, for student information. I am not an expert on rostering and sports by no means." (Exhibit 2, at 146.)

The HCBOE's counsel then objected to the form and also stated on the record "that to the extent that this relates to a topic to be covered by another witness, that it's more appropriate to be asked of that witness." (Exhibit 2, at 147.) Plaintiff's counsel responded, "Understood. I'll save that line of questioning for another witness. Thank you." (Exhibit 2, at 147.) Indeed, Topic No. 11, which Mazza was designated to testify about, was "[t]he Policies, Documents, and Communications of the Harrison County Board and the County Superintendent Concerning the separation of boys and girls in school-sponsored sports and extracurricular activities in Harrison County." (Exhibit 1, at Doc. 229-1, p. 5.)

Soon afterward, Plaintiff's counsel asked Stutler whether the HCBOE had "received any Title IX complaints from a transgender student[.]" (Exhibit 2, at 147.) The HCBOE's counsel objected on the basis "that this is beyond the scope of the topics set forth for the 30(b)(6) deposition" but permitted Stutler to answer the question while reserving the right to object to further questioning on the topic. (Exhibit 2, at 147.) Plaintiff's counsel followed that question with another question asking whether "any of those complaints relate[d] to student sports," to which the HCBOE's counsel made the same objection. (Exhibit 2, at 148.)

Plaintiff's counsel then asked Stutler whether the Department of Education had ever investigated the HCBOE for Title IX violations. (Exhibit 2, at 148.) The HCBOE's counsel objected that the question was "well beyond the scope of the topic" and stated that if Plaintiff's counsel could show her where her questions fit within one of the listed 30(b)(6) topics, she would reconsider her objection. (Exhibit 2, at 148.) In response, Plaintiff's counsel contended that the questioning fell under Topic Nos. 1 and 7. (Exhibit 2, at 148-49.)

Topic No. 1 was: "The organization and structure of the Harrison County Board, including current employees and former employees of the Harrison County Board who were employed January 1, 2019 onward but since departed, their positions, and the scope of their responsibilities, including the role and responsibilities of the County Superintendent." (Exhibit 1, at Doc. 129-1, p. 3.) Topic No. 7 was: "The Policies, Documents, and Communications of the Harrison County Board and the County Superintendent Concerning the participation of transgender students in school-sponsored sports in Harrison County." (Exhibit 1, at Doc. 129-1, p. 4.) Thus, neither of those topics included in its scope anything about whether the Department of Education had ever investigated the HCBOE for Title IX violations.

The HCBOE's counsel therefore responded, "Well, I believe that that question is beyond the scope of both of those topics; and, therefore, I object to the line of questioning about other Title IX complaints that may have been received." (Exhibit 2, at 149.) She continued, "For this witness to answer a question related to Title IX complaints . . . from transgender students involving school sports, the witness has answered that there are not any. I do not believe that further questioning on other Title IX complaints is appropriate or within the topics presented." (Exhibit 2, at 149.) Plaintiff's attorney nevertheless asked Stutler to answer the question. (Exhibit 2, at 149-50.)

### III. ARGUMENT

All of the questions listed in Section II, above, elicited testimony from Stutler on topics for which she was not designated to testify pursuant to Plaintiff's Rule 30(b)(6) notice and/or which were outside of the scope of the noticed topics entirely. Therefore, pursuant to the wording and purpose of Rule 30(b)(6), as well as the reasoning of cases including *Paparelli* and *Falchenberg*, that testimony was improperly elicited. As this Court has previously recognized, "a valid reason for limiting" Rule 30(b)(6) testimony exists when "the questioning by Plaintiff at the deposition exceeded the scope proposed by Plaintiff, and tacitly agreed to by the parties[.]" *Kovich*, 2021 WL

5450455, at *2.

Therefore, all testimony by Stutler that was elicited in response to the questions posed to her that fell outside of the scope of Plaintiff's Rule 30(b)(6) notice should be excluded at the trial of this matter, including but not limited to Stutler's answers to all of the questions listed in Section II, above. Notably, counsel for the HCBOE did not instruct Stutler not to answer at her deposition, and therefore counsel for the HCBOE did not need to make an objection that explicitly mentioned Rule 30(d)(3) during the deposition itself. It is proper now, however, to move to exclude that testimony at trial pursuant to *Kovich*, Rule 30(b)(6), and Rule 30(d)(3).

Indeed, if there were topics that Plaintiff wanted to ask the HCBOE, Plaintiff could have easily included those topics in the notice. Including all topics in the notice fulfills the purposes of the rule. That is, it gives the parties the opportunity to agree on the topics to be addressed and to seek court intervention before the deposition if necessary, and it allows the entity to designate as many appropriate representatives as needed and to properly prepare them to testify accurately as to the entity's knowledge. Moreover, it unreasonably annoys and oppresses the deponent or party when questions are posed to a Rule 30(b)(6) representative that are on topics not in the notice or when another witness has been designated to testify on the entity's behalf as to the subject matter at issue.

Therefore, the testimony by Stutler at issue in this motion should be excluded pursuant to Rule 30(b)(6), Rule 30(d)(3), and *Kovich* because the testimony elicited was outside the scope of the notice and/or fell under a topic for which another witness had been designated to testify, and because the testimony was elicited in a manner that unreasonably annoyed and oppressed the HCBOE. Alternatively, at the very least, the testimony should not bind the HCBOE because it did not designate Stutler to testify on its behalf with regard to the testimony at issue in this motion and, thus, before the deposition, it did not ensure that she could accurately testify as to the

HCBOE's knowledge on those topics.

## IV. CONCLUSION

For all of the foregoing reasons, all testimony by Stutler that was elicited at the Rule 30(b)(6) deposition of the HCBOE, but which addressed any topic for which Stutler was not designated to testify on the HCBOE's behalf, should be excluded at the trial of this matter.

Respectfully submitted this 22nd day of June, 2022.

|  |  |
|---|---|
| STEPTOE & JOHNSON PLLC<br>  OF COUNSEL | */s/ Susan L. Deniker*<br>Susan L. Deniker   (WV ID #7992)<br>Jeffrey M. Cropp   (WV ID #8030)<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330-4500<br>(304) 933-8000<br><br>*Counsel for Defendants Harrison County Board of Education and Dora Stutler* |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

        *Plaintiff*,

v.                                                      Civil Action No. 2:21-cv-00316
                                          Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA,

        *Defendants,*

and

LAINEY ARMISTEAD,

        *Defendant-Intervenor*.

## CERTIFICATE OF SERVICE

I hereby certify that on 22nd day of June, 2022, I electronically filed the foregoing "Defendants Harrison County Board of Education and Dora Stutler's Motion *In Limine* to Preclude Introduction of Testimony by Stutler Elicited Outside of the Scope of the Rule 30(B)(6) Topics for Which She Was Designated to Testify" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**Joshua A. Block, Esquire**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street 18th Floor
New York, NY 10004
*Counsel for Plaintiff*

**Loree Stark, Esquire**
**Nicholas P. Ward, Esquire**
AMERICAN CIVIL LIBERTIES UNION
OF WEST VIRGINIA
1614 Kanawha Boulevard East
Charleston, WV  25311
*Counsel for Plaintiff*

**Avatara A. Smith-Carrington, Esquire**
LAMBDA LEGAL
3500 Oak Lawn Avenue Suite 500
Dallas, TX 75219
*Counsel for Plaintiff*

**Carl Solomon Charles, Esquire**
**Tara L. Borelli, Esquire**
LAMBDA LEGAL
158 West Ponce De Leon Avenue, Suite 105
Decatur, GA 30030
*Counsel for Plaintiff*

**Sruti J. Swaminathan, Esquire**
LAMBDA LEGAL
120 Wall Street 19th Floor
New York, NY 10005
*Counsel for Plaintiff*

**Kathleen R. Hartnett, Esquire**
**Julie Veroff, Esquire**
**Zoë Helstrom, Esquire**
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
*Counsel for Plaintiff*

**Katelyn Kang, Esquire**
**Valeria M. Pelet del Toro, Esquire**
COOLEY LLP
55 Hudson Yards
New York, NY 10001
*Counsel for Plaintiff*

**Elizabeth Reinhardt, Esquire**
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
*Counsel for Plaintiff*

**Andrew D. Barr, Esquire**
COOLEY LLP
1144 15th Street Suite 2300
Denver, CO 80202
*Counsel for Plaintiff*

**Roberta F. Green, Esquire**
**Kimberly M. Bandy, Esquire**
**Shannon M. Rogers, Esquire**
SHUMAN McCUSKEY & SLICER
PO Box 3953
Charleston, WV 25339-3953
*Counsel for Defendant WV Secondary School Activities Commission*

| | |
|---|---|
| **Kelly C. Morgan, Esquire**<br>**Kristen Vickers Hammond, Esquire**<br>**Michael W. Taylor, Esquire**<br>BAILEY & WYANT<br>PO Box 3710<br>Charleston, WV 25337-3710<br>*Counsel for Defendants WV State Board of Education and W. Clayton Burch* | **Douglas P. Buffington, II, Esquire**<br>**Curtis R. Capehart, Esquire**<br>**David C. Tryon, Esquire**<br>WV ATTORNEY GENERAL'S OFFICE<br>State Capitol Complex<br>Building 1, Room 26E<br>1900 Kanawha Boulevard East<br>Charleston, WV 25305-0220<br>*Counsel for Defendant The State of West Virginia* |
| **Brandon Steele, Esquire**<br>**Joshua D. Brown, Esquire**<br>THE LAW OFFICES OF BRANDON S. STEELE<br>3049 Robert C. Byrd Drive, Suite 100<br>Beckley, WV 25801<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Jonathan Scruggs, Esquire**<br>**Roger G. Brooks, Esquire**<br>**Henry W. Frampton, IV, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>*Counsel for Defendant-Intervenor Lainey Armistead* |
| **Christina Holcomb, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Rachel Csutoros, Esquire**<br>**Tyson Langhofer, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>44180 Riverside Parkway<br>Lansdowne, VA 20176<br>*Counsel for Defendant-Intervenor Lainey Armistead* |
| **Travis Barham, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>1000 Hurricane Shoals Rd NE<br>STE D-1100<br>Lawrenceville GA 30043<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Timothy D. Ducar, Esquire**<br>Law Offices of Timothy D. Ducar, PLC<br>7430 E. Butherus Drive, Suite E<br>Scottsdale, AZ 85260<br>*Counsel for Defendant-Intervenor Lainey Armistead* |
| STEPTOE & JOHNSON PLLC<br>   OF COUNSEL | */s/ Susan L. Deniker*<br>Susan L. Deniker    (WV ID #7992)<br>Jeffrey M. Cropp    (WV ID #8030)<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330-4500<br>(304) 933-8000<br><br>*Counsel for Defendants Harrison County Board of Education and Dora Stutler* |

14862397          14