# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>    *Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>    *Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>    *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin<br><br>**PLAINTIFF'S AMENDED NOTICE OF 30(b)(6) DEPOSITION** |

  PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff B.P.J., by her next friend and mother, Heather Jackson, will take the deposition of Defendant the Harrison County Board of Education at approximately the stated time below or on such other date and at such other time as may be agreed upon by the parties.

  The deposition will be conducted remotely via video teleconference offered by Veritext. The deposition will continue from day to day until concluded. The deposition will be taken under oath before a certified shorthand reporter or other officer authorized to administer oaths. The deposition will be recorded by stenographic means, on videotape, and by instant visual display of testimony using LiveNote or similar software. The deposition shall be used for discovery purposes and may be used as evidence in this action, including at trial.

Pursuant to Rule 30(b)(6), Defendant Harrison County Board of Education shall designate one or more knowledgeable officers, directors, managing agents, or other persons who consent to testify on their behalf concerning the subjects set forth in Exhibit A. Prior to deposition, Defendant Harrison County Board of Education and Plaintiff shall meet and confer about the matters for examination.

| Deponent | Date and Time of Deposition |
|---|---|
| Harrison County Board of Education<br><br>445 W. Main Street<br>Clarksburg, WV 26301 | March 8, 2022 at 12:00 PM EST |

Dated: February 14, 2022

Joshua Block*
Taylor Brown*
Chase Strangio*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30
Phone: (404) 897-1880
ccharles@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully submitted,
/s/ *Loree Stark*

Loree Stark (Bar No. 12936)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org

Kathleen Hartnett*
Julie Veroff*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com

Katelyn Kang*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

**Visiting Attorneys*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 14th day of February, 2022, I electronically filed a true and exact copy of the ***Plaintiff's Notice of 30(b)(6) Deposition*** with the Clerk of Court and all parties using the CM/ECF System.

/s/ Loree Stark
Loree Stark
West Virginia Bar No. 12936

9

# Exhibit A

## DEFINITIONS

1. "Action" means the above-captioned litigation instituted by B.P.J. on May 26, 2021.

2. B.P.J. means B.P.J. and her mother, Heather Jackson.

3. "County Board" means the Harrison County Board of Education, as well as its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, and agents.

4. "County Superintendent" means Dora Stutler in her official capacity as Superintendent of the "County Board," as includes each of the officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, and agents that report to her in her official capacity. It also means any "Person" who assumes any of Ms. Stutler's official positions or responsibilities in part, whether temporarily or permanently.

5. "Document" means any written, printed, typed, recorded, magnetic, punched, copied, graphic or tangible thing in, upon, or from which information may be embodied, translated, conveyed, or stored (including, but not limited to, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, dictation or other audio tapes, video tapes, computer tapes, computer discs, computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, sketches, and all other writings or drafts thereof) as defined in Federal Rule of Civil Procedure 34(a), Federal Rule of Civil Procedure 45, and Federal Rule of Evidence 1001, whether

or not labeled "confidential." A draft or non-identical copy is a separate "Document" within the meaning of this term.

6. "Person" means any natural person or any business, legal, or governmental entity or association or any other cognizable entity, including, without limitation, corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

## TOPICS OF EXAMINATION

### TOPIC 1:

The organization and structure of the Harrison County Board, including current employees and former employees of the Harrison County Board who were employed January 1, 2019 onward but since departed, their positions, and the scope of their responsibilities, including the role and responsibilities of the County Superintendent.

### TOPIC 2:

The Policies, Documents, and Communications Concerning the Harrison County Board and the County Superintendent's control, supervision, or authority over school-sponsored athletics in Harrison County.

### TOPIC 3:

The funding of the Harrison County Board, including any federal funding.

### TOPIC 4:

The Policies, Documents, and Communications of the Harrison County Board and the County Superintendent Concerning Plaintiff B.P.J. and her family from January 1, 2019 to the present.

**TOPIC 5:**

The Policies, Documents, and Communications of the Harrison County Board and the County Superintendent Concerning Plaintiff B.P.J.'s Gender Support Plans from Bridgeport Middle School and Norwood Elementary School.

**TOPIC 6:**

The Policies, Documents, and Communications of the Harrison County Board and the County Superintendent Concerning any accommodations made for Plaintiff B.P.J. while at Bridgeport Middle School and Norwood Elementary School.

**TOPIC 7:**

The Policies, Documents, and Communications of the Harrison County Board and the County Superintendent Concerning the participation of transgender students in school-sponsored sports in Harrison County.

**TOPIC 8:**

The Harrison County Board and the County Superintendent's current and/or expected role in implementing, monitoring, supervising, regulating, and enforcing H.B. 3293, including any delegation of authority to or supervision over the West Virginia Secondary School Activities Commission.

**TOPIC 9:**

The Harrison County Board and County Superintendent's current and/ or expected role in enforcing H.B. 3293 in the event that there is no longer an injunction barring the enforcement of H.B. 3293.

**TOPIC 10:**

The relationship between the Harrison County Board and West Virginia Secondary School Activities Commission.

**TOPIC 11:**

The Policies, Documents, and Communications of the Harrison County Board and the County Superintendent Concerning the separation of boys and girls in school-sponsored sports and extracurricular activities in Harrison County.

**TOPIC 12:**

The Policies, Documents, and Communications of the Harrison County Board Concerning B.P.J.'s participation on the Bridgeport Youth Football League Cheerleading Team, including its operation and membership from 2019-20 and 2020-21.

**TOPIC 13:**

The Harrison County Board and the County Superintendent's understanding Concerning the purpose, scope, and implications of H.B. 3293. This expressly includes the Harrison County Board and County Superintendent's understanding of what, if any, governmental interests are furthered by H.B. 3293.

**TOPIC 14:**

The Harrison County Board and County Superintendent's discovery responses provided to date in this Action.

**TOPIC 15:**

The Policies, Documents, and Communications of the Harrison County Board Concerning B.P.J.'s participation on Bridgeport Middle School's girls' cross-country team, including the operation of the team and its and membership during Fall 2021.