IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

    Plaintiff,

v.                                                        Civil Action No. 2:21-cv-00316
                                                          Honorable Joseph R. Goodwin, Judge

WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,
    Defendants,

And

LAINEY ARMISTEAD,
    Defendant-Intervenor.

### WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING AS EVIDENCE THE ASSERTIONS CONTAINED IN PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

Now comes West Virginia Secondary School Activities Commission (WVSSAC), by counsel, Roberta F. Green, Kimberly M. Bandy, Shannon M. Rogers and Shuman McCuskey Slicer PLLC, and moves the Court for an order in *limine* to preclude Plaintiff from characterizing any evidence as an "undisputed fact" absent a stipulation between the parties to that effect. Plaintiff filed "Plaintiff's Statement of Undisputed Facts" (ECF No. 290) in support of Plaintiff's Motion for Summary Judgment (ECF No. 289), providing a list of "facts" characterized as agreed-upon evidence. In light of Plaintiff's representation of the evidence and mischaracterization and/or overstatement of these statements as being "undisputed," the admission of this evidence presented

1

as undisputed would be extremely prejudicial and is not supported by the record. Additionally, the statements of "undisputed facts" create a risk of unfair prejudice, confusion, and waste of time such that they should not be admitted as evidence at trial or used for any other purpose. While initially the alleged 'undisputed facts,' which in actuality are neither undisputed nor, strictly speaking, facts, were apparently intended to facilitate motions practice, of note, they have segued their way into Plaintiff's portion of the Proposed Integrated Pretrial Order at Summary of Facts and Theories of Liability or Defense (in process).

A.     **ARGUMENT**

   1.     **Plaintiff should be precluded from offering as evidence any characterizations or interpretations of evidence.**

In the Statement of Undisputed Facts, Plaintiff characterizes the entries therein not only as facts, but as undisputed facts applicable to all parties. Assuming *arguendo* that the information contained in those statements would be otherwise admissible, which is already the subject of pending motions,[1] nonetheless, Plaintiff's identification of these facts as undisputed would be improper and inadmissible for trial purposes. While WVSSAC disputes that the statements provided by Plaintiff constitute evidence at all, but rather argument characterized as 'facts,' asserted in support of a motion by Plaintiff, WVSSAC requests that Plaintiff be specifically precluded from offering any such statements as evidence for use at trial.

Plaintiff's Statement of Undisputed Facts provides a numerated list of over 135 statements of fact which cite to various places in the record in an attempt to bolster the assertions within it. Plaintiff's characterization of discovery responses of various parties as argument has a role at motions practice; however, to assert the characterization of a fact as fact and as undisputed as to another party is improper. The admission of such 'evidence' would be highly prejudicial by

---

[1] *See, e.g.,* ECF No. 298 at 9, 11.

suggesting that a party has endorsed that statement, when it has not. Under Rule 403 of the Federal Rules of Evidence, relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F. R. Civ. P. 403. "Unfair prejudice enters the calculation when the evidence has an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Lentz*, 282 F. Supp. 2d 399, 431 (E.D. Va. 2002). Plaintiff's reliance on various discovery responses and other pleadings to formulate a list of "facts" depicted as have been established is highly prejudicial to WVSSAC, as it suggests to the trier of fact that the issues presented therein have already been decided  For instance, in the alleged Statement of Undisputed Facts, Plaintiff relies upon WVSSAC's statutory delegation and proclaims it 'controlling authority' without conducting any of the mandatory legal analysis of or under that concept.[2]  As demonstrated by pending motions, that is a hotly contested assertion that awaits the Court's determination, and its inclusion as uncontested and as a fact is unsupported, unsupportable, improper.

Additionally, as indicated in filings herein, Defendants in this case or some of them have disputed Plaintiff's statements of 'fact' such that their characterization as "undisputed" would not only be prejudicial, but plainly false.[3] Plaintiff should be precluded from offering the 'facts' within the Statement of Undisputed Facts, as any evidence offered must be established, rather than a party offering a cumulative summary of evidence.

2. **To the extent that Plaintiff's Statement of Undisputed Facts purports to rely on WVSSAC's discovery responses, 30(b)(6) testimony, or other pleadings shall be excluded as they represent mischaracterizations of evidence.**

---

[2] ECF No. 290 at ¶ 116. WVSSAC disputes that the Undisputed Facts are in whole or part 'undisputed' and reserved the right to plead further, as indicated.
[3] *See, e.g.,* ECF No. 330.

3

The conclusions drawn within Plaintiff's Statement of Undisputed Facts either relying upon WVSSAC's pleadings or discovery responses are improper should be excluded as their admission would be highly prejudicial and have high probability to mislead the trier of fact. Within Plaintiff's Statement of Undisputed Facts, are statements which draw conclusions based on statements of parties, assert a cause-and-effect analysis, or simply offer piecemeal statements pulling soundbites from various places in the record to come up with a statement. To offer such statements even as true would be subjective, and to offer them, as Plaintiff has, as undisputed is dishonest, given the pending objections and the true nature of the evidence adduced. For instance, as WVSSAC has argued elsewhere, Plaintiff asserts as meaningful that WVSSAC decides eligibility appeals and that "WVSSAC's athletic handbook provides that it must comply with Title IX."[4] In so doing, Plaintiff fails to recognize or acknowledge that, as a matter of law, deciding eligibility appeals, absent more, does not create 'controlling authority' over federally funded programs so as to convert this private corporation into a state actor.[5] Reviewing courts have found expressly that giving an organization like WVSSAC the power to enforce the eligibility rules adopted by the State Board and member schools directly against the students does not constitute "ced[ing] authority."[6] In the light most favorable to Plaintiff, these are disputed facts, pending on motions before this Court. In the least favorable light, Plaintiff is attempting to control outcome by characterizing evidence. Either purpose would be improper, more prejudicial than probative, and must be controlled by order *in limine* at this time.

To the extent Plaintiff seeks to offer any characterizations of the evidence offered in this case, drawing conclusions for the trier of fact and suggest that a certain interpretation of evidence

---

[4] ECF No. 290 at ¶¶ 118, 119.
[5] *Smith v. NCEAA*, 266 F.3d at 157.
[6] *Smith v. NCEAA*, 266 F.3d at 157.

is 'fact' and undisputed, specifically to WVSSAC, several of these statements constitute argument rather than true facts, and have been disputed by WVSSAC.[7] Several of these statements are addressed herein.

In No. 74 of Plaintiff's Statement of Undisputed Facts, an assertion that "the NCAA, World Athletics, and the International Olympic Committee ("IOC") all permit transgender girls and women to compete in women's sport events after suppressing their levels of testosterone for particular periods of time or below particular thresholds." ECF 290 at ¶ 74. Plaintiff cites to the Answers of the State, Intervenor, WVBOE, Harrison County BOE, and WVSSAC to declare this statement "undisputed." However, it is unclear what response Plaintiff is relying upon to determine that WVSSAC does not dispute this fact, as the Commission specifically denies a significant portion of that statement in its Answer, cited by Plaintiff. WVSSAC specifically admits only that "the National Collegiate Athletic Association ("NCAA"), World Athletics, and the International Olympic Committee all allow transgender females to play in women's athletic events under certain circumstances." ECF No. 158 ¶ 42. WVSSAC denied the remaining allegations in Paragraph 42 of Plaintiff's First Amended Complaint as it lacks sufficient knowledge to admit or deny the allegations. ECF No. 158 ¶ 42. Despite WVSSAC's denial of the allegation in Plaintiff's First Amended Complaint, Plaintiff now seeks to offer the same statement as an undisputed fact. Regardless of co-Defendants' answers to the allegation in the Amended Complaint, Plaintiff's block citation suggests or alleges that WVSSAC admitted the assertion. Indeed, it has not.. Not only would the admission of such a statement into evidence be prejudicial to WVSSAC and any other parties who dispute any portion of the statement, but overly broad assertions and mis-appellation of sources is both imprecise and improper.[8]

---

[7] *See, e.g.,* ECF No. 298 at 9, 11.
[8] *See, e.g.,* Rule 3.3(a)(3) of the Model Rules of Professional Conduct (candor to the tribunal).

Similarly, in No. 111 of Plaintiff's Statement of Undisputed Facts, Plaintiff offers to this Court as undisputed a statement that, "[w]ithout an injunction, the WVSSAC 'cannot adopt or enforce any policy' allowing girls who are transgender to participate on girls' sports teams that 'conflicts with state law' (Ex. 10 No. 50.)" However, this assertion mischaracterizes WVSSAC's response, wherein it was asked to admit that "as long as H.B. 3293 is in effect, you will not permit a student designated as 'male' in WVEIS to participate on Bridgeport Middle School's girls' cross country team unless ordered to permit that student to participate by a court."[9] WVSSAC responded denying that H.B. 3293 "includes express provisions, prescriptions, duties or other relative to WVSSAC, including, by example only, adopting or enforcing related policies. For these reasons and based upon the fact that WVSSAC has insufficient first-hand information on these issues and the underlying variables in WVEIS as relates to the referenced student, WVSSAC admits that it cannot adopt or enforce any policy that conflicts with state law." *Id*. Though WVSSAC admitted only that it cannot adopt or enforce any policy that conflicts with state law, Plaintiff uses that statement to conclude an additional contention that WVSSAC neither admitted nor agreed upon.

In No. 116 of Plaintiff's Statement of Undisputed Facts, Plaintiff asserts that WVSSAC has "controlling authority over federally funded secondary school athletic programs by the State and County Boards" and cites to both state law and pages of WVSSAC's Rules and Regulations Handbook (2021-2022). ECF 290 at ¶ 116. Nowhere within the pages of WVSSAC's handbook cited by Plaintiff is there any declaration of controlling authority as stated by Plaintiff. The not only untrue, but also misleading (and potentially purposefully so). The admission of such a statement offered as relevant evidence would prejudice WVSSAC and have the effect of

---

[9] *See* Defendant WVSSAC's Responses to Plaintiff's Second Set of Requests for Admission No. 50, attached hereto as Exhibit A.

undercutting the actual record, as established throughout the course of discovery. As such, Plaintiff should be precluded from offering such a statement as evidence, much less as undisputed evidence.

As set forth above, Plaintiff's designation of certain conclusions based on a single party's interpretation of the extensive record established in this case and assertion that these statements are "undisputed" is highly prejudicial and must be excluded. WVSSAC moves this Court for an order *in limine,* precluding Plaintiff's use of the alleged 'undisputed facts' and instructing Plaintiff to offer as evidence only those statements directly found in the record.

For all of the reasons set forth here, WVSSAC moves this Honorable Court for an order in *limine,* prohibiting the use of Plaintiff's Statement of Undisputed Facts.

                                                  **WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION,**
                                                  **By Counsel.**

**/S/ Roberta F. Green**
Roberta F. Green, Esquire (WVSB #6598)
Kimberly M. Bandy (WVSB #10081)
Shannon M. Rogers (WVSB # 13920)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street East, Suite 200 (25301
Charleston, WV 25339
(304) 345-1400
(304) 343-1826 FAX
rgreen@shumanlaw.com
kbandy@shumanlaw.com
srogers@shumanlaw.com

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,
    Plaintiff,

v.                                                  Civil Action No. 2:21-cv-00316
                                                  Honorable Joseph R. Goodwin, Judge

WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,
    Defendants,

And

LAINEY ARMISTEAD,
    Defendant-Intervenor.

## CERTIFICATE OF SERVICE

      I hereby certify that I, Roberta F. Green, have this day, the ___ day of June, 2022, served a true and exact copy of the foregoing **"West Virginia Secondary School Activities Commission's Memorandum in Support of Motion in Limine to Preclude Plaintiff From Offering as Evidence The Assertions Contained in Plaintiff's Statement of Undisputed Facts"** with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Loree Beth Stark | Kathleen R. Hartnett |
| Nicholas Ward | Julie Veroff |
| ACLU of WV FOUNDATION | COOLEY LLP |
| 1614 Kanawha Boulevard, East | 101 California St. – 5th Floor |
| Charleston, WV 25311 | San Francisco, CA 94111-5800 |
| lstark@acluwv.org | khartnett@cooley.com |
| nward@acluwv.org | jveroff@cooley.com |

1

| | |
|---|---|
| Katelyn Kang<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001-2157<br>kkang@cooley.com | Elizabeth Reinhardt<br>COOLEY LLP<br>500 Boylston St., 14th Floor<br>Boston, MA 02116-3736<br>ereinhardt@cooley.com |
| Andrew Barr<br>COOLEY LLP<br>1144 15th St., Suite 2300<br>Denver, CO 80202-5686<br>abarr@cooley.com | Avatara Smith-Carrington<br>LAMBDA LEGAL<br>3500 Oak Lawn Ave., Suite 500<br>Dallas, TX 75219<br>asmithcarrington@lambdalegal.org |
| Joshua Block<br>Chase Strangio<br>ACLU FOUNDATION<br>125 Broad Street<br>New York, NY 10004<br>jblock@aclu.org | Carl Charles<br>LAMBDA LEGAL<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>ccharles@lambdalegal.org |
| Sruti Swaminathan<br>LAMBDA LEGAL<br>120 Wall St., 19th Floor<br>New York, NY 10005<br>sswaminathan@lambdalegal.org | Susan Llewellyn Deniker<br>Jeffrey M. Cropp<br>STEPTOE and JOHNSON, LLC<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330<br>susan.deniker@steptoe-johnson.com<br>jeffrey.cropp@steptoe-johnson.com |
| Kelly C. Morgan<br>Michael W. Taylor<br>Kristen Vickers Hammond<br>BAILEY & WYANT, PLLC<br>500 Virginia St., East, Suite 600<br>Charleston, WV 25301<br>kmorgan@baileywyant.com<br>mtaylor@baileywyant.com<br>khammond@baileywyant.com | Tara Borelli<br>LAMBDA LEGAL<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>tborelli@lambdalegal.org |
| Douglas P. Buffington, II<br>Curtis R.A. Capehart<br>Jessica A. Lee<br>State Capitol Complex<br>Building 1, Room E-26<br>Charleston, WV 25305-0220<br>Curtis.R.A.Capehart@wvago.gov | David C. Tryon<br>West Virginia Atty. General's Office<br>1900 Kanawha Blvd., E.<br>Bldg. 1, Rm 26E<br>Charleston, WV 25305<br>David.C.Tryon@wvago.gov |

| | |
|---|---|
| Taylor Brown<br>American Civil Liberties Union<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>tbrown@aclu.org | Brandon S. Steele<br>Joshua D. Brown<br>Law Offices of Brandon S. Steele<br>3049 Robert C. Byrd Drive, Ste 100<br>Beckley, WV  25801<br>bsteelelawoffice@gmail.com<br>joshua_brown05@hotmail.com |
| Jonathan Scruggs<br>Roger Greenwood Brooks<br>Alliance Defending Freedom<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>jscruggs@adflegal.org<br>rbrooks@adflegal.org | Christiana Holcomb<br>Rachel Csutoros<br>Alliance Defending Freedom<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>cholcomb@adflegal.org<br>rcsutoros@adflegal.org |
| Timothy D. Ducar<br>Law Offices of Timothy D. Ducar, PLC<br>7430 E. Butherus Drive, Suite E<br>Scottsdale, AZ  85260<br>tducar@azlawyers.com | Meredith Taylor Brown<br>American Civil Liberties Union<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>tbrown@aclu.org |
| Anthony E. Nortz<br>Kesner & Kesner<br>112 Capitol Street<br>Charleston, WV  25301<br>anortz@kesnerlaw.com | Michael W. Taylor<br>BAILEY & WYANT PLLC<br>500 Virginia St., E. – Suite 600<br>Charleston, WV 25301<br>mtaylor@baileywyant.com |
| Aria S. Vaughan<br>U.S. Department of Justice<br>Civil Rights Division<br>Educational Opportunities Section<br>950 Pennsylvania Ave., NW<br>4CON, 10th Floor<br>Washington, DC 20530<br>aria.vaughan@usdoj.gov | Fred B. Westfall, Jr.<br>Jennifer M. Mankins<br>United States Attorney's Office<br>300 Virginia Street, East – Rm. 400<br>Charleston, WV 25301<br>fred.westfall@usdoj.gov<br>jennifer.mankins@usdoj.gov |

                          **/S/ Roberta F. Green**
                          Roberta F. Green, Esquire (WVSB #6598)
                          SHUMAN MCCUSKEY SLICER PLLC
                          Post Office Box 3953 (25339)
                          1411 Virginia Street E., Suite 200 (25301)
                          Charleston, West Virginia
                          (304) 345-1400; FAX: (304) 343-1826
                          *Counsel for Defendant WVSSAC*
                          rgreen@shumanlaw.com