IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

    Plaintiff,

v.                                                     Civil Action No. 2:21-cv-00316
                                                     Honorable Joseph R. Goodwin, Judge

WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,
    Defendants,

And

LAINEY ARMISTEAD,
    Defendant-Intervenor.

MEMORANDUM OF LAW IN SUPPORT OF WEST VIRGINIA SECONDARY
SCHOOL ACTIVITIES COMMISSION'S MOTION IN LIMINE
TO EXCLUDE TEXT AND EMAIL COMMUNICATIONS

    Now comes West Virginia Secondary School Activities Commission (WVSSAC), by counsel, Roberta F. Green, Kimberly M. Bandy, Shannon M. Rogers and Shuman McCuskey Slicer PLLC, and moves the Court for an order in *limine* to preclude use of text communications and email communications of Bernie Dolan. In discovery, the parties have exchanged copies of certain email communications and text messages between WVSSAC Executive Director Bernie Dolan and other individuals, as well as email communications received by Bernie Dolan without response. To the extent that the communications contain statements of individuals other than Bernie Dolan, they are hearsay, and no exception to the hearsay rules applies to these

1

communications. Further, the communications are not relevant to the material issues, and the prejudicial value of such communications outweighs any probative value that the materials may have. Additionally, the communications create the risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time such that they should not be admitted as evidence at trial or used for any other purpose. Each communication will be discussed in turn.

**A.     TEXT MESSAGES**

      **1.     The text thread with Senator Stephen Baldwin should be excluded.**

WVSSAC seeks to exclude the text messages produced as Bates Numbers WVSSAC000001-000007. (Exhibit A). The text thread begins on March 24, 2021, with a text from Stephen Baldwin, a state Senator from Greenbrier County, to Bernie Dolan asking whether Mr. Dolan will talk to his caucus about "the transgender student athlete [b]ill."[1] Mr. Dolan responds with his availability, and they decide on a date and time. The remainder of the text message thread includes a statement by Mr. Baldwin regarding WVSSAC's board of directors' policy being discussed on the senate floor, and Mr. Dolan responding that the policy "has not gone through our formal rules process."

Plaintiffs may seek to unfairly impute Senator Baldwin's verbiage, characterizing certain legislation as "the transgender student athlete [b]ill" to Mr. Dolan when those words were not Mr. Dolan's. When he was deposed, Mr. Dolan was asked about the text thread, and particularly was asked whether he agreed with a statement of yet another individual, Senator Rucker, as it was characterized by Mr. Baldwin in a text message.[2] This type of questioning based upon hearsay statements should not be permitted at trial. Any effort to impute the statements of others to Mr. Dolan, just because they appear in communications to Mr. Dolan, is unfairly prejudicial to

---

[1] ECF No. 276-1 at 140.
[2] ECF No. 276-1 at 141-142.

WVSSAC. Further, any statements of Mr. Dolan are irrelevant to any material issue in this case. To the extent that they have any probative value, these matters can be directly inquired into without reference or resort to the previous communications. Trying to utilize the communications will only result unfair prejudice, confusing the issues, and waste of time and should be excluded under the balancing test contained in Rule 403 of the Federal Rules of Evidence.

    **2.**    **The text thread with Melissa White should be excluded.**

WVSSAC seeks to exclude text messages between Melissa White and Bernie Dolan on April 8, 2021, Bates Number WVSSAC000370. (Exhibit B). Based on her email signature block, Melissa White represents herself to be Chief Counsel for the Committee on Education of West Virginia House of Delegates.[3] Ms. White sent a text asking Bernie Dolan for a "copy of the SSAC's policy about transgender participation in sports." Mr. Dolan responded "[c]heck your email" and Ms. White replied "I did. Thank you."

Mr. Dolan provided deposition testimony that, to his knowledge, WVSSAC had told House Education that it had a Board policy for transgender participation.[4] Ms. White was trying to get a copy, and Mr. Dolan provided it to her.[5] Mr. Dolan does not recall discussing the Board policy or H.B. 3293 with Ms. White after this text exchange.[6]

The statements of Ms. White are hearsay and should not be permitted at trial. Further, any statements of Mr. Dolan are irrelevant to any material issue in this case. To the extent that they have any probative value, these matters can be directly inquired into without reference or resort to the previous communications. Trying to utilize the communications will only result unfair

---

[3] ECF No. 276-1 at 148-149.
[4] ECF No. 276-1 at 151-152.
[5] ECF No. 276-1 at 151-152.
[6] ECF No. 276-1 at 152.

prejudice, confusing the issues, and waste of time and should be excluded under the balancing test contained in Rule 403 of the Federal Rules of Evidence.

**B.     EMAIL CORRESPONDENCE**

### 1.     The email exchange with Daniel Swartos should be excluded.

WVSSAC seeks to exclude email correspondence Bates Numbered WVSSAC000223-000224. (Exhibit C). The documents include an email dated May 6, 2019, to Bernie Dolan and several other individuals purporting to be from Daniel Swartos, Executive Director for the South Dakota High School Activities Association. Per the text of the email, Mr. Swartos listed several questions that he had regarding various states' policies on transgender athletes. On May 6, 2019, Mr. Dolan responded that "WV has a board policy that is not in our by laws. Basically, [w]e support whatever the local school's determination. However there can be an appeal on safety and competitive balance. It has not been challenged yet."

Mr. Dolan provided deposition testimony regarding his statement, confirming that the board policy "had not gone through any court action."[7] The statements of Mr. Swartos are hearsay. Mr. Dolan's response has no relevance to any fact in issue. This simple inquiry from South Dakota, and Mr. Dolan's response, which occurred two years prior to the passage of the statute at issue in this matter, does not tend to prove any fact at issue in this lawsuit. At best, the response relates to the internal board policy of WVSSAC but has no bearing on the passage of H.B. 3293 by the West Virginia Legislature or the merits of that law. To the extent that the statements have any probative value, these matters can be directly inquired into without reference or resort to the previous communications. Trying to utilize the communications will only result unfair prejudice, confusing

---

[7] ECF No. 276-1 at 127-128.

the issues, misleading the jury, and waste of time and should be excluded under the balancing test contained in Rule 403 of the Federal Rules of Evidence.

    **2.**     **The email from Aubrey Greathouse should be excluded.**

WVSSAC seeks to exclude Bates Number WVSSAC000225. (Exhibit D). This document is an email dated July 24, 2020, from Aubrey Greathouse, who identifies herself as the Athletic Trainer at East Fairmont High School. The email seeks "any written policies or procedures regarding transgender athletes and sports participation at the high school level." There is no response to this email. This simple inquiry from an athletic trainer, without any response, which occurred the summer before the passage of the statute in issue, does not tend to prove any fact at issue in this lawsuit. It constitutes hearsay. It has no probative value, cannot be imputed to WVSSAC, creates a danger of unfair prejudice, confusion of the issues, and waste of time, and should be excluded.

    **3.**     **The email exchange with Josh Weekley should be excluded.**

WVSSAC seeks to exclude Bates Numbers WVSSAC000226-000227. (Exhibit E). These documents include an email dated March 8, 2021, to Bernie Dolan from Josh Weekley with RunWV.com. According to Mr. Dolan, Mr. Weekley "runs RunWV which keeps track of all boys' and girl' track and cross-country times and posts them on runwv.com."[8] Mr. Weekley's email appears to be in response to an inquiry from Mr. Dolan from a few weeks prior "regarding data in relationship to a bill that might be proposed by a legislator." Mr. Weekley asked Mr. Dolan to let him know if he still has need of information. Mr. Dolan responded on March 8, 2021, "[w]e were looking at girl's times in some events compared to boys. A transgender issue."

---

[8] ECF No. 276-1 at 146.

Mr. Dolan explained that he had contacted Mr. Weekley initially based upon curiosity to see "what the actual data showed for comparison of boys' and girls' times."[9] Mr. Dolan could not recall whether he made this inquiry before, after, or during the legislative session where H.B. 3293 was considered.[10] He further testified that he never received data from Mr. Weekley.[11] There is no evidence that Mr. Dolan's inquiry had any connection to the legislation or had any impact on the legislation. More importantly, because Mr. Dolan never received data from Mr. Weekley, this inquiry has no probative value regarding any issue in the case. The email merely shows that Mr. Dolan had a curiosity about what the data showed and demonstrates nothing of value to the case. To the extent that it has any probative value, these matters can be directly inquired into without reference or resort to the previous communications. Trying to utilize the communications will only result unfair prejudice, confusing the issues, and waste of time and should be excluded under the balancing test contained in Rule 403 of the Federal Rules of Evidence.

    **4.**    **<u>The email and attachment from Melissa White should be excluded.</u>**

A few different copies of this email have been produced by the parties, and WVSSAC seeks to exclude each of them. WVSSAC000228 is an email dated March 11, 2021, to Bernie Dolan from Melissa White, who represents herself to be Chief Counsel for the Committee on Education of West Virginia House of Delegates.[12] (Exhibit F). The email provides Mr. Dolan with a copy of "an originating bill regarding transgender participation in sports." The email asks Mr. Dolan "[p]lease let me know your thoughts[.]" The attachment was produced at Bates Numbers WVSSAC000228 - ATTACHMENT001-005 (Exhibit F).

---

[9] ECF No. 276-1 at 146-147.
[10] ECF No. 276-1 at 147.
[11] ECF No. 276-1 at 147.
[12] ECF No. 276-1 at 148-149.

WVSBOE000008-000009 is the same email correspondence from Melissa White to Bernie Dolan on March 11, 2021. (Exhibit G). This thread includes an email from Ms. White on March 15, 2021, forwarding to Sarah Stewart her earlier email to Mr. Dolan with the message "Per our discussion." The same email appears at WVSBOE000011-000012, WVSBOE000039-000045, and BPJ_00403. (Exhibit G). BPJ_01425 is the same email correspondence from Melissa White to Bernie Dolan on March 11, 2021. This thread includes a response from Mr. Dolan on March 11, 2021, stating that he was in a meeting, and will reply "this afternoon." Ms. White responds "Thank you!" (Exhibit H).

Mr. Dolan provided deposition testimony that he did not know why Ms. White reached out to him regarding H.B. 3293, other than to speculate that it was "as a courtesy" because it involved athletics.[13] He further stated that he did not provide Ms. White with any thoughts in response.[14] In fact, he sent the attachment to WVSSAC's counsel without opening it.[15]

This email exchange in all of its iterations should be excluded. Plaintiffs may seek to unfairly impute Ms. White's verbiage, characterizing certain legislation as "an originating bill regarding transgender participation in sports" to Mr. Dolan when those words were not Mr. Dolan's. The statements of Ms. White are hearsay and should be excluded. Any effort to impute the statements of others to Mr. Dolan, just because they appear in communications to Mr. Dolan, is unfairly prejudicial to WVSSAC. The only statement by Mr. Dolan in response is in Exhibit H, stating that he was in a meeting, and will reply "this afternoon." However, as he testified, Mr. Dolan did not respond to Ms. White. Thus, any use of the statement would be for the sole purpose

---

[13] ECF No. 276-1 at 149.
[14] ECF No. 276-1 at 150.
[15] ECF No. 276-1 at 150.

of misleading the jury into believing that Mr. Dolan provided a substantive response to this inquiry, and it should therefore be excluded.

Any statements of Mr. Dolan contained in the communications are irrelevant to any material issue in this case. To the extent that they have any probative value, these matters can be directly inquired into without reference or resort to the previous communications. Trying to utilize the communications will only result unfair prejudice, confusing the issues, misleading the jury, and waste of time and should be excluded under the balancing test contained in Rule 403 of the Federal Rules of Evidence.

     **5.**     **The email and attachment from Senator John Unger should be excluded.**

WVSSAC seeks to exclude an email dated March 22, 2021, to Bernie Dolan from Senator John Unger, Bates Number WVSSAC000237. (Exhibit I). The email has no text, it simply attaches a PDF document entitled "NCAA Inclusion of Transgender Student Athletes" from the NCAA Office of Inclusion dated August 2011. The attachment was produced at Bates Numbers WVSSAC000238-000275. There is no response to this email from Mr. Dolan. The attachment is not a WVSSAC policy, nor does Mr. Dolan comment on the NCAA document in any way. It is simply a document that was sent to Mr. Dolan from Senator John Unger, which does not tend to prove any fact at issue in this lawsuit. The email and the attachment constitute hearsay. They have no probative value, cannot be imputed to WVSSAC, create a danger of unfair prejudice, confusion of the issues, and waste of time, and should be excluded.

     **6.**     **The email exchange with John Raby should be excluded.**

WVSSAC seeks to exclude the documents produced as WVSSAC000276-000277. (Exhibit J). The documents include an email dated March 24, 2021, to Bernie Dolan from John

Raby, a reporter with the Associated Press.[16] Mr. Raby states that he is "writing a story on the transgender athlete bill (HB3293) now moving through the West Virginia Legislature" and asks some questions regarding transgender athlete participation in West Virginia. On March 24, 2021, Mr. Dolan responds, stating that WVSSAC is unaware of whether there are any transgender athletes participating in its activities. Mr. Dolan states that schools "indicate the gender on the eligibility list. We do not have access to the school records." Mr. Dolan further states, "[t]he WVSSAC has supported Title IX for the last 50 years. This has increased the quantity and quality of opportunities for girls in our schools. Title IX has non discrimination language that we support."

Plaintiffs may seek to unfairly impute John Raby's verbiage, characterizing certain legislation as "the transgender athlete bill" to Mr. Dolan when those words were not Mr. Dolan's. None of the hearsay statements of Mr. Raby should be admissible. Further, any statements of Mr. Dolan are irrelevant to any material issue in this case. To the extent that they have any probative value, these matters can be directly inquired into without reference or resort to the previous communications. Trying to utilize the communications will only result unfair prejudice, confusing the issues, and waste of time and should be excluded under the balancing test contained in Rule 403 of the Federal Rules of Evidence.

       **7.**       <u>**The email exchange with Senator Stephen Baldwin should be excluded.**</u>

WVSSAC seeks to exclude email correspondence produced as Bates Number BPJ_00399. (Exhibit K). This document is email correspondence from Bernie Dolan to Senator Stephen Baldwin on March 31, 2021, providing a copy of WVSSAC's Board of Director's policy, and a response from Mr. Baldwin thanking him. The remainder of the email thread is Mr. Dolan

---

[16] ECF No. 276-1 at 143.

forwarding the Board policy to Melissa White on April 8, 2021, commenting that it does not appear in WVSSAC's rules, and that is has not been challenged in court.

Any statements of Mr. Dolan are irrelevant to any material issue in this case. To the extent that they have any probative value, these matters can be directly inquired into without reference or resort to the previous communications. Trying to utilize the communications will only result unfair prejudice, confusing the issues, and waste of time and should be excluded under the balancing test contained in Rule 403 of the Federal Rules of Evidence.

### 8. The email from Ryan Quinn should be excluded.

WVSSAC seeks to exclude the email at WVSSAC000278-000279 to Bernie Dolan from Ryan Quinn, who appears to be a reporter with the Charleston Gazette Mail. (Exhibit L). On April 8, 2021, Mr. Quinn sent an email to Mr. Dolan asking Mr. Dolan to email the "SSAC transgender policy" and explain "how to view it." Mr. Quinn sent a follow-up email on April 9, 2021, asking for the information to be provided that day. There is no response from Mr. Dolan to either email. Thus, these are simply inquiries from a news reporter, and they do not tend to prove any fact at issue in this lawsuit. The emails are hearsay. They have no probative value, cannot be imputed to WVSSAC, create a danger of unfair prejudice, confusion of the issues, and waste of time, and should be excluded.

### 9. The email exchange with Brad McElhinny should be excluded.

WVSSAC seeks to exclude the email exchange at Bates Numbers WVSSAC000280-000281. (Exhibit M). On May 26, 2021, Brad McElhinny with wvradio.com sent an email to Bernie Dolan, asking whether WVSSAC has "any comment about this federal lawsuit challenging the new transgender athletes law." Mr. Dolan responded on May 26, 2021, stating "[n]ot at this time. I can only see it from my phone. I'd better wait." Mr. McElhinny replies "[m]akes sense."

There is no further exchanged between Mr. Dolan and Mr. McElhinny. The request for comment, and Mr. Dolan's response declining to comment, do not tend to prove any fact at issue in this lawsuit. It simply shows that Mr. Dolan received an inquiry. Such information should be excluded as irrelevant and a waste of time.

Plaintiffs may seek to unfairly impute Mr. McElhinny's verbiage, characterizing certain legislation as "the new transgender athletes law" to Mr. Dolan when those words were not Mr. Dolan's. None of the hearsay statements of Mr. McElhinny should be admissible. Further, any statements of Mr. Dolan are irrelevant to any material issue in this case. To the extent that they have any probative value, these matters can be directly inquired into without reference or resort to the previous communications. Trying to utilize the communications will only result unfair prejudice, confusing the issues, and waste of time and should be excluded under the balancing test contained in Rule 403 of the Federal Rules of Evidence.

### 10. <u>Any other email exchanges should be excluded.</u>

To the extent that any additional email communications to or from Bernie Dolan are sought to be admitted at trial, WVSSAC reserves the right to object on the same basis and grounds as set forth in this motion and memorandum, as they would be equally inadmissible for the same reasons set forth herein.

### C. ARGUMENT

#### 1. <u>The statements contain inadmissible hearsay</u>.

Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement."[17] Hearsay is not admissible unless an exception applies.[18] Each of the text and email

---

[17] Fed. R. Evid. 801(c)(1)-(2).
[18] Fed. R. Evid. 802.

communications contain out-of-court statements of various individuals which Plaintiff may not proffer to prove the truth of the matters asserted therein.

A statement may be admissible if it is offered against an opposing party and:

(A) was made by the party in an individual or representative capacity;
(B) is one the party manifested that it adopted or believed to be true;
(C) was made by a person whom the party authorized to make a statement on the subject; [or]
(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed.[19]

Some of the statements made by Bernie Dolan could arguably be admissible under this part of Rule 801. However, the statements and characterizations of other individuals communicating with Mr. Dolan are not, and Plaintiffs should be precluded from introducing these statements in an effort to impute them, including any particular characterization, language or wording used by other individuals, to Mr. Dolan or WVSSAC.

### 2. The statements are irrelevant.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[20] Here, the various statements contained in the communications discussed above do not assist the trier of fact to determine the validity of H.B. 3293 under the Equal Protection Clause or Title IX. None of the statements of Mr. Dolan have any connection to H.B. 3293. His statements do not have any tendency to make any material fact more or less probable. Therefore, they should be excluded.

---

[19] Fed. R. Evid. 801(d)(2)(A)-(D).
[20] Fed. R. Evid. 401.

### 3. The probative value of the statements, if any, is outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly resenting cumulative evidence."[21] Any potential probative value that the statements of Mr. Dolan may have is outweighed by one or more of the relevant concerns listed under Rule 403, as discussed above. Here, the only potential efficacy the text messages and emails could have would be to try to unfairly impute the language of other individuals to Bernie Dolan to the unfair prejudice of WVSSAC. Further, the communications may tend to mislead or confuse the jury. Attempted use of any of the communications would result in undue delay and waste of time because counsel can simply inquire into these matters directly with Mr. Dolan without resort or reference to earlier communications. No evidence has been adduced that Mr. Dolan had any particularized or any knowledge whatsoever relative to the subject legislation. Emails to Mr. Dolan regarding inquiries and information to which Mr. Dolan did not respond have little to no probative value. Indeed, no evidence has been adduced that Mr. Dolan had any role in the decision to enact the legislation nor is there evidence that he had any input on the content or language of the legislation; indeed, Plaintiff admits that WVSSAC was dropped from draft legislation prior to passage.[22]

For all of the reasons set forth here, WVSSAC moves this Honorable Court for an order in *limine,* prohibiting the use of text communications and email communications of Bernie Dolan.

---

[21] Fed. R. Evid. 403.
[22] ECF No. 64 at ¶ 49ff.

        **WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION,**
        **By Counsel.**

/s/Kimberly M. Bandy
Roberta F. Green (WVSB #6598)
Kimberly M. Bandy (WVSB #10081)
Shannon M. Rogers (WVSB # 13920)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street East, Suite 200 (25301
Charleston, WV 25339
(304) 345-1400
(304) 343-1826 FAX
rgreen@shumanlaw.com
kbandy@shumanlaw.com
srogers@shumanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,
    Plaintiff,

v.                                                       Civil Action No. 2:21-cv-00316
                                                         Honorable Joseph R. Goodwin, Judge

WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,
    Defendants,

And

LAINEY ARMISTEAD,
    Defendant-Intervenor.

## CERTIFICATE OF SERVICE

       I hereby certify that I, Kimberly M. Bandy, have this, the 22nd day of June, 2022, served a true and exact copy of the foregoing **"Memorandum of Law in Support of West Virginia Secondary School Activities Commission's Motion in Limine to Exclude Text and Email Communications of Bernie Dolan"** with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Loree Beth Stark | Kathleen R. Hartnett |
| Nicholas Ward | Julie Veroff |
| ACLU of WV FOUNDATION | COOLEY LLP |
| 1614 Kanawha Boulevard, East | 101 California St. – 5th Floor |
| Charleston, WV  25311 | San Francisco, CA 94111-5800 |
| lstark@acluwv.org | khartnett@cooley.com |
| nward@acluwv.org | jveroff@cooley.com |

1

| | |
|---|---|
| Katelyn Kang<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001-2157<br>kkang@cooley.com | Elizabeth Reinhardt<br>COOLEY LLP<br>500 Boylston St., 14th Floor<br>Boston, MA 02116-3736<br>ereinhardt@cooley.com |
| Andrew Barr<br>COOLEY LLP<br>1144 15th St., Suite 2300<br>Denver, CO 80202-5686<br>abarr@cooley.com | Avatara Smith-Carrington<br>LAMBDA LEGAL<br>3500 Oak Lawn Ave., Suite 500<br>Dallas, TX 75219<br>asmithcarrington@lambdalegal.org |
| Joshua Block<br>Chase Strangio<br>ACLU FOUNDATION<br>125 Broad Street<br>New York, NY 10004<br>jblock@aclu.org | Carl Charles<br>LAMBDA LEGAL<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>ccharles@lambdalegal.org |
| Sruti Swaminathan<br>LAMBDA LEGAL<br>120 Wall St., 19th Floor<br>New York, NY 10005<br>sswaminathan@lambdalegal.org | Susan Llewellyn Deniker<br>Jeffrey M. Cropp<br>STEPTOE and JOHNSON, LLC<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330<br>susan.deniker@steptoe-johnson.com<br>jeffrey.cropp@steptoe-johnson.com |
| Kelly C. Morgan<br>Michael W. Taylor<br>Kristen Vickers Hammond<br>BAILEY & WYANT, PLLC<br>500 Virginia St., East, Suite 600<br>Charleston, WV 25301<br>kmorgan@baileywyant.com<br>mtaylor@baileywyant.com<br>khammond@baileywyant.com | Tara Borelli<br>LAMBDA LEGAL<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>tborelli@lambdalegal.org |
| Douglas P. Buffington, II<br>Curtis R.A. Capehart<br>Jessica A. Lee<br>State Capitol Complex<br>Building 1, Room E-26<br>Charleston, WV 25305-0220<br>Curtis.R.A.Capehart@wvago.gov | David C. Tryon<br>West Virginia Atty. General's Office<br>1900 Kanawha Blvd., E.<br>Bldg. 1, Rm 26E<br>Charleston, WV 25305<br>David.C.Tryon@wvago.gov |

Taylor Brown
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004
tbrown@aclu.org

Jonathan Scruggs
Roger Greenwood Brooks
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
jscruggs@adflegal.org
rbrooks@adflegal.org

Timothy D. Ducar
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ 85260
tducar@azlawyers.com

Anthony E. Nortz
Kesner & Kesner
112 Capitol Street
Charleston, WV 25301
anortz@kesnerlaw.com

Aria S. Vaughan
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave., NW
4CON, 10th Floor
Washington, DC 20530
aria.vaughan@usdoj.gov

Brandon S. Steele
Joshua D. Brown
Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Ste 100
Beckley, WV 25801
bsteelelawoffice@gmail.com
joshua_brown05@hotmail.com

Christiana Holcomb
Rachel Csutoros
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
cholcomb@adflegal.org
rcsutoros@adflegal.org

Meredith Taylor Brown
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
tbrown@aclu.org

Michael W. Taylor
BAILEY & WYANT PLLC
500 Virginia St., E. – Suite 600
Charleston, WV 25301
mtaylor@baileywyant.com

Fred B. Westfall, Jr.
Jennifer M. Mankins
United States Attorney's Office
300 Virginia Street, East – Rm. 400
Charleston, WV 25301
fred.westfall@usdoj.gov
jennifer.mankins@usdoj.gov

/s/Kimberly M. Bandy
Roberta F. Green, Esq. (WVSB #6598)
Kimberly M. Bandy, Esq. (WVSB #10081)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street E., Suite 200 (25301)
Charleston, West Virginia
 (304) 345-1400; FAX: (304) 343-1826
*Counsel for Defendant WVSSAC*
rgreen@shumanlaw.com
kbandy@shumanlaw.com

4