IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B. P. J., by her next friend and mother,
HEATHER JACKSON,

   Plaintiff,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY
BOARD OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH, in
his official Capacity as State Superintendent,
DORA STUTLER, in her official capacity as
Harrison County Superintendent, and THE
STATE OF WEST VIRGINIA,

   Defendants.

and LAINEY ARMISTEAD,

   Intervenor Defendant.

CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

**MEMORANDUM IN SUPPORT OF DEFENDANT STATE OF WEST VIRGINIA'S MOTION IN LIMINE TO EXCLUDE OR LIMIT CERTAIN STATEMENTS OF STATE SUPERINTENDENT BURCH AND RELATED PARTIES (HEARSAY, RELEVANCE, AND LIMITATION PURSUANT TO FED. R. EVID. 105)**

## BACKGROUND

In April 2021, the West Virginia Legislature passed House Bill 3293 ("H.B. 3293") which protects the integrity of female sports and the safety of biological female athletes in competitive and contact sports and furthers the purposes of Title IX. Plaintiff now asserts an "as applied" challenge to H.B. 3293, claiming that it improperly prevents biological males who identify as females, such as B.P.J., from participating in female competitive and contact sports because it violates the Equal Protection Clause and Title IX.

Plaintiff B.P.J. has filed Plaintiff's Statement of Undisputed Material Facts ("Pl's SUF," ECF No. 290), a Stipulation of Uncontested Facts ("BOE Parties' Stip.," ECF No. 270 ) signed by counsel for Plaintiff and West Virginia State Board of Education ("State Board") and W. Clayton

1

Burch ("Burch"), and Plaintiff's Motion for Summary Judgment ("Pl's MSJ," ECF No. 289). These documents include statements, admissions, or stipulations (collectively the "BOE Parties' Statements") of the West Virginia Department of Education ("WVDE"), the State Board and/or Superintendent Burch. (The State Board, the WVDE, and Superintendent Burch are hereinafter collectively the "BOE Parties.") These statements are out-of-court statements and are not statements of the Defendant, State of West Virginia ("the State"). The BOE Parties' Statements are hearsay. Further, they are not relevant to the issues in this case. Moreover, even if admitted, the BOE Parties' Statements are not admissible against the State or other non-stipulating parties.

Therefore, any usage of the BOE Parties' Statements must be excluded as hearsay and for lack of relevance. Any possible usage thereof must be admitted only as against the BOE Parties.

### ARGUMENT

**1. The BOE Parties' Statements are Hearsay Under Fed. R. Evid. 801(c)(2).**

Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)-(2). Hearsay is inadmissible unless there is an applicable exception. Fed. R. Evid. 802.

Plaintiff's briefing has proffered the BOE Parties' Statements to attack the validity of H.B. 3293. For example, Plaintiff proffers WVDE's statement that H.B. 3293 is "much ado about nothing." Pl's SUF ¶ 67, ECF No. 290; Pl's MSJ at 27, ECF No. 289. Plaintiff proffers the State Board's statement that it "didn't see an issue" with "transgender girls" participating in biological girls' sports. Pl's SUF ¶ 68 (citing deposition testimony) and Pl's MSJ at 27. Plaintiff cites an unattested stipulation between State BOE counsel and Plaintiff's counsel that Superintendent Burch's statement that the "State Superintendent, as a representative of the West Virginia Department of Education, does not support H.B. 3293." Pl's SUF ¶ 69; Pl's Stip. ¶ 5; Pl's MSJ at 27. These statements are out-of-court statements that Plaintiff has already proffered to prove the truth of the matter asserted therein. They are textbook hearsay and should be excluded.

2

## 2. Fed. R. Evid. 801(d)(2) Does Not Save the BOE Parties' Statements From Exclusion.

Plaintiff cannot assert Fed. R. Evid. 801(d)(2) to avoid the hearsay exclusion. The BOE Parties' Statements do not qualify as statements of a party opponent vis-à-vis the State. Fed. R. Evid. 801(d)(2). While some of the parties who made the BOE Parties' Statements are parties to the case, the statements are not those of the State or other defendants. Despite this, Plaintiff attempts to use the statements against the State, not against the BOE Parties. The BOE Parties do not represent the State.[1] Therefore, the BOE Parties' Statements cannot reflect the position of the State and they cannot be used against the State.

## 3. The BOE Parties' Statements Are Irrelevant Under Fed. R. Evid. 401.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. Rule 401. Here, the BOE Parties' Statements do nothing to help the trier of fact better understand the purpose or validity of H.B. 3293 under the Equal Protection Clause or Title IX. These statements reflect thoughts or positions of WVDE and the State Boardpersonnel—none of these individuals are part of the legislative branch that passed H.B. 3293. Indeed, they are not even facts; they are only opinions. Very simply, opinions do not have a "tendency to make a fact more or less probable" in terms of the purpose or validity of H.B. 3293 and are not "of consequence in determining the action[.]" Fed. R. Evid. Rule 401. Therefore, the BOE Parties' Statements should be excluded.

The only statements that would be relevant to show the intent of the Legislature are those that constitute legislative history. The opinions or other statements of the BOE Parties are not part of the legislative history. *See* Defendant State's "Motion *In Limine* To Exclude Several

---

[1] Indeed, the BOE Parties and the State are separate, have different legal interests, and are represented by different counsel.

Legislators' Statement (Hearsay and Relevance)" at 10-11, filed concurrently herewith and incorporated by reference hereat (explaining what constitutes legislative history).

Therefore, pursuant to Rule 401, the BOE Parties' Statements and any similar statements by the BOE Parties should be excluded.

### 4. The BOE Statements Are Not Admissible Against The State Or Other Parties Under Fed. R. Evid. 105.

To the extent that any of the BOE Parties' Statements are admitted for some purpose, the Court should limit the usage thereof as against the BOE Parties only in accordance with Fed. R. Evid. 105. This rule directs that, "[i]f the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."

"If evidence is offered that is admissible against party-opponent A but not against party-opponent B—for example, A's admission—Rule 105 codifies the common-law practice of admission with a limiting instruction." STEVEN J. GOODE & OLIN GUY WELLBORN, III, *Rule 105: Limiting Evidence That Is Not Admissible Against Other Parties or for Other Purposes*, in COURTROOM HANDBOOK ON FEDERAL EVIDENCE 5 (Thomson West, 2022 ed.). Additionally, "[o]nce the court determines that such evidence should be admitted, however, it cannot refuse a requested limiting instruction." *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 266 (5th Cir. 1980).

Therefore, pursuant to Rule 105, the State asks that, if any of the BOE Parties' Statements are admitted, the Court restrict Plaintiff's use thereof to its "proper scope," i.e. as against the BOE Parties.

Nevertheless, even with a limiting instruction, admission of such evidence would unfairly prejudice the State under Fed. R. Evid. Rule 403. Under Rule 403, courts may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice[.]" Unfair prejudice, as it pertains to Rule 403, arises from evidence that has a tendency to "suggest

decision on an improper basis[.]" *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997). If the BOE Parties' Statements are admitted, a fact-finder will likely conclude—incorrectly—that the statements are relevant to the Legislature's intent. Therefore, the State requests that the Court completely preclude introduction of any of such statements to forestall this type of unfair prejudice.

## CONCLUSION

For the foregoing reasons, the State of West Virginia respectfully requests that this Court grant its Motion *in Limine* and that the Court exclude the BOE Parties' Statements and any discussion thereof and, to the extent admitted, that they only be admitted as against the BOE Parties, with a limiting instruction.

Respectfully submitted,

PATRICK MORRISEY
  *West Virginia Attorney General*

/s/ *Curtis R. A. Capehart*
Douglas P. Buffington II (WV Bar # 8157)
  *Chief Deputy Attorney General*
Curtis R.A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
David C. Tryon (WV Bar #14145)
  *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email: Curtis.R.A.Capehart@wvago.gov

*Counsel for Defendant, STATE OF WEST VIRGINIA*

DATE: June 22, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B. P. J., by her next friend and mother, HEATHER JACKSON,**

**Plaintiff,**

v.  CIVIL ACTION NO. 2:21-cv-00316
  Judge Joseph R. Goodwin

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH, in his official Capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

  **Defendants.**

**and LAINEY ARMISTEAD,**

  **Intervenor Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of June 2022, I electronically filed the foregoing Memorandum with the Clerk of Court and all parties using the CM/ECF System.

  */s/ Curtis R. A. Capehart*
  Curtis R. A. Capehart