IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B. P. J., by her next friend and mother,
HEATHER JACKSON,

    Plaintiff,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY
BOARD OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH, in
his official Capacity as State Superintendent,
DORA STUTLER, in her official capacity as
Harrison County Superintendent, and THE
STATE OF WEST VIRGINIA,

    Defendants.

and LAINEY ARMISTEAD,

    Intervenor Defendant.

CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

**MEMORANDUM IN SUPPORT OF DEFENDANT STATE OF WEST VIRGINIA'S MOTION IN LIMINE TO BAR EVIDENCE OF DISORDERS OF SEXUAL DEVELOPMENT (RELEVANCE)**

**BACKGROUND**

In April 2021, the West Virginia Legislature enacted House Bill 3293 (the "Sports Law") which protects the integrity of female sports and the safety of biological female athletes in competitive and contact sports and furthers the purposes of Title IX. Plaintiff now asserts an "as applied" challenge to the Sports Law, claiming that it improperly prevents biological males identifying as females, such as B.P.J., from participating in female competitive and contact sports because it violates the Equal Protection Clause and Title IX. During discovery and in various motions and briefs, Plaintiff proffered multiple experts who testified about Disorders of Sexual

Development.[12] However, any evidence of Disorders of Sexual Development is irrelevant and the Court should exclude any evidence or discussion thereof.

## ARGUMENT

### A. Disorders Of Sexual Development Are Irrelevant.

Evidence is only relevant if "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Plaintiff claims that because the Sports Law prevents B.P.J. from participating on the girls cross country and track teams, the Sports Law violates the Equal Protection Clause and Title IX. But B.P.J. does not claim to suffer from any Disorder of Sexual Development. Further, there is no legal authority in West Virginia regulating sports participation in sex-segregated sports based upon an athlete's Disorder of Sexual Development or lack thereof. Disorders of Sexual Development—what they are, how they affect a person, how extremely infrequent they are—are not "of consequence in determining [this] action." Fed. R. Evid. 401.

Not only are factual assertions about Disorders of Sexual Development not relevant to B.P.J.'s "as applied" challenge, they are not relevant to the general issue presented in the context of Plaintiff's case regarding biological males who identify as females seeking to participate in female-designated sports. According to Plaintiff's own expert, Dr. Safer, "the overwhelming majority of transgender individuals do not suffer from any current identifiable, physical … irregularity [disorders of sexual development or intersex conditions]." Safer Dep. at 220:4-19, ECF No. 285-6. Dr. Safer also stated that he was unaware if "any child … who suffers from a

---

[1] *See e.g.* Dr. Joshua Safer Report at ¶¶48-49.
[2] Disorders of Sexual Development encompasses a group of congenital conditions associated with atypical development of internal and external genital structures. These conditions can be associated with variations in genes, developmental programming, and hormones. The estimated frequency of genital ambiguity is reported to be in the range of 1:2000-1:4500. Selma Feldman Witchel, *Disorders of Sex Development*, 48 BEST PRACT. RES. CLIN. OBSTET. GYNAECOL. 90, 90 (2018)

2

DSD [Disorder of Sexual Development] has ever sought to compete in female athletics in West Virginia." *Id.* at 182:20-183:15. Moreover, the Equal Protection Clause does not require state legislatures to solve every conceivable aspect of an issue when enacting law. *United States v. Carolene Prod. Co.*, 304 U.S. 144, 151 (1938).

There are no facts at issue in this case concerning Disorders of Sexual Development. Thus, any evidence or discussion of Disorders of Sexual Development cannot make any material facts more or less probable. If discussion or evidence of Disorders of Sexual Development cannot make any facts before the Court more or less probable, then they cannot be relevant to the case.

### B. Even If The Court Determined That Discussing Disorders Of Sexual Development Is Relevant, It Should Still Be Excluded Under Rule 403 For Confusing The Issues.

Even if Disorders of Sexual Development were relevant here, evidence thereof should still be excluded. Rule 403 of the Federal Rules of Evidence allows a court to exclude relevant evidence when its "probative value is substantially outweighed by a danger of … confusing the issues[.]" Evidence of Disorders of Sexual Development would do nothing in furthering the Plaintiff's assertions challenging the validity of the Sports Law under the Equal Protection Clause or Title IX. Allowing this evidence would suggest to the trier of fact that the Sports Law either regulates based on such disorders or that it should. No Party has asserted either argument, and such arguments would only confuse the question of the validity of the Sports Law under either the Equal Protection Clause or Title IX.

## CONCLUSION

For the foregoing reasons, the State of West Virginia respectfully requests that this Court grant its Motion *in Limine* and that the Court enter an Order barring Plaintiff from discussing or offering evidence regarding Disorders of Sexual Development.

Respectfully submitted,

PATRICK MORRISEY
  *West Virginia Attorney General*

/s/ *Curtis R. A. Capehart*
Douglas P. Buffington II (WV Bar # 8157)
  *Chief Deputy Attorney General*
Curtis R.A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
David C. Tryon (WV Bar #14145)
  *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email:  Curtis.R.A.Capehart@wvago.gov

*Counsel for Defendant, STATE OF WEST VIRGINIA*

DATE: June 22, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B. P. J., by her next friend and mother, HEATHER JACKSON,**

**Plaintiff,**

v.                                                                               CIVIL ACTION NO. 2:21-cv-00316
                                                                                 Judge Joseph R. Goodwin

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH, in his official Capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

   Defendants.

**and LAINEY ARMISTEAD,**

   Intervenor Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of June 2022, I electronically filed the foregoing Memorandum with the Clerk of Court and all parties using the CM/ECF System.

                                                            */s/ Curtis R. A. Capehart*
                                                            Curtis R. A. Capehart