IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B. P. J., by her next friend and mother,
HEATHER JACKSON,

    Plaintiff,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY
BOARD OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH, in
his official Capacity as State Superintendent,
DORA STUTLER, in her official capacity as
Harrison County Superintendent, and THE
STATE OF WEST VIRGINIA,

    Defendants.

and LAINEY ARMISTEAD,

    Intervenor Defendant.

CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

**MEMORANDUM IN SUPPORT OF DEFENDANT STATE OF WEST VIRGINIA AND
DEFENDANT-INTERVENOR LAINEY ARMISTEAD'S MOTION IN LIMINE TO BAR
<u>PLAINTIFF'S CLAIMS TO UNDISPUTED FACTS</u>**

<u>BACKGROUND</u>

In April 2021, the West Virginia Legislature passed House Bill 3293 ("Sports Law") which protects the integrity of female sports and the safety of biological female athletes in competitive and contact sport and furthers the purposes of Title IX. Plaintiff now challenges the Sports Law, claiming that it improperly prevents B.P.J. from participating in girls' sports in violation of the Equal Protection Clause and Title IX.

Plaintiff previously filed Plaintiff's Statement of Undisputed Material Facts ("Plaintiff's SUF," ECF No. 290). Plaintiff's SUF includes stipulations between Plaintiff and certain specific parties, seemingly asserting it as evidence as to all parties. Additionally, Plaintiff included

1

responses to Requests for Admissions and Answers to Interrogatories from different parties. Plaintiff asserted those responses and answers against all parties.

Moreover, the State of West Virginia (the "State"), Ms. Armistead, and other defendants dispute many of the facts presented in the SUF as "undisputed." *See e.g.* the State of West Virginia's Response to Pl's SUF ("State's Resp. to Pl's SUF," ECF No. 330). Asserting that "facts" are undisputed without all parties agreeing would be unfairly prejudicial to the parties that dispute the "facts."

Therefore, any usage of stipulations, interrogatory answers, or admissions must only be between the parties who are specified therein and any claims that such assertions are undisputed should be barred.

## ARGUMENT

### A. Plaintiff's Usage Of Admissible Evidence Against One Party Is Not Admissible Against All Parties.

Plaintiff's usage of stipulations, interrogatory answers, or responses to requests for admissions must not be asserted as to all parties and must be restricted to only between the Plaintiff and the parties specified in such stipulations, interrogatory answers, or responses. Fed. R. Evid. 105 states "[i]f the court admits evidence that is admissible against a party or for a purpose — but not against another party or for another purpose — the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly." Plaintiff's stipulation with one Defendant does not allow Plaintiff to assert that as evidence against any other Defendant. 73 Am. Jur. 2d Stipulations § 8 ("[I]t is recognized that a stipulation is not binding upon those who are not parties … to the stipulation …."). The same applies to the Answers to Interrogatories and Responses to Requests for Admission. They may only be admitted into evidence as to the responding party. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 521, 519 n.9 (10th Cir. 1994) (holding admission of one party not admissible against others); *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566-67 (5th Cir. 1987) (same). "If evidence is offered

2

that is admissible against party-opponent A but not against party-opponent B—for example, A's admission—Rule 105 codifies the common-law practice of admission with a limiting instruction." STEVEN J. GOODE & OLIN GUY WELLBORN, III, *Rule 105: Limiting Evidence That Is Not Admissible Against Other Parties or for Other Purposes*, in COURTROOM HANDBOOK ON FEDERAL EVIDENCE 5 (Thomson West, 2022 ed.). Assuming the specific statements Plaintiff seeks to introduce are even relevant, "[o]nce the court determines that such evidence should be admitted, however, it cannot refuse a requested limiting instruction." *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 266 (5th Cir. 1980).

Therefore, pursuant to Rule 105, the State and Ms. Armistead ask that the Court restrict Plaintiff's use of stipulations, answers, or admissions to their "proper scope" between only the parties who are specified in such.

### B.  It Is Unfairly Prejudicial To Refer To A Set Of Facts As Undisputed Unless All The Parties Have Agreed To The Facts.

Assuming any of the proffered statements in the Pl's SUF are relevant, referring to statements as undisputed when not all parties have so agreed is prejudicial under FRE Rule 403. Courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice[.]" Fed. R. Evid. 403. Unfair prejudice, as it pertains to Rule 403, is evidence that has a tendency to "suggest decision on an improper basis[.]" *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997)(cleaned up).

Here, any assertion to facts as "undisputed" without all parties stipulating as such certainly suggests to the decisionmaker "a decision on an improper basis," *Queen*, 132 F.3d at 994[JGH1] (cleaned up), and would unfairly prejudice the parties who dispute the facts.  Indeed, the State responded to Pl's SUF generally stating: "The State objects to the characterization of the … 'facts' as undisputed because the State has not agreed to them."  State's Response to Pl's SUF, ECF No. 330.  The State also provided detailed responses and disputes to Pl's SUF.  *Id*.  The other Defendants also disputed many of the allegedly "undisputed" facts. Any characterization of such

3

alleged facts as "undisputed" would be simply incorrect and would unfairly prejudice the disputing parties. Therefore, the Plaintiff should be barred from referring to any facts or statements as undisputed unless and until all parties have agreed to such allegations.

## CONCLUSION

For the foregoing reasons, the State of West Virginia and Ms. Armistead respectfully request that this Court grant its Motion *in Limine* and restrict Plaintiff's usage of stipulations, interrogatory answers, or admissions to only between the parties specified in such and bar any characterization of facts undisputed unless all parties have agreed to them.

Respectfully submitted,

PATRICK MORRISEY
  *West Virginia Attorney General*

/s/ *Curtis R. A. Capehart*
Douglas P. Buffington II (WV Bar # 8157)
  *Chief Deputy Attorney General*
Curtis R.A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
David C. Tryon (WV Bar #14145)
  *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email: Curtis.R.A.Capehart@wvago.gov

*Counsel for Defendant, STATE OF WEST VIRGINIA*

DATE: June 22, 2022

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

**B. P. J., by her next friend and mother, HEATHER JACKSON,**

**Plaintiff,**

**v.**  CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH, in his official Capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

   **Defendants.**

**and LAINEY ARMISTEAD,**

   **Intervenor Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of June 2022, I electronically filed the foregoing Memorandum with the Clerk of Court and all parties using the CM/ECF System.

   */s/ Curtis R. A. Capehart*
   Curtis R. A. Capehart

5