**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

B. P. J., by her next friend and mother,
HEATHER JACKSON,

    **Plaintiff,**

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY
BOARD OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH, in
his official Capacity as State Superintendent,
DORA STUTLER, in her official capacity as
Harrison County Superintendent, and THE
STATE OF WEST VIRGINIA,

    **Defendants.**

and LAINEY ARMISTEAD,

    **Intervenor Defendant.**

**CIVIL ACTION NO. 2:21-cv-00316**
**Judge Joseph R. Goodwin**

**MEMORANDUM IN SUPPORT OF DEFENDANT STATE OF WEST VIRGINIA'S
MOTION IN LIMINE TO EXCLUDE THE PURPORTED TRANSCRIPT
OF H.B. 3293'S LEGISLATIVE HEARINGS (HEARSAY, RELEVANCE, PARTIAL
TRANSCRIPT AND LAWYER AS WITNESS)**

## BACKGROUND

In April 2021, the West Virginia Legislature enacted House Bill 3293 (the "Sports Law"),

which protects the integrity of female sports and the safety of biological female athletes in

competitive and contact sports and furthers the purposes of Title IX.  Plaintiff brought this action

challenging the validity of the Statute based on the Equal Protection Clause and Title IX.  Plaintiff

has alleged that the Legislature enacted H.B. 3293 because of animus, claiming that the legislative

debate supports this notion.  Plaintiff has previously submitted a purported transcript of legislative

debates.  *See* Declaration of attorney Loree Stark (the "Stark Partial Transcript"), ECF 1-1.  But

the transcript contains only portions of debates that counsel of record Loree Stark avers were

accurately transcribed (apparently by herself though possibly by someone else).

1

## ARGUMENT

### The Court Should Exclude the "Stark Partial Transcript" of H.B. 3293's Legislative Hearings.

The Stark Partial Transcript itself is hearsay, it contains hearsay, and its content is not relevant.  It is also incomplete, which runs counter to Fed. R. Evid. 106.  Moreover, attorney Stark is acting as both witness and counsel of record in relation to this transcript, which is impermissible. To cure the hearsay issue, attorney Stark would need to testify in court as to her methodology and action in transcription,[1] hence acting as both witness and counsel of record.  She cannot do both.[2] For all of these reasons, the Stark Partial Transcript is not admissible.

### A.  The "Stark Partial Transcript" is Hearsay.

Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c) (1)-(2). Hearsay is inadmissible unless there is an exception.  Fed. R. Evid. 802.

Plaintiff's counsel-of-record, Loree Stark states "[t]he following [transcript] is true[.]" Stark Partial Transcript ¶1, ECF No. 1-1. This is a clear indication that the Stark Partial Transcript is hearsay (because Plaintiff proffers it for the truthfulness of the recording) with no apparent exception.  Attorney Stark has no personal knowledge of the actual statements to which attorney Stark attests, violating Fed. R. Evid. 602.[3]  Rather, attorney Stark prepared the transcript based on unattested, unauthenticated[4] recordings prepared by unknown parties, which itself is hearsay, to

---

[1] The Stark Partial Transcript is unclear if attorney Stark or another unknown person actually transcribed the various recordings.  If it was another unknown party then it is even more troubling and creates yet another level of hearsay.
[2] The State is not advocating for or seeking the disqualification of attorney Stark as counsel-of-record in this case. Rather, the State asserts that since attorney Stark cannot do both, she may not appear as a witness to testify to cure the evidentiary defects with the Stark Partial Transcript.
[3] Fed. R. Evid. 602 provides in pertinent part: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."
[4] Attorney Stark's cover sheet to the transcript does not authenticate the recording itself.

which attorney Stark's declaration provides no basis for any exception to Fed. R. Evid. 801. Therefore, the Stark Partial Transcript on its face is double hearsay and should be excluded.

The contents of the Stark Partial Transcript are generally also hearsay. The partial transcript is nothing more than a series of out-of-court statements by various individuals. Plaintiff needs to explain how each one is not hearsay. If Plaintiff wants to show that a legislator is expressing the reasons for voting for H.B. 3293, by necessity the statement is being introduced to prove the truth of the legislator's statement. "It is almost always the case that evidence presented in the form of a written transcript constitutes hearsay within hearsay, necessitating analysis of each layer." 30B CHARLES A. WRIGHT ET AL., *Court Reporters and Translators*, *in* FEDERAL PRACTICE AND PROCEDURE § 7044 (Thomson West, 2022 ed.). This added layer of hearsay means the Stark Partial Transcript is triple hearsay.[5]

**B. The Stark Partial Transcript Violates Fed. R. Evid. 106.**

"Rule 106 is commonly known as the rule of completeness. It provides: '[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.'" *Meeker v. Vitt,* No. 1:04CV1318, 2006 WL 8450990, at *3 (N.D. Ohio Mar. 31, 2006). The Stark Partial Transcript admittedly contains only segments or excerpts from legislative hearings. If Plaintiff seeks to use any of the Stark Partial Transcript, the State by this Motion is "requir[ing] the introduction" of the remaining parts of the legislative hearings, which attorney Stark may or may not have transcribed. The un-transcribed portions would likely show that there were many views expressed by many legislators and, in all fairness, those statements should be included for the Court's or the Jury's consideration

---

[5] The State has analyzed and addressed the inapplicability of the possible Fed. R. Evid. 803(3) exception and related possible exceptions in the State's Motion Memorandum In Support Of Defendant State Of West Virginia's Motion In Limine To Exclude Several Legislators' Statements (Hearsay And Relevance) at 6-8, filed concurrently herewith and incorporated by reference hereat.

and the sake of the record.  However, presuming Plaintiff cannot produce a transcript of the remaining portions, the excerpts in the Stark Partial Transcript should be excluded.  *See Id*. ("arguments against the use of the transcript [] have merit if asserted as a motion in limine prior to trial").

### C. The Contents of the Stark Partial Transcript Are Not Relevant.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. Rule 401.  Plaintiff claims that the statements in the partial transcript are relevant to show that the intent of the *entire* Legislature in enacting H.B. 3293 was based on animus; however, individual legislator statements are not admissible for that purpose, making the entire transcript inadmissible.

First, it is illogical to suggest that a few legislators speak for the whole legislature.  The only statements that are relevant to show the intent of the Legislature are those which constitute legislative history.  When looking to discern legislative intent outside the statute itself, the Court must follow the interpretive laws of the subject state: "Statutory interpretation is a question of law." *Minn. Supply Co. v. Raymond Corp*., 472 F.3d 524, 537 (8th Cir. 2006).  This Court has adopted the West Virginia Supreme Court of Appeals' holding that "a statute must be construed in accordance with the import of its language."  *Hinkle v. Matthews*, 337 F. Supp. 3d 674, 681 (S.D.W. Va. 2018), *aff'd sub nom. Hinkle v. Safe-Guard Prod. Int'l, LLC*, 839 F. App'x 770 (4th Cir. 2020) (citing Syl. Pt. 4, *Osborne v. United States*, 211 W. Va. 667, 567 S.E.2d 677 (2002)). *See also, Fargo Women's Health Org. v. Schafer*, 18 F.3d 526, 530-31 (1994) (applying North Dakota principles of statutory interpretation in considering the constitutionality of a North Dakota law).

Individual legislators' statements do not constitute legislative history.  The State is unaware of any case in West Virginia which supports the idea that a legislator's statement is legislative

history or that such statements are evidence of the legislative intent.  Rather, the West Virginia Supreme Court of Appeals has affirmatively rejected them for evidentiary purposes. *See Phillips v. Larry's Drive-In Pharmacy, Inc.,* 220 W.Va. 484, 489, 647 S.E.2d 920 (2007).  In that case, the Court rejected *sworn affidavits* by legislators as to the "intent and meaning" of the subject statute as "[un]corroborated by the legislative history because the Legislature failed to preserve any record of the committee meetings to which the affidavits refer."  *Id*.  Accordingly, Courts have held that even sworn legislator statements, are not considered legislative history.  *Id.*

Indeed, the Supreme Court has discouraged the use of legislator's statements to determine the rationale behind a law.  "This Court has recognized, ever since *Fletcher v. Peck*, 6 Cranch 87, 130-131 (1810), that judicial inquiries into legislative or executive motivation represent a substantial intrusion into the workings of other branches of government. Placing a decisionmaker on the stand is therefore 'usually to be avoided.'" *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp*., 429 U.S. 252, 268 n.18 (1977) (cleaned up).

The Court further explained that actual legislative history can be relevant, *but not necessarily the legislators' statements*.  "The legislative or administrative history may be highly relevant, especially where there are contemporary statements by members of the decisionmaking body, minutes of its meetings, or reports." *Arlington Heights*, 429 U.S. at 268.  In other words, while the legislators' statements may indicate the relevance of the actual legislative history, those statements by themselves are generally not useful to show legislative intent outside of the legislative history.  The Court allowed that "[i]n some *extraordinary* instances the members might be called to the stand at trial to testify concerning the purpose of the official action, although even then such testimony frequently will be barred by privilege." *Id*. (emphasis added).  This is not one of those extraordinary instances.

Moreover, the binding West Virginia law explains that individual legislators' comments are not relevant to discern the intent behind a statute given that, "the understanding of one or a few

members of the legislature is not necessarily determinative of legislative intent" and "no guarantee can issue that those who support[] [a legislator's] proposal shared his view of its compass." *Phillips*, 220 W.Va. at 489 (quoting *In re Marriage of Bouquet*, 16 Cal.3d 583, 589-590, 128 Cal.Rptr. 427, 546 P.2d 1371 (1976)).   Due to this rule, the statements of a few individual legislators out of the 134 members of the West Virginia Legislature are not relevant to show the perspective of the whole.   Thus, the hearsay statements of the few legislators referenced by Plaintiff are not relevant and must be excluded under Fed. R. Evid. 403.

Therefore, the contents of the Stark Partial Transcript are irrelevant and the entire document should be excluded.

### D. <u>Attorney Stark Cannot Testify As To The Transcript To Cure The Defects.</u>

Attorney Stark may not appear as a witness to testify to cure the evidentiary defects with the Stark Partial Transcript.   According to Rule 3.7 of the West Virginia Rules of Professional Conduct, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness" unless an exception is applicable.[6]   *See* W.Va. R. Prof. Cond. 3.7.   Generally, "[t]he Fourth Circuit holds that '[t]he roles of witness and advocate are fundamentally inconsistent and when … a lawyer ought to testify as a witness for his client, he must as a rule withdraw from advocacy.'" *U.S. v. Dyess*, 231 F. Supp. 2d 493, 495 (S.D.W. Va. 2002) (citing *International Woodworkers of Am. v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1272 (4th Cir. 1981)). Indeed, "the rule forbidding a lawyer to act as both advocate and witness in the same proceeding acknowledges several important considerations.   The most important is that the attorney-witness may not be a fully objective witness or may be perceived by the trier of fact as distorting the truth for the sake of his client." *Id.* (citing *United States v. Morris*, 714 F.2d 669 (7th Cir. 1983)).

---

[6] Except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.  *See* W.Va. R. Prof. Cond. 3.7.

If Plaintiff proffers the Stark Partial Transcript, attorney Stark will need to testify to cure the evidentiary defects.  This she may not do if remaining as counsel.  Loree Stark states in this transcript, "[t]he following [transcript] is true[.]"  In this way, attorney Stark has created not only evidentiary issues, but also a conflict between her roles as counsel and as a potential witness at trial.  *See also*, *Stone v. Allstate Ins. Co.*, 2000 WL 35609369 at *2 (S.D. W. Va. July 24, 2000) (citing *Garlow v. Zakaib*, 413 S.E.2d 112, 113, Syl. Pt. 2 (W.Va. 1991)("In general, 'it is unethical for a lawyer representing a client to appear as a witness on behalf of that client except under very limited conditions' ")).

By transcribing oral proceedings, attorney Stark is likely to be a necessary witness if Plaintiff chooses to use the transcript.  Attorney Stark has even stated, "if called as a witness, I would and could testify competently thereto."  Moreover, attorney Stark does not meet any of the three exceptions set forth in (1)-(3) of Rule 3.7.  Accordingly, the State asserts this is an additional ground supporting the exclusion of the Stark Partial Transcript.

Moreover, this is materially different than other declarations filed in this case, which simply confirm that certain articles or information is located at a specific URL.  The State does not challenge such confirmations as they are more akin to citations.

Finally, the Code of Professional Ethics of the National Court Reporters Association illustrates the need for an independent, unbiased party to transcribe oral proceedings (such as deposition transcripts, court proceedings and other proceedings) and to do so in full.  A court reporter must "be fair and impartial towards each participant in all aspects of reported proceedings" and, "[i]f a conflict or a potential conflict arises, the member shall disclose that conflict or potential conflict."[7]  If a court reporter discloses a conflict, a party can require that another court reporter transcribe the proceeding.  Here, attorney Stark is effectively acting as a court reporter.  As such,

---

[7] *Professional Code of Ethics*, NATIONAL COURT REPORTERS ASSOCIATION (NCRA), https://www.ncra.org/home/professionals_resources/NCRA-Code-of-Professional-Ethics (last visited June 22, 2022).

she had an obligation to be impartial and free of conflicts of interest.  Considering attorney Stark's role as advocate and local counsel of record, she necessarily has represented Plaintiff's interests throughout the pendency of this matter as befits those roles; under such circumstances, it is extremely difficult to conclude that a party's counsel is then also free from even the appearance of impartiality and/or conflicts of interest.  Therefore, the Stark Partial Transcript should be excluded.

## **CONCLUSION**

For the foregoing reasons, the State of West Virginia respectfully requests that this Court grant its Motion *in Limine* and exclude the Stark Partial Transcript of H.B. 3293's legislative hearings.

Respectfully submitted,

PATRICK MORRISEY
  *West Virginia Attorney General*

/s/ *Curtis R. A. Capehart*
Douglas P. Buffington II (WV Bar # 8157)
  *Chief Deputy Attorney General*
Curtis R.A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
David C. Tryon (WV Bar #14145)
  *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email:  Curtis.R.A.Capehart@wvago.gov

*Counsel for Defendant, STATE OF WEST VIRGINIA*

DATE: June 22, 2022

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**B. P. J., by her next friend and mother,**
**HEATHER JACKSON,**

**Plaintiff,**

**v.**                                                 **CIVIL ACTION NO. 2:21-cv-00316**
                                                       **Judge Joseph R. Goodwin**

**WEST VIRGINIA STATE BOARD OF**
**EDUCATION, HARRISON COUNTY**
**BOARD OF EDUCATION, WEST**
**VIRGINIA SECONDARY SCHOOL**
**ACTIVITIES COMMISSION,**
**W. CLAYTON BURCH, in his official**
**Capacity as State Superintendent, DORA**
**STUTLER, in her official capacity as**
**Harrison County Superintendent, and**
**THE STATE OF WEST VIRGINIA,**

   **Defendants.**

**and LAINEY ARMISTEAD,**

   **Intervenor Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of June 2022, I electronically filed the foregoing Memorandum with the Clerk of Court and all parties using the CM/ECF System.

/s/ Curtis R. A. Capehart
Curtis R. A. Capehart