IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B. P. J., by her next friend and mother,
HEATHER JACKSON,

    Plaintiff,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY
BOARD OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH, in
his official Capacity as State Superintendent,
DORA STUTLER, in her official capacity as
Harrison County Superintendent, and THE
STATE OF WEST VIRGINIA,

    Defendants.

and LAINEY ARMISTEAD,

    Intervenor Defendant.

CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

**MEMORANDUM IN SUPPORT OF DEFENDANT STATE OF WEST VIRGINIA'S
MOTION IN LIMINE TO EXCLUDE THE GOVERNOR'S STATEMENTS
(HEARSAY AND RELEVANCE)**

**BACKGROUND**

In April 2021, the West Virginia Legislature enacted House Bill 3293 (the "Sports Law"), which protects the integrity of female sports and the safety of biological female athletes in competitive and contact sports and furthers the purposes of Title IX. Plaintiff brought this action challenging the validity of the statute based on the Equal Protection Clause and Title IX. Plaintiff has alleged, among other things, that H.B. 3293 is not needed, thus supposedly necessarily proving that the Legislature enacted it because of the Legislature's animus. Plaintiff has submitted motions and briefs to the Court proffering the Governor's hearsay statements to support that argument.

## ARGUMENT

**The Court Should Exclude Governor Justice's Out-Of-Court Statements.**

In Plaintiff's Memorandum in Support of Motion for Summary Judgment ("Pl. MSJ. Memo," ECF No. 291), Plaintiff asserts that there was no need for the creation of H.B. 3293. Pl. MSJ. Memo. at 8-9. Plaintiff supports this with Governor Justice's oral statements made during an MSNBC interview about the bill. *Id.* Governor Justice's statements are isolated hearsay and not relevant, and therefore are not admissible.

### A. The Governor's Statements are Hearsay.

Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c) (1)-(2). Hearsay is inadmissible unless there is an applicable exception. Fed. R. Evid. 802.

The Plaintiff cites two statements in an effort to show that there was no immediate need for H.B. 3293. For those statements to be relevant to the claim of animus, the Governor's statements would have to be true as discussed below. The Plaintiff's previously-proffered Governor's statements and the concerns attendant to those proffers as submitted follow:

1. "Indeed, after signing the bill, Governor Justice admitted that he could not identify even 'one example of a transgender child trying to get an unfair advantage.'" Pl. MSJ. Memo. at 8-9, ECF No. 291. Plaintiff's evidence of this statement is an interview of Governor Justice regarding the bill, conducted and aired by MSNBC,[1] and then posted on various social media pages. The social media postings are themselves hearsay.[2] Governor Justice's statement is an out-of-court

---

[1] The recording of the interview and any transcription thereof are themselves hearsay, which Plaintiff has so far not addressed.

[2] "[H]ackers can adulterate the content on *any* web-site from *any* location at *any* time. For these reasons, any evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretation of the hearsay exception rules[.]" *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F. Supp. 2d 773, 775 (S.D. Tex. 1999) (emphasis in original).

statement which Plaintiff uses to prove the truth of matter asserted. Therefore, this statement is hearsay and should be excluded.

2. "He further indicated that the issue purportedly addressed by H.B. 3293 was not a priority for him, stating, 'I didn't make it a priority. It wasn't my bill…. This is not like it's a big priority to me…. I think we only have 12 kids maybe in our state that are transgender-type kids. I mean, for crying out loud… I sign hundreds of bills, hundreds of bills. This is not a priority to me.'" Pl. MSJ. Memo. at 8-9, ECF No. 291.[3] The only evidentiary use of the Governor's statement is if this is the Governor's truthful statement that it was not a priority for him. Even with that, it fails to demonstrate how such personal prioritization by the Governor was relevant to the issues in this matter. The Governor's priorities say nothing about the Legislature's intent or the validity of the statute. Therefore, the Governor's statement is hearsay as to these issues and should be excluded.

### B. The Statements Are Not Statements Of A Party Opponent.

Any assertion that the foregoing statements are not hearsay under Fed. R. Evid. 801(d)(2)[4] because they are statements of a party opponent offered against an opposing party would be off-target. These statements are not statements of a party opponent offered against an opposing party as Governor Justice is not a named party in this case.

The State of West Virginia is a sovereign state consisting of a specific geographic area and the residents therein. The State of West Virginia's Constitution designates three independent branches with multiple officers and officials, who are elected or appointed separately, and typically

---

[3] Plaintiff's selective out-of-context quote is misleading. The Governor also expressed his support of the law, stating, among other things, "[t]his is not a priority to me, but with that, I would say, that it would impose an unfair disadvantage on the girls. So from that standpoint I support it." @MSNBC, TWITTER (Apr. 30, 2021. 10:07 AM), http://twitter.com/MSBC/status/1388132937707802629 [http://perma.cc/G8VMQGYU]. Indeed, if Plaintiff selectively quotes the Governor, the full quote should be provided at that time. *See* Fed. R. Evid. 106.

[4] "(2) An Opposing Party's Statement. The statement is offered against an opposing party and: (A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or (E) was made by the party's coconspirator during and in furtherance of the conspiracy."

constituted with multiple agencies or bodies. *See* W. VA. CONST. art. VII, § 1; W. VA. CODE § 5-3-2. The Legislature is a branch of state government. It is not the State, nor does it speak for the State. The Executive branch is separate with the Governor as the chief executive officer but with certain other statewide Constitutional officers heading their respective and separate elements of the Executive branch;[5] but, even with that, the Governor is not the State. And, the Governor is obviously separate from the Legislature. The Governor does not speak on behalf of the Legislature and therefore his statements cannot be attributed to the Legislature, whose motives the Plaintiff challenges. To be sure, though, neither the Legislature nor the Governor is a party here. Consequently, as the Governor is not a "party opponent," his statements do not qualify under the exception of Fed. R. Evid. 801(d)(2).

### C. The Governor's Statements Are Not Relevant.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. Rule 401. Plaintiff claims that the foregoing statements are relevant to show that the enactment of H.B. 3293 in West Virginia was not necessary, and therefore was *ipso facto* enacted out of animus. This is a highly-conclusory and considerable leap of logic. Even if some have the opinion that a state such as West Virginia does not need a law immediately, the Legislature may still legitimately find it beneficial or useful to the State and its citizens. But in any event, if the intent of the Legislature is relevant, the Governor's post-enactment statements about his priorities and beliefs do not tend to make the asserted "fact" of *legislative* intent any "more or less probable than it would be without the evidence." *Id.*

As discussed above, the Governor is a separate entity from that of the Legislature. His viewpoint is not informative of the intent of the Legislature embodied in H.B. 3293. Therefore, the statements are irrelevant and should be excluded.

---

[5] In legal proceedings, the various officers and agencies are separate entities, where each may have its own counsel.

## CONCLUSION

For the foregoing reasons, the State of West Virginia respectfully requests that this Court grant its Motion *in Limine* and exclude the Governor's out-of-court statements.

        Respectfully submitted,

        PATRICK MORRISEY
          *West Virginia Attorney General*

        /s/ *Curtis R. A. Capehart*
        Douglas P. Buffington II (WV Bar # 8157)
          *Chief Deputy Attorney General*
        Curtis R.A. Capehart (WV Bar # 9876)
          *Deputy Attorney General*
        David C. Tryon (WV Bar #14145)
          *Deputy Solicitor General*
        OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
        State Capitol Complex
        1900 Kanawha Blvd. E, Building 1, Room E-26
        Charleston, WV 25305-0220
        Telephone: (304) 558-2021
        Facsimile: (304) 558-0140
        Email:  Curtis.R.A.Capehart@wvago.gov

        *Counsel for Defendant, STATE OF WEST VIRGINIA*

        <u>DATE</u>: June 22, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B. P. J., by her next friend and mother, HEATHER JACKSON,**

**Plaintiff,**

v.                                                                          CIVIL ACTION NO. 2:21-cv-00316
                                                                            Judge Joseph R. Goodwin

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH, in his official Capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

   Defendants.

**and LAINEY ARMISTEAD,**

   Intervenor Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of June 2022, I electronically filed the foregoing Memorandum with the Clerk of Court and all parties using the CM/ECF System.

                                        */s/ Curtis R. A. Capehart*
                                        Curtis R. A. Capehart