IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND/OR TESTIMONY OF BERNARD DOLAN REGARDING CERTAIN HEARSAY STATEMENTS AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rules of Evidence 401, 402, 403, 801, 802, and 805, Plaintiff B.P.J., by and through her next friend and mother, Heather Jackson, hereby moves the Court to exclude any evidence and/or testimony from Bernard Dolan that relates to certain hearsay statements made during his deposition. Such evidence is irrelevant and inadmissible on the grounds of hearsay.

1

## ARGUMENT

"'Hearsay' means a statement that: the declarant does not make while testifying at the trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay testimony is not admissible into evidence unless it meets an explicit exception to the hearsay rule. Fed. R. Evid. 802.

On February 11, 2022, Plaintiff deposed Bernard Dolan in his capacity as Defendant West Virginia Secondary School Activities Commission's ("WVSSAC") 30(b)(6) designee. (Dkt. No. 289-18 (Decl. of Loree Stark Ex. 17 (WVSSAC Dep. Tr.)).) During the deposition, Mr. Dolan made the following hearsay statement when asked if any transgender students have asked WVSSAC if they could participate in sports at a secondary school level:

> Mr. Dolan: I had one boy who wanted to be a—play volleyball, and we told him he couldn't play volleyball because it was a girls' sport. And he said, "Then I'll be a boy—I'll be a girl." And—but he wasn't—he never did anything else with it. And we assumed he just wanted to play volleyball because it never came back up. I did have contact with a school who said they had one student who one day identified as a girl, next day a boy, and back and forth. But we have not heard anything more from that student.

(Dkt. No. 289-18 (WVSSAC Dep. Tr.) at 120:20–121:6.)

Defendant State of West Virginia and Defendant-Intervenor (collectively, "Defendants") are expected to offer these statements as evidence at trial, as indicated by their memoranda for summary judgment. (Dkt. No. 287 (State MSJ) at 4-5; Dkt. No. 288 (Int. MSJ) at 5.) Specifically, Defendants have relied on Mr. Dolan's hearsay statements for the proposition that "some male students have also asked to participate on girls' teams in West Virginia." (Dkt. No. 288 (Int. MSJ) at 5; *see also* Dkt. No. 287 (State MSJ) at 4-5 (similar).)

Mr. Dolan's testimony about statements allegedly made by two unidentified persons is plainly hearsay and Defendants may not rely on it for the truth of the matter asserted. Fed. R. Evid.

2

802. Courts have consistently acknowledged that hearsay evidence is generally inadmissible because it is less reliable than non-hearsay testimony and are not subject to cross-examination. *See, e.g.*, *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973) ("The hearsay rule . . . is based on experience and grounded in the notion that untrustworthy evidence should not be presented to the triers of fact. Out-of-court statements are traditionally excluded because they lack the conventional indicia of reliability.")

Moreover, Mr. Dolan's second statement (referring to purported statements from a school about statements from a student) requires Defendants to rely on hearsay within hearsay of unidentified persons. Fed. R. Evid. 805. Under Rule 805, Defendants may not rely on such statements unless they can justify each layer of hearsay with an exception, which Defendants cannot. Admitting these statements would leave any potential advisory jury unable to evaluate whether Mr. Dolan correctly understood and recalled the information, whether the statement was truthful, or any other indicia of reliability that would otherwise be tested in cross-examination.

Aside from being inadmissible under Rule 802, the hearsay described by Mr. Dolan is irrelevant. For evidence to be relevant, it must "ha[ve] a tendency to make a fact more or less probable than it would be without the evidence" and be "of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence that is irrelevant and has no probative value should therefore be excluded. Even when evidence is relevant, if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," that evidence should be excluded. Fed. R. Evid. 403.

The purported conversations described by Mr. Dolan have no bearing on this case. B.P.J. is a 12-year-old middle-school girl who is transgender. (Dkt. No. 290 (Pl's SUF) at ¶ 1.) The

question before the Court is whether H.B. 3293 unlawfully discriminates against B.P.J. in violation of the Equal Protection Clause and Title IX. Evidence that other students, whom neither Mr. Dolan nor Defendants can identify as transgender or otherwise, who, on some unknown date, allegedly sought to participate on girls' sports teams is not relevant to whether H.B. 3293 bars B.P.J. from being able to play on girls' sports teams. Allowing such evidence would confuse the issues in this case, which could easily mislead the advisory jury and cause unfair prejudice to B.P.J. *See Watkins v. Cook Inc.*, No. 13 Civ. 20370, 2015 WL 1395638, at *2–4 (S.D.W. Va. Mar. 25, 2015) (excluding evidence which would have posed "substantial risks of misleading the jury and wasting judicial resources by diving into [topics] . . . none of which relate to the . . . claims at issue") (Goodwin, J.); *Dimock v. Ethicon, Inc.*, No. 12 Civ. 401, 2016 WL 11524466, at *1 (S.D.W. Va. Nov. 29, 2016) (court to exclude evidence where "[a]ny kernel of relevance is outweighed by the very substantial dangers of misleading the jury and confusing the issues") (Goodwin, J.) (internal quotations and citation omitted). Accordingly, all hearsay evidence and testimony from Bernard Dolan that relates to statements allegedly made by unidentified persons regarding a student's gender identity as it pertains to participating in secondary school sports should be excluded.

## CONCLUSION

Plaintiff therefore respectfully moves this Court to enter an Order excluding from trial any evidence and/or testimony from Bernard Dolan that relates to statements allegedly made to Mr. Dolan by unidentified persons regarding a student's gender identity as it pertains to participating in secondary school sports.


Dated: June 22, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
/s/ Loree Stark

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 22nd day of June 2022, I electronically filed a true and exact copy of the ***Plaintiff's Motion* In Limine** *to Exclude Evidence and/or Testimony of Bernard Dolan Regarding Certain Hearsay Statements and Supporting Memorandum of Law* with the Clerk of Court and all parties using the CM/ECF System.

    */s/ Loree Stark*
    Loree Stark
    West Virginia Bar No. 12936

6