IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND/OR EVIDENCE REGARDING CONTACT AND COLLISION SPORTS AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff B.P.J., by and through her next friend and mother, Heather Jackson, hereby moves

the Court to exclude any testimony or the introduction of any evidence regarding alleged safety

risks associated with contact and collision sports as irrelevant and unduly prejudicial under Federal

Rules of Evidence 401, 402, and 403.

1

**ARGUMENT**

In this case, B.P.J. brings an as-applied challenge to H.B. 3293, arguing that the statute violates her rights under Title IX and the Equal Protection Clause by prohibiting her from participating on the girls' cross-country and track-and-field teams at her middle school. Neither cross-country nor track-and-field are contact or collision sports.

Defendants are nevertheless expected to offer or elicit testimony at trial from Dr. Chad Carlson regarding the alleged safety risks posed when girls and women who are transgender participate in sports with cisgender girls and women. (*See, e.g.*, Dkt. No. 287 (State MSJ) at 12 (asserting that Dr. Carlson "is the only expert in this case to have examined this safety issue").) During his deposition, however, Dr. Carlson testified that his opinions regarding alleged safety risks were limited to contact and collision sports, and that he was not providing any opinion regarding safety risks associated with cross-country or track. (*See* Dkt. No. 289-33 (Carlson Dep. Tr.) at 160:15–161:3 ("Q. Are you providing . . . expert testimony at all regarding safety risks from cross-country? A. I was asked to provide a report on safety risks as relates to participation in—of athletes in contact in collision sports, but . . . the nature of that is defined within my paper. Q. . . . [C]ontact and collision sports does not include cross-country; correct? A. That's correct. Q. And contact and collision sports doesn't include track and field; correct? A. Correct.").)

Because Dr. Carlson's testimony regarding safety risks is limited to contact and collision sports, his testimony is irrelevant and inadmissible. Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 402, evidence must be relevant to be admissible. Fed. R. Evid. 402. Information regarding alleged safety risks associated with contact and collision sports is of no

consequence for B.P.J.'s claims. As this Court previously explained in its decision granting

B.P.J.'s motion for a preliminary injunction,

> [A]s applied to B.P.J., this law cannot possibly protect the physical safety of other
> girl athletes. Cross country and track are not contact sports. The physical ability of
> one athlete does not put another in danger in the way it might in another sport like
> football or hockey.

(Dkt. No. 67 (PI Op.) at 11.) Dr. Carlson's testimony, and any other evidence regarding safety in

contact and collision sports, is therefore irrelevant to B.P.J.'s as-applied challenge and

inadmissible in this case.

In addition to being irrelevant, this information should be excluded because the potential

for unfair prejudice, misleading the jury, and wasting time substantially outweighs any probative

value of this information. Fed. R. Evid. 403. Allowing Defendants to offer testimony regarding

alleged safety risks in contact and collision sports that are not at issue in this case could mislead,

confuse, and/or unfairly influence any advisory jury and could prolong the trial, wasting the

Court's time and resources. *See, e.g.*, *Watkins v. Cook Inc.*, No. 13 Civ. 20370, 2015 WL 1395638,

at *2–4 (S.D.W. Va. Mar. 25, 2015) (excluding evidence which would have posed "substantial

risks of misleading the jury and wasting judicial resources by diving into [topics] . . . none of which

relate to the . . . claims at issue") (Goodwin, J.); *see also Dimock v. Ethicon, Inc.*, No. 12 Civ. 401,

2016 WL 11524466, at *1 (S.D.W. Va. Nov. 29, 2016) (court to exclude evidence where "[a]ny

kernel of relevance is outweighed by the very substantial dangers of misleading the jury and

confusing the issues") (Goodwin, J.) (internal quotations and citation omitted).

## CONCLUSION

Plaintiff therefore respectfully requests that the Court preclude Defendants from offering

any evidence, argument, and/or opinions regarding alleged safety risks associated with contact and

collision sports as irrelevant and unduly prejudicial under Federal Rules of Evidence 401–03.

Dated: June 22, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
/s/ Loree Stark

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J. by her next friend and mother, HEATHER
JACKSON,

*Plaintiff*,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent, DORA
STUTLER in her official capacity as Harrison
County Superintendent, and THE STATE OF
WEST VIRGINIA,

*Defendants*,

and

LAINEY ARMISTEAD,

*Defendant-Intervenor*.

Civil Action No. 2:21-cv-00316

Hon. Joseph R. Goodwin

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 22nd day of June, 2022, I electronically filed a true and exact copy of the ***Plaintiff's Motion* In Limine** *to Exclude Evidence and/or Argument Regarding Contact and Collision Sports and Supporting Memorandum of Law* with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936

5