IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE DEFENDANT STATE OF WEST VIRGINIA'S EXHIBIT H AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff B.P.J., by and through her next friend and mother, Heather Jackson, hereby moves the Court to exclude Defendant State of West Virginia's ("State") Exhibit H (Dkt. No. 285-8) as inadmissible pursuant to Federal Rule of Evidence 401, 402, 403, 702, and 1006.

**ARGUMENT**

The State's Exhibit H (Dkt. No. 285-8) should be excluded at trial. Exhibit H contains a series of four apparently homemade charts (Exs. H-1–H-4). The State asserts that Exhibit H is admissible under Rule 1006 (Dkt. No. 337 (State Reply) at 15), and seeks to rely on the Exhibit to

1

support assertions regarding alleged differences in athletic performance between boys and girls. (*See* Dkt. No. 287 (State MSJ) at 14–17.) But this Exhibit is inadmissible under Federal Rules of Evidence 401, 402, 403, 702, and 1006 and should be excluded.

To comply with Rule 1006, "a chart summarizing evidence must be an *accurate* compilation of the voluminous records sought to be summarized." *United States v. Janati*, 374 F.3d 263, 272 (4th Cir. 2004). The chart may not be "a skewed selection of *some* of the documents to further the proponent's theory of the case." *United States v. Oloyede*, 933 F.3d 302, 310–11 (4th Cir. 2019). In addition, the material being summarized must be otherwise admissible. *See Janati*, 374 F.3d at 272 ("the records summarized must otherwise be admissible in evidence"). Among other things, evidence must be relevant in order to be admissible. Fed. R. Evid. 402. For evidence to be relevant, it must have a tendency to make the existence of any "'fact [that] is of consequence in determining the action' 'more or less probable than it would be without the evidence.'" Fed. R. Evid. 401. And even when evidence is relevant, if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," that evidence should be excluded. Fed. R. Evid. 403.

The only possible basis for admitting Exhibit H as a demonstrative would be if it accurately summarized the testimony of Defendants' proposed expert Dr. Gregory Brown and if Dr. Brown's testimony was otherwise admissible. This path fails for multiple reasons.

To start, the charts were never presented as part of Dr. Brown's expert testimony, attached to an expert report, or produced anywhere else in the record. (Dkt. No. 285-8 (State Exhibit H).) Though the State claims that Exhibit H is admissible because "Dr. Brown cites those studies in his expert report," (Dkt. No. 337 (State Reply) at 15), the Exhibit in fact refers to certain findings from

David J. Handelsman and Espen Tonnessen that Dr. Brown conspicuously failed to include in his expert testimony. (*See* Dkt. No. 285-8 (State Exhibit H) at H-1; *see* Dkt. No. 316 (Brown *Daubert* Mot.) at 15–16.) The Exhibit is thus not an accurate "summary" of Dr. Brown's testimony and is inadmissible under Rule 1006. *See Janati*, 374 F.3d at 272.

Moreover, even if Exhibit H were to represent a summary of Dr. Brown's testimony (which it does not), that testimony is subject to a pending *Daubert* motion. As discussed in that motion, Dr. Brown's testimony regarding transgender girls who receive puberty-delaying medication is unreliable under Rule 702 because, *inter alia*, the testimony draws speculative inferences about transgender girls based on comparisons of cisgender prepubertal boys and cisgender prepubertal girls, based on physical fitness studies of the population at large, and based on raw data from a single year's worth of competition. (*See* Dkt. No. 316 (Brown *Daubert* Mot.) at 8–17.) For all the same reasons that Dr. Brown's testimony about those studies is unreliable under Rule 702, a demonstrative about those studies is also inadmissible. *Janati*, 374 F.3d at 272 (noting that the records summarized by a demonstrative must be otherwise admissible).

Even were Exhibit H to summarize otherwise admissible evidence (which it does not), the State's homemade charts should nonetheless be excluded because they are misleading under Rule 403 and inaccurately reflect the purported underlying materials under Rule 1006. *See Janati*, 374 F.3d at 272. Chart H-1, for example, appears to be a conglomeration of seven different studies compared under two different units of measurement. (*See* Dkt. No. 285-8 (State Exhibit H) at H-1 (alternating between using "Seconds" and "Stages" as a form of measurement).) The Chart thus inaccurately suggests that a set of data are comparable when, in fact, they are not. In addition, two of the charts in Exhibit H are vaguely characterized as indicating "male advantage over female." (*See* Dkt. No. 285-8 (State Exhibit H) at H-1, H-4.) But that labeling improperly extrapolates from

what appears to be actually portrayed in the charts—race results. The State's unsubstantiated suggestion that a discrete set of race results implies a generalized, overall athletic "advantage"—in addition to being inaccurate—would be misleading to any potential advisory jury and unduly prejudicial to B.P.J. under Rule 403.

Finally, Exhibit H should also be excluded because it is irrelevant. The charts either purport to compare cisgender boys and cisgender girls, or involve only adult transgender women. B.P.J. is not cisgender and is not an adult. (*See, e.g.*, Dkt. No. 285-8 (State Exhibit H) at H-1 ("11 Years Old Male Advantage Over Female"); H-2 ("2021 West Virginia 6th Grade Average Time Top 10 Finishers Percent Differece [sic] Between Boys and Girls"); H-4 ("Tambalis 2015 Greek Study - Male Advantage Over Female (Sample Size Over 424,000)").) Because none of the charts reflect content applicable to B.P.J., a twelve-year-old transgender girl on puberty blockers, they should be excluded as irrelevant.

## CONCLUSION

Plaintiff respectfully requests that the Court preclude Defendants from offering Defendant State of West Virginia's Exhibit H (Dkt. No. 285-8) at trial.

| | |
|---|---|
| Dated: June 22, 2022 | Respectfully Submitted,<br>/s/ Loree Stark |
| Joshua Block*<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>125 Broad St.<br>New York, NY 10004<br>Phone: (212) 549-2569<br>jblock@aclu.org | Loree Stark (Bar No. 12936)<br>Nick Ward (Bar No. 13703)<br>AMERICAN CIVIL LIBERTIES UNION OF WEST<br>VIRGINIA FOUNDATION<br>P.O. Box 3952<br>Charleston, WV 25339-3952<br>Phone: (914) 393-4614<br>lstark@acluwv.org<br>nward@acluwv.ord |
| Avatara Smith-Carrington*<br>LAMBDA LEGAL<br>3500 Oak Lawn Avenue, Suite 500<br>Dallas, TX 75219<br>Phone: (214) 219-8585<br>asmithcarrington@lambdalegal.org | Kathleen Hartnett*<br>Julie Veroff*<br>Zoë Helstrom*<br>COOLEY LLP<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111<br>Phone: (415) 693-2000<br>khartnett@cooley.com<br>jveroff@cooley.com<br>zhelstrom@cooley.com |
| Carl Charles*<br>Tara Borelli*<br>LAMBDA LEGAL<br>158 West Ponce De Leon Ave., Ste. 105<br>Decatur, GA 30030<br>Phone: (404) 897-1880<br>ccharles@lambdalegal.org<br>tborelli@lambdalegal.org | Katelyn Kang*<br>Valeria M. Pelet del Toro*<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001-2157<br>Phone: (212) 479-6000<br>kkang@cooley.com<br>vpeletdeltoro@cooley.com |
| Sruti Swaminathan*<br>LAMBDA LEGAL<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>Phone: (212) 809-8585<br>sswaminathan@lambdalegal.org | |
| Andrew Barr*<br>COOLEY LLP<br>1144 15th St. Suite 2300<br>Denver, CO 80202-5686<br>Phone: (720) 566-4000<br>abarr@cooley.com | Elizabeth Reinhardt*<br>COOLEY LLP<br>500 Boylston Street, 14th Floor<br>Boston, MA 02116-3736<br>Phone: (617) 937-2305<br>ereinhardt@cooley.com<br><br>*Visiting Attorneys<br><br>*Attorneys for Plaintiff* |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 22nd day of June 2022, I electronically filed a true and exact copy of the ***Plaintiff's Motion* In Limine *to Exclude Defendant State of West Virginia's Exhibit H and Supporting Memorandum of Law*** with the Clerk of Court and all parties using the CM/ECF System.

> */s/ Loree Stark*
> Loree Stark
> West Virginia Bar No. 12936

6