IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, | |
| *Plaintiff*, | Civil Action No. 2:21-cv-00316 |
| v. | Hon. Joseph R. Goodwin |
| WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, | |
| *Defendants*, | |
| and | |
| LAINEY ARMISTEAD, | |
| *Defendant-Intervenor*. | |

## PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING THE POTENTIAL NUMBER OF GENDER IDENTITIES AND SUPPORTING MEMORANDUM OF LAW

Plaintiff B.P.J., by and through her next friend and mother, Heather Jackson, hereby moves the Court to exclude any testimony and/or the introduction of any evidence regarding the opinions of B.P.J. or her medical providers on the number of gender identities that potentially exist as irrelevant and unduly prejudicial under Federal Rules of Evidence 401, 402, and 403.

## ARGUMENT

Counsel for Defendant State of West Virginia ("State") and Defendant-Intervenor are expected to offer or elicit testimony at trial regarding the opinions of B.P.J. and/or her medical providers on the number of gender identities that potentially exist. Specifically, the State and Defendant-Intervenor have asserted in their briefing that B.P.J. "asserts at least four 'genders' or 'gender identities,'" and that Dr. Kacie Kidd, one of B.P.J.'s medical providers, "asserts that there are in excess of 27 genders, perhaps as many as 100." (Dkt. No. 305 (State MSJ Opp.) at 7; *see* Dkt. No. 288 (Int. MSJ) at 13.) In making these assertions, the State and Defendant-Intervenor accuse B.P.J. of seeking in her lawsuit to segregate sports based on "multifarious genders." (Dkt. No. 305 (State MSJ Opp.) at 7, 11; *see also* Dkt. No. 288 (Int. MSJ) at 13.) These assertions must be excluded as both irrelevant and unduly prejudicial.

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Because the assertions made by the State and Defendant-Intervenor regarding the opinions of B.P.J. and those of her medical providers on the number of gender identities that potentially exist are of no "consequence in determining the action," they must be excluded. Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").

The question before the Court is whether H.B. 3293 unlawfully discriminates against B.P.J. in violation of the Equal Protection Clause and Title IX. Under the heightened standard of review that applies to this case, it is the State's burden to identify "extremely persuasive" reasoning supporting B.P.J.'s categorical exclusion and such reasoning must have been the actual reasoning relied up by the legislature when enacting HB. 3293. *See United States v. Virginia*, 518 U.S. 515,

553 (1996); *see also Miss. Univ. for Women v. Hogan*, 458 U.S. 718, 724 (1982). The opinions of B.P.J. and her medical providers regarding the potential number of gender identities have no bearing on this question and are thus irrelevant to this lawsuit.

Furthermore, even if B.P.J. were seeking to segregate sports based on "multifarious genders" (which she is not), this desire is also irrelevant, because the injunction B.P.J. seeks would simply return the parties to the status quo before H.B. 3293 was enacted. *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014) ("[P]rohibitory injunctions 'aim to maintain the status quo and prevent irreparable harm while a lawsuit remains pending.'") (citing *Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013)). Under the status quo, sports teams were not separated by "multifarious genders"; sports teams were separated into boys' and girls' teams and were maintained by rules that were already in place in West Virginia. (Dkt. No. 290 (Pl's SUF) ¶¶ 31–32, 36, 40.) Therefore, even if B.P.J. or her medical providers believed that sports teams should be segregated based on "multifarious genders"—which they do not—this belief would not affect the grant of relief in this case.[1]

Although B.P.J.'s personal opinions and the opinions of her medical providers on the number of gender identities that potentially exist are irrelevant to this case and should be excluded, even were they relevant, the potential for prejudice would far outweigh the information's probative value under Federal Rule of Evidence 403. Allowing Defendants to offer testimony regarding hypothetical individuals with hypothetical gender identities that are not at issue in this case could mislead, confuse, and/or unfairly influence any advisory jury and would prolong the trial, wasting the Court's time and resources. *See Watkins v. Cook Inc.*, No. 13 Civ. 20370, 2015 WL 1395638,

---

[1] And in any event, there are no "multifarious genders" involved in this case: this case is about B.P.J., who is a transgender girl with a female gender identity who wishes to participate on the girls' cross-country and track teams.

3

at *2–4 (S.D.W. Va. Mar. 25, 2015) (excluding evidence which would have posed "substantial risks of misleading the jury and wasting judicial resources by diving into [topics] . . . none of which relate to the . . . claims at issue") (Goodwin, J.); *see also Dimock v. Ethicon, Inc.*, No. 12 Civ. 401, 2016 WL 11524466, at *1 (S.D.W. Va. Nov. 29, 2016) (noting that a court should exclude testimony where "[a]ny kernel of relevance is outweighed by the very substantial dangers of misleading the jury and confusing the issues.) (Goodwin, J.) (internal quotations and citation omitted).

## CONCLUSION

Plaintiff therefore respectfully requests that the Court preclude Defendants from offering any evidence, argument, or opinions regarding B.P.J. or her medical providers' testimony on the number of gender identities that potentially exist.

Dated: June 22, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
/s/ Loree Stark

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J. by her next friend and mother, HEATHER
JACKSON,

                *Plaintiff*,

       v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent, DORA
STUTLER in her official capacity as Harrison
County Superintendent, and THE STATE OF
WEST VIRGINIA,

                *Defendants*,

       and

LAINEY ARMISTEAD,

                *Defendant-Intervenor*.

Civil Action No. 2:21-cv-00316

Hon. Joseph R. Goodwin

## CERTIFICATE OF SERVICE

I, Loree Stark, do hereby certify that on this 22nd day of June 2022, I electronically filed

a true and exact copy of the ***Plaintiff's Motion In Limine to Exclude Evidence and/or Argument***

***Regarding the Potential Number of Gender Identities and Supporting Memorandum of Law***

with the Clerk of Court and all parties using the CM/ECF System.

                */s/ Loree Stark*
                Loree Stark
                West Virginia Bar No. 12936

6