IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING DEFENDANT-INTERVENOR'S REQUESTS FOR ADMISSION NOS. 13–61 CONCERNING HYPOTHETICAL INDIVIDUALS AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff B.P.J., by and through her next friend and mother, Heather Jackson, hereby moves this Court to exclude any testimony or the introduction of any evidence, arguments, and/or opinions regarding Defendant-Intervenor's Requests for Admission Numbers 13–61 concerning hypothetical individuals (Dkt. No. 355-1 (Armistead First Set of Requests for Admission to Pl.) ¶¶ 13–61) as irrelevant and unduly prejudicial under Federal Rules of Evidence 401, 402, and 403.

1

**ARGUMENT**

For evidence to be relevant, it must "ha[ve] a tendency to make a fact more or less probable than it would be without the evidence" and be "of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible and should be excluded. Fed. R. Evid. 402. And even when evidence is relevant, if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," that evidence should be excluded. Fed. R. Evid. 403.

Defendant-Intervenor Lainey Armistead's Requests for Admission Numbers 13–61 concerning hypothetical individuals should be excluded at trial. These nearly fifty Requests for Admission sought responses to hypothetical questions regarding the treatment of various endocrine conditions not at issue in this case and/or that had not yet been (and in many cases, have not been) the subject of expert testimony. (Dkt. No. 354 (Mot. for Recon. Intervention) at 9, 9 n.6 (citing Dkt. No. 355-1 (Armistead First Set of Requests for Admission to Pl.) ¶¶ 13–61).) These Requests for Admission, which did not seek "admissions for the record of facts already known," *Wigler v. Elec. Data Sys. Corp.*, 108 F.R.D. 204, 206 (D. Md. 1985), instead sought admissions about hypothetical individuals and conditions that have no bearing on any issue before this Court, do not speak to any condition or treatment related to B.P.J., and will only serve to confuse the trier of fact and cause undue delay at trial.[1] Fed. R. Evid. 401–03.

This case concerns a twelve-year-old middle school girl who is receiving puberty-delaying medication. (Dkt. No. 290 (Pl.'s SUF) ¶¶ 13–17.) Statements related to whether, for instance, "high

---

[1] *See, e.g.*, Dkt. No. 355-1 (Armistead First Set of Requests for Admission to Pl.) ¶¶ 18 ("Admit there are biological males who experience hypogonadism."), 19 ("Admit there are biological males with medical conditions that inhibit testosterone production."), 23 ("Admit that there are high-school-aged biological males who, because of hypogonadism, have circulating testosterone comparable to that of biological females of their same age.").

school male-identifying biological males who experienced endogenous male puberty but have since received hormone therapy sufficient to bring their circulating testosterone down into the range typical for biological females of their same age," (Dkt. No. 355-1 (Armistead First Set of Requests for Admission to Pl.) ¶ 41), have nothing to do with B.P.J.'s gender identity, medical history, or treatment. Nearly fifty similarly irrelevant requests were made by Defendant-Intervenor, all of which should be excluded at trial. (*See* Dkt. No. 355-1 (Armistead First Set of Requests for Admission to Pl.) ¶¶ 13–61).)

If not excluded at trial, the evidence would introduce "the very substantial dangers of misleading the jury and confusing the issues." *Dimock v. Ethicon, Inc.*, No. 12 Civ. 401, 2016 WL 11524466, at *1 (S.D.W. Va. Nov. 29, 2016) (court to exclude evidence where "[a]ny kernel of relevance is outweighed by the very substantial dangers of misleading the jury and confusing the issues") (Goodwin, J.) (internal quotations and citation omitted); *Watkins v. Cook Inc.*, No. 13 Civ. 20370, 2015 WL 1395638, at *2–4 (S.D.W. Va. Mar. 25, 2015) (excluding evidence which would have posed "substantial risks of misleading the jury and wasting judicial resources by diving into [topics] . . . none of which relate to the . . . claims at issue") (Goodwin, J.). Accordingly, all evidence and testimony relating to Defendant-Intervenor's Requests for Admission Numbers 13–61 should be excluded.

## CONCLUSION

Plaintiff therefore respectfully requests that the Court preclude Defendants from offering any evidence, argument, or opinions regarding Defendant-Intervenor's Requests for Admission Numbers 13–61 concerning hypothetical individuals. (Dkt. No. 355-1 (Armistead First Set of Requests for Admission to Pl.) ¶¶ 13–61.)

Dated: June 22, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202
Phone: (720) 566-4000
abarr@cooley.com

Respectfully submitted,
/s/ *Loree Stark*

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339
Phone: (914) 393-4614
lstark@acluwv.org

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Phone: (212) 479-6000
kkang@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 22nd day of June, 2022, I electronically filed a true and exact copy of ***Plaintiff's Motion* In Limine *to Exclude Evidence and/or Argument Regarding Defendant-Intervenor's Requests for Admission Nos. 13–61 Concerning Hypothetical Individuals and Supporting Memorandum of Law*** with the Clerk of Court and all parties using the CM/ECF System.

                                              */s/ Loree Stark*
                                              Loree Stark
                                              West Virginia Bar No. 12936