IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING PRESS REPORTS AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rules of Evidence 401, 402, and 403, Plaintiff B.P.J., by and through her next friend and mother, Heather Jackson, hereby moves the Court to exclude any press reports regarding transgender women participating in national or international competitive athletics, including at the college and professional level because those circumstances are wholly irrelevant to Plaintiff's as-applied challenge to the constitutionality of H.B. 3293. Indeed, none of these press reports concerns B.P.J., West Virginia, H.B. 3293, or anything else material to the issues before this Court. They are thus irrelevant and inadmissible.

1

**ARGUMENT**

Defendant State of West Virginia and Defendant-Intervenor reference various media reports regarding events supposedly showing the "displacement of women and girls in sports" across the country by what they call "male athletes who identify as female." (Dkt. No. 288 (Pl. MSJ) at 2.) Those media pieces include: (i) stories from female professional athletes from the 1970s; (ii) efforts by international and professional sporting organizations to establish rules regarding elite female competitions; (iii) the participation of transgender collegiate athletes outside the state of West Virginia and subject to the NCAA's governance; and (iv) the accomplishments of two out-of-state transgender high school athletes from 2017–20. (Dkt. No. 287 (State MSJ) at 2 & n.1, 3 n.3, 5 & nn.6–7, 7–8 & nn.9–10; Dkt. No. 288 (Pl. MSJ) at 2–4 nn. 3–5.) None of these events or athletes has any connection to West Virginia, Plaintiff, H.B. 3293, or any other issue before this Court. Evidence or testimony related to these events—and press reports about them particularly—would serve no legitimate purpose at trial and should be excluded on three grounds.

*First*, the published media reports contain inadmissible hearsay and double-hearsay. For example, the State quotes an article from online magazine *Slate* and a *Fox News* story. (Dkt. No. 287 (State MSJ) at 3 n.3; Dkt. No. 287 (State MSJ) at 8.) Both reports claim to quote third parties and neither report contains a full transcript of the alleged conversation. Such statements constitute inadmissible hearsay because they are (1) out of court statements "(2) . . . offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c) (defining "hearsay"). Indeed, media reports are routinely excluded as "inadmissible hearsay to the extent that they are introduced 'to prove the factual matters asserted therein.'" *Gantt v. Whitaker*, 57 F. App'x 141, 150 (4th Cir. 2003) (quoting *United States v. ReBrook*, 58 F.3d 961, 967 (4th Cir. 1995)); *see also Greene v. Scott*, 637 F. App'x 749, 752 (4th Cir. 2016) ("Newspaper articles are rank hearsay"

(quoting *Nooner v. Norris*, 594 F.3d 592, 603 (8th Cir. 2010))). The Court should likewise exclude them here.

*Second*, these articles have no bearing on Plaintiff's case or any determination on the legality of West Virginia's prohibition against her participation in state-sponsored girls' sports. *See* Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."); Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). The public reports of competitions and the participation of transgender athletes outside of West Virginia are irrelevant to the legality of H.B. 3293 and should be excluded. *See, e.g.*, *Sutphin v. Ethicon, Inc.*, No. 14 Civ. 1379, 2020 WL 5079170, at *9 (S.D.W. Va. Aug. 27, 2020) (noting agreement that "evidence of media reports and/or documentaries that are critical of [the product] are . . . irrelevant and inadmissible"); *Mayne-Harrison v. Dolgencorp, Inc.*, No. 9 Civ. 42, 2010 WL 3717604, at *17 (N.D.W. Va. Sept. 17, 2010) (striking articles as irrelevant).

*Third*, the probative value of these published accounts—even if relevant and serving a legitimate purpose (which they do not)—is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading . . . undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Specifically, if allowed, reports and other evidence about these events would cloud the issues in this case and lead the fact finder down a path of wasted time and irrelevancy; in contrast, prohibiting admission of these reports would eliminate the prejudice from this improper evidence and related argument, while promoting the interests of judicial economy and trial efficiency. *See, e.g.*, *CSX Transp., Inc. v. Gilkison*, No. 5 Civ. 202, 2013 WL 85140, at *5 (N.D.W. Va. Jan. 7, 2013) ("This evidence involves findings other states made that are not necessarily involved in this civil action. Even if it was relevant in some way, it

3

is not admissible under Rule 403, as it raises problems of unfair prejudice and confusion . . . . [T]he evidence has nothing to do with the matters here[.]").

## CONCLUSION

Accordingly, Plaintiff respectfully moves this Court to enter an Order excluding from trial all evidence and argument regarding the press reports and other accounts of transgender athletes and competitions unaffected by H.B. 3293.

| | |
|---|---|
| Dated: June 22, 2022 | Respectfully Submitted,<br>/s/ Loree Stark |
| Joshua Block*<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad St.<br>New York, NY 10004<br>Phone: (212) 549-2569<br>jblock@aclu.org | Loree Stark (Bar No. 12936)<br>Nick Ward (Bar No. 13703)<br>AMERICAN CIVIL LIBERTIES UNION OF WEST<br>VIRGINIA FOUNDATION<br>P.O. Box 3952<br>Charleston, WV 25339-3952<br>Phone: (914) 393-4614<br>lstark@acluwv.org<br>nward@acluwv.ord |
| Avatara Smith-Carrington*<br>LAMBDA LEGAL<br>3500 Oak Lawn Avenue, Suite 500<br>Dallas, TX 75219<br>Phone: (214) 219-8585<br>asmithcarrington@lambdalegal.org | Kathleen Hartnett*<br>Julie Veroff*<br>Zoë Helstrom*<br>COOLEY LLP<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111<br>Phone: (415) 693-2000<br>khartnett@cooley.com<br>jveroff@cooley.com<br>zhelstrom@cooley.com |
| Carl Charles*<br>Tara Borelli*<br>LAMBDA LEGAL<br>158 West Ponce De Leon Ave., Ste. 105<br>Decatur, GA 30030<br>Phone: (404) 897-1880<br>ccharles@lambdalegal.org<br>tborelli@lambdalegal.org | |
| Sruti Swaminathan*<br>LAMBDA LEGAL<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>Phone: (212) 809-8585<br>sswaminathan@lambdalegal.org | Katelyn Kang*<br>Valeria M. Pelet del Toro*<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001-2157<br>Phone: (212) 479-6000<br>kkang@cooley.com<br>vpeletdeltoro@cooley.com |
| Andrew Barr*<br>COOLEY LLP<br>1144 15th St. Suite 2300<br>Denver, CO 80202-5686<br>Phone: (720) 566-4000<br>abarr@cooley.com | Elizabeth Reinhardt*<br>COOLEY LLP<br>500 Boylston Street, 14th Floor<br>Boston, MA 02116-3736<br>Phone: (617) 937-2305<br>ereinhardt@cooley.com |
| | *Visiting Attorneys<br><br>*Attorneys for Plaintiff* |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 22nd day of June, 2022, I electronically filed a true and exact copy of the ***Plaintiff's Motion* in Limine *to Exclude Evidence and/or Argument Regarding Press Reports and Supporting Memorandum of Law*** with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936

6