IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING STATEMENTS OF NON-PARTY WITNESSES IN SUPPLEMENTAL DISCLOSURES AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rules of Evidence 401, 402, 403, 702, 801, and 802, Plaintiff B.P.J., by and through her next friend and mother, Heather Jackson, hereby moves the Court to exclude any evidence relating to non-party witnesses named in Defendant-Intervenor Lainey Armistead's ("Intervenor") supplemental disclosures.

1

**ARGUMENT**

In this action, Plaintiff B.P.J. asserts an as-applied constitutional and Title IX challenge to the legality of H.B. 3293, a recently enacted West Virginia law that discriminates against Plaintiff by prohibiting her from participating in school athletics equally with other students, based both on her sex and transgender status. (*See* Dkt. No. 64 (First Am. Compl.).) In other words, this challenge is focused on the legality of a West Virginia law applied to a West Virginian child in a West Virginia school district.

Despite the scope of this case, Intervenor has named *dozens* of previously unidentified out-of-state "female competitors" and their parents as potential witnesses for trial, despite *none* of them having *any* connection to Plaintiff or West Virginia.[1] These out-of-state adults include: (i) five members of a 2012 women's basketball team at a California community college; (ii) five members of a Los Angeles-based handball club; (iii) a bodybuilder; (iv) eight collegiate track and field and/or cross-country athletes; (v) four former high school track and field athletes; (vi) the mother of a high school volleyball player in Utah; (vii) mothers of two high school track and field athletes; (viii) two track cyclists who competed in an international event in 2019; (ix) unidentified members of a collegiate swim and diving team; (x) two professional "long drive" golfers; and (xi) five professional mixed martial arts (MMA) fighters. (*See* Dkt. No. 332-2 (L. Stark Supp. Decl. Ex. 46 (Intervenor's Supp. Disclosures)) at 4–9.) From that list of individuals, moreover, Intervenor has submitted ten declarations (each dated February 20, 2022) that contain opinions

---

[1] Attempting to present testimony from these irrelevant individuals is one of the many ways that Intervenor has added time and needless expense to this litigation, as explained in Plaintiff's motion for reconsideration of Intervenor's role in this case. (Dkt. No. 353 (Mot. to Recon. Grant of Armistead's Permissive Intervention).) That motion is pending and nothing set forth in this motion *in limine* should be understood to suggest that Plaintiff believes Intervenor should have any role at trial.

and descriptions of these individuals' experiences, none of which relate to events occurring in West Virginia or otherwise are material to Plaintiff's circumstance. (*See* Dkt. No. 286-1 (App. Armistead MSJ) at 9–79.)

Evidence related to these witnesses, including their statements and lay opinions, would serve no legitimate purpose and should be excluded from trial on five grounds.

*First*, declarations and statements of out-of-state athletes and their mothers have no bearing on Plaintiff's case or the legality of West Virginia's prohibition against Plaintiff's participation in state-sponsored girls' sports. *See* Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."); Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Because these materials are irrelevant, they should be excluded. *See, e.g.*, *Watkins v. Cook Inc.*, No. 13 Civ. 20370, 2015 WL 1395638, at *2–4 (S.D.W. Va. Mar. 25, 2015) (excluding evidence which would have posed "substantial risks of misleading the jury and wasting judicial resources by diving into [topics] . . . none of which relate to the . . . claims at issue") (Goodwin, J.); *see also BSN Med., Inc. v. Parker Med. Assocs. LLC*, No. 9 Civ. 15, 2011 WL 5509030, at *9–10 (W.D.N.C. Nov. 17, 2011) (excluding proffered declarations as irrelevant after finding the only relevant content was inadmissible).

*Second*, the probative value of Intervenor's proffered statements and opinions—even were they relevant and in furtherance of a legitimate purpose (which they are not)—is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Specifically, if allowed, the testimony would confuse the issues in this case and lead the fact finder down a path of wasted time and irrelevancy; in contrast, prohibiting this testimony would eliminate

the prejudice from this improper evidence and related argument, while promoting the interests of judicial economy and trial efficiency. *See, e.g.*, *CSX Transp., Inc. v. Gilkison*, No. 5 Civ. 202, 2013 WL 85140, at *5 (N.D.W. Va. Jan. 7, 2013) ("This evidence involves findings other states made that are not necessarily involved in this civil action. Even if it was relevant in some way, it is not admissible under Rule 403, as it raises problems of unfair prejudice and confusion. . . . [T]he evidence has nothing to do with the matters here[.]").

*Third*, the declarations by out-of-state witnesses contain inadmissible hearsay. For example, a former high school track and field athlete in Connecticut referenced instances in which she competed against a girl who is transgender in Connecticut-based competitions. (Dkt. No. 286-1 (App. to Armistead MSJ) at 13 ¶ 22.) These statements constitute inadmissible hearsay because they are (i) out-of-court statements, and (ii) offered in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c) (defining "hearsay"). Accordingly, the Court should not admit them. *See, e.g.*, *Md. Highways Contractors Ass'n. Inc. v. State of Md.*, 933 F.2d 1246, 1251–52 (4th Cir. 1991) (affirming preclusion of letter containing hearsay statements about perceived problems with rules and guidelines at issue); *Braxton v. Harrah*, No. 18 Civ. 585, 2021 WL 4311693, at *2 (S.D.W. Va. Mar. 18, 2021) (barring use of proffered declaration containing hearsay).

*Fourth*, certain of the statements amount to improper expert testimony that is not supported with adequate foundation. *See* Fed. R. Evid. 702 (setting forth conditions for admission of expert opinion). For example, Darcy Ashoff states—without any support—that "[s]cience" says "that male and female bodies are different," that "[n]o amount of testosterone suppression can change the amount of myonuclei in a male body," and that "athletic performance is impacted by [females'] cycle, birth control, and pregnancy—something no male who identifies as female has to address."

4

(Dkt. No. 286-1 (App. Armistead MSJ) at 51 ¶ 18.)  But Intervenor makes no showing that Ms. Ashoff or any of Intervenor's other lay witnesses are "qualified as an expert" or can properly provide an expert opinion on what "science" says regarding issues around female body development and athletic performance.  *See, e.g.*, *Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 575 (4th Cir. 2017), *as amended* (Mar. 7, 2017) ("Rule 702's reliability requirements may not be circumvented by allowing unqualified expert testimony in the guise of lay testimony."); *Good v. Am. Water Works Co., Inc.*, No. 14 Civ. 1374, 2016 WL 5441517, at *6 (S.D.W. Va. Sept. 26, 2016) (setting forth *Daubert* standard for threshold determination of whether an expert opinion "rests on a reliable foundation").  Notably, Defendants' proffered experts are subject to *Daubert* challenges on a variety of bases, and Intervenor cannot short-circuit the *Daubert* challenge with lay testimony to the same end.

*Fifth*, even if these statements from numerous out-of-state amateur, collegiate, or professional athletes (and their mothers) were otherwise properly considered (they are not), they should still be stricken as untimely.  Intervenor did not serve the disputed disclosures until four months *after* the exchange of initial disclosures, and *three days after the close of written discovery*, leaving Plaintiff with no time to propound written discovery concerning these witnesses or to depose them.  This alone is reason for exclusion.  *See, e.g.*, *Gomez v. Haystax Tech., Inc.*, 761 F. App'x 220, 232 (4th Cir. 2019) (affirming order excluding testimony of witnesses identified in a supplemental disclosure on the last day of discovery); *Nance v. Ky. Nat'l Ins. Co.*, No. 2 Civ. 266, 2005 WL 8159348, at *6 (S.D.W. Va. July 28, 2005) (excluding testimony of 19 untimely disclosed witnesses).  Intervenor repeatedly refused to engage with Plaintiff's requests that Intervenor inform Plaintiff which witnesses she reasonably believed she might use to support Intervenor's claims or defenses.  (Dkt. Nos. 332-16–332-18 (Stark Supp. Decl. Exs. 60–62)

5

(parties' correspondence).) Because Plaintiff had no meaningful opportunity to conduct discovery regarding these individuals, this Court should strike these individuals' declarations from the record, putting aside the other barriers to their admission. *Nance*, 2005 WL 8159348, at *5 ("There is no indication that defendant had even a hint of the identity of these [19] witnesses prior to their disclosure, and its counsel would have been left to conduct any discovery related thereto in the span of the [22] days remaining for discovery, while also engaging in other discovery and trial preparation efforts.").

## CONCLUSION

Accordingly, Plaintiff respectfully moves this Court to enter an Order excluding from trial statements and/or opinions from the out-of-state individuals named in Intervenor's supplemental disclosures, or in the alternative, ordering Intervenor to identify which of these witnesses she intends to call at trial (as Plaintiff has repeatedly requested of Intervenor) and re-opening discovery to allow Plaintiff to conduct reasonable discovery of them.

Dated: June 22, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585

Respectfully Submitted,
/s/ Loree Stark

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF
WEST VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*

6

asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 22nd day of June 2022, I electronically filed a true and exact copy of the ***Plaintiff's Motion in Limine** to Exclude Evidence and/or Argument Regarding Statements of Non-Party Witnesses in Supplemental Disclosures and Supporting Memorandum of Law* with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936

8