IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE RFERENCES TO PLAINTIFF BY HER NAME GIVEN AT BIRTH ("DEADNAME") OR USING MALE PRONOUNS (HE/HIM) AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rule of Evidence 611, Plaintiff B.P.J., by and through her next friend and mother, Heather Jackson, hereby moves the Court to exclude any references to Plaintiff by her name given at birth ("deadname") or using male pronouns (he/him) while she is in the courtroom.

1

**ARGUMENT**

Rule 611 of the Federal Rules of Evidence gives district courts "broad discretion over the presentation of evidence in the course of the trial[.]" *Callahan v. Pac. Cycle, Inc.*, 756 F. App'x 216, 224 (4th Cir. 2018). Specifically, Rule 611(a) provides that the "court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). Courts often use this power to accommodate child witnesses. *See, e.g.*, *United States v. Counts*, No. 18 Cr. 141, 2020 WL 598526, at *4 (D.N.D. Feb. 7, 2020) (allowing child witness to testify while holding small foam stress relief balls as comfort objects).

Plaintiff B.P.J., a minor twelve-year-old girl who is transgender, should not be subjected to harassment or undue embarrassment at trial. "Misgendering" means referring to a person using terminology that does not reflect their gender identity. Misgendering a minor child like B.P.J. can be especially distressing. (Dkt. No. 99 (Pl's Opp. to Mot. to Intervene) at 18.) Accordingly, any references to B.P.J. while she is in the courtroom should not include her deadname or male pronouns. The parties agreed to similar limitations for B.P.J.'s deposition without prejudicing the interests of Defendants in any way. (*See* Pelet del Toro Decl., Exs. A-B.)

Various courts have recognized that misgendering an individual who is transgender, such as by using a deadname or an incorrect pronoun, is both harmful and unnecessary. *See, e.g.*, *Stanley v. City of N.Y.*, 141 N.Y.S.3d 662, 672 n.5 (N.Y. Sup. Ct. 2020) ("Courts addressing the issue [of deadnaming] have almost uniformly found the practice hostile, objectively offensive, and degrading.") (citing Chan Tov McNamarah*, Misgendering as Misconduct*, 68 UCLA L. Rev. Disc. 40, 43 n.6 (2020) (citing *G.G. ex rel. Grimm v. Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 716 (4th

Cir. 2016) (explaining that misgendering "display[s] hostility"))); *Hampton v. Baldwin*, No. 18 Civ. 550, 2018 WL 5830730, at *2 (S.D. Ill. Nov. 7, 2018) (quoting medical testimony that "misgendering transgender people can be degrading, humiliating, invalidating, and mentally devastating").

Granting the requested relief is also consistent with this Court's prior order granting permissive intervention, in which the Court noted that it "will not order any party to use specific language in this case" and that parties "may use the language they find necessary to support their respective positions." (Dkt. No. 130 (Intervention Order) at 6.) In that order, the Court also noted that parties "should always be mindful to show the respect due other parties." (*Id.*) Here, B.P.J. does not request that Defendants be ordered to affirmatively use female pronouns or that Defendants limit the language in their filings. B.P.J. asks that, as a courtesy and to avoid needless harm, Defendants refrain from referring to B.P.J. by her deadname or using male pronouns while she is present in the courtroom.

## CONCLUSION

Accordingly, Plaintiff respectfully moves this Court to preclude Defendants and their counsel and witnesses at trial from referring to Plaintiff B.P.J. by her deadname or using male pronouns while B.P.J. is present in the courtroom.

Dated: June 22, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Respectfully Submitted,
*/s/ Loree Stark*

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

*Attorneys for Plaintiff*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 22nd day of June 2022, I electronically filed a true and exact copy of the ***Plaintiff's Motion* in Limine** *to Exclude References to Plaintiff by Her Name Given at Birth ("Deadname") or Using Male Pronouns (He/Him) and Supporting Memorandum of Law* with the Clerk of Court and all parties using the CM/ECF System.

                                                  */s/ Loree Stark*
                                                  Loree Stark
                                                  West Virginia Bar No. 12936