# Exhibit B

| | |
|---|---|
| From: | David C. Tryon <David.C.Tryon@wvago.gov> |
| Sent: | Monday, January 3, 2022 6:08 PM |
| To: | Kang, Katelyn L; Curtis R. A. Capehart; Morgan, Kelly; Hammond, Kristen; Taylor, Michael; aria.vaughan@usdoj.gov; Doug P. Buffington, II; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy; Roberta Green; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia; Susan Deniker |
| Cc: | Reinhardt, Elizabeth F; Veroff, Julie M.; Tara Borelli; Carl Charles; Barr, Andrew D; Joshua Block; Hartnett, Kathleen; Avatara Smith-Carrington; Loree Stark; Sruti Swaminathan; Taylor Brown; Helstrom, Zoë |
| Subject: | RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316 |

**[External]**

To Plaintiff's Counsel regarding deposition protocols:

We are in your receipt of your letters addressing deposition protocols for the upcoming depositions. We appreciate the concerns and thoughts you have raised and have the following responses.

<u>Deposition order, location, and virtual attendance</u>: As you know, the Notice of Deposition sets forth a specific order for depositions. We anticipate that the depositions may well last three days, and we had intended and been preparing for the specified order. However, if you agree that B.P.J. will not attend the depositions of Wesley Pepper or Heather Jackson and (since neither of them is a party) that neither of them will attend each other's depositions, your proposed order is acceptable. Accordingly, we agree to begin Wesley Pepper's deposition on Wednesday January 19, at 10 am, followed by the deposition of Heather Jackson either later that day or beginning January 20 at 10am. Thereafter, either on January 20 or January 21, we will depose B.P.J.

As set forth in the Notice of Deposition, the Bridgeport location is acceptable.

We agree with prior communications regarding the mixed virtual and in-person approach. There are several reasons for maintaining in-person depositions, including the potential for technology issues and the inherent limitations that attend any communicative effort that is remote only. Also, given the current level of understanding of COVID and exposure risk control, there are reasonable efforts that the parties can take to minimize the potential for transmission while conducting depositions here. (For example, the confirmed availability of a sizeable space for depositions coupled with very light in-person attendance is a major factor in proceeding safely.) More on this is anticipated during the January 4, 2022, call.

1

We agree with your approach on expert witness location and asking questions remotely.

COVID protocol:
- We agree that each party will limit in-person attendance to 1-2 counsel.
- While we appreciate and share your concerns regarding COVID and that precautions are appropriate, we do not agree that daily COVID testing is necessary or practical.  That is not required for any situation in West Virginia  and is not normal protocol or required by any court rule or order. Moreover, it is unclear if immediate rapid testing kits will even be available in the relevant parts of West Virginia in January given the increasing shortage of these tests.  However, we believe that taking temperatures of any in-person attendee is appropriate and if someone is experiencing COVID symptoms, then it would be prudent for that person to get a test (if possible) or attend remotely.
- Masks:  West Virginia presently does not have a mask mandate in effect.  Nevertheless, we can agree to wearing masks, but masks acceptable per CDC guidance are appropriate.  (In fact, the CDC's guidance on which masks to use recommends against N-95 masks.  See https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/about-face-coverings.html.)  Separately, as we all know, verbal communication is only part of communication; nonverbal indicators (e.g. facial expressions) do much to round out that communication.  In addition, because hearing issues can affect some participating in or viewing a deposition, it is important to be able to see people's lips when they speak.  Finally, as you know, court reporters also generally seek to see the persons face while they are talking to enable more accurate transcription of the testimony.  Therefore, we respectfully request that those speaking in depositions do so without masks.  (Given the size of the deposition space, any amount of reasonable distancing should be easily accommodated.)

Order of questioning:  Questioning by multiple counsel should be conducted based on the normal protocol in multiple party litigation, which is a fairly typical situation.  We cannot agree in advance who will ask what or exactly who is entitled to ask what questions. The standard objection of "asked and answered" and other objections are available, and it seems unlikely that any party will seek to unnecessarily extend any of these depositions.

Scope of B.P.J.'s questions.  First and foremost, Defendants are sensitive to the fact that B.P.J. is only 11 years old and must be treated with respect and sensitivity, regardless of the subject of the lawsuit or the subject of the deposition.  Defendants also recognize the sensitivity of the subjects that may come up during the course of B.P.J.'s deposition.  Of course we will act professionally and respectfully, and expect all other counsel to do so as well.

At the same time, Defendants must fulfill their duties to represent their clients' interests properly.  In this case, Plaintiff's Amended Complaint presents an as-applied challenge to the statute and includes many allegations about B.P.J. that are relevant to the as-applied challenge.  Further, B.P.J. appears to have engaged in significant public discussion,  and generally been in the public eye.   The parties should be able to agree that any public statements

by B.P.J. or B.P.J.'s family members would be appropriate fare for questions. While Defendants may not see a need to ask questions about these public statements, an objection to such questions based on concerns relating to trauma would be surprising given B.P.J.'s openness and candor evident to this point. Furthermore, it is impossible to commit to not ask any questions related to the very specific case which Plaintiff has brought and the allegations made to date. Similarly, we are not able to commit to any specific questioning in advance. Nevertheless, we are sensitive to your concerns and will keep them in mind during the questioning. However, it is safe to say that during B.P.J.'s deposition:

- It is unlikely that there will be any need to use pronouns referring to B.P.J.
- It is unlikely that there will be a need to speak B.P.J's birth certificate name or to present documents with that name on them.
- It is unlikely that there will be a need to refer to B.P.J.'s genitalia.
- It is unlikely that there would be any need to ask B.P.J. about sexual abuse.
- It is unclear what questions might be asked which might be construed as "undermining" parents or family members, so this does not seem to be a problem.
- As to the medical records, B.P.J.'s medical records contain many relevant items which may raise questions that need answers, so we cannot agree that such questions are strictly off limits. But, as always, you will be free to object to any references during the deposition if there is a legitimate objection.
- Since B.P.J. is a biological male under the challenged statute and the challenged statute addressed the question of which team B.P.J. may be on, the request that there be no reference to this key issue is odd. While Defendants' counsel would not expect to present this in a harmful way, it goes to the crux of the Plaintiff's challenge.

<u>Federal Rules of Civil Procedure</u>: This is not particular to this matter and this is a topic that impacts all parties. When engaged in working out deposition logistics, we have begun a practice of noting the content of a rule that is too often given short shrift: FRCP 30(c)(2). While this of course applies to these depositions, it is worth noting: "Objections. An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." All parties are well-served to refresh our collective familiarity with this as we move into depositions here.

We look forward to further discussions, in particular on the COVID protocol issue at the anticipated call on Tuesday.

Thank you.
Dave Tryon

David C. Tryon*
SPECIAL ASSISTANT TO THE ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL
State Capitol Complex
112 California Avenue
Bldg. 6, Room 430
Charleston, WV 25305-0220
Main: (304) 558-2021
Direct: (681) 313-4570
Cell: (440) 503-7877



*Admitted in Ohio. Practicing under the supervision of West Virginia attorneys.

---

**From:** Kang, Katelyn L <kkang@cooley.com>
**Sent:** Wednesday, December 29, 2021 5:13 PM
**To:** David C. Tryon <David.C.Tryon@wvago.gov>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Susan Deniker <Susan.Deniker@steptoe-johnson.com>
**Cc:** Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>; Helstrom, Zoë W. <zhelstrom@cooley.com>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

Counsel:

I hope that everyone is having a good holiday. We write to follow up to our letter sent on December 20, 2021.

Given the recent, material increase in risk associated with COVID-19 and its variants, we write to ask whether counsel for Defendants and for Defendant-Intervenor would be amenable to holding all depositions in this case virtually, including the upcoming depositions for B.P.J. and her parents. This link provides an example of our contemplated format. https://www.veritext.com/services/veritext-virtual/. This format allows all exhibits to be displayed electronically (including for the witness to review as they see fit), and we also would be amenable to requiring exhibits to be sent in hard copy to the defending counsel to arrive the day before the deposition in a sealed envelope (or otherwise make provision for hard copies to be available to the witness). Further, we would agree that counsel for the witness may be in the same room as the witness (but everyone else, including court reporter and videographer, would appear virtually). This format would also allow the witnesses to provide testimony without the need to wear masks.

We look forward to your response, which we would appreciate by Tuesday 1/4, and of course are happy to confer by phone if useful.  We plan to raise this issue with the Court if we are not able to reach an agreement, given the current severity of the pandemic and the strong preference of our client.

Best,
Katelyn

---

**From:** Kang, Katelyn L <kkang@cooley.com>
**Sent:** Monday, December 20, 2021 5:42 PM
**To:** David C. Tryon <David.C.Tryon@wvago.gov>
**Cc:** Susan Deniker <Susan.Deniker@steptoe-johnson.com>; Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

Thank you, David.

Counsel, please see the attached.

Best,
Katelyn

---

**From:** David C. Tryon <David.C.Tryon@wvago.gov>
**Sent:** Monday, December 20, 2021 2:09 PM
**To:** Kang, Katelyn L <kkang@cooley.com>
**Cc:** Susan Deniker <Susan.Deniker@steptoe-johnson.com>; Reinhardt, Elizabeth F <ereinhardt@cooley.com>; Curtis R. A. Capehart <Curtis.R.A.Capehart@wvago.gov>; Morgan, Kelly <kmorgan@baileywyant.com>; Hammond, Kristen <khammond@baileywyant.com>; Taylor, Michael <mtaylor@baileywyant.com>; aria.vaughan@usdoj.gov; Doug P. Buffington, II <Doug.P.Buffington@wvago.gov>; fred.westfall@usdoj.gov; jennifer.mankins@usdoj.gov; bsteelelawoffice@gmail.com; Tducar@azlawyers.com; Kimberly M. Bandy <kbandy@shumanlaw.com>; Roberta Green <rgreen@shumanlaw.com>; jscruggs@alliancedefendingfreedom.org; cholcomb@adflegal.org; Fox, Laticia <tfox@baileywyant.com>; Veroff, Julie M. <jveroff@cooley.com>; Tara Borelli <Tborelli@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Barr, Andrew D <abarr@cooley.com>; Joshua Block <jblock@aclu.org>; Hartnett, Kathleen <khartnett@cooley.com>; Avatara Smith-Carrington <asmithcarrington@lambdalegal.org>; Loree Stark <LStark@acluwv.org>; Sruti Swaminathan <SSwaminathan@lambdalegal.org>; Taylor Brown <TBrown@aclu.org>
**Subject:** RE: B.P.J. v. West Virginia State Board of Education, et al.; Civil Action No.: 2:21-CV-00316

**[External]**

Counsel:
Attached is a notice of deposition for the three depositions we discussed having the week of January 17.  We are noticing them starting Wednesday the 19th because the 17th is MLK day and we thought it might be more convenient to start on Wednesday and we expect that three days should be more than adequate.  We also determined that given the

travel time from Charleston and wherever Plaintiff's counsel are staying and given that it is winter and the possible travel delays we should start at 10 am.  We have noticed the depositions in the order of Heather Jackson, B.P.J. and then Wesley Pepper and tried to estimate the times necessary to complete those depositions.  However, the times may change depending on how long the depositions last.  Accordingly, the depositions may continue into Friday.  We want to be flexible to recognize both counsel's time issues and the deponents time.  Please advise if anyone thinks that these time issues are unrealistic.

Finally, would Plaintiff's counsel confirm that we do not need to subpoena either Ms. Jackson or Mr. Pepper?
Thank you for your cooperation on this matter.
Respectfully,
Dave Tryon

David C. Tryon*
SPECIAL ASSISTANT TO THE ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL
State Capitol Complex
112 California Avenue
Bldg. 6, Room 430
Charleston, WV 25305-0220
Main:  (304) 558-2021
Direct: (681) 313-4570
Cell: (440) 503-7877



*Admitted in Ohio. Practicing under the supervision of West Virginia attorneys.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distr bution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.