# Exhibit A

Case 2:21-cv-00316   Document 417-1   Filed 06/22/22   Page 2 of 7 PageID #: 29199

(3) H Jackson
(3) W. Pepper

IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

RE: CHANGE OF NAME OF
███████████ P███-J███

Civil Action No. 22-P-104-1
Judge Christopher J. McCarthy

Heather D. Jackson and
Wesley Scott Pepper, as parents

Petitioners.

## ORDER GRANTING PETITION FOR CHANGE OF NAME

Pending before the Court is a Petition for Change of Name, filed by Heather Jackson and Wesley Pepper, as parents, legal guardians, and next of friends on behalf of their daughter, originally named ███████████ P███-J███, a minor child. The Petitioner seeks the name change in order for her name to conform with her gender identity.

On May 2, 2022, the Petitioners filed the Petition for name change that is pending. The hearing was scheduled for June 1, 2022. On June 1, 2022, this Court held a hearing on the Petition following proper publication of notice as a Class-I legal advertisement. Present at said hearing were Petitioners Heather D. Jackson, Wesley Scott Pepper, and the Minor Child.

The Court now concludes that the Petition will be **GRANTED**.

## FINDINGS OF FACT

1. On May 2, 2022, Heather D. Jackson and Wesley Scott Pepper filed in Harrison County, West Virginia a Petition for Change of Name seeking to change their daughter's name from ███████████ P███-J███ to B███████████ P███-J███.

Page 1 of 5

2. ███████████ P███-J███ has been a bona fide resident of Harrison County for all relevant periods of time.

3. Notice of the hearing on said Petition was published as a Class-I legal advertisement on May 18, 2022, in the Clarksburg Exponent Telegram, a newspaper of general circulation for Harrison County, West Virginia, at least 10 days prior to the June 1, 2022 hearing.

4. The name change is not being sought for any of the illegal purposes articulated in West Virginia Code § 48-25-101(a), and the Petitioners are not barred from seeking a name change based on the provisions of § 48-25-101(a) or § 48-25-103, as represented by the Petitioners in their properly verified Petition.[1]

5. No injury will be done to any person by reason of the name change.

6. Reasonable and proper cause exists for the name change.

---

[1] West Virginia Code § 48-25-101(a) states:

(a) A person desiring a change of his or her own name, or that of his or her child, may apply to the circuit court or family court of the county in which he or she resides by a verified petition setting forth and affirming the following:
   (1) That he or she has been a bona fide resident of the county for at least one year prior to the filing of the petition or that he or she is a nonresident of the county who was born in the county, was married in the county and was previously a resident of the county for a period of at least fifteen years;
   (2) The cause for which the change of name is sought;
   (3) The new name desired;
   (4) The name change is not for purposes of avoiding debt or creditors;
   (5) The petitioner seeking the name change is not a registered sex offender pursuant to any state or federal law;
   (6) The name change sought is not for purposes of avoiding any state or federal law regarding identity;
   (7) The name change sought is not for any improper or illegal purpose;
   (8) The petitioner is not a convicted felon in any jurisdiction;
   (9) The name change sought is not for any purpose of evading detection, identification or arrest by any local, state or federal law-enforcement agency; and
   (10) Whether or not the petitioner desires to protect his or her identity for personal safety reasons.

7. The name change is not sought for any fraudulent or evil intent on the part of the Petitioners.

8. Petitioners testified at the hearing that their daughter wished to change her name to reflect her gender identity. The minor child also testified to this fact.

## CONCLUSIONS OF LAW

Pursuant to West Virginia Code § 48-25-103(a), a court may grant a name change after making certain findings regarding the facts and circumstances of a Petition:

> Upon the filing of the verified petition, and upon proof of the publication of the notice and of the matters set forth in the petition, and being satisfied that no injury will be done to any person by reason of the change, and upon a finding that all representations the applicant has affirmed pursuant to subsection (a), section one hundred one of this article are true and the applicant is not prohibited from obtaining a name change pursuant to this article, that reasonable and proper cause exists for changing the name of petitioner and that the change is not desired because of any fraudulent or evil intent on the part of the petitioner, the court or judge may order a change of name.

W. Va. Code § 48-25-103(a).

The Court is not permitted to grant a name change if certain other circumstances are present:

> (b) The court may not grant any change of name for any person convicted of any felony during the time that the person is incarcerated.
>
> (c) The court may not grant any change of name for any person required to register with the State Police pursuant to the provisions of article twelve, chapter fifteen of this code during the period that the person is required to register.
>
> (d) The court may not grant a change of name for persons convicted of first degree murder in violation of section one, article two, chapter sixty-

one of this code for a period of ten years after the person is discharged from imprisonment or is discharged from parole, whichever occurs later.

(e) The court may not grant a change of name of any person convicted of violating any provision of section fourteen-a, article two, chapter sixty-one of this code for a period of ten years after the person is discharged from imprisonment or is discharged from parole, whichever occurs later.

W. Va. Code § 48-25-103(b)–(e).

Further, when a name change involves a minor child, proof that the change is in the best interest of the child is necessary over and above what is required by the name change statute. W. Va. Code § 48-25-101 et seq.; Syl. Pt. 3, *In re Name Change of Jenna A.J.*, 231 W. Va. 159, 744 S.E. 2d 269 (2013) (internal citations omitted). Any name change involving a minor child may be made only upon clear, cogent, and convincing evidence that the change would significantly advance the best interests of the child. *Id.* at 231 W. Va. at 163, 744 S.E.2d at 273 (2013).

The Court finds that it is the best interest of the minor child to change her name for several reasons. First, children who are allowed to have names conforming to their gender identity feel more accepted by the community as a whole. Second, changing the minor child's name to her gender identity ensures a safe and happy mental state by the child in conforming with her gender identity. Finally, this name change is supported by the parents. Both of whom know the mind of their child.

The Court is satisfied that all the requirements of the above-quoted statutes have been met, and that the Petitioner is not barred from having the Petition granted by the same.

## ORDER

Therefore, based on its above-stated findings, the Court concludes that the instant Petition will be **GRANTED.**

It is hereby **ORDERED** that the name of ▇▇▇▇▇▇▇▇▇▇▇▇ P▇▇▇-J▇▇▇ shall be changed to B▇▇▇▇▇▇▇▇▇▇ F▇▇-J▇▇▇ by which name she shall hereafter be called.

It is **FURTHER ORDERED** that Petitioner shall immediately deliver a certified copy of this Order to the Office of the Clerk of the County Commission of Harrison County, West Virginia, the current county of his residence, and upon payment of any fees the clerk shall immediately record the same in a book to be kept for the purpose of name changes, and index the same under both the old and the new names. After this Order is filed in the Office of the Clerk of the County Commission, the new name of B▇▇▇▇▇▇▇▇▇ P▇▇▇-J▇▇▇ is to be used in place of the Petitioner's former name.

It is **FURTHER ORDERED** that the Clerk of this Court shall send three (3) certified copies of this Order to the Petitioners, Heather D. Jackson and Wesley Scott Pepper, 12537 Buckhannon Pike, Lost Creek, WV 26385. This is a **FINAL ORDER**. The Clerk of this Court is **ORDERED** to remove this case from the Court's docket.

ENTER: 6/2/2022

The Hon. Christopher J. McCarthy, Chief Judge

STATE OF WEST VIRGINIA

COUNTY OF HARRISON, TO-WIT

I, Albert F. Marano, Clerk of the Fifteenth Judicial Circuit and the 18th Family Court Circuit of Harrison County, West Virginia, hereby certify the foregoing to be a true copy of the ORDER entered in the above styled action on the 2nd day of June, 2022.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the Seal of the Court this 2nd day of June, 2022.

*Albert F. Marano*

Fifteenth Judicial Circuit & 18th Family Court Circuit Clerk

Harrison County, West Virginia