IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING PLAINTIFF'S IRRELEVANT MEDICAL RECORDS AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 611, Plaintiff B.P.J., a minor, by and through her next friend and mother, Heather Jackson, respectfully moves to preclude Defendants from offering any evidence, argument, or opinion in connection with B.P.J.'s medical records unrelated to B.P.J.'s gender dysphoria diagnosis and/or treatment thereof ("Irrelevant

1

Medical Records").[1] In addition to excluding the Irrelevant Medical Records, Plaintiff also moves to exclude any medical records related to B.P.J.'s gender dysphoria or gender dysphoria treatment, unless those records are used (if necessary) for the discrete purpose of documenting the historical fact that B.P.J. has been diagnosed with gender dysphoria and is currently receiving puberty-delaying treatment. The evidence sought to be excluded is not relevant to any claims or defenses in this action and therefore is inadmissible under Rules 401 and 402. In addition, admission of such evidence would create a risk of confusing or misleading an advisory jury, would pose a danger of unfair prejudice to B.P.J., and would waste the time and resources of the Court.

## ARGUMENT

The purpose of a motion *in limine* is "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "Such motions are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *United States v. Liberto*, 565 F. Supp. 3d 739, 742 (D. Md. 2021) (cleaned up). "District courts are granted broad discretion to decide whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice, misleading the jury, or confusion of the issues." *In re C.R. Bard, Inc., MDL. No. 2187, Pelvic Repair Sys. Prod. Liab. Litig.*, 810 F.3d 913, 920 (4th Cir. 2016) (cleaned up); *see also United States v. Benkahla*, 530 F.3d 300, 309 (4th Cir. 2008) (noting that "judgments of evidentiary relevance and prejudice are fundamentally a matter of trial management," as such district courts are afforded broad discretion in determining admissibility).

---

[1] "Irrelevant Medical Records" include records unrelated to B.P.J.'s gender dysphoria diagnosis and treatment, such as B.P.J.'s dental records, counseling records, pediatrician's visits, well-child visits, and vaccination record.

This is a case about West Virginia's unlawful discrimination against B.P.J. by excluding her from playing on girls' school sports teams because she is a transgender girl. There is no dispute that B.P.J. is a girl who is transgender. (Dkt. No. 290 (Pl.'s Statement of Undisputed Material Facts "Pl.'s SUF") ¶¶ 1, 3-11.) The undisputed facts confirm that for years B.P.J. has lived as a girl and been recognized as a girl at school, where administrators in B.P.J.'s elementary school and middle school have both acknowledged and respected B.P.J.'s female gender identity. (*See, e.g.*, County Stip. ¶ 1.) The State of West Virginia has also approved B.P.J.'s name change, meaning that she is officially recognized by her chosen name. (Borelli Decl. Ex. A.) Additionally, there is no dispute that B.P.J. has been and continues to receive puberty-delaying medication and, as a result, has not gone through endogenous puberty. (Dkt. No. 290 (Pl.'s SUF) ¶¶ 13-17.)

Thus, no issue of fact or law in this case will turn on, or even touch on, any of B.P.J.'s Irrelevant Medical Records. Similarly, other than to substantiate (to the extent necessary for standing) that she is a transgender girl with gender dysphoria who is receiving puberty-delaying medication, B.P.J.'s medical records related to her gender dysphoria or gender dysphoria treatment are irrelevant to this case. Because admission of B.P.J.'s medical records (other than to substantiate standing as necessary) has no probative value and only risks distracting, confusing, and misleading the jury, these records should be excluded.

### A. The Irrelevant Medical Records Should Be Excluded Under Rules 401, 402, and 403.

The Irrelevant Medical Records have no bearing on whether H.B. 3293 violates the Equal Protection Clause and Title IX by categorically barring B.P.J. from participating on her school's girls' cross-country and track teams. There is no question for the Court to determine regarding B.P.J.'s general medical history, records, and treatment, and as such, the Irrelevant Medical Records must be excluded. *See* Fed. R. Evid. 402. The exclusion of the Irrelevant Medical Records

and information is all the more appropriate given that B.P.J. has specifically disclaimed any claim for damages based on emotional distress.[2]

Moreover, under Rule 403, the Court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusi[on] [of] the issues, misleading the jury, undue delay, waste of time, or needless[ ] present[ation] [of] cumulative evidence." Fed. R. Evid. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.*, Advisory Committee Note. Even if the Irrelevant Medical Records were somehow relevant, admitting B.P.J.'s medical records is unnecessary and would be embarrassing or otherwise prejudicial, including because they contain highly personal, at times painful, and irrelevant information regarding her medical history and care. For all these reasons, evidence relating to B.P.J.'s Irrelevant Medical Records should be excluded.

> **B. Medical Records Related To B.P.J.'s Gender Dysphoria And/Or Gender Dysphoria Treatment Should Be Excluded Under Rules 401, 402, And 403 Unless Required To Establish The Fact Of B.P.J.'s Gender Dysphoria Diagnosis And Treatment.**

As this Court has already recognized, "what is or should be the default treatment for transgender youth is not the question before the court" here. (Dkt. No. 67 (PI Op.) at 3 n.4.) Thus, medical records pertaining to B.P.J.'s gender dysphoria diagnosis and treatment are relevant at most to demonstrate B.P.J.'s standing to bring her Equal Protection and Title IX claims. The fact of her gender dysphoria diagnosis and treatment are not, however, disputed. (Dkt. No. 290 (Pl.'s SUF) ¶¶ 12-16.) As such, these records should be excluded as irrelevant, unless they are

---

[2] B.P.J. is not seeking damages. Because B.P.J. is not seeking damages, especially the type that might put her mental condition at issue, or that would require expert or other testimony, the exclusion of her medical records becomes even more clear-cut.

necessary for the limited purpose of documenting that B.P.J. has been diagnosed with gender dysphoria and is currently receiving puberty-delaying treatment. *See also Grimm v. Gloucester Cnty. Sch. Bd.*, 400 F. Supp. 3d 444, 454 (E.D. Va. 2019), *aff'd,* 972 F.3d 586 (4th Cir. 2020) ("Mr. Grimm has established that he is using these records only to demonstrate the fact that Mr. Grimm was diagnosed with gender dysphoria and received treatment pursuant to that diagnosis . . . The Court is not asked to determine whether that diagnosis was medically sound. Nor is the Court asked to determine whether it was medically necessary for Mr. Grimm to use the restrooms consistent with his gender identity.").

Introducing these medical records for purposes other than to establish the historical fact of B.P.J.'s gender dysphoria and gender dysphoria treatment—in addition to being irrelevant—would be unduly prejudicial under Rule 403. This is not a case about the propriety of Plaintiff's medical treatment. Yet, the introduction of such evidence could impermissibly lead any advisory jury to consider such issues, rather than the actual issues in dispute.

### C. The Medical Records Should Be Excluded To Prevent Undue Harassment.

The Court should also exclude the Irrelevant Medical Records and records unrelated to the historical fact of B.P.J.'s gender dysphoria diagnosis and treatment under the Court's authority to control the mode and order of examining witnesses prescribed in Rule 611. Fed. R. Evid. 611. Because B.P.J.'s medical records contain highly private issues, diagnoses, and concerns that are or could be embarrassing and are wholly irrelevant, admitting the records will subject B.P.J. to undue harassment and embarrassment. *See* Fed. R. Evid. 611(a)(3). The Court should control the mode and order of the trial and exclude any testimony, evidence, mention, or discussion of the medical records under Rule 611.

## CONCLUSION

For all the reasons above, Plaintiff respectfully requests that the Court preclude Defendants from offering any evidence, argument, or opinion concerning the Irrelevant Medical Records, or concerning medical records relating to B.P.J.'s gender dysphoria diagnosis or treatment other than for the discrete purpose of documenting the historical fact that B.P.J. has been diagnosed with gender dysphoria and is currently receiving puberty-delaying treatment.

Dated: June 22, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
/s/ Loree Stark

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin <br><br> **CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 22nd day of June, 2022, I electronically filed a true and exact copy of the ***Plaintiff's Motion in Limine** to Exclude Evidence and/or Argument Regarding Plaintiff's Irrelevant Medical Records and Supporting Memorandum of Law* with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936

8