IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

                *Plaintiff*,

v.                                                               Civil Action No. 2:21-cv-00316
                                                            Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,

                *Defendants,*

and

LAINEY ARMISTEAD,

                *Defendant-Intervenor*.

**DEFENDANTS HARRISON COUNTY BOARD OF EDUCATION
AND DORA STUTLER'S RESPONSE OPPOSING PLAINTIFF'S
MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND/OR EVIDENCE
REGARDING CONTACT AND COLLISION SPORTS**

Defendants Harrison County Board of Education and Dora Stutler (collectively, the "County Board"), by counsel, hereby oppose Plaintiff's Motion *in Limine* to exclude testimony and/or evidence regarding contact and collision sports.

In her Motion *in Limine* (CM/ECF 407), Plaintiff moves for the exclusion of any testimony and evidence regarding safety risks associated with contact and collision sports. Specifically, Plaintiff moves to exclude the testimony of Dr. Chad Carlson, an expert named in this civil action whose testimony addressed such safety risks. Plaintiff argues that such evidence is irrelevant and unfairly prejudicial under Rules 401, 402, and 403 of the Federal Rules of Evidence. Plaintiff's motion should be denied because the testimony and evidence at issue are highly relevant to the resolution of this civil action and because such evidence is not unfairly prejudicial.

Plaintiff argues in her motion that she has brought an as-applied challenge to H.B. 3293 on the basis that it prohibits "her from participating on the girls' cross-country and track-and-field teams at her middle school," and those sports are not contact or collision sports. (CM/ECF 407, at 2.) Therefore, she argues, evidence about safety risks associated with contact and collision sports is irrelevant, and introducing such evidence would create unfair prejudice, mislead the jury, and waste time.

However, Plaintiff's motion ignores two crucial facts that make the contested evidence and testimony highly relevant: (1) Plaintiff has also brought a facial challenge to H.B. 3293, not just an as-applied challenge; and (2) B.P.J.'s own circumstances will change over time in a way that cannot be predicted with accuracy at this time, and her as-applied challenge applies to her participation in school sports generally, not just her participation on track and cross-country teams.

A. **Plaintiff Brought a Facial Challenge to H.B. 3293, and Her As-Applied Challenge Applies to More than just Her Participation on Middle School Girls' Track and Cross-Country Teams**

Plaintiff's Amended Complaint clearly contains both as-applied and facial challenges to H.B. 3293. For example, in Count I, her Title IX claim, she alleges that "H.B. 3293 discriminates against B.P.J. *and other girls who are transgender* by singling them out for different treatment from cisgender girls" and that it "also discriminates against B.P.J. *and other girls* as compared to boys." (Am. Compl., CM/ECF 64, at 21 ¶¶ 97-98 (emphasis added).)

In Count II, Plaintiff's constitutional Equal Protection claim, she alleges that "H.B. 3293 discriminates against *girls who are transgender* by singling them out for different treatment from cisgender girls and—as a result—prevents them from accessing the benefits of participation in school athletics on an equal basis as other students based both on sex and transgender status." (Am. Compl., CM/ECF 64, at 22 ¶ 104 (emphasis added).) She continues in Count II to allege the following:

- "[e]xcluding *girls who are transgender* form [sic] participating on girls' sports teams based solely on their 'reproductive anatomy and genetics at birth' is not substantially related to any important state interest";

- H.B. 3293 was passed "for the impermissible purpose of excluding *all girls who are transgender* from school athletics";

- "H.B. 3293's sweeping exclusion of *girls who are transgender* from participation in school athletics is so disconnected from H.B. 3293's purported justifications that it is impossible to credit them";

- "H.B. 3293 is based on unfounded stereotypes, false scientific claims, and baseless fear and misunderstanding of *girls who are transgender*, which are insufficient to justify discriminatory treatment under any level of scrutiny"; and

- "H.B. 3293 also discriminates against B.P.J. *and other girls* as compared to boys" and thus it "prevents *girls* from accessing the benefits of participation in school athletics on an equal basis vis-à-vis boys *in violation of their rights* under the Equal Protection Clause."

(Am. Compl., CM/ECF 64, at 21, ¶¶ 105-08 (emphasis added).)

In Paragraphs A and B of the Prayer for Relief in Plaintiff's First Amended Complaint, she asks the Court to declare "that the provisions of and enforcement by Defendants of H.B. 3293 as discussed above violate Plaintiff's rights under Title IX" and "under the Equal Protection Clause of the Fourteenth Amendment." (Am. Compl., CM/ECF 64, at 24 ¶¶ A-B.) In Paragraph C of the Prayer for Relief, Plaintiff asks that the Court enter an order and judgment that, among other things, "[p]reliminarily and *permanently* enjoin[s] Defendants, . . . *from enforcing H.B. 3293* or any other law, custom, or policy that precludes Plaintiff's participation *on girls' school sports teams in West Virginia*." (Am. Compl., CM/ECF 64, at 24 ¶ C (emphasis added).) Thus, Plaintiff has brought a facial challenge to H.B. 3293 in addition to her as-applied challenge. Her as-applied challenge applies to B.P.J.'s participation on West Virginia public school sports teams generally; nothing in the First Amended Complaint limits her claim to B.P.J.'s participation on middle school girls' track and cross-country teams.

As a result of Plaintiff's allegations, the Court wrote in its Memorandum Opinion & Order granting Plaintiff's motion for a preliminary injunction, *"[w]hether the law is facially unconstitutional is an issue raised in the Complaint and will be resolved at a later stage of litigation."* (CM/ECF 67, at 4 (emphasis added).)

Following the entry of the Court's Memorandum Opinion & Order (CM/ECF 67), Plaintiff did not seek to amend her complaint again, and she did not withdraw her facial challenge to H.B. 3293 pursuant to Rule 41(a) of the West Virginia Rules of Civil Procedure. Plaintiff states

in her Motion *in Limine* that she "brings an as-applied challenge to H.B. 3293, arguing that the statute violates her rights . . . by prohibiting her from participating on the girls' cross-country and track-and-field teams at her middle school." (CM/ECF 407, at 2.) But Plaintiff may not withdraw her facial challenge by disavowing it, or amend her as-applied challenge merely by purporting to limit it, in her briefing on pretrial motions. Rather, at this juncture, withdrawal of her claim that H.B. 3293 is facially unconstitutional and unlawful requires either a stipulation signed by all parties or a Court order, neither of which has occurred. W. Va. R. Civ. P. 41(a).

Thus, as the Court wrote in its Memorandum Opinion & Order, her facial challenge "will be resolved" in this litigation. (CM/ECF 67, at 4.) It follows that evidence and testimony relevant to her facial challenge – as well as to her as-applied challenge regarding B.P.J.'s participation on West Virginia public school girls' sports teams – are relevant.[1]

**B.    B.P.J.'s Circumstances Will Change**

In this civil action, Plaintiff asks the Court to permanently enjoin "H.B. 3293 or any other law, custom, or policy that precludes ***Plaintiff's participation on girls' school sports teams in West Virginia***[.]" (Am. Compl., CM/ECF 64, at 24 ¶ C (emphasis added).) This means that Plaintiff is asking the Court to enjoin H.B. 3293 for the entire time B.P.J. remains in a West Virginia public secondary school or a West Virginia public institution of higher education – and in perpetuity. *See* W. Va. Code § 18-2-25(c)(1) (H.B. 3293 applies to public secondary schools and state institutions of higher education). Currently, B.P.J. is a pre-pubertal sixth-grader attending middle school and receiving "puberty-delaying treatment." (Am. Compl., CM/ECF 64, at 1, 2, 8

---

[1] If the Court decides not to decide Plaintiff's facial challenge of H.B. 3293, the County Board will assess whether it may bring a declaratory judgment action on that issue because its resolution is vital to the County Board's future actions with regard to its enforcement or lack of enforcement of H.B. 3293. The County Board has not, before now, considered bringing such an action because Plaintiff's Complaint clearly contains a facial challenge of H.B. 3293, as the Court acknowledged in its Memorandum Opinion & Order (CM/ECF 67).

14973236                                          5

¶¶ 1, 6, 33.) Currently, she wants to participate on the girls' cross-country and track teams. (Am. Compl., CM/ECF 64, at 9 ¶¶ 34.)

B.P.J. will grow older, however, meaning that her current circumstances will necessarily change. She will likely eventually go through some type of puberty. She may decide to stop or alter her puberty-delaying treatment plan, or her circumstances may force her to do so. Her circulating testosterone level may rise. In addition to or instead of cross country and track, she may decide to play a contact or collision sport at some point while she is still a student in a West Virginia secondary school or higher education institution. Not only is there no guarantee that her situation will remain the same in the future, it is certain that her circumstances will change, and it is impossible to predict all of the ways that they will change.

Therefore, because Plaintiff is seeking a permanent injunction related to her participation on all girls' sports team in West Virginia, and because there is no guarantee that Plaintiff will never play a contact or collision sport in the future, safety concerns are clearly relevant to Plaintiff's as-applied challenge.

C. **Evidence About Safety Risks Associated with Contact and Collision Sports Is Relevant and Should Be Admitted at Trial**

Relevant evidence is generally admissible. W. Va. R. Evid. 402. "Evidence is relevant if" "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." W. Va. R. Evid. 401. Rule 403 of the W. Va. Rules of Evidence contains a balancing test, providing that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." W. Va. R. Evid. 403. Here, evidence about

the safety risks associated with contact and collision sports should be admitted because it is highly relevant to the issues that must be decided in this civil action.

In fact, such evidence is crucial to the determination of whether H.B. 3293 is facially constitutional and lawful, as well as to the determination of B.P.J.'s as-applied challenge to H.B. 3293, given that her circumstances will change in the future. The County Board and several of the other defendants have consistently defended H.B. 3293 on the basis that one of its primary purposes is to protect the safety of cisgender female athletes. This safety concern is relevant to Plaintiff's facial and as-applied challenges to H.B. 3293. Her facial challenge implicates all sports designated for females offered at all West Virginia public secondary schools and institutions of higher education, including contact and collision sports. Her as-applied challenge implicates B.P.J.'s participation on girls' public school sports teams, whichever sport she may choose to pursue, which could in the future include contact and collision sports. It is impossible to predict what sports B.P.J. may wish to pursue even next school year, much less when she goes to high school and college, or whether B.P.J. will continue with the medical treatment plan she currently envisions.

No danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence outweighs the relevance of evidence about the safety risks associated with contact and collision sports. The evidence at issue is integral to the determination of Plaintiff's facial and as-applied challenges to H.B. 3293. It will not unfairly prejudice Plaintiff, confuse the issues, mislead the jury, waste time, or cause undue delay to require Plaintiff to meet her burden of proving that one of the primary purposes of H.B. 3293 is insufficient to permit it to withstand legal scrutiny.

## **Conclusion**

For all of the foregoing reasons, Plaintiff's Motion *in Limine* to Exclude Testimony and/or Evidence Regarding Contact and Collision Sports (CM/ECF 407) should be denied because the testimony and evidence at issue are relevant (indeed, are crucial) to the determination of the issues to be decided in this civil action.

Respectfully submitted this 29th day of June, 2022.

STEPTOE & JOHNSON PLLC
  OF COUNSEL

*/s/ Susan L. Deniker*
Susan L. Deniker         (WV ID #7992)
Jeffrey M. Cropp         (WV ID #8030)
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000

*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

*Plaintiff*,

v.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA,

*Defendants,*

and

LAINEY ARMISTEAD,

*Defendant-Intervenor*.

## CERTIFICATE OF SERVICE

I hereby certify that on 29th day of June, 2022, I electronically filed the foregoing "Defendants Harrison County Board of Education and Dora Stutler's Response Opposing Plaintiff's Motion *in Limine* to Exclude Testimony and/or Evidence Regarding Contact and Collision Sports" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

| | |
|---|---|
| **Joshua A. Block, Esquire**<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>125 Broad Street 18th Floor<br>New York, NY 10004<br>*Counsel for Plaintiff* | **Kathleen R. Hartnett, Esquire**<br>**Julie Veroff, Esquire**<br>**Zoë Helstrom, Esquire**<br>COOLEY LLP<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111<br>*Counsel for Plaintiff* |
| **Loree Stark, Esquire**<br>**Nicholas P. Ward, Esquire**<br>AMERICAN CIVIL LIBERTIES UNION<br>OF WEST VIRGINIA<br>1614 Kanawha Boulevard East<br>Charleston, WV  25311<br>*Counsel for Plaintiff* | **Katelyn Kang, Esquire**<br>**Valeria M. Pelet del Toro, Esquire**<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001<br>*Counsel for Plaintiff* |
| **Avatara A. Smith-Carrington, Esquire**<br>LAMBDA LEGAL<br>3500 Oak Lawn Avenue Suite 500<br>Dallas, TX 75219<br>*Counsel for Plaintiff* | **Elizabeth Reinhardt, Esquire**<br>COOLEY LLP<br>500 Boylston Street, 14th Floor<br>Boston, MA 02116-3736<br>*Counsel for Plaintiff* |
| **Carl Solomon Charles, Esquire**<br>**Tara L. Borelli, Esquire**<br>LAMBDA LEGAL<br>158 West Ponce De Leon Avenue, Suite 105<br>Decatur, GA 30030<br>*Counsel for Plaintiff* | **Andrew D. Barr, Esquire**<br>COOLEY LLP<br>1144 15th Street Suite 2300<br>Denver, CO 80202<br>*Counsel for Plaintiff* |
| **Sruti J. Swaminathan, Esquire**<br>LAMBDA LEGAL<br>120 Wall Street 19th Floor<br>New York, NY 10005<br>*Counsel for Plaintiff* | **Roberta F. Green, Esquire**<br>**Kimberly M. Bandy, Esquire**<br>**Shannon M. Rogers, Esquire**<br>SHUMAN McCUSKEY & SLICER<br>PO Box 3953<br>Charleston, WV 25339-3953<br>*Counsel for Defendant WV Secondary School Activities Commission* |

| | |
|---|---|
| **Kelly C. Morgan, Esquire**<br>**Kristen Vickers Hammond, Esquire**<br>**Michael W. Taylor, Esquire**<br>BAILEY & WYANT<br>PO Box 3710<br>Charleston, WV 25337-3710<br>*Counsel for Defendants WV State Board of Education and W. Clayton Burch* | **Douglas P. Buffington, II, Esquire**<br>**Curtis R. Capehart, Esquire**<br>**David C. Tryon, Esquire**<br>WV ATTORNEY GENERAL'S OFFICE<br>State Capitol Complex<br>Building 1, Room 26E<br>1900 Kanawha Boulevard East<br>Charleston, WV 25305-0220<br>*Counsel for Defendant The State of West Virginia* |
| **Brandon Steele, Esquire**<br>**Joshua D. Brown, Esquire**<br>THE LAW OFFICES OF BRANDON S. STEELE<br>3049 Robert C. Byrd Drive, Suite 100<br>Beckley, WV 25801<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Jonathan Scruggs, Esquire**<br>**Roger G. Brooks, Esquire**<br>**Henry W. Frampton, IV, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>*Counsel for Defendant-Intervenor Lainey Armistead* |
| **Christina Holcomb, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Rachel Csutoros, Esquire**<br>**Tyson Langhofer, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>44180 Riverside Parkway<br>Lansdowne, VA 20176<br>*Counsel for Defendant-Intervenor Lainey Armistead* |
| **Travis Barham, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>1000 Hurricane Shoals Rd NE<br>STE D-1100<br>Lawrenceville GA 30043<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Timothy D. Ducar, Esquire**<br>Law Offices of Timothy D. Ducar, PLC<br>7430 E. Butherus Drive, Suite E<br>Scottsdale, AZ 85260<br>*Counsel for Defendant-Intervenor Lainey Armistead* |
| STEPTOE & JOHNSON PLLC<br>   OF COUNSEL | ***/s/ Susan L. Deniker***<br>Susan L. Deniker    (WV ID #7992)<br>Jeffrey M. Cropp    (WV ID #8030)<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330-4500<br>(304) 933-8000<br><br>*Counsel for Defendants Harrison County Board of Education and Dora Stutler* |

14973236         11