IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER
JACKSON,

                          *Plaintiff*,

v.                                              Civil Action No. 2:21-cv-00316
                                                 Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, and
THE STATE OF WEST VIRGINIA,

                          *Defendants*,

and

LAINEY ARMISTEAD,

                          *Defendant-Intervenor*.

**DEFENDANT STATE OF WEST VIRGINIA'S ARGUMENT IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND <u>TESTIMONY OF BERNARD DOLAN</u>**

      Now comes Defendant, State of West Virginia (the "State"), and hereby responds to the Plaintiff's, Motion *In Limine* ("Pl. MIL," ECF No. 406) to exclude specific testimony from Mr. Bernard Dolan.

1

## INTRODUCTION

On February 11, 2022, Plaintiff deposed Bernard Dolan in his capacity as Defendant West Virginia Secondary School Activities Commission's ("WVSSAC") 30(b)(6) designee. Dolan Dep., ECF No. 289-18.  Plaintiff's counsel asked Mr. Dolan, "Have any transgender students ever asked the Commission if they could participate in sports at a secondary school level?"  Dolan Dep. 120:16-18.  Plaintiff presumably believed this inquiry was relevant and would elicit relevant testimony, and it did.  Mr. Dolan testified:

> I had one boy who wanted to be a—play volleyball, and we told him he couldn't play volleyball because it was a girls' sport.  And he said, "Then I'll be a boy—I'll be a girl."  And—but he wasn't—he never did anything else with it.  And we assumed he just wanted to play volleyball because it never came back up.  I did have contact with a school who said they had one student who one day identified as a girl, next day a boy, and back and forth.  But we have not heard anything more from that student.

Dolan Dep. at 120:20-121:6.

Even though Plaintiff elicited this testimony, Plaintiff seeks to bar this testimony, claiming that it is not relevant and that it is hearsay.  Pl. MIL at 2-4, ECF No. 406; Fed. R. Evid. 801, 802.  Because, as further discussed below, Mr. Dolan's testimony is relevant, probative and admissible, this Court should deny Plaintiff's Motion to exclude his testimony from trial.

## DISCUSSION

### A. Mr. Dolan's testimony is relevant and probative.

Evidence that is relevant and probative is admissible if not otherwise prohibited.  Fed. R. Evid. 401.  Relevant evidence is anything that "has a tendency to make a fact [at issue] more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  *Id.* Probative evidence that is admissible provides value to the factfinder without being "substantially outweighed" by the danger of "unfair prejudice, confusing the issues, misleading

the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiff claims that H.B. 3293 is improper because it does not address an existing problem, specifically the State needs "to show that an actual problem exists" to justify the enactment of H.B. 3293. Pl. MDJ at 26. ECF. No. 291. *See also. Id.* at 1.  The State disagrees that this is the standard, but under Plaintiff's theory of the case, evidence that a "problem" exists is relevant and probative. Indeed, Plaintiff specifically asked Mr. Dolan:  "Have any transgender students ever asked the Commission if they could participate in sports at a secondary school level?"  Dolan Dep. 120:16-18. Had that the response been "No," the Plaintiff would likely be the party proffering this testimony.  Instead, Mr. Dolan confirmed that it was an extant issue in West Virginia.  *Id.* at 120:20-121:6.  Plaintiff then followed up seeking details: "Q: When was that?  A: That would have been in the last year.  Q: Do you remember which school it was from?  A: Yes.  Q: Which school was it?  A: South Charleston High School."  *Id.* at 121:9-15.  Thus, at the time H.B. 3293 was enacted, the WVSSAC was experiencing activity on this topic.  This is certainly relevant to defend against Plaintiff's claim that H.B. 3293 does not address an existing issue.[1]

Finally, the value of Mr. Dolan's testimony is not "substantially outweighed" by the danger of unfair prejudice, confusion, or wasted time.  Relevant evidence should be excluded only "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *U.S. v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008) (discussing Fed. R. Evid. 403).[2]

---

[1] The State continues to contend that the Legislature may properly anticipate problems and may look to problems that are arising in other communities and States, irrespective of the immediate presence of problems or issues. *See* State's MSJ at 20-21, ECF No. 287.

[2] The type of cases in which Rule 403 precludes otherwise relevant evidence involve evidence of a nature bound to elicit significant emotional responses, such as  (1)  introducing the drug-induced deaths of customers in a heroin distribution felony trial, *United States v. Cooper,* 591 F.3d 582 (7th Cir. 2010);  and, (2) introducing four prior felony

3

Mr. Dolan's testimony does not come close to exciting emotions to the point of "irrational behavior." The testimony is highly probative as to awareness of the actual potential for biological male athletes seeking to participate on female sports teams. Mr. Dolan's testimony casts no negative judgment on any such individuals, including B.P.J., and its generality protects any students that contacted WVSSAC. Pl. MIL seems to suggest that any mention of such individuals in public schools, other than B.P.J., would be highly prejudicial and distracting to the jury. Pl. MIL at 3-4, ECF No. 406. But such a position bars Defendants from presenting their arguments and also presupposes animus and incompetence on the jury. Rule 403 trusts juries with all but the most prejudicial evidence, *Siegel*, 536 F.3d at 319, and the jury in this case should be entrusted with Mr. Dolan's testimony.

### B. Mr. Dolan's testimony is admissible because he will testify at trial and any outside statements he relays to the Court are not introduced for the truth of the matter asserted.

Hearsay is an out of court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Whether an out of court statement can be introduced as evidence is contingent on its classification (or not) as hearsay. If an out of court statement is hearsay, then it must meet an exception to be admitted. Fed. R. Evid. 802, 803. Out of court statements which are not hearsay—either because they are excluded from the definition, Fed. R. Evid. 801(d), or because they are not offered to prove truth—may be admitted without issue.

> ***i.    Mr. Dolan's overall testimony is not hearsay because he will be a Defendant witness at trial and, if he is unavailable to testify, the statement falls under the prior sworn testimony exception.***

---

convictions to prove defendant's status as a felon, when only one would do. *United States v. Weiland*, 420 F.3d 1062 (9th Cir. 2005).

To qualify as excluded hearsay, a statement must be made out of court and admitted for "the truth of the matter asserted." Fed. R. Evid. 801(c). Any inquiry into whether Mr. Dolan's deposition testimony is hearsay is unnecessary, however, because Defendants anticipate Mr. Dolan will present the same testimony in court as he did in his deposition. Thus, his testimony will be non-hearsay and the deposition will be cumulative. Fed. R. Evid. 401, 403.

Further, Mr. Dolan's status as an anticipated Defendant witness means his deposition will only be needed if (a) Mr. Dolan is unavailable or (b) Mr. Dolan's in-court statements are inconsistent with his deposition. If Mr. Dolan is unavailable to testify, then his deposition testimony is admissible hearsay as prior sworn testimony. Fed. R. Civ. P. 32(a)(4); Fed. R. Evid. 804(b)(1) (allowing deposition testimony so long as it is "offered against a party who had [] an opportunity and similar motive to develop it by direct, cross-, or redirect examination."). Plaintiff examined Mr. Dolan in the deposition on the same issues relevant at trial, so his out of court testimony will be admissible, should he be unavailable. *Id.* Separately, should Mr. Dolan's in court testimony be inconsistent with his deposition testimony, then either party may introduce the deposition to impeach Mr. Dolan. Fed. R. Civ. P. 32(a)(2); Fed. R. Evid. 801(d)(1).

Finally, Mr. Dolan's deposition may otherwise be introduced by the State because Mr. Dolan was a designated witness under Rule 30(b)(6). Fed. R. Civ. P. 32(3) ("An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's…designee under Rule 30(b)(6) []."); *see also* Fed. R. Evid. 801(d)(2) (outlining admissions "offered against" an opposing party). To the extent the State's interest in Mr. Dolan's testimony is adverse to other Defendants in this case, it reserves the right to introduce his deposition statements.

Mr. Dolan's status as a Defendant witness ensures the testimony in Pl. MIL will be made in court and is not hearsay. However, embedded within Mr. Dolan's testimony are two additional out of court statements: (1) a quote of a boy intending to switch genders to play volleyball and (2) a quote of a separate school's employee who described a similar student. Each of these statements must separately overcome the hearsay bar to be included in Mr. Dolan's testimony. Fed. R. Evid. 805. And, as explained below, they do.

  ii.  ***Mr. Dolan's recount of a boy indicating he would switch genders to play volleyball is admissible both because it is not admitted for truth and because it shows intent.***

Mr. Dolan's testimony quotes a teenage boy, interested in playing girls' volleyball, as saying, "[t]hen I'll be a boy—I'll be a girl." This presents a potential double hearsay issue. While Mr. Dolan is testifying in court, the boy he quotes will not be and therefore that statement is made out of court. If the boy's quote is introduced for "the truth of the matter asserted," then it is hearsay.

However, a statement is not hearsay when offered to show notice of a fact rather than to prove that fact itself. *See U.S. v. Cone*, 714 F.3d 197, 219 (4th Cir. 2013) (admitting emails "for the non-hearsay purpose of showing that [the defendants] were on notice as to the counterfeit nature of the goods they sold"). The boy's quote is relevant and probative to show WVSSAC had notice of the potential for biological males looking to compete in girls' sports. Whether the boy actually would "be a boy [or] girl"—the truth asserted by the boy's statement—is not the purpose of introducing the boy's quote. Instead, the quote shows that the issue of biological boys participating in girls' sports was a real, extant issue. Such notice is admissible as non-hearsay. *Id.*

Second, should this Court disagree and find the boy's statement to be hearsay, it should still be admitted as a statement of intent. Statements of future intentions are admissible as state of mind exceptions to hearsay, but only to prove the future conduct of the declarant. *U.S. v. Jenkins*,

579 F.2d 840, 843 (4th Cir. 1978) (discussing *Mut. Life Ins. Co. v. Hillmon*, 145 U.S. 285, 295 (1892)); Fed. R. Evid. 803(3). The boy's statement—delivered upon learning that only girls were eligible to play volleyball—signals his own future intentions to "identify" as a girl in order to participate. Whether the boy ultimately followed through and decided to identify as female is irrelevant. *Hillmon*, 145 U.S. at 295-299 (allowing a statement of intent and letting the factfinder decide that statement's ultimate credibility). The boy's statement demonstrates intent by the declarant to participate in a girl's sport and thus is admissible as a state of mind exception. Accordingly, the boy's statement should be admitted.

> iii. *Mr. Dolan's quoting a school employee about a student's gender identity is also admissible because it further demonstrates awareness of relevant issues in secondary schools.*

Mr. Dolan also stated that a school employee as related "they had one student who one day identified as a girl, next day a boy, and back and forth." This came from a "Jane Doe" at the school and is an out of court statement embedded in Mr. Dolan's overall testimony.

Doe's statement is not hearsay because it is not introduced for the truth asserted. Whether the child in question actually identified as a boy or girl on a particular day or that it varied from day to day—the truth asserted by the unnamed school employee—is of no evidentiary value in this case. The unnamed school employee's statement to Mr. Dolanis relevant evidence, however, to show further notice to the WVSSAC of the real presence of biological male secondary school athletes seeking to participate on female sports teams and related ramifications. *Cone*, 714 F.3d at 219. Because the unnamed school employee's statement is relevant to demonstrate notice, it is not hearsay and is admissible.

## CONCLUSION

The State of West Virginia respectfully asks that this Court deny Plaintiff's Motion *In Limine* to exclude the specific evidence and testimony provided by Mr. Bernard Dolan.

Respectfully submitted.

PATRICK MORRISEY
  *West Virginia Attorney General*

/s/ *Curtis R. A. Capehart*
Douglas P. Buffington II (WV Bar # 8157)
  *Chief Deputy Attorney General*
Curtis R.A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
David C. Tryon (WV Bar #14145)
  *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email:Curtis.R.A.Capehart @wvago.gov

*Counsel for Defendant, STATE OF WEST VIRGINIA*

DATE: June 29, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B. P. J., by her next friend and mother, HEATHER JACKSON,**

    Plaintiff,

v.

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH, in his official Capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

    Defendants.

**and LAINEY ARMISTEAD,**

    Intervenor Defendant.

CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

## CERTIFICATE OF SERVICE

    I hereby certify that, on this 29th day of June, 2022, I electronically filed the foregoing with the Clerk of Court and all parties using the CM/ECF System.

    */s/ Curtis R. A. Capehart*

    Curtis R. A. Capehart

9