IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER
JACKSON,

<em>Plaintiff</em>,

v.                                                     Civil Action No. 2:21-cv-00316
                                                       Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, and
THE STATE OF WEST VIRGINIA,

<em>Defendants</em>,

and

LAINEY ARMISTEAD,

<em>Defendant-Intervenor</em>.

**DEFENDANT STATE OF WEST VIRGINIA'S ARGUMENT IN OPPOSITION TO
PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT
<u>REGARDING PRESS REPORTS</u>**

Now comes Defendant, State of West Virginia (the "State"), and hereby responds to the

Plaintiff's Motion *in Limine* (ECF No. 411) to exclude evidence and argument regarding press

reports.

### INTRODUCTION

Plaintiff claims that the State needs "to show that an actual problem exists" to justify the

enactment of H.B. 3293." Plaintiff's Memorandum In Support Of Plaintiff's Motion for Summary

Judgment at 26 ("Pl. MSJ," ECF No. 291).  Plaintiff asserts there is no such problem, but instead "the law's aim is to discriminate, not to achieve any legitimate goal."  Pl. MSJ at 26-27.  The proffered press reports—in addition to other evidence—show that the issue of biological males who identify as females competing in female sports has been, and remains, part of the national zeitgeist.  Plaintiff filed the Motion *In Limine* to exclude the very press reports that disprove Plaintiff's claim that "no problem exists," on the grounds of relevance, prejudice, and hearsay.

In fact, the press reports offered by the State are relevant, probative, and are not hearsay. Therefore, the Court should deny Plaintiff's Motion *in limine.*

## ARGUMENT

### A.  <u>The Press Reports Submitted By The State Are Relevant And Probative.</u>

Evidence that is relevant and probative is admissible if not otherwise prohibited.  Relevant evidence is anything that "has a tendency to make a fact [at issue] more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed R. Evid. 401.  Probative evidence that is admissible provides value to the factfinder without being "substantially outweighed" by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Plaintiff claims that H.B. 3293 is unlawful because it does not address an existing "problem."  Pl. MSJ at 30, ECF No. 291.  The State disagrees that this is the standard, but, under Plaintiff's theory of the case, evidence that the problem exists is relevant and probative.  The press reports cited in the State's Motion for Summary Judgement (ECF Nos. 285 and 287) are offered as evidence to show the issue of biological males who identify as female competing in female

sports has become a topic of national discussion.  They are relevant to defend against Plaintiff's claim.  *See* Fed. R. Evid. 401 and 402.

Finally, the value of the press reports is not "substantially outweighed" by the danger of unfair prejudice, confusion, or wasted time.  Fed. R. Evid. 403. Background information "is universally offered and admitted as an aid to understanding."  Fed. R. Evid. 401 advisory committee's notes.

The press reports are being offered by the State as background information to show general public knowledge of the issue of biological males who identify as female competing in female sports.  The press reports are probative as to the general awareness of the stated issue and illustrate the issue addressed by H.B. 3293.  They are not prejudicial and are not a waste of time.  The existence of the press reports does not cast any negative light on any individuals, but they do show the awareness of and national attention to the issue.  They certainly say nothing about B.P.J.

The press reports are probative and provide general background information without being prejudicial or a waste of time.  Fed. R. Evid. 403.

**B.** **The Press Reports are admissible because they are not introduced for the truth of the matter asserted within.**

Hearsay is an out of court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).  Whether an out of court statement can be introduced as evidence is contingent on its classification (or not) as hearsay.  If an out of court statement is hearsay, then it must meet an exception to be admitted.  Fed. R. Evid. 802 and 803. Out of court statements which are not hearsay—either because they are excluded from the definition, Fed. R. Evid. 801(d), or because they are not offered to prove truth—may be admitted without issue.

Newspaper articles are sometimes excluded as hearsay but can be admissible if they are not offered to prove the truth of the matter therein. "The hearsay rule does not apply when that substance of the publication is not offered to prove the truth of the matter asserted, as when the material offered for proof of the fact of its existence, and not the truth of the content." 31A C.J.S., Evidence, § 379. Indeed, there is a difference between "the permissible use of the articles to demonstrate general public knowledge and the impermissible use of the articles … to prove the factual matters asserted therein." *U.S. v. ReBrook*, 58 F.3d 961, 968 (4th Cir. 1995). The State has submitted these articles not to prove the truth of what the articles contain, but rather to show that articles and reports on the topic of biological males that identify as female competing in female sports exist. The State's purpose is to show that H.B. 3293 was not passed in order to discriminate against biological males that identify as women, but rather to address an issue that is the subject of national import. The articles the State has submitted illustrate this and the truth or falsity of specific content therein is irrelevant.

Plaintiff makes the overbroad assertion that "[n]ewspaper articles are 'rank hearsay.'" *Nooner v. Norris*, 594 F.3d 592, 603 (8th Cir. 2010) (citing *Miller v. Tony & Susan Alamo Found.,* 924 F.2d 143, 147 (8th Cir.1991)). This assertion's reliance on the cited authority did not discuss *Nooner*'s explanation that the subject newspaper article therein was hearsay because "the newspaper article reporting the statement is offered to prove the truth of the matter asserted." *Id*. Moreover, the other cited case, *Miller*, was referring to specific newspaper articles. The full, unmodified quote from *Miller* is: "The newspaper articles, which were rank hearsay and demonstrably inaccurate, did not constitute a basis for recusal." *Miller*, 924 F.2d. at 147. Contrary to Plaintiff's assertion, *Miller* did not simply conclude—as an all-encompassing truth—that all newspapers are "rank hearsay." Instead, the court explained that the specific newspaper articles

offered in that case for the specific purpose in that case were hearsay.  Plaintiff's use of a modified version of the quote obfuscates the fullness of those decisions' holdings on the critical distinctions wholly relevant here.

Finally, "[w]here the mere fact that the statement was made is independently relevant, regardless of its truth or falsity, such evidence is admissible." *Marr v. Putnam*, 321 P.2d 1061, 1066 (1958) (cleaned up).  The subject press reports here are relevant, regardless of their truth or falsity.  They are not hearsay and so should be admitted.

## **CONCLUSION**

The State of West Virginia respectfully asks that this Court deny Plaintiff's Motion *In Limine* to exclude evidence and argument regarding press reports.

Respectfully submitted.

PATRICK MORRISEY
  *West Virginia Attorney General*

/s/ *Curtis R. A. Capehart*
Douglas P. Buffington II (WV Bar # 8157)
  *Chief Deputy Attorney General*
Curtis R.A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
David C. Tryon (WV Bar #14145)
  *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY
GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email:  Curtis.R.A.Capehart@wvago.gov

*Counsel for Defendant, STATE OF WEST VIRGINIA*

DATE: June 29, 2022

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

B. P. J., by her next friend and mother,

HEATHER JACKSON,

      Plaintiff,

v.

**CIVIL ACTION NO. 2:21-cv-00316**

**Judge Joseph R. Goodwin**

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY
BOARD OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH, in
his official Capacity as State Superintendent,
DORA STUTLER, in her official capacity as
Harrison County Superintendent, and THE
STATE OF WEST VIRGINIA,

      Defendants.

and LAINEY ARMISTEAD,

      Intervenor Defendant.

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that, on this 29th day of June, 2022, I electronically filed the foregoing with the Clerk of Court and all parties using the CM/ECF System.

                    */s/ Curtis R. A. Capehart*
                    Curtis R. A. Capehart