IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

          *Plaintiff*,

v.

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,

          *Defendants*,

and

LAINEY ARMISTEAD,

          *Defendant-Intervenor*.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin, District Judge

**DEFENDANT STATE OF WEST VIRGINIA'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING PLAINTIFF'S MEDICAL RECORDS AND SUPPORTING <u>MEMORANDUM OF LAW</u>**

**INTRODUCTION**

Plaintiff is correct that irrelevant documents, including medical records, should be not be admitted as evidence according to Rule 401 and 402. *See* Plaintiff's Motion *in Limine* to Exclude Evidence and/or Argument Regarding Plaintiff's Irrelevant Medical Records and Supporting

Memorandum of Law at 2 ("MIL 418," ECF No. 418). However, the Plaintiff has not identified any particular documents to be excluded as "irrelevant." This vague motion should be denied.

Further, B.P.J.'s medical records are relevant to rebut Plaintiff's claims that B.P.J. is similarly situated to biological females in "*all* relevant respects" under the Equal Protection Clause and Title IX. *See Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992) (emphasis added). The medical records show that B.P.J. is physically and medically a male and that B.P.J.'s medical providers recognize this and, at least in some relevant respects, treat B.P.J. as a male. Those medical and physical differences can and do translate into athletic advantages, as will be shown by other testifying witnesses.

Lastly, the medical records will not be presented to harass anyone, but rather to address issues Plaintiff has raised.

## ARGUMENT

1. **The Plaintiff's Motion *in Limine* is overbroad and vague, therefore, it should not be accepted.**

Irrelevant evidence should not be admitted. MIL 418 at 2. However, arguing for the exclusion of "irrelevant" medical documents is overbroad and vague. The category of medical records designated "unrelated to B.P.J.'s gender dysphoria diagnosis and/or treatment thereof" (MIL 418 at 1-2) is inadequate, as it does not give the Court or the parties adequate notice of what evidence may or may not be introduced.

Courts "routinely deny a motion in limine that does not specify the evidence or argument to be excluded[.]" *A. Hak Indus. Servs. B.V. TechCorr USA, LLC v. A.Hak Indus. Servs. B.V.*, No. 3:11-cv-74, 2014 WL 12591696, at *1 (N.D. W. Va. Dec. 18, 2014). When there is a general and broad motion *in limine*, "the best course of action is to deny the motion and see and see how the case unfolds…" *Id.* (citing *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 564 Fed.App'x 710,

2

715 (4th Cir. 2014). Indeed, motions *in limine* are "more like a rifle than a shotgun." *Williams v. Harvey*, 858 S.E.2d 479, 491 (Ga. 2021) (citing Charles W. Gamble, *The Motion in Limine: A Pretrial Procedure that has Come of Age*, 33 ALA. L. REV. 1, 10-11 (1981)).

Granting a general motion *in limine* is an abuse of discretion when it excludes admissible evidence. "[A] court is often wise to await the unfolding of evidence before the jury before undertaking definitive rulings on the likely probative value of disputed evidence." *DuPont*, 564 Fed.App'x at 715. *See also Showan v. Pressdee*, No. 1:16-CV-468-ODE, 2017 WL 9400750, at *5 (N.D. Ga. Nov. 3, 2017) ("motion is too vague to warrant a ruling in limine"); *Arthur v. Whitman Cnty.*, No. CV-12-365-LRS, 2014 WL 11515841, at *5 (E.D. Wash. July 3, 2014) (motions *in limine* "denied because they are too broad and vague and did not identify any particular evidence or witnesses that would be subject to exclusion." (cleaned up))

2. **The Purportedly "Irrelevant" Medical Records Showing B.P.J. Is Treated Medically As A Male Are Relevant.**

Even if Plaintiff's vague characterization of "irrelevant" records were better defined, many of such records would still be relevant. Plaintiff claims that B.P.J. is similarly situated to other girls under Title IX and the Equal Protection Clause. Pl. MSJ at 16, ECF No. 291. Discrimination "mean[s] treating that individual worse than others who are similarly situated." *Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1740 (2020). The Equal Protection Clause "simply keeps governmental decisionmakers from treating differently persons who are in *all* relevant respects alike." *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992) (citing *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)) (emphasis added).

Plaintiff's Motion for Summary Judgment claims that B.P.J. has been treated as a girl for years. Pl. MSJ at 16. However, Dr. Montano's deposition transcript shows otherwise. Dr. Montano memorialized in B.P.J.'s medical records the fact that B.P.J. was born as a male.

3

Montano Dep. 98:23-99:11 and Exhibit WV 4, thereto, ECF No. 280-7.  By necessity, doctors will need to continue to treat B.P.J. as a male for various purposes.

Dr. Montano testified that he recorded in the medical records that B.P.J. was born a male because, "From my custom and practice, it's important to know what organs that person has." Montano Dep. at 99:5-11, ECF No. 305-2, at 43-48 of 54, and Exhibit WV 4, thereto, ECF No. 305-2, at 2-42 of 54.  Indeed, biological males have not only different external organs indicating biological sex, but also different internal organs than biological girls.  These trigger different medical treatments.  This includes different hormone treatments for biological males who seek the stereotypical appearances of females vs. biological females seeking the appearance of males.  Also, Dr. Montano recorded B.P.J.'s body mass index ("BMI") as against the charts for males of similar age.  Montano Dep. at 118:10-121:5, and Exhibit WV 4, thereto.[1]

These records show that B.P.J. is not a female or "a girl" for all relevant purposes because B.P.J. is medically treated as a male.  By contrast, biological females are not medically treated as males for any purpose at all.  And while the full impact of these physical differences upon athletic performance is still being studied, the State's experts have shown there are definitely real and relevant differences, even before puberty.

These medical records are relevant because if Plaintiff claims that B.P.J. is protected as a girl, Plaintiff has to prove that B.P.J. is similarly situated to girls.  These medical records showing that there are biological differences between B.P.J. and biological girls and that B.P.J. is

---

[1] Admittedly, Dr. Montano explained that he would have liked to measure B.P.J.'s BMI as compared to both boys and girls but the template form would not allow him to do so.  Montano Dep. at 121.  This further proves this evidence is relevant to the argument that B.P.J. is treated differently than biological girls because biological girls would not be compared to boys or both boys and girls.

4

not similarly situated to those girls in "*all* relevant respects." *Nordlinger,* 505 U.S. 1, 10 (emphasis added). Because of this, the medical records should not be excluded.

### 3. Medical Records Related To Gender Dysphoria And/Or Dysphoria Treatments Are Relevant.

Plaintiff claims that even medical records related to the diagnosis of gender dysphoria and the treatment thereof are not relevant. Plaintiff's own pleadings and witnesses address the diagnosis and treatment of gender dysphoria, thus evidence from B.P.J.'s own doctors regarding these issues presented in response to Plaintiff's pleadings and evidence is relevant, probative, and admissible. Plaintiff has filed a separate Motion *In Limine* To Exclude And/Or Argument Regarding The Proper Medical Treatment For Gender Dysphoria And The Propriety Of Plaintiff's Diagnosis And Treatment And Supporting Memorandum Of Law ("Plaintiff's MIL No. 412," ECF No. 412) making this same argument. The State's response thereto is filed concurrently herewith and that response is incorporated by reference hereat. However, in short, Plaintiff's pleadings and experts have raised the following questions which make the aforesaid medical records relevant:

- What is "gender dysphoria"?
- What does it mean to be "diagnosed" with gender dysphoria?
- What does it mean to be "properly diagnosed" with gender dysphoria (i.e. the "propriety of plaintiff's diagnosis")?
- Is social transition a medical treatment? Is it "the" only "proper" treatment?
- Is social transition actually a medically prescribed treatment or, as Plaintiff has pled, B.P.J.'s "want"?
- Should a doctor use cultural stereotypes in "diagnosing" gender dysphoria?

The Defendants are entitled to present evidence to answer these questions. Therefore, this aspect of Plaintiff's MIL 418 should be denied.

### 4. The Medical Records Are Not Presented To Harass Any Party.

Plaintiff has the burden to show how the State would or could use this evidence to harass the Plaintiff. Plaintiff has made a bare accusation of harassment, but has not shown that they have been or will be used for that purpose.

Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[I]t is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must *substantially* outweigh the evidence's probative value." *U.S. v. Cerno*, 529 F.3d 926, 935 (10th Cir. 2008) (emphasis in original).

The medical records are presented to show that B.P.J. is not similarly situated in all relevant respects to biological girls, and the medical records are an example of the differences between B.P.J. and other girls. This distinction of whether B.P.J. is similarly situated is important to respond to Plaintiff's Equal Protection and Title IX claims. The records are relevant to show that B.P.J. is not similarly situated to biological girls in "all relevant respects." *See Nordlinger*, 505 U.S. at 10.

The medical records will be used to answer questions that were brought into question by the Plaintiff's pleadings and experts. These issues not only have a high probative value, but any hypothetical and unspecified danger of unfair prejudice does not "substantially" outweigh the probative value.

## **CONCLUSION**

The State of West Virginia respectfully asks that this Court deny Plaintiff's Motion in Limine.

    Respectfully submitted.

    PATRICK MORRISEY
      *West Virginia Attorney General*

    /s/ *Curtis R. A. Capehart*
    Douglas P. Buffington II (WV Bar # 8157)
      *Chief Deputy Attorney General*
    Curtis R.A. Capehart (WV Bar # 9876)
      *Deputy Attorney General*
    David C. Tryon (WV Bar #14145)
      *Deputy Solicitor General*
    OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
    State Capitol Complex
    1900 Kanawha Blvd. E, Building 1, Room E-26
    Charleston, WV 25305-0220
    Telephone: (304) 558-2021
    Facsimile: (304) 558-0140
    Email:  Curtis.R.A.Capehart@wvago.gov

    *Counsel for Defendant, STATE OF WEST VIRGINIA*

    DATE: June 29, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B. P. J., by her next friend and mother,**

**HEATHER JACKSON,**

    Plaintiff,

v.                                         CIVIL ACTION NO. 2:21-cv-00316

                                                 Judge Joseph R. Goodwin

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH, in his official Capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

    Defendants.

**and LAINEY ARMISTEAD,**

    Intervenor Defendant.

## CERTIFICATE OF SERVICE

    I hereby certify that, on this 29th of June, 2022, I electronically filed the foregoing with the Clerk of Court and all parties using the CM/ECF System.

                                                   */s/ Curtis R. A. Capehart*

                                                   Curtis R. A. Capehart