IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br> v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br> and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**DEFENDANT-INTERVENOR AND STATE OF WEST VIRGINIA'S RESPONSE TO WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION'S MOTION IN LIMINE TO EXCLUDE TEXT AND E-MAIL COMMUNICATIONS AND MOTION IN LIMINE TO EXCLUDE REGIONAL PRINCIPALS' MEETING POWERPOINT AND RECORDED PRESENTATION**

The West Virginia Secondary School Activities Commission (Commission) asks this Court to exclude certain e-mails and text messages, as well as a powerpoint presentation and recording of a regional principals' meeting. WVSSAC's Mot. in Lim. to Exclude Text and E-mail Commc'ns (WVSSAC's E-mail MIL) (Doc. 392); WVSSAC's Mot. in Limine to Exclude Reg. Principals' Meeting Powerpoint and Rec. Presentation (WVSSAC's Powerpoint MIL) (Doc. 384).

While the State of West Virginia and Defendant-Intervenor Lainey Armistead have no objection to the bulk of these motions, some of the materials the Commission seeks to exclude are relevant and admissible as set forth below.

**ARGUMENT**

The Commission seeks to exclude three portions of its document production that are relevant and admissible: (1) a pre-Sports Act e-mail from another state's athletic commission to the Commission's executive director inquiring about West Virginia's policy on athletes who identify as a gender different than their respective biological sex, (2) a pre-Sports Act e-mail from a West Virginia high-school athletic trainer to the Commission's executive director making a similar inquiry, and (3) those portions of a powerpoint and audio recording from a meeting for school officials that directly address the participation in school sports by students who identify as a gender different from their respective biological sex. Each of these materials is relevant to showing the State's legitimate interests in passing the Sports Act and should not be excluded.

***Swartos E-mail and Response***. In 2019, the executive director of the Commission, Bernie Dolan, received an e-mail from his counterpart in South Dakota, Dr. Daniel Swartos, inquiring whether West Virginia had any policies on students participating on opposite-sex sports teams. Swartos E-mail (Doc. 392-3). According to the Swartos e-mail, there was a debate in South Dakota about that state's athletic policies, and Dr. Swartos was inquiring how other states were handling the issue. *Id.* Mr. Dolan responded that the Commission had a "board policy that is not in [its] by laws" and that "there can be an appeal on safety and competitive balance." *Id.*

The State and Armistead may introduce this correspondence to show that the West Virginia legislature passed the Sports Act against the backdrop of increasing nationwide concern about how states should handle requests to participate on opposite-sex sports teams. Along with other evidence, the Swartos correspondence helps demonstrate that this was an important issue in the secondary school athletics community and thus ripe for a legislative solution. Mr. Dolan's response further

clarifies the "stopgap" nature of the Commission's pre-Sports Act transgender policy and the need for legislative action.

This use of the Swartos correspondence does not involve hearsay, as it does not depend on the truth of Dr. Swatos's statements. Regardless of the specifics of the athletics policy debate in South Dakota (or whether Dr. Swartos accurately described it), the mere fact that the e-mail was sent demonstrates that participation on opposite-sex teams was an issue. Thus, the statements in Dr. Swartos's e-mail "have relevance simply because they were made." *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 566 (D. Md. 2007). And they show the effect on the listener, Mr. Dolan. *United States v. Safari*, 849 F.2d 891, 894 (4th Cir. 1988) (a statement is not hearsay if offered to "show [the listener's] knowledge").

Further, this use of the Swartos correspondence is plainly relevant to showing that the West Virginia Legislature was responding to a real issue in secondary school athletics. A legislature may justify a law under heightened scrutiny by looking beyond empirical evidence of harm occurring in the state and to "studies and anecdotes pertaining to different locales altogether." *Fla. Bar v. Went For It, Inc.*, 515 U.S. 618, 628 (1995); *see also Edenfield v. Fane*, 507 U.S. 761, 771 (1993) (applying intermediate scrutiny in context of commercial speech and suggesting that a law could be justified by anecdotal evidence from the state or another state); *United States v. Carter*, 669 F.3d 411, 418 (4th Cir. 2012) (legislature can satisfy intermediate scrutiny by reference to a "wide range of sources," including "common sense"). Evidence that other states were dealing with and inquiring about the issue of opposite-sex participation fits easily within this rubric. And there is nothing unfairly prejudicial about this use, particularly given that Mr. Dolan is expected to testify at trial and can explain the correspondence as he sees fit. The Swartos correspondence, therefore, should not be excluded.

***Greathouse E-mail***. In 2020, Aubrey Greathouse, an athletic trainer at a West Virginia high school, sent an e-mail to Mr. Dolan inquiring about written policies and procedures concerning high school athletics participation by students who identify as a sex other than their respective biological sex. Greathouse E-mail (Doc. 392-4). Like the Swartos correspondence, the State and Armistead may use this e-mail, together with other evidence, to show that the Commission received inquiries about opposite-sex sports participation before the passage of the Sports Act. E-mails like this help demonstrate that the West Virginia Legislature passed the Sports Act to respond to a legitimate need for clarity on this issue.

As with the Swartos e-mail, the hearsay rule does not apply to the Greathouse e-mail because its relevance does not depend on its truth; rather, the e-mail has relevance simply because it was sent and to show its effect on the listener. *Lorraine*, 241 F.R.D. at 566; *Safari*, 849 F.2d at 894. And the e-mail is relevant because it shows the legitimacy of Sports Act as an effort to provide equal athletic opportunities and bring clarity to an area with unclear rules. The e-mail also is not unfairly prejudicial, particularly given that Mr. Dolan can explain the context of the e-mail when he testifies at trial. Thus, the Greathouse e-mail should not be excluded.

***Powerpoint and Audio***. Shortly after the passage of the Sports Act, Mr. Dolan and his staff presented on a wide variety of athletic topics at a meeting for school officials. At that meeting, Dr. Cindy Daniel, identified as Assistant Executive Director of the Commission, presented one slide on opposite-sex participation in school sports. During the discussion, Dr. Daniel expressly noted that the Commission was getting questions on that topic "more and more." She went on to discuss the Commission's position on determining a student's sex for purposes of sports participation, and Mr. Dolan flagged that "we all think it's a safety issue."

The State and Armistead may introduce these limited portions of the powerpoint and meeting audio to show that around the time of the Sports Act's

passage, the Commission was increasingly receiving inquiries about participation on the sports team designated for the opposite sex, and to show that Commission staff believed there were safety concerns with allowing participation on an opposite-sex team. These statements will not be offered for their underlying truth, but merely to show the backdrop against which the West Virginia Legislature passed the Sports Act. As with the Swartos and Greathouse correspondence, these statements "have relevance simply because they were made." *Lorraine*, 241 F.R.D. at 566. And there is nothing unfairly prejudicial about introducing them, particularly since Mr. Dolan was at the meeting in question and can testify about it as he sees fit. Accordingly, the portions of the powerpoint and audio that discuss opposite-sex participation in school sports should not be excluded.[1]

### Conclusion

For the foregoing reasons, the Commission's motions in limine to exclude certain texts and e-mails, and to exclude the powerpoint and audio from a meeting for school officials, should be denied in part as set forth above.

---

[1] The Commission appears to lodge an objection about authenticating the powerpoint and recording, but this is puzzling given that Mr. Dolan led the meeting in question, is the primary speaker on the audio, and leads the organization that produced the powerpoint and recording in discovery. The State and Armistead have little doubt Mr. Dolan can properly authenticate the powerpoint and recording at trial.

Respectfully submitted this 29th day of June, 2022.

PATRICK MORRISEY
 *West Virginia Attorney General*

/s/ Brandon S. Steele
Brandon Steele, WV Bar No. 12423
Joshua D. Brown, WV Bar No. 12652
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com
joshua_brown05@hotmail.com

Jonathan Scruggs, AZ Bar No.
030505*
Roger G. Brooks, NC Bar No. 16317*
Henry W. Frampton, IV, SC Bar No.
75314*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@adflegal.org
rbrooks@adflegal.org
hframpton@adflegal.org

Christiana Holcomb, DC Bar No.
176922*
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
cholcomb@adflegal.org

/s/ Curtis R. A. Capehart
Douglas P. Buffington II, WV Bar # 8157
 *Chief Deputy Attorney General*
Curtis R.A. Capehart, WV Bar # 9876
 *Deputy Attorney General*
David C. Tryon, WV Bar #14145
 *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY
GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room
E-26
Charleston, WV 25305-0220
(304) 558-2021
(304) 558-0140
Curtis.R.A.Capehart@wvago.gov
David.C.Tryon@wvago.gov

*Counsel for Defendant, STATE OF WEST
VIRGINIA*

(signatures continued on next page)

Tyson C. Langhofer, VA Bar No.
95204*
Rachel A. Csutoros, MA Bar No.
706225*
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-2119
(571) 707-4790 Fax
tlanghofer@adflegal.org
rcsutoros@adflegal.org

Travis C. Barham, GA Bar No.
753251*
Alliance Defending Freedom
1000 Hurricane Shoals Road NE, Ste
D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-0774 Fax
tbarham@adflegal.org

Timothy D. Ducar, AZ Bar No.
015307*
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ 85260
(480) 502-2119
(480) 452-0900 Fax
tducar@azlawyers.com


*Visiting Attorneys
Attorneys for Defendant-Intervenor

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Brandon Steele, hereby certify that on June 29, 2022, I electronically filed a true and exact copy of ***Defendant-Intervenor and State of West Virginia's Response to West Virginia Secondary School Activities Commission's Motion in Limine to Exclude Text and E-mail Communications and Motion in Limine to Exclude Regional Principals' Meeting Powerpoint and recorded Presentation*** with the Clerk of Court and all parties using the CM/ECF system.

*/s/ Brandon S. Steele*
Brandon Steele, WV Bar No. 12423
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax

bsteelelawoffice@gmail.com
*Attorney for Defendant-Intervenor*