IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**DEFENDANT-INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND/OR TESTIMONY OF BERNARD DOLAN REGARDING CERTAIN HEARSAY STATEMENTS AND SUPPORTING MEMORANDUM OF LAW**

B.P.J. asks this Court to exclude certain statements about males seeking to participate in women's sports as hearsay and irrelevant. Pl.'s Mot. in Lim. to Exclude Evid. and/or Test. of Bernard Dolan Regarding Certain Hearsay Statements and Supporting Mem. (Pl.'s Dolan MIL) (Doc. 406). But these statements are not hearsay because they are not offered for the truth of the matter asserted. They are also germane to refute B.P.J.'s argument that legislators had no legitimate reason to enact West Virginia's Sports Act (W. Va. Code § 18-2-25d). For these reasons, Defendant-Intervenor Lainey Armistead asks this Court to deny B.P.J.'s motion.

#### ARGUMENT

B.P.J. seeks to exclude testimony by Bernie Dolan (the Executive Director of the West Virginia Secondary Schools Activities Commission[1]) that two males sought to participate on women's sports teams as hearsay and irrelevant. Specifically, Dolan recounted one incident of a boy who said he wanted to play on the girls' volleyball team. App. to Def.-Intervenor's Mot. for Summ. J. (App.) 1097 (120:20–121:7). Dolan also testified that a school had reported a student whose gender identity changed from one day to the next. *Id.* (121:3–6).

But "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." Fed. R. Evid. 801(c) advisory committee's note. That's the case here because these statements show what the Commission knew and why it acted. These are "statements that have relevance simply because they were made." *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 566 (D. Md. 2007). And they show the effect on the listener too. *United States v. Safari*, 849 F.2d 891, 894 (4th Cir. 1988) (a statement is not hearsay if offered to "show [the listener's] knowledge").

So the second statement (about a student whose gender identity changed) is not "hearsay within hearsay" either. Pl.'s Dolan MIL 3. Whether Dolan learned about the student firsthand, or heard about the student through an intermediary, the significance is that a school *told* the Commission that a gender-fluid student wanted to participate in sports. Whether the student-declarants' statements and self-identity were reliable does not matter. *Contra* Pl.'s Dolan MIL 2–3.

B.P.J. asserts that Dolan's statements are irrelevant "to whether H.B. 3293 bars B.P.J. from being able to play on girls' sports teams." Pl.'s Dolan MIL 4. But this misrepresents both the standard for relevance and the merits questions in this case.

---

[1] The West Virginia Secondary School Activities Commission (Commission) exercises "control, supervision and regulation of interscholastic athletic events" for its member schools. W. Va. Code § 18-2-25.

The threshold for relevancy is "relatively low," *United States v. Zayyad*, 741 F.3d 452, 459 (4th Cir. 2014), and Dolan's statements clear that threshold easily.

As explained in Defendant-Intervenor Lainey Armistead's summary-judgment briefing, this Court should begin the equal-protection analysis by examining the "statutory classification itself." Def-Intervenor's Mem. in Supp. of Mot. for Summ. J. 7 (Doc. 288) (quoting *Califano v. Boles*, 443 U.S. 282, 293–94 (1979)). Then the Court applies intermediate scrutiny, considering whether the State's classification is substantially related to an important governmental interest. And to be clear, "this question cannot be answered by limiting the inquiry to whether the governmental interest is directly advanced as applied to a single person or entity." *United States v. Edge Broad. Co.*, 509 U.S. 418, 427 (1993).

Here, Dolan's statements tend to make it more probable that West Virginia acted to advance an important governmental interest. They show that West Virginians were attempting to participate in school sports based on gender identity rather than biological sex, and that a policy response was needed. After all, West Virginia doesn't need to wait for men to displace women in sports before acting. It can anticipate a problem based on both the requests made by students in West Virginia and examples across the country. *See* Def.-Intervenor's Resp. to Pl.'s Mot. for Summ. J. 21 (Doc. 302). A legislature may justify a law under heightened scrutiny by looking beyond empirical evidence of harm occurring in the state and to "studies and anecdotes pertaining to different locales altogether." *Fla. Bar v. Went For It, Inc.*, 515 U.S. 618, 628 (1995); *see also Edenfield v. Fane*, 507 U.S. 761, 771 (1993) (applying intermediate scrutiny in context of commercial speech and suggesting that a law could be justified by anecdotal evidence from the state or another state); *United States v. Carter*, 669 F.3d 411, 418 (4th Cir. 2012) (legislature can satisfy intermediate scrutiny by reference to a "wide range of sources," including "common sense").

B.P.J. further asserts that even if Dolan's statements are relevant, they are too prejudicial. Pl.'s Dolan MIL 4. Of course, probative evidence is often prejudicial, but Rule 403 concerns itself with "unfair prejudice." *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998). And that "unfair prejudice must 'substantially' outweigh the probative value of the evidence." *Id.* B.P.J fails to support this Rule 403 objection. And "[i]t is not the court's responsibility to comb through the record to determine the basis for the objecting party's cursory objections or to make arguments on its behalf." *Courtland Co., Inc. v. Union Carbide Corp.*, Civ. A. No. 2:18-CV-01230, 2021 WL 2110876, at *3 (S.D.W. Va. May 25, 2021) (alterations omitted) (quoting *Hoffman v. Bailey*, 257 F. Supp. 3d 801, 824 (E.D. La. 2017)).

Further, there is nothing unfairly prejudicial about the Commission's executive director testifying about instances in which students tried to participate in sports inconsistent with their biological sex. To be sure, this evidence is not helpful to B.P.J. because it demonstrates the need for legislative action. But "the mere fact that the evidence will damage [B.P.J.'s] case is not enough—the evidence must be *unfairly* prejudicial, and the unfair prejudice must *substantially* outweigh the probative value of the evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006). Allowing the person most knowledgeable about school sports in West Virginia to testify about participation requests that have come to his attention is not the least bit unfair.

The motion should be denied.

Respectfully submitted this 29th day of June, 2022.

Tyson C. Langhofer, VA Bar No. 95204*
Rachel A. Csutoros, MA Bar No. 706225*
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-2119
(571) 707-4790 Fax
tlanghofer@adflegal.org
rcsutoros@adflegal.org

Travis C. Barham, GA Bar No. 753251*
Alliance Defending Freedom
1000 Hurricane Shoals Road NE, Ste D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-0774 Fax
tbarham@adflegal.org

Timothy D. Ducar, AZ Bar No. 015307*
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ 85260
(480) 502-2119
(480) 452-0900 Fax
tducar@azlawyers.com

*/s/ Brandon S. Steele*
Brandon Steele, WV Bar No. 12423
Joshua D. Brown, WV Bar No. 12652
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com
joshua_brown05@hotmail.com

Jonathan Scruggs, AZ Bar No. 030505*
Roger G. Brooks, NC Bar No. 16317*
Henry W. Frampton, IV, SC Bar No. 75314*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@adflegal.org
rbrooks@adflegal.org
hframpton@adflegal.org

Christiana Holcomb, DC Bar No. 176922*
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
cholcomb@adflegal.org

*Visiting Attorneys*
*Attorneys for Defendant-Intervenor*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Brandon Steele, hereby certify that on June 29, 2022, I electronically filed a true and exact copy of ***Defendant-Intervenor's Response to Plaintiff's Motion in Limine to Exclude Evidence and/or Testimony of Bernard Dolan Regarding Certain Hearsay Statements and Supporting Memorandum of Law*** with the Clerk of Court and all parties using the CM/ECF system.

*/s/ Brandon S. Steele*
Brandon Steele, WV Bar No. 12423
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com

*Attorney for Defendant-Intervenor*

6