**I**N THE **U**NITED **S**TATES **D**ISTRICT **C**OURT
**F**OR THE **S**OUTHERN **D**ISTRICT OF **W**EST **V**IRGINIA
**C**HARLESTON **D**IVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**D**EFENDANT-**I**NTERVENOR AND **S**TATE OF **W**EST **V**IRGINIA'S **R**ESPONSE TO **P**LAINTIFF'S **M**OTION **I**N **L**IMINE TO **E**XCLUDE **T**ESTIMONY AND/OR **E**VIDENCE **R**EGARDING **C**ONTACT AND **C**OLLISION **S**PORTS

B.P.J. moves this Court to exclude evidence about safety in sports as irrelevant. Pl.'s Mot. In Lim. to Exclude Test. and/or Evid. Regarding Contact and Collision Sports and Supporting Mem. of Law (Pl.'s Safety MIL) 1 (Doc. 407). But evidence about safety is relevant to show that West Virginia's Sports Act (W. Va. Code § 18-2-25d) promotes a legitimate purpose. For that reason, Defendant-Intervenor Lainey Armistead and Defendant, State of West Virginia (collectively "Defendants"), ask this Court to deny B.P.J.'s motion.

**A**RGUMENT

B.P.J. seeks to exclude evidence on safety in sports as irrelevant because B.P.J. brings an "as-applied challenge" that (according to B.P.J.) has nothing to do with

1

contact or collision sports. Pl.'s Safety MIL 2. Since B.P.J. only seeks to participate (at this time) in cross-country and track, B.P.J. thinks safety is not an issue that this Court should consider. That is incorrect.

B.P.J.'s perspective appears to stem from an incorrect understanding of the law. As Armistead has explained in her summary-judgment briefing, equal-protection claims based on "arbitrary classifications" center on the "basic validity of the legislative classification." Def.-Intervenor's Mem. in Supp of Mot. for Summ. J. (Armistead's SJ Br.) 7, 15 (Doc. 288) (citations omitted). The inquiry asks whether the Sport Act's differential treatment—based on the general attributes of the affected class rather than the individual—is substantially tied to the government's objective. *See id.* at 15.

The fact that B.P.J. brings an "as-applied" challenge does not change the focus of the constitutional inquiry. *See* Armistead's SJ Br. § I.C. (laying out this argument). The facial versus as-applied "distinction … goes to the breadth of the remedy employed by the Court." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010). But "classifying a lawsuit as facial or as-applied … does not speak at all to the substantive rule of law necessary to establish a constitutional violation." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1127 (2019) (cleaned up).

Here, "the validity of the [Sports Act] depends on the relation it bears to the overall problem the government seeks to correct, not on the extent to which it furthers the government's interests in an individual case." *Ward v. Rock Against Racism*, 491 U.S. 781, 801 (1989). Promoting safety in sports is a valid goal. Def.-Intervenor's Resp. to Pl.'s Mot. for Summ. J. (Armistead's Resp. Br.) § I.B.4 (Doc. 302). B.P.J. agrees. *Id.* at 21–22. So the question before this Court is whether the Sports Act's biology-based classifications substantially further the State's interests in safety and fairness in sports on the whole.

That means evidence that a biology-based classification promotes safety in sports is a "fact … of consequence" to this case. Fed. R. Evid. 401; *see also* Armistead's SJ Br. 9. And it does not matter that B.P.J. allegedly seeks to participate only in non-contact sports. The State need not show that the Act is "capable of achieving its ultimate objective in every instance." *Tuan Anh Nguyen v. I.N.S.*, 533 U.S. 53, 70 (2001). B.P.J.'s individual circumstances are beside the point. Armistead's SJ Br. § I.C (laying out this argument). In short, the "as applied" label won't save Plaintiff from evidence that Plaintiff would rather avoid.

The same principle is at play in the Title IX analysis. Title IX requires proof of discriminatory treatment between similarly situated persons. Armistead's SJ Br. 25. B.P.J. claims that males who identify as female are similarly situated to female athletes and that the Sports Act's biology-based classification is a ruse to discriminate based on transgender status. Mem. in Supp. of Pl.'s Mot. for Summ. J. (Pl.'s SJ Br.) 33–34 (Doc. 291). So Defendants may refute this with evidence that a biology-based classification promotes a legitimate state interest. *Cf. Laing v. Fed. Express Corp.*, 703 F.3d 713, 719 (4th Cir. 2013) ("comparator evidence" was "especially relevant" to pretextual discrimination claim).

This also shows that B.P.J.'s arguments are not *just* about B.P.J. After all, B.P.J. argues that (1) the Sports Act is facially discriminatory (Pl.'s SJ Br. 19); (2) males who identify as female are similarly situated to female athletes in all contexts (*see* Armistead's SJ Br. 12–13, 17 (laying out this argument)); and (3) the Sports Act does not promote *any* "legitimate governmental interest" because legislators had *no* legitimate motive for passing the Sports Act (*e.g.*, Pl.'s SJ Br. 34). Evidence that biology-based classifications promote safety in sports refutes all three of these arguments.

Having shown that the evidence is relevant, it is difficult to see how it could mislead, confuse, or waste the Court's time. Nor is it unfairly prejudicial. Testimony

about the physics of collisions and the cause of injuries hardly presents "a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008) (defining prejudice under Rule 403).

In short, B.P.J. asks this Court to exclude materials that are relevant and directly refute B.P.J.'s arguments. But when a plaintiff puts out to sea, they cannot complain that the evidence threatens to capsize their ship; that is the nature of litigation. The evidence on safety in sports is relevant and admissible, and this Court should deny B.P.J.'s motion.

Respectfully submitted this 29th day of June, 2022.

PATRICK MORRISEY
  *West Virginia Attorney General*

/s/ Brandon S. Steele
Brandon Steele, WV Bar No. 12423
Joshua D. Brown, WV Bar No. 12652
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com
joshua_brown05@hotmail.com

Jonathan Scruggs, AZ Bar No.
030505*
Roger G. Brooks, NC Bar No. 16317*
Henry W. Frampton, IV, SC Bar No.
75314*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@adflegal.org
rbrooks@adflegal.org
hframpton@adflegal.org

Christiana Holcomb, DC Bar No.
176922*
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
cholcomb@adflegal.org

/s/ Curtis R. A. Capehart
Douglas P. Buffington II, WV Bar # 8157
  *Chief Deputy Attorney General*
Curtis R.A. Capehart, WV Bar # 9876
  *Deputy Attorney General*
David C. Tryon, WV Bar #14145
  *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY
GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room
E-26
Charleston, WV 25305-0220
(304) 558-2021
(304) 558-0140
Curtis.R.A.Capehart@wvago.gov
David.C.Tryon@wvago.gov

*Counsel for Defendant, STATE OF WEST
VIRGINIA*

(signatures continued on next page)

Tyson C. Langhofer, VA Bar No.
95204*
Rachel A. Csutoros, MA Bar No.
706225*
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-2119
(571) 707-4790 Fax
tlanghofer@adflegal.org
rcsutoros@adflegal.org

Travis C. Barham, GA Bar No.
753251*
Alliance Defending Freedom
1000 Hurricane Shoals Road NE, Ste
D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-0774 Fax
tbarham@adflegal.org

Timothy D. Ducar, AZ Bar No.
015307*
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ 85260
(480) 502-2119
(480) 452-0900 Fax
tducar@azlawyers.com

*Visiting Attorneys*
*Attorneys for Defendant-Intervenor*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Brandon Steele, hereby certify that on June 29, 2022, I electronically filed a true and exact copy of ***Defendant-Intervenor Lainey Armistead's Response to Plaintiff's Motion In Limine to Exclude Testimony and/or Evidence Regarding Contact and Collision Sports*** with the Clerk of Court and all parties using the CM/ECF system.

*/s/ Brandon S. Steele*
Brandon Steele, WV Bar No. 12423
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com

*Attorney for Defendant-Intervenor*
