**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**DEFENDANT-INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING PRESS REPORTS AND SUPPORTING MEMORANDUM OF LAW**

B.P.J. moves this Court to exclude press reports about male participation in women's sports as inadmissible hearsay. Pl.'s Mot. In Lim. to Exclude Evid. and/or Arg. Regarding Press Reports and Supporting Mem. of Law (Pl.'s Press MIL) 1 (Doc. 411). But most of the evidence B.P.J. seeks to exclude does not come from newspaper articles or press reports. And to the extent Defendant-Intervenor Lainey Armistead does offer such articles, they are not relevant for the truth of the matter asserted therein. For the reasons described below, Defendant-Intervenor Lainey Armistead asks this Court to deny B.P.J.'s motion.

1

**ARGUMENT**

B.P.J. seeks to exclude evidence on males participating in women's sports, including "efforts by international and professional sporting organizations to establish rules regarding elite female competitions … the participation of transgender collegiate athletes outside the state of West Virginia," and "the accomplishments of two out-of-state transgender high school athletes from 2017–20." Pl.'s Press MIL 2. These three pieces of evidence are relevant and admissible.

A legislature may justify a law under heightened scrutiny by looking beyond empirical evidence of harm occurring in the state and to "studies and anecdotes pertaining to different locales altogether." *Fla. Bar v. Went For It, Inc.*, 515 U.S. 618, 628 (1995); *Whalen v. Roe*, 429 U.S. 589, 597 (1977) (statute was "the product of an orderly and rational legislative decision" where state validly "drew on experience … in other States"). So West Virginia can look to experiences of other jurisdictions "so long as whatever evidence the [state] relies upon is reasonably believed to be relevant to the problem that the [state] addresses." *City of Renton v. Playtime Theaters*, 475 U.S. 41, 51–52 (1986). In short, it "is entitled to rely on common sense and logic, as well as case law and the experience of other jurisdictions, when defending the" Act. *Reynolds v. Middleton*, 779 F.3d 222, 227 (4th Cir. 2015).

Here, the evidence shows a real problem that the Act intends to address: males' displacing females in women's sports. *See* Def.-Intervenor's Mem. in Supp of Mot. for Summ. J. (Armistead's SJ Br.) 8 (Doc. 288). This Court should "accept[] a state or local government's reasonable belief that the experience of other jurisdictions is relevant to the problem it is addressing." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 297 (2000).

The evidence is also admissible. First, B.P.J. obfuscates which evidence B.P.J. objects to so as to throw a wide net with a skinny fishing pole. *See* Pl.'s Press MIL 2 (citing Armistead's SJ Br. at 2–4). For example, B.P.J. summarily seeks to exclude

all "published media reports" as hearsay, without specifying (beyond two news articles) which evidence B.P.J. objects to. But "to merit consideration, objections, at a minimum, must specify the material being challenged and state the basis for the objection with sufficient particularity and explanation to permit the court to rule." *Courtland Co., Inc. v. Union Carbide Corp.*, No. 2:18-cv-01230, 2021 WL 2110876, at *3 (S.D.W. Va. May 25, 2021). "[B]lanket objections to the entirety of an opponent's evidentiary submission are plainly insufficient, and the court is not obliged to consider them." *Id.*

In any case, Armistead has already refuted these arguments in her summary-judgment briefing. Def.-Intervenor's Reply in Supp. of Her Mot. for Summ. J. (Armistead's Reply Br.) 7–10 (Doc. 347). First, the Court can judicially notice the sport organizations' policies as well as the results of sporting events. *Id.* at 7–8 (citing cases); *see also Hall v. Nat'l Collegiate Athletic Ass'n*, 985 F. Supp 782, 797 (N.D. Ill. 1997) (court can take "judicial notice that the 'Pac-10' … is governed by the NCAA's eligibility requirements"). And it's strange that B.P.J. objects to sport organizations' policies when B.P.J. relies on the same. *See* Mem. in Supp. of Pl.'s Mot. for Summ. J. (Pl.'s SJ Br.) 6–7 (Doc. 291).

Second, regarding "the accomplishments of two out-of-state transgender high school athletes from 2017–20," Armistead does not rely on media reports, but offers the first-hand testimony of female athletes who competed against these males. Armistead's SJ Br. at 2–3. B.P.J. never explains why this constitutes hearsay, and "[i]t is not the court's responsibility to comb through the record to determine the basis for the objecting party's cursory objections or to make arguments on its behalf." *Courtland*, 2021 WL 2110876, at *3 (cleaned up).

Third, B.P.J. again fails to specify which evidence Armistead offers "of transgender collegiate athletes" that B.P.J. objects to. Most of this evidence does not come from newspaper reports. Armistead's SJ Br. 2 (citing female athletes'

3

affidavits). And to the extent this evidence comes from the State's expert witnesses, experts can "testify to opinions based on inadmissible evidence, including hearsay." *United States v. Perez-Amaya*, 453 F. App'x 302, 305 (4th Cir. 2011). Any other articles Armistead cites are relevant to demonstrate awareness of a public issue: males' displacing females in sports. *See Swatch, S.A. v. Beehive Wholesale, LLC*, 888 F. Supp. 2d 738, 743 (E.D. Va. 2012) ("[T]he Court admits [articles] for the purpose of showing that others knew of [the issue]."); *cf. In re Human Scis. Inc. Sec. Litig.*, 933 F. Supp. 2d 751, 758 (D. Md. 2013) (citation omitted) (courts in the Fourth Circuit "routinely take judicial notice of newspaper articles … and press releases in order to assess what the market knew at particular points in time"). Armistead has elaborated on why this evidence is admissible in her summary judgment briefing. Armistead's Reply Br. at 8–9. She need not repeat herself here.

These materials are not prejudicial under Rule 403. "Rule 403 is a rule of inclusion," that "generally favor[s] admissibility." *United States v. Udeozor*, 515 F.3d 260, 264 (4th Cir. 2008) (cleaned up and citation omitted). "[T]he mere fact that the evidence will damage [B.P.J.'s] case is not enough – the evidence must be *unfairly* prejudicial, and the unfair prejudice must *substantially* outweigh the probative value of the evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) (citation omitted). And B.P.J. fails to specify which defendant or fact B.P.J. objects to. Pl's Press MIL at 3–4. "[G]eneral and conclusory arguments" are of this kind are insufficient to show prejudice. *Yates v. Ford Motor Co.*, No. 5:12-cv-752, 2015 WL 3463559, at *8 (E.D.N.C. May 30, 2015).

Remember, motions in limine are supposed to "resolv[e] important evidentiary disputes" in a "timely and expeditious manner." *Wolfe v. Ethicon, Inc.*, No. 2:12-cv-1286, 2017 WL 2954273, at *1 (S.D.W. Va. Jan. 19, 2017) (citation omitted). Yet B.P.J. brings cursory objections lacking the necessary specificity. And if B.P.J. disagrees on the significance of a piece evidence (for example whether it is offered for truth of the

4

matter asserted), this Court can readily resolve B.P.J.'s objection at trial when the purpose becomes clear.

    B.P.J.'s arguments lack merit. This Court should deny B.P.J.'s motion.

Respectfully submitted this 29th day of June, 2022.

/s/ *Brandon S. Steele*

| | |
|---|---|
| Tyson C. Langhofer, VA Bar No. 95204* <br> Rachel A. Csutoros, MA Bar No. 706225* <br> Alliance Defending Freedom <br> 44180 Riverside Parkway <br> Lansdowne, VA 20176 <br> (571) 707-2119 <br> (571) 707-4790 Fax <br> tlanghofer@adflegal.org <br> rcsutoros@adflegal.org <br><br> Travis C. Barham, GA Bar No. 753251* <br> Alliance Defending Freedom <br> 1000 Hurricane Shoals Road NE, Ste D-1100 <br> Lawrenceville, GA 30043 <br> (770) 339-0774 <br> (770) 339-0774 Fax <br> tbarham@adflegal.org <br><br> Timothy D. Ducar, AZ Bar No. 015307* <br> Law Offices of Timothy D. Ducar, PLC <br> 7430 E. Butherus Drive, Suite E <br> Scottsdale, AZ 85260 <br> (480) 502-2119 <br> (480) 452-0900 Fax <br> tducar@azlawyers.com | Brandon Steele, WV Bar No. 12423 <br> Joshua D. Brown, WV Bar No. 12652 <br> The Law Offices of Brandon S. Steele <br> 3049 Robert C. Byrd Drive, Suite 100 <br> Beckley, WV 25801 <br> (304) 253-1230 <br> (304) 255-1520 Fax <br> bsteelelawoffice@gmail.com <br> joshua_brown05@hotmail.com <br><br> Jonathan Scruggs, AZ Bar No. 030505* <br> Roger G. Brooks, NC Bar No. 16317* <br> Henry W. Frampton, IV, SC Bar No. 75314* <br> Alliance Defending Freedom <br> 15100 N. 90th Street <br> Scottsdale, AZ 85260 <br> (480) 444-0020 <br> (480) 444-0028 Fax <br> jscruggs@adflegal.org <br> rbrooks@adflegal.org <br> hframpton@adflegal.org <br><br> Christiana Holcomb, DC Bar No. 176922* <br> Alliance Defending Freedom <br> 440 First Street NW, Suite 600 <br> Washington, DC 20001 <br> (202) 393-8690 <br> (202) 347-3622 Fax <br> cholcomb@adflegal.org <br><br> *Visiting Attorneys* <br> *Attorneys for Defendant-Intervenor* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Brandon Steele, hereby certify that on June 29, 2022, I electronically filed a true and exact copy of ***Defendant-Intervenor's Response to Plaintiff's Motion In Limine to Exclude Evidence and/or Argument Regarding Press Reports and Supporting Memorandum of Law*** with the Clerk of Court and all parties using the CM/ECF system.

*/s/ Brandon S. Steele*
Brandon Steele, WV Bar No. 12423
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com

*Attorney for Defendant-Intervenor*
