IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**DEFENDANT-INTERVENOR AND STATE OF WEST VIRGINIA'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO PLAINTIFF'S NAME GIVEN AT BIRTH OR USING MALE PRONOUNS**

Motions in limine are motions that seek to "exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Plaintiff does not seek to "exclude anticipated prejudicial evidence. *Luce*, 469 U.S. at 40 n.2. Rather the motion asks for "a courtesy" about how Plaintiff will be referenced at trial. Pl. MIL at 3. Since Plaintiff has not filed a proper motion *in limine*, there is no need for a ruling from the Court.

In any event, Defendant-Intervenor Lainey Armistead and the State of West Virginia ("State") do not intend to refer to B.P.J. by B.P.J.'s birth name or male (he/him) pronouns while B.P.J. is in the courtroom and will make a good-faith effort to avoid doing so consistent with Plaintiff's Motion. *See* Pls.' Mot. in Limine to

1

Exclude References to Pl. by Name Given at Birth or Using Male Pronouns 1–2 (Doc. 414). To date, Armistead, the State, and their respective counsel (collectively, "these Defendants") have sought to accommodate B.P.J. and followed this approach throughout this litigation without any issue.

By this motion, B.P.J. does ***not*** seek to prevent these Defendants from referring to B.P.J. as a male or a biological male. Nonetheless, in B.P.J's draft of the pretrial order, B.P.J. goes beyond the motion in limine here and asks that the defendants not refer to B.P.J. as a biological male if B.P.J. is present in the courtroom or is called upon to testify.

These Defendants cannot abide by this request and object to any attempt by Plaintiff to impose this request at trial. These Defendants reserve the right to refer to B.P.J. as a male or a biological male as in prior pleadings, briefs, and motions throughout this case because doing so is necessary to clearly communicate arguments supporting their positions. Indeed, this practice is consistent with this Court's prior order which already addressed this issue and expressly allowed "the parties [to] use the language they find necessary to support their respective positions." Mem. Op. and Order 6 (Doc. 130). These Defendants will also act consistently with that order by referring to B.P.J. as a male or a biological male only as necessary while "be[ing] mindful to show the respect due [the] parties." *Id.* In particular, these Defendants do not currently anticipate the need to extensively use the terms "male" or "biological male" during any examination of B.P.J. and will endeavor to minimize use of those terms as much as possible while B.P.J. is on the witness stand.

But the use of these terms will be necessary at points in the case and at trial. The crux of this case centers on recognizing biologically-based distinctions between males and females and classifying student-athletes based on biological sex. Def.-Intervenor's Mem. in Supp. of Mot. for Summ. J. (Armistead's SJ Br.) 7–10 (Doc. 288); Def.-Intervenor's Reply in Supp. of Mot. for Summ. J. 5–7 (Doc. 347). Making that

distinction requires using "women," "girls," and "females," to refer to biological females and "men," "boys," and "males" to refer to biological males. Armistead's SJ Br. at 1 n.1. Likewise, that distinction will require these Defendants to refer to B.P.J. as a male or a biological male regardless of whether B.P.J. is in the courtroom.[1] To make their cases effectively, these Defendants need to use these terms and explain these concepts to the Court and factfinder and argue that these concepts are valid. Indeed, these are the very terms used by the statute at issue in this case. *See* W. Va. Code Ann. § 18-2-25d (explaining difference between "biological males and biological females").

Meanwhile, prohibiting these Defendants from describing B.P.J. as a male or a biological male would greatly prejudice them. If this prohibition were imposed, they would need to refer to B.P.J. somehow to explain the distinctions between B.P.J. and biological females. But no other terms would clearly or accurately communicate these Defendants' position. *See generally id.* (relying on arguments distinguishing between males and females based on biology). So these Defendants would be forced to use less-than-accurate terminology or terminology contrary to their respective legal positions, either of which would prevent them from appropriately "fram[ing] the issues for decision." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1575 (2020) (cleaned up). For this reason, banning these Defendants from referring to B.P.J. as male or as biologically male would hamstring their advocacy, weaken their legal theory, and impair their rights to a fair trial by forcing them to use terminology inconsistent with the substance of their arguments. There is no reason to do that here. *See United States v. Varner*, 948 F.3d 250, 254–55 (5th Cir. 2020) (no authority requires litigants

---

[1] Counsel will attempt in good faith to avoid referring to B.P.J. as a "boy" in B.P.J.'s presence. Instead, when necessary to describe B.P.J.'s biological sex, counsel will use the terms "male" or "biological male."

3

to refer to other litigants with "pronouns matching their … gender identity"); *United States v. Thomason*, 991 F.3d 910, 915 (8th Cir. 2021) (same).

Moreover, imposing this prohibition—and thereby compelling these Defendants to describe B.P.J. in terms other than male or biological male—could raise constitutional issues that can easily be avoided. For one thing, it would compel them to "utter what is not in [their] mind[s]," *W. Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624, 634 (1943), on the "controversial subject[]" of "gender identity," *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps.*, 138 S. Ct. 2448, 2476 (2018). *See e.g.*, Armistead's SJ Br. 7–10; Lainey Armistead's Decl. in Supp. of Mot. to Intervene 7–9 (Doc. 95–1) (advocating on behalf of women's sports). But "litigants and their attorneys" may freely express (or decline to express) "ideas" in court without fear of government punishment. *Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 548 (2001). These Defendants' decision to describe B.P.J. as male or biologically male as necessary to advance their case fits that category.

Further, specifically as to Armistead, this prohibition would also force her and her counsel to promote messages about biology and female athletics that would undermine their advocacy in West Virginia and elsewhere. Indeed, requiring them to use terms other than male or biological male to describe Plaintiff would curb their ability to publicly advocate that persons are created as male or female, that these traits are scientifically known and fixed, and that laws should reflect that biological reality. *See, e.g., Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2021); *Soule v. Conn. Ass'n of Schools, Inc.*, No. 3:20-cv-00201-RNC (D. Conn.); see also Lainey Armistead, Athletes need WV's Save Women's Sports Act, Herald-Dispatch (Dec. 12, 2021), https://www.herald-dispatch.com/opinion/lainey-armistead-athletes-need-wv-s-save-women-s-sports-act/article_06ce84fe-1c4d-53c7-b940-046a2cf5de58.html.

For all of these reasons, these Defendants do not object to extending the courtesy requested in B.P.J.'s motion in limine related to using B.P.J.'s birth name

4

5

or pronouns so long as it is clear that these Defendants, including their respective counsel, may describe B.P.J. as male or as a biological male as necessary to present their respective cases.

Respectfully submitted this 29th day of June, 2022.

PATRICK MORRISEY
  *West Virginia Attorney General*

*/s/ Brandon S. Steele*
Brandon Steele, WV Bar No. 12423
Joshua D. Brown, WV Bar No. 12652
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com
joshua_brown05@hotmail.com

Jonathan Scruggs, AZ Bar No. 030505*
Roger G. Brooks, NC Bar No. 16317*
Henry W. Frampton, IV, SC Bar No. 75314*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@adflegal.org
rbrooks@adflegal.org
hframpton@adflegal.org

Christiana Holcomb, DC Bar No. 176922*
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
cholcomb@adflegal.org

*/s/ Curtis R. A. Capehart*
Douglas P. Buffington II, WV Bar # 8157
  *Chief Deputy Attorney General*
Curtis R.A. Capehart, WV Bar # 9876
  *Deputy Attorney General*
David C. Tryon, WV Bar #14145
  *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room E-26
Charleston, WV 25305-0220
(304) 558-2021
(304) 558-0140
Curtis.R.A.Capehart@wvago.gov
David.C.Tryon@wvago.gov

*Counsel for Defendant, STATE OF WEST VIRGINIA*

(signatures continued on next page)

Tyson C. Langhofer, VA Bar No. 95204*
Rachel A. Csutoros, MA Bar No. 706225*
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-2119
(571) 707-4790 Fax
tlanghofer@adflegal.org
rcsutoros@adflegal.org

Travis C. Barham, GA Bar No. 753251*
Alliance Defending Freedom
1000 Hurricane Shoals Road NE, Ste D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-0774 Fax
tbarham@adflegal.org

Timothy D. Ducar, AZ Bar No. 015307*
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ 85260
(480) 502-2119
(480) 452-0900 Fax
tducar@azlawyers.com


*Visiting Attorneys
Attorneys for Defendant-Intervenor

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Brandon Steele, hereby certify that on June 29, 2022, I electronically filed a true and exact copy of ***Defendant-Intervenor and The State of West Virginia's Response to Plaintiff's Motion in Limine to Exclude References to Plaintiff's Name Given at Birth or Using Male Pronouns*** with the Clerk of Court and all parties using the CM/ECF system.

    */s/ Brandon S. Steele*
    Brandon Steele, WV Bar No. 12423
    The Law Offices of Brandon S. Steele
    3049 Robert C. Byrd Drive, Suite 100
    Beckley, WV 25801
    (304) 253-1230
    (304) 255-1520 Fax
    bsteelelawoffice@gmail.com

    *Attorney for Defendant-Intervenor*