IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**DEFENDANT-INTERVENOR AND STATE OF WEST VIRGINIA'S COMBINED RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE TO EXCLUDE EVIDENCE ON GENDER DYSPHORIA AND B.P.J.'S GENDER IDENTITY**

B.P.J. moves this Court to exclude evidence on treating gender dysphoria, including B.P.J.'s gender-dysphoria diagnosis as well as evidence about B.P.J.'s gender identity. *See* Pl.'s Mot. in Lim. to Exclude Evid. and/or Arg. Regarding the Proper Medical Treatment for Gender Dysphoria and the Propriety of Pl.'s Diagnosis and Treatment and Supporting Mem. of Law (Doc. 412); Pl.'s Mot. in Lim. to Exclude Evid. and/or Arg. Intended to Question Pl.'s Gender Identity and Supporting Mem. of Law (Pl.'s GI MIL) (Doc. 416). Defendant-Intervenor Lainey Armistead and Defendant State of West Virginia (collectively "Defendants") agree that this Court need not consider evidence about gender dysphoria or B.P.J.'s gender identity to grant summary judgment in Defendants' favor. But if this Court excludes Defendants'

1

evidence on these topics, it must exclude B.P.J.'s evidence, too. For the reasons described below, Defendants ask this Court to exclude *all* evidence on gender dysphoria and B.P.J.'s gender identity.

## ARGUMENT

B.P.J. seeks to exclude evidence that Defendants Lainey Armistead and the State of West Virginia may offer on gender dysphoria and B.P.J.'s gender identity because (according to B.P.J.) this evidence is irrelevant and could confuse the jury. Defendants agree—so long as neither side can introduce these materials.

Armistead has explained elsewhere that this case is about biological distinctions between males and females. *See* Def.-Intervenor's Mem. in Supp of Mot. for Summ. J. (Armistead's SJ Br.) § I.A. (Doc. 288). Because West Virginia's Sports Act (W. Va. Code § 18-2-25d) draws a biology-based line, this Court must determine whether the Sports Act's biological distinctions substantially advance the State's valid interests in promoting athletic opportunities and athlete safety for women. *See* Def.-Intervenor's Resp. to Pl.'s Mot. for Summ. J. (Armistead's Resp. Br.) 21 (Doc. 302).

So the constitutional question in this case "is whether West Virginia can distinguish between females *as a class* and males *as a class*, not whether the state can distinguish between females as a class and males *like B.P.J.*" Armistead's SJ Br. at 16. And the Court need "not consider any individual characteristics of the person raising the as-applied challenge." *Id.* at 17 (quoting *Harley v. Wilkinson*, 988 F.3d 766, 768 (4th Cir. 2021)). Thus, B.P.J.'s gender identity—much less the proper treatment for gender dysphoria—are not necessarily relevant to the constitutional analysis in this case. *See* Armistead's SJ Br. § I.C.

The same principle is true under Title IX, which requires proof of discriminatory treatment between similarly situated persons. Armistead's SJ Br. at 25. A male athlete's gender identity cannot make that athlete similarly situated to

2

females because gender identity is not an informative, relevant consideration when it comes to promoting fairness and safety in sports. *Id.* at 25–26. Because the Sports Act has nothing to do with gender identity, the Court need not consider any evidence about "gender-affirming" care, the proper treatment protocol for gender dysphoria, or B.P.J.'s gender identity.

B.P.J., however, insists on heaping these materials in front of this Court. For example, B.P.J. makes much of undergoing a "social transition" and schools instituting a "gender support plan" to support B.P.J.'s transgender identity. Mem. in Supp. of Pl.'s Mot. for Summ. J. (Pl.'s SJ Br.) 2–3, 16 (Doc. 291). Socially transitioning is a form of "psychosocial" treatment for gender dysphoria. App. to Def.-Intervenor's Mot. for Summ. J. ("App.") 928 (90:21) (Doc. 286-1). B.P.J. also talks at length about the effects of puberty blockers and states that B.P.J. may go "on to receive gender-affirming hormone therapy." *Id.* at 28. And B.P.J. even designated three expert witnesses—Drs. Safer, Adkins, and Janssen—to testify about gender identity and gender dysphoria. Defendants have listed more examples of this elsewhere. *See* Def.-Intervenor and the State of West Virginia's Mem. in Resp. to Pl.'s Mot to Exclude the Expert Test. of Dr. Stephen B. Levine (Defs.' Levine Resp. Br.) 21 (Doc. 341). And B.P.J. uses these materials to argue that the Sports Act is unlawful and harms B.P.J. *Id.*; *see* Pl.'s SJ Br. at 16–18.

Plaintiff cannot have it both ways. Either B.P.J.'s gender identity and the proper treatment for gender dysphoria are relevant or they are not. Indeed, B.P.J.'s entire argument hinges on the assertion that B.P.J. "is a girl" for the purpose of participating in sports. Pl.'s SJ Br. at 1, 5, 17. So if B.P.J. may introduce evidence to support this, Defendants should be allowed to refute it.

Besides, B.P.J. overstates what Defendants seek to argue. Contrary to Plaintiff's assertions, Defendants' experts, including Dr. Levine and Dr. Cantor, do not posit that "B.P.J.'s female gender identity is not real." Pl.'s GI MIL 2. Drs. Levine

3

and Cantor do not offer testimony specific to B.P.J. Instead, they offer testimony about gender dysphoria in youths generally. And Defendants offer this evidence only to rebut B.P.J.'s evidence on the same topic. If the Court excludes this evidence, it must apply the rule equally to all parties.[1]

It follows that these materials are not prejudicial under Rule 403. "[J]ust as all evidence suggesting guilt is prejudicial to a defendant," there "is no doubt" that Defendants' materials hurt B.P.J.'s case. Indeed, "evidence that is highly probative invariably will be prejudicial to the" opposing side. *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009). But "the mere fact that the evidence will damage [B.P.J.'s] case is not enough—the evidence must be *unfairly* prejudicial, and the unfair prejudice must *substantially* outweigh the probative value of the evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006).

Evidence directly refuting B.P.J.'s arguments hardly meet that bar. And "Rule 403 is a rule of inclusion," that "generally favor[s] admissibility." *United States v. Udeozor*, 515 F.3d 260, 264 (4th Cir. 2008) (cleaned up and citation omitted). B.P.J simply seeks to exclude evidence because of its "general prejudice" to B.P.J.'s case. *Siegel*, 536 F.3d at 319. That is not how Rule 403 works.

These materials are not "harassment" under Rule 611 either. B.P.J. does not allege that Defendants have "misgender[ed]" B.P.J. Pl.'s GI MIL 6. Moreover, "no authority supports the proposition that [courts] may require litigants, judges, court personnel, or anyone else to refer to gender-dysphoric litigants with pronouns matching their subjective gender identity." *United States v. Varner*, 445 F.3d 724,

---

[1] The irrelevance of B.P.J.'s proffered evidence on these issues is also discussed in Defendants' *Daubert* motions to exclude the testimony of Drs. Adkins and Safer, as well as Defendants' response to B.P.J.'s motion to exclude the testimony of Dr. Levine. *See* Memo. in Supp. of Def.-Intervenor and the State of West Virginia's Mot. to Exclude Expert Test. of Dr. Deanna Adkins 17 (Doc. 308); Memo. in Supp. of Def.-Intervenor and the State of West Virginia's Mot. to Exclude Expert Test. of Dr. Robert Safer 20 (Doc. 341); Armistead's Levine Resp. Br. 19–22.

254–55 (5th Cir. 2020). B.P.J. again implies that disagreement *is* discrimination and that promoting biology-based distinctions is inherently "degrading" and "mean" to persons who identify as transgender. Pl.'s GI MIL 6; *see* Armistead's Resp. Br. 7–8, 21. But this Court can afford B.P.J. respectful treatment without stacking the evidence in B.P.J.'s favor. The simplest way to do that is to properly focus on the Sports Act's biological classifications rather than distinctions based on gender identity. But short of that, B.P.J. has made this case about gender identity, so Defendants must be able to respond.

Plus, as courts are "[i]ncreasingly … asked to decide cases that turn on hotly-debated issues of sex and gender identity," they must be careful not to "unintentionally convey [their] tacit approval of the litigant's underlying legal position." *Varner*, 948 F.3d at 256. Courts "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). Again, B.P.J.'s entire case rests on the assertion that B.P.J. "is a girl" for purposes of participating in women's sports. Defendants should be allowed to refute this in their efforts to defend the Sports Act.

Finally, as Defendants have already explained, findings of fact by the Fourth Circuit or any other court have no binding effect on this case. *See* Defs.' Levine Resp. Br. 18–19. "Factual findings bind only the parties before the court." *United States v. Brown*, 631 F.3d 638, 643 (3d Cir. 2011). And excluding expert evidence based on "the decisions of other courts" is reversible error. *Id.* (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597–98 (1993)).

To conclude, Defendants agree that evidence about gender identity, B.P.J.'s gender dysphoria, or the proper method of treating gender dysphoria, is not necessary for this Court to resolve the claims in this case. Defendants have already asked the Court to exclude much of this evidence via their *Daubert* motions. *See supra* n.1. For

5

these reasons, the Court should exclude *all* evidence on gender identity and gender dysphoria. Alternatively, this Court should deny B.P.J.'s motion and allow Defendants to introduce evidence on these topics the same as B.P.J.

Respectfully submitted this 29th day of June, 2022.

/s/ *Brandon S. Steele*
Brandon Steele, WV Bar No. 12423
Joshua D. Brown, WV Bar No. 12652
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com
joshua_brown05@hotmail.com

Jonathan Scruggs, AZ Bar No. 030505*
Roger G. Brooks, NC Bar No. 16317*
Henry W. Frampton, IV, SC Bar No. 75314*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@adflegal.org
rbrooks@adflegal.org
hframpton@adflegal.org

Christiana Holcomb, DC Bar No. 176922*
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
cholcomb@adflegal.org

PATRICK MORRISEY
 *West Virginia Attorney General*

/s/ *Curtis R. A. Capehart*
Douglas P. Buffington II, WV Bar # 8157
 *Chief Deputy Attorney General*
Curtis R.A. Capehart, WV Bar # 9876
 *Deputy Attorney General*
David C. Tryon, WV Bar #14145
 *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room E-26
Charleston, WV 25305-0220
(304) 558-2021
(304) 558-0140
Curtis.R.A.Capehart@wvago.gov
David.C.Tryon@wvago.gov

*Counsel for Defendant, STATE OF WEST VIRGINIA*

(signatures continued on next page)

Tyson C. Langhofer, VA Bar No. 95204*
Rachel A. Csutoros, MA Bar No. 706225*
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-2119
(571) 707-4790 Fax
tlanghofer@adflegal.org
rcsutoros@adflegal.org

Travis C. Barham, GA Bar No. 753251*
Alliance Defending Freedom
1000 Hurricane Shoals Road NE, Ste D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-0774 Fax
tbarham@adflegal.org

Timothy D. Ducar, AZ Bar No. 015307*
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ 85260
(480) 502-2119
(480) 452-0900 Fax
tducar@azlawyers.com


*Visiting Attorneys
*Attorneys for Defendant-Intervenor*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Brandon Steele, hereby certify that on June 29, 2022, I electronically filed a true and exact copy of ***Defendant-Intervenor Lainey Armistead and Defendant State of West Virginia's Combined Response to Plaintiff's Motions In Limine to Exclude Evidence on Gender Dysphoria and B.P.J.'s Gender Identity*** with the Clerk of Court and all parties using the CM/ECF system.

*/s/ Brandon S. Steele*
Brandon Steele, WV Bar No. 12423
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com

*Attorney for Defendant-Intervenor*
