IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**DEFENDANT-INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING PLAINTIFF'S IRRELEVANT MEDICAL RECORDS**

At this time, Defendant-Intervenor Lainey Armistead does not intend to affirmatively introduce medical records that are wholly unrelated to B.P.J.'s gender-dysphoria and related treatment. But it is unclear from B.P.J.'s motion what records B.P.J. believes fall into that category. Pls.' Mot. in Limine to Exclude Evid. and/or Argument Regarding Pls.' Irrelevant Med. Records and Supp. Mem. of Law 1–2 (Doc. 418). Accordingly, the motion is not drafted with enough specificity for Armistead to meaningfully respond, and the motion should be denied on that basis alone.

Even with respect to medical records related to B.P.J.'s gender dysphoria and related treatment, the limitation B.P.J. seeks is unclear. The motion seeks to limit the use of these records to "the historical fact that B.P.J. has been diagnosed with

1

gender dysphoria and is currently receiving puberty-delaying treatment." *Id.* at 1–2. But B.P.J.'s medical records bear on relevant issues that may not fit within the limitation B.P.J. seeks. For example, part and parcel of B.P.J.'s diagnosis with gender dysphoria is that B.P.J., though identifying as female, is biologically male—a necessary factual predicate to this case. Accordingly, it would be inappropriate to preclude the use of B.P.J.'s medical records in presenting evidence of B.P.J.'s biological sex, and it is unclear if that is what B.P.J. seeks.

Further, Armistead reserves her right to introduce evidence about B.P.J.'s medical records or to use B.P.J.'s medical records related to gender-dysphoria diagnosis and related treatment for other purposes if B.P.J. opens the door to such evidence and such evidence is necessary to rebut evidence or impeach testimony offered in support of B.P.J. at trial. *See Tyree v. Bos. Sci. Corp.*, No. 2:12-CV-08633, 2014 WL 5445769, at *17–18 (S.D.W. Va. Oct. 22, 2014) (Goodwin, J.) (acknowledging reservation of rights and noting that objections to rebuttal or impeachment evidence would be ruled on at trial). For example, the medical records contain evidence of how B.P.J. understands B.P.J.'s gender identity, which should be available for use if B.P.J.'s counsel elicits testimony about B.P.J.'s gender identity.[1] As noted in Defendant-Intervenor and State of West Virginia's Combined Response to Plaintiff's Motions in Limine to Exclude Evidence of Gender Dysphoria and BP.J.'s Gender Identity, Armistead does not believe that B.P.J.'s gender identity is relevant to this case. But if B.P.J. is permitted to introduce evidence about B.P.J.'s gender identity,

---

[1] Notably, B.P.J.'s briefing in this case relies heavily on *Grimm v. Gloucester County School Board*, which made much of the fact that the biologically female plaintiff there "consistently and persistently identified as male." 972 F.3d 586, 619 (4th Cir. 2020). While Armistead denies that *Grimm* is relevant to the disposition of this case as set forth in her summary-judgment briefing, B.P.J. cannot on the one hand rely on *Grimm* while on the other asking the Court to preclude the introduction of evidence relevant to whether B.P.J. exhibits a "consistent[] and persistent[]" identification with the opposite sex.

then it would be unfair and inappropriate to preclude Defendants from using B.P.J.'s medical records as needed to respond to that testimony.

Accordingly, Armistead respectfully requests that the motion be denied and that the Court reserve ruling on the use of any specific medical records for trial.

Respectfully submitted this 29th day of June, 2022.

| | */s/ Brandon S. Steele* |
|---|---|
| Tyson C. Langhofer, VA Bar No. 95204*<br>Rachel A. Csutoros, MA Bar No. 706225*<br>Alliance Defending Freedom<br>44180 Riverside Parkway<br>Lansdowne, VA 20176<br>(571) 707-2119<br>(571) 707-4790 Fax<br>tlanghofer@adflegal.org<br>rcsutoros@adflegal.org<br><br>Travis C. Barham, GA Bar No. 753251*<br>Alliance Defending Freedom<br>1000 Hurricane Shoals Road NE, Ste D-1100<br>Lawrenceville, GA 30043<br>(770) 339-0774<br>(770) 339-0774 Fax<br>tbarham@adflegal.org<br><br>Timothy D. Ducar, AZ Bar No. 015307*<br>Law Offices of Timothy D. Ducar, PLC<br>7430 E. Butherus Drive, Suite E<br>Scottsdale, AZ 85260<br>(480) 502-2119<br>(480) 452-0900 Fax<br>tducar@azlawyers.com | Brandon Steele, WV Bar No. 12423<br>Joshua D. Brown, WV Bar No. 12652<br>The Law Offices of Brandon S. Steele<br>3049 Robert C. Byrd Drive, Suite 100<br>Beckley, WV 25801<br>(304) 253-1230<br>(304) 255-1520 Fax<br>bsteelelawoffice@gmail.com<br>joshua_brown05@hotmail.com<br><br>Jonathan Scruggs, AZ Bar No. 030505*<br>Roger G. Brooks, NC Bar No. 16317*<br>Henry W. Frampton, IV, SC Bar No. 75314*<br>Alliance Defending Freedom<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>(480) 444-0020<br>(480) 444-0028 Fax<br>jscruggs@adflegal.org<br>rbrooks@adflegal.org<br>hframpton@adflegal.org<br><br>Christiana Holcomb, DC Bar No. 176922*<br>Alliance Defending Freedom<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>(202) 393-8690<br>(202) 347-3622 Fax<br>cholcomb@adflegal.org<br><br>**Visiting Attorneys*<br>*Attorneys for Defendant-Intervenor* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Brandon Steele, hereby certify that on June 29, 2022, I electronically filed a true and exact copy of ***Defendant-Intervenor's Response to Plaintiff's Motion In Limine to Exclude Evidence and/or Argument Regarding Plaintiff's Irrelevant Medical Records*** with the Clerk of Court and all parties using the CM/ECF system.

*/s/ Brandon S. Steele*
Brandon Steele, WV Bar No. 12423
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com

*Attorney for Defendant-Intervenor*

5