IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON,<br><br>       *Plaintiff*,<br><br>      v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>       *Defendants*,<br>      and<br><br>LAINEY ARMISTEAD,<br>      *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S OPPOSITION TO WVSSAC'S MOTION *IN LIMINE* TO EXCLUDE REGIONAL PRINCIPALS' MEETING POWERPOINT AND RECORDED PRESENTATION**

  Plaintiff B.P.J., a minor, by and through her next friend and mother, Heather Jackson, respectfully submits this memorandum in opposition to Defendant the West Virginia Secondary School Activities Commission's ("WVSSAC") Motion *in Limine* to Exclude Regional Principals' Meeting PowerPoint[1] and Recorded Presentation. (Dkt. No. 385 (WVSSAC's Mot.).) Because the PowerPoint presentation and related recording reflect WVSSAC's understanding of the law being challenged in this case, H.B. 3293, and WVSSAC's existing policies regarding transgender

---

[1] *See* Swaminathan Decl. Ex. A (Regional Principals' Meeting PowerPoint).

1

student participation, such evidence is both highly relevant and probative of important questions of law and fact in this matter, and WVSSAC's motion should be denied.

## ARGUMENT

WVSSAC argues that the Regional Principals' Meeting PowerPoint ("PowerPoint") and Recorded Presentation (*see* WVSSAC000009, WVSSAC000287–365) are not relevant to the issues in this case, and that neither has been "substantively discovered in this case, such that any use of them at trial would be speculative." (Dkt. No. 385 (WVSSAC Mot.) at 1–2.) WVSSAC does not offer any rationale explaining why these materials are purportedly irrelevant, and similarly provides no support for its novel "substantively discovered" concept, let alone a basis for exclusion. (*Id*.)

WVSSAC produced the PowerPoint in its *Second Supplemental Responses to Plaintiff's First Set of Requests for Production*. (Dkt. No. 198; *see* Swaminathan Decl. Ex. A (Powerpoint).) Bernie Dolan, WVSSAC's Executive Director, authenticated the PowerPoint during his deposition on February 11, 2022, noting that the slide deck (WVSSAC000287–364) was presented at the WVSSAC Regional Principal's Meeting 2021-2022, and that he and his three assistant executive directors prepared the slides for the meeting. (Dkt. No. 289-18 (WVSSAC Dep. Tr.) at 154:4–10.) Mr. Dolan acknowledged that the purpose of this annual meeting and related presentation was to ensure that WVSSAC reviewed any new rules impacting WVSSAC's policies. (*Id*. at 153:7–10.)

The PowerPoint and Recorded Presentation are plainly relevant to the issues in this case. The PowerPoint addresses both WVSSAC's Title IX policies (Swaminathan Decl. Ex. A (PowerPoint) at WVSSAC000344–45), as well as policies and practices relating specifically to transgender students. (*Id*. at WVSSAC000346 ("Transgender. Current law being challenged in court. WVSSAC's current position is that gender is identified in WVEIS for athletic participation

2

purposes.").) When asked about WVSSAC's position listed on the slide titled "Transgender," Mr. Dolan stated that this slide was prepared "before the ruling that B.P.J. could participate" and that they "were still reiterating it in [their internal] policy at the time until [they] got the final ruling from the Department of Ed." (Dkt. No. 289-18 (WVSSAC Dep. Tr.) at 155:4–13.) Further, Mr. Dolan recalled that the slide "was discussed during the regional principals' meeting," including discussion that the "current law is being challenged." (*Id*. at 156:17–24.)

WVSSAC argues that these discussions on "Title IX and gender identity in sports[] makes no fact at issue in this case more or less likely to be true." (Dkt. No. 385 (WVSSAC's Mot.) at 2.) To the contrary, the PowerPoint is relevant to show that, prior to H.B. 3293's enactment, the WVSSAC Board of Directors had a policy that allowed students who are transgender to participate on teams consistent with their gender identity if the transgender student's school allowed them to participate, and that WVSSAC actively spoke about its policy in its discussions with regional principals. (Dkt. No. 332-3 (WVSSAC000008).) Among other things, this evidence shows that WVSSAC had no problem allowing transgender students to participate on sports teams consistent with their gender identity. The PowerPoint confirms that WVSSAC believed that it was required to comply with Title IX. (Dkt. No. 332-4 (WVSSAC000017).) And this demonstrates that, contrary to WVSSAC's arguments in this case, WVSSAC is properly the subject of Plaintiff's Title IX claim. Plaintiff should be permitted to introduce the PowerPoint and Recorded Presentation as evidence at trial as these records expressly contemplate relevant topics and policies.

WVSSAC further argues that the PowerPoint and Recorded Presentation "risk unfair prejudice to WVSSAC, confusing the issues, misleading the jury, introducing undue delay, and wasting time," but WVSSAC provides no basis for these assertions. (Dkt. No. 385 (WVSSAC's

Mot.) at 2.)  Simply stating that Plaintiff and other parties "may seek to rely upon the PowerPoint presentation and/or recorded presentation unfairly" provides no basis to exclude evidence.  (*Id.* at 3.)  WVSSAC also supplies no authority for the proposition that the video recording, which they allege contains statements from an unidentified attendee who discussed the litigation, renders the entire presentation and recording as inadmissible hearsay.  (*Id*. at 2.)  Plaintiff does not intend to use the statements of the unknown speaker for a substantive purpose.  Instead, Plaintiff reserves the right to use the text of the presentation, and the testimony elicited from Mr. Dolan regarding the meeting and presentation.  These materials evidence WVSSAC's understanding of H.B. 3293, its policies regarding participation of transgender students in athletics and the applicability of Title IX.  Nothing supports WVSSAC's effort to exclude evidence of its own understanding of the law at issue or its policies and internal discussions with respect to H.B. 3293, athletic participation, and Title IX.  Plaintiff is entitled to elicit that testimony at trial.

## CONCLUSION

For all the reasons above, Plaintiff respectfully requests that the Court deny WVSSAC's Motion *in Limine* to Exclude Regional Principals' Meeting PowerPoint and Recorded Presentation.

* * *

| | |
|---|---|
| Dated: June 29, 2022 | Respectfully Submitted,<br>/s/ Loree Stark |
| Joshua Block*<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad St.<br>New York, NY 10004<br>Phone: (212) 549-2569<br>jblock@aclu.org | Loree Stark (Bar No. 12936)<br>Nick Ward (Bar No. 13703)<br>AMERICAN CIVIL LIBERTIES UNION OF WEST VIRGINIA FOUNDATION<br>P.O. Box 3952<br>Charleston, WV 25339-3952<br>Phone: (914) 393-4614<br>lstark@acluwv.org<br>nward@acluwv.ord |
| Avatara Smith-Carrington*<br>LAMBDA LEGAL<br>3500 Oak Lawn Avenue, Suite 500<br>Dallas, TX 75219<br>Phone: (214) 219-8585<br>asmithcarrington@lambdalegal.org | Kathleen Hartnett*<br>Julie Veroff*<br>Zoë Helstrom*<br>COOLEY LLP<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111<br>Phone: (415) 693-2000<br>khartnett@cooley.com<br>jveroff@cooley.com<br>zhelstrom@cooley.com |
| Carl Charles*<br>Tara Borelli*<br>LAMBDA LEGAL<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>Phone: (404) 897-1880<br>ccharles@lambdalegal.org<br>tborelli@lambdalegal.org | Katelyn Kang*<br>Valeria M. Pelet del Toro*<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001-2157<br>Phone: (212) 479-6000<br>kkang@cooley.com<br>vpeletdeltoro@cooley.com |
| Sruti Swaminathan*<br>LAMBDA LEGAL<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>Phone: (212) 809-8585<br>sswaminathan@lambdalegal.org | Elizabeth Reinhardt*<br>COOLEY LLP<br>500 Boylston Street, 14th Floor<br>Boston, MA 02116-3736<br>Phone: (617) 937-2305<br>ereinhardt@cooley.com |
| Andrew Barr*<br>COOLEY LLP<br>1144 15th St. Suite 2300<br>Denver, CO 80202-5686<br>Phone: (720) 566-4000<br>abarr@cooley.com | *Visiting Attorneys<br><br>*Attorneys for Plaintiff* |

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>     *Plaintiff*,<br><br>     v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>     *Defendants*,<br>    and<br>LAINEY ARMISTEAD,<br><br>     *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br>Hon. Joseph R. Goodwin |

## CERTIFICATE OF SERVICE

I, Loree Stark, do hereby certify that on this 29th day of June, 2022, I electronically filed a true and exact copy of the ***Plaintiff's Opposition To WVSSAC's Motion* In Limine *To Exclude Regional Principals' Meeting PowerPoint And Recorded Presentation*** with the Clerk of Court and all parties using the CM/ECF System.

             */s/ Loree Stark*
             Loree Stark
             West Virginia Bar No. 12936