IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT WVSSAC'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF TEXT AND EMAIL COMMUNICATIONS**

---

Defendant the West Virginia Secondary Schools Association Commission ("WVSSAC")

attempts to exclude text and email communications[1] that either directly discuss H.B. 3293 or

discuss the WVSSAC's Board of Directors' policy that governed the participation of transgender

students in athletics before H.B. 3293 was enacted.  This Motion is one of several from Defendants

---

[1] Plaintiff does not currently intend to introduce Exhibits B, D, E, I, L, and M referenced in WVSSAC's motion, but reserves her rights to use such documents, including as necessary for impeachment and/or rebuttal purposes.  For avoidance of confusion, the phrase "text and email communications" as used in this Opposition thus refers to Exhibits A, C, F, G, H, J, and K.

seeking to avoid statements made by key state actors regarding the bill at issue in this case.  (*See, e.g.*, Dkt. No. 400 (State Mot.) (seeking to exclude transcripts of legislative hearings); Dkt. No. 402 (State Mot.) (seeking to exclude legislator's statements).)    These text and email communications are all plainly relevant, despite WVSSAC's conclusory argument to the contrary, as they all speak to the legislature's intent in enacting H.B. 3293 and whether H.B. 3293 is substantially related to an important government interest under the Equal Protection Clause.[2]

The statements in these emails and text threads are also not hearsay.  WVSSAC concedes that the statements made by its Executive Director Bernie Dolan are admissible under Federal Rule of Evidence ("Rule") 801 as statements of admission by a party opponent.  (Dkt. No. 393 (WVSSAC Mot.) at 12.)  Thus, the only statements at issue are those not made by Mr. Dolan.  As discussed herein, these statements are also not hearsay, because they are not being offered for the truth of the matter asserted.

Finally, these documents are not unduly prejudicial under Rule 403.  WVSSAC speculates that Plaintiff seeks to introduce these documents "in an effort to impute them" to "Mr. Dolan or WVSSAC."  (Dkt. No. 393 (WVSSAC Mot.) at 12.)  Plaintiff has never done so, nor does Plaintiff intend to do so.  In any event, this unsupported speculation is insufficient to exclude from evidence in their entirety these clearly relevant documents.  Fed. R. Civ. P. 403; *see United States v. Mohr*, 318 F.3d 613, 618 (4th Cir. 2003) (requiring a showing of prejudice that "'substantially outweigh[s]'" a document's probative value).

For these reasons, as well as those discussed below, WVSSAC's motion should be denied.

---

[2] WVSSAC does not challenge the authenticity of any of these Exhibits in its motion.

**ARGUMENT**

**A. The Text Thread With Senator Stephen Baldwin (Ex. A) Regarding "The Transgender Student Athlete Bill" Is Admissible.**

Senator Stephen Baldwin's text thread with Mr. Dolan discusses the legislative history and intent in enacting H.B. 3293 (*see* Dkt. No. 392-1 (Ex. A)), and is therefore relevant to whether H.B. 3293 is constitutional under the Equal Protection Clause, *see United States v. Nasher-Alneam*, 399 F. Supp. 3d 561, 566–67 (S.D.W. Va. 2019) (evidence admissible where relevant to proving elements of case); (Kang Decl. Ex. 1 at No. 3 (indicating that WVSSAC produced this text thread in response to a request that sought documents "concerning the implementation, enforcement or application of H.B. 3293").)

WVSSAC makes the unsupported assertion that Mr. Dolan's statements within the text conversation and made during his deposition regarding the text conversation are irrelevant, but this is incorrect.  Mr. Dolan is the Executive Director of WVSSAC, which supervises and controls secondary school athletics in West Virginia.  (*See* Dkt. No. 289-18 (WVSSAC Dep. Tr.) at 29:20–30:22.)  He was designated as WVSSAC's Rule 30(b)(6) representative to speak on WVSSAC's behalf regarding H.B. 3293 and WVSSAC's policies governing the participation of transgender students in athletics.  (*See* Dkt. No. 186 (WVSSAC Dep. Notice) at Exhibit A.)  His testimony regarding these issues is thus plainly relevant to this litigation.

The statements in this text thread are also not hearsay.  As WVSSAC concedes, Mr. Dolan's statements are admissions of a party opponent.  (Dkt. No. 393 (WVSSAC Mot.) at 12); Fed. R. Evid. 801(d)(2).  Senator Baldwin's statements within the text message regarding the "transgender student athlete bill" are also admissible because they are not being offered to prove the truth of the matter, but to show how H.B. 3293 was understood by at least some legislators to be a bill specifically about transgender students.  *See* Fed. R. Evid. 801(c)(2) (limiting definition

3

of hearsay to statements submitted for truth of matter asserted); Fed. R. Evid. 803(3) (statements admissible to show present state of mind or motive).  The statements thus support Plaintiff's argument that H.B. 3293 was directed at and discriminates based on transgender status.

Finally, the text chain is not unfairly prejudicial under Federal Rule of Evidence 403. Contrary to WVSSAC's unsupported speculation, Plaintiff has not attempted to "impute Senator Baldwin's verbiage" to Mr. Dolan (Dkt. No. 393 (WVSSAC Mot.) at 2), nor would it make sense to do so.  WVSSAC also offers no support and cites no case law for why statements made by Mr. Dolan during deposition about this text thread would be "unfairly prejudicial."  WVSSAC's discomfort with H.B. 3293 being characterized as a "transgender bill"—contrary to some Defendants' specious arguments in this case that H.B. 3293 discriminates based on gender identity—is insufficient to show that any prejudice against WVSSAC "substantially outweigh[s]" this document's clear probative value. *Mohr*, 318 F.3d at 619 ("[*U*]*nfair* prejudice under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence." (emphasis in original)).

For these reasons, Exhibit A is admissible.

**B. The Email Exchanges in Exhibits C, F, G, H, J, and K Are Admissible.**

**1. The Email Exchange With Daniel Swartos Regarding WVSSAC's Transgender Policy (Ex. C) Is Admissible.**

Daniel Swartos' email, which involves a discussion about WVSSAC's transgender policy that governed athletics before H.B. 3293 was enacted, is relevant to this case.  In this exchange, Mr. Swartos, the Executive Director of the South Dakota High School Activities Association, asked Mr. Dolan a series of questions regarding whether West Virginia "ha[d] transgender policies."  (Dkt. No. 392-3 (Ex. C) at 1.)  In response, Mr. Dolan replied that "WV has a board policy that is not in our bylaws.  Basically, [w]e support whatever the local school's determination"

is and that "[i]t has not been challenged yet." (Dkt. No. 392-3 (Ex. C) at 2.)  The existence of this policy, the fact that it did not categorically prohibit transgender athletes from participating in sports, and Mr. Dolan's representation to Mr. Swartos that the policy was operative are all relevant to the question of whether H.B. 3293's categorical exclusion of girls who are transgender is substantially related to the government's alleged interests in enacting H.B. 3293.

These statements are also not hearsay.  As WVSSAC concedes, Mr. Dolan's statements are admissions by a party opponent.  (Dkt. No. 393 (WVSSAC Mot.) at 12.)  The questions asked by Mr. Swartos in the email regarding WVSSAC's policy are also not hearsay, because they are not assertions.  *See United States v. Sinclair*, 301 F. App'x 251, 253 (4th Cir. 2008) ("A question or inquiry is not a statement, and therefore is not hearsay unless it can be construed as an intended assertion." (collecting cases)).  Requests for information, like the requests in this email, "cannot be construed as assertions."  *Id.*

Admission of these statements is also not prejudicial, much less unduly so.  As noted above, this document is probative of the issues in this case, and WVSSAC offers no specific arguments for why this email exchange would result in "unfair prejudice" towards WVSSAC, let alone prejudice that "substantially outweigh[s]" the probative value of the document.  *See Mohr*, 318 F.3d at 620.

For these reasons, Exhibit C is admissible.

### 2. The Email And Attachment From Melissa White Regarding "Originating Bill Regarding Transgender Participation In Sports" (Exs. F, G, H) Are Admissible.

This email and its iterations, which involve a conversation between the Melissa White, Chief Counsel of the West Virginia House of Delegates, and Mr. Dolan (Dkt Nos. 392-6, 392-7, 392-8 (Exs. F, G, H)), speak to the legislative history of and the legislature's purpose in enacting H.B. 3293, and are therefore relevant to whether H.B. 3293 is constitutional under the Equal

5

Protection Clause.  *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977) (making clear that "contemporary statements by members of the decisionmaking body" *are* relevant to determine whether a statute was passed for a discriminatory purpose).

These statements are also not hearsay.  Mr. Dolan's statements are admissions of a party opponent. (Dkt. No. 393 (WVSSAC Mot.) at 12.)  Likewise, Melissa White's statements regarding "an originating bill regarding transgender participation in sports" are not hearsay because they are not being offered for the truth of the matter, but to show how H.B. 3293 was perceived by the West Virginia legislators who passed it and how H.B. 3293 was represented to the public.  *See* Fed. R. Evid. 801(c)(2) (limiting definition of hearsay to statements submitted for truth of matter asserted); Fed. R. Evid. 803(3) (statements admissible to show present state of mind or motive).

These statements are also not unfairly prejudicial.  Again, WVSSAC speculates without any support that Plaintiff will "unfairly impute Ms. White's verbiage" (Dkt. No. 393 (WVSSAC Mot.) at 7) to Mr. Dolan when Plaintiff has not and does not intend to do so.  Nor does Plaintiff intend to use any statement to "mislead[] the jury into believing that Mr. Dolan provided a substantive response" to this email.  (*Id*. at 7–8.)  Other than unsupported speculation, WVSSAC thus offers no evidence for why these plainly relevant emails should be excluded under Rule 403.

For these reasons, Exhibits F, G, and H are admissible.

**3. The Email Exchange With John Raby Regarding "A Story On The Transgender Athlete Bill (HB3293)" (Ex. J) Is Admissible.**

The email exchange between John Raby, a reporter, and Mr. Dolan "regarding transgender athlete participation in West Virginia" (Dkt. No. 392-10 (Ex. J)) is relevant to the issues in this case.  As WVSSAC acknowledges, Mr. Dolan states in response to Mr. Raby's questions that "WVSSAC is unaware of whether there are any transgender athletes participating in its activities." (Dkt. No. 393 (WVSSAC Mot. at 9.)  Mr. Dolan also states in this email that "[he is] unaware of

6

any trandgender [*sic*] athletes participating." (Dkt. No. 392-10 (Ex. J).)  The fact that WVSSAC,

which supervises and controls secondary school athletics in West Virginia, is "unaware of whether

there are any transgender athletes participating in its activities," and the fact that Mr. Dolan, who

is the Executive Director of the WVSSAC, is "unaware of any tran[s]gender athletes

participating," are both relevant to whether H.B. 3293 is substantially related to the government's

alleged interests in enacting H.B. 3293, as they demonstrate that the State lacked an "exceedingly

persuasive justification" for having adopted H.B. 3293.  *U.S. v. Virginia*, 518 U.S. 515, 555–56

(1996).

These statements are also not hearsay.  As WVSSAC concedes, Mr. Dolan's statements

are admissions of a party opponent.  (Dkt. No. 393 (WVSSAC Mot. at 12.)   The questions asked

by Mr. Raby in the email regarding WVSSAC's policy are also not hearsay, because they are not

assertions.  *See Sinclair*, 301 F. App'x at 253.  Requests for information, like the requests made

by Mr. Raby, "cannot be construed as assertions."  *Id.*

Furthermore, these statements are not unfairly prejudicial.  As with the other documents

that WVSSAC seeks to exclude, WVSSAC's prejudice argument is based on speculative assertions

that Plaintiff will impute Mr. Raby's "verbiage" to Mr. Dolan. (Dkt. No. 393 (WVSSAC Mot.) at

9.)  WVSSAC's boilerplate argument is insufficient to exclude this email under Rule 403.

For these reasons, Exhibit J is admissible.

### 4. The Email Exchange With Senator Stephen Baldwin and Melissa White Regarding WVSSAC's Board Of Directors Transgender Policy (Ex. K) Is Admissible.

This email exchange, entitled "Transgender Policy," involves Mr. Dolan forwarding to

Senator Stephen Baldwin and Melissa White a copy of WVSSAC's "Board of Director's [*sic*]

policy."  (Dkt. 392-11 (Ex. K).)  Mr. Dolan represents to Ms. White and Senator Baldwin that the

policy "ha[d] not been challenged by a parent or in court."  (*Id.*)  These representations are all

relevant to this case.  The existence of this policy, as well as Mr. Dolan's representation to Ms. White and Senator Baldwin that the policy had never been challenged, are all relevant to the question of whether H.B. 3293's categorical exclusion of girls who are transgender is substantially related to the government's alleged interests in enacting the law.

These statements are also not hearsay, because the statements by Mr. Dolan are admissions by a party opponent, as WVSSAC concedes.  (Dkt. No. 393 (WVSSAC Mot.) at 12.)

These relevant statements are also not unfairly prejudicial, and WVSSAC offers no evidence tending to show that the probative value of Mr. Dolan's statements is "substantially outweigh[ed]" by any prejudice.  *See Mohr*, 318 F.3d at 620.

For these reasons, Exhibit K is admissible.

## II. CONCLUSION

For the foregoing reasons, WVSSAC's Motion to *in Limine* to Exclude Evidence of Text and Email Communications should be denied with respect to Exhibits A, C, F, G, H, J, and K.

Dated: June 29, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
*/s/ Loree Stark*

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF
WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys*

*Attorneys for Plaintiff*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 29th day of June 2022, I electronically filed

a true and exact copy of *Plaintiff's Opposition to Defendant WVSSAC's Motion* **in Limine** *to*

*Exclude Evidence of Text and Email Communications* with the Clerk of Court and all parties

using the CM/ECF System.

<u>/s/ Loree Stark</u>
Loree Stark
West Virginia Bar No. 12936

10