IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J. by her next friend and mother, HEATHER JACKSON,

*Plaintiff*,

v.

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,

*Defendants*,

and

LAINEY ARMISTEAD,

*Defendant-Intervenor*.

Civil Action No. 2:21-cv-00316

Hon. Joseph R. Goodwin

**PLAINTIFF'S OPPOSITION TO DEFENDANT WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION'S MOTION *IN LIMINE* TO EXCLUDE BLATT EXHIBIT 21**

Plaintiff B.P.J., by and through her next friend and mother, Heather Jackson, respectfully submits this memorandum in opposition to Defendant the West Virginia Secondary School Activities Commission's ("WVSSAC") Motion *In Limine* to exclude the use of the 2021 Green Book Summary of Public Education Bills Enacted During the 2021 Regular Session ("Green Book"), which is Exhibit 21 to the deposition of Deputy State Superintendent Michele Blatt (ECF No. 289-19). WVSSAC's motion should be denied because the Green Book shows that the West Virginia State Board of Education ("State Board") reviewed and had knowledge of H.B. 3293 and

provides context for the State Board's subsequent determination that the Board does not support H.B. 3293. The Green Book is thus admissible under the Federal Rules.

**ARGUMENT**

To begin, the Green Book is an authentic record. *First*, it is an official publication of the State Board and thus is self-authenticating under Rule 902(5). *Second*, even if it not self-authenticating, the Green Book was authenticated under Rule 901(b)(1) by Deputy State Superintendent Michele Blatt when she was deposed as the corporate representative for the State Board and State Superintendent W. Clayton Burch. (Dkt. No. 289-19 (Blatt Dep. Tr.)) At deposition, Deputy State Superintendent Blatt stated that she recognized the Green Book, which had been produced by the State Board and State Superintendent Burch in response to Plaintiff's written discovery requests in this action and testified that it is "our summary of legislation that was passed in that 2021 session." (Blatt Dep. Tr. at 105:18–107:6.) Thus, the Green Book is authentic.

WVSSAC claims the Green Book is "quintessential hearsay," inadmissible, and that the "only potential efficacy the Green Book could have would be to try to align WVSSAC with the legislation or the State." (Dkt. No. 391 (Mot. to Exclude Blatt) at 5–6). But WVSSAC misapprehends the relevance of the Green Book. Contrary to WVSSAC's supposition, Plaintiff *does not* intend to offer the Green Book for the "truth of the matter asserted" that WVSSAC Executive Director Bernie Dolan in fact acted as the West Virginia Department of Education contact for questions regarding H.B. 3293. *See* Fed. R. Evid. 801. Plaintiff also *does not* intend to offer the Green Book as evidence that Mr. Dolan has any specialized knowledge about H.B. 3293 or that WVSSAC is "align[ed] with the legislation or the State." (Mot. to Exclude Blatt at 5.) Indeed, Plaintiff did not introduce the Green Book as an exhibit at the deposition of WVSSAC's corporate representative. (Dkt. No. 289-17 (Stutler and Mazza Dep. Tr.)). Instead, Plaintiff may offer the Green Book as evidence of the State Board's review and knowledge of the contents of

H.B. 3293 which, among other things, provides context for the State Board's position that it does not support H.B. 3293.

Accordingly, the admission of the 2021 Green Book, which has been properly authenticated and which Plaintiff does not intend to use for any of the reasons that WVSSAC outlines in its motion, is fair and in accordance with proper standards of evidence. Its use will result in no prejudice to WVSSAC or Mr. Dolan, but rather will ensure that the State Board's analysis of H.B. 3293 is known to the trier of fact.

**CONCLUSION**

For all the reasons above, Plaintiff therefore respectfully requests that the Court deny WVSSAC's Motion *In Limine* to Preclude Use of the 2021 Green Book.

Dated: June 29, 2022

Respectfully Submitted,

/s/ Loree Stark
Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
1 West Court Square, Suite 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

**Visiting Attorneys*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J. by her next friend and mother, HEATHER JACKSON,

*Plaintiff*,

v.

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,

*Defendants*,

and

LAINEY ARMISTEAD,

*Defendant-Intervenor*.

Civil Action No. 2:21-cv-00316

Hon. Joseph R. Goodwin

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 29th day of June 2022, I electronically filed a true and exact copy of the ***Plaintiff's Response to Defendant West Virginia Secondary School Activities Commission Motion* In Limine *to Exclude Blatt Exhibit 21*** with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936