IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON,<br><br>          *Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>          *Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>          *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br>Hon. Joseph R. Goodwin |

## PLAINTIFF'S OPPOSITION TO WVSSAC'S MOTION *IN LIMINE* TO PRECLUDE USE OF HARRISON COUNTY'S 30(B) TESTIMONY OUTSIDE SCOPE

Plaintiff B.P.J., a minor, by and through her next friend and mother, Heather Jackson, respectfully submits this memorandum in opposition to Defendant the West Virginia Secondary School Activities Commission's ("WVSSAC" or "Defendant") Motion *in Limine* to Preclude Use of Harrison County's 30(b) Testimony Outside Scope. (Dkt. No. 389 (WVSSAC's Mot.).) The testimony of Harrison County's organizational representative regarding the County's role in implementing H.B. 3293, including the County's delegation of authority to WVSSAC, is highly relevant and probative of important questions of law and fact in this matter. Defendant's motion should be denied.

1

## ARGUMENT

Harrison County (the "County") Superintendent Dora Stutler was designated as the County's organizational representative to testify at deposition about the following topic:

**TOPIC 8:**

The Harrison County Board and the County Superintendent's current and/or expected role in implementing, monitoring, supervising, regulating, and enforcing H.B. 3293, including any delegation of authority to or supervision over the West Virginia Secondary School Activities Commission.

(Dkt. No. 184 (Harrison Cnty. 30(b)(6) Notice) at 7.)

During Superintendent Stutler's deposition, she was asked questions about Topic 8, including about the relationship between the County and WVSSAC, in order to lay a foundation for testimony about the County's role in enforcing H.B. 3293 and delegating authority to WVSSAC.  Counsel for WVSSAC objected, claiming those foundational questions fell instead under Topic 10, for which a different organizational representative was designated.  Topic 10 reads:

**TOPIC 10:**

The relationship between the Harrison County Board and West Virginia Secondary School Activities Commission.

(*Id*. at 8.)

The questioning attorney, Ms. Reinhardt, explained on the record that her questions both "fall directly under" and were appropriate to "set a foundation" for Topic 8.  (Dkt. 289-17 (Harrison Cnty. 30(b)(6) Dep. Tr.) at 80:15–18, 81:2–5.)  And her questions did exactly that:  she asked a limited number of questions about the rules for determining player eligibility and handling related disputes (*id.* at 81:7–82:20), and then followed up to ask whether the same protocols and

rules "would [] also be true for H.B. 3293" (*id.* at 82:22).  All of this questioning was squarely within Topic 8.

WVSSAC nonetheless objects to various aspects of Superintendent Stutler's testimony. None of these objections have merit.

*First*, WVSSAC objects to Superintendent Stutler's testimony regarding the West Virginia Education Information System ("WVEIS"), and how that system relates to WVSSAC's protocols for assigning students to sex-separated teams.  (Dkt. No. 389 (WVSSAC's Mot.) at 2.)  But this objection is moot because Plaintiff does not intend to elicit this testimony from Superintendent Stutler at trial.

*Second*, WVSSAC objects that "Superintendent Stutler also was invited to speculate as to WVSSAC operations under H.B. 3293, which, by order of this Court has not gone into effect at this time (such that any procedures for any individual or entity have yet to be determined)."  (Dkt. No. 389 (WVSSAC's Mot.) at 2.)  But the fact that H.B. 3293 has been preliminarily enjoined does not affect the County's ability to testify about how it would enforce H.B. 3293, which is directly relevant to Plaintiff's ability to obtain complete relief, were she to prevail.  WVSSAC supplies no authority to support its assertion that organizational representatives cannot testify about implementation of a law unless the law has already taken effect.

*Third*, WVSSAC states that Superintendent Stutler agreed that WVSSAC is more knowledgeable about its own processes than is Superintendent Stutler.  (Dkt. No. 389 (WVSSAC's Mot.) at 2–3.)  But that is not a basis to exclude the County's testimony about any "delegation of" *the County's own* "authority to [WVSSAC] or supervision over" WVSSAC regarding enforcement of H.B. 3293.  (Dkt. No. 184 (Harrison Cnty. 30(b)(6) Notice) at 7.)  Even assuming that WVSSAC is more knowledgeable about its own rules, that alone does not diminish the County's own

3

understanding of the County's role in enforcing the challenged law, and Plaintiffs are entitled to introduce that testimony at trial.  To the extent WVSSAC disagrees with Superintendent Stutler's testimony, its objections go to weight, not admissibility.

Finally, WVSSAC seeks to expand its objection beyond Superintendent Stutler's testimony regarding Topic 8, requesting instead that Harrison County representatives defer entirely to WVSSAC regarding its rules.  (Dkt. No. 389 (WVSSAC's Mot.) at 3 (requesting "an order *in limine*, whereby the Harrison County Board of Education would defer to WVSSAC to testify to its rules, regulations and internal processes generally and as relates to H.B. 3293").)  There is no basis for such an order.  If WVSSAC disagrees with any of Superintendent Stutler's testimony, it can attempt to impeach the testimony.  But WVSSAC has no right to silence witnesses from the County from speaking about the County's direct experience with the relevant regulatory scheme and how it is implemented.

## CONCLUSION

For all the reasons above, Plaintiff respectfully requests that the Court deny WVSSAC's Motion *in Limine* to Preclude Use of Harrison County's 30(b) Testimony Outside Scope.

* * *

Dated: June 29, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
1 West Court Square, Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
*/s/ Loree Stark*

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J. by her next friend and mother, HEATHER
JACKSON,

                *Plaintiff*,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent, DORA
STUTLER in her official capacity as Harrison
County Superintendent, and THE STATE OF
WEST VIRGINIA,

                *Defendants*,

and

LAINEY ARMISTEAD,

                *Defendant-Intervenor*.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin

## CERTIFICATE OF SERVICE

I, Loree Stark, do hereby certify that on this 29th day of June, 2022, I electronically filed

a true and exact copy of the ***Plaintiff's Opposition To WVSSAC's Motion* In Limine *To Preclude***

***Use Of Harrison County's 30(b) Testimony Outside Scope*** with the Clerk of Court and all parties

using the CM/ECF System.

                */s/ Loree Stark*
                Loree Stark
                West Virginia Bar No. 12936