IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

**PLAINTIFF'S CONSOLIDATED OPPOSITION TO STATE OF WEST VIRGINIA, DEFENDANT-INTERVENOR LAINEY ARMISTEAD, AND WVSSAC'S MOTIONS *IN LIMINE* TO BAR PLAINTIFF'S CLAIMS RELATED TO UNDISPUTED FACTS (DKT. NOS. 386 & 398)**

Plaintiff B.P.J., a minor, by and through her next friend and mother, Heather Jackson, respectfully submits this consolidated memorandum in opposition to Defendant State of West Virginia and Defendant-Intervenor Lainey Armistead's Motion *in Limine* to Bar Plaintiff's Claims to Undisputed Facts, (Dkt. No. 399), and in opposition to Defendant West Virginia Secondary School Activities Commission's ("WVSSAC") Motion *in Limine* to Preclude Plaintiff From Offering As Evidence the Assertions Contained in Plaintiff's Statement of Undisputed Facts (Dkt.

1

No. 387) (collectively, "Motions," collectively, "Defendants"). Both of Defendants' Motions fail on the same grounds.

## ARGUMENT

**A. Defendants' Motions Are Based On Erroneous Assumptions.**

Both Motions appear to be based on the misconception that Plaintiff will be offering into evidence the Statement of Undisputed Material Facts ("SUF") itself at trial. This is incorrect. While the SUF was properly part of Plaintiff's Motion for Summary Judgment (*see* Dkt. No. 357 (BPJ Reply) at 1–3), Plaintiff will not be offering the SUF in whole or in part at trial. Rather, Plaintiff will be offering the underlying evidence cited in the SUF as necessary to prove her claims.

Both briefs also make assertions—with no case support—that Plaintiff should be prevented from referring to facts as "undisputed" at trial. (*See* Dkt. No. 387 (WVSSAC Mot.) at 2–3; Dkt. No. 399 (State Mot.) at 3.) These assertions are based on the incorrect premise that the only way a fact can be "undisputed" is if all parties agree to a stipulation of the fact. But this is clearly wrong: facts are "undisputed" if the opposing party fails to offer any evidentiary basis to dispute them. *Cf. Danser v. Stansberry*, 772 F.3d 340, 343 (4th Cir. 2014) (finding fact "undisputed" even where parties had disagreement). As permitted by the Rules, Plaintiff will introduce relevant and probative facts and specify at the appropriate time whether such fact is "undisputed." Plaintiff will not claim a fact is "undisputed" unless such representation is accurate. Contrary to Defendants' assertions, that the characterization of facts as such—made accurately and with the appropriate evidentiary support—may harm Defendants' case does not warrant exclusion under Rule 403. *See United States v. Mohr*, 318 F.3d 613, 619 (4th Cir. 2003) ("*[U]nfair* prejudice under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of

the evidence.") (citation omitted). And Defendants' counsel is free to characterize those facts otherwise if they believe that there is a good-faith basis to do.

**B. The Underlying Evidence In The SUF Is Admissible.**

The stipulations, interrogatory answers, and admissions contained in Plaintiff's Statement of Undisputed Material Facts ("SUF") are relevant, probative of important questions of law or fact, and streamline issues to be resolved at trial. The Federal Rules of Evidence permit Plaintiff's use of stipulations, interrogatory answers, and admissions at trial against the parties who made such stipulations or responses. Defendants' attempt to exclude the underlying evidence cited in Plaintiff's SUF should thus be denied.

The State and Defendant-Intervenor attempt to exclude this evidence by asserting that stipulations, interrogatory answers, and admissions by other parties have no relevance to any other party. (Dkt. No. 399 (State Mot.) at 3.) This is wrong. Stipulations and discovery responses are clearly admissible against the party or parties who made them. Fed. R. Evid. 105. Moreover, stipulations and discovery responses are proper evidence against third parties, even though they are not binding on such third parties. The trier of fact can determine what weight, if any, to give stipulations or discovery responses offered against third parties. To the extent they deem necessary, Defendants are free to request a limiting instruction or otherwise seek a ruling that, in their view, "restrict[s] the evidence to its proper scope." *Id.*; *CSX Transp., Inc. v. Gilkison*, No. 05CV202, 2013 WL 85140, at *2 (N.D.W. Va. Jan. 7, 2013) ("This Court will consider, if offered, a limiting or cautionary instruction under Federal Rule of Evidence 105 either to be given at trial or as part of the jury charge.").

Defendants also both argue—by referring generally to the SUF—that reliance on the SUF would create a "waste of time" or "unfairly prejudice" Defendants. (Dkt. No. 386 (WVSSAC Mot.)

at 2; *see* Dkt. No. 399 (State Mot.) at 3–4.) Plaintiff disagrees, and in any case, is not seeking to import the SUF wholesale into evidence. Plaintiff will introduce the underlying facts within the SUF as appropriate, and if the Defendants have any objections to particular evidence cited in the SUF, they may make specific objections to that evidence during trial.

## CONCLUSION

Under the Federal Rules of Evidence and all applicable law, Plaintiff should be permitted to rely on stipulations and discovery responses, including those cited to in the SUF. Moreover, Plaintiff should be able to accurately represent that a relevant and probative fact is "undisputed" at the appropriate time. Defendants' motion should thus be denied.

Dated: June 29, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
/s/ Loree Stark
Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

Attorneys for Plaintiff

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 29th day of June, 2022, I electronically filed a true and exact copy of the ***Plaintiff's Opposition To State of West Virginia, Defendant-Intervenor Lainey Armistead, and WVSSAC's Motions*** *In Limine* ***To Bar Plaintiff's Claims To Undisputed Facts*** with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936
