IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

**PLAINTIFF'S OPPOSITION TO DEFENDANT STATE OF WEST VIRGINIA'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT CERTAIN STATEMENTS OF STATE SUPERINTENDENT BURCH AND RELATED PARTIES**

The State of West Virginia ("State") moves to exclude or limit the admissibility of statements made by or on behalf of West Virginia State Superintendent W. Clayton Burch ("State Superintendent") and the West Virginia State Board of Education ("State Board"). This is part of a concerted effort by Defendants to exclude relevant statements by the state actors who either enacted or will enforce H.B. 3293. The State incorrectly argues that such statements are irrelevant and inadmissible hearsay. Untethered from law and logic, the State's motion should be denied.

1

# ARGUMENT

The State seeks to exclude three statements made by or on behalf of the State Board and State Superintendent:

1. On March 15, 2021, Heather Hutchens, as General Counsel for the West Virginia State Department of Education, described H.B. 3293 in an official government email as "much ado about nothing." (Dkt. No. 290 (Plaintiff's Statement of Undisputed Material Facts ("Pl. SUF")) ¶ 66 (citing WVSBOE 000006).)

2. On February 14, 2022, Michele Blatt testified at deposition as the State Board's organizational representative, per Federal Rule of Civil Procedure 30(b)(6). When asked whether the State Board agreed with General Counsel Hutchens's assessment of H.B. 3293 as "much ado about nothing," Ms. Blatt stated, "I just know that we don't see an issue in West Virginia" with transgender girls' participation in school sports. (Dkt. No. 289-19 (State Board Dep. Tr.) at 102:7–13.)

3. On March 30, 2022, counsel for the State Board and the State Superintendent filed a stipulation in this Court recognizing that the State Superintendent "does not support H.B. 3293[.]" (ECF No. 270 ("Stipulation of Uncontested Facts"), ¶ 5.)

The above-quoted statements are relevant to the validity of the State's purported rationale for adopting H.B. 3293, and each is admissible against the State.

*First*, all three statements are highly relevant to a "fact . . . of consequence" in this action. *See* Fed. R. Evid. 401(b). To survive scrutiny under the Equal Protection Clause, the government must show H.B. 3293 is supported by an "exceedingly persuasive justification." *U.S. v. Virginia* ("*VMI*"), 518 U.S. 515, 555–56 (1996). Although the State claims H.B. 3293 was designed to prevent the "displace[ment]" of cisgender female athletes in school sports, *see* W. Va. Code § 18-2-25d(a)(3), it has offered no evidence of such "displace[ment]" ever occurring, (*see generally*

Dkt. No. 291 (Pl. MSJ), at 23–34).  Nor has the State shown that H.B. 3293's discrimination is "substantially related" to any state interest, important or otherwise.  *See VMI*, 518 U.S. at 533.  To the contrary, the record overwhelmingly shows that H.B. 3293's purported underpinnings are illusory, and each statement that the State seeks to exclude through this motion is relevant to that end.  Specifically, the statements indicate that key state bodies and state officials were aware of no issue of the "displace[ment]" of cisgender female athletes by transgender female athletes in school sports, thus supporting Plaintiff's argument that H.B. 3293 is not substantially related to an important government interest.  That the State Board and prominent office holders in that entity (including the State Superintendent and General Counsel) do not support H.B. 3293 further underscores the vacuity of the government's proffered rationale.  The statements are thus eminently relevant to the disposition of this action.

*Second*, each statement at issue in this motion is admissible notwithstanding the rule against hearsay.  Initially, each statement is plainly admissible against the State Board and State Superintendent as a party admission, and the State does not dispute this fact.  *See* Fed. R. Evid. 801(d)(2)(C) (recognizing a statement is not hearsay when "offered against an opposing party" and "made by a person whom the party authorized to make a statement on the subject"); *Matamoros v. Starbucks Corp.*, 699 F.3d 129, 136 (1st Cir. 2012) (noting testimony by a representative designated under Fed. R. Civ. P. 30(b)(6) is admissible under Fed. R. Evid. 801(d)(2)); *Hanson v. Waller*, 888 F.2d 806, 814 (11th Cir. 1989) (recognizing that statements by an attorney made in a "representational capacity" constitute admissions under Fed. R. Evid. 801(d)(2)(C)).[1]

---

[1] *See also* Fed. R. Civ. P. 32(a)(3) ("An adverse party may use for *any purpose* the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30 (b)(6)[.]" (emphasis added)).

Further, General Counsel Hutchens's description of H.B. 3293 as "much ado about nothing," in her official government email is likewise admissible—the statement is not being offered for its truth, but to show her perception regarding the bill. *See* Fed. R. Evid. 803(3) (statements admissible to show present state of mind or motive). So too is the signed stipulation filed in this Court by counsel for the State Board and the State Superintendent stating that the State Superintendent "does not support H.B. 3293[.]" *See Fernando v. Fed. Ins. Co.*, No. 18-10504-MBB, 2022 WL 773234, at *14 (D. Mass. Mar. 14, 2022) (recognizing court filings are "admissible under the 'residual exception' of Fed. R. Evid. 807 as a statement with sufficient guarantees of trustworthiness" (citations omitted)).[2]

*Finally*, there is no basis to limit the admissibility of the statements at issue under Federal Rules 105 and 403. Such arguments "are inapposite in a bench trial, where there is no risk of jury prejudice." *United States v. Lim*, 57 F. App'x 701, 704 (7th Cir. 2003) (citations omitted); *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994) ("[W]e hold that in the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial." (citation omitted)); *see also* Fed. R. Evid. 105 (pertaining to "instruct[ions to] *the jury*" (emphasis added)). And even if an advisory jury is empaneled, Defendants can argue for a limiting instruction, which Plaintiff reserves the right to oppose.

---

[2] Plaintiff also incorporates by reference the arguments made in her consolidated opposition to Defendant the State of West Virginia, Defendant-Intervenor, and WVSSAC's motions *in limine* to exclude the assertions made in Plaintiff's Statement of Undisputed Material Facts. (*See* Dkt. No. 387 (WVSSAC Mot.); Dkt. No. 399 (State Mot.).)

## CONCLUSION

For each of the aforementioned reasons, Plaintiff respectfully moves this Court to deny the State's motion.


Dated: June 29, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
/s/ Loree Stark

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 29th day of June 2022, I electronically filed a true and exact copy of the ***Plaintiff's Opposition to Defendant State of West Virginia's Motion in Limine** to Exclude or Limit Certain Statements of State Superintendent Burch and Related Parties* with the Clerk of Court and all parties using the CM/ECF System.

/s/ Loree Stark
Loree Stark
West Virginia Bar No. 12936

7