IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS HARRISON COUNTY BOARD OF EDUCATION AND DORA STUTLER'S MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF TESTIMONY BY STUTLER**

Plaintiff B.P.J., a minor, by and through her next friend and mother, Heather Jackson, respectfully submits this memorandum in opposition to Defendants the Harrison County Board of Education and Superintendent Stutler's ("Stutler") (collectively, the "County") Motion *in Limine* to Preclude Introduction of Testimony by Stutler. (Dkt. No. 383 (County's Mot.).) The County's motion should be denied because the testimony provided by Superintendent Stutler was not outside the scope of Rule 30(b), and even if the County could show that the testimony was outside the scope of the 30(b)(6) topics, its motion to exclude the testimony should still be denied, because

the testimony would still be admissible as testimony by Superintendent Stutler in her individual capacity.

## ARGUMENT

### I. The County's Rule 30(d)(3) Claim Is Improper.

The County moves this Court to exclude various testimony from Superintendent Stutler pursuant to Rules 30(b)(6) and 30(d)(3) of the Federal Rules of Civil Procedure. (Dkt. No. 383 (County's Mot.) at 1, 10.) Despite the County's assertion, a motion *in limine* pursuant to Rule 30(d)(3) is not the proper vehicle to resolve issues of scope, and in any event, the County has not properly complied with the requirements of Rule 30(d)(3). (Dkt. No. 383 (County's Mot.) at 10.)

Rule 30(d)(3) states that "at any time ***during*** a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."[1] Fed. R. Civ. P. 30(d)(3)(A) (emphasis added). As the County acknowledges, in order to limit the deposition, "the party should state on the record that it is instructing the witness pursuant to Rule 30(d)(3) and follow up by filing a Rule 30(d)(3) motion after the depositions concludes." (Dkt. No. 383 (County's Mot.) at 5). The County did not state on the record that it was instructing its witness not to answer or moving to limit testimony, and it did not file a Rule 30(d)(3) motion after the deposition concluded. It thus cannot seek relief under Rule 30(d)(3) now. *See Kovich v. Nationwide Prop. & Cas. Ins. Co.*, No. 3:20-CV-00518, 2021 WL 5450455, at *2 (S.D.W. Va. Nov. 22, 2021) (finding that defendant did not comply with Rule 30(d)(3) because it did not move under the rule "at the time of the deposition" and failed to "explicitly assert at the deposition that it was

---

[1] The County offers no evidence in support of its accusation that testimony was elicited in an unreasonably annoying or oppressive way.

instructing the witness pursuant to Rule 30(d)(3), and did not file a Rule 30(d)(3) motion upon the conclusion of the deposition."). And in any event, a motion *in limine* is not the proper vehicle for a Rule 30(d)(3) claim. *See id*. (requiring party to "file a Rule 30(d)(3) motion upon the conclusion of the deposition").

Because the County failed to state on the record that it was objecting on Rule 30(d)(3) grounds and failed to file a corresponding motion, its attempt to seek relief under Rule 30(d)(3) is moot. *See also Rudolph v. Buncombe Cnty. Gov't*, No. 1:10CV203, 2011 WL 5326187, at *1–2 (W.D.N.C. Nov. 4, 2011) (finding plaintiff's request for reconsideration of 30(d)(6) motion moot where plaintiff filed the motion the day of the deposition but nonetheless continued deposition).

II. **Superintendent Stutler's Deposition Testimony Should Not Be Excluded.**

The County requests that "all testimony by Stutler that was elicited in response to the questions posed to her that fell outside the scope of Plaintiff's Rule 30(b)(6) notice should be excluded . . . including but not limited to Stutler's answers to all of the questions listed in Section II." (Dkt. No. 383 (County's Mot.) at 10.) It then elaborates on that broad, vague request with a handful of specific examples. There is no basis for exclusion of this testimony.

As a threshold matter, the County is required to set forth specific testimony it seeks to exclude, and because it has not, its motion must be denied. Notably, this Court has routinely denied highly vague "shotgun" motions. *Huskey v. Ethicon, Inc.*, No. 2:12-CV-05201, 2014 WL 3861778, at *1 (S.D.W. Va. Aug. 6, 2014) (denying motion *in limine* where party simply provided examples for the category of evidence it sought to exclude) (Goodwin, J.); *Watkins v. Cook Inc.*, No. 2:13-CV-20370, 2015 WL 1395638, at *7 (S.D.W. Va. Mar. 25, 2015) (stating that "I simply cannot make a substantive ruling at this time without additional information. Therefore, a blanket exclusion of such evidence, argument, or testimony would be premature") (Goodwin, J.); *see also*

3

*E.I. DuPont De Nemours & Co. v. Kolon Indus., Inc.*, 564 F. App'x 710, 715 (4th Cir. 2014) ("[A] court is often wise to await the unfolding of evidence before the jury before undertaking to make definitive rulings on the likely probative value of disputed evidence.")

In any event, even taking each category as inadequately described by the County, there is no basis for the requested exclusion.

**A. Testimony Under Topic 8 Should Not Be Excluded.**

The County proffers a handful of examples from Stutler's testimony that it asserts should be excluded because such testimony allegedly exceeded the scope of certain topics outlined in Plaintiff's Notice of Deposition. (*See* Dkt. No. 383 (County's Mot.) at 10.) The County's objections to those examples do not warrant exclusion, because the examples do not exceed the scope of the deposition.[2]

Topic 8 states:

> The Harrison County Board and the County Superintendent's current and/or expected role in implementing, monitoring, supervising, regulating, and enforcing H.B. 3293, *including any delegation of authority to or supervision over the West Virginia Secondary School Activities Commission.*

(Dkt. No. 383-1 (County's Mot. Ex. 1) (Pl's Not. of 30(b)(6) Dep Ex. A.) (emphasis added). Despite its express relevance to Topic 8, the County seeks to exclude all testimony related to the West Virginia Secondary School Activities Commission ("WVSSAC"). For example, the County seeks to exclude testimony regarding whether "the county board [has] delegated any of its powers, as it relates to sports, to WVSSAC." (Dkt. No. 383 (County's Mot.) at 6.) This line of questioning

---

[2] The Fourth Circuit has not directly addressed the question of whether the 30(b)(6) notice "'constitutes the minimum, not the maximum, about what a deponent must be prepared to speak,'" but other courts have held that "'a 30(b)(6) deposition is governed not by the notice of a deposition but by relevance under Rule 26(b)(1).'" *See, e.g.*, *EEOC v. Freeman*, 288 F.R.D. 92, 103 n.2 (D. Md. 2012).

4

discussing H.B. 3293—which undisputedly pertains to "athletic teams or sports that are sponsored by any public secondary school" in West Virginia, W. Va. Code § 18-2-25d(c)(1)—falls squarely within Topic 8's parameters. The County's attempt to exclude this line of testimony is thus baseless.

The County further argues for exclusion by claiming that the testimony at issue falls within the scope of Topic 10. This argument also fails. As noted in Plaintiff's opposition to WVSSAC's motion *in limine* to preclude the use of Superintendent Stutler's testimony (Dkt. No. 388 (WVSSAC Mot.)), Plaintiff's counsel stated on the record that her questions both "fall directly under" and were appropriate to "set a foundation" for Topic 8.[3] (Dkt. No. 383-2 (County's Mot. Ex. 2) (County Dep. Tr.) at 80:15-18, 81:2-5.) Plaintiff's counsel asked a limited number of questions about the rules for determining player eligibility and handling related disputes (*id.* at 81:7-82:20), and then followed up to ask whether the same protocols and rules "would also be true for H.B. 3293" (*id.* at 82:22). These questions are clearly within Topic 8's scope.

The County's remaining examples pertaining to Topic 8 concern testimony that was *volunteered by its own deponent*.[4] The County offers no support for its argument that testimony

---

[3] The County's position that a party cannot ask questions that are necessary to lay a foundation is at odds with the position taken by counsel for WVSSAC, who objected throughout Stutler's deposition on grounds of "foundation and scope." (Dkt. No. 383-2 (County's Mot. Ex. 2) (County Dep. Tr.) at 77:11-77:16.) Defendants cannot seek to exclude questions that are necessary for laying a foundation while simultaneously objecting to testimony that they assert was improperly elicited without an appropriate foundation.

[4] The County seeks to exclude the following testimony, which was volunteered unprompted by its witness:
> Q. Is the county board able to delegate powers to another body?
> A. Can you rephrase that or ask that in another way?
> Q. Of course. I can ask a more direct question. Has the county board delegated any of its powers, as it relates to sports, to WVSSAC?
> …
> A. No.

voluntarily introduced by a Rule 30(b)(6) witness should be excluded on grounds of scope, and, in any event, the testimony at issue is within scope.

Accordingly, the County's attempts to exclude testimony under Topic 8 should be denied. Furthermore, even were the Court to determine that such testimony exceeded the scope of Topic 8, the testimony is still admissible and binding on Stutler in her individual capacity, and thus should not be excluded in its entirety. *See Freeman*, 288 F.R.D. at 99.

**B. Testimony Under Topics 1 and 7 Should Not Be Excluded.**

The County also seeks to exclude relevant foundational testimony by Stutler related to Title IX, despite this testimony being within the scope of Topics 1 and 7.

Topic 1 states:

> The organization and structure of the Harrison County Board, including current employees and former employees of the Harrison County Board who were employed January 1, 2019 onward but since departed, their positions, and the scope of their responsibilities, including the role and responsibilities of the County Superintendent.

Topic 7 states:

> The policies, documents, and communications of the Harrison County Board and the County Superintendent concerning the participation of transgender students in school-sponsored sports in Harrison County.

---

> Q. Has the county board delegated any of its powers, as it relates to sports, to any other entity other than the County itself?
> …
> A. Can we talk about what the SSAC…the oversight of the SSAC for the counties in general? Because the confusion is…the West Virginia SSAC is an oversight board and provides guidance for our schools and our athletic programs.

(Dkt. No. 383-2 (County's Mot. Ex. 2) (County Dep. Tr.) at 71:21-72:20.)

6

(Dkt. No. 383-1 (County's Mot. Ex. 1) (PL's Not. of 30(b)(6) Dep Ex. A.) For the same reasons stated in Section II(A) *supra*, the County has no basis to exclude this testimony.

Throughout the deposition, Superintendent Stutler introduced aspects of Title IX and provided testimony regarding the County's Title IX investigator, Sarah Starkey. (Dkt. No. 383-2 (County's Mot. Ex. 2) (County Dep. Tr.) at 63:22-23, 93:8-93:15, 94:11-94:17, 111:11-112:3, 114:11-115:6 (discussion of Title IX investigator, Sarah Starkey, including as it related to gender support plans).) However, when Counsel for Plaintiff asked questions about the County's role with Title IX in connection to transgender students and sports specifically, the County asserted that these questions were outside the scope of the 30(b)(6) notice. Counsel responded that:

> Sarah Starkey was discussed, and I'm trying to get more background information on the Title IX office, their role, and her role and what would be involved of Sarah Starkey and her roles. I'm also asking as it relates to topic 7.

(Dkt. No. 383-2 (County's Mot. Ex. 2) (County Dep. Tr.) at 148:19-149:2.) Consistent with Topic 1, Plaintiff's counsel was entitled to ask questions regarding the role of Sarah Starkey, the County Title IX investigator—*i.e.*, an "employee . . . of the Harrison County Board." And consistent with Topic 7, Plaintiff's counsel was also entitled to ask questions regarding the role of Title IX as it related to "the participation of transgender students in school-sponsored sports." Because Plaintiff's counsel's questions were directly within the scope of the County's 30(b)(6) notice, testimony related to Topics 1 and 7 should not be excluded.

Moreover, even were the Court to determine that such testimony exceeded the scope of these Topics, Stutler's responses are nonetheless admissible in her individual capacity, and thus should not be excluded in their entirety. *See Freeman*, 288 F.R.D. at 99.

## CONCLUSION

For all the reasons above, Plaintiff respectfully requests that the Court deny the County's Motion *in Limine* to Preclude Introduction of Testimony by Superintendent Stutler.

Dated: June 29, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
/s/ Loree Stark

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 29th day of June, 2022, I electronically filed a true and exact copy of ***Plaintiff's Opposition To Defendants Harrison County Board Of Education And Dora Stutler's Motion In* Limine *To Preclude Introduction Of Testimony By Stutler*** with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936

10