IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S OPPOSITION TO DEFENDANT STATE OF WEST VIRGINIA'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DISORDERS OF SEXUAL DEVELOPMENT**

Plaintiff B.P.J., a minor, by and through her next friend and mother, Heather Jackson, respectfully submits this memorandum in opposition to Defendant the State of West Virginia's ("State") Motion *in Limine* to Exclude Evidence of Disorders/Differences of Sexual Development ("DSDs"). (Dkt. No. 397.)

1

**ARGUMENT**

In support of its motion to exclude testimony regarding DSDs, the State repeats the same arguments it made in its *Daubert* motions to exclude testimony from Plaintiff's experts regarding DSDs. (*See* Dkt. No. 314 (Safer *Daubert*) at 17–19; Dkt. No. 308 (Adkins *Daubert*) at 8–10.) Responding to those *Daubert* motions, Plaintiff explained in depth why information regarding athletes with DSDs is relevant to B.P.J.'s as-applied challenge. (*See* Dkt. No. 350 (Safer *Daubert* Opp.) 16–17; Dkt. No. 351 (Adkins *Daubert* Opp.) 9–11.)

In his expert report, Dr. Safer explains that "[s]ome elite female athletes have '46,XY DSDs,' a group of conditions where individuals have XY chromosomes but are born with typically female external genitalia and assigned a female sex at birth. Among individuals with 46,XY DSD some may have inactive testosterone receptors (a syndrome called "complete androgen insensitivity syndrome, CAIS") which means they don't respond to testosterone despite very high levels. Usually, these individuals have female gender identity and have external genitalia." (Dkt. No. 289-25 (Safer Rep.), ¶ 26(b).) Dr. Safer further explained that, because women with CAIS do not experience physiological changes resulting from a typically male puberty, "[i]t has long-been recognized that women with CAIS have no athletic advantage simply by virtue of having XY chromosomes." (*Id.* ¶ 50.). Similarly, in her expert report, Dr. Adkins explains that people with CAIS "do not have the tissue receptors that respond to testosterone or other androgens," and "[i]f their testes are left in place, the body will convert the hormones into estrogen." (Dkt. No. 307-2 (Ex. 1 (Adkins Rep.), ¶ 48(a).) This testimony regarding people with DSDs—and about women with CAIS in particular—is directly relevant to B.P.J.'s as-applied claims.

*First*, background information about people with DSDs is relevant to establish that H.B. 3293's definition of "biological sex" as exclusively based on genetics and reproductive biology does not reflect the scientific understanding of that term.

*Second*, background information about women with CAIS demonstrates that average sex-based differences in athletic performance are not determined by chromosomes or reproductive biology (*i.e.*, the criteria set forth in H.B. 3293 for determining "biological sex"). Rather, such differences are determined by the body's response to testosterone during puberty. As Dr. Safer explained in his expert report, a transgender girl like B.P.J. who never undergoes endogenous puberty is similarly situated to women with CAIS. (Dkt. No. 289-25 (Safer Rep.) ¶ 50). Just as women with CAIS have no athletic advantage by virtue of their chromosomes, B.P.J. does not have athletic advantage by virtue of her chromosomes either.

*Third*, information about women with CAIS is relevant because the transgender participation policies adopted by World Athletics and the IOC were based on the knowledge and experience gained from working with athletes with DSDs. (*See* Kang Decl. Ex. 2 (Rogol AD, Pieper LP. *The interconnected histories of endocrinology and eligibility in women's sports*. Horm Res Paediatr 2018; 90:213–20) (cited in Dkt. No. 289-25 (Safer Rep.)).)

Defendant's argument for exclusion based on Rule 403 is also meritless. Background information about women with CAIS is relevant to B.P.J.'s as-applied claims and will not "confus[e] the issues" in any way. (Dkt. No. 397 (State Mot.) at 3.)

## CONCLUSION

For all the reasons above, and for the reasons given in Plaintiff's opposition to Defendants' *Daubert* motions regarding DSDs, the State's Motion *in Limine* to Exclude Evidence of Disorders/Differences of Sexual Development should be denied.

Dated: June 29, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
/s/ Loree Stark

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

Attorneys for Plaintiff

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 29th day of June 2022, I electronically filed a true and exact copy of the ***Plaintiff's Opposition to Defendant State of West Virginia's Motion in Limine** to Exclude Evidence of Disorders of Sexual Development* with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936

5