IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S OPPOSITION TO DEFENDANT STATE OF WEST VIRGINIA'S MOTION *IN LIMINE* TO EXCLUDE TRANSCRIPT OF LEGISLATIVE HEARINGS**

Plaintiff B.P.J., a minor, by and through her next friend and mother, Heather Jackson, respectfully submits this memorandum in opposition to Defendant the State of West Virginia's ("State" or "Defendant") Motion *in Limine* to Exclude Transcript of Legislative Hearings. (Dkt. No. 400.) Incredibly, the State seeks to preclude the Court, as trier of fact, from considering the legislative debate that led to the passage of H.B. 3293. This is part of a notable pattern in Defendants' motions *in limine* of seeking to run from the statements of all state actors concerning H.B. 3293. The legislative hearings, which are public records, are plainly admissible.

1

**ARGUMENT**

The legislative hearings for H.B. 3293 are public records. Recordings of the proceedings before the Senate are available online.[1] Recordings of the proceedings before the House were obtained through public records requests, which were produced to Defendants on May 26, 2021 (Dkt. No. 1-1 (Stark Decl.)), on June 9, 2021 (Dkt. No. 25 (Kang Supp. Decl.)), and again on April 21, 2022 (Dkt. No. 289-1 (Stark Decl.)). For the Court's convenience, one of Plaintiff's attorneys—Loree Stark—has provided a declaration transcribing portions of the proceedings so they can be readily cited in the parties' filings. (*See* Dkt. No. 1-1 (Stark Decl.).)

Defendant now seeks to exclude Ms. Stark's transcription as inadmissible hearsay. (Dkt. No. 401 (State Mot.) at 2-3.) But that transcription is not itself being proffered as evidence. Rather, the underlying recordings will be introduced as public records pursuant to Federal Rules of Evidence 803(8), 1004, and 1005. If Defendants are unwilling to stipulate to the accuracy of Plaintiff's (sworn) transcription, the recordings can be played in open court.

Defendant also asserts that the recordings' content—statements of individual legislators—are hearsay because such statements are "nothing more than a series of out-of-court statements by various individuals." (Dkt. No. 401 (State Mot.) at 3.) But the statements of individual legislators are admissible under Rule 803(3) as "a statement of the declarant's then-existing state of mind (such as motive, intent, or plan)." "The statements are not being introduced to prove the truth of the matters asserted; rather, to evince the declarant's then-existing intent, which falls squarely

---

[1] The first part of the April 1, 2021 West Virginia Senate Education Committee hearing is available at: http://sg001-harmony.sliq.net/00289/Harmony/en/PowerBrowser/PowerBrowserV2/20210330/-1/50887 (last accessed June 28, 2022). The second part of the West Virginia Senate Education Committee on or around April 1, 2021 is available at: http://sg001-harmony.sliq.net/00289/Harmony/en/PowerBrowser/PowerBrowserV2/20210401/-1/50893 (last accessed June 28, 2022). The April 8, 2021 West Virginia Senate Hearing is available at http://bit.ly/3bWYZVf (last accessed June 28, 2022).

under Rule 803(3), the state-of-mind exception to the rule against hearsay." *Ne. Ohio Coal. for the Homeless v. Husted*, No. 2:06-CV-896, 2016 WL 1047130, at *2 (S.D. Ohio Mar. 16, 2016) (finding legislators' statements are admissible to show intent). For example, by noting that a legislator stated that the "trans movement is an attack upon womanhood," (Dkt. No. 290 (Pl.'s SUF) ¶¶ 55–56), Plaintiff does not seek to prove that truth of those assertions, but rather to show the motivations of the speaker.

In addition to its meritless objections based on hearsay, Defendant asserts that the excerpts that will be introduced by Plaintiff are merely partial segments of legislative hearings and are therefore inadmissible under Rule 106's "rule of completeness." (Dkt. No. 401 (State Mot.) at 3.) But Plaintiff has no objection to the complete set of legislative recordings being admitted into evidence. As noted above, those public records are either available on government websites or available via public records requests, and all recordings have already been produced to Defendant.

Finally, Defendant argues that statements by legislators are not relevant. (Dkt. No. 401 (State Mot.) at 4-6.) Plaintiff responded to these arguments in her reply memorandum of law in support of summary judgment (Dkt. No. 357 (Pl. Reply) at 16–18), and her opposition to the State's Motion in Limine to Exclude Several Legislators' Statements (Dkt. No. 402 (State Mot.). As explained in Plaintiff's previous submissions, the Supreme Court of West Virginia did not, as the State claims, hold that legislators' contemporaneous statements cannot be legislative history. In *Phillips v. Larry's Drive-In Pharmacy, Inc.*, 220 W. Va. 484 (2007), the Supreme Court of West Virginia addressed whether a court may "consider the post-enactment testimony of a former member of the Legislature regarding the intent behind the entire Legislature's enactment of a statute," a question prompted by the plaintiffs' introduction of "five affidavits of former legislators" prepared "nearly two decades" after the challenged bill's passage. 220 W. Va. at 489–

90. It did not address the propriety of considering legislators' statements made during a bill's debate and passage, and certainly did not hold that such contemporaneous statements are inadmissible.

Moreover, regardless whether statements of individual legislators can be considered under state law, the Supreme Court has made clear that "contemporary statements by members of the decisionmaking body" *are* relevant to determine whether a statute was passed for a discriminatory purpose. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 (1977). Further, Defendant's argument that the statements of individual legislators cannot be attributed to the legislature as a whole "goes to weight, not admissibility." *Ne. Ohio Coal. for the Homeless*, 2016 WL 1047130, at *2. "[E]ven though any one statement cannot be imputed to the entire body, the evidence can still be probative" when considered with other indicia of intent. *Id.*

## CONCLUSION

For all the reasons above, the State's Motion *in Limine* to Exclude Transcript of Legislative Hearings should be denied.

Dated: June 29, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
*/s/ Loree Stark*

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 29th day of June 2022, I electronically filed a true and exact copy of the ***Plaintiff's Opposition to Defendant State of West Virginia's Motion in Limine to Exclude Transcript of Legislative Hearings*** with the Clerk of Court and all parties using the CM/ECF System.

                                                            */s/ Loree Stark*
                                                            Loree Stark
                                                            West Virginia Bar No. 12936