IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, | |
| *Plaintiff*, | Civil Action No. 2:21-cv-00316 |
| v. | Hon. Joseph R. Goodwin |
| WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, | |
| *Defendants*, | |
| and | |
| LAINEY ARMISTEAD, | |
| *Defendant-Intervenor*. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT STATE OF WEST VIRGINIA'S MOTION *IN LIMINE* TO EXCLUDE THE GOVERNOR'S STATEMENTS

The State of West Virginia ("State") moves to exclude the televised statements of West Virginia Governor James Justice concerning the State's adoption of H.B. 3293. Ignoring basic precepts of law, the State contends that the Governor's statements are irrelevant and inadmissible hearsay. The State is wrong on both points, and its motion should be denied.[1]

---

[1] The State's efforts to exclude the Governor's statements are part of a continued pattern within its motions *in limine* of hiding or dismissing any evidence of H.B. 3293's legislative history. (*See, e.g.*, Dkt. No. 400 (seeking to exclude transcripts of legislative hearings); Dkt. No. 402 (seeking

**ARGUMENT**

On April 30, 2021, two days after signing H.B. 3293 into law, Governor Justice sat for a televised interview on MSNBC during which he was asked whether he could cite a single transgender athlete in West Virginia who had gained an unfair advantage in school sports. (Dkt. No. 289-44 (April 30, 2021 MSNBC Interview with Gov. Justice).) The governor admitted that he could not "really tell you one." (*Id.* at 0:10-0:37.) The governor then explained that H.B. 3293 was "not a priority" because there were "only . . . 12 kids maybe in our state that are transgender-type kids." (*Id.* at 0:55-1:32.) Notwithstanding the State's protestations to the contrary, the governor's statements are plainly admissible.

*First*, the governor's statements are highly relevant to a "fact . . . of consequence" in this action. *See* Fed. R. Evid. 401. To survive Constitutional scrutiny, the State must show H.B. 3293 is supported by an "exceedingly persuasive justification." *U.S. v. Virginia* ("*VMI*"), 518 U.S. 515, 555–56 (1996). Although the State claims H.B. 3293 was designed to prevent the "displace[ment]" of cisgender female athletes in school sports, *see* W. Va. Code § 18-2-25d(a)(3), it has offered no evidence of such "displace[ment]" ever occurring, (*see generally* Dkt. No. 291 (Pl. MSJ), at 23-34). Nor has the State shown that H.B. 3293's discrimination is "substantially related" to any state interest, important or otherwise. *See VMI*, 518 U.S. at 533 (citation omitted). To the contrary, the record overwhelmingly demonstrates that H.B. 3293's purported underpinnings are illusory, and both of Governor Justice's statements are relevant to that end. Specifically, these statements of the State's chief executive—who signed H.B. 3293 into law—highlight the absence of evidence supporting the very issue H.B. 3293 is said to address, *viz.*, the "displace[ment]" of cisgender

---

to exclude legislator's statements).) The State's attempt to exclude all evidence concerning the State's intent in enacting H.B. 3293 is telling.

female athletes by transgender female athletes in school sports.  That Governor Justice could not identify a single example of such displacement underscores the State's failure to demonstrate an "exceedingly persuasive justification" for having adopted H.B. 3293.  The governor's suggestion that there are "only 12 kids maybe in [the] state that are transgender" further reinforces this point. The governor's statements are thus relevant to the disposition of this action.[2]

*Second*, the governor's statements are admissible notwithstanding the rule against hearsay. *See* Fed. R. Evid. 801.  Initially, and contrary to the State's arguments, Governor Justice's remarks *are* party admissions which may be used as substantive evidence against the State.  *See* Fed. R. Evid. 801(d)(2)(D) (recognizing a statement is not hearsay when "offered against an opposing party" and "made by the party's agent").  In discussing the State's adoption of H.B. 3293, Governor Justice spoke as an agent of the State.  His statements thus fall outside the scope of the hearsay rule.  *See, e.g.*, *Am. Trucking Ass'ns, Inc. v. Alviti*, No. 18-378, 2020 WL 4050237, at *4 & n.7 (D.R.I. July 20, 2020) (recognizing a state's governor is "clearly an agent of the state" and "speak[s] for the state through her role as chief executive official" and finding governor's remarks admissible against state entities under Fed. R. Evid. 801(d)(2)(D) where governor was not a named defendant).

In addition to being admissible for the truth of the matter, the statements at issue also are admissible as demonstrating the State's agent's motive. *United States v. Davis*, 918 F.3d 397, 401 (4th Cir. 2019) (finding out-of-court statements admissible to show motive). Specifically, the

---

[2] The State suggests that Plaintiff intends to proffer Governor Justice's statements only for the "highly-conclusory" purpose of demonstrating legislative animus.  (*See* Dkt. No. 405 (State Mot.) at 4.)  Although the record is replete with evidence of such animus, (*see, e.g.*, Dkt. No. 291 (Pl. MSJ) at 7–8), W. Va. Code § 18-2-25d "fail[s] under any standard of review," (*see* Dkt. No. 291 (Pl. MSJ) at 34), and the governor's statements demonstrate that the State lacked even a rational basis for adopting such a measure.

statements speak to the Governor's motive (and specifically, lack of motive) in enacting the bill. This lack of motive is relevant to whether the State has met its "exceedingly persuasive" burden in demonstrating that H.B. 3293 is substantially related to an important governmental interest. *VMI*, 518 U.S. at 555–56.

Finally, the fact that the statements were made in a recorded news interview does not render them inadmissible. Questions directed towards a declarant in a recorded interview are not hearsay where, as here, they serve only to contextualize the declarant's answers. *See, e.g.*, *United States v. McKinney*, 713 F. App'x 910, 915 (11th Cir. 2017); *United States v. Barriera-Vera*, 303 F. App'x 687, 697 (11th Cir. 2008); *Estate of Moreland v. Dieter*, 395 F.3d 747,754 (7th Cir. 2005). And because Plaintiff proffers only the governor's non-hearsay statements, the television recording is itself non-hearsay. *See United States v. Pelisamen*, 641 F.3d 399, 410 (9th Cir. 2011) (finding television recording is not inadmissible hearsay where the only statements the proponent seeks to introduce from the recording are those of a party opponent, per Fed. R. Evid. 801(d)(2)).

## CONCLUSION

For each of the aforementioned reasons, this Court should deny the State's motion to exclude the governor's statements about H.B. 3293.

Dated: June 29, 2022

Respectfully Submitted,
/s/ Loree Stark

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF
WEST VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

|  |  |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>      *Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>      *Defendants*,<br><br>    and<br><br>LAINEY ARMISTEAD,<br><br>      *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 29th day of June 2022, I electronically filed a true and exact copy of the ***Plaintiff's Opposition to State of West Virginia's Motion* in Limine *to Exclude the Governor's Statements*** with the Clerk of Court and all parties using the CM/ECF System.

/s/ Loree Stark
Loree Stark
West Virginia Bar No. 12936