IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S OPPOSITION TO DEFENDANT STATE OF WEST VIRGINIA'S MOTION *IN LIMINE* TO EXCLUDE SEVERAL LEGISLATORS' STATEMENTS**

The State of West Virginia ("State") moves on relevance and hearsay grounds to exclude various statements made by West Virginian lawmakers regarding the State's adoption of H.B. 3293. This motion is part of a concerted effort by the Defendants to exclude all statements by the state actors who enacted or who will enforce H.B. 3293. The State's arguments are beset with inaccuracies and mischaracterizations, and its motion should be denied.

1

## ARGUMENT

The State first argues that contemporaneous statements of individual legislators regarding the State's adoption of H.B. 3293 are irrelevant, insofar as they do not constitute "actual legislative history," are not indicative of "legislative intent," and fall outside the bounds of West Virginia's "interpretative laws." (Dkt. No. 403 ("State Mot.") at 8–9.) The State is manifestly wrong.

The statements of individual West Virginia legislators are relevant, including to show that H.B. 3293 was motivated by a discriminatory intent. As the Supreme Court has instructed, "[d]etermining whether invidious discriminatory purpose was a motivating factor *demands* a sensitive inquiry into such *circumstantial and direct evidence of intent as may be available*." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977) (emphases added). This includes "contemporary statements by *members* of the decisionmaking body." *Id*. at 268 (emphasis added). Thus, contrary to the State's claims, courts may look to the entire legislative record—including to statements of individual legislators—to discern the propriety of state action. *See Beck v. Commc'ns Workers of Am.*, 776 F.2d 1187, 1196 (4th Cir. 1985) (recognizing statements of individual senators are part of the legislative record). To the extent the State argues that statements by individual legislators are not sufficiently probative, those arguments go to the *weight*, not *admissibility* of the evidence. *See Ne. Ohio Coal. for the Homeless v. Huste*d, No. 06-CV-896, 2016 WL 1047130, at *2 (S.D. Ohio Mar. 16, 2016) ("Defendants argue that Plaintiffs' likely evidence of legislative intent . . . is of no probative value. Defendants submit that isolated statements of individual legislators[] do not represent the intent of the legislature as a whole. . . . Defendants' argument is amiss. This goes to weight, not admissibility." (cleaned up)).

Nor is this practice inconsistent with West Virginia law. *See Hinkle v. Matthews*, 337 F. Supp. 3d 674, 680 (S.D.W. Va. 2018), *aff'd sub nom.*, *Hinkle v. Safe-Guard Prods. Int'l, LLC*, 839 F. App'x 770 (4th Cir. 2020) ("The primary object in construing a statute is to *ascertain* and give

effect to the *intent of the Legislature*" (cleaned up) (emphases added)). *Phillips v. Larry's Drive-In Pharmacy, Inc*., 220 W.Va. 484 (2007), on which the State relies, (*see* Dkt. No. 403 (State Mot.) at 9), is inapposite insofar as it concerned "*post-enactment* testimony of a *former* member of the Legislature regarding the intent behind the entire Legislature's enactment of a statute." *Id*. at 489 (emphases added); *see also id*. ("Ordinarily a court cannot consider the individual views of members of the Legislature or city council which are offered to prove the intent and meaning of a statute or ordinance *after its passage* and *after* litigation has arisen over its meaning and intent." (emphases added) (citation omitted)).

In addition to its arguments based on relevance, the State also takes issue with four statements on hearsay grounds. Each is admissible for the following reasons:

1. On April 8, 2021, West Virginia legislator Rollan Roberts appeared on the floor of the state senate to opine on the State's adoption of H.B. 3293. Senator Roberts read into the record an email from a constituent suggesting that the "entire trans movement is an attack upon womanhood." (Dkt. No. 25 (Kang Supp Decl.) ¶ 8 at 1:50:18–51:59.) The senator's statement is admissible. *First*, and contrary to the State's argument, Plaintiff does not seek to admit a "partial transcript" or a second-hand characterization of Senator Roberts' statement. (Dkt. No. 403 (State Mot.) at 3.) Instead, Plaintiff proffers the relevant portions of a video recorded from the Senate chambers. This recording is admissible under Federal Rules of Evidence 803(3), 803(8), 1004, and 1005.[1]

*Second*, the senator's statement is itself admissible. Though the State sweepingly asserts that these statements cannot be admitted against it under Rule 801(d), it offers no legal or

---

[1] Plaintiff also incorporates the arguments made in her opposition to the State's motion to exclude transcripts of legislative hearings. (*See* Dkt. No. 401 (State Mot.).)

evidentiary support for its claims. Several circuits have recognized that state legislators are agents of the state "as a whole," making statements made by legislators (such as the one here) admissible as party admissions. *See* Fed. R. Evid. 801(d)(2)(D) (recognizing a statement is not hearsay when "offered against an opposing party" and "made by the party's agent"); *see, e.g.*, *United States v. Roberson*, 998 F.3d 1237, 1249 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1109 (2022) (citing *United States v. Fernandez*, 722 F.3d 1, 9 (1st Cir. 2013) and *United States v. Willis*, 844 F.3d 155, 166–67 (3d Cir. 2016)).[2] The statement also falls "squarely under [Fed. R. Evid.] 803(3), the state-of-mind exception," because it "evince[s] the declarant's then-existing intent" to vote for H.B. 3293. *Husted*, 2016 WL 1047130, at *2 (holding statements of individual state legislators regarding their motivations for adopting a new law fall within the scope of Fed. R. Evid. 803(3)).

*Finally*, the email Senator Roberts quotes is non-hearsay because it is not offered to prove the truth of the matter asserted, *viz.*, that the "entire trans movement" actually is "an attack on womanhood." Rather, as noted, the statement informs Senator Roberts' intent to vote in favor of H.B. 3293. *See* Fed. R. Evid. 801(c)(2), 803(3); *United States v. Love*, 767 F.2d 1052, 1063 (4th Cir. 1985) (recognizing a statement is not hearsay when "offered not for its truth but only to explain why the officers and agents" acted in a particular manner (citations omitted)). Accordingly, Senator Roberts' statement is admissible.

2. On March 25, 2021, West Virginia delegate Margitta Mazzocchi appeared on the floor of the West Virginia House of Delegates during a hearing concerning the passage of H.B. 3293, where she stated on the record, "I don't want all this mixing and matching and whatever in our, in these locker rooms, I'm sorry." (Dkt. No. 25 (Kang Supp Decl.) ¶ 5 at 04:01:48–03:40.)

---

[2] *Roberson* concerned a federal statute defining "agent" as "a person authorized to act on behalf of another person or a government[.]" *See* 998 F.3d at 1249 (quoting 18 U.S.C.A. § 666(d)(1)).

4

Delegate Mazzocchi's statement was video recorded in the State House, making it admissible under Federal Rules of Evidence 803(3), 803(8), 1004, and 1005. Mazzocchi's statement is likewise admissible as a party admission, Fed. R. Evid. 801(d)(2)(D), and as indicative of her intent to vote in favor of H.B. 3293 under the state-of-mind exception, Fed. R. Evid. 803(3). *Husted*, 2016 WL 1047130, at *2. Again, contrary to the State's suggestion, and as explained above, Plaintiff does not intend to proffer a "partial transcript" containing Mazzocchi's statement. (Dkt. No. 403 (State Mot.) at 4–5.)

Finally, the State's reference to *United States v. Maes*, 961 F.3d 366 (5th Cir. 2020), is inapposite. Unlike the defendant in *Maes*, Plaintiff does not seek to admit any statement purportedly describing "what [a state legislator] might have believed that would have induced the state of mind." 961 F.3d at 371 (citations omitted). Rather, by its very terms, Rule 803(3) permits the admission of statements regarding a declarant's "motive" or "intent." Fed. R. Evid. 803(3); *see also id.*, advisory committee's note ("The rule of . . . allowing evidence of intention as tending to prove the doing of the act intended, is, of course, left undisturbed." (citation omitted)).

3. On March 16, 2021, Delegate Jordan Bridges announced on Facebook that he was co-sponsoring H.B. 3293 and then took the action of "liking" several comments on Facebook responsive to his announcement—at least one of which advocated for physical violence against transgender girls. (Dkt No. 290 (Pl.'s SUF) ¶ 57 Ex. 42; Dkt. No. 403 (State Mot.) at 4–5.) The State offers two critiques of this evidence, neither of which is persuasive.

*First*, the State claims that "there was no way of knowing if it was" Delegate Bridges who actually "liked" (*i.e.*, endorsed) the post(s) which advocated violence, and thus the evidence should be admitted for want of authentication. This argument largely misses the mark, as it pertains to

the evidence's *credibility*, not *admissibility*. *Husted*, 2016 WL 1047130, at *2. Indeed, the Court is more than equipped to address potential credibility issues during trial, should they arise.[3]

*Second*, the State suggests that Delegate Bridges' "liking" of certain posts is inadmissible hearsay. However, for the reasons explained, Delegate Bridges expression is admissible as a party admission, Fed. R. Evid. 801(d)(2)(D), and as indicative of his intent to vote for H.B. 3293 under the state-of-mind exception, Fed. R. Evid. 803(3).

    4.    On March 15, 2021, Melissa White, Chief Counsel for the West Virginia House of Delegates Education Committee, referred to H.B. 3293 in her official government email as a "[t]ransgender participation in secondary schools bill" and a "bill regarding transgender participation in sports." (Dkt. No. 290, ¶¶ 51–52 (citing WVSBOE 000008–09)). Such statements, which are used to show how H.B. 3293 was perceived by state legislators and represented to the public, are not hearsay. *See* Fed. R. Evid. 801(c)(2) (limiting definition of hearsay to statements submitted for truth of matter asserted); Fed. R. Evid. 803(3) (statements admissible to show present state of mind or motive); *see also Winslow v. Cnty. of Aroostook*, 2013 WL 594760, at *7 & n.3 (D. Me. Feb. 15, 2013) ("In the Court's view, correspondence authored by Government officials in the course of fulfilling their official duties qualifies for admission under F.R.E. 803(6)(A)

---

[3] To that end, Plaintiff has supplied metadata captured using Page Vault, a third-party vendor, and has captured and provided clearly identifiable information from the posting, including the name of the account from which the post was created, the date of the post, and the name and photograph of Delegate Bridges reflected in the specific, violence-endorsing comment. *Cf. Damas v. Tex. Health Presbyterian Flower Mound*, No. 20-CV-00686-ALM-CAN, 2022 WL 831813, at *6 (E.D. Tex. Jan. 28, 2022) (finding inadmissible a Facebook post which failed to include "clearly identifiable information like the name of the Facebook account that created the post, the date of the post, or any other indica [sic] of reliability as to the post's authenticity"). Plaintiff produced this data to all parties in support of her motion for summary judgment. (*See* Dkt. No. 289-43 (Page Vault).)

(record of regularly conducted organization activity) or F.R.E. 803(8) (public records) or F.R.E. 807 (residual exception).").[4]

## CONCLUSION

For the foregoing reasons, the Court should deny the State's motion.

---

[4] Plaintiff also incorporates the arguments made in her opposition to WVSSAC's motion to exclude certain email and text communications. (*See* Dkt. No. 393 (WVSSAC Mot.).)

Dated: June 29, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
/s/ Loree Stark

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

**Visiting Attorneys*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 29th day of June, 2022, I electronically filed a true and exact copy of the ***Plaintiff's Opposition to Defendant State of West Virginia's Motion in Limine** to Exclude Several Legislators' Statements* with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936
