IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

                         *Plaintiff*,

v.                                                 Civil Action No. 2:21-cv-00316
                                                 Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,

                         *Defendants,*

and

LAINEY ARMISTEAD,

                         *Defendant-Intervenor*.

**DEFENDANTS HARRISON COUNTY BOARD OF EDUCATION
AND DORA STUTLER'S REPLY IN SUPPORT OF THEIR
MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF TESTIMONY BY
STUTLER ELICITED OUTSIDE OF THE SCOPE OF THE RULE 30(B)(6) TOPICS
FOR WHICH SHE WAS DESIGNATED TO TESTIFY**

14988503

Defendants the Harrison County Board of Education ("HCBOE") and County Superintendent Dora Stutler ("Stutler") (collectively, the "County Board"), by counsel, submit this reply in support of their motion *in limine* to exclude testimony that was elicited from Stutler outside of the scope of Plaintiff's Rule 30(b)(6) notice of deposition of the HCBOE. Such testimony was elicited contrary to the wording and purpose of Rule 30(b)(6), cannot bind the HCBOE, and should be excluded.

**A.   The County Board's Motion *in Limine* Is Its Rule 30(d)(3) Motion, and Regardless, the Merits of the Dispute Should Be Determined by the Court at this Juncture**

Plaintiff claims that the County Board filed no Rule 30(d)(3) motion and thus it "cannot seek relief under Rule 30(d)(3) now." (CM/ECF 443, at 2.) To the contrary, the County Board's Motion *in Limine* is the County Board's Rule 30(d)(3) motion; Rule 30(d)(3) and Rule 30(b)(6) are the Rules under which the motion was brought. Even if that were not the case, the County Board's motion would still be a proper vehicle for obtaining a pretrial ruling on the testimony at issue in the motion. "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Bygum v. City of Montgomery*, No. 2:19-CV-00456, 2021 WL 4487610, at *1 (S.D.W. Va. Sept. 30, 2021) (citation omitted).

Moreover, while the procedural posture was different in *Kovich*, nevertheless, this Court's discussion in that case is useful here. *Kovich* demonstrates that there is no set time limit for filing Rule 30(d)(3) motions and that the Court's goal with regard to discovery motions is to address and resolve the merits of any dispute "[r]egardless of . . . what vehicle is used to bring the issue to the court's attention[.]" *Kovich v. Nationwide Prop. & Cas. Ins. Co.*, No. 3:20-CV-00518, 2021 WL 5450455, at *2–3 (S.D.W. Va. Nov. 22, 2021). Thus, because it was not relevant to any viable claim, the *Kovich* Court denied the plaintiff's motion to compel testimony from a Rule 30(b)(6)

representative even though the defendant had not "technically compl[ied]" with the rule because it made no Rule 30(d)(3) objection at the deposition, and it also did not bring a Rule 30(d)(3) motion afterward. *Id.*, at *1-2. The Court wrote, "[w]hen the questioning by Plaintiff at the deposition exceeded the scope proposed by Plaintiff, and tacitly agreed to by the parties, [the defendant,] Nationwide had a valid reason for limiting the testimony." *Id.*, at *2.

The County Board's motion *in limine* was timely brought within the deadline for such motions set by the Court, and as the Court noted in *Kovich*, there is no deadline for the filing of a motion under Rule 30(d)(3). *Kovich*, 2021 WL 5450455, at *2 ("neither Rule 30(c)(2), nor Rule 30(d)(3), sets a specific time frame for the filing of a Rule 30(d)(3) motion."). The present motion should be ruled on ahead of trial in order to avoid any delay at trial that would be caused by asserting, arguing, and ruling on motions at the trial itself; and in order to "ensure an even-handed and expeditious trial, and focus the issues the jury [here, the Court] will consider." *See Bygum* 2021 WL 4487610, at *1.

**B.     The County Board Clearly Identified the Testimony at Issue in its Motion *in Limine***

Plaintiff next argues that the County Board did not "set forth specific testimony it seeks to exclude." (CM/ECF 443, at 3.) To the contrary, the County Board painstakingly identified the testimony it seeks to exclude by citing to it in Section II of its motion, and it attempted to set forth all such testimony. (*See* CM/ECF 383, at 6-10.) In its motion, the County Board quoted and summarized the objectionable questions asked of Stutler and cited to relevant pages from the County Board's deposition, which was attached as "Exhibit 1," where both the questions and Stutler's answers appear. (*See id.*, at 6-10 and at "Exhibit 1.") The relevant testimony is thus identified in the motion and set forth in the attached Exhibit 1. There is no requirement for the County Board to retype Stutler's answers in its motion when it has identified the testimony at issue and provided citations and an exhibit setting forth the testimony.

14988503                                                 2

Furthermore, the County Board's motion is not analogous to the motions that were denied without prejudice in *Huskey*, an unreported 2014 decision from this Court, as Plaintiff claims. The examples that the *Huskey* Court gave of the motions it denied as being "silly" included a motion to exclude "'off-color' emails" where only a few of the emails at issue, but not all of them, were identified for the Court; and a motion to exclude all evidence related to a party's divorce, where "an entire file" was produced in discovery but was not provided to the Court with the relevant motion *in limine*. *Huskey v. Ethicon, Inc.*, No. 2:12-CV-05201, 2014 WL 3861778, at *1 (S.D.W. Va. Aug. 6, 2014) (not reported). With regard to those motions, the Court stated that it "simply [could not] make a substantive ruling at this time without knowing the particular piece of evidence that a party seeks to introduce or argument that a party seeks to make. Nor can I make a ruling without knowing the context in which that party seeks to introduce such evidence or argument." *Id.*

The County Board's motion is also distinct from the motion that was denied in *Watkins*, to which Plaintiff cites. The *Watkins* decision is another unreported decision, and the decision provides almost no detail about the motion it denied. The Court described the motion as being one "to preclude evidence concerning the MAUDE database and Medical Device Reports because it is inadmissible hearsay, irrelevant, and would cause unfair prejudice and jury confusion." *Watkins v. Cook Inc.*, No. 2:13-CV-20370, 2015 WL 1395638, at *5 (S.D.W. Va. Mar. 25, 2015) (not reported). The Court denied the motion as premature, as the Court needed "additional information," including the context of the evidence and argument and the context of its introduction. *Id.*

Here, the evidence at issue was set forth in the County Board's motion, and relevant portions of the deposition transcript were attached as an exhibit. Indeed, the County Board identified the testimony at issue with enough specificity that Plaintiff knew exactly which

14988503                                    3

testimony to address in her response brief. Thus, the testimony at issue has been clearly identified and provided to the Court. And, as was set forth in the County Board's motion, the context is sufficiently clear to show that the testimony at issue should be excluded. That context is that Plaintiff sought to elicit the testimony of *the County Board*, via its representative, Stutler, in a Rule 30(b)(6) deposition regarding four basic topics: (a) the relationship between the HCBOE and the West Virginia Secondary School Activities Commission ("WVSSAC"), (b) sports rosters and the designation of students to a team designated for females or males, (c) the existence of Title IX complaints from transgender students, and (d) the occurrence of any Department of Education investigations for Title IX violations.

However, Stutler was not designated by the County Board to answer questions on those topics. As was explained in the County Board's motion, a different representative of the County Board was designated to answer questions on the first two topics, and the second two of those topics did not appear in Plaintiff's Rule 30(b)(6) notice at all. Plaintiff's counsel thus asked questions of Stutler in her capacity as a representative of the County Board although she was not designated to, and thus was unprepared to, answer those questions on behalf of the County Board. Therefore, testimony of Stutler was improperly elicited and does not bind the County Board, and that testimony therefore should not be admitted at trial.

Finally, Plaintiff cites to a Fourth Circuit case for the proposition that it "is often wise to await the unfolding of evidence before the jury before undertaking to make definitive rulings on the likely probative value of disputed evidence." *E.I. DuPont De Nemours & Co. v. Kolon Indus., Inc.*, 564 F. App'x 710, 715 (4th Cir. 2014). But the *Kolon* Court also acknowledged that the "usefulness of pre-trial in limine motions in streamlining trial generally and in fostering the orderliness of evidentiary presentations of complicated issues cannot be doubted." *Id.* Here, the issue here is not, as it was in *Kolon*, whether the evidence at issue is relevant, *see id.*, but that the

testimony was elicited from the representative of an entity although she was not designated or prepared to answer questions on certain topics. Thus, the present motion is an appropriate and useful one that should be decided before trial.

As a result, there is no need to wait until trial to determine that the testimony at issue cannot bind the County Board and thus should be excluded at trial.

C. **The Testimony at Issue Clearly Falls Outside of the Topics in the Notice for Which Stutler Was Designated to Testify (and, in some Cases, Outside of the Topics Listed in the Notice Entirely)**

In addressing whether the questions asked of Stutler at the deposition of the HCBOE fell within the topics for which she had been designated to testify, Plaintiff's analysis is strained to say the least. Topic No. 8, about which Stutler was designated to testify, was the HCBOE and Stutler's "current and/or expected role in implementing, monitoring, supervising, regulating, and **enforcing H.B. 3293**, including any delegation of authority to or supervision over the West Virginia Secondary School Activities Commission." (CM/ECF 383-1 ("Exhibit 1"), at 9 (emphasis added).) Clearly, Topic 8 is limited to information about the HCBOE and Stutler's involvement (and any delegation of responsibility to the WVSSAC) *with regard to H.B. 3293*.

Plaintiff inexplicably refuses to acknowledge the self-imposed limit on Topic 8 that confines it to information related to H.B. 3293. It makes no sense to argue, as Plaintiff does, that a series of questions that have nothing to do with H.B. 3293, but that have to do with the general relationship between the HCBOE and the WVSSAC, fall under Topic 8 – particularly when Topic 10 addressed "[t]he relationship between the Harrison County Board and West Virginia Secondary School Activities Commission." The HCBOE designated a different representative, David Mazza ("Mazza"), to testify as to Topic 10.

Plaintiff's position is puzzling and illogical. Plaintiff issued a Rule 30(b)(6) notice identifying topics. The County Board designated witnesses to testify as to those topics, and those

witnesses prepared to testify as to those topics. Plaintiff could have simply asked its questions falling under Topic 10 of Mazza, who was designated to testify as to Topic 10; there was no reason for her counsel to have asked those questions of Stutler.

Importantly, the County Board has neither sought to exclude any testimony that properly falls under Topic 8 and was elicited from Stutler, nor has it sought to exclude any testimony that properly falls under Topic 10 and was elicited from Mazza. Thus, in its motion, the County Board does not "seek[] to exclude all testimony related to the West Virginia Secondary School Activities Commission," as Plaintiff broadly mischaracterizes the County Board's position. (*See* CM/ECF 443, at 4.) To the extent that Plaintiff elicited testimony from Mazza about the WVSSAC and its relationship to the HCBOE under Topic 10, the County Board has not sought to exclude it.

Rather, in its motion, the County Board seeks only to exclude testimony that was elicited from the wrong witness under objection by counsel for the County Board. The questions and the testimony Stutler provided in response are not merely foundational questions for further questions to be inquired into under Topic 8, as Plaintiff claims; they are clearly questions that fall under Topic 10, for which Mazza was designated to testify. Plaintiff's insistence that she be permitted to elicit testimony from the wrong witness makes no sense and is contrary to the wording and purpose of Rule 30(b)(6).

Plaintiff's arguments about questions and testimony she claims falls under Topics 1 and 7 are equally perplexing. That testimony was elicited in response to questions about whether the HCBOE has received Title IX complaints from any transgender student and whether it has been investigated for Title IX violations by the Department of Education.

In response to Plaintiff's arguments, it is true that Stutler testified that Sarah Starkey is the County Title IX investigator and that she played a role with regard to the development of the HCBOE's gender support plan form and with regard to B.P.J.'s gender support plan in particular.

14988503                                6

(County Board Dep., pertinent parts of which are attached as "**Exhibit A**," at 63, 93-94, 111-12, 114-15.) The questions eliciting that testimony and the testimony itself properly fell under Topic 1 of Plaintiff's Rule 30(b)(6) notice, which covered "[t]he organization and structure of the Harrison County Board, including current employees and former employees of the Harrison County Board . . . their positions, and the scope of their responsibilities," as well as Topic 5, which covered "[t]he Policies, Documents, and Communications of the Harrison County Board and the County Superintendent Concerning Plaintiff B.P.J.'s Gender Support Plans from Bridgeport Middle School and Norwood Elementary School." (CM/ECF 383-1, at 8-9.) Accordingly, the County Board has not sought to exclude Stutler's testimony about Starkey's role.

In her response, Plaintiff claims that counsel for the County Board objected "when Counsel for Plaintiff asked questions about the County's role with Title IX in connection to transgender students and sports specifically[.]" (CM/ECF 443, at 7 (citing County Board Dep., at 148-49).) Plaintiff's statement is misleading in two respects. First, the question at issue in the County Board's motion *in limine*, which Plaintiff's counsel asked Stutler at the deposition, was, "Has the county board ever been investigated by the Department of Education for Title IX violations?" (CM/ECF 393-2 (County Board Dep.), at 148.) The question did not have to do with Starkey's responsibilities or her role with regard to Title IX, as Plaintiff's counsel contended. Thus, in her response brief, Plaintiff mischaracterizes the nature of the question at issue.

Second, none of the topics in Plaintiff's 30(b)(6) notice mentioned Title IX or investigations by the Department of Education, including Topic 7, which addresses only policies, documents, and communications about "the participation of transgender students in school-sponsored sports in Harrison County." (CM/ECF 383-1, at 9.) Plaintiff could easily have included such topics on her Rule 30(b)(6) notice so that the County Board could have identified and prepared an appropriate witness to testify as to those topics, and yet Plaintiff failed to do so. She

cannot now, by mischaracterizing them, attempt to add completely unrelated questions into listed topics. The questions and testimony at issue in this motion clearly fell outside of the scope of the notice.

Therefore, any testimony Stutler gave in response to questions that she was not designated to answer as the HCBOE's representative, because the topics addressed at the deposition were outside of the scope of the deposition notice, should be excluded at trial.

**CONCLUSION**

For all of the foregoing reasons, all testimony by Stutler that was elicited at the Rule 30(b)(6) deposition of the HCBOE, but which addressed any topic for which Stutler was not designated to testify on the HCBOE's behalf, should be excluded at the trial of this matter.

Respectfully submitted this 11th day of July, 2022.

STEPTOE & JOHNSON PLLC
 OF COUNSEL

/s/ Susan L. Deniker
Susan L. Deniker        (WV ID #7992)
Jeffrey M. Cropp        (WV ID #8030)
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000

*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

14988503                                8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

*Plaintiff*,

v.

Civil Action No. 2:21-cv-00316
Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA,

*Defendants,*

and

LAINEY ARMISTEAD,

*Defendant-Intervenor*.

## CERTIFICATE OF SERVICE

I hereby certify that on 11th day of July, 2022, I electronically filed the foregoing "Defendants Harrison County Board of Education and Dora Stutler's Reply in Support of Their Motion *In Limine* to Preclude Introduction of Testimony by Stutler Elicited Outside of the Scope of the Rule 30(B)(6) Topics for Which She Was Designated to Testify" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

14988503

9

**Joshua A. Block, Esquire**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street 18th Floor
New York, NY 10004
*Counsel for Plaintiff*

**Loree Stark, Esquire**
**Nicholas P. Ward, Esquire**
AMERICAN CIVIL LIBERTIES UNION
OF WEST VIRGINIA
1614 Kanawha Boulevard East
Charleston, WV  25311
*Counsel for Plaintiff*

**Avatara A. Smith-Carrington, Esquire**
LAMBDA LEGAL
3500 Oak Lawn Avenue Suite 500
Dallas, TX 75219
*Counsel for Plaintiff*

**Carl Solomon Charles, Esquire**
**Tara L. Borelli, Esquire**
LAMBDA LEGAL
158 West Ponce De Leon Avenue, Suite 105
Decatur, GA 30030
*Counsel for Plaintiff*

**Sruti J. Swaminathan, Esquire**
LAMBDA LEGAL
120 Wall Street 19th Floor
New York, NY 10005
*Counsel for Plaintiff*

**Kathleen R. Hartnett, Esquire**
**Julie Veroff, Esquire**
**Zoë Helstrom, Esquire**
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
*Counsel for Plaintiff*

**Katelyn Kang, Esquire**
**Valeria M. Pelet del Toro, Esquire**
COOLEY LLP
55 Hudson Yards
New York, NY 10001
*Counsel for Plaintiff*

**Elizabeth Reinhardt, Esquire**
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
*Counsel for Plaintiff*

**Andrew D. Barr, Esquire**
COOLEY LLP
1144 15th Street Suite 2300
Denver, CO 80202
*Counsel for Plaintiff*

**Roberta F. Green, Esquire**
**Kimberly M. Bandy, Esquire**
**Shannon M. Rogers, Esquire**
SHUMAN McCUSKEY & SLICER
PO Box 3953
Charleston, WV 25339-3953
*Counsel for Defendant WV Secondary School Activities Commission*

| | |
|---|---|
| **Kelly C. Morgan, Esquire**<br>**Kristen Vickers Hammond, Esquire**<br>**Michael W. Taylor, Esquire**<br>BAILEY & WYANT<br>PO Box 3710<br>Charleston, WV 25337-3710<br>*Counsel for Defendants WV State Board of Education and W. Clayton Burch* | **Douglas P. Buffington, II, Esquire**<br>**Curtis R. Capehart, Esquire**<br>**David C. Tryon, Esquire**<br>WV ATTORNEY GENERAL'S OFFICE<br>State Capitol Complex<br>Building 1, Room 26E<br>1900 Kanawha Boulevard East<br>Charleston, WV 25305-0220<br>*Counsel for Defendant The State of West Virginia* |
| **Brandon Steele, Esquire**<br>**Joshua D. Brown, Esquire**<br>THE LAW OFFICES OF BRANDON S. STEELE<br>3049 Robert C. Byrd Drive, Suite 100<br>Beckley, WV 25801<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Jonathan Scruggs, Esquire**<br>**Roger G. Brooks, Esquire**<br>**Henry W. Frampton, IV, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>*Counsel for Defendant-Intervenor Lainey Armistead* |
| **Christina Holcomb, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Rachel Csutoros, Esquire**<br>**Tyson Langhofer, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>44180 Riverside Parkway<br>Lansdowne, VA 20176<br>*Counsel for Defendant-Intervenor Lainey Armistead* |
| **Travis Barham, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>1000 Hurricane Shoals Rd NE<br>STE D-1100<br>Lawrenceville GA 30043<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Timothy D. Ducar, Esquire**<br>Law Offices of Timothy D. Ducar, PLC<br>7430 E. Butherus Drive, Suite E<br>Scottsdale, AZ 85260<br>*Counsel for Defendant-Intervenor Lainey Armistead* |
| STEPTOE & JOHNSON PLLC<br>   OF COUNSEL | ***/s/ Susan L. Deniker***<br>Susan L. Deniker   (WV ID #7992)<br>Jeffrey M. Cropp   (WV ID #8030)<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330-4500<br>(304) 933-8000<br><br>*Counsel for Defendants Harrison County Board of Education and Dora Stutler* |

14988503        11