IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

    Plaintiff,

v.                                            Civil Action No. 2:21-cv-00316
                                           Honorable Joseph R. Goodwin, Judge

WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,
    Defendants,

And

LAINEY ARMISTEAD,
    Defendant-Intervenor.

**WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION'S
REPLY TO PLAINTIFF, STATE OF WEST VIRGINIA, AND DEFENDANT-
INTERVENOR'S RESPONSES TO WVSSAC'S MOTION IN LIMINE TO EXCLUDE
REGIONAL PRINCIPALS' MEETING POWERPOINT AND RECORDED
PRESENTATION**

       Now comes West Virginia Secondary School Activities Commission (WVSSAC), by counsel, Roberta F. Green, Kimberly M. Bandy, Shannon M. Rogers and Shuman McCuskey Slicer PLLC, and offers its Reply in support of its previously filed Motion *in Limine* to Exclude Regional Principals' Meeting PowerPoint and Recorded Presentation and Memorandum of Law in Support thereof. In its Motion and Memorandum, WVSSAC asserted, and maintains, that the PowerPoint presented at the Regional Principals' Meeting and accompanying recording should be excluded as neither is relevant to the issues being tried in this case, and because the admission of

such evidence would cause undue prejudice to WVSSAC. These issues are especially evident in light of the responses in opposition to WVSSAC's Motion by Plaintiff, the State, and Defendant-Intervenor.

It is imperative to note at the outset that the arguments in support of admission of the PowerPoint and audio show precisely the unfair prejudice to which WVSSAC will be subjected should this evidence be admitted, as even the parties seeking its entry have failed to recognize that the PowerPoint was in fact, created and presented **_after_** the passage of H.B. 3293, and as such could neither show that the statements made provided a backdrop for passage of the bill nor that the statements reflect WVSSAC's 'policy' prior to the bill's enactment. The PowerPoint at issue was only peripherally discovered here, and, as such, remains open for mischaracterizations and misapplications. For that reason and those set out further here, the use of the PowerPoint introduces complexities and imprecisions the prejudice of which far exceed any probative value it could have, as follows.

The PowerPoint in question depicts multiple slides reflecting "legal updates," reminders on Title IX and a slide titled "Transgender." During the audio, there is a discussion of these slides and conversation regarding the status of the H.B. 3293, which, at the time, had been recently enacted in West Virginia. As stated in its Motion, WVSSAC points out that the identity of the speaker has not been established in the audio recording, nor has the use or relevancy of the PowerPoint been developed in this case to date.

Specifically, in response to WVSSAC's Motion and Memorandum, Plaintiff, State of West Virginia (the "State"), and Defendant-Intervenor Lainey Armistead, ("Defendant-Intervenor"), (Defendant State and Defendant-Intervenor filed jointly[1]), respond in opposition to WVSSAC's

---
[1] ECF No. 426.

2

motion, arguing that the PowerPoint and recorded presentation are relevant and admissible. Specifically, Plaintiff's response in opposition of WVSSAC's motion argues that the PowerPoint should be admissible because it is "relevant to show that, prior to H.B. 3293's enactment, the WVSSAC Board of Directors had a policy that allowed students who are transgender to participate on teams consistent with their gender identity if the transgender student's school allowed them to participate, and that WVSSAC actively spoke about its policy in its discussions with regional principals."[2] Conversely, the State and Intervenor argue that the admission of the PowerPoint and accompanying audio are necessary to show the "backdrop against which the West Virginia Legislature passed the Sports Act."[3]

Plaintiff, the State, and Intervenor's explanations of the use of the PowerPoint and recording show precisely the issues WVSSAC's cautions against and the reasons WVSSAC seeks exclusion as a result. Plaintiff asserts that the PowerPoint and its audio are useful in showing WVSSAC's policy prior to the enactment of H.B. 3293, referring to the language on the "Transgender" slide. However, plainly, this presentation was provided at a meeting that occurred after the enactment of the law, and, in fact, the audio discussion makes that clear. Conversely, the State and Intervenor rely on the audio and unauthenticated statement that appears to suggest that WVSSAC was receiving "more and more" questions on the issues related to the slide. The State and Intervenor argue to this Court that this statement in particular, is relevant, not to assert the truth of the matter, but rather to show the "backdrop against which the West Virginia Legislature passed the Sports Act."[4]

---

[2] Pl.'s Opp'n to WVSSAC's Mot. in Limine to Exclude Regional Principals' Meeting PowerPoint and Recorded Presentation, (ECF No. 435 at 3).
[3] Defendant-Intervenor and State of West Virginia's Resp. to West Virginia Secondary School Activities Commission's Mot. In Limine To Exclude Text And E-Mail Communications And Mot. In Limine to Exclude Regional Principals' Meeting PowerPoint and Recorded Presentation. ECF No. 426 at 5.
[4] *Id.*

3

Once again, the arguments in support of admission of the PowerPoint and audio show the unfair prejudice to which WVSSAC will be subjected given that it was created and presented ***after*** the passage of H.B. 3293, and as such could neither be used to show that the statement made provided a backdrop for passage of the bill, nor that it reflects WVSSAC's 'policy' prior to the bill's enactment. Clearly, the PowerPoint and audio's admission is a perfect example of evidence that will confuse the issues, mislead the jury, introduce undue delay, and waste time, and should be excluded in accordance with Federal Rule of Evidence 403.

Further, the PowerPoint and recorded presentation have not been sufficiently authenticated so as to be admissible at trial for the reasons offered by the parties requesting that they be admitted. The State and Intervenor request the audio's admission asserting that Dr. Cindy Daniel, WVSSAC's Assistant Executive Director, presented the slide in question; they further assert that "Dr. Daniel expressly noted that the Commission was getting questions on that topic 'more and more'" and that "Mr. Dolan flagged that 'we all think it's a safety issue.'"[5] Neither of these statements has been authenticated, and, therefore, both are inadmissible hearsay. Plaintiff similarly suggests that the PowerPoint was authenticated by Bernie Dolan, WVSSAC's Executive Director, during his deposition, and that Mr. Dolan testified "that he and his three assistant executive directors prepared the slides for the meeting."[6] This assertion is misleading, as Mr. Dolan was specifically asked about the slide in question and testified that he was not the one to prepare it, but rather he assumed that Dr. Daniel was the slide's creator. Further, neither party has taken any steps to authenticate the statements in the recording of the presentation. No party sought the deposition, or any discovery related to the statements purportedly by Dr. Daniel nor made any attempt to confirm that other speaker was Mr. Dolan. The State and Intervenor simply assume the identity of

---

[5] ECF. No. 426 at 4.
[6] ECF No. 435 at. 2.

the speaker on the recording and suggest that because they do not intend to introduce the statements for "their underlying truth," no additional groundwork is necessary to establish this evidence as admissible.[7] The prejudice that WVSSAC would be subjected to on the basis of this evidence being admitted is in no way proportional to the probative value the objecting parties contend it provides. This is evident as well in the fact that the parties objecting to WVSSAC's Motion each have different understandings and assertions regarding the evidence they seek to admit.

Finally, these documents are unnecessary to prove any of the issues the parties assert. That is, Mr. Dolan testified at length to the informal internal Board policy, which also is an exhibit to his deposition.[8] Further, he explained WVSSAC's relationship to Title IX (which is nowhere evident in the slide).[9] As Mr. Dolan has stated previously, WVSSAC prohibits discrimination in its programs.[10] However, that is distinctly different as a matter of law and fact than any assertion that WVSSAC "must comply with Title IX," which has been Plaintiff's assertion in dispositive motions practice and continues here.[11] The actual evidence is that WVSSAC elects voluntarily to follow Title IX given that its members (the member schools) are recipients of federal funding and therefore bound by Title IX.[12] The actual evidence is that WVSSAC espouses the ideals of Title IX and voluntarily elects to bind itself.[13] Plaintiff has never asserted that WVSSC receives federal funding, and, indeed, Plaintiff has cited affirmatively WVSSAC's assertion that it does not.[14]

---

[7] *See* ECF No. 426 at 5.
[8] ECF No. 276-1 at 90, 117-18, Exhibit 6.
[9] ECF No. 276-1 at 86-87.
[10] Dolan Dep. (ECF No. 276-1) at Exhibit 003 (WVSSAC000123)
[11] ECF No. 290 at ¶119.
[12] Dolan Dep. (ECF No. 276-1) at 86-87. Whereas WVSSAC knows its member public schools are required to follow Title IX and whereas Mr. Dolan *believes* WVSSAC is as well, *see* First Am. Compl. (ECF No. 64) at ¶81, stating that "Title IX provides that '[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.' 20 U.S.C. § 1681(a)."
[13] Dolan Dep. (ECF No. 276-1) at 133-34.
[14] Plaintiff's Motion (ECF No. 291) at 14.

Plaintiff does not assert that WVSSAC receives federal moneys from its member schools in the form of dues or otherwise, as indeed, it does not.[15] For all of these reasons, the PowerPoint slide remains a poor substitute for the actual evidence adduced in discovery, including Mr. Dolan's direct testimony on these issues.

Also on that point, Mr. Dolan testified to calls that he has received over time with questions relative to gender and participation.[16] Each of the parties was present for the deposition and had access to question Mr. Dolan. Therefore, each of the issues raised by the parties in their responses can be addressed and clarified by direct testimony of Mr. Dolan, who will be WVSSAC's representative at trial, without confusing the issues, potentially misleading the jury, introducing undue delay, and wasting time. The PowerPoint and voiceover remain unauthenticated in any manner meaningful enough to displace the live testimony of Mr. Dolan on these precise subjects.

Conversely, given that trial is now months away and that numerous motions remain, WVSSAC would be willing to reconsider its position relative to select segments of the audio only after further guidance and rulings from the Court. WVSSAC firmly maintains its position relative to the slides, which are not the best evidence available, with their secondary and derivative nature introducing more issues, limitations, confusion, waste than the true evidence. *See, e.g., Loraine v. Markel Am. Ins. Co.,* 241 F.R.D. 534, 576-77 (D. Md. 2007). WVSSAC maintains its position that the scope of discovery is broader than admissibility under the Rules of Evidence. "Relevancy in discovery is broad in scope, because '[d]iscovery is of broader scope than admissibility, and discovery may be had of inadmissible matters.'"[17] In this pretrial motions practice, WVSSAC

---

[15] Dolan Dep. (ECF No. 276-1), at 39. *Smith v. NCAA*, 266 F.3d 152, 156-57 (3d Cir. 2001).
[16] ECF No. 120-21.
[17] *Amick v. Ohio Power Co.*, 2014 U.S. Dist. LEXIS 14087 at *3 (S.D. W.Va. 2014) (quoting *King v. Conde*, 121 F.R.D. 180, 194 (E.D.N.Y. 1988) (additional citations omitted); See also *Carpenter v. RES-CARE Health Servs.,* 2013 U.S. Dist. LEXIS 57928 **3-4 (S.D. W.Va. 2013).

maintains its position that the slides, while discoverable, should not be admissible for all of the reasons set forth here.

For the foregoing reasons and incorporating the reasons previously provided in WVSSAC's Motion *in Limine* to Exclude Regional Principals' Meeting PowerPoint and Recorded Presentation and Memorandum of Law in Support thereof, WVSSAC moves this Honorable Court for an order *in limine* to exclude the PowerPoint and recorded presentation from the Regional Principals' Meeting, produced in discovery as Bates Nos. WVSSAC000009 and WVSSAC000287-364.

          **WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION,**
          **By Counsel.**

**/S/ Roberta F. Green**
Roberta F. Green, Esquire (WVSB #6598)
Kimberly M. Bandy (WVSB #10081)
Shannon M. Rogers (WVSB # 13920)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street East, Suite 200 (25301
Charleston, WV 25339
(304) 345-1400
(304) 343-1826 FAX
rgreen@shumanlaw.com
kbandy@shumanlaw.com
srogers@shumanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,
    Plaintiff,

v.                        Civil Action No. 2:21-cv-00316
                        Honorable Joseph R. Goodwin, Judge

WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,
    Defendants,

And

LAINEY ARMISTEAD,
    Defendant-Intervenor.

## CERTIFICATE OF SERVICE

    I hereby certify that I, Roberta F. Green, have this day, the 11th day of July, 2022, served a true and exact copy of the foregoing **"WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION'S REPLY TO PLAINTIFF, STATE OF WEST VIRGINIA, AND DEFENDANT-INTERVENOR'S RESPONSES TO WVSSAC'S MOTION IN LIMINE TO EXCLUDE REGIONAL PRINCIPALS' MEETING POWERPOINT AND RECORDED PRESENTATION"** with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Loree Beth Stark | Kathleen R. Hartnett |
| Nicholas Ward | Julie Veroff |
| ACLU of WV FOUNDATION | COOLEY LLP |
| 1614 Kanawha Boulevard, East | 101 California St. – 5th Floor |
| Charleston, WV  25311 | San Francisco, CA 94111-5800 |
| lstark@acluwv.org | khartnett@cooley.com |
| nward@acluwv.org | jveroff@cooley.com |

1

| | |
|---|---|
| Katelyn Kang<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001-2157<br>kkang@cooley.com | Elizabeth Reinhardt<br>COOLEY LLP<br>500 Boylston St., 14th Floor<br>Boston, MA 02116-3736<br>ereinhardt@cooley.com |
| Andrew Barr<br>COOLEY LLP<br>1144 15th St., Suite 2300<br>Denver, CO 80202-5686<br>abarr@cooley.com | Avatara Smith-Carrington<br>LAMBDA LEGAL<br>3500 Oak Lawn Ave., Suite 500<br>Dallas, TX 75219<br>asmithcarrington@lambdalegal.org |
| Joshua Block<br>Chase Strangio<br>ACLU FOUNDATION<br>125 Broad Street<br>New York, NY 10004<br>jblock@aclu.org | Carl Charles<br>LAMBDA LEGAL<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>ccharles@lambdalegal.org |
| Sruti Swaminathan<br>LAMBDA LEGAL<br>120 Wall St., 19th Floor<br>New York, NY 10005<br>sswaminathan@lambdalegal.org | Susan Llewellyn Deniker<br>Jeffrey M. Cropp<br>STEPTOE and JOHNSON, LLC<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330<br>susan.deniker@steptoe-johnson.com<br>jeffrey.cropp@steptoe-johnson.com |
| Kelly C. Morgan<br>Michael W. Taylor<br>Kristen Vickers Hammond<br>BAILEY & WYANT, PLLC<br>500 Virginia St., East, Suite 600<br>Charleston, WV 25301<br>kmorgan@baileywyant.com<br>mtaylor@baileywyant.com<br>khammond@baileywyant.com | Tara Borelli<br>LAMBDA LEGAL<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>tborelli@lambdalegal.org |
| Douglas P. Buffington, II<br>Curtis R.A. Capehart<br>Jessica A. Lee<br>State Capitol Complex<br>Building 1, Room E-26<br>Charleston, WV 25305-0220<br>Curtis.R.A.Capehart@wvago.gov | David C. Tryon<br>West Virginia Atty. General's Office<br>1900 Kanawha Blvd., E.<br>Bldg. 1, Rm 26E<br>Charleston, WV 25305<br>David.C.Tryon@wvago.gov |

| | |
|---|---|
| Taylor Brown<br>American Civil Liberties Union<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>tbrown@aclu.org | Brandon S. Steele<br>Joshua D. Brown<br>Law Offices of Brandon S. Steele<br>3049 Robert C. Byrd Drive, Ste 100<br>Beckley, WV  25801<br>bsteelelawoffice@gmail.com<br>joshua_brown05@hotmail.com |
| Jonathan Scruggs<br>Roger Greenwood Brooks<br>Alliance Defending Freedom<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>jscruggs@adflegal.org<br>rbrooks@adflegal.org | Christiana Holcomb<br>Rachel Csutoros<br>Alliance Defending Freedom<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>cholcomb@adflegal.org<br>rcsutoros@adflegal.org |
| Timothy D. Ducar<br>Law Offices of Timothy D. Ducar, PLC<br>7430 E. Butherus Drive, Suite E<br>Scottsdale, AZ  85260<br>tducar@azlawyers.com | Meredith Taylor Brown<br>American Civil Liberties Union<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>tbrown@aclu.org |
| Anthony E. Nortz<br>Kesner & Kesner<br>112 Capitol Street<br>Charleston, WV  25301<br>anortz@kesnerlaw.com | Michael W. Taylor<br>BAILEY & WYANT PLLC<br>500 Virginia St., E. – Suite 600<br>Charleston, WV 25301<br>mtaylor@baileywyant.com |
| Aria S. Vaughan<br>U.S. Department of Justice<br>Civil Rights Division<br>Educational Opportunities Section<br>950 Pennsylvania Ave., NW<br>4CON, 10th Floor<br>Washington, DC 20530<br>aria.vaughan@usdoj.gov | Fred B. Westfall, Jr.<br>Jennifer M. Mankins<br>United States Attorney's Office<br>300 Virginia Street, East – Rm. 400<br>Charleston, WV 25301<br>fred.westfall@usdoj.gov<br>jennifer.mankins@usdoj.gov |

        **/S/ Roberta F. Green**
Roberta F. Green, Esquire (WVSB #6598)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street E., Suite 200 (25301)
Charleston, West Virginia
 (304) 345-1400; FAX: (304) 343-1826
*Counsel for Defendant WVSSAC*
rgreen@shumanlaw.com

4