IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

    Plaintiff,

v.                                                    Civil Action No. 2:21-cv-00316
                                                     Honorable Joseph R. Goodwin, Judge

WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,
    Defendants,

And

LAINEY ARMISTEAD,
    Defendant-Intervenor.

**WVSSAC'S REPLY IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE TEXT AND EMAIL COMMUNICATIONS**

    Now comes West Virginia Secondary School Activities Commission (WVSSAC), by counsel, Roberta F. Green, Kimberly M. Bandy, Shannon M. Rogers and Shuman McCuskey Slicer PLLC, and replies in support of its initial Motion, in opposition to Plaintiff's Opposition to Defendant WVSSAC's Motion *in Limine* to Exclude Evidence of Text and Email Communications (ECF No. 437) (Plaintiff's Response) and in reply to Defendant-Intervenor and State of West Virginia's Response to West Virginia Secondary School Activities Commission's Motion in Limine to Exclude Text and E-mail Communications and Motion in Limine to Exclude Regional Principals' Meeting Powerpoint and Recorded Presentation (ECF No. 426) (Intervenor and State of WV's Response).

1

WVSSAC withdraws its Motion *in limine* as it relates to the email exchange with Daniel Swartos (Exhibit C, ECF No. 392-3) and the email from Aubrey Greathouse (Exhibit D, ECF No. 392-4), and no longer seeks to exclude the same from evidence at trial.

Based on their Responses, the parties do not oppose the WVSSAC's Motion in Limine with respect to the text thread with Melissa White (Exhibit B, ECF No. 392-2), the email exchange with Josh Weekley (Exhibit E, ECF No. 392-5), the email and attachment from Senator John Unger (Exhibit I, ECF No. 392-9), the email from Ryan Quinn (Exhibit L, ECF No. 392-12), and the email exchange with Brad McElhinny (Exhibit M, 392-13). Therefore, WVSSAC's Motion should be granted as unopposed as it relates to these communications.

The communications that remain in dispute are the text thread with Senator Stephen Baldwin (Exhibit A, ECF No. 392-1), the email and attachment from Melissa White (Exhibits F, G, and H, ECF Nos. 392-6, 392-7, and 392-8), the email exchange with John Raby (Exhibit J, ECF No. 392-10), and the email exchange with Senator Stephen Baldwin (Exhibit K, ECF No. 392-11). WVSSAC renews its motion for an order *in limine* to preclude use of these text communications and email communications of Bernie Dolan.

**A.     WVSSAC withdraws its Motion as it relates to two specific communications.**

    **1.     The email exchange with Daniel Swartos (Exhibit C, ECF No. 392-3).**

Plaintiff argues that this email exchange is relevant to the question of whether H.B. 3293 is substantially related to the government's alleged interests in enacting the bill. Intervenor and the State of West Virginia argue that this email is admissible to demonstrate that WVSSAC received inquiries about opposite-sex sports participation before the passage of the statute that is the subject of this litigation. Without conceding any particular argument, WVSSAC withdraws its motion *in limine* as it relates to this specific email correspondence and no longer seeks to exclude the same from evidence at trial.

2.   **The email from Aubrey Greathouse (Exhibit D, ECF No. 392-4).**

Intervenor and the State of West Virginia argue that this email is admissible to demonstrate that WVSSAC received inquiries about opposite-sex sports participation before the passage of the statute that is the subject of this litigation. Without conceding any particular argument, WVSSAC withdraws its motion *in limine* as it relates to this specific email correspondence and no longer seeks to exclude the same from evidence at trial.

B.   **The parties do not oppose WVSSAC's Motion *in Limine* as it relates to five specific communications, and the Motion should be granted as to these communications.**

   1.   **The text thread with Melissa White (Exhibit B, ECF No. 392-2).**

   2.   **The email exchange with Josh Weekley (Exhibit E, ECF No. 392-5).**

   3.   **The email and attachment from Senator John Unger (Exhibit I, ECF No. 392-9).**

   4.   **The email from Ryan Quinn (Exhibit L, ECF No. 392-12).**

   5.   **The email exchange with Brad McElhinny (Exhibit M, ECF No. 392-13).**

Plaintiff's Response indicates that Plaintiff does not intend to utilize these communications as exhibits and does not oppose the motion with respect to these communications.[1] Similarly, Intervenor and the State of West Virginia do not oppose WVSSAC's Motion as it relates to these communications.[2] Therefore, for the reasons set forth in WVSSAC's Motion *in limine* and Memorandum in Support, these communications should be excluded.

C.   **WVSSAC renews its motion for an order *in limine* to preclude use of the remaining text communications and email communications of Bernie Dolan that are the subject of its Motion *in limine*.**

   1.   **The text thread with Senator Stephen Baldwin (Exhibit A, ECF No. 392-1).**

---

[1] ECF No. 437, p. 1.
[2] ECF No. 426.

The text thread begins with a text from Stephen Baldwin, a state Senator from Greenbrier County, to Bernie Dolan asking whether Mr. Dolan will address his caucus about "the transgender student athlete [b]ill."[3] Mr. Dolan responds with his availability, and they decide on a date and time. The remainder of the text message thread includes a statement by Mr. Baldwin regarding WVSSAC's board of directors' policy being discussed on the senate floor, and Mr. Dolan responding that the policy "has not gone through our formal rules process."

Plaintiff argues that the text thread is not hearsay because it is not being offered to prove the truth of the matter. However, Plaintiff appears to contradict this position by asserting that the thread is relevant because it "discusses the legislative history and intent in enacting H.B. 3293."[4] Plaintiff further specifies that the Baldwin text thread shows "how H.B. 3293 was understood by at least some legislators to be a bill specifically about transgender students."[5] That is a leap in logic based upon the language of the text messages themselves, particularly because Bernie Dolan cannot speak to the actions or motivations of the legislature or its individual members. In order for any statement of Senator Baldwin or Senator Rucker to have relevance (that is, has a tendency to make a fact in controversy more or less probable[6]), it seems that they are necessarily being offered for their truth. Utilizing these communications is problematic because it is not anticipated that any testimony will be offered at trial from any legislator. Thus, Plaintiff is attempting to introduce out-of-court statements to establish the motivations of individuals who will not be called as witnesses at trial, and this should not be permitted by the Court.

When he was deposed, Mr. Dolan was asked about the text thread, and particularly was asked whether he agreed with a statement of yet another individual, Senator Rucker, as it was

---

[3] ECF No. 276-1 at 140.
[4] ECF No. 437, p. 3.
[5] ECF No. 437, p. 3.
[6] Fed. R. Civ. P. 401.

4

characterized by Mr. Baldwin in a text message.[7] This type of questioning based upon hearsay statements should not be permitted at trial. Mr. Dolan cannot attest to what Senator Rucker said or believed and/or her motive in doing so, nor can he address Senator Baldwin's motives or basis for inquiry. All of that is speculative, and Plaintiff failed to depose anyone affiliated with the Legislature to delve into these issues and determine what their motivations were. Such out-of-court communications are not a proper substitute for legislative history.

Plaintiff argues that the text thread is relevant based on the fact that WVSSAC produced the thread in response to a discovery request that sought documents "concerning the implementation, enforcement or application of H.B. 3293."[8,9] However, in responding to discovery, WVSSAC expressly stated that it avails itself of all rights under the Federal Rules of Civil Procedure and such other applicable rules and law, which include the Federal Rules of Evidence.[10] Further, Plaintiff's argument is flawed because the scope of discovery is broader than admissibility under the Rules of Evidence. "Relevancy in discovery is broad in scope, because '[d]iscovery is of broader scope than admissibility, and discovery may be had of inadmissible matters.'"[11] By producing information in discovery, WVSSAC was not addressing the admissibility of the information, and expressly preserved and reserved any objections to whether the information would ultimately be admissible.

---

[7] ECF No. 276-1 at 141-142.
[8] ECF No. 437 at 3.
[9] Although Plaintiff attaches significance to the language of the discovery request, the text thread was produced as responsive to more than one request. See excerpts of *WVSSAC's Response to Plaintiff's First Set of Requests for Production to Defendant*, attached as Exhibit N.
[10] *See* ECF No. 438-1.
[11] *Amick v. Ohio Power Co.*, 2014 U.S. Dist. LEXIS 14087 at *3 (S.D. W.Va. 2014) (quoting *King v. Conde*, 121 F.R.D. 180, 194 (E.D.N.Y. 1988) (additional citations omitted); See also *Carpenter v. RES-CARE Health Servs.*, 2013 U.S. Dist. LEXIS 57928 **3-4 (S.D. W.Va. 2013).

In this instance, production of the communication in discovery provided information to Plaintiff that a communication occurred between Bernie Dolan and Stephen Baldwin. If Plaintiff wanted to inquire further into Mr. Baldwin's side of the communication, Plaintiff could have conducted discovery relative to Mr. Baldwin and potentially have learned admissible evidence with respect to Mr. Baldwin's perceptions or motivations. Here, Plaintiff has not done so. The production of information in discovery is not determinative of whether the information is ultimately admissible at trial on any issue, and, in this instance, the text exchange is not admissible for the purpose for which Plaintiff seeks to offer it because Mr. Dolan cannot speak to the actions or motivations of the Legislature relative to the statute.

### 2. The email and attachment from Melissa White (Exhibits F, G, and H, ECF Nos. 392-6, 392-7, and 392-8).

A few different copies of this email have been produced by the parties, and WVSSAC seeks to exclude each of them. Each begins with an email to Bernie Dolan from Melissa White, who represents herself to be Chief Counsel for the Committee on Education of West Virginia House of Delegates.[12] (Exhibit F, ECF No. 392-6). The email provides Mr. Dolan with a copy of "an originating bill regarding transgender participation in sports." The email asks Mr. Dolan "[p]lease let me know your thoughts[.]" The attachment was produced at Bates Numbers WVSSAC000228 - ATTACHMENT001-005 (Exhibit F, ECF No. 392-6). Only one of the iterations includes a response from Mr. Dolan, stating that he was in a meeting and will reply "this afternoon." (Exhibit H, ECF No. 392-8). Mr. Dolan's testimony clarified that he did not provide Ms. White with his thoughts in response.[13] Instead, he sent the attachment to WVSSAC's counsel without opening it.[14]

---

[12] ECF No. 276-1 at 148-149.
[13] ECF No. 276-1 at 150.
[14] ECF No. 276-1 at 150.

Plaintiff characterizes this as a "conversation" which speaks to the legislative history of the statute in issue. However, any statements by Mr. Dolan do not relate to the legislative history in any way, nor can the exchange accurately be described as a "conversation" speaking to the legislative history of the bill. Plaintiff seeks to utilize this email from Melissa White to "show how H.B. 3293 was perceived by the West Virginia legislators who passed it and how H.B. 3293 was represented to the public."[15] However, Plaintiff conducted no discovery relative to Melissa White that would allow Plaintiff to make this inference. Mr. Dolan cannot speak to the issue of how legislators perceived the bill, nor can he provide any testimony to suggest that the statement of Ms. White as included in that email was representative of the perceptions of anyone in particular. Mr. Dolan stated that he did not know why Ms. White reached out to him regarding H.B. 3293, other than to speculate that it was "as a courtesy" because it involved athletics.[16] Plaintiff did not depose Melissa White and is not expected to call Melissa White as a witness. Plaintiff seeks to offer the email as proof that legislators perceived the bill in a certain way, but there is no witness who can testify that is the case. Therefore, it should be excluded.[17]

### 3. The email exchange with John Raby (Exhibit J, ECF No. 392-10).

This email is dated March 24, 2021, to Bernie Dolan from John Raby, a reporter with the Associated Press.[18] Mr. Raby states that he is "writing a story on the transgender athlete bill (HB3293) now moving through the West Virginia Legislature" and asks some questions regarding

---

[15] ECF No. 437 at 6. *See also Dobbs v. Jackson,* 597 U.S. ___, [28] (2022), stating that *"[t]his Court has long disfavored arguments based on alleged legislative motives. See, e.g., Erie v. Pap's A. M.,* 529 U. S. 277, 292 (2000) (plurality opinion); *Turner Broadcasting System, Inc. v. FCC,* 512 U. S. 622, 652 (1994); *United States v. O'Brien,* 391 U. S. 367, 383 (1968); *Arizona v. California,* 283 U. S. 423, 455 (1931) (collecting cases). The Court has recognized that inquiries into legislative motives "are a hazardous matter." O'Brien,* 391 U. S., at 383."
[16] ECF No. 276-1 at 149.
[17] See *Norfolk So. Ry. Co. v. Balt. & Annapolis R.R. Co.*, 2016 U.S. Dist. LEXIS 198076, **9-12 (D. So. Car. 2016).
[18] ECF No. 276-1 at 143.

transgender athlete participation in West Virginia. On March 24, 2021, Mr. Dolan responds, stating that WVSSAC is unaware of whether there are any transgender athletes participating in its activities. Mr. Dolan states that schools "indicate the gender on the eligibility list. We do not have access to the school records." Mr. Dolan further states, "[t]he WVSSAC has supported Title IX for the last 50 years. This has increased the quantity and quality of opportunities for girls in our schools. Title IX has non discrimination language that we support."

Plaintiffs argue that the email exchange is relevant to "whether H.B. 3293 is substantially related to the government's alleged interests in enacting H.B. 3293[.]"[19] However, Mr. Dolan is not a legislator and was not involved in enacting H.B. 3293. Plaintiff has not explained how Mr. Dolan's statements to a reporter speak to any of these issues. To the extent that they have any probative value, these matters can be directly inquired into without reference or resort to the previous communications. Mr. Dolan can testify regarding his awareness of the participation of transgender athletes; the email correspondence does not add anything to that inquiry, and Plaintiff has failed to develop any predicate that would provide same.

    4.    **<u>The email exchange with Senator Stephen Baldwin (Exhibit K, ECF No. 392-11).</u>**

WVSSAC seeks to exclude email correspondence from Bernie Dolan to Senator Stephen Baldwin on March 31, 2021, providing a copy of WVSSAC's Board of Director's policy, and a response from Mr. Baldwin thanking him. The remainder of the email thread is Mr. Dolan forwarding the Board policy to Melissa White on April 8, 2021, commenting that it does not appear in WVSSAC's rules, and that is has not been challenged in court.

Plaintiff argues that the existence of the policy, as well as Mr. Dolan's representation to Ms. White and Senator Baldwin that the policy had never been challenged, are relevant to the

---

[19] (ECF No. 437, p. 7).

question of whether the bill is substantially related to the government's alleged interests in enacting the law. Again, Plaintiff is attempting to utilize an out-of-court statement instead of simply inquiring at trial whether WVSSAC had a policy and whether it had ever been challenged. Any email communications on this point are not only inadmissible but unnecessary, as Plaintiff raised these precise issues with Mr. Dolan at the 30(b) deposition[20] and could do so again at trial. Plaintiff never deposed Melissa White or Stephen Baldwin, so their intentions or motivations as a result of the email exchange will not be in evidence, and Plaintiff seeks to have the fact finder speculate on those issues based on an email exchange that does not directly or clearly speak to them. This should not be permitted.

### 5. Any other email exchanges should be excluded.

To the extent that any additional email communications to or from Bernie Dolan are sought to be admitted at trial, WVSSAC reserves the right to object on the same basis and grounds as set forth in its Motion *in limine* and Memorandum in support, as they would be equally inadmissible for the same reasons set forth therein.

For all of the reasons set forth here, and for the reasons set forth in WVSSAC's Motion *in limine* and Memorandum in Support, WVSSAC moves this Honorable Court for an order in *limine*, prohibiting the use of text communications and email communications of Bernie Dolan, with the exception of the email exchange with Daniel Swartos (Exhibit C, ECF No. 392-3) and the email from Aubrey Greathouse (Exhibit D, ECF No. 392-4).

---

[20] ECF No. 276-1 at 127-28.

**WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION,**
**By Counsel.**

**/S/ Roberta F. Green**
Roberta F. Green (WVSB #6598)
Kimberly M. Bandy (WVSB #10081)
Shannon M. Rogers (WVSB # 13920)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street East, Suite 200 (25301
Charleston, WV 25339
(304) 345-1400
(304) 343-1826 FAX
rgreen@shumanlaw.com
kbandy@shumanlaw.com
srogers@shumanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,
    Plaintiff,

v.                                            Civil Action No. 2:21-cv-00316
                                            Honorable Joseph R. Goodwin, Judge

WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,
    Defendants,

And

LAINEY ARMISTEAD,
    Defendant-Intervenor.

## CERTIFICATE OF SERVICE

      I hereby certify that I, Roberta F. Green, have this, the 11th day of July, 2022, served a true and exact copy of the foregoing **"WVSSAC's Reply in Support of Motion in Limine to Exclude Text and Email Communications"** with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Loree Beth Stark | Kathleen R. Hartnett |
| Nicholas Ward | Julie Veroff |
| ACLU of WV FOUNDATION | COOLEY LLP |
| 1614 Kanawha Boulevard, East | 101 California St. – 5th Floor |
| Charleston, WV  25311 | San Francisco, CA 94111-5800 |
| lstark@acluwv.org | khartnett@cooley.com |
| nward@acluwv.org | jveroff@cooley.com |

1

| | |
|---|---|
| Katelyn Kang<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001-2157<br>kkang@cooley.com | Elizabeth Reinhardt<br>COOLEY LLP<br>500 Boylston St., 14th Floor<br>Boston, MA 02116-3736<br>ereinhardt@cooley.com |
| Andrew Barr<br>COOLEY LLP<br>1144 15th St., Suite 2300<br>Denver, CO 80202-5686<br>abarr@cooley.com | Avatara Smith-Carrington<br>LAMBDA LEGAL<br>3500 Oak Lawn Ave., Suite 500<br>Dallas, TX 75219<br>asmithcarrington@lambdalegal.org |
| Joshua Block<br>Chase Strangio<br>ACLU FOUNDATION<br>125 Broad Street<br>New York, NY 10004<br>jblock@aclu.org | Carl Charles<br>LAMBDA LEGAL<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>ccharles@lambdalegal.org |
| Sruti Swaminathan<br>LAMBDA LEGAL<br>120 Wall St., 19th Floor<br>New York, NY 10005<br>sswaminathan@lambdalegal.org | Susan Llewellyn Deniker<br>Jeffrey M. Cropp<br>STEPTOE and JOHNSON, LLC<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330<br>susan.deniker@steptoe-johnson.com<br>jeffrey.cropp@steptoe-johnson.com |
| Kelly C. Morgan<br>Michael W. Taylor<br>Kristen Vickers Hammond<br>BAILEY & WYANT, PLLC<br>500 Virginia St., East, Suite 600<br>Charleston, WV 25301<br>kmorgan@baileywyant.com<br>mtaylor@baileywyant.com<br>khammond@baileywyant.com | Tara Borelli<br>LAMBDA LEGAL<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>tborelli@lambdalegal.org |
| Douglas P. Buffington, II<br>Curtis R.A. Capehart<br>Jessica A. Lee<br>State Capitol Complex<br>Building 1, Room E-26<br>Charleston, WV 25305-0220<br>Curtis.R.A.Capehart@wvago.gov | David C. Tryon<br>West Virginia Atty. General's Office<br>1900 Kanawha Blvd., E.<br>Bldg. 1, Rm 26E<br>Charleston, WV 25305<br>David.C.Tryon@wvago.gov |

Taylor Brown
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004
tbrown@aclu.org

Jonathan Scruggs
Roger Greenwood Brooks
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
jscruggs@adflegal.org
rbrooks@adflegal.org

Timothy D. Ducar
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ  85260
tducar@azlawyers.com

Anthony E. Nortz
Kesner & Kesner
112 Capitol Street
Charleston, WV  25301
anortz@kesnerlaw.com

Aria S. Vaughan
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave., NW
4CON, 10th Floor
Washington, DC 20530
aria.vaughan@usdoj.gov

Brandon S. Steele
Joshua D. Brown
Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Ste 100
Beckley, WV  25801
bsteelelawoffice@gmail.com
joshua_brown05@hotmail.com

Christiana Holcomb
Rachel Csutoros
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
cholcomb@adflegal.org
rcsutoros@adflegal.org

Meredith Taylor Brown
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
tbrown@aclu.org

Michael W. Taylor
BAILEY & WYANT PLLC
500 Virginia St., E. – Suite 600
Charleston, WV 25301
mtaylor@baileywyant.com

Fred B. Westfall, Jr.
Jennifer M. Mankins
United States Attorney's Office
300 Virginia Street, East – Rm. 400
Charleston, WV 25301
fred.westfall@usdoj.gov
jennifer.mankins@usdoj.gov

                                        **/S/ Roberta F. Green**
Roberta F. Green, Esquire (WVSB #6598)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street E., Suite 200 (25301)
Charleston, West Virginia
 (304) 345-1400; FAX: (304) 343-1826
*Counsel for Defendant WVSSAC*
rgreen@shumanlaw.com