IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,
    Plaintiff,

v.                              Civil Action No. 2:21-cv-00316
                                 Honorable Joseph R. Goodwin, Judge

WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,
    Defendants,

And

LAINEY ARMISTEAD,
    Defendant-Intervenor.

## WVSSAC'S REPLY IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE USE OF HARRISON COUNTY'S 30(B) TESTIMONY OUTSIDE SCOPE

Now comes West Virginia Secondary School Activities Commission (WVSSAC), by counsel, Roberta F. Green, Kimberly M. Bandy, Shannon M. Rogers and Shuman McCuskey Slicer PLLC, and, pursuant to Federal Rules of Evidence 105, 401-03, and Federal Rules of Civil Procedure Rule 30(b), replies in support of its initial Motion and in opposition to Plaintiff's Opposition to WVSSAC's Motion *in Limine* to Preclude Use of Harrison County's 30(b) Testimony Outside Scope (ECF No. 440) (Plaintiff's Response). WVSSAC renews its motion for an order in *limine* to preclude use of Superintendent Dora Stutler's testimony beyond the scope of her designation only to the extent that said testimony addresses WVSSAC. Indeed, Plaintiff's Response demonstrates that Plaintiff does not need nor intend to use the testimony, such that the

appropriate outcome should be an agreed-to stipulation or an Order *in limine* from this Court. Further, given the confusion[1] on the evidence and the parties reflected in Plaintiff's Response, WVSSAC's motion should be granted to alleviate the confusion, delay and waste that is already evident here.

Plaintiff asserts that BPJ "does not intend to elicit this testimony from Superintendent Stutler at trial."[2] If that is indeed BPJ's plan, then an order *in limine* or an agreed-to stipulation would be appropriate. Neither is currently in place.

Beyond the fact that Plaintiff reports no interest in the testimony at trial, it bears noting that, as a result of Plaintiff's questioning of multiple witnesses about the other defendants' processes, the record includes testimony that is contradictory on several subjects – not impeachment issues but rather persons testifying beyond their knowledge and then conceding same. For example, to the extent that Superintendent Stutler was asked about rule-making, the evidence in this case is that the rulemaking process will begin with the State Board, although that process has not been initiated at this time.[3] The County has testified that they implement the State Board's rules, adding language to particularize them to Harrison County.[4] Therefore, the County has a process that it traditionally follows but expressly has no plan for implementation at this time.[5] As for WVSSAC's plans for any new policy or rule, WVSSAC offered its own direct testimony relative to its plans for HB 3293, which is consistent with the testimony of the State Board.[6] Superintendent Stutler's testimony relative to WVSSAC's rules and practices is based on other than first-hand knowledge. Plaintiff did not question Superintendent Stutler on the source of her

---

[1] Plaintiff's Response at 2; ECF No. 289-17 at 78, 80.
[2] Plaintiff's Response at 3.
[3] ECF No. 289-19 at 67, 190.
[4] ECF No. 289-17 at 36, 90-91.
[5] ECF No. 289-17 at 192.
[6] ECF No. 276-1 at 54-55.

knowledge; however, she readily deferred to WVSSAC as more knowledgeable than she on its issues.[7] Whereas a 30(b) witness may testify to issues, facts beyond her personal knowledge at deposition, her testimony at trial is limited only to those 'facts' of which she has personal knowledge.[8] Here, Superintendent Stutler concedes that WVSSAC has more knowledge of its policies and practices than does she.[9] Therefore, where Superintendent Stutler testifies relative to WVSSAC's policies and practices, and where the testimony is unsupported by WVSSAC's testimony, documents, policies, rules, discovery, it creates confusion and waste of time, especially when the testimony is not directly related to the controversy before the Court.[10] On other tangentially related topics (such as rosters), however, Superintendent Stutler's testimony differs from that provided by Harrison County Board's other witness, Principal Dave Mazza, creating internal inconsistencies.[11]

While it is absolutely accurate that WVSSAC can work through the same process at trial of demonstrating through Superintendent Stutler that WVSSAC is more knowledgeable about its policies and practices than is she,[12] that WVSSAC's knowledge is firsthand where, by logical necessity, Superintendent Stutler's knowledge of the internal workings would not be, it finally is unnecessary and a poor use of the Court's and the witness's time to allow the Superintendent to testify relative to WVSSAC, only then to have the witness concede that, finally, WVSSAC knows more than she.[13]

---

[7] ECF No. 289-17 at 151-52.
[8] *City of Huntington v. AmerisourceBergen Drug Corp.,* 2022 U.S. Dist. Lexis 26997 (Feb. 15, 2022) (S.D. W. Va.), citing *inter alia* Fed. R. Civ. P. 602.
[9] ECF No. 289-17 at 152.
[10] *Atkinson Warehousing and Distrib. Inc. v. Ecolab, Inc.,* 99 F. Supp. 2d 665, 666 (D.C. Md. 2000).
[11] ECF No. 289-17 at 146, 190, 214.
[12] ECF No. 289-17 at 151-52.
[13] ECF No. 289-17 at 151-52.

Both Harrison County Board of Education[14] and WVSSAC have moved this Court *in limine* to preclude Plaintiff's questioning of Superintendent Stutler beyond areas of her designation and per the limitations of 30(b), at trial, her areas of firsthand knowledge.[15]

Therefore, for these reasons and those set out further in the initial Motion, WVSSAC requests an order in *limine,* whereby the Harrison County Board of Education witnesses would testify to matters within their firsthand knowledge and would defer to WVSSAC to do likewise.

**WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION,**
**By Counsel.**

**/S/ Roberta F. Green**
Roberta F. Green (WVSB #6598)
Kimberly M. Bandy (WVSB #10081)
Shannon M. Rogers (WVSB # 13920)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street East, Suite 200 (25301
Charleston, WV 25339
(304) 345-1400
(304) 343-1826 FAX
rgreen@shumanlaw.com
kbandy@shumanlaw.com
srogers@shumanlaw.com

---

[14] ECF No. 389.
[15] *City of Huntington v. AmerisourceBergen Drug Corp.,* 2022 U.S. Dist. Lexis 26997 at *17 (S.D. W. Va.), citing *Indus. Eng'g & Dev. v. Static Control Components, Inc.,* No. 8:12-cv-691-T-24-MAP, 2014 U.S. Dist. LEXIS 141823, 2014 WL 4983912, at *3 (M.D. Fl. Oct. 6, 2014) ("While Rule 30(b)(6) permits [a corporate representative's] deposition testimony to be based on matters outside his personal knowledge, Rule 602 limits his trial testimony to matters that are within his personal knowledge.").

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B.P.J., by her next friend and mother,**
**HEATHER JACKSON,**
    **Plaintiff,**

v.           Civil Action No. 2:21-cv-00316
         Honorable Joseph R. Goodwin, Judge

**WEST VIRGINIA STATE BOARD OF EDUCATION,**
**HARRISON COUNTY BOARD OF EDUCATION,**
**WEST VIRGINIA SECONDARY SCHOOL**
**ACTIVITIES COMMISION, W. CLAYTON BURCH**
**in his official capacity as State Superintendent, and**
**DORA STUTLER in her official capacity as**
**Harrison County Superintendent,**
    **Defendants,**

And

**LAINEY ARMISTEAD,**
    **Defendant-Intervenor.**

## CERTIFICATE OF SERVICE

    I hereby certify that I, Roberta F. Green, have this day, the 11th day of July, 2022, served a true and exact copy of the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Loree Beth Stark | Kathleen R. Hartnett |
| Nicholas Ward | Julie Veroff |
| ACLU of WV FOUNDATION | COOLEY LLP |
| 1614 Kanawha Boulevard, East | 101 California St. – 5th Floor |
| Charleston, WV  25311 | San Francisco, CA 94111-5800 |
| lstark@acluwv.org | khartnett@cooley.com |
| nward@acluwv.org | jveroff@cooley.com |

| | |
|---|---|
| Katelyn Kang<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001-2157<br>kkang@cooley.com | Elizabeth Reinhardt<br>COOLEY LLP<br>500 Boylston St., 14th Floor<br>Boston, MA 02116-3736<br>ereinhardt@cooley.com |
| Andrew Barr<br>COOLEY LLP<br>1144 15th St., Suite 2300<br>Denver, CO 80202-5686<br>abarr@cooley.com | Avatara Smith-Carrington<br>LAMBDA LEGAL<br>3500 Oak Lawn Ave., Suite 500<br>Dallas, TX 75219<br>asmithcarrington@lambdalegal.org |
| Joshua Block<br>Chase Strangio<br>ACLU FOUNDATION<br>125 Broad Street<br>New York, NY 10004<br>jblock@aclu.org | Carl Charles<br>LAMBDA LEGAL<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>ccharles@lambdalegal.org |
| Sruti Swaminathan<br>LAMBDA LEGAL<br>120 Wall St., 19th Floor<br>New York, NY 10005<br>sswaminathan@lambdalegal.org | Susan Llewellyn Deniker<br>Jeffrey M. Cropp<br>STEPTOE and JOHNSON, LLC<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330<br>susan.deniker@steptoe-johnson.com<br>jeffrey.cropp@steptoe-johnson.com |
| Kelly C. Morgan<br>Michael W. Taylor<br>Kristen Vickers Hammond<br>BAILEY & WYANT, PLLC<br>500 Virginia St., East, Suite 600<br>Charleston, WV 25301<br>kmorgan@baileywyant.com<br>mtaylor@baileywyant.com<br>khammond@baileywyant.com | Tara Borelli<br>LAMBDA LEGAL<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>tborelli@lambdalegal.org |
| Douglas P. Buffington, II<br>Curtis R.A. Capehart<br>Jessica A. Lee<br>State Capitol Complex<br>Building 1, Room E-26<br>Charleston, WV 25305-0220<br>Curtis.R.A.Capehart@wvago.gov | David C. Tryon<br>West Virginia Atty. General's Office<br>1900 Kanawha Blvd., E.<br>Bldg. 1, Rm 26E<br>Charleston, WV 25305<br>David.C.Tryon@wvago.gov |

| | |
|---|---|
| Taylor Brown<br>American Civil Liberties Union<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>tbrown@aclu.org | Brandon S. Steele<br>Joshua D. Brown<br>Law Offices of Brandon S. Steele<br>3049 Robert C. Byrd Drive, Ste 100<br>Beckley, WV  25801<br>bsteelelawoffice@gmail.com<br>joshua_brown05@hotmail.com |
| Jonathan Scruggs<br>Roger Greenwood Brooks<br>Alliance Defending Freedom<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>jscruggs@adflegal.org<br>rbrooks@adflegal.org | Christiana Holcomb<br>Rachel Csutoros<br>Alliance Defending Freedom<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>cholcomb@adflegal.org<br>rcsutoros@adflegal.org |
| Timothy D. Ducar<br>Law Offices of Timothy D. Ducar, PLC<br>7430 E. Butherus Drive, Suite E<br>Scottsdale, AZ  85260<br>tducar@azlawyers.com | Meredith Taylor Brown<br>American Civil Liberties Union<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>tbrown@aclu.org |
| Anthony E. Nortz<br>Kesner & Kesner<br>112 Capitol Street<br>Charleston, WV  25301<br>anortz@kesnerlaw.com | Michael W. Taylor<br>BAILEY & WYANT PLLC<br>500 Virginia St., E. – Suite 600<br>Charleston, WV 25301<br>mtaylor@baileywyant.com |
| Aria S. Vaughan<br>U.S. Department of Justice<br>Civil Rights Division<br>Educational Opportunities Section<br>950 Pennsylvania Ave., NW<br>4CON, 10th Floor<br>Washington, DC 20530<br>aria.vaughan@usdoj.gov | Fred B. Westfall, Jr.<br>Jennifer M. Mankins<br>United States Attorney's Office<br>300 Virginia Street, East – Rm. 400<br>Charleston, WV 25301<br>fred.westfall@usdoj.gov<br>jennifer.mankins@usdoj.gov |

**/S/ Roberta F. Green**
Roberta F. Green, Esquire (WVSB #6598)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street E., Suite 200 (25301)
Charleston, West Virginia
 (304) 345-1400; FAX: (304) 343-1826
*Counsel for Defendant WVSSAC*
rgreen@shumanlaw.com