IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B. P. J., by her next friend and mother,
HEATHER JACKSON,

    Plaintiff,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY
BOARD OF EDUCATION, WEST
VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISSION,
W. CLAYTON BURCH, in his official
Capacity as State Superintendent, DORA
STUTLER, in her official capacity as
Harrison County Superintendent, and
THE STATE OF WEST VIRGINIA,

    Defendants.

and LAINEY ARMISTEAD,

    Intervenor Defendant.

CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

**REPLY IN SUPPORT OF DEFENDANT STATE OF WEST VIRGINIA'S MOTION IN
LIMINE TO EXCLUDE OR LIMIT CERTAIN STATEMENTS OF STATE
SUPERINTENDENT BURCH AND RELATED PARTIES (HEARSAY, RELEVANCE,
AND LIMITATION PURSUANT TO FED. R. EVID. 105)**

Defendant, State of West Virginia (the "State"), filed its Motion *In Limine* To Exclude or Limit Certain Statements Of State Superintendent Burch And Related Parties ("State's Initial Motion," ECF Nos. 394 and 395) and Plaintiff filed its opposition ("Pl.'s Op.," ECF No.442). The State replies as follows.

### ARGUMENT

House Bill 3293 ("H.B. 3293") protects the integrity of female sports and the safety of biological female athletes in competitive and contact sports and furthers the purposes of Title IX. The State of West Virginia filed the captioned Motion (ECF No. 394) and Memorandum in Support (ECF No. 395) to exclude three specific statements attributable to the State Board of Education

1

(the "BOE") or BOE Superintendent Burch (collectively the "BOE Parties") which are hearsay, irrelevant, and subject to limiting instructions if admitted. Plaintiff opposes this Motion. ("Pl.'s Op.," ECF No. 442.) That opposition falls short of overcoming the arguments in the State's Motion and Memorandum in Support.

First, Plaintiff seemingly concedes that the enactment of H.B. 3293 can be proper as a preventative matter: "Although the State claims H.B. 3293 was designed to *prevent* the 'displace[ment]' of cisgender female athletes in school sports, *see* W. VA. CODE § 18-2-25d(a)(3), it has offered no evidence of such [*past*] 'displace[ment]' ever occurring." Pl's. Op. at 2-3 (emphasis added). Assuming Plaintiff was correct that there has not been any such displacement anywhere—and Plaintiff is not—Legislatures are allowed to anticipate problems and enact laws accordingly. The Legislature is entitled to anticipate problems (and act to prevent them) based on what it observes, within not only the State but elsewhere. *Ways v. City of Lincoln*, 331 F.3d 596, 600 (8th Cir. 2003); *see generally* State's Memo. in Op. at 13, 17-18, ECF No. 305.

As to the specific statements, Plaintiff has not denied that Heather Hutchins' opinion of "much ado about nothing" is just an opinion, not a factual observation. Plaintiff does not show how Ms. Hutchins' opinion on this issue has any relevance to this case or is any more relevant than that of any opinionated bystander. To the extent that Plaintiff claims that Ms. Hutchins' opinion is relevant because she has some "specialized knowledge" as General Counsel, Plaintiff has failed to qualify her as an expert under Fed. R. Evid. 702(a) or disclose her as an expert.

Similarly, Ms. Blatt's admitted ignorance about this not being "an issue in West Virginia" does not address either present facts or legislative concerns about anticipated problems. Ms. Blatt's personal perspective of the issue is of no more relevance to the validity of the law than the personal perspective of thousands of other West Virginians. Further, the existence of this lawsuit, as well as the obvious public concern about this issue throughout the country, shows the inaccuracy of her statement.

The statement that the State Superintendent "does not support H.B. 3293" may be the least relevant of all of the statements as to the legal issues. It is not an observation of facts or even a characterization of facts. Instead, it is a statement of a general position—seemingly the Superintendent's personally, though possibly on behalf of the entire BOE, and without details for reasons behind that general position—on a particular piece of legislation.

All three of these statements may or may not have been efforts to communicate individual or agency positions regarding H.B. 3293 to those involved with the legislative process. Such efforts are legion and are part of the legislative process here, particularly when requested by anyone involved in the legislative process (most especially the Legislature), but they are not relevant to the legal issues before the Court. Plaintiff tries to bolster Plaintiff's argument by referring to these parties as "key state bodies and state officials," Pl.'s Op. at 3, without explaining how, or for what, they are "key." They are not "key" parties for legislative action. In fact, the BOE Parties neither control nor represent the Legislature. And Plaintiff has no legal authority supporting the notion that the BOE Parties speak on behalf of the State in connection with this case or the issues before the Court.[1] The BOE Parties represent the State Board of Education, and nothing more. *See generally* W. VA. CODE § 18.

None of the subject opinions are admissible as a party admission in this situation. Fed. R. Evid. 801(d)(2)(c). While technically qualifying as a statement of a party, they are not admissible as they do nothing to prove anything against the State Superintendent or the State Board of Education that Plaintiff must prove against those parties. They are named parties for the purpose of giving the Court jurisdiction to enforce any injunctive relief against them should H.B. 3293 be found unconstitutional or violative of Title IX. Those parties did not enact the statute and are not part of the Legislature, and they are assuredly not the State. So, even if the statements are those of a party, their opinions regarding whether they supported H.B. 3293 as a bill in the Legislature—

---

[1] To the contrary, the State and the BOE Parties are obviously distinct here and speak separately for themselves, as is indubitably demonstrated by the docket in this matter.

as opposed to a valid constitutional statute—are not relevant to impose injunctive relief against the statute as unconstitutional or violating Title IX. Thus, they are not admissible.

The only way to discern the intent of the Legislature for these purposes is to look to the legislation itself. Since legislators' statements are not relevant, certainly the opinions of non-legislators are not relevant. The Supreme Court last week clarified that courts should not look to legislative motives in evaluating the purpose of laws:

> This Court has long disfavored arguments based on alleged legislative motives. *See, e.g.*, *Erie v. Pap's A. M.*, 529 U.S. 277, 292 (2000) (plurality opinion); *Turner Broadcasting System, Inc. v. FCC*, 512 U.S. 622, 652, (1994); *United States v. O'Brien*, 391 U.S. 367, 383 (1968); *Arizona v. California*, 283 U.S. 423, 455 (1931) (collecting cases).

*Dobbs v. Jackson Women's Health Org.*, No. 19-1392, 2022 WL 2276808, at *18 (U.S. June 24, 2022) (cleaned up). Even more apropos to Plaintiff's arguments:

> [t]he Court has recognized that inquiries into legislative motives "are a hazardous matter." *O'Brien*, 391 U.S. at 383. Even when an argument about legislative motive is backed by statements made by legislators who voted for a law, we have been reluctant to attribute those motives to the legislative body as a whole. "What motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it." *Id.,* at 384, 88 S.Ct. 1673.

*Id*. (cleaned up). So, if the Supreme Court is reluctant look to statements by legislators, this Court should not allow the opinions of non-legislators to be considered as evidence of anything.

Also, unfair prejudice, as it pertains to Rule 403, arises from evidence that has a tendency to "suggest decision on an improper basis[.]" *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997). The State still maintains that admission of the subject BOE Parties' opinions would unfairly prejudice the State under Fed. R. Evid. Rule 403 because the "probative value"—if any—of the BOE Parties' opinions "is substantially outweighed by a danger of … unfair prejudice[.]" Fed. R. Evid. 403. Whether a jury or a bench trial, it is still prejudicial because it may ultimately suggest a "decision on an improper basis[.]" *Queen*, 132 F.3d at 994. Therefore, the State requests that the Court completely preclude introduction of any of the BOE Parties' opinions to forestall this type of unfair prejudice.

**CONCLUSION**

4

For the foregoing reasons, the State of West Virginia respectfully requests that this Court grant its Motion *in Limine* and that the Court exclude the BOE Parties' statements and any discussion thereof and, to the extent admitted for some purpose, that they be admitted with a limiting instruction under Fed. R. Evid. 105.

    Respectfully submitted,

    PATRICK MORRISEY
     *West Virginia Attorney General*

    /s/ *Curtis R. A. Capehart*
    Douglas P. Buffington II (WV Bar # 8157)
     *Chief Deputy Attorney General*
    Curtis R.A. Capehart (WV Bar # 9876)
     *Deputy Attorney General*
    David C. Tryon (WV Bar #14145)
     *Deputy Solicitor General*
    OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
    State Capitol Complex
    1900 Kanawha Blvd. E, Building 1, Room E-26
    Charleston, WV 25305-0220
    Telephone: (304) 558-2021
    Facsimile: (304) 558-0140
    Email: Curtis.R.A.Capehart@wvago.gov

    *Counsel for Defendant, STATE OF WEST VIRGINIA*

    <u>DATE</u>: July 11, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B. P. J., by her next friend and mother,
HEATHER JACKSON,

Plaintiff,

v.                                                                  CIVIL ACTION NO. 2:21-cv-00316
                                                                    Judge Joseph R. Goodwin

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH, in his official Capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,

   Defendants.

and LAINEY ARMISTEAD,

   Intervenor Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of July 2022, I electronically filed the foregoing Memorandum with the Clerk of Court and all parties using the CM/ECF System.

>                                     */s/ Curtis R. A. Capehart*
>                                     Curtis R. A. Capehart

6