IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B. P. J., by her next friend and mother,
HEATHER JACKSON,

    Plaintiff,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY
BOARD OF EDUCATION, WEST
VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISSION,
W. CLAYTON BURCH, in his official
Capacity as State Superintendent, DORA
STUTLER, in her official capacity as
Harrison County Superintendent, and
THE STATE OF WEST VIRGINIA,

    Defendants.

and LAINEY ARMISTEAD,

    Intervenor Defendant.

CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

**REPLY IN SUPPORT OF DEFENDANT STATE OF WEST VIRGINIA'S MOTION IN LIMINE TO BAR EVIDENCE OF DISORDERS OF SEXUAL DEVELOPMENT**

Defendant, State of West Virginia (the "State"), filed its Motion *In Limine* To Bar Evidence Of Disorders Of Sexual Development ("State's Initial Motion," ECF Nos. 396 and 397) and Plaintiff filed its opposition ("Pl.'s Op.," ECF No. 444). The State replies as follows.

## ARGUMENT

A. **There Is No Issue With People With Disabilities of Sexual Development In West Virginia And The Equal Protection Clause Does Not Require The Legislature To Solve Every Conceivable Issue.**

Plaintiff apparently concedes that no biological male with a Disorder of Sexual Development has, to date, sought to compete on a female team in West Virginia. *See* State's Initial Motion at 2-3, ECF No. 397. Plaintiff now focuses on the extremely rare (1:2000-1:4500[1]) incidence of people with complete androgen insensitivity syndrome ("CAIS"), but provides no information about any West Virginia persons with CAIS, let alone any West Virginia athletes with CAIS. *See generally* Pl.'s Op. Further, Plaintiff has not shown that H.B. 3293 has prevented any person with CAIS from participating in sports in West Virginia.

But even if there were, the Equal Protection Clause does not require state legislatures to consider every conceivable possibility when enacting a statute. *U.S. v. Carolene Prod. Co.*, 304 U.S. 144, 151 (1938). *See also Michael M. v. Superior Ct. of Sonoma Cnty.*, 450 U.S. 464, 473 (1981) ("The relevant inquiry, however, is not whether the statute is drawn as precisely as it might have been, but whether the line chosen by the [state] Legislature is within constitutional limits." (citing *Kahn v. Shevin*, 416 U.S. 351, 356 n.10 (1974))). Plaintiff provides no case law to support the idea that H.B. 3293 must be so particularized as to address every conceivable concern and the individual characteristics of every single individual in West Virginia.

---

[1] See State's Initial Motion at 2 n.2, ECF No. 397.

## B. The Issue Of Disabilities Of Sexual Development Is Not Relevant.

Plaintiff apparently concedes that any issues of Disabilities of Sexual Development are irrelevant, except for the extremely rare CAIS disability. Plaintiff argues that there are three reasons why this disability is relevant, but each of these is unavailing.

1. Plaintiff claims relevance to establish that H.B. 3293's definition of "biological sex" should take into account CAIS. But no definition of "biological sex" does—at least Plaintiff has not cited any such definition. And biological sex, as defined in H.B. 3293, is a workable and appropriate term to accomplish the lawful objectives of the statute, as already addressed elsewhere. *See* State's Memo in support of MSJ at 25, ECF No. 287.

2. Plaintiff again misdirects with the incorrect suggestion that chromosomes do not determine athletic advantage, only "testosterone during puberty" does, as a reason for CAIS disability relevance. Pl.'s Op at 3. There are three problems with this. First, Dr. Safer (Plaintiff's expert) never said that the only cause of male athletic advantages is "testosterone during puberty." In fact, the State's experts have pointed out that pre-pubertal testosterone is already higher in biological boys than in biological girls, *see*, *e.g.*, Brown Decl. ¶¶ 68-70, ECF No. 285-7, and the data cited by Dr. Brown clearly show that pre-pubertal biological boys already have a strong athletic advantage over pre-pubertal biological girls. *Id*. at ¶¶ 71-113. Second, testosterone levels are, in fact, determined by genetics, i.e. chromosomes. People with an XY chromosome combination, commonly referred to as males, have a biological tendency to have higher testosterone levels because of their chromosomal makeup, not in spite of it.[2] Plaintiff's claim that males have no athletic advantage because of their chromosomes is a denial of causational reality.

---

[2] No one has claimed that testosterone production is caused or affected by a person's self-identified gender identity.

Third, to the extent that it is argued that a CAIS disability warrants a special exception, an exception to H.B 3293 for CAIS individuals would be impractical and would require invasive medical testing. Certainly, it would be appropriate for a Legislature to reject any such impractical and personally invasive exception.

      3. Plaintiff alleges (relying on an article which is hearsay) that World Athletics and the International Olympic Committee ("IOC") adopted policies based on "knowledge and experience gained from working with athletes with DSDs." Pl.'s Op. at 3. These bodies may do whatever they choose, but the West Virginia Legislature, as the elected representatives of all West Virginians, is not obligated to fall in lock step behind World Athletics or the IOC when adopting and modifying West Virginia law. Indeed, the Legislature would have a hard time doing so since both of those organizations keep changing their policies. *See* State's Reply in Supp. of MSJ at 7, ECF No. 337.

### C. **Plaintiff Claims That The State Cannot Address Non-Existent Problems But Now Demands That The State Address A Non-Existent CAIS Problem.**

Plaintiff has claimed that West Virginia has no existing problem with biological male athletes who identify as females displacing biological females on female-designated teams, Pl.'s MSJ at 30, ECF 291, and that, West Virginia had no reason to enact a law on this issue in the absence of an existing problem. *See* Pl.'s MSJ. at 26-27. This ignores the controlling case law that the Legislature is entitled to anticipate problems based on what it observes, within not only the State but elsewhere. *Ways v. City of Lincoln*, 331 F.3d 596, 600 (8th Cir. 2003); *see generally* State's Memo. in Op. to Pl's Motion for MSJ at 13, 17-18, ECF No. 305.

Nevertheless, Plaintiff now argues that if the State enacts any law governing women's sports, it must include a special handling of a non-existent CAIS problem. While *City of Lincoln* allows the Legislature to anticipate problems, it does not *require* the Legislature to solve the

problems in the same way that other organizations (e.g. World Athletics or IOC) do or to address every single permutation of the problem or even remote aspects of the problem.

## CONCLUSION

For the foregoing reasons, the State of West Virginia respectfully request that this Court grant its Motion *in Limine* and that the Court enter an Order barring Plaintiff from discussing or offering evidence regarding Disorders of Sexual Development.

        Respectfully submitted.

        PATRICK MORRISEY
         *West Virginia Attorney General*

        /s/ *Curtis R. A. Capehart*
        Douglas P. Buffington II (WV Bar # 8157)
         *Chief Deputy Attorney General*
        Curtis R.A. Capehart (WV Bar # 9876)
         *Deputy Attorney General*
        David C. Tryon (WV Bar #14145)
         *Deputy Solicitor General*
        OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
        State Capitol Complex
        1900 Kanawha Blvd. E, Building 1, Room E-26
        Charleston, WV 25305-0220
        Telephone: (304) 558-2021
        Facsimile: (304) 558-0140
        Email:  Curtis.R.A.Capehart@wvago.gov

        *Counsel for Defendant, STATE OF WEST VIRGINIA*

DATE: July 11, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B. P. J., by her next friend and mother, HEATHER JACKSON,**

    Plaintiff,

v.

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH, in his official Capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

    Defendants.

**and LAINEY ARMISTEAD,**

    Intervenor Defendant.

CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

## CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of July, 2022, I electronically filed the foregoing with the Clerk of Court and all parties using the CM/ECF System.

                                  */s/ Curtis R. A. Capehart*
                                  Curtis R. A. Capehart