IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B. P. J., by her next friend and mother,
HEATHER JACKSON,

    Plaintiff,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY
BOARD OF EDUCATION, WEST
VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISSION,
W. CLAYTON BURCH, in his official
Capacity as State Superintendent, DORA
STUTLER, in her official capacity as
Harrison County Superintendent, and
THE STATE OF WEST VIRGINIA,

    Defendants.

and LAINEY ARMISTEAD,

    Intervenor Defendant.

CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

**REPLY IN SUPPORT OF DEFENDANT STATE OF WEST VIRGINIA AND
DEFENDANT-INTERVENOR LAINEY ARMISTEAD'S JOINT MOTION IN LIMINE
<u>TO BAR PLAINTIFF'S CLAIMS TO UNDISPUTED FACTS</u>**

    Defendant, State of West Virginia (the "State"), and Defendant Intervenor (the State and the Intervenor are collectively the "Defendants") filed a Motion *In Limine* To Bar Plaintiff's Claims To Undisputed Facts ("State's Initial Motion," ECF Nos. 398 and 399) and Plaintiff filed its opposition ("Pl.'s Op.," ECF No. 441). The Defendants reply as follows.

## ARGUMENT

### A. Plaintiff's Description Of "Undisputed" Facts Is Incorrect And Should Not Be Permitted.

Plaintiff apparently concedes that Plaintiff's Statement of Undisputed Material Facts ("Plaintiff's SUF," ECF No. 290) is not admissible, either in whole or in part. Pl's. Opp. at 2, ECF No. 441. Accordingly, Defendants respectfully request that the Court enter an order memorializing this concession and precluding the admission of Plaintiff's SUF into evidence.

Plaintiff argues that a party may describe a fact as undisputed, even if it is not agreed upon, citing *Danser v. Stansberry*, 772 F.3d 340, 342 (4th Cir. 2014). Pl. Opp. at 2. But *Danser* simply makes Defendants' point because the court was careful to refer to facts as "undisputed" only if there really was no dispute, and to specify which facts were disputed and which were not. *Danser*, 772 F.3d at 343. Defendants are simply asking this Court to require Plaintiff to take the same care by not referring to facts as "undisputed" unless there really is no dispute.

To be sure, Plaintiff claims that Plaintiff will not describe facts as "undisputed" unless that description is accurate. Pl's. Op. at 2. But Plaintiff's assertion falls flat because Plaintiff's SUF already describes many disputed facts as undisputed. For example, in Plaintiff's SUF, Plaintiff asserts 137 "undisputed" material facts. *See* Plaintiff's SUF. In response, the State particularly contested 82 of those "undisputed facts," supported by references to testimony or other evidence. *See* State's Resp. to Pl's SUF, ECF No. 330. Other parties have also disputed the Plaintiff's SUF in their respective memoranda in opposition to Plaintiff's Motion for Summary Judgment. Hence, Plaintiff has already engaged in representing disputed facts as undisputed. Accordingly, it is entirely proper for the Defendants to ask for a preemptive order to preclude this behavior at trial.

### B. It Is Unfairly Prejudicial To Describe Facts As Undisputed Unless All Parties Have Agreed To The Facts.

Rule 403 of the Federal Rules of Evidence states that courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of…unfair prejudice." Fed. R. Evid. 403. Plaintiff cites *U.S. v. Mohr*, 318 F.3d 613, 619 (4th Cir. 2003) in support of the proposition that unfair prejudice does not include facts that simply diminish the case of a party. Pl.'s Opp. at 2-3. But that is not the issue here. By describing disputed facts as "undisputed," Plaintiff is presenting the case in a way that not only is false, but also is unfairly prejudicial. The Defendants should not be encumbered with the weight of rebutting a false claim of a conceded or agreed-upon fact.

### C. Plaintiff Concedes That Defendants May Ask The Court For A Limiting Instruction

Plaintiff admits that Defendants may request a limiting instruction. Pl's Op. at 3. The Defendants have done this very thing in the Initial Motion. Initial Motion at 3, ECF No. 399. *See Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 266 (5th Cir. 1980) ("Once the court determines that such evidence should be admitted, however, it cannot refuse a requested limiting instruction."). Accordingly, Defendants respectfully request that the Court rule that a limiting instruction will be provided to make it clear to the jury that stipulations and discovery responses are only binding against the parties who provided them and are not to be considered as admissions against parties who did not.

### CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court grant the Motion *in Limine* and restrict Plaintiff's use of stipulations, interrogatory answers, or admissions to only between parties specified in such and bar any characterization of facts undisputed unless all parties have agreed to them.

Respectfully submitted.

PATRICK MORRISEY
  *West Virginia Attorney General*

/s/ *Curtis R. A. Capehart*
Douglas P. Buffington II (WV Bar # 8157)
  *Chief Deputy Attorney General*
Curtis R.A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
David C. Tryon (WV Bar #14145)
  *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email:  Curtis.R.A.Capehart@wvago.gov
*Counsel for Defendant, STATE OF WEST VIRGINIA*

Tyson C. Langhofer, VA Bar No. 95204*
Rachel A. Csutoros, MA Bar No. 706225*
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-2119
(571) 707-4790 Fax
tlanghofer@adflegal.org
rcsutoros@adflegal.org

Travis C. Barham, GA Bar No. 753251*
Alliance Defending Freedom
1000 Hurricane Shoals Road NE, Ste D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-0774 Fax
tbarham@adflegal.org

/s/ *Brandon S. Steele*
Brandon Steele, WV Bar No. 12423
Joshua D. Brown, WV Bar No. 12652
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com
joshua_brown05@hotmail.com

Jonathan Scruggs, AZ Bar No. 030505*
Roger G. Brooks, NC Bar No. 16317*
Henry W. Frampton, IV, SC Bar No. 75314*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 Fax

4

| | |
|---|---|
| Timothy D. Ducar, AZ Bar No. 015307* <br> Law Offices of Timothy D. Ducar, PLC <br> 7430 E. Butherus Drive, Suite E <br> Scottsdale, AZ 85260 <br> (480) 502-2119 <br> (480) 452-0900 Fax <br> tducar@azlawyers.com | jscruggs@adflegal.org <br> rbrooks@adflegal.org <br> hframpton@adflegal.org <br><br> Christiana Holcomb, DC Bar No. 176922* <br> Alliance Defending Freedom <br> 440 First Street NW, Suite 600 <br> Washington, DC 20001 <br> (202) 393-8690 <br> (202) 347-3622 Fax <br> cholcomb@adflegal.org |

**Visiting Attorneys*
*Attorneys for Defendant-Intervenor*

<u>DATE: July 11, 2022</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B. P. J., by her next friend and mother, HEATHER JACKSON,**

    Plaintiff,

v.

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH, in his official Capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

    Defendants.

**and LAINEY ARMISTEAD,**

    Intervenor Defendant.

CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 11th day of July, 2022, I electronically filed the foregoing with the Clerk of Court and all parties using the CM/ECF System.

                                                */s/ Curtis R. A. Capehart*
                                                Curtis R. A. Capehart