IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

                *Plaintiff*,

v.                                   Civil Action No. 2:21-cv-00316
                                  Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,

    *Defendants*,

**and**

**LAINEY ARMISTEAD,**

    *Intervenor Defendant*.

**REPLY IN SUPPORT OF DEFENDANT STATE OF WEST VIRGINIA'S
MOTION *IN LIMINE* TO EXCLUDE THE PARTIAL TRANSCRIPT
OF H.B. 3293'S LEGISLATIVE HEARINGS**

        Defendant, State of West Virginia (the "State"), filed its Motion *In Limine* To Exclude Exclude The Partial Transcript Of H.B. 3293's Legislative Hearings ("State's Initial Motion," ECF Nos. 400 and 401) and Plaintiff filed its opposition ("Pl.'s Op.," ECF No. 445). The State replies as follows.

1

# ARGUMENT

A. **<u>Neither The Purported Partial Transcript Nor The Actual Recordings Of Legislative Debates Are Relevant And Should Be Excluded.</u>**

Plaintiff argues that H.B. 3293 bill is discriminatory in nature. Plaintiff claims that it is entitled to introduce the legislative debates, whether the audio recordings or an unauthenticated partial transcript, to present cherry-picked statements of a handful of legislators (out of 134) to show legislative motive. Those debates are not admissible to show legislative motive.

First, as a matter of simple logic and basic civics, an individual legislator is a representative of his or her constituents and does not speak for the body of the legislature as a whole.

Second, the law does not allow such evidence to support legislative motive. Plaintiff claims two cases do allow this Court to consider legislative motive and the subject legislators' statements: *Ne. Ohio Coal. For the Homeless v. Husted*, No. 06-CV-896, 2016 WL 1047130 (S.D. Ohio Mar. 16, 2016), and *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977). But, the Supreme Court has just clarified that courts should *not* look to legislative motives in evaluating the purpose of laws:

> This Court has long disfavored arguments based on alleged legislative motives. *See, e.g.*, *Erie v. Pap's A. M.*, 529 U.S. 277, 292, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) (plurality opinion); *Turner Broadcasting System, Inc. v. FCC*, 512 U.S. 622, 652, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994); *United States v. O'Brien*, 391 U.S. 367, 383, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); *Arizona v. California*, 283 U.S. 423, 455, 51 S.Ct. 522, 75 L.Ed. 1154 (1931) (collecting cases).

*Dobbs v. Jackson Women's Health Org.*, No. 19-1392, 2022 WL 2276808, at *18 (U.S. June 24, 2022). Even more apropos to Plaintiff's arguments:

> [t]he Court has recognized that inquiries into legislative motives "are a hazardous matter." *O'Brien*, 391 U.S. at 383, 88 S.Ct. 1673. Even when an argument about legislative motive is backed by statements made by legislators who voted for a law, we have been reluctant to attribute those motives to the legislative body as a whole. "What motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it." *Id.,* at 384, 88 S.Ct. 1673.

*Id*.

Even if *Arlington Heights* stood for the proposition that individual legislators' statements should be used to determine legislative motive—and it does not[1]—*Dobbs* has overruled that proposition by implication.

Similarly, even if *Husted* ever had any precedential value for this Court, *Dobbs* obviously takes precedent over *Husted*. Further, *Dobbs* explains why the reasoning in *Husted* is wrong in looking to legislators' individual statements. "What motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it." *Dobbs*, 2022 WL 2276808, at *18 (cleaned up).

Aside from that, *Husted* discarded without justification the holding in *In re Davis* that "[i]solated statements of individual legislators represent neither the intent of the legislature as a whole nor definitive interpretations of the language enacted by Congress." 170 F.3d 475, 480 (5th Cir. 1999). Instead, the district court determined that, without citing to precedent, it was not a question of admissibility, but of weight given to the evidence after it was admitted. *Husted*, 2016 WL 1047130, at 2.

To the extent that legislative history is admissible, the Plaintiff has not provided any contrary law to the State's cases showing that legislative history is what the West Virginia Supreme Court of Appeals has said that it is—namely committee reports, not legislators' individual

---

[1] *Arlington Heights* recognized "that judicial inquiries into legislative or executive motivation represent a substantial intrusion into the workings of other branches of government. Placing a decisionmaker on the stand is therefore 'usually to be avoided.'" 429 U.S. at 268 n.18. The Court did indicate that actual legislative *history* can be relevant, *but not necessarily the legislators' statements*. "The legislative or administrative history may be highly relevant, especially where there are contemporary statements by members of the decisionmaking body, minutes of its meetings, or reports." *Arlington Heights*, 429 U.S. at 268. *See generally* State's Initial Motion at 5, ECF No. 401.

statements. *See* State's Initial Motion at 4-6. The crux of the holding in *Phillips v. Larry's Drive-In Pharmacy, Inc.*, 220 W. Va 484 (2007), is that under the substantive law of West Virginia—which controls here—only committee reports are legislative history. Plaintiff's only effort to rebut this is citing *Beck v. Commc'ns Workers of Am.*, 776 F.2d 1187 (4th Cir. 1985). *Beck* is inapposite for two reasons. First, it is obviously a pre-*Dobbs* case. Second, *Beck* considered federal congressional representatives' statements, which has nothing to do with the law of legislative history in the various states, particularly that of West Virginia.

Therefore, the State requests that the Court grant its Motion and exclude any audio recordings or transcripts thereof for lack of relevance.

**B. Plaintiff Concedes That If Any Debates Are Submitted, They All Should Be Submitted And That The Transcript Is Not Admissible.**

It appears to the State that the Plaintiff has agreed that the transcript is not authenticated and that Plaintiff will instead submit the complete recordings of the debates. Accordingly, the State requests that if the Court admits into evidence any of the foregoing, it require all of the hearings and debates to be admitted into evidence.

### CONCLUSION

For the foregoing reasons, the State of West Virginia respectfully requests that this Court grant its Motion *in Limine* and exclude the recordings or any purported transcript of H.B. 3293's legislative hearings and exclude any discussion of the same.

    Respectfully submitted.

    PATRICK MORRISEY
     *West Virginia Attorney General*

    /s/ *Curtis R. A. Capehart*
    Douglas P. Buffington II (WV Bar # 8157)
     *Chief Deputy Attorney General*
    Curtis R.A. Capehart (WV Bar # 9876)

   *Deputy Attorney General*
David C. Tryon (WV Bar #14145)
 *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY
GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email:  Curtis.R.A.Capehart@wvago.gov

*Counsel for Defendant, STATE OF WEST VIRGINIA*

DATE: July 11, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B. P. J., by her next friend and mother, HEATHER JACKSON,**

**Plaintiff,**

**v.**  CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH, in his official Capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

    **Defendants.**

**and LAINEY ARMISTEAD,**

    **Intervenor Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of July 2022, I electronically filed the foregoing Memorandum with the Clerk of Court and all parties using the CM/ECF System.

                                            */s/ Curtis R. A. Capehart*
                                            Curtis R. A. Capehart