IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

            *Plaintiff*,

v.                                      Civil Action No. 2:21-cv-00316
                                         Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, and
THE STATE OF WEST VIRGINIA,

   *Defendants*,

and

LAINEY ARMISTEAD,

   *Intervenor Defendant*.

**REPLY IN SUPPORT OF DEFENDANT STATE OF WEST VIRGINIA'S MOTION *IN LIMINE* TO EXCLUDE SEVERAL LEGISLATORS' STATEMENTS**

      Defendant, State of West Virginia (the "State"), filed its Motion *In Limine* To Exclude Several Legislators' Statements ("State's Initial Motion," ECF Nos. 402 and 403) and Plaintiff filed its opposition ("Pl.'s Op.," ECF No. 447). The State replies as follows.

1

## ARGUMENT

### A. Individual Legislators' Statements Are Not Relevant.

Plaintiff argues that H.B. 3293 is discriminatory in nature. Plaintiff claims that it is entitled to use cherry-picked statements of a handful of legislators (out of 134) to show legislative motive. These statements are not admissible to show legislative motive.

First, as a matter of simple logic and basic civics, an individual legislator is a representative of his or her constituents and does not speak for the body of the legislature as a whole.

Second, the law does not allow such evidence to support legislative motive. Plaintiff claims two cases allow this Court to consider legislative motive and the subject legislators' statements: *Ne. Ohio Coal. For the Homeless v. Husted*, No. 06-CV-896, 2016 WL 1047130 (S.D. Ohio Mar. 16, 2016), and *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977). But, the Supreme Court has just clarified that courts should *not* look to legislative motives in evaluating the purpose of laws:

> This Court has long disfavored arguments based on alleged legislative motives. See, *e.g.*, *Erie v. Pap's A. M.*, 529 U.S. 277, 292, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) (plurality opinion); *Turner Broadcasting System, Inc. v. FCC*, 512 U.S. 622, 652, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994); *United States v. O'Brien*, 391 U.S. 367, 383, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); *Arizona v. California*, 283 U.S. 423, 455, 51 S.Ct. 522, 75 L.Ed. 1154 (1931) (collecting cases).

*Dobbs v. Jackson Women's Health Org.*, No. 19-1392, 2022 WL 2276808, at *18 (U.S. June 24, 2022). Even more apropos to Plaintiff's arguments:

> [t]he Court has recognized that inquiries into legislative motives "are a hazardous matter." *O'Brien*, 391 U.S. at 383, 88 S.Ct. 1673. Even when an argument about legislative motive is backed by statements made by legislators who voted for a law, we have been reluctant to attribute those motives to the legislative body as a whole. "What motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it." *Id.,* at 384, 88 S.Ct. 1673.

*Id*.

Even if *Arlington Heights* stood for the proposition that individual legislators' statements should be used to determine legislative motive—and it does not[1]—*Dobbs* has overruled that proposition by implication.

Similarly, even if *Husted* ever had any precedential value for this Court, *Dobbs* obviously takes precedent over *Husted*. Further, *Dobbs* explains why the reasoning in *Husted* is wrong in looking to legislators' individual statements. "What motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it." *Dobbs*, 2022 WL 2276808, at *18 (cleaned up).

Aside from that, *Husted* discarded without justification the holding in *In re Davis* that "[i]solated statements of individual legislators represent neither the intent of the legislature as a whole nor definitive interpretations of the language enacted by Congress." 170 F.3d 475, 480 (5th Cir. 1999). Instead, the district court determined that, without citing to precedent, it was not a question of admissibility but of weight given to the evidence after it was admitted. *Husted*, 2016 WL 1047130, at 2.

To the extent that legislative history is admissible, the Plaintiff has not provided any contrary law to the State's cases showing that legislative history is what the West Virginia Supreme Court of Appeals has said that it is—namely committee reports, not legislators' individual statements. *See* State's Initial Motion at 8. The crux of the holding in *Phillips v. Larry's Drive-*

---

[1] *Arlington Heights* recognized "that judicial inquiries into legislative or executive motivation represent a substantial intrusion into the workings of other branches of government. Placing a decisionmaker on the stand is therefore 'usually to be avoided.'" 429 U.S. at 268 n.18. The Court did indicate that actual legislative *history* can be relevant, *but not necessarily the legislators' statements*. "The legislative or administrative history may be highly relevant, especially where there are contemporary statements by members of the decisionmaking body, minutes of its meetings, or reports." *Arlington Heights*, 429 U.S. at 268. *See generally* State's Initial Motion at 8-9, ECF No. 403.

*In Pharmacy, Inc.*, 220 W. Va. 484 (2007), is that under the substantive law of West Virginia—which controls here—only committee reports are legislative history. Plaintiff's only effort to rebut this is citing *Beck v. Commc'ns Workers of Am.*, 776 F.2d 1187 (4th Cir. 1985). *Beck* is inapposite for two reasons. First, it is obviously a pre-*Dobbs* case. Second, *Beck* considered federal congressmen's statements, which has nothing to do with the law of legislative history in the various states, particularly that of West Virginia.

**B. Plaintiff Should Not Ne Permitted to Introduce an Incomplete Recording or Transcript of All Legislative Debates.**

Plaintiff claims Plaintiff will not "seek to admit a 'partial transcript' of Senator Roberts' statements." Pl. Resp. MIL at 3, ECF No. 447 (citing to Def. MIL at 3, ECF. No. 403). Plaintiff's statement misses the point. The issue is not only whether Plaintiff must submit all of Senator Roberts' statement, but rather whether Plaintiff must submit all of the recordings or transcripts of all of the legislative debates. If one statement is relevant, all are relevant. Plaintiff's cherry-picked statements taken alone give a very misleading picture of the entire debate. To the extent that any part of the transcript or debate recordings are admitted, the State is entitled—under Fed. R. Evid. 106—to have all of the debates introduced concurrently therewith. Only this can show that, in the context of multiple days of hearings, Senator Roberts' statement is only a minor part of the debate. Therefore, Plaintiff must submit the debate recordings in their entirety.

C. **The Legislators' Statements Are Hearsay.**

Plaintiff claims that the individual legislators' statements are not hearsay. They are; the reasons for are explained in turn:

1. West Virginia Senator Roberts' statement is a quote of a constituent's email. Plaintiff argues that the statement is not offered for the truth of the matter, but rather to show his intent to vote for the bill. But there is no need to show Senator Roberts' intent to vote for H.B. 3293 because

4

it is obvious that he did and always intended to. This has no relevance here. The only real reason Plaintiff would have for introducing the statement does not relate to the state of mind of the declarant (the Senator), but rather why he held that state of mind, i.e. why he intended to vote for the statute. Plaintiff's cited case of *United States v. Love*, 767 F.2d 1052 (4th Cir. 1985), does not explicitly address that distinction, but the State's cited case of *United States v. Sherbondy*, 70 F.3d 1281 (9th Cir. 1995), does. The court explains, "[t]he state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind. If the reservation in the text of the rule is to have any effect, it must be understood to narrowly limit those admissible statements to declarations of condition—'I'm scared'—*and not belief—'I'm scared because* [someone] threatened me.'" *Id.* (emphasis added). Yet that is exactly what Plaintiff seeks to do with this quote—show not just "I intend to vote" for H.B.3293, but "I intend to vote for H.B. 3293 *because I agree with this email."* Plaintiff has made no effort to distinguish this case from *Sherbondy*.

    2. Delegate Margitta Mazzocchi's statement is unquestionably offered for the truth of the matter asserted. Plaintiff claims to want to introduce Delegate Mazzocchi's statement to show her intent to vote for H.B. 3293. But that intent is of no relevance to the issues in the case. Plaintiff plainly wants to introduce the statement to show the "legislative motive" (*see Dobbs*, 2022 WL 2276808, at *18) behind passage of the statute, not that any particular legislator intended to vote for it. Accordingly, it is barred under the reasoning and holding of *Sherbondy*. *See also United States v. Maes*, 961 F.3d 366, 371 (5th Cir. 2020), *as revised* (June 2, 2020) ("Rule 803(3) does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind." (cleaned up)).

3. The Facebook likes attributed to Delegate Bridges are the epitome of inadmissibility. Plaintiff assumes that the Delegate himself actually clicked or tapped the "like" button as opposed to a staffer, family member, or even a hacker. Plaintiff further projects a certain belief upon the person who clicked the "like" button. It would have been a straightforward process to seek information directly from Delegate Bridges on whether he clicked the button and, if so, what he meant when doing so, instead of just assuming he clicked "like" and "endorse[d]" the comment. Pl.'s Op. at 5. Plaintiff apparently concedes that, even though Plaintiff has evidence of the account used,[2] Plaintiff does not know who clicked or why it was clicked. Unsurprisingly, Plaintiff has not provided even one case where a court admitted a Facebook "like."

Also on this "like," Plaintiff claims the lack of authenticity goes to credibility, rather than admissibility, citing *Husted*. This is nonsensical, and *Husted* says no such thing. *Husted* is not applicable at all as explained above, but rather it dealt with the weight of certain legislators' statements for which there was no question as to the authenticity of the subject statements. That is not the case here.

4. Plaintiff argues that Chief Counsel Melissa White's statements are not offered for the truth of her statements, but rather to show the legislators' perception of the bill. But only the legislators' themselves can testify as to their own perceptions. Instead, Melissa White's statements show her perception of the bill and not that anyone agreed with her or understood what she meant by her statement. Her statement is hearsay and there are no exceptions allowing it.

D. **The Statements Are Not Statements of Party Opponent.**

The legislators are not representatives of the State of West Virginia, nor do they speak for it. Legislators are elected representatives, who represent the districts that elected them. Plaintiff

---

[2] Plaintiff's submitted metadata provides no information regarding the authenticity or veracity of the "likes."

6

claims that the various legislators' statements are statements of a party opponent (Fed. R. Evid. 802(d)(2)), citing three cases for the proposition that Roberts is an agent of the State of West Virginia.[3] But this is flatly ridiculous. Those cases interpreted a federal bribery statute, which had a specific definition of "agent" of a State for purposes of bribery. Neither that statute nor any of those cases have anything to do with Fed. R. Evid. 801(d)(2). Notably, Plaintiff could not come up with a single relevant case to support its novel claim that each legislator is a party opponent under Fed. R. Evid. 801(d)(2), where the State itself—not a legislator, a legislator's chamber of the Legislature, or the Legislature on the whole—is the named party.

## CONCLUSION

For the foregoing reasons, the State of West Virginia respectfully requests that this Court grant its Motion in Limine and exclude the statements of any legislator and the Chief Counsel and exclude any discussion of the same.

Respectfully submitted.

PATRICK MORRISEY
  *West Virginia Attorney General*

/s/ *Curtis R. A. Capehart*
Douglas P. Buffington II (WV Bar # 8157)
  *Chief Deputy Attorney General*
Curtis R.A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
David C. Tryon (WV Bar #14145)
  *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140

---

[3] *United States v. Roberson*, 998 F.3d 1237, 1249 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1109 (2022) (*citing United States v. Fernandez*, 722 F.3d 1, 9 (1st Cir. 2013) and *United States v. Willis*, 844 F.3d 155, 166–67 (3d Cir. 2016)).

Email:  Curtis.R.A.Capehart@wvago.gov

*Counsel for Defendant, STATE OF WEST VIRGINIA*

<u>DATE</u>: July 11, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**B. P. J., by her next friend and mother, HEATHER JACKSON,**

**Plaintiff,**

**v.**  **CIVIL ACTION NO. 2:21-cv-00316**
 **Judge Joseph R. Goodwin**

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH, in his official Capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

  **Defendants.**

**and LAINEY ARMISTEAD,**

  **Intervenor Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of July 2022, I electronically filed the foregoing Memorandum with the Clerk of Court and all parties using the CM/ECF System.

  */s/ Curtis R. A. Capehart*
  Curtis R. A. Capehart