IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B. P. J., by her next friend and mother,
HEATHER JACKSON,

   Plaintiff,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY
BOARD OF EDUCATION, WEST
VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISSION,
W. CLAYTON BURCH, in his official
Capacity as State Superintendent, DORA
STUTLER, in her official capacity as
Harrison County Superintendent, and
THE STATE OF WEST VIRGINIA,

   Defendants.

and LAINEY ARMISTEAD,

   Intervenor Defendant.

CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

**REPLY IN SUPPORT OF DEFENDANT STATE OF WEST VIRGINIA'S MOTION IN
LIMINE TO EXCLUDE THE GOVERNOR'S STATEMENTS
(HEARSAY AND RELEVANCE)**

    Defendant, State of West Virginia (the "State"), filed its Motion *In Limine* To To Exclude The Governor's Statements ("State's Initial Motion," ECF Nos. 404 and 405) and Plaintiff filed its opposition ("Pl.'s Op.," ECF No.446). The State replies as follows.

**ARGUMENT**

    House Bill 3293 ("H.B. 3293") protects the integrity of female sports and the safety of biological female athletes in competitive and contact sports and furthers the purposes of Title IX. The State of West Virginia filed the captioned Motion (ECF No. 404) and Memorandum in Support

1

(ECF No. 405) to exclude three specific statements attributable to Governor Justice which are hearsay and irrelevant. Plaintiff opposes this Motion. ("Pl.'s Op.," ECF No. 446.) That opposition falls short of overcoming the arguments in the State's Motion and Memorandum in Support.

First, Plaintiff seemingly concedes that the enactment of H.B. 3293 can be proper as a preventative matter: "Although the State claims H.B. 3293 was designed to *prevent* the 'displace[ment]' of cisgender female athletes in school sports, *see* W. VA. CODE § 18-2-25d(a)(3), it has offered no evidence of such [*past*] 'displace[ment]' ever occurring." Pl's. Op. at 2-3 (emphasis added). Assuming Plaintiff was correct that there has not been any such displacement anywhere—and Plaintiff is not—the Legislature is entitled to anticipate problems (and act to prevent them) based on what it observes, within not only the State but elsewhere. *Ways v. City of Lincoln*, 331 F.3d 596, 600 (8th Cir. 2003); *see generally* State's Memo. in Op. to Pl.'s MSJ at 13, 17-18, ECF No. 305.

As for the Governor's statements, they are not probative of the purpose of the statute and thus are not relevant. The only way to discern the intent of the Legislature for these purposes is to look to the legislation itself; neither the legislators' nor the Governor's statements are relevant. The Supreme Court very recently clarified that courts should not look to legislative motives in evaluating the purpose of laws:

> This Court has long disfavored arguments based on alleged legislative motives. *See, e.g.*, *Erie v. Pap's A. M.*, 529 U.S. 277, 292, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) (plurality opinion); *Turner Broadcasting System, Inc. v. FCC*, 512 U.S. 622, 652, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994); *United States v. O'Brien*, 391 U.S. 367, 383, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); *Arizona v. California*, 283 U.S. 423, 455, 51 S.Ct. 522, 75 L.Ed. 1154 (1931) (collecting cases).

*Dobbs v. Jackson Women's Health Org.*, No. 19-1392, 2022 WL 2276808, at *18 (U.S. June 24, 2022). Even more apropos to Plaintiff's arguments:

> [t]he Court has recognized that inquiries into legislative motives "are a hazardous matter." *O'Brien*, 391 U.S. at 383, 88 S.Ct. 1673. Even when an argument about legislative motive is backed by statements made by legislators who voted for a law, we have been reluctant to attribute those motives to the legislative body as a whole. "What motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it." *Id.,* at 384, 88 S.Ct. 1673.

*Id*. Statements by a governor, who had no role in drafting a bill, are even less useful or relevant than those of individual legislators. Given that the Supreme Court "disfavor[s] arguments based on alleged legislative motives" and "is reluctant look to statements made by legislators," statements by Governor Justice—who did not draft H.B. 3293 or participate in the legislative debates—have entirely no relevance in determining the purpose of the statute.

While Plaintiff recognized that only one district court stated that, in certain circumstances, a governor is an agent of a state for purposes of Fed. R. Evid. 801(d)(2)(D) and can be admitted, even if the governor is not a named party, Pl.'s Op. at 3, this is not one of those cases. The observations of that court (for the District of Rhode Island)[1] regarding the truth of a governor's statement as to intent cannot be universally applied; each statement must be analyzed separately. The opposing party statement rule explains:

> (2) An Opposing Party's Statement. The statement is offered against an opposing party and: (A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or (E) was made by the party's coconspirator during and in furtherance of the conspiracy.
>
> The statement must be *considered* but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

---

[1] "To the extent that statements attributed to Governor Raimondo are introduced for the truth of the matter asserted — the Governor's intent — the statements would not be hearsay because they are admissions of an opposing party." *Am. Trucking Ass'ns, Inc. v. Alviti*, No. CV 18-378-WES, 2020 WL 4050237, at *4 (D.R.I. July 20, 2020).

Fed. R. Evid. 801(d)(2) (emphasis added).  Governor Justice's specific statements, considered in light of this provision, are not admissible.

Statement 1: "Indeed, after signing the bill, Governor Justice admitted that he could not identify even 'one example of a transgender child trying to get an unfair advantage.'" Pl. MSJ. Memo. at 8-9, ECF No. 291.  The Governor is speaking as to his personal knowledge, not as a representative of State with the collective information of the State.  And, unlike in *Am. Trucking*, this statement says nothing about the Governor's intent in signing the bill.  Even if the Court were to "consider[]" this statement pursuant to Fed. R. Evid 801(d)(2)(D) as Plaintiff claims the Court should, the Governor's expression of his personal knowledge is not a representation of the State and his personal knowledge is not "within the scope of [his official] relationship" to the State. *Id*.

Statement 2: "'I didn't make it a priority.  It wasn't my bill…. This is not like it's a big priority to me…. I think we only have 12 kids maybe in our state that are transgender-type kids.  I mean, for crying out loud… I sign hundreds of bills, hundreds of bills.  This is not a priority to me.'" Pl. MSJ. Memo. at 8-9, ECF No. 291.  Again, this is largely a statement of personal knowledge, not intent.  The statement of priority is merely a reflection on Chief Executive policy priorities vis-à-vis a Regular Session of the Legislature, and the number of kids mentioned is purely his personal knowledge or belief, which may or may not reflect actual statistics (assuming accurate statistics actually exist).  But whether or not H.B. 3293 was a priority over another bill, especially within context of the number of bills passed and signed during each Regular Session, is not relevant to anything at issue here.

Statement 3: In the full quote of the Governor's statement (which the Plaintiff omitted), the Governor actually explained his support of H.B. 3293: "[t]his is not a priority to me, but with that, *I would say, that it would impose an unfair disadvantage on the girls. So from that standpoint*

4

*I support it.*" @MSNBC, TWITTER (Apr. 30, 2021. 10:07 AM), http://twitter.com/MSBC/status/1388132937707802629 [http://perma.cc/G8VMQGYU] (emphasis added). This is the one statement that is clearly a statement of intent of why he signed the bill, and so presumably qualifies as his sole statement within the scope of his relationship. The State concedes that this statement is admissible, to the extent that it is relevant under *Dobbs*. Thus, these statements should be excluded. But if they are admitted, Governor Justice's statement of support rebuts Plaintiff's claims of animus and shows that he believes that the purpose of H.B. 3293 is to protect girls' and women's sports because allowing biological boys who identify as girls to participate on girls sports teams "would impose an unfair disadvantage on the girls." @MSNBC, *supra*.

## **CONCLUSION**

For the foregoing reasons, the State of West Virginia respectfully requests that this Court grant its Motion *in Limine* and that the Court exclude the Governor's statements and any discussion thereof.

Respectfully submitted,

PATRICK MORRISEY
  *West Virginia Attorney General*

/s/ *Curtis R. A. Capehart*
Douglas P. Buffington II (WV Bar # 8157)
  *Chief Deputy Attorney General*
Curtis R.A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
David C. Tryon (WV Bar #14145)
  *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140

Email:  Curtis.R.A.Capehart@wvago.gov

*Counsel for Defendant, STATE OF WEST VIRGINIA*

DATE: July 11, 2022

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

**B. P. J., by her next friend and mother, HEATHER JACKSON,**

**Plaintiff,**

**v.**

**WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH, in his official Capacity as State Superintendent, DORA STUTLER, in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,**

**CIVIL ACTION NO. 2:21-cv-00316**
**Judge Joseph R. Goodwin**

    **Defendants.**

**and LAINEY ARMISTEAD,**

    **Intervenor Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of July 2022, I electronically filed the foregoing Memorandum with the Clerk of Court and all parties using the CM/ECF System.

                                          */s/ Curtis R. A. Capehart*
                                          Curtis R. A. Capehart