IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO PLAINTIFF BY HER NAME GIVEN AT BIRTH ("DEADNAME") OR USING MALE PRONOUNS (HE/HIM) AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rule of Evidence 611, Plaintiff B.P.J., by and through her next friend and mother, Heather Jackson, has moved the Court to preclude Defendants, their counsel, or their witnesses from making any references to Plaintiff by her name given at birth ("deadname") or using male pronouns ("he" or "him") while she is in the courtroom.  Defendant the State of West Virginia and Intervenor (collectively, "Defendants") provide no reason in their opposition brief for the Court not to order this relief.  The motion should be granted.

1

**ARGUMENT**

In their response to Plaintiff's motion, Defendants admit that using Plaintiff's deadname or referring to Plaintiff with male pronouns is not necessary to their defense, and accordingly, would agree to accommodate this approach at trial. (Dkt. No. 432 (Intervenor and State Opp.) at 1–2.) Likewise, Defendants agree that they do not anticipate having any need to use the terms "male" or "biological male" during the examination of Plaintiff. (*Id.* at 2.) Plaintiff appreciates these acknowledgements by Defendants. Nonetheless, Defendants argue that there is "no *need* for a ruling from the Court" on these issues, based on the erroneous premise that the motion merely asks for a "courtesy" rather than providing a proper basis for a motion *in limine*. Defendants' position is incorrect.

*First*, in contending that Plaintiff has not offered a "proper motion *in limine*" because the motion does not seek to "exclude anticipated prejudicial *evidence*," (Dkt. No. 432 (Intervenor and State Opp.) at 1 (emphasis added)), Defendants rely solely on the Supreme Court's decision in *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984), but that decision does not limit the use of a motion *in limine* to excluding evidence, as opposed to argument or other material presented at trial. Indeed, a motion *in limine* is a proper means for parties to proactively raise, and for the Court to address, problematic argument and presentations anticipated at trial.[1] Fed. R. Evid. 611(a)(3) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . protect witnesses from harassment or undue embarrassment"); *see Stanley v. City of N.Y.*, 141 N.Y.S.3d 662, 673 n.5 (N.Y. Sup. Ct. 2020) ("Courts addressing

---

[1] *See Luce*, 469 U.S. at 40 n.2 (noting that "*in limine*" means it is "on or at the threshold" or "at the very beginning"); *Ross v. Erie Ins. Prop. & Cas. Co.*, 2019 WL 5196381, at *3–5 (N.D. W. Va. Oct. 15, 2019) (granting motions to prohibit references and argument regarding a defendant's wealth and out-of-state activities or characterizing the defendant in certain terms); *see also Callahan v. Pac. Cycle, Inc.*, 756 F. App'x 216, 224 (4th Cir. 2018) (noting Fed. R. Evid 611 gives "broad discretion over the presentation of evidence in the course of the trial").

the issue [of deadnaming] have almost uniformly found the practice hostile, objectively offensive, and degrading.") (citing Chan Tov McNamarah, *Misgendering as Misconduct*, 68 UCLA L. Rev. Disc. 40, 43 n.6 (2020)); *Ross v. Erie Ins. Prop. & Cas. Co.*, 2019 WL 5196381, at *3–5 (N.D. W. Va. Oct. 15, 2019) (granting motions to prohibit references and argument regarding a defendant's wealth and out-of-state activities or characterizing the defendant in certain terms); *see also Callahan v. Pac. Cycle, Inc.*, 756 F. App'x 216, 224 (4th Cir. 2018) (noting Fed. R. Evid 611 gives "broad discretion over the presentation of evidence in the course of the trial").

*Second*, Defendants otherwise acknowledge that the requested relief is consistent with the Court's expectation that the parties be "mindful to show the respect due" to each other. (Dkt. No. 432 (Intervenor and State Opp.) at 2 (quoting Dkt. No. 130 (Mem. Op. and Order), at 6.)) Given that there is no dispute that the use of Plaintiff's birth name or referring to her with "he" or "him" pronouns should not be necessary to Defendants' case, granting the requested relief is warranted.

## CONCLUSION

Accordingly, Plaintiff respectfully submits that this Court should preclude Defendants and their counsel and witnesses at trial from referring to Plaintiff B.P.J. by her deadname or using male pronouns while B.P.J. is present in the courtroom.

Dated: July 11, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
*/s/ Loree Stark*

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.org

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 11th day of July 2022, I electronically filed a true and exact copy of the ***Plaintiff's Reply in Support of Motion* in Limine *to Exclude References to Plaintiff by Her Name Given at Birth ("Deadname") or Using Male Pronouns (He/Him) and Supporting Memorandum of Law*** with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936

5