IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING STATEMENTS OF NON-PARTY WITNESSES IN SUPPLEMENTAL DISCLOSURES AND SUPPORTING MEMORANDUM OF LAW**

Intervenor—an adult who used to play soccer in West Virginia—has gone to great lengths to overcomplicate this case with irrelevant and prejudicial information. Among other things, Intervenor posed dozens of irrelevant discovery requests and sponsored unqualified experts. (*See* Dkt. No. 354 (Mot. Recon.) at 9–10.) At her deposition, it became evident that Intervenor herself (as opposed to her counsel) was uninformed about H.B. 3293, B.P.J., or why Intervenor is even part of this lawsuit. (*See* Dkt. No. 354 (Mot. Recon.) at 6–7.) She also has since admitted she is

1

finished playing sports in West Virginia. Among other irrelevant, inadmissible, and unduly prejudicial information that Intervenor intends to introduce at trial—and which B.P.J. seeks to exclude—are the personal experiences of untimely disclosed adult female athletes who live and compete outside of West Virginia (Dkt. No. 413). Intervenor's opposition provides no basis for allowing this evidence to be introduced at trial, and B.P.J.'s motion to exclude should be granted.

## ARGUMENT

As B.P.J. has demonstrated, Intervenors' cherry-picked witnesses from across the country have nothing to offer this Court. Their proffered testimony is irrelevant, littered with hearsay, and at times is unqualified expert testimony. These witnesses should be excluded from participating at trial.

*First*, these witnesses are irrelevant and should be excluded under Rule 402. Intervenor concedes that, even under her skewed view of the case, these witnesses are only relevant because they "tend to show that West Virginia has an important interest in protecting fairness and safety in women's sports." (Dkt. 431 at 2.) But under the heightened standard of review that applies to this case, it is the State's burden to identify an "exceedingly persuasive justification" supporting B.P.J.'s categorical exclusion and such reasoning must have been the *actual reasoning relied upon by the legislature* when enacting HB. 3293. *See United States v. Virginia*, 518 U.S. 515, 531, 536 (1996); *see also Miss. Univ. for Women v. Hogan*, 458 U.S. 718, 724 (1982). This means that the only admissible facts are those that tend to show the *actual reasoning* relied upon by the legislature.

Thus, for the statements of Intervenor's out-of-state female athletes to be admissible, there must be evidence that the legislature was aware of these statements *and* relied upon them at the time it enacted H.B. 3293. But there is no testimony or evidence that anyone from the legislature

relied on these statements as a basis for enacting H.B. 3293. The statements are therefore, at best, irrelevant post hoc rationalizations. *Virginia*, 518 U.S. at 533. Intervenor does not suggest that the statements would be used for any other reason and thus it is clear that they should be excluded under Rule 402.

Moreover, Defendant-Intervenor makes a stark admission: that her "legal argument succeeds even without the female-athlete witnesses." (Dkt. No. 431 at 9.) There cannot be a clearer admission of irrelevance than a party acknowledging that proposed witnesses are unnecessary. These witnesses should thus be excluded.[1] *See United States v. Zayyad*, 741 F.3d 452, 459 (4th Cir. 2014) (affirming exclusions of witness because a party "'can only cross-examine a [] witness if the information sought to be elicited is relevant'"); *see also, e.g.*, *Watkins v. Cook Inc.*, 2015 WL 1395638, at *2–4 (S.D.W. Va. Mar. 25, 2015) (excluding evidence which would have posed "substantial risks of misleading the jury and wasting judicial resources by diving into [topics] . . . none of which relate to the . . . claims at issue") (Goodwin, J.).

*Second*, exclusion is also required under Rule 403. Rule 403 provides for excluding evidence that will lead to "undue delay, wasting time, or needlessly presenting cumulative evidence." Intervenor seemingly intends to parade dozens of female athletes and their parents into court to testify simply that they had to play with or against a girl who is transgender and that they

---

[1] Intervenor's cited cases are inapposite. The anecdotal declarations at issue here, which have nothing to do with West Virginia or B.P.J., are nothing like the 106-page summary of data collected from a 2-year study in *Florida Bar v. Went For It, Inc.*, 515 U.S. 618, 626 (1995), which also included data from the state at issue. Intervenor's other cases are similarly off-point, as they both involved situations where, unlike here, no legislative record existed. *See also, e.g.*, *Edenfield v. Fane*, 507 U.S. 761, 771 (1993) (noting lack of record, including but limited to anecdotal evidence in the state at issue or elsewhere, regarding the danger from the type of commercial speech at issue); *Phillips v. Borough of Keyport*, 107 F.3d 164, 178 (3d Cir. 1997) (upholding content neutral speech restriction despite absence of legislative record).

3

did not think doing so was fair. Setting aside that none of this is relevant, *supra*, even if it was, countless court days (and jury days) would be wasted simply so Intervenor could pile-on cherry-picked testimony from likeminded people. Such a presentation has no place and is paradigmatic of evidence that is inadmissible under Rule 403.

Intervenor does not even attempt to justify the judicial resources she intends to squander with this spectacle. Her only response to this argument is that "there is nothing unfair about hearing the testimony of people directly affected by the very issue [H.B. 3293] was designed to address." (Dkt. No. 431 (Intervenor Opp.) at 3–4.) But H.B. 3293 was "designed to address" student athletes in West Virginia. It has no extra-territorial reach, it does not implicate professional or international sports, and it does not address sports unless they are state sponsored. Therefore, athletes from California, Utah, Connecticut, or elsewhere are not affected by H.B. 3293 and have nothing to offer this Court or the jury. Similarly, bodybuilders, long-drive competitors, handball athletes, track cyclists, and mixed martial arts competitors (even assuming they were in West Virginia, which they are not) are not affected by H.B. 3293. And of course, the testimony of parents of these witnesses is also irrelevant. In brief, Intervenor's sole justification for introducing these witnesses—that H.B. 3293 "was designed to address" their plight—is entirely incorrect. *See, e.g.*, *CSX Transp., Inc. v. Gilkison*, 2013 WL 85140, at *5 (N.D.W. Va. Jan. 7, 2013) (excluding evidence that "involves findings other states made that are not necessarily involved in this civil action" because the "evidence has nothing to do with the matters here").

*Third*, the declarations themselves are inadmissible hearsay and even Defendant-Intervenor has not suggested otherwise. Fed. R. Evid. 802. But even if these tens of witnesses attempted to testify in person, it is apparent that several of them would seek to introduce hearsay on the stand. (*See, e.g.*, Dkt. No. 286-1 (App. to Armistead MSJ) at 13 ¶ 22 (seeking to introduce statements

4

made by the declarants' competitor).) Intervenor first claims that these statements are not hearsay as they are not "statements." But that is incorrect. Showing that a declarant believed something to be fair (or not), or the underlying reason for the belief, is clearly a "statement" for purposes of Rule 803. Intervenor then claims that, even if hearsay, the statements are admissible as showing the declarant's then-existing state of mind or the effect that the statement had on the listener. (Dkt. No. 431 (Int. Opp.) at 5.) If that is the case, it underscores the irrelevance of these statements. The state of mind of an out-of-state declarant or the effect their statements had on an out-of-state listener—neither of whom ever spoke the legislature—has no bearing on anything in the case. Whether Rule 802 or 402 is the basis for excluding these statements, they cannot come in.

*Fourth*, some of the proffered statements contain witnesses' attempts to sort through science that they believe is relevant to this case. Indeed, though Intervenor claims that the non-party statements do not contain expert testimony, this assertion flies in the face of the fact that the statements themselves claim to be offering "scientific" opinion on differences between "male and female bodies," among other issues. (Dkt. No. 286-1 (App. Armistead MSJ) at 60 ¶ 11.) But offering such opinions is the role of an expert, not a lay witness. Testimony purporting to offer "scientific" opinion is quintessentially the type of statement that requires a witness to be qualified as an expert. *Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 575 (4th Cir. 2017), *as amended* (Mar. 7, 2017) ("Rule 702's reliability requirements may not be circumvented by allowing unqualified expert testimony in the guise of lay testimony.").

Intervenor concedes that the testimony is more suitable for an expert, but claims that these particular witnesses have "personal work experience" as "an elite female athlete and coach," making their testimony appropriate. (Dkt. No. 431 (Intervenor Opp.) at 6.) Not so. The relevant personal work experience to meet the admissibility standard must provide the witness with unique

insight into an issue such that they can offer the Court or jury an informed view on the subject. Intervenor's own cases make this point eminently clear. *United States v. Farrell*, 921 F.3d 116, 144–45 (4th Cir. 2019) (lawyer-witnesses could give lay opinion on legal-ethics questions based on personal work experience as attorneys); *White Flint*, 849 F.3d at 575 (construction employee could give lay opinion about constructions cost estimate based on personal knowledge from years of work experience). In both cases, the work experience permitted the witness to provide a unique and valuable insight into the underlying issue: lawyers can speak to legal ethics and construction employees can speak to construction costs. But here, "elite female athletes and coaches" have no specialized knowledge that would permit them to discuss science. There is no basis to allow these lay witnesses to confuse the jury with their take on science simply because they have spent time at a pool, track, or court.

*Fifth*, Intervenor's response regarding her untimely disclosure of witnesses—though lengthy—is unavailing. As Intervenor concedes, "over a month *after* the initial disclosure deadline" and "shortly *after* the February 8 deadline for written discovery," Defendant-Intervenor disclosed dozens of witnesses. (Dkt. No. 431 (Intervenor Opp.) at 7 (emphases added).) This tactic—disclosing dozens of cherry-picked witnesses from across the country after written discovery ended—put Plaintiff in the position of deposing nearly one witness a day for the rest of discovery (assuming Plaintiff obtained leave of court for additional depositions) *or* facing trial by ambush by allowing Intervenor to rely on a witness who was not subject to deposition. B.P.J. made the reasoned decision that the time and cost associated with deposing dozens of irrelevant witnesses could not be justified. Because deposing all of Intervenor's belatedly disclosed witnesses would have been "needlessly complex and burdensome and largely impractical" (even putting aside their lack of probative value), exclusion is warranted. *See Nance v. Ky. Nat'l Ins.*

*Co.*, 2005 WL 8159348, at *5–6 (S.D. W. Va. July 28, 2005) (excluding 19 witnesses under Rule 37(c)(1), despite no specific deadline for supplementing initial disclosures, given no substantial justification for the disclosure).

Intervenor's (unprompted) attempt to defend her tactics under Rule 37(c) similarly fails. Rule 37(c) makes clear that these witnesses must be excluded. As Intervenor concedes, she must be able to show that her untimely disclosure and gamesmanship was "substantially justified" and "harmless." She has not done this. There is no justification offered for the untimeliness other than a half-hearted attempt to say that B.P.J.'s discovery requests led Intervenor to believe these unrelated individuals would somehow become relevant to the case. No specifics are provided. Intervenor also claims that her violation could have been "cured" by B.P.J. if B.P.J. had only agreed to depose these several dozen witnesses. But as mentioned, this was not feasible or justifiable given the time, travel, and expense that would have been required. And finally, Intervenor admits that she does not even need these witnesses to bring her case. (Dkt. No. 431 (Intervenor Opp.) at 9.) Under Rule 37(c), then, it would be harmless to Intervenor to exclude them by Intervenor's own admission.

\* \* \* \* \* \*

For all of these reasons, the dozens of out-of-state, adult athletes whom Intervenor seeks to sponsor should be excluded from trial. They will offer nothing except for delay, expense, and cumulative testimony. This Court should reject Intervenor's continued efforts to infuse this proceeding with inefficiency and irrelevance.

## CONCLUSION

For the foregoing reasons, and for those stated in Plaintiff's opening brief, Plaintiff respectfully moves this Court to enter an Order excluding from trial statements and/or opinions

from the out-of-state individuals named in Intervenor's supplemental disclosures, or in the alternative, ordering Intervenor to identify which of these witnesses she intends to call at trial (as Plaintiff has repeatedly requested of Intervenor) and re-opening discovery to allow Plaintiff to conduct reasonable discovery of them.[2]

---

[2] Intervenor did not respond to Plaintiff's alternative request for an order that Intervenor identify which of these witnesses she intends to call at trial and re-opening discovery to allow Plaintiff to conduct reasonable discovery of them. (Dkt. No. 413 (Pl. MIL) at 6.) Accordingly, at minimum, ordering such relief and additional discovery is warranted. *See, e.g.*, *Alvarez v. Lynch*, 828 F.3d 288, 295 (4th Cir. 2016) ("Failure to respond to an argument results in waiver." (citation omitted)).

Dated: July 11, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
/s/ Loree Stark

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION
OF WEST VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.org

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 11th day of July 2022, I electronically filed a true and exact copy of the ***Plaintiff's Reply in Support of Motion* in Limine *to Exclude Evidence and/or Argument Regarding Statements of Non-Party Witnesses in Supplemental Disclosures and Supporting Memorandum of Law*** with the Clerk of Court and all parties using the CM/ECF System.

                                                       */s/ Loree Stark*
                                                       Loree Stark
                                                       West Virginia Bar No. 12936