IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>      *Plaintiff*,<br><br>  v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>      *Defendants*,<br><br>  and<br><br>LAINEY ARMISTEAD,<br><br>      *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S CONSOLIDATED REPLY IN SUPPORT OF HER MOTIONS *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING THE POTENTIAL NUMBER OF GENDER IDENTITIES (DKT. NO. 409) AND TO EXCLUDE EVIDENCE REGARDING DEFENDANT-INTERVENOR'S REQUESTS FOR ADMISSION (DKT. NO. 410)**

Pursuant to Federal Rules of Evidence 401, 402, and 403, B.P.J. has moved the Court to exclude as irrelevant any testimony and/or the introduction of any evidence regarding the opinions of B.P.J. or her medical providers on the number of gender identities that potentially exist (Dkt. No. 409 (Pl. MIL)) and also to exclude Intervenor's RFAs 13-61 concerning hypothetical individuals (Dkt. No. 410 (Pl. MIL)). At bottom, the State and Intervenor oppose B.P.J.'s motions

1

because, according to them, "evidence does not have to concern B.P.J. to be relevant to this case."[1] (Dkt. No. 429 (Intervenor Opp.) at 2.) Regardless, evidence must be relevant to a question of law or fact at issue in this case to be admissible, and yet the State and Intervenor fail to explain the relevance of the potential number of gender identities or Intervenor's confusing, irrelevant, and voluminous RFA hypotheticals. B.P.J.'s motions should be granted.

## ARGUMENT

This case concerns B.P.J.'s request for a prohibitory injunction against H.B. 3293 that allows her to play school sports as the girl that she is—as she could have prior to H.B. 3293's enactment. (Dkt. No. 64 (Amended Complaint) at 24; Dkt. No. 290 (Plaintiff's SUF) ¶¶ 38–39.) B.P.J. is *not* asking this Court to establish a new system for separating sports teams or suggesting that sex-separated sports teams are invalid. Instead, B.P.J. simply wants the right to participate on school sports teams with other girls with whom she is most similarly situated. (Dkt. No. 67 (PI Order) at 7.) With that context, the State's and Intervenor's oppositions to B.P.J.'s motions are misplaced.

*First*, there is no relevance to this lawsuit whatsoever in discussing the validity or quantity of gender identities that may exist. Fed. R. Evid. 402. The State and Intervenor argue that it "is not a realistic means of separating sports teams" if gender identity is the standard *and* there are more than two gender identities. (Dkt. No. 429 (Intervenor Opp.) at 5.) But that entirely misses the point. B.P.J. is not seeking to establish a new system for separating sports teams in West

---

[1] As explained in her opposition to Defendants' motion for summary judgment, the State's and Intervenor's arguments are based on a faulty application of heightened scrutiny that is inconsistent with Supreme Court precedent and the Fourth Circuit's decision in *Grimm v. Gloucester County School Board*, which upheld an as-applied challenge by a transgender student under both the Equal Protection Clause and Title IX. 972 F.3d 586, 606–07 (4th Cir. 2020). (*See* Dkt. No. 331 (Pl.'s MSJ Opp. at 33–37).)

2

Virginia based on gender identity. On the contrary, the question presented by this case is whether B.P.J. was unlawfully discriminated against. If so, she would be entitled to relief allowing her to play with the girls as she would have been able to prior to H.B. 3293. Allowing a student to participate on a pre-established team consistent with their gender identity does not require a debate about the number of gender identities, nor does it require contemplating other ways that sports teams could be separated. It simply requires this Court to return West Virginia to the system that worked, without issue, for decades before H.B. 3293's enactment. The State's effort to introduce irrelevant and confusing evidence about the number of identities should be rejected. *See Watkins v. Cook Inc.*, 2015 WL 1395638, at *2–4 (S.D.W. Va. Mar. 25, 2015) (excluding evidence which would have posed "substantial risks of misleading the jury and wasting judicial resources by diving into [topics] . . . none of which relate to the . . . claims at issue") (Goodwin, J.); *see also Dimock v. Ethicon, Inc.*, 2016 WL 11524466, at *1 (S.D.W. Va. Nov. 29, 2016) (noting that a court should exclude testimony where "[a]ny kernel of relevance is outweighed by 'the very substantial dangers of misleading the jury and confusing the issues.'") (Goodwin, J.).

*Second*, Intervenor claims that her burdensome and irrelevant RFAs (Nos. 13-61) all purport to "test" B.P.J.'s legal theory that sports should be separated based on "gender identity." (Dkt. No. 429 (Intervenor Opp.) at 3.) Intervenor concedes that all of the RFAs at issue seek to apply "law to fact" to this made-up legal theory erroneously attributed to B.P.J. (*Id.* at 3.) Specifically, Intervenor claims that "in many instances, the request simply asked whether a particular type of person is similarly situated to B.P.J." or whether "certain categories of people are similarly situated under B.P.J.'s legal theory." (*Id.* at 3–4.) But as stated *supra*, B.P.J. is not suggesting that sports teams in West Virginia be realigned and separated based on gender identity. Instead, B.P.J. is simply bringing an as-applied challenge that will allow her to play girls' sports

as would be permitted under the pre-H.B. 3293 framework. Hypotheticals about other persons or categories of people are thus wholly irrelevant to the simple and straightforward issue presented by this case.

## CONCLUSION

Confusing and inapposite debates related to the number of gender identities or the circumstances of hypothetical persons—none of which pertain to B.P.J.'s claims in this case—will serve only to confuse the issues at trial and waste everyone's time. The Court therefore should exclude this evidence.

Dated: July 11, 2022

Respectfully Submitted,
*/s/ Loree Stark*

<div style="columns:2">

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.org

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys*

*Attorneys for Plaintiff*

</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 11th day of July 2022, I electronically filed a true and exact copy of the ***Plaintiff's Reply in Support of her Motion* in Limine *to Exclude Evidence and/or Argument Regarding the Potential Number of Gender Identities and Supporting Memorandum of Law*** with the Clerk of Court and all parties using the CM/ECF System.

<div style="text-align:right">

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936

</div>

6