IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J. by her next friend and mother, HEATHER
JACKSON,

*Plaintiff*,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent, DORA
STUTLER in her official capacity as Harrison
County Superintendent, and THE STATE OF
WEST VIRGINIA,

*Defendants*,

and

LAINEY ARMISTEAD,

*Defendant-Intervenor*.

Civil Action No. 2:21-cv-00316

Hon. Joseph R. Goodwin

---

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION *IN LIMINE* TO EXCLUDE
DEFENDANT STATE OF WEST VIRGINIA'S EXHIBIT H AND SUPPORTING
MEMORANDUM OF LAW**

---

Plaintiff B.P.J., a minor, by and through her next friend and mother, Heather Jackson,

respectfully submits this reply in support of her motion to exclude Defendant State of West

Virginia's ("State") Exhibit H (Dkt. No. 285-8) as inadmissible pursuant to Federal Rules of

Evidence 401, 402, 403, 611, and 1006.

**ARGUMENT**

The State's Exhibit H (Dkt. No. 285-5) should be excluded at trial. As detailed in Plaintiff's

Motion *in Limine* concerning this document, (Dkt. No. 408 (Pl. MIL) at 1–2), Exhibit H contains

1

a series of four apparently homemade charts prepared by the State's attorneys (Exs. H-1–H-4). Despite its previous briefing that Exhibit H is admissible under Rule 1006 as a summary of voluminous documents (Dkt. No. 337 (State Reply) at 15), the State now asserts for the first time that it seeks to "introduce" Exhibit H under Rule 611 (Dkt. No. 421 (State Opp.) at 2), rather than Rule 1006. This is a concession that Exhibit H is not admissible under Rule 1006.[1] But regardless which Rule the State seeks to apply, this Exhibit is inadmissible under Federal Rules of Evidence 401, 402, 403, 702, 611, and 1006 and should be excluded.

Exhibit H should not be admitted under Rule 611.  Rule 611, which pertains generally to the "mode and order of examining witnesses and presenting evidence," Fed. R. Evid. 611(a), has been interpreted to allow "pedagogical devices" that "*are not evidence themselves*, but are used merely to aid the jury in its understanding of the evidence that has already been admitted." *U.S. v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004) (citation omitted) (internal quotation omitted) (emphasis added). Exhibit H is not an appropriate pedagogical exhibit.  Pedagogical exhibits "may *not* be used to summarize otherwise inadmissible evidence." 4 Weinstein's Federal Evidence § 611.02 (2021) (emphasis added). Thus, the only way for the State "to introduce Exhibit H as a visual aid of some of the findings in Dr. Brown's expert report" (Dkt. No. 421 (State Opp.) at 2) would be if the testimony of Dr. Brown's at issue were otherwise admissible. It is not.

First, among other requirements, evidence must be relevant to be admissible. Fed. R. Evid. 402. The State claims that Exhibit H is relevant "because Dr. Brown's expert report is relevant." (Dkt. No. 421 (State Opp.) at 3.) But even assuming that Dr. Brown's expert report is relevant—

---

[1] Prior to its Opposition, the State asserted Exhibit H's admissibility under Rule 1006. (Dkt. No. 337 (State Reply) at 15.) Exhibit H is inadmissible under Rule 1006 because it does not accurately summarize the testimony of Dr. Brown. (Dkt. No. 408 (Pl. MIL) at 2-3.)  The State now asserts it will not seek to admit Exhibit H under Rule 1006, thus waiving any opposition to Plaintiff's motion on that ground.

something that Plaintiff strenuously disagrees with (*see* Dkt. No. 316 (Pl. *Daubert* Motion to Exclude Expert Testimony of Dr. Gregory Brown) at 1-3)—the data summarized by Exhibit H is not relevant. As addressed in Plaintiff's opening motion, (Dkt. No. 408 (Pl. MIL) at 4), the charts either purport to compare cisgender boys and cisgender girls, or involve only adult transgender women. B.P.J. is not cisgender and is not an adult; she is a girl who is transgender. (*See, e.g.*, Dkt. No. 285-8 (State Exhibit H) at H-1 ("11 Years Old Male Advantage Over Female"); H-2 ("2021 West Virginia 6th Grade Average Time Top 10 Finishers Percent Differece [sic] Between Boys and Girls"); H-4 ("Tambalis 2015 Greek Study - Male Advantage Over Female (Sample Size Over 424,000)").) Because none of the charts reflect data applicable to B.P.J.—a twelve-year-old transgender girl on puberty blockers who has not experienced endogenous puberty—they should be excluded as irrelevant.

The State asserts without support that "[t]his case revolves around the reality that biological boys perform better than biological girls in sports at various levels."  (Dkt. No. 421 (State Opp.) at 3.)  To the contrary, this as-applied challenge "revolves around" B.P.J. The relevant inquiry under the Equal Protection Clause is whether the State has met its burden of demonstrating an "exceedingly persuasive justification" for categorically barring B.P.J. from playing school sports. *United States v. Virginia*, 518 U.S. 515, 534 (1996).  It is therefore the *State's* burden to demonstrate the actual reason the legislature enacted H.B. 3293, and to show that such reason is an exceedingly persuasive justification for B.P.J.'s exclusion.  It is not, as the State contends, B.P.J.'s burden to "scientifically demonstrate" (Dkt. No. 421 (State Opp.) at 3) why the State's irrelevant evidence—which involve *adults* and *cisgender* individuals—does not apply to her.

Second, even when evidence is relevant, if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

3

time, or needlessly presenting cumulative evidence," that evidence should be excluded. Fed. R.

Evid. 403. The State's homemade charts should be excluded because they are misleading under

Rule 403. In an attempt to clarify the confusing nature of Chart H-1 raised by Plaintiff, (*see* Dkt.

No. 408 (Pl. MIL) at 3–4), the State only confirms that the chart confusingly involves multiple

units of measurement along one axis and pertains to "male advantage over female" rather than

anything about the athletic performance of transgender adolescents. (*See* Dkt. No. 421 (State Opp.)

at 5–6 (explaining that Ex. H-1 compares shuttle runs measured in stages and sprints measured in

seconds and asserting that the charts show "the 11-year-old male advantage.")) The State's

repeated, unsubstantiated suggestion that a discrete set of race results implies a generalized, overall

athletic "advantage"—in addition to being inaccurate—would be misleading to any potential

advisory jury and unduly prejudicial to B.P.J. under Rule 403. *See Watkins v. Cook Inc.*, 2015 WL

1395638, at *2–4 (S.D.W. Va. Mar. 25, 2015) (excluding evidence which would have posed

"substantial risks of misleading the jury and wasting judicial resources by diving into [topics] . . .

none of which relate to the . . . claims at issue") (Goodwin, J.); *see also Dimock v. Ethicon, Inc.*,

2016 WL 11524466, at *1 (S.D.W. Va. Nov. 29, 2016) (noting that a court should exclude

testimony where "[a]ny kernel of relevance is outweighed by 'the very substantial dangers of

misleading the jury and confusing the issues'") (Goodwin, J.).

Finally, for the reasons stated in Plaintiff's opening Motion, Dr. Brown's testimony is

unreliable under Rule 702 because, *inter alia*, the testimony draws speculative inferences about

transgender girls based on comparisons of cisgender prepubertal boys and cisgender prepubertal

girls, based on physical fitness studies of the population at large, and based on raw data from a

single year's worth of competition. (*See* Dkt. No. 316 (Brown *Daubert* Mot.) at 8–17.)  The State

asserts that Dr. Brown "explicitly cites and relies on both of the reports Plaintiff claims are

missing." (Dkt. No. 421 (State's Opp.) at 4.) But this response misstates Plaintiff's position that "the Exhibit in fact refers to *certain findings* from David J. Handlesman and Espen Tonnessen that Dr. Brown conspicuously failed to include in his expert testimony." (Dkt. No. 408 (Pl. MIL) at 2–3.) Rather than summarize the findings that Dr. Brown actually discusses in his expert testimony, the State inserts into Exhibit H *additional* findings from David J. Handlesman and Espen Tonnessen that Dr. Brown omitted in his expert testimony. (*See* Dkt. No. 285-8 (State Exhibit H) at H-1; *see* Dkt. No. 316 (Brown *Daubert* Mot.) at 15–16.) A "pedagogical device" may not be used to introduce information *not* discussed in the expert's testimony. 4 Weinstein's Federal Evidence § 611.02 (2021) (noting that evidence summarized by a pedagogical exhibit must be otherwise admissible).

In sum, Rule 611 does not permit Exhibit H to be introduced as either evidence or a "pedagogical device."

## CONCLUSION

Plaintiff respectfully moves this Court to preclude Defendants from offering Defendant State of West Virginia's Exhibit H (Dkt. No. 285-8) at trial.

Dated: July 11, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
*/s/ Loree Stark*

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF
WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.org

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

|  |  |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 11th day of July, 2022, I electronically filed a true and exact copy of the ***Plaintiff's Reply in Support of her Motion in Limine to Exclude Defendant State of West Virginia's Exhibit H and Supporting Memorandum of Law*** with the Clerk of Court and all parties using the CM/ECF System.

/s/ Loree Stark
Loree Stark
West Virginia Bar No. 12936