IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND/OR TESTIMONY OF BERNARD DOLAN REGARDING CERTAIN HEARSAY STATEMENTS AND SUPPORTING MEMORANDUM OF LAW**

B.P.J. has moved this Court to exclude two statements made by Mr. Dolan at his deposition: (1) a statement by Mr. Dolan that an unknown and unidentified male student allegedly told him that he would "be a girl" to play on the volleyball team and (2) a statement by an unidentified school staff member who allegedly told Mr. Dolan that the school "had one student who one day identified as a girl, next day a boy, and back and forth." (Dkt. No. 406 (Pl. MIL) at 2.) In their oppositions, the State (Dkt. No. 422 (State Opp.)) and Intervenor (Dkt. No. 427 (Intervenor Opp.)) have walked themselves into a corner. To avoid the bar against hearsay, the State now concedes

1

that the only probative value of the statements would be to justify the enactment of H.B. 3293. But these statements are irrelevant for that purpose and thus inadmissible.

## ARGUMENT

As a preliminary matter, even if Mr. Dolan testifies at trial, both of the statements at issue are inadmissible hearsay.[1] Defendants now argue that the statements will not be introduced for the truth of the matter, but instead to show the state of mind of those enacting H.B. 3293. But Mr. Dolan is not a legislator and did not have any input on whether or if H.B. 3293 was enacted. As a result, it is wholly irrelevant whether Mr. Dolan was on notice of these alleged statements or what his state of mind was having heard these alleged statements. The same goes for the declarants— they had no part in the enactment of H.B. 3293 and thus their state of mind or intentions are entirely irrelevant. Instead, the only way that these statements touch on any issue before this Court is if the State and Intervenor introduce them for the truth of the matter asserted therein: a misplaced effort to bolster the legislature's decision to enact H.B. 3293. Therefore, the statements are inadmissible hearsay that do not fall into any exception. Fed. R. Evid. 802.

Moreover, the statements are irrelevant. According to the State and Intervenor, these hearsay statements are probative because they show that "at the time H.B. 3293 was enacted, the WVSSAC was experiencing activity on this topic [of transgender students participating in secondary school athletics]." (Dkt. No. 422 (State Opp.) at 3; *see* Dkt. No. 427 (Intervenor Opp.) at 1 (stating that these statements are admissible because they are "germane to refute B.P.J.'s argument that legislators had no legitimate reason to enact [H.B. 3293]").) The State also claims

---

[1] The State claims that Mr. Dolan will be a witness at trial and thus that his deposition testimony will only be used if he is "unavailable" or for impeachment. (Dkt. 422 (State Opp.) at 4.) If a hearing is required and Mr. Dolan appears, the first hearsay bar will be addressed. But if he does not appear, Plaintiff reserves the right to challenge the basis of his "unavailability" and maintains that both statements are inadmissible hearsay. Fed. R. Evid. 801(c).

that WVSSAC was put on notice that "the issue of biological boys participating in girls' sports was a real, extant issue." (Dkt. No. 422 (State Opp.) at 6.) Finally, the State claims that the alleged statement made by an unidentified school employee regarding a student's gender identity gave WVSSAC "further notice . . . of the real presence of biological male secondary school athletes seeking to participate on female sports teams and related ramifications." (*Id.* at 7.) The Intervenor is more explicit: "Dolan's statements tend to make it more probable that West Virginia acted to advance an important governmental interest." (Dkt. No. 427 (Intervenor Opp.) at 3.)

Under the heightened standard of review that applies to this case, however, it is the State's burden to identify an "exceedingly persuasive justification" supporting B.P.J.'s categorical exclusion and such reasoning must have been the *actual reasoning relied upon by the legislature* when enacting HB. 3293. *See United States v. Virginia*, 518 U.S. 515, 534, 536 (1996); *see also Miss. Univ. for Women v. Hogan*, 458 U.S. 718, 724 (1982). This means that the only admissible facts are those that tend to show the *actual reasoning* relied upon by the legislature. Two stray statements allegedly made to WVSSAC do not meet that standard.

First, there would have to be evidence that the legislature was aware of these "facts" and relied upon them at the time it enacted H.B. 3293. But there was no testimony showing that anyone from WVSSAC provided these alleged anecdotes to anyone at the legislature <u>and</u> that the legislature relied on these "facts" as a basis for enacting H.B. 3293. In fact, the record is clear that neither the bill's sponsors nor Governor Justice could identify any transgender students playing school sports at the time H.B. 3293 was passed making clear that these statements were not conveyed to the legislature (and certainly not relied upon by the legislature).[2] (Dkt. No. 290

---

[2] https://twitter.com/MSNBC/status/1388132937707802629.

(Plaintiff's SUF) ¶¶ 61–62.)[3]  The statements from WVSSAC are therefore, at best, irrelevant post hoc rationalizations.  *Virginia*, 518 U.S. at 533.

Second, these statements are inadmissible because they are not relevant to B.P.J.'s as-applied challenge to H.B. 3293.  This challenge has nothing to do with alleged statements made by unidentified, and potentially fictitious persons, whom neither Mr. Dolan nor Defendants can identify as transgender or otherwise, especially given that the statements cannot be introduced for the truth of the matter asserted therein.  Fed. R. Evid. 802.

## CONCLUSION

Plaintiff therefore respectfully submits that this Court should enter an Order excluding from trial any evidence and/or testimony from Bernard Dolan that relates to the two statements allegedly made to Mr. Dolan by unidentified persons regarding a student's gender identity as it pertains to participating in secondary school sports.

---

[3] Defendants themselves concede that they were not aware of any transgender students playing school sports at the time H.B. 3293 was passed. (Dkt. No. 290 (Plaintiff's SUF) ¶ 63.)

Dated: July 11, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
*/s/ Loree Stark*

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.org

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, *Plaintiff*, v. WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, *Defendants*, and LAINEY ARMISTEAD, *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 Hon. Joseph R. Goodwin **CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 11th day of July 2022, I electronically filed a true and exact copy of ***Plaintiff's Reply in Support of her Motion in Limine to Exclude Evidence and/or Testimony of Bernard Dolan Regarding Certain Hearsay Statements and Supporting Memorandum of Law*** with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936

6