IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING PLAINTIFF'S IRRELEVANT MEDICAL RECORDS AND SUPPORTING MEMORANDUM OF LAW**

B.P.J. has moved this Court to exclude introduction of her medical records unrelated to her gender dysphoria diagnosis or the treatment thereof. (Dkt. No. 418 (Pl. MIL).) She further seeks exclusion of *all* medical records (even those related to gender dysphoria) unless those records are used (if necessary) for the discrete purpose of documenting the historical fact that B.P.J. has been diagnosed with gender dysphoria and is currently receiving puberty-delaying treatment. The State (Dkt. No. 425 (State Opp.)) and Intervenor (Dkt. No. 434 (Intervenor Opp.)) (collectively, Defendants) have provided no justification in their opposition briefs for allowing the introduction

1

of this evidence. Nor can they: once it is established that B.P.J. was identified as male at birth and has a female gender identity—something that should simply be the subject of stipulation, given that it is undisputed—there is absolutely no reason to introduce any of B.P.J.'s medical records other than to harass or embarrass her. The Court should grant the motion and exclude this unnecessary evidence.

## ARGUMENT

Defendants oppose B.P.J.'s motion on four grounds, claiming that: (1) B.P.J.'s motion is vague; (2) the Irrelevant Medical Records are relevant; (3) medical records related to gender dysphoria should be admitted for more purposes; and (4) introduction of the medical records will not harass B.P.J. in violation of Rule 403. Each argument fails.

### A.　B.P.J.'s Motion Is Not Vague

Defendants both claim that they are unable to understand what B.P.J. is seeking in her motion and therefore it should be denied. (Dkt. No. 425 (State Opp.) at 2; Dkt. No. 434 (Intervenor Opp.) at 1.) But B.P.J. was eminently clear: medical records unrelated to B.P.J.'s gender dysphoria diagnosis and/or treatment thereof should be excluded. This includes records such as "B.P.J.'s dental records, counseling records, pediatrician's visits, well-child visits, and vaccination record." (Dkt. No. 418 (Pl. MIL) at 2 n.1.) Moreover, to the extent any medical record related to her diagnosis or treatment of gender dysphoria is introduced, it should be limited to the sole purpose of documenting the historical fact that B.P.J. has been diagnosed with gender dysphoria and is currently receiving puberty-delaying treatment. These are clear lines grounded in the actual issues presented by this case, and there is nothing vague about Plaintiff's motion.

B.     **The Irrelevant Medical Records Are Inadmissible**

No issue of fact or law in this case will turn on, or even touch on, any of B.P.J.'s Irrelevant Medical Records. They are thus irrelevant and inadmissible under Rules 401, 402, and 403. Moreover, even if the Irrelevant Medical Records were somehow relevant, admitting B.P.J.'s medical records is unnecessary and would be embarrassing or otherwise prejudicial, including because they contain highly personal, at times painful, information regarding her medical history and care, which does not remotely touch upon the issues before this Court.

Defendants claim that the Irrelevant Medical Records are relevant because they establish that "B.P.J. was born as a male" and therefore she has "different external organs" and "different internal organs" as compared to "biological girls." (Dkt. No. 425 (State Opp.) at 3–4.) But B.P.J. has never disputed that she was assigned male at birth. This Court, too, already has acknowledged this undisputed fact: "B.P.J. is a transgender girl who, while assigned the sex of male at birth, knew from a young age that she is a girl." (Dkt. No. 67 (PI Order) at 2.) The Irrelevant Medical Records are thus beside the point, as it is undisputed that B.P.J. was assigned male at birth.

Furthermore, Defendants offer no evidence or support for how medical records reflecting B.P.J.'s "external organs" and "internal organs" are relevant to the question of whether B.P.J. is similarly situated to other girls for the purpose of running on her sixth-grade girls' cross-country team. The relevant inquiry is not whether B.P.J. is "identical" to other girls. Instead, and as the State's own cited case acknowledges, the similarly situated inquiry examines whether persons are in "all *relevant* aspects alike," *Nordlinger*, 505 U.S. 1, 10 (1992) (emphasis added). Neither the State nor Intervenor offer any support for how medical records reflecting B.P.J.'s organs are

relevant here.[1] As B.P.J. has maintained all along, H.B. 3293 unlawfully discriminates against her because she is transgender. And as a transgender girl, this Court has already recognized that "[B.P.J.] is not most similarly situated with cisgender boys; she is similarly situated to other girls." (Dkt. No. 67 (PI Order) at 7 (citing *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 610 (4th Cir. 2020).)

Therefore, there is no basis to introduce the Irrelevant Medical Records as it is undisputed that B.P.J. was assigned male at birth and the State and Intervenor offer no other probative reason to introduce the Irrelevant Medical Records. Any introduction would thus be duplicative and prejudicial, as it would lead to harassment and embarrassment of B.P.J. by publicizing her personal medical records. Fed. R. Evid. 401, 402, and 403.

    **C.    The Medical Records Related To B.P.J.'s Treatment And Diagnosis Of Gender Dysphoria Have Very Limited Relevance**

The only relevance that B.P.J.'s gender dysphoria-related medical records have to the issues in this case is to demonstrate that she is a transgender girl on puberty blockers. But no party is challenging these points (nor can they), and this Court has already recognized that B.P.J. is a member of the group targeted by this law. (Dkt. No. 67 (PI Order) at 2.)

Instead, the State and Intervenor claim that B.P.J.'s medical records are relevant because they wish to introduce evidence related to a series of questions they deem relevant:

- What is "gender dysphoria"?
- What does it mean to be "diagnosed" with gender dysphoria?
- What does it mean to be "properly diagnosed" with gender dysphoria (i.e. the "propriety of plaintiff's diagnosis")?
- Is social transition a medical treatment? Is it "the" only "proper" treatment?
- Is social transition actually a medically prescribed treatment or, as Plaintiff has pled, B.P.J.'s "want"?
- Should a doctor use cultural stereotypes in "diagnosing" gender dysphoria?

---

[1] Moreover, to the extent that the State and Intervenor still wish to make this argument, they can do so without reference to B.P.J.'s medical records.

4

(Dkt. No. 425 (State Opp.) at 5.[2]) But the State does not explain how B.P.J.'s medical records will make the answers to these questions—none of which are relevant to the issues before this Court—more or less likely. Indeed, even were these questions the proper subject of trial (which they are not), all of them can be addressed without introducing B.P.J.'s medical records. Similar to the Irrelevant Medical Records, any introduction of B.P.J.'s gender dysphoria-related medical records would be irrelevant and prejudicial as it would lead to harassment and embarrassment of B.P.J. by publicizing her personal medical records for no legitimate purpose. Fed. R. Evid. 401, 402, and 403.

### D. Introduction Of B.P.J.'s Medical Records Would Lead To Harassment

As explained *supra*, the only reason to introduce any of B.P.J.'s medical records that Defendants apparently seek to rely on at trial are to confuse, mislead, and prejudice the jury. There is no question that B.P.J. was assigned "male" at birth just as there is no question that B.P.J. is a girl who is transgender. Nor can there be a dispute that she is on puberty blockers. Thus, no issue of law or fact will be made more or less probable through introduction of B.P.J.'s medical records. As a result, the *only* thing that introducing B.P.J.'s medical records can do is harass or embarrass her, as it would disclose to the public intimate details related to *inter alia* discussions with her counselors or medical providers unrelated to the diagnosis and treatment of gender dysphoria. For these reasons alone, B.P.J.'s Irrelevant Medical Records should be excluded.

---

[2] The State asserts that these questions were "raised" by Plaintiff's "pleadings and experts," *id.*, but cites nothing in support of this broad assertion. To the contrary, these questions are largely harassing and irrelevant, as they seek to call into question the concept of gender dysphoria, as well as the medical care provided to transgender persons—none of which is relevant to this case other than to establish the undisputed fact that Plaintiff is a transgender girl on puberty blockers.

## CONCLUSION

For all the reasons above, Plaintiff respectfully requests that the Court preclude Defendants from offering any evidence, argument, or opinion concerning the Irrelevant Medical Records, or concerning medical records relating to B.P.J.'s gender dysphoria diagnosis or treatment other than for the discrete purpose of documenting the historical fact that B.P.J. has been diagnosed with gender dysphoria and is currently receiving puberty-delaying treatment.

Dated: July 11, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
*/s/ Loree Stark*

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.org

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 11th day of July 2022, I electronically filed a true and exact copy of ***Plaintiff's Reply in Support of her Motion in Limine to Exclude Evidence and/or Argument Regarding Plaintiff's Irrelevant Medical Records and Supporting Memorandum of Law*** with the Clerk of Court and all parties using the CM/ECF System.

/s/ Loree Stark
Loree Stark
West Virginia Bar No. 12936

8