IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

**PLAINTIFF'S CONSOLIDATED REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EVIDENCE REGARDING CONTACT AND COLLISION SPORTS**

Plaintiff B.P.J., by and through her next friend and mother, Heather Jackson, submits this reply memorandum in support of her motion (Dkt. 407) to exclude any testimony or the introduction of any evidence regarding alleged safety risk associated with contact and collision sports as irrelevant and unduly prejudicial under Federal Rules of Evidence 401, 402, and 403.

As explained in Plaintiff's motion, testimony or evidence regarding contact and collision sports is not relevant to B.P.J.'s as-applied challenge because B.P.J. seeks to participate in cross country and track and field, which are not contact or collision sports. Plaintiff's motion is

1

consistent with this Court's previous recognition that "as applied to B.P.J., this law cannot possibly protect the physical safety of other girl athletes. Cross country and track are not contact sports. The physical ability of one athlete does not put another in danger in the way it might in another sport like football or hockey." (Dkt. No. 67 (PI Op.) at 11.)

In opposing Plaintiff's motion, the State and Intervenor do not argue that information regarding contact and collision sports is actually relevant to B.P.J. Instead, they contend that under the Equal Protection Clause and Title IX, the Court must focus on "the general attributes of the affected class rather than the individual" and that "B.P.J.'s individual circumstances are beside the point." (Dkt. No. 428 (Intervenor and State Resp.) at 2–3.) As explained in her opposition to Defendants' motion for summary judgment, Defendants' arguments are based on a faulty application of heightened scrutiny that is inconsistent with Supreme Court precedent and the Fourth Circuit's decision in *Grimm v. Gloucester County School Board*, which upheld an as-applied challenge by a transgender student under both the Equal Protection Clause and Title IX. 972 F.3d 586, 606–07 (4th Cir. 2020); (*see* Dkt. No. 331 (Pl.'s MSJ Opp.) at 33–37.) Far from eliminating individuals from the analysis, Supreme Court decisions applying heightened scrutiny to sex and gender discrimination emphasize that "estimates of what is appropriate for most" men and women as a group cannot "justify denying opportunit[ies]" to people who fall "outside the average description." *United State v. Virginia*, 518 U.S. 515, 550 (1996).

The State Defendants, Intervenor, and the Harrison County Board of Education and Superintendent Doris Stutler (the "County Board Defendants") also assert that information about contact and collision sports is relevant to B.P.J.'s facial challenge. (Dkt. No. 428 (Intervenor and State Resp.) at 3; Dkt. No. 420 (County Defs.' Resp.) at 3.)) But B.P.J. does not bring a facial challenge. She seeks only a declaration that H.B. 3293 "violate[s] Plaintiff's rights" and an

injunction prohibiting Defendants from enforcing H.B. 3293 against Plaintiff. (Dkt. No. 64 (Am. Compl.) at 24.) To be sure, B.P.J.'s argument that H.B. 3293 is motivated by an impermissible discriminatory purpose would necessarily mean that the statute is invalid both facially and as applied to her. *Romer v. Evans*, 517 U.S. 620, 635 (1996); *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 448 (1985). But information about contact and collisions sports is not relevant to that argument because a law motivated by a discriminatory purpose is automatically invalid in all its applications. *Cf. Hunter v. Underwood*, 471 U.S. 222, 233 (1985) (invalidating statute based on discriminatory purpose without addressing whether statute would be constitutional if it had been adopted without a discriminatory purpose).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Plaintiff's original motion, the Court should preclude Defendants from offering any evidence, argument, or opinions regarding alleged safety risk associated with contact and collision sports as irrelevant and unduly prejudicial under Federal Rules of Evidence 401, 402, and 403.

Dated: July 11, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
/s/ Loree Stark

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.org

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

Attorneys for Plaintiff

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 11th day of July, 2022, I electronically filed a true and exact copy of the ***Plaintiff's Consolidated Reply Memorandum of Law in Support of Plaintiff's Motion* In Limine *to Exclude Testimony and Evidence Regarding Contact and Collision Sports*** with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936

5