IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

                *Plaintiff*,

v.                                         Civil Action No. 2:21-cv-00316
                                              Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, and
THE STATE OF WEST VIRGINIA,

    *Defendants*,

and

LAINEY ARMISTEAD,

    *Intervenor Defendant*.

**DEFENDANT STATE OF WEST VIRGINIA'S NOTICE OF SUPPLEMENTAL
AUTHORITY REGARDING (1) RELEVANCE OF LEGISLATIVE HISTORY
AND, (2) U.S. STATEMENT OF INTEREST**

      Defendant State of West Virginia (the "State") hereby notifies this Court of two new cases which have a direct bearing on this case. One is from the United States Supreme Court relative to usage of legislative history and another is a Memorandum and Opinion issuing a Preliminary Injunction, which bars the federal government from enforcing in West Virginia the U.S. Department of Education's recent Title IX guidance documents regarding gender identity.

1

1. <u>*Dobbs v. Jackson Women's Health Org.*, 142 S.Ct. 2228 (2022)</u>

The United States Supreme Court's opinion in *Dobbs v. Jackson Women's Health Org.*, 142 S.Ct. 2228 (2022), is relevant to the issues raised in the Parties' respective summary judgment briefs regarding the relevance of legislative history and statements of legislators and the Governor. *See, e.g.*, Plaintiff's Memorandum in Support of Motion for Summary Judgement ("Pl.'s MSJ") at 21, ECF No. 291; the State's Memorandum in Opposition thereto at 18, ECF No. 305; and the State's Memorandum in Support of Motion for Summary Judgment at 6-7, ECF No. 287.

Plaintiff argues that H.B. 3293 was enacted with improper motives. Plaintiff claims that Plaintiff is entitled to use legislators' statements (Pl.'s MSJ at 21, 33; and Plaintiff's Consolidated Memorandum Reply Brief ("Pl.'s Reply") at 16-18, ECF No. 357), the Governor's statements (Pl.'s MSJ, at 8-9), and legislative history of the statute (Pl.'s Reply at 16-18) to support that assertion. The State has maintained that those statements and the legislative history are not relevant and are inadmissible. Both Plaintiff and the State have cited case authority for their respective positons. Briefing on dispositive motions was completed on May 26, 2022. Thereafter, on June 24, 2022, the United States Supreme Court issued its opinion in *Dobbs*, which contains language relevant to this issue. Specifically, the Court stated:

> This Court has long disfavored arguments based on alleged legislative motives. *See*, *e.g.*, *Erie v. Pap's A. M.*, 529 U.S. 277, 292, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) (plurality opinion); *Turner Broadcasting System, Inc. v. FCC*, 512 U.S. 622, 652, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994); *United States v. O'Brien*, 391 U.S. 367, 383, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); *Arizona v. California*, 283 U.S. 423, 455, 51 S.Ct. 522, 75 L.Ed. 1154 (1931) (collecting cases).
>
> The Court has recognized that inquiries into legislative motives "are a hazardous matter." *O'Brien*, 391 U.S. at 383, 88 S.Ct. 1673. Even when an argument about legislative motive is backed by statements made by legislators who voted for a law, we have been reluctant to attribute those motives to the legislative body as a whole. "What motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it." *Id.,* at 384, 88 S.Ct. 1673.

*Id.* at *18.  The State believes that this case supports its position and submits this new authority for the Court's consideration.

    2.  <u>*Tennessee v. U.S. Dep't of Educ.*, No. 21-CV-308, 2022 WL 2791450 (E.D. Tenn. July 15, 2022)</u>

On June 17, 2021, the United States filed a Statement of Interest ("Statement of Interest") in this case which states that "a state law that limits or denies a particular class of people's ability to participate in . . . programs and activities solely because their gender identity does not match their sex assigned at birth violates [] Title IX[.]"  Statement of Interest at 5, ECF No. 42.  It goes on to assert that "H.B. 3293 violates Title IX by effectively prohibiting, solely on the basis of sex . . . girls who are transgender–from participating in athletic programs . . ." *Id.*  Plaintiff has referenced this as authority in support of its Motion for Summary Judgement.  *See* Pl.'s MSJ at 10, 20.  On June 22, 2021, the U. S. Department of Education published in the Federal Register an "Interpretation" of Title IX.  Enforcement of Title IX of the Education Amendments of 1972 With Respect to Discrimination Based on Sexual Orientation and Gender Identity in Light of *Bostock v. Clayton County*, 86 Fed. Reg. 32,637 (June 22, 2021) ("DOE Guidance").  The DOE Guidance stated "Title IX prohibits recipients of Federal financial assistance from discriminating based on sexual orientation and gender identity in their education programs and activities." *Id.* at 32,638.  This statement matches the DOJ Statement of Interest.

On July 15, 2022, the United States District Court for the Eastern District of Tennessee issued a Memorandum Opinion and Order that "enjoined and restrained" the federal government from enforcing the DOE Guidance, which contained the same policy as set forth in the Statement of Interest.  *Tennessee v. U.S. Dep't of Educ.*, No. 21-CV-308, 2022 WL 2791450, slip op. at *24 (E.D. Tenn. July 15, 2022).  The court explained that "the guidance is invalid because Defendants failed to comply with the required notice and comment procedures under the APA."  *Id.*, slip op.

at *22. The injunction applies to such enforcement efforts in twenty States, including West Virginia.[1] The State believes that this is relevant to the issues raised in this case.

Respectfully submitted.

PATRICK MORRISEY
  *West Virginia Attorney General*

/s/ *Curtis R. A. Capehart*
Douglas P. Buffington II (WV Bar # 8157)
  *Chief Deputy Attorney General*
Curtis R.A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
David C. Tryon (WV Bar #14145)
  *Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email:  Curtis.R.A.Capehart@wvago.gov

*Counsel for Defendant, STATE OF WEST VIRGINIA*

<u>DATE</u>:  July 22, 2022

---

[1] The court specifically mentioned that the defendants in that case "filed a statement of interest in pending litigation against the State of West Virginia." *Id.*, slip. op. at *12.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B. P. J., by her next friend and mother,
HEATHER JACKSON,

Plaintiff,

v.  CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY
BOARD OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH, in
his official Capacity as State Superintendent,
DORA STUTLER, in her official capacity as
Harrison County Superintendent, and THE
STATE OF WEST VIRGINIA,

    Defendants,

and LAINEY ARMISTEAD,

    Intervenor Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of July 2022, I electronically filed the foregoing Notice of Supplemental Authority with the Clerk of Court and all parties using the CM/ECF System.

                                                     */s/ Curtis R. A. Capehart*
                                                     Curtis R. A. Capehart