IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

**PLAINTIFF'S RESPONSE TO DEFENDANT STATE OF WEST VIRGINIA'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING (1) RELEVANCE OF LEGISLATIVE HISTORY AND, (2) U.S. STATEMENT OF INTEREST**

Plaintiff B.P.J., a minor, by and through her next friend and mother, Heather Jackson, respectfully submits this response to Defendant State of West Virginia's ("Defendant's") Notice of Supplemental Authority regarding *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022), and *Tennessee v. United States Department of Education*, No. 21-CV-308, 2022 WL 2791450 (E.D. Tenn. July 15, 2022).

1

### *Dobbs v. Jackson Women's Health Organization*

As explained in B.P.J.'s summary judgment briefing, the Supreme Court has held that "contemporary statements by members of the decisionmaking body" are relevant to determine whether a statute was passed for a discriminatory purpose under the Equal Protection Clause. (Dkt. No. 357 at 18 (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 (1977)).) In its notice of supplemental authority, Defendant cites *Dobbs* to support its argument that statements made by legislators "are not relevant" to B.P.J.'s claims. (Dkt. No. 475 at 2.)

But *Dobbs*—and the cases cited by *Dobbs*—were not equal protection cases. *Dobbs* itself concerned substantive due process, not equal protection. Three of the four cases cited by *Dobbs* concerned the standard for evaluating content-neutral laws under the First Amendment. *See Erie v. Pap's A.M.*, 529 U.S. 277, 292 (2000) (plurality opinion); *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622, 652, (1994); *United States v. O'Brien*, 391 U.S. 367, 383, (1968). And the fourth case cited by *Dobbs* involved Congress's power under the Interstate Compact Clause. *See Arizona v. California*, 283 U.S. 423, 455 (1931). Nothing in *Dobbs* abrogates the Supreme Court's binding precedent for establishing a discriminatory motive for equal protection and antidiscrimination claims. *Cf. Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2349 (2021) (citing approvingly the district court's application of "the familiar approach outlined in *Arlington Heights*," including its examination of legislative history).

### *Tennessee v. U.S. Department of Education*

Defendant also cites to an opinion from a Tennessee district court invalidating a Title IX interpretative notice issued by the U.S. Department of Education in the *Federal Register* in June 2021. *See Tennessee*, 2022 WL 2791450. Defendant does not even attempt to explain how *Tennessee*—which involved the question of whether the interpretative notice at issue complied

with the Administrative Procedure Act ("APA")—has any relevance to this case. (*See* Dkt. No. 475 at 3–4.) The ruling in that case places no limits on the ability of the United States to express its view about the proper interpretation of Title IX by filing a Statement of Interest in this case—as it has done.

*Tennessee* also does not undermine the legal arguments made in the United States' Statement of Interest. (Dkt. No. 42.) The court in *Tennessee* concluded that the Department of Education's issuance of the particular interpretative guidance at issue did not comply with the APA because the Supreme Court's decision in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), did not expressly reach Title IX, and thus public notice and comment was required so that the public could provide its input before the Department of Education issued its interpretation. *See Tennessee*, 2022 WL 2791450, at *21. But, unlike the court in Tennessee, this Court is bound by Fourth Circuit precedent in *Grimm v. Gloucester County School Board*, 972 F.3d 586 (4th Cir. 2020), which already held that *Bostock*'s reasoning *does* extend to Title IX. *Id.* at 616. An opinion issued in the Eastern District of Tennessee has no impact on this binding circuit precedent. *See also Carcaño v. McCrory*, 203 F. Supp. 3d 615, 635 n.22 (M.D.N.C. 2016) (citation omitted) (noting that opinion issued by Texas district court "from outside the Fourth Circuit . . . has no direct effect on this litigation" and determining that Fourth Circuit law controlled).

3

Dated: July 29, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: (214) 219-8585
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
*/s/ Loree Stark*

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.ord

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
Valeria M. Pelet del Toro*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com
vpeletdeltoro@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

## CERTIFICATE OF SERVICE

I, Loree Stark, do hereby certify that on this 29th day of July, 2022, I electronically filed a true and exact copy of the ***Plaintiff's Response to Defendant's Supplemental Authority*** with the Clerk of Court and all parties using the CM/ECF System.

*/s/ Loree Stark*
Loree Stark
West Virginia Bar No. 12936

5