IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

                *Plaintiff*,

v.                                                      Civil Action No. 2:21-cv-00316
                                                       Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,

                *Defendants,*

and

LAINEY ARMISTEAD,

                *Defendant-Intervenor*.

**DEFENDANTS HARRISON COUNTY BOARD OF EDUCATION
AND DORA STUTLER'S NOTICE OF ADDITIONAL AUTHORITY IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT**

15129719

Defendants the Harrison County Board of Education ("HCBOE") and County Superintendent Dora Stutler ("Stutler") (collectively, the "County Board"), by counsel, hereby notify the Court of a new case, *Tennessee, et al. v. United States Department of Education, et al.*, No. 3:21-CV-308, 2022 WL 2791450 (E.D. Tenn. July 15, 2022) (slip copy), which addresses issues that also exist in the present civil action, and which supports the HCBOE and Stutler's motion for summary judgment.

The *Tennessee* court began by explaining that the U.S. Supreme Court decided in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020) that Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment based on homosexual or transgender status. *Tennessee*, at \*1. Afterward, the President signed an Executive Order declaring that laws prohibiting sex discrimination prohibit discrimination based on gender identity and sexual orientation, and directing federal agencies to implement those statutes accordingly. *Id.*, at \*2. In response, the U.S. Department of Education ("DOE") issued guidance documents stating that it interpreted Title IX to prohibit discrimination based on sexual orientation and gender identity. *Id.* The Equal Employment Opportunity Commission ("EEOC") also issued a document explaining what *Bostock* requires of employers with regard to LGBTQ+ workers under Title VII. *Id.*, at \*3.

In *Tennessee*, West Virginia and several other states brought suit challenging the DOE and EEOC's guidance documents as being "procedurally and substantively unlawful under the Administrative Procedure Act ('APA') and the United States Constitution"; that is, they challenge whether the DOE and EEOC lawfully issued their guidance from a procedural standpoint and whether the guidance itself is lawful. *Id.*, at \*3, \*10.

The plaintiff States argued that the guidance documents directly interfere with their sovereign authority to enforce state laws, including laws providing that students' sex at birth determines their gender for the purpose of participation in public school sports. *Id.*, at 7. In conflict

with these state laws, the DOE's guidance "highlights that students should be allowed to participate on a sports team consistent with their gender identity, rather than biological sex." *Id.* (citation omitted). In finding that the plaintiff States have standing, the court found that the DOE and EEOC's "guidance, ***not Titles VII or IX***, directly interferes with Plaintiff States' ability to enforce their own laws." *Id.*, at *9 (emphasis added).

Notably, in finding that the case was ripe, the court found that the States had shown a credible threat of enforcement, pointing in particular to the fact that the DOE and EEOC had "filed a statement of interest in pending litigation against the State of West Virginia, taking the position that Title IX prohibits the state from 'categorically exclud[ing] transgender girls from participating in single-sex sports restricted to girls.'" *Id.*, at *12 (citations omitted; brackets in *Tennessee*).

The court determined that the plaintiff States demonstrated a likelihood of success on the merits of their claim under the APA on the basis that the States could establish that the guidance documents are not interpretive rules but legislative rules, and the DOE and EEOC did not comply with the APA's notice and comment requirements for the issuance of legislative rules. *Id.*, at *20-21. The court explained that the guidance "created new law" by extending *Bostock* to apply to Title IX, whereas *Bostock* was limited to interpreting Title VII. *Id.*, at *21. As an example, the court stated that, whereas Title IX permits sex-separated athletic teams, part of the DOE's guidance (specifically, a Fact Sheet) says that the DOE can investigate for sex discrimination if a coach turns a transgender girl away from an all-girls sports tryout. *Id.*

The court further found that the plaintiff States would suffer irreparable harm if the DOE and EEOC were not enjoined from enforcing their guidance documents because the States "have sovereign interests in enforcing their duly enacted state laws. . . . Plaintiffs suffered an immediate injury to their sovereign interests when Defendants issued the challenged guidance, as Defendants' guidance and several of Plaintiffs' statutes conflict." *Id.*, at *23. Therefore, the court enjoined the

DOE and EEOC from implementing their guidance against the plaintiff States, which include West Virginia.

The *Tennessee* decision supports the HCBOE and Stutler's motion for summary judgment. The opinion reinforces the HCBOE and Stutler's argument that H.B. 3293 does not violate Title IX because Title IX permits sex-separated sports and does not prohibit a State from drawing the line at biological sex at birth. It also emphasizes West Virginia's sovereign interest in enforcing H.B. 3293. The opinion further raises serious questions related to the authority behind the United States' Statement of Interest (Doc. 42) in this civil action. To the extent that Plaintiff or the United States has relied (or may rely) on the DOE or EEOC's guidance in this civil action, their reliance must end because the DOE and EEOC have been enjoined from implementing that guidance in West Virginia.

Respectfully submitted this 9th day of August, 2022.

|  |  |
|---|---|
| STEPTOE & JOHNSON PLLC<br>   OF COUNSEL | */s/ Susan L. Deniker*<br>Susan L. Deniker   (WV ID #7992)<br>Jeffrey M. Cropp   (WV ID #8030)<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330-4500<br>(304) 933-8000<br><br>*Counsel for Defendants Harrison County Board of Education and Dora Stutler* |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER JACKSON,

            *Plaintiff*,

v.                Civil Action No. 2:21-cv-00316
                Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, PATRICK MORRISEY in his official capacity as Attorney General, and THE STATE OF WEST VIRGINIA,

            *Defendants,*

and

LAINEY ARMISTEAD,

            *Defendant-Intervenor*.

## CERTIFICATE OF SERVICE

    I hereby certify that on 9th day of August, 2022, I electronically filed the foregoing "Defendants Harrison County Board of Education and Dora Stutler's Notice of Supplemental Authority in Support of Their Motion for Summary Judgment" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

| | |
|---|---|
| **Joshua A. Block, Esquire**<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>125 Broad Street 18th Floor<br>New York, NY 10004<br>*Counsel for Plaintiff* | **Kathleen R. Hartnett, Esquire**<br>**Julie Veroff, Esquire**<br>**Zoë Helstrom, Esquire**<br>COOLEY LLP<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111<br>*Counsel for Plaintiff* |
| **Loree Stark, Esquire**<br>**Nicholas P. Ward, Esquire**<br>AMERICAN CIVIL LIBERTIES UNION<br>OF WEST VIRGINIA<br>1614 Kanawha Boulevard East<br>Charleston, WV  25311<br>*Counsel for Plaintiff* | **Katelyn Kang, Esquire**<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001<br>*Counsel for Plaintiff* |
| **Avatara A. Smith-Carrington, Esquire**<br>LAMBDA LEGAL<br>3500 Oak Lawn Avenue Suite 500<br>Dallas, TX 75219<br>*Counsel for Plaintiff* | **Elizabeth Reinhardt, Esquire**<br>COOLEY LLP<br>500 Boylston Street, 14th Floor<br>Boston, MA 02116-3736<br>*Counsel for Plaintiff* |
| **Carl Solomon Charles, Esquire**<br>**Tara L. Borelli, Esquire**<br>LAMBDA LEGAL<br>158 West Ponce De Leon Avenue, Suite 105<br>Decatur, GA 30030<br>*Counsel for Plaintiff* | **Andrew D. Barr, Esquire**<br>COOLEY LLP<br>1144 15th Street Suite 2300<br>Denver, CO 80202<br>*Counsel for Plaintiff* |
| **Sruti J. Swaminathan, Esquire**<br>LAMBDA LEGAL<br>120 Wall Street 19th Floor<br>New York, NY 10005<br>*Counsel for Plaintiff* | **Roberta F. Green, Esquire**<br>**Kimberly M. Bandy, Esquire**<br>**Shannon M. Rogers, Esquire**<br>SHUMAN McCUSKEY & SLICER<br>PO Box 3953<br>Charleston, WV 25339-3953<br>*Counsel for Defendant WV Secondary School Activities Commission* |

| | |
|---|---|
| **Kelly C. Morgan, Esquire**<br>**Kristen Vickers Hammond, Esquire**<br>**Michael W. Taylor, Esquire**<br>BAILEY & WYANT<br>PO Box 3710<br>Charleston, WV 25337-3710<br>*Counsel for Defendants WV State Board of Education and W. Clayton Burch* | **Douglas P. Buffington, II, Esquire**<br>**Curtis R. Capehart, Esquire**<br>**David C. Tryon, Esquire**<br>WV ATTORNEY GENERAL'S OFFICE<br>State Capitol Complex<br>Building 1, Room 26E<br>1900 Kanawha Boulevard East<br>Charleston, WV 25305-0220<br>*Counsel for Defendant The State of West Virginia* |
| **Brandon Steele, Esquire**<br>**Joshua D. Brown, Esquire**<br>THE LAW OFFICES OF BRANDON S. STEELE<br>3049 Robert C. Byrd Drive, Suite 100<br>Beckley, WV 25801<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Jonathan Scruggs, Esquire**<br>**Roger G. Brooks, Esquire**<br>**Henry W. Frampton, IV, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>*Counsel for Defendant-Intervenor Lainey Armistead* |
| **Christina Holcomb, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Rachel Csutoros, Esquire**<br>**Tyson Langhofer, Esquire**<br>**Johannes Widmalm-Delphonse, Esq.**<br>ALLIANCE DEFENDING FREEDOM<br>44180 Riverside Parkway<br>Lansdowne, VA 20176<br>*Counsel for Defendant-Intervenor Lainey Armistead* |
| **Travis Barham, Esquire**<br>ALLIANCE DEFENDING FREEDOM<br>1000 Hurricane Shoals Rd NE<br>STE D-1100<br>Lawrenceville GA 30043<br>*Counsel for Defendant-Intervenor Lainey Armistead* | **Timothy D. Ducar, Esquire**<br>Law Offices of Timothy D. Ducar, PLC<br>7430 E. Butherus Drive, Suite E<br>Scottsdale, AZ 85260<br>*Counsel for Defendant-Intervenor Lainey Armistead* |

|  |  |
|---|---|
| | ***/s/ Susan L. Deniker*** |
| | Susan L. Deniker     (WV ID #7992) |
| | Jeffrey M. Cropp     (WV ID #8030) |
| STEPTOE & JOHNSON PLLC | 400 White Oaks Boulevard |
| OF COUNSEL | Bridgeport, WV 26330-4500 |
| | (304) 933-8000 |

*Counsel for Defendants Harrison County Board of Education and Dora Stutler*

15129719                                            8