IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**DEFENDANT-INTERVENOR'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff B.P.J. believes that *A.M. v. Indianapolis Public Schools*, No. 1:22-cv-01075, 2022 WL 2951430 (S.D. Ind. July 26, 2022), provides additional support for B.P.J.'s arguments (Doc. 477). That case is currently being appealed to the Seventh Circuit. And in any case, *A.M.* does not help B.P.J. here.

In *A.M.*, a biological male who identifies as female challenged an Indiana law (Indiana Code § 20-33-13-4) that prohibits biological males from competing on women's teams sponsored by public schools. 2022 WL 2951430, at *1. The court in *A.M.* granted a preliminary injunction enjoining enforcement of the Act against the plaintiff, allowing the student to participate in girls' softball. *Id.* at *14.

1

This Court should disregard *A.M.* for three reasons. First, the court in *A.M.* ruled on a motion for a preliminary injunction, which is "customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). In considering B.P.J.'s motion for summary judgment, by contrast, this Court must view all of the evidence in "in the light most favorable to" Armistead and her co-defendants. *Iraq Middle Mkt. Dev. Found. v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017). And in considering Armistead's motion for summary judgment, this Court need not even worry about factual disputes, because B.P.J. concedes the facts material to Armistead's position. *See* Def.-Intervenor's Mem. in Supp. of Mot. for Summ. J. (Armistead's SJ Br.) 9, 15–18 (Doc. 288)

Second, *A.M.* did not grant facial relief against Indiana's law. In doing so, the Court did not consider the state's expert testimony at that preliminary stage or any other evidence on males' biological advantages vis-à-vis females, even before puberty. 2022 WL 2951430, at *5 ("the Court need not consider opinions regarding whether differences between the sexes in athletic performance exist before the onset of puberty"). But here, B.P.J. cannot run an end around the evidence on biological differences between the sexes. B.P.J. all but concedes that West Virginia's Sports Act (W. Va. Code § 18-2-25d) is facially valid because of the average physiological differences between males and females. Armistead's SJ Br. 9. And Armistead has already explained that, if the Act is facially valid, B.P.J. cannot limit the inquiry by merely labeling this lawsuit an "as-applied challenge." *Id.* at 17. The limited scope of relief in *A.M.* simply does not inform the Court's analysis here.

Third, *A.M.* repeats many of the mistakes as B.P.J. by equating discrimination based on transgender status with discrimination based on sex. 2022 WL 2951430, at *11 ("Applying *Bostock* and *Whitaker*" to find that Indiana's law punishes plaintiff for "gender non-conformance[.]"). But *A.M.* never explains why Indiana's Sports Act

2

regulates on the basis of gender identity. That court even agreed that Indiana's Act "does not prohibit all transgender athletes from playing with the team of the sex with which they identify," but only prohibits biological males (regardless of identity) from participating on the girls' teams. *Id.* at \*11. This cursory analysis carries little persuasive value. *See Quinlan v. Sec'y, U.S. Dep't of Lab.*, 812 F.3d 832, 841 (11th Cir. 2016) (opinion "carries little persuasive weight" when "it contains little or no analysis"); *accord United States v. Wade*, 255 F.3d 833, 839 n.5 (D.C. Cir. 2001) ("The … contrary decision on this point lacks any persuasive power as the decision provides little analysis.").

Besides, the cases that *A.M.* relied on, like *Bostock v. Clayton County*, are easily distinguishable. 140 S. Ct. 1731 (2020). As Armistead has already explained, they simply state that "gender-identity discrimination necessarily considers sex." Armistead's Br. 24 (distinguishing *Grimm v. Gloucester County School Board*, 972 F.3d 586, 608 (4th Cir. 2020)). But "the Act here makes a biological distinction related to real physiological differences, not gender identity or sex stereotypes." *Id.* And neither *Bostock* nor *Grimm* said that "*all biological* distinctions are sex stereotypes or that *all distinctions* based on sex always constitute gender-identity discrimination." *Id.* Nor could that be the case, because sex-separated sports are rooted in biological differences between the sexes. *Id.*

Neither the law nor the evidence in this case supports B.P.J.'s arguments, and *A.M.* cannot change B.P.J.'s predicament. This Court should disregard it.

Respectfully submitted this 10th day of August, 2022.

*/s/ Brandon S. Steele*

Brandon Steele, WV Bar No. 12423
Joshua D. Brown, WV Bar No. 12652
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100

Tyson C. Langhofer, VA Bar No. 95204\*
Johannes S. Widmalm-Delphonse, VA Bar No. 96040\*
Rachel A. Csutoros, MA Bar No. 706225\*

3

Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-2119
(571) 707-4790 Fax
tlanghofer@adflegal.org
rcsutoros@adflegal.org

Travis C. Barham, GA Bar No. 753251*
Alliance Defending Freedom
1000 Hurricane Shoals Road NE, Ste D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-0774 Fax
tbarham@adflegal.org

Timothy D. Ducar, AZ Bar No. 015307*
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ 85260
(480) 502-2119
(480) 452-0900 Fax
tducar@azlawyers.com

Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com
joshua_brown05@hotmail.com

Jonathan Scruggs, AZ Bar No. 030505*
Roger G. Brooks, NC Bar No. 16317*
Henry W. Frampton, IV, SC Bar No. 75314*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@adflegal.org
rbrooks@adflegal.org
hframpton@adflegal.org

Christiana Holcomb, DC Bar No. 176922*
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
cholcomb@adflegal.org

*Visiting Attorneys
*Attorneys for Defendant-Intervenor*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants,*<br><br>v.<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Brandon Steele, hereby certify that on August 10, 2022, I electronically filed a true and exact copy of ***Defendant-Intervenor's Response to Plaintiff's Notice of Supplemental Authority*** with the Clerk of Court and all parties using the CM/ECF system.

    */s/ Brandon S. Steele*
    Brandon Steele, WV Bar No. 12423
    The Law Offices of Brandon S. Steele
    3049 Robert C. Byrd Drive, Suite 100
    Beckley, WV 25801
    (304) 253-1230
    (304) 255-1520 Fax
    bsteelelawoffice@gmail.com

    *Attorney for Defendant-Intervenor*