


# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

**B.P.J., by her next friend and mother,**
**HEATHER JACKSON,**

    Plaintiff,

v.                                      Civil Action No. 2:21-cv-00316
                                                  Honorable Joseph R. Goodwin, Judge

**WEST VIRGINIA STATE BOARD OF EDUCATION,**
**HARRISON COUNTY BOARD OF EDUCATION,**
**WEST VIRGINIA SECONDARY SCHOOL**
**ACTIVITIES COMMISION, W. CLAYTON BURCH**
in his official capacity as State Superintendent, and
**DORA STUTLER** in her official capacity as
Harrison County Superintendent,
    Defendants,

And

**LAINEY ARMISTEAD,**
    Defendant-Intervenor.

## <u>SURREPLY IN SUPPORT OF PENDING MOTIONS</u>

Now comes West Virginia Secondary School Activities Commission (WVSSAC), by counsel, Roberta F. Green, Kimberly M. Bandy, Shannon M. Rogers and Shuman McCuskey Slicer PLLC, and highlights for the Court supplemental authority that came before the Court in the form of an admission by the Plaintiff, as follows. As part of the pretrial motions, Plaintiff, State and Intervenor have briefed issues relative to WVSSAC's 30(b) testimony. Specifically, the parties have engaged in motions practice relative to whether WVSSAC had been receiving calls from or related to transgender athletes. In his capacity as 30(b) witness for WVSSAC, Bernie Dolan testified to calls, including a call relative to a male student who purportedly wanted to

play volleyball (a girl's only sport).[1] The State and Intervenor relied on that testimony in their dispositive motions,[2] arguing that it shows that HB 3293 reflects the current state of sports and inquiries at the time, such that the questions and issues related to transgenderism predate the legislation.

On motions in limine, Plaintiff moved to exclude the testimony on the basis of hearsay.[3] The State opposed that motion, arguing that it did not rely on the statements for their content but rather because the statements reflect a present sense impression.[4] The State argued that it does not matter who called and whether the caller was transgender or not, but rather that WVSSAC believed it was getting calls with transgender issues – that it was on notice of the issue; it demonstrates intent.[5] Plaintiff replied that WVSSAC's state of mind or the state of mind of the individuals who promulgated the State law[6] would only be meaningful if WVSSAC had any input on HB 3293. However, Plaintiff further wrote, **"Mr. Dolan is not a legislator and did not have any input on whether or if H.B. 3293 was enacted."**[7]

First, Plaintiff's admission constitutes supplemental authority in support of WVSSAC's dispositive motion.[8] In particular, WVSSAC has argued that H.B. 3293 does not mention WVSSAC and does not create any duties for WVSSAC.[9] As WVSSAC has argued previously, WVSSAC's exclusion from the enrolled legislation is meaningful in that the Legislature is

---

[1] ECF No. 276-1 at 120-21.
[2] ECF No. 287 at 4-5; ECF No. 288 at 5.
[3] ECF No. 406.
[4] ECF No. 422.
[5] ECF No. 422.
[6] ECF No. 470 at 2.
[7] ECF No. 470 at 2 (emphasis added).
[8] ECF No. 277 at 7, 10, 13; ECF No. 335 at 2.
[9] See, e.g., ECF No. 277 at 10; First Am. Compl. (ECF No. 64) at ¶¶ 49-50.

presumed to have included or excluded knowingly.[10] Plaintiff has not attempted to refute her admission in her First Amended Complaint that the Legislature specifically removed language from H.B. 3293 that would have required WVSSAC to participate in determinations made in accordance with the law.[11] Plaintiff has produced no evidence that WVSSAC will have a role in implementing H.B. 3293. And now Plaintiff has admitted against interest that **"Mr. Dolan is not a legislator and did not have any input on whether or if H.B. 3293 was enacted."**[12] The course of discovery and motions practice has demonstrated that WVSSAC is differently situated, has no role under H.B. 3293 and now that WVSSAC did not have any input on whether the legislation was enacted. WVSSAC is not a state actor, has not been adjudicated to be a state actor, and now Plaintiff joins WVSSAC in asserting that WVSSAC had no input on whether or not H.B. 3293 was enacted.

Beyond dispositive motions, however, Plaintiff's admission is meaningful in the context of the motions in *limine*, for instance, relative to the State Board's Green Book (Exhibit H to the Blatt Deposition).[13] WVSSAC opposed the use of the Green Book to the extent that it identifies WVSSAC's Executive Director as the contact person for HB 3293, although the evidence did not explain or support his appearance there.[14] That is, at its 30(b) deposition, the State Board conceded that it had listed Mr. Dolan without an understanding of what he knows of the legislation and/or what involvement he had with the legislation, if any at all.[15] The State Board conceded that Mr. Dolan was not an employee of the State Board and further conceded that Mr.

---

[10] West Virginia's Code Chapter 18 elsewhere cites WVSSAC, but WVSSAC is expressly excluded in W. Va. Code § 18-2-25d(e). "[Where] Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States,* 464 U.S. 16, 23 (1983).
[11] *See, e.g.,* First Am. Compl. at ¶ 50.
[12] ECF No. 470 at 2 (emphasis added).
[13] ECF No. 390.
[14] ECF No 391 at 4.
[15] ECF No. 289-19 at 129-31.

Dolan should be consulted directly about what he and/or WVSSAC know of the legislation.[16] In response to WVSSAC's motion, Plaintiff argued that "Plaintiff *does not* intend to offer the Green Book for the 'truth of the matter asserted' that WVSSAC Executive Director Bernie Dolan in fact acted as the West Virginia Department of Education contact for questions regarding H.B. 3293. *See* Fed. R. Evid. 801. Plaintiff also *does not* intend to offer the Green Book as evidence that Mr. Dolan has any specialized knowledge about H.B. 3293 or that WVSSAC is 'align[ed] with the legislation or the State.'"[17] Plaintiff asserts that Exhibit 21 will not be used "as evidence that Mr. Dolan has any specialized knowledge about H.B. 3293 or that WVSSAC is 'align[ed] with the legislation of the state.'"[18] Further mitigating against the use of the Green Book, at least with Mr. Dolan's name extant, Plaintiff has further conceded that Mr. Dolan **"did not have any input on whether or if H.B. 3293 was enacted."**[19] Plaintiff has never countered WVSSAC's argument that, for all of these reasons, it is more prejudicial than probative to introduce the Green Book or to introduce it with Mr. Dolan's name extant. To the extent that Plaintiff now further distances Mr. Dolan from the legislative process, WVSSAC renews its request that the Court either exclude the Green Book in its entirely or allow for its use at trial only with Mr. Dolan's name redacted.

Further, to the extent that Plaintiff seeks to use any of Mr. Dolan's emails and texts relative to HB 3293,[20] Plaintiff's admission undercuts Plaintiff's position relative to those communications as well. Specifically, Plaintiff has sought to introduce Mr. Dolan's texts with Senator Baldwin purportedly related to Mr. Dolan's appearance at a caucus breakfast. Plaintiff has asserted that the thread is relevant because it "discusses the legislative history and intent in

---

[16] ECF No. 289-19 at 129-31.
[17] ECF No. 439 at 2 (emphasis in original).
[18] ECF No. 439 at 2.
[19] ECF No. 470 at 2 (emphasis added).
[20] ECF No. 392.

4

enacting H.B. 3293."[21] Plaintiff further specifies that the Baldwin text thread shows "how H.B. 3293 was understood by at least some legislators to be a bill specifically about transgender students."[22] However, given that Plaintiff also concedes that Mr. Dolan **"did not have any input on whether or if H.B. 3293 was enacted,"**[23] genuine issues of material fact complicate any use of the interactions between Mr. Dolan and Senator Baldwin. For instance, what is the meaning or significance in what Senator Baldwin says or pointedly does not say in communicating with a person who did not have any input on whether the legislation was enacted. That discovery was not conducted in this matter, and any use of the texts without that additional information is unfairly prejudicial to WVSSAC given Plaintiff's admission.

The same is true of the Melissa White emails and texts, which Plaintiff seeks to introduce to "show how H.B. 3293 was perceived by the West Virginia legislators who passed it and how H.B. 3293 was represented to the public."[24] However, Plaintiff conducted no discovery relative to Melissa White and her communications that would allow Plaintiff to make this inference, in particular, given Plaintiff's admission that Mr. Dolan had no input into the enactment of the legislation. Further, the John Raby email exchange, which Plaintiff argues is relevant to "whether H.B. 3293 is substantially related to the government's alleged interests in enacting H.B. 3293,"[25] is undercut by Plaintiff's more recent assertion that Mr. Dolan is not a legislator and was not involved in enacting H.B. 3293.

---

[21] ECF No. 437 at 3.
[22] ECF No. 437 at 3.
[23] ECF No. 470 at 2 (emphasis added).
[24] ECF No. 437 at 6. *See also Dobbs v. Jackson,* 597 U.S. ___, [28] (2022), stating that *"[t]his Court has long disfavored arguments based on alleged legislative motives. See, e.g., Erie v. Pap's A. M., 529 U. S. 277, 292 (2000) (plurality opinion); Turner Broadcasting System, Inc. v. FCC, 512 U. S. 622, 652 (1994); United States v. O'Brien, 391 U. S. 367, 383 (1968); Arizona v. California, 283 U. S. 423, 455 (1931) (collecting cases). The Court has recognized that inquiries into legislative motives "are a hazardous matter." O'Brien, 391 U. S., at 383."*
[25] ECF No. 437 at 7.

For all of the reasons set forth here, and for the reasons set forth in WVSSAC's motion for summary judgment,[26] motions *in limine* and memoranda in support of all,[27] WVSSAC renews and buttresses its motions for dismissal as a matter of law and its motions limiting the evidence to be produced at trial. WVSSAC seeks the relief this Court deems just.

                                               **WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION,**
                                               **By Counsel.**

**/S/ Roberta F. Green**
Roberta F. Green (WVSB #6598)
Kimberly M. Bandy (WVSB #10081)
Shannon M. Rogers (WVSB # 13920)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street East, Suite 200 (25301
Charleston, WV 25339
(304) 345-1400
(304) 343-1826 FAX
rgreen@shumanlaw.com
kbandy@shumanlaw.com
srogers@shumanlaw.com

---

[26] ECF Nos. 276, 335.
[27] *See, e.g.,* ECF Nos. 277, 289 (439), 290 (439), 392 (456).