IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA, <br><br> *Defendants*, <br><br> and <br><br> LAINEY ARMISTEAD, <br><br> *Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316 <br><br> Hon. Joseph R. Goodwin |

**PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANT WVSSAC'S MOTION FOR LEAVE TO FILE SURREPLY (DKT. NO. 484) AND NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. NO. 485)**

### INTRODUCTION

Plaintiff B.P.J., a minor, by and through her next friend and mother, Heather Jackson, respectfully submits this consolidated opposition to Defendant West Virginia Secondary School Activities Commission's ("WVSSAC") Motion for Leave to File Surreply ("Motion") (Dkt. No. 484) and Notice of Supplemental Authority ("Notice") (Dkt. No. 485). WVSSAC's Motion and Notice are based on the premise that a sentence contained in one of Plaintiff's filings made in this proceeding nearly two and a half months ago constitutes appropriate "supplemental authority." It

1

does not. WVSSAC's late and irrelevant Motion should be denied and corresponding Notice should be stricken.

## ARGUMENT

In a reply brief in support of a motion in *limine* filed two and a half months ago, Plaintiff unremarkably stated that WVSSAC's Executive Director Bernard Dolan "is not a legislator and did not have any input on whether or if H.B. 3293 was enacted," and thus his hearsay was inadmissible for the state of mind of those enacting H.B. 3293. (Dkt. No. 470 (Pl. Reply ISO Motion in Limine) at 2.) WVSSAC now seeks to submit this alleged "admission" by Plaintiff as "supplemental authority" (Dkt. No. 485 (Notice) at 2) through both a Motion and a Notice. These filings are improper and should be denied and stricken. First, a factual statement made by Plaintiff *in this proceeding* does not constitute "supplemental authority." Second, both filings are untimely.

As an initial matter, WVSSAC has identified no actual "supplemental authority," but instead seeks to draw the Court's attention to a factual sentence in one of Plaintiff's previously filed briefs in this matter. (Dkt. No. 485 (Notice) at 2 (citing Dkt. No. 470 at 2 (Pl. Reply ISO Motion in Limine).) However, "[t]he purpose for filing a notice of supplemental authority is to alert the court to *case law* that was unavailable to the parties when making a previous filing, but is relevant to the court's consideration on the matter." *Ashghari-Kamrani v. United Servs. Auto. Ass'n*, No. 2:15-CV-478, 2016 WL 8253884, at *1 (E.D. Va. Mar. 18, 2016) (emphasis added).[1] Because WVSSAC has not presented the Court with appropriate supplemental authority, but

---

[1] Reinforcing this common sense interpretation is the Black's Law Dictionary definition of "supplemental authority": "A pertinent and significant authority that comes to a litigant's attention after the litigant's brief has been filed or after argument, but before a decision has been rendered." SUPPLEMENTAL AUTHORITY, Black's Law Dictionary (11th ed. 2019). For purposes of this definition, "authority" is defined as "[a] source, such as a statute, case, or treatise, cited in support of a legal argument." *Id*.

instead seeks to further argue points already covered in the parties' briefing, its Motion should be denied and its Notice stricken.

WVSSAC's Motion and Notice are also untimely. WVSSAC inexplicably made these submissions nearly two and a half months after Plaintiff's reply brief containing the sentence in question was filed. (Dkt. No. 470 (Pl. Reply ISO Motion in Limine) (filed on July 11, 2022); Dkt. No. 484 (Motion) (filed on September 19, 2022).) WVSSAC offers no reason for its delay, and this alone warrants denying the Motion and striking the Notice. *Gentry v. Sikorsky Aircraft Corp.*, No. CV 18-1326, 2018 WL 6329147, at *4 (E.D. Pa. Dec. 4, 2018) (denying leave to file surreply where movant "does not offer any persuasive excuse or good cause for her delay"); *Maatuk v. Emerson Elec., Inc.*, No. 1:16-CV-03023, 2019 WL 582461, at *1 (N.D. Ohio Feb. 13, 2019) ("Maatuk's unexplained one-month delay in seeking leave to file a sur-reply renders his motion untimely.").[2]

## CONCLUSION

For the above reasons, Plaintiff respectfully requests that the Court deny WVSSAC's Motion and strike its Notice.

---

[2] Although the Court should not consider the merits of WVSSAC's Notice or Motion, WVSSAC's claim that the sentence in Plaintiff's reply brief supports its merits arguments is wrong. WVSSAC argues that Plaintiff's sentence supports its argument that WVSSAC does not have any duties under H.B. 3293. (Dkt. No. 485 (Notice) at 2.) But Mr. Dolan's status or non-status as a legislator has no impact on the question of whether H.B. 3293, a state law governing secondary school athletics in West Virginia, binds WVSSAC—the organization with controlling authority over secondary school athletics in West Virginia. (*See* Dkt. No. 291 (Pl. MSJ) at 14-15.) Nor does Mr. Dolan's status or non-status as a legislator have any impact on what West Virginia legislators such as Melissa White or Senator Baldwin considered in enacting H.B. 3293. (*See* Dkt. No. 437 (Pl. Opp. MIL) at 3-6.)

Dated: September 28, 2022

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
1776 K Street, N.W., 8th Fl.
Washington, DC 20006-2304
Phone: (202) 804-6245
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Respectfully Submitted,
/s/ Loree Stark

Loree Stark (Bar No. 12936)
Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org
nward@acluwv.org

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I, Loree Stark, do hereby certify that on this 28th day of September, 2022, I electronically filed a true and exact copy of the ***Plaintiff's Consolidated Opposition to WVSSAC's Motion for Surreply and Notice of Supplemental Authority*** with the Clerk of Court and all parties using the CM/ECF System.

                                        */s/ Loree Stark*
                                        Loree Stark
                                        West Virginia Bar No. 12936