IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,
    Plaintiff,

v.                                         Civil Action No. 2:21-cv-00316
                                             Honorable Joseph R. Goodwin, Judge

WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,
    Defendants,

And

LAINEY ARMISTEAD,
    Defendant-Intervenor.

## WVSSAC'S REPLY IN SUPPORT OF MOTION FOR LEAVE

Now comes West Virginia Secondary School Activities Commission (WVSSAC), by counsel, Roberta F. Green, Kimberly M. Bandy, Shannon M. Rogers and Shuman McCuskey Slicer PLLC, and replies to Plaintiff's Consolidated Opposition to Defendant WVSSAC's Motion for Leave to File Surreply (DKT. No 484) and Notice of Supplemental Authority (DKT. No. 485) (Plaintiff's Opposition), as follows. Plaintiff does not refute nor attempt to disassociate from the admission that Bernie Dolan 'is not a legislator and did not have any input on whether or if H.B. 3293 was enacted."[1] Plaintiff does not dispute or refute the application of that admission to WVSSAC's pending motions (the substance of the proposed Surreply). Conversely, Plaintiff asserts only that the admission is not the proper form to serve as supplemental authority and that,

---

[1] Plaintiff's Opposition (ECF No. 486) at 2.

1

regardless, WVSSAC filed its Notice and Motion more than two months after the admission was made, rendering WVSSAC's submission 'untimely.'[2]

In renewing its Motion for Leave and Notice, WVSSAC states as follows. Plaintiff has relied upon *Ashghari-Kamrani v. United Servs. Auto Assoc.,* 2:15-CV-478, 2016 WL 825884, at *1 (E.D. Va. Mar. 18, 2016), presumably for the assertion that supplemental authority must be case law. While Plaintiff stops short of so stating, Plaintiff does emphasize *case law* and, presumably in reliance on *Ashghari,* pronounces Plaintiff's admission as inappropriate supplemental authority.[3] However, the *Ashghari* case does not address whether anything other than case law might be appropriate for use as supplemental authority. The parties in *Ashghari* argued relative to the timing of the case law, the circuit from which the case law arose, and other factors particularized to that matter. In *Ashghari,* only case law was submitted as supplemental authority.

Conversely, in *People to End Homelessness, Inc., v. Devlco Singles Apartments Assoc.,* 339 F.3d 1, *6 (1st Cir. 2003), the First Circuit held relative to submission of a document with HUD questions/answers that, while more generally authority takes the form of case law, the Court declined to define the contours of the [appellate] rules, choosing instead to assume that it is permissible for the Court to consider what the Court wants to consider.[4] Indeed, such a finding is consistent with *Ashghari,* where the District Court found it appropriate *inter alia* to consider the supplemental authority despite plaintiff's arguments that the case law arose from another circuit and had disputed relevance to the issue before the Court.[5] Indeed, over plaintiff's objections, the

---

[2] Plaintiff's Opposition (ECF No. 486) at 2, 3.
[3] Plaintiff's Opposition (ECF at 486) at 2-3.
[4] *People to End Homelessness, Inc., v. Devlco Singles Apartments Assoc.,* 339 F.3d 1, *6 (1st Cir. 2003),
[5] *Ashghari-Kamrani v. United Servs. Auto Assoc.,* 2:15-CV-478, 2016 WL 825884, at *6-7 (E.D. Va. Mar. 18, 2016).

*Ashghari* Court found that "[t]o suggest that a party may not file such a notice and inform the Court of subsequent authority is nonsensical."[6] While *Ashghari* relates to case law and *Devlco* considered documentary evidence, both courts found value in the submissions and determined to give the submission the weight in its considerations that it deigned appropriate. WVSSAC seeks the same consideration here – whatever weight the Court deems appropriate.

Plaintiff's Opposition also cites WVSSAC's Motion and Notice as 'untimely.'[7] In support, Plaintiff relies on authority where litigants filed supplemental materials in litigation generally (not as supplemental authority). In *Gentry v. Sikorsky Aircraft Corp.*, 2018 U.S. Dist. LEXIS 204786, apropos of nothing, plaintiff filed two additional exhibits to support a pending motion – filing the additional exhibits months after the initial brief. The Court deemed the submission untimely. Conversely, here the capstone admission that **"Mr. Dolan is not a legislator and did not have any input on whether or if H.B. 3293 was enacted"**[8] appeared for the first time after the close of motions practice for WVSSAC. Plaintiff does not dispute that these arguments and claims have never appeared previously in Plaintiff's briefs nor ever in Plaintiff's briefs with WVSSAC. With a new scheduling order and a stasis between discovery and pretrial events, the timeliness of any submission relative to the Court's determinations is beyond these parties' ability to know or surmise.

It remains undisputed that the proposed Surreply addresses only this admission and does not stray into ancillary or new issues or evidence beyond that scope,[9] is not merely responsive to

---

[6] *Ashghari-Kamrani v. United Servs. Auto Assoc.*, 2:15-CV-478, 2016 WL 825884, at *7 (E.D. Va. Mar. 18, 2016).
[7] Plaintiff's Opposition (ECF No. 486) at 3.
[8] ECF No. 470 at 2 (emphasis added).
[9] *See Cordish Cos. v. Affiliated FM Ins. Co.*, 573 F. Supp. 3d 977 (D. Md. 2021) at 988, stating that "[a] surreply is ordinarily permitted when the party seeking to file the surreply 'would be unable to contest matters presented to the court for the first time' in the opposing party's reply. *Clear Channel Outdoor,*

an issue raised in the opposition,[10] and WVSSAC would be unable to comment upon or apply this admission any other way.[11] WVSSAC satisfies this standard because this precise admission arose for the first time at the close of motions practice in a manner that logically would not suggest its application to WVSSAC directly absent this motions practice.

For the reasons set forth herein, WVSSAC respectfully requests that its Motion for Leave be granted and its Surreply filed as previously submitted.

**WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION,**
By Counsel.

*/S/ Roberta F. Green*
Roberta F. Green (WVSB #6598)
Kimberly M. Bandy (WVSB #10081)
Shannon M. Rogers (WVSB # 13920)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street East, Suite 200 (25301
Charleston, WV 25339
(304) 345-1400
(304) 343-1826 FAX
rgreen@shumanlaw.com
kbandy@shumanlaw.com
srogers@shumanlaw.com

---

*Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 529 (D. Md. 2014) (quotations and citations omitted).
[10] *See Khoury v. Meserve, 268 F. Supp. 2d 600, 605-06 (D. Md. 2003)*.
[11] *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,
    Plaintiff,

v.                                                              Civil Action No. 2:21-cv-00316
                                                              Honorable Joseph R. Goodwin, Judge

WEST VIRGINIA STATE BOARD OF EDUCATION,
HARRISON COUNTY BOARD OF EDUCATION,
WEST VIRGINIA SECONDARY SCHOOL
ACTIVITIES COMMISION, W. CLAYTON BURCH
in his official capacity as State Superintendent, and
DORA STUTLER in her official capacity as
Harrison County Superintendent,
    Defendants,

And

LAINEY ARMISTEAD,
    Defendant-Intervenor.

## CERTIFICATE OF SERVICE

       I hereby certify that I, Roberta F. Green, have this, the 4th day of October, 2022, served a true and exact copy of the foregoing **"WVSSAC's Reply in Support of Motion for Leave"** with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Loree Beth Stark | Kathleen R. Hartnett |
| Nicholas Ward | Julie Veroff |
| ACLU of WV FOUNDATION | COOLEY LLP |
| 1614 Kanawha Boulevard, East | 101 California St. – 5th Floor |
| Charleston, WV  25311 | San Francisco, CA 94111-5800 |
| lstark@acluwv.org | khartnett@cooley.com |
| nward@acluwv.org | jveroff@cooley.com |

1

Katelyn Kang
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
kkang@cooley.com

Andrew Barr
COOLEY LLP
1144 15th St., Suite 2300
Denver, CO  80202-5686
abarr@cooley.com

Joshua Block
Chase Strangio
ACLU FOUNDATION
125 Broad Street
New York, NY  10004
jblock@aclu.org

Sruti Swaminathan
LAMBDA LEGAL
120 Wall St., 19th Floor
New York, NY 10005
sswaminathan@lambdalegal.org

Kelly C. Morgan
Michael W. Taylor
Kristen Vickers Hammond
BAILEY & WYANT, PLLC
500 Virginia St., East, Suite 600
Charleston, WV  25301
kmorgan@baileywyant.com
mtaylor@baileywyant.com
khammond@baileywyant.com

Douglas P. Buffington, II
Curtis R.A. Capehart
Jessica A. Lee
State Capitol Complex
Building 1, Room E-26
Charleston, WV  25305-0220
Curtis.R.A.Capehart@wvago.gov

Elizabeth Reinhardt
COOLEY LLP
500 Boylston St., 14th Floor
Boston, MA  02116-3736
ereinhardt@cooley.com

Avatara Smith-Carrington
LAMBDA LEGAL
3500 Oak Lawn Ave., Suite 500
Dallas, TX 75219
asmithcarrington@lambdalegal.org

Carl Charles
LAMBDA LEGAL
1 West Court Square, Suite 105
Decatur, GA  30030
ccharles@lambdalegal.org

Susan Llewellyn Deniker
Jeffrey M. Cropp
STEPTOE and JOHNSON, LLC
400 White Oaks Boulevard
Bridgeport, WV  26330
susan.deniker@steptoe-johnson.com
jeffrey.cropp@steptoe-johnson.com

Tara Borelli
LAMBDA LEGAL
1 West Court Square, Suite 105
Decatur, GA  30030
tborelli@lambdalegal.org

| | |
|---|---|
| Taylor Brown<br>American Civil Liberties Union<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>tbrown@aclu.org | Brandon S. Steele<br>Joshua D. Brown<br>Law Offices of Brandon S. Steele<br>3049 Robert C. Byrd Drive, Ste 100<br>Beckley, WV  25801<br>bsteelelawoffice@gmail.com<br>joshua_brown05@hotmail.com |
| Jonathan Scruggs<br>Roger Greenwood Brooks<br>Alliance Defending Freedom<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>jscruggs@adflegal.org<br>rbrooks@adflegal.org | Christiana Holcomb<br>Rachel Csutoros<br>Alliance Defending Freedom<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>cholcomb@adflegal.org<br>rcsutoros@adflegal.org |
| Timothy D. Ducar<br>Law Offices of Timothy D. Ducar, PLC<br>7430 E. Butherus Drive, Suite E<br>Scottsdale, AZ  85260<br>tducar@azlawyers.com | Meredith Taylor Brown<br>American Civil Liberties Union<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>tbrown@aclu.org |
| Aria S. Vaughan<br>U.S. Department of Justice<br>Civil Rights Division<br>Educational Opportunities Section<br>950 Pennsylvania Ave., NW<br>4CON, 10th Floor<br>Washington, DC 20530<br>aria.vaughan@usdoj.gov | Fred B. Westfall, Jr.<br>Jennifer M. Mankins<br>United States Attorney's Office<br>300 Virginia Street, East – Rm. 400<br>Charleston, WV 25301<br>fred.westfall@usdoj.gov<br>jennifer.mankins@usdoj.gov |

*/S/ Roberta F. Green*
Roberta F. Green, Esquire (WVSB #6598)
SHUMAN MCCUSKEY SLICER PLLC
Post Office Box 3953 (25339)
1411 Virginia Street E., Suite 200 (25301)
Charleston, West Virginia
 (304) 345-1400; FAX: (304) 343-1826
*Counsel for Defendant WVSSAC*
rgreen@shumanlaw.com
