IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother, HEATHER
JACKSON,

        *Plaintiff*,

      v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent, DORA
STUTLER in her official capacity as Harrison
County Superintendent, and THE STATE OF
WEST VIRGINIA,

        *Defendants*,

     and

LAINEY ARMISTEAD,

        *Defendant-Intervenor*.

Civil Action No. 2:21-cv-00316

Hon. Joseph R. Goodwin

**PLAINTIFF'S OPPOSITION TO DEFENDANT STATE OF WEST VIRGINIA AND
DEFENDANT-INTERVENOR LAINEY ARMISTEAD'S JOINT MOTION TO
SUPPLEMENT THE EXPERT REPORT OF DR. GREGORY A. BROWN [DKT. NO.
500]**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

I.    DEFENDANTS CANNOT RELY UPON THE ADDITIONAL REPORT TO
      SUPPORT THEIR MOTIONS FOR SUMMARY JUDGMENT. .................................... 2

II.   THE REPORT SHOULD NOT BE PERMITTED AT TRIAL. ...................................... 3

      A.    The Additional Report Is Not a Proper "Supplemental" Report ........................... 3

      B.    The Additional Report Is Untimely ................................................................... 5

      C.    The Report is Irrelevant. ................................................................................. 6

III.  ONE OF THE MOVANTS NO LONGER HAS A STAKE IN THIS CASE. ................. 8

IV.   IF THE MOTION IS GRANTED, PLAINTIFF SHOULD BE PERMITTED TO
      SUBMIT A REBUTTAL REPORT AND TO SEEK REASONABLE
      EXPENSES, INCLUDING ATTORNEYS' FEES ....................................................... 8

CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akeva L.L.C. v. Mizuno Corp.*,
212 F.R.D. 306 (M.D.N.C. 2002) ..........................................................................................3

*Apple, Inc. v. Motorola Mobility, Inc.*,
No. 11-CV-178-BBC, 2012 WL 5416941 (W.D. Wis. Oct. 29, 2012) ...................................4

*Bresler v. Wilmington Tr. Co*,
855 F.3d 178 (4th Cir. 2017) ...............................................................................................4

*In re C.R. Bard Inc., Pelvic Repair Sys. Prod. Liab. Litig.*,
No. 2187, 2017 WL 4248809 (S.D.W. Va. Sept. 25, 2017) ..................................................5, 6

*Campbell v. United States*,
470 F. App'x 153 (4th Cir. 2012) ..........................................................................................4

*Chapco, Inc. v. Woodway USA, Inc.*,
282 F. Supp. 3d 472 (D. Conn. 2017) ...................................................................................4

*Colony Apartments v. Abacus Project Mgmt., Inc.*,
197 Fed. App'x 217 (4th Cir. 2006) ......................................................................................5

*EEOC v. Freeman*,
961 F. Supp. 2d 783 (D. Md. 2013) .......................................................................................2, 5

*EQT Gathering, LLC v. Marker*,
No. 2:13-cv-08059, 2015 WL 9165960 (S.D. W. Va. Dec. 16, 2015) ...................................6

*Gallagher v. S. Source Packaging, LLC*,
568 F.Supp.2d 624 (E.D.N.C. 2008)......................................................................................2, 5

*Gilley v. C.H. Robinson Worldwide, Inc.*,
No. 1:18-00536, 2021 WL 2785333 (S.D.W. Va. July 2, 2021) .............................................4

*Harless v. Pen Coal Corp.*,
No. CIV.A. 3:01-0470, 2004 WL 6035175 (S.D.W. Va. May 26, 2004)................................6

*Kanawha-Gauley Coal & Coke Co. v. Pittston Mins. Grp., Inc.*,
No. 2:09-CV-01278, 2011 WL 320909 (S.D.W. Va. Jan. 28, 2011).......................................9

*Mullins v. Ethicon, Inc.*,
No. 2:12-CV-02952, 2017 WL 455938 (S.D.W. Va. Feb. 2, 2017)................................3, 5, 6

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*OmniSource Corp. v. Heat Wave Metal Processing*, *Inc.*,
No. 5:13-CV-772-D, 2015 WL 3452918 (E.D.N.C. May 29, 2015) ........................................8

*S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*,
318 F.3d 592 (4th Cir. 2003) ...................................................................................................6

*Southern v. Bishoff*,
675 F. App'x 239 (4th Cir. 2017) ........................................................................................2, 3

**Other Authorities**

Rule 26 ...................................................................................................................................1, 3, 7
Rule 26(e) ...............................................................................................................................3, 4
Rule 26(e)(1) ..........................................................................................................................5

## INTRODUCTION

Plaintiff B.P.J., a minor, by and through her next friend and mother, Heather Jackson, respectfully submits this Opposition to Defendant State of West Virginia ("State") and Defendant-Intervenor Lainey Armistead's ("Armistead," and, collectively, "Defendants") Joint Motion to Supplement the Expert Report of Dr. Gregory A. Brown (Dkt. No. 500 ("Motion")).

Over seven months after the close of discovery, over five months after Defendant-Intervenor graduated from West Virginia State University ("WVSU") and likely moved out of state, and over three months after the parties' summary judgment motions, *Daubert* motions, and motions *in limine* were fully briefed to the Court, Defendants now move to submit a "supplemental" expert report of their putative expert Dr. Gregory Brown (the "Report") premised on inapposite publications and policies, many of which were available in June and July.  (Motion.) The Report is not properly considered on summary judgment.  It also should be excluded at any trial because it is not an appropriate "supplemental" report under Rule 26, and it is both untimely and irrelevant.  Indeed, as with Dr. Brown's original report, none of the new materials discussed in Dr. Brown's proposed supplemental report create a disputed question of fact that could allow a jury to rule in Defendants' favor.

Additionally, Defendant-Intervenor Armistead is no longer a student at WVSU, and is likely no longer living in the state of West Virginia.  (*See* Dkt. No. 353 (Mot. to Reconsider).) Defendant-Intervenor should not be permitted to continue to crowd this Court's docket with untimely and irrelevant motions when the sole basis undergirding Armistead's participation in the suit—bringing the perspective of a current student athlete in West Virginia to the Court's attention—no longer exists.

1

The Court should defer ruling on Defendants' Motion until resolving the pending summary judgment and *Daubert* motions, as the Report may not be considered at summary judgment, and rulings on the other pending motions may render the Motion moot.  Alternatively, the Court should simply deny the motion.  If the Court does not deny the motion, Plaintiff respectfully requests that she be permitted to depose the Defendants' expert and submit a rebuttal report, and be awarded reasonable expenses, including attorneys' fees, for Defendants' late disclosure.

## ARGUMENT

**I.     Defendants Cannot Rely Upon The Additional Report To Support Their Motions For Summary Judgment.**

Courts are clear that efforts to "supplement" an expert report after the close of discovery for purposes of summary judgment are impermissible.  Accordingly, to the extent that the Defendants are seeking to supplement Dr. Brown's report for the purpose of bolstering their arguments on summary judgment, the Court should not permit them to do so.

Courts "have repeatedly rejected attempts to avert summary judgment by 'supplementing' an expert report with a 'new and improved' expert report." *See Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008) (collecting cases).  As such, any attempt to use the additional report on summary judgment must be rejected, and the summary judgment record is to be considered "as it existed on the date of the deadline for completing discovery." *Southern v. Bishoff*, 675 F. App'x 239, 249–50 (4th Cir. 2017); *see also EEOC v. Freeman*, 961 F. Supp. 2d 783, 797 (D. Md. 2013), *aff'd in part sub nom. E.E.O.C. v. Freeman*, 778 F.3d 463 (4th Cir. 2015). "Indeed, new reports provided under the guise of 'supplementation' cannot be produced to 'address the criticisms that [defendants] raised in their memorandum in support of summary judgment.'" *EEOC*, 961 F. Supp. 2d at 797.

Accordingly, the Court should not consider the Report in conjunction with the pending summary judgment motions, and, indeed, need not rule on Defendants' Motion until after it has resolved the pending motions for summary judgment.[1]  If summary judgment does not dispose of the case in full, then the Court can then consider how if at all the Report may be used in further litigation (and, as explained below, the Report should be excluded).[2]

## II.    The Report Should Not Be Permitted At Trial.

Although, as just explained, the Court need not rule on the Motion at present, if the Court considers Defendants' Motion on the merits, it should reject Defendants' attempt to use the material described in the Report at trial.  That is so because the Report is not an appropriate "supplemental" report under Rule 26, it is untimely, and it is irrelevant and duplicative.

### A.    The Additional Report Is Not a Proper "Supplemental" Report.

Supplementation of expert reports for purposes of trial is permitted in limited circumstances not applicable here.  Specifically, a supplemental expert report is proper when "the party learns that *in some material respect* the disclosure or response is incomplete or incorrect." *Southern*, 675 F. App'x at 249 (emphasis added); *see also Mullins v. Ethicon, Inc.*, No. 2:12-CV-02952, 2017 WL 455938, at *3 (S.D.W. Va. Feb. 2, 2017) (Goodwin., J.) ("Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading.") (citing *Akeva L.L.C. v.*

---

[1] This Court may also prefer to address this Motion after it resolves the *Daubert* motion challenging Dr. Brown's purported expertise.  (Dkt. No. 315 (Brown *Daubert* Motion).)  If Dr. Brown is excluded from testifying, this Motion is moot.

[2] As discussed further below, *see infra* Section II.C, even were the Report considered as part of the summary judgment record, it would fail to create a disputed question of fact.  The Report does not contain any new studies of actual athletic performance, nor any studies that focus on transgender girls like B.P.J. who began puberty-delaying medication at the outset of the Tanner 2 stage of puberty.  (*See, e.g.*, Dkt. No. 316 (Brown *Daubert*) at 20-21 (discussing how the vast majority of Dr. Brown's citations do not actually measure the athletic performance of transgender women); *see also id.* at 17-18 (criticizing Dr. Brown's selective quoting of publications).)

3

*Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002)).  "To construe [Rule 26(e)] supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert opinion preparation."  *Bresler v. Wilmington Tr. Co*, 855 F.3d 178, 212 (4th Cir. 2017) (Wynn, J., concurrence) (citing *Campbell v. United States*, 470 F. App'x 153, 157 (4th Cir. 2012)).

Defendants seek to supplement for precisely such an impermissible purpose here. Defendants do not argue that there is something materially incomplete or incorrect in Dr. Brown's original report, or that it is misleading.  Instead, they argue that the Report "lends weight" to Dr. Brown's prior opinions and that "new studies and policies" are "relevant" to Dr. Brown's opinions.[3]  (Motion at 3-4.)  But that is not the standard for supplementation.  Courts have repeatedly held that "experts are not free to continually bolster, strength[en], or improve their reports by endlessly researching the issue they already opined upon, or to continually supplement their opinions."  *Gilley v. C.H. Robinson Worldwide, Inc.*, No. 1:18-00536, 2021 WL 2785333, at *3 (S.D.W. Va. July 2, 2021) (citing *Chapco, Inc. v. Woodway USA, Inc.*, 282 F. Supp. 3d 472, 492 (D. Conn. 2017)); *see Apple, Inc. v. Motorola Mobility, Inc.*, No. 11-CV-178-BBC, 2012 WL 5416941, at *28 (W.D. Wis. Oct. 29, 2012) ("Rule 26(e) is intended to provide parties an opportunity to correct mistakes or oversights, not to include new examples and illustrations to bolster previous opinions.").  Defendants' attempted bolstering of Dr. Brown's original report is thus impermissible and alone a basis for denying the Motion.

---

[3] Defendants' explanation for including the first of three publications cited in the Report, Boogers et al. (2022), is that it "strengthens" a conclusion previous made in the original report.  Likewise, Heather (2022) and Alvarez (2022) are provided to "help[] fill the research gap identified" in Dr. Brown's original report (Motion at 3-4) despite "com[ing] to the same basic conclusion as set forth in [Dr. Brown's] report" and simply "providing further reliable evidence" (Dkt. No. 500-1 (Ex. A) ¶ 7, 11).

B.     <u>The Additional Report Is Untimely.</u>

Rule 26(e)(1) also requires supplemental reports to be made "in a timely manner," Fed. R. Civ. P. 26(e)(1)(A)—a requirement that Defendants fail to meet here, as they filed the Motion over seven months after the close of discovery.  Defendants contend that their motion is timely because it was submitted before the pretrial disclosure deadline.  (Motion at 6.)  However, although "supplementation may occur at any time prior to the pretrial disclosure deadline, a party may not simply hold onto information until the pretrial deadline."  *Mullins*, 2017 WL 455938, at *5 (citing *Gallagher*, 568 F. Supp. 2d at 631).  Here, Defendants "seek[] to contort this sensible rule [allowing timely supplementation] into the unacceptable rule that a party may permissibly submit a new expert report until pretrial disclosures are due or until 30 days before trial so long as the party characterizes the new report as a supplementation."  *Gallagher*, 568 F. Supp. 2d at 631.

The majority of publications and policies that Defendants seek to introduce were either announced or published in June or July of this year—months before Defendants filed the Motion. Yet, instead of promptly moving to supplement, Defendants waited until months had passed to file the Report.[4]  Although parties have an obligation to supplement expert reports to cure defects due to incorrect or incomplete information, "this duty does not permit a party to make an end-run around the normal timetable for conducting discovery."  *Colony Apartments v. Abacus Project Mgmt., Inc.*, 197 Fed. App'x 217, 223 (4th Cir. 2006); *see also EEOC*, 961 F. Supp. 2d at 797 ("[E]xpert disclosures are fixed targets, and not ones movable at will").[5]

---

[4] Even had Defendants promptly moved to supplement after these publications were available, for the reasons discussed in the other sections of this brief, the Report still would not be appropriately considered at summary judgment or trial.

[5] Defendants selectively quote *In re C.R. Bard* for the proposition that "[e]xpert reports need not be supplemented "as each new item of information is learned."  (Motion at 6 (citing *In re C.R. Bard Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2187, 2017 WL 4248809, at *2 (S.D.W. Va.

Moreover, and with trial quickly approaching, (*see* Dkt. No. 448), Defendants have offered no explanation for this delay. *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (in determining whether to exclude report, court considers "the nondisclosing party's explanation for its failure to disclose the evidence"); *see also Harless v. Pen Coal Corp.*, No. CIV.A. 3:01-0470, 2004 WL 6035175, at *3 (S.D.W. Va. May 26, 2004) (excluding supplemental report submitted after the close of discovery where party offered no "explanation for why, how and when this supplemental report was produced").

Defendants' delay, coupled with their lack of a valid explanation for such delay, warrants denial of the Motion. *See Mullins*, 2017 WL 455938, at *5 (excluding supplemental report submitted before pretrial disclosures were due where party did not explain why it took over five months to supplement reports after depositions had been completed).

### C.   The Report is Irrelevant.

In addition to being an invalid "supplemental" report under the Rules and untimely, the Report also is irrelevant.  In determining whether to exclude a supplemental expert report from being used at trial, this Court must consider, among other factors, "the importance of the evidence." *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596–97 (4th Cir. 2003). Because the Report is irrelevant, it should be excluded at trial and the Motion denied.

This case is about B.P.J., a middle-school girl on puberty-delaying medication who wants to run cross-country and track.  (Dkt. No. 290 (Pl's SUF) ¶¶ 13, 96.)  The Report, in contrast, pertains to sports that are clearly not at issue here, such as "aquatics, rugby, triathlon, cycling, and

---

Sept. 25, 2017)).)  Defendants fail to quote other pertinent language from that case, which states that supplementation "should be made at appropriate intervals **during the discovery period**, and with **special promptness as the trial date approaches**." *In re C. R. Bard, Inc.*, 2017 WL 4248809, at *2 (emphasis added) (citing *EQT Gathering, LLC v. Marker*, No. 2:13-cv-08059, 2015 WL 9165960, at *6 (S.D. W. Va. Dec. 16, 2015)).

boxing." (Motion at 3.) Similarly irrelevant, Defendants seek to introduce discussion about testosterone suppression in adults. (*Id.* at 2-3.) Regardless of whether the publications are credible—something that B.P.J. does not concede—these publications have no bearing on whether it is unlawful to exclude B.P.J. from running on her middle school cross country and track teams consistent with her gender identity.

Notably, the one study in the Report purporting to discuss the effects of puberty-delaying medication analyzed the height of a cohort of transgender girls who began puberty suppression at various times before the age of 16, which is significantly later than people who are assigned a female sex at birth typically begin endogenous puberty. The study did not purport to measure the height of transgender girls like B.P.J. who begin puberty-delaying medication at the *outset* of the Tanner 2 stage of puberty before experiencing any growth in height. The study also did not purport to measure whether the height of transgender girls who begin puberty-delaying medication before the age of 16 actually translated into any athletic advantage when combined with the other effects of puberty-delaying mediation followed by gender-affirming hormones. (*See also* Dkt. No. 316 (Brown *Daubert*) at 16-17.) More broadly, to the extent the Report seeks to "lend[] weight" (Motion at 3) to Dr. Brown's initial irrelevant and unreliable opinions, which Plaintiff has moved to exclude, it too should be excluded.

\* \* \* \* \* \*

Defendants' Motion is an improper supplemental report under Rule 26, is untimely, and is irrelevant. For each of these reasons, if the Court does not defer resolution of the Motion until after it resolves the pending summary judgment and *Daubert* motions, Defendants' Motion should be denied.

**III.**  **One Of The Movants No Longer Has A Stake In This Case.**

Further weighing against the Motion is that one of the movants, Ms. Armistead, is no longer a proper intervenor.  This Court allowed Ms. Armistead to intervene because she "plan[ned] to defend H.B. 3293 as a member of the class of people for whom the law was written[,]" and would "add a perspective not represented by any of the current defendants."  (Dkt. No. 130 (Intervention Order) at 6.)  At the time of filing her Motion to Intervene, (Dkt. No. 95 (Mot. to Intervene)), Ms. Armistead was a student athlete at WVSU who alleged that H.B. 3293 "directly and personally impair[ed her] interest in fair and safe competition . . .." (*Id.* at 1.)  Now, however, as Plaintiff discussed in her Motion to Reconsider, (Dkt. No. 354 (Memo. ISO Mot. to Reconsider)), and as Defendant-Intervenor herself admits, Ms. Armistead is no longer a student at WVSU, no longer plays sports in West Virginia, and in fact likely no longer even *resides* in West Virginia.  (Dkt. No. 353 (Mot. to Reconsider) at 5; Dkt. No. 302 (Int. Resp. to Pl's MSJ) at 25-26.)  Because she no longer falls within the "class of people" who may be affected by H.B. 3293, Ms. Armistead should not be permitted to further inject her arguments into this litigation by attempting to supplement the expert report of Dr. Brown.

**IV.**  **If The Motion Is Granted, Plaintiff Should Be Permitted To Submit A Rebuttal Report And To Seek Reasonable Expenses, Including Attorneys' Fees.**

If the Court grants Defendants' Motion and discovery is re-opened for the purpose of addressing the Report, Plaintiff should be given the opportunity to depose Dr. Brown and to submit her own rebuttal expert report.  Plaintiff has not previously had an opportunity to depose Dr. Brown on the additional publications and policies that he includes in the Report, and Plaintiff's expert has not been able to specifically rebut them.  As such, Plaintiff should be given the opportunity to do so, as recognized by cases cited by Defendants in their Motion.  *See, e.g.*, *OmniSource Corp. v. Heat Wave Metal Processing*, Inc., No. 5:13-CV-772-D, 2015 WL 3452918, at *13 (E.D.N.C.

May 29, 2015) (reopening discovery for the purpose of allowing party to depose expert, and to submit a rebuttal expert report).

Plaintiff also respectfully requests that the Court order Defendants to pay all reasonable expenses, including attorneys' fees, caused by the failure to timely disclose the Report. *See Kanawha-Gauley Coal & Coke Co. v. Pittston Mins. Grp., Inc.*, No. 2:09-CV-01278, 2011 WL 320909, at *3 (S.D.W. Va. Jan. 28, 2011) ("To ensure that the plaintiff is not prejudiced by the defendant's untimely disclosure, the court ORDERS . . . that the defendant pay all of the reasonable expenses, including attorney fees, caused by the failure to timely disclose [the expert's] new opinions.") (internal quotations omitted). As noted above, the Motion is untimely: the majority of policies and publications that Defendants seek to admit appear to have been available by July 2022, yet Defendants did not file the Motion until more than *seven* months after the close of discovery.

## CONCLUSION

For the above reasons, Plaintiff respectfully submits that the Court need not rule on the Motion until it resolves the pending summary judgment and *Daubert* motions, resolution of which may render the Motion moot. Alternatively, the Court should deny Defendants' Motion. If the Court grants Defendants' Motion, Plaintiff respectfully requests that Plaintiff be given the opportunity to depose Dr. Brown and to submit a rebuttal report, as well as be awarded all of the reasonable expenses, including attorneys' fees, caused by Defendants' untimely filing of the additional report.

Dated: November 4, 2022

Respectfully Submitted,
/s/ Nick Ward

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004

Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST
VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952

Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
1776 K Street, N.W., 8th Fl.
Washington, DC 20006-2304
Phone: (202) 804-6245
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Phone: (914) 393-4614
nward@acluwv.org

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J. by her next friend and mother, HEATHER
JACKSON,

<em>Plaintiff</em>,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent, DORA
STUTLER in her official capacity as Harrison
County Superintendent, and THE STATE OF
WEST VIRGINIA,

<em>Defendants</em>,

and

LAINEY ARMISTEAD,

<em>Defendant-Intervenor</em>.

Civil Action No. 2:21-cv-00316

Hon. Joseph R. Goodwin

**CERTIFICATE OF SERVICE**

I, Nick Ward, do hereby certify that on this 4th day of November, 2022, I electronically filed a true and exact copy of ***Plaintiff's Opposition to Defendant State of West Virginia And Defendant-Intervenor Lainey Armistead's Joint Motion to Supplement the Expert Report of Dr. Gregory A. Brown*** with the Clerk of Court and all parties using the CM/ECF System.

<em>/s/ Nick Ward</em><br>
Nick Ward<br>
West Virginia Bar No. 13703