# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants*<br><br>and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**STATE OF WEST VIRGINIA AND DEFENDANT-INTERVENOR LAINEY ARMISTEAD'S JOINT MOTION TO MAKE RULE 26(E) DISCLOSURE AS TO DR. CHAD CARLSON**

### INTRODUCTION

Allowing biological males to compete in women's sports increases the injury risk for biological women. That's the expert opinion of Dr. Chad Carlson, a highly decorated sports medicine physician who has treated thousands of injured athletes. What's worse, Dr. Carlson testified that sports organizations are not tracking injuries caused by males playing women's sports, so the problem flies under the radar.

In his deposition, when asked whether he was aware of any injuries resulting from a biological male playing one of several specific sports, Dr. Carlson accurately responded that the lack of tracking prevented him from being familiar with any. But recently, Dr. Carlson has become aware of a female high-school volleyball athlete injured by a jump spike delivered by a player who identifies as transgender. Thus, it is his duty under Fed. R. Civ. P. 26(e) to supplement his response, and a supplemental declaration to that effect is attached hereto as Exhibit A.

Leave should be granted for Dr. Carlson to provide this supplement because the information presented relates directly to a question he was asked and the information was not available at the time of his deposition. Further, no one will be prejudiced, as there is ample time before trial for Plaintiffs to depose Dr. Carlson to ask any legitimate follow-up questions. Allowing Defendants to make this supplemental disclosure will ensure that Dr. Carlson can answer all questions posed to him truthfully at trial.

### SUMMARY OF THE SUPPLEMENTAL REPORT

In his deposition on March 28, 2022, Dr. Carlson had the following exchange with counsel for B.P.J.:

> Q: You wrote that (as read): "In fact, biologically male transgender athletes have competed in a wide range of high school, collegiate, and professional girls' or women's sports, including, at least,

1

> basketball, soccer, volleyball, softball, lacrosse, and even women's tackle football."
> And my question is, are you aware of any injuries that resulted from the participation of transgender girls and women in those sports?
>
> A: And so my answer would be that's not adequately tracked, and so no, I'm not familiar.

Carlson Dep. Tr. 155:20–156:8, attached hereto as Exhibit B.

As explained in Dr. Carlson's proposed supplement, this answer was accurate at the time it was given. Ex. A. And, as Dr. Carlson repeatedly testified, injuries related to the participation of male athletes who participate in women's sports are not adequately tracked. Ex. B at 124:2–125:4, 154:12–156:16.

But Dr. Carlson has recently become aware of situation in North Carolina in which a female high-school volleyball player sustained head and neck injuries from a jump spike delivered by a player who identifies as transgender. Ex. A. Accordingly, were he asked the same question today that he was asked at his deposition, honesty would require him to answer that he is familiar with this situation.

## LEGAL STANDARD

Rule 26(e)(1) of the Federal Rules of Civil Procedure requires parties to supplement expert disclosures "if the party learns that in some material respect the disclosure or response is incomplete." Fed. R. Civ. P. 26(e)(1). Rule 26(e)(2) extends this obligation to "information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2).

Supplementation is permissible when "the supplemental information correspond[s] to a prior Rule 26(a) disclosure" and the supplemental information was not "available at the time set for the initial disclosure." *In re C.R. Bard, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2:14-cv-02528, 2017 WL 4248809, at *2 (S.D.W. Va. Sept. 25, 2017). Further, supplementation should be timely, based on

the "availability of the supplemental information." *Id.* All three criteria are met here.

### ARGUMENT

The proposed supplement (I) is directly responsive to a question Dr. Carlson was asked in his deposition and (II) was not available at the time of the deposition. Further, this supplement is (III) presented in a timely fashion with ample time for Plaintiffs to depose Dr. Carlson on the supplement if they so desire. Therefore, Defendants' motion for leave to provide a supplemental disclosure should be granted.

**I.   The supplement is directly responsive to a question Dr. Carlson was asked at his deposition.**

All Defendants seek is to disclose that Dr. Carlson's answer to a deposition question has changed based on an injury that had not occurred or been reported on at the time of his deposition. That is precisely what Rule 26(e)(2) requires to avoid surprising B.P.J. with a different response at trial. Thus, the proposed supplement "correspond[s] to a prior Rule 26(a) disclosure" and should therefore be allowed. *In re C.R. Bard*, 2017 WL 4248809, at *2 (quoting *Carillo v. B&J Andrews Enters., LLC*, No. 2:11-cv-01450-RCJ-CWH, 2013 WL 420401, at *4 (D. Nev. Jan. 31, 2013).

**II.   The supplement is based on an injury that had not occurred at the time of the deposition.**

Dr. Carlson became familiar with the high-school student's injury when it was reported in major media outlets in late October 2022. Ex. A. The information was therefore not available at the time of his deposition in March 2022.

Supplementation of an expert report is appropriate—indeed, required—when the expert receives new information not available at the time of the initial report. *See, e.g., OmniSource Corp. v. Heat Wave Metal Processing, Inc.*, No. 5:13-cv-772-D, 2015 WL 3452918, at *10 (E.D.N.C. May 29, 2015) ("[Defendant's] supplement is proper because it is based on new information."); *Kulock v. Nev. Dep't of Tansp.*, No.

3

3:19-cv-00369-LRH-CLB, 2020 WL 7081582, at *2 (D. Nev. Dec. 2, 2020) ("New information . . . is the proper subject of supplementation."). Accordingly, the proposed supplement is proper.

### III. The supplement is timely, as there is more than adequate time for any follow-up questions B.P.J. may have

"Rule 26(e) does not limit the time for supplementation to the discovery period." *Carillo*, 2013 WL 420401, at *4. Rather, Rule 26(e)(2) requires supplementation before the disclosure of Defendants' Rule 26(a)(3) disclosures, which are not yet due. Thus, the proposed supplement is timely.

Moreover, the supplement is offered within weeks of the news of the North Carolina injury being carried by major news outlets. And it is offered more than two months before trial with ample time for B.P.J. to depose Dr. Carlson and ask any follow-up questions counsel may have based on the supplement.[1] Such a deposition would be easy to schedule and conduct, as the two-page supplement corrects Dr. Carlson's answer to exactly one deposition question. No prejudice arises from allowing Dr. Carlson to answer this question honestly based on new information.

### CONCLUSION

Rule 26(e)(2) specifically requires expert witnesses to supplement when their answer to a deposition question changes. Here, Dr. Carlson's answer to a deposition question has changed because of his familiarity with an injury that occurred months after his deposition. Defendants should therefore be permitted to follow Rule 26(e)(2) by disclosing this new information.

---

[1] Defendants will work with Plaintiffs' counsel to make Dr. Carlson available for a deposition on his supplemental report at a mutually agreeable time.

Respectfully submitted this 18th day of November, 2022.

|  |  |
|---|---|
| /s/ Brandon S. Steele<br>Brandon Steele, WV Bar No. 12423<br>Joshua D. Brown, WV Bar No. 12652<br>The Law Offices of Brandon S. Steele<br>3049 Robert C. Byrd Drive, Suite 100<br>Beckley, WV 25801<br>(304) 253-1230<br>(304) 255-1520 Fax<br>bsteelelawoffice@gmail.com<br>joshua_brown05@hotmail.com<br><br>Jonathan Scruggs, AZ Bar No. 030505*<br>Roger G. Brooks, NC Bar No. 16317*<br>Henry W. Frampton, IV, SC Bar No. 75314*<br>Alliance Defending Freedom<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>(480) 444-0020<br>(480) 444-0028 Fax<br>jscruggs@adflegal.org<br>rbrooks@adflegal.org<br>hframpton@adflegal.org<br><br>Christiana Holcomb, DC Bar No. 176922*<br>Alliance Defending Freedom<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>(202) 393-8690<br>(202) 347-3622 Fax<br>cholcomb@adflegal.org | PATRICK MORRISEY<br>   *West Virginia Attorney General*<br><br>/s/ Curtis R. A. Capehart<br>Douglas P. Buffington II (WV Bar # 8157)<br>   *Chief Deputy Attorney General*<br>Curtis R.A. Capehart (WV Bar # 9876)<br>   *Deputy Attorney General*<br>OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL<br>State Capitol Complex<br>1900 Kanawha Blvd. E, Building 1, Room E-26<br>Charleston, WV 25305-0220<br>Telephone: (304) 558-2021<br>Facsimile: (304) 558-0140<br>Email: curtis.r.a.capehart@wvago.gov<br><br>*Counsel for Defendant, STATE OF WEST VIRGINIA* |

(signatures continued on next page)

Tyson C. Langhofer, VA Bar No. 95204*
Rachel A. Csutoros, MA Bar No. 706225*
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-2119
(571) 707-4790 Fax
tlanghofer@adflegal.org
rcsutoros@adflegal.org

Travis C. Barham, GA Bar No. 753251*
Alliance Defending Freedom
1000 Hurricane Shoals Road NE, Ste D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-0774 Fax
tbarham@adflegal.org

Timothy D. Ducar, AZ Bar No. 015307*
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ 85260
(480) 502-2119
(480) 452-0900 Fax
tducar@azlawyers.com


*Visiting Attorneys
*Attorneys for Defendant-Intervenor*

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J, by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants*<br><br>v.<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

CERTIFICATE OF SERVICE

I hereby certify that on November 18th, 2022, I electronically filed a true and exact copy of the foregoing with the Clerk of Court and all parties using the CM/ECF system.

/s/ Brandon S. Steele
Brandon Steele, WV Bar No. 12423
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com

*Attorney for Defendant-Intervenor*

7