IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J., by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**PLAINTIFF'S OPPOSITION TO DEFENDANT STATE OF WEST VIRGINIA AND DEFENDANT-INTERVENOR LAINEY ARMISTEAD'S JOINT MOTION TO SUPPLEMENT THE DEPOSITION TESTIMONY OF DR. CHAD CARLSON [DKT. NO. 505]**

Plaintiff B.P.J., a minor, by and through her next friend and mother, Heather Jackson, respectfully submits this Opposition to Defendant State of West Virginia ("State") and Defendant-Intervenor Lainey Armistead's ("Armistead," and, collectively, "Defendants") Joint Motion to Supplement the Deposition Testimony of Dr. Chad Carlson (Dkt. No. 505 ("Motion")).

Defendants' Motion seeks to supplement the testimony of Dr. Carlson ("Proposed Supplement") with a declaration that cites to nothing other than undefined "media outlets" discussing issues that are irrelevant to this case—namely, an alleged injury that "media outlets"

1

claim occurred during a high school volleyball match. As with Dr. Carlson's original report, the content discussed in the Proposed Supplement is irrelevant, unreliable, and fails to create a disputed question of fact that could allow a jury to rule in Defendants' favor. Defendants should not be permitted to continue wasting the parties' and the Court's time with irrelevant proposed supplements, and their Motion should be denied.[1]

## I.     This Court Should Reserve Judgment On The Motion.

The Motion seeks to supplement the opinion of one of Defendants' purported "experts," Dr. Chad Carlson. However, B.P.J. has moved to exclude Dr. Carlson for a variety of reasons, including that the opinions he offers are entirely irrelevant. (Dkt. No. 328 (Carlson *Daubert*).) This Court thus should address the current Motion *after* it resolves B.P.J.'s *Daubert* motion challenging Dr. Carlson's proffered opinions. (*Id.*) If Dr. Carlson is excluded from testifying, then the Motion should be denied as moot.

## II.    The Proposed Supplement is Unreliable Under FRE 702 and 703.

Under Federal Rule of Evidence ("FRE") 702, expert testimony must be "based on sufficient facts or data" and "the product of reliable principles and methods." Fed. R. Evid. 702. Under FRE 703, "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Fed. R. Evid. 703. Rather than relying on "facts or data" or "reliable principles and methods," Dr. Carlson's supplemental testimony vaguely references unspecified news reports and media outlets. (*See* Dkt. No. 505-1 (Carlson Supp.) at 2.) Because the approach of Dr. Carlson's

---

[1] As noted previously, Defendant-Intervenor no longer has any arguable stake in this case. (*See* Dkt. No. 354 (Memo. ISO Mot. to Reconsider).)

Proposed Supplement falls far short of the professional standards of reliability, it should be excluded. *See Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999).

### III. The Proposed Supplement Is Just As Irrelevant As Dr. Carlson's Initial Report.

The Motion should also be denied because the Proposed Supplement is irrelevant. In determining whether to exclude supplemental information from being used at trial, this Court must consider, among other factors, "the importance of the evidence." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596–97 (4th Cir. 2003). Because the Proposed Supplement is irrelevant, it is of no import and the Motion should be denied.

*First*, it is Defendants' burden to demonstrate that West Virginia had "an 'exceedingly persuasive justification'" for enacting a statute that discriminates against B.P.J. on the basis of sex and transgender status. *E.g.*, *United States v. Virginia ("VMI")*, 518 U.S. 515, 531 (1996); *Bostock v. Clayton Cnty., Ga.*, 140 S. Ct. 1731, 1741 (2020) ("[I]t is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex.").[2] And the State's justification "must be genuine, not hypothesized or invented *post hoc* in response to litigation." *VMI*, 518 U.S. at 532–33 (emphasis in original). This controlling framework makes clear the irrelevance of Defendants' Proposed Supplement (and Dr. Carlson's initial report).

---

[2] Defendants incorrectly rely on a "reasonable fit" standard in their briefing. (*See, e.g.*, Dkt. No. 504 (Mot. Supp. Brown Rep.) at 4.) But intermediate scrutiny for sex and gender discrimination under the Equal Protection Clause requires far more, as sex and gender classifications carry a "strong presumption" of unconstitutionality, *VMI*, 518 U.S. at 532 (quoting *J.E.B. v. Alabama*, 511 U.S. 127, 152 (1994) (Kennedy, J., concurring)), and impose a "demanding" "burden of justification" on the government, *id.* at 533. The State must thus show a "substantial[]" relationship to an "important" objective, *id.* at 518, and "[t]he fit between the means and the important end" must be "'exceedingly persuasive,'" not merely reasonable. *Tuan Anh Nguyen v. I.N.S.*, 533 U.S. 53, 70 (2001) (quoting *VMI*, 518 U.S. at 533); *see Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 608 (4th Cir. 2020).

Specifically, as noted in B.P.J.'s Motion for Summary Judgment, safety was *not* an interest identified by the legislature or identified anywhere in the text of H.B. 3293. (Dkt. No. 291 (Pl's Memorandum ISO MSJ) at 31-32).) Therefore, the State cannot rely on notions of safety to justify its discriminatory law. *VMI*, 518 U.S. at 532–33. Yet Dr. Carlson, both in his initial report and Proposed Supplement, focuses *solely* on his opinion regarding safety in athletics—a topic that is irrelevant as a matter of law, because it is nothing more than an inappropriate *post hoc* attempt to justify H.B. 3293. (*See id.*; Dkt. No. 328 (Carlson *Daubert*) at 2); *cf. VMI*, 518 U.S. at 32–33; *see Grimm*, 972 F.3d at 624 (rejecting Board's purported justification for policy as a "post-hoc rationalization") (Wynn, J., concurring); *see Flack v. Wis. Dep't of Health Servs.*, 395 F. Supp. 3d 1001, 1020 (W.D. Wis. 2019) (requiring defendants in equal protection case to provide evidence of "'any systematic study or review of relevant peer-reviewed scientific or medical literature relating to the excluded services'" that was reviewed "*before adopting the Challenged Exclusion*" (emphasis in original)). In short, Defendants' attempt to supplement Dr. Carlson's already irrelevant testimony with additional irrelevant information should be rejected. *Sherwin-Williams*, 318 F.3d at 596–97.

*Second*, even if Dr. Carlson's original report and testimony were properly the subject of expert testimony—which they are not—this case is an as-applied challenge brought by B.P.J., a middle-school girl on puberty-delaying medication who wants nothing more than the opportunity to try out for and run on the girls' cross-country and track teams like any other girl. (Dkt. No. 290 (Pl's SUF) ¶¶ 13, 96.) The few details that the Proposed Supplement offers merely underscore its irrelevance: the alleged incident described in the Proposed Supplement apparently happened outside of West Virginia, had nothing to do with cross country or track, and purportedly involved

high schoolers. (Dkt. No. 505-1 (Carlson Decl.) at 2.)³ B.P.J. is not in high school, is not playing volleyball, and has never experienced endogenous male puberty. Moreover, B.P.J. will never compete against Armistead—who no longer resides in West Virginia—making any perspective she may have offered entirely beside the point.

Because the Proposed Supplement is irrelevant to the issues to be resolved at either summary judgment or trial, Defendants' Motion should be denied.

### IV. If The Motion Is Granted, Plaintiff Should Be Permitted To Depose Dr. Carlson And To File A Rebuttal Report.

If the Court grants Defendants' Motion, discovery should be reopened for the purpose of addressing this Proposed Supplement. *See, e.g.*, *OmniSource Corp. v. Heat Wave Metal Processing*, Inc., No. 5:13-CV-772-D, 2015 WL 3452918, at *13 (E.D.N.C. May 29, 2015) (reopening discovery for the purpose of allowing party to depose expert, and to submit a rebuttal expert report). Defendants do not dispute that Plaintiff is entitled to depose Dr. Carlson and to file her own rebuttal report.⁴

### CONCLUSION

For the above reasons, Plaintiff respectfully submits that the Court need not rule on the Motion until it resolves the pending *Daubert* motion related to Dr. Carlson, resolution of which

---

³ Though Dr. Carlson does not specify the "media outlets" alluded to in the Proposed Supplement, Plaintiff was able to identify the following news article, which shows that the Proposed Supplement, in addition to its manifold other flaws, fails to completely or accurately describe the incident at issue. See https://www.lgbtqnation.com/2022/10/county-bans-volleyball-games-school-trans-student-team/. According to this "media outlet," the athletic director of the school competing against the team including the girl referenced in the article noted that "feedback from his players and parents revealed the majority wanted to play Highlands and none of his parents expressed concerns." *Id.* The coach of the same team also noted that "their school's team had played against Highlands, including the player in question, for four years running, and that none of her players wanted to forfeit games against the school." *Id.*

⁴ To the extent the Court considers the supplement, all costs and fees associated with this reopening of discovery should be borne by Defendants.

may render the Motion moot. Alternatively, the Court should deny Defendants' Motion. If the Court grants Defendants' Motion, Plaintiff respectfully requests that Plaintiff be given the opportunity to depose Dr. Carlson and to submit a rebuttal report.

Dated: December 2, 2022

Respectfully Submitted,
*/s/ Nick Ward*

Joshua Block*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
jblock@aclu.org

Avatara Smith-Carrington*
LAMBDA LEGAL
1776 K Street, N.W., 8th Fl.
Washington, DC 20006-2304
Phone: (202) 804-6245
asmithcarrington@lambdalegal.org

Carl Charles*
Tara Borelli*
LAMBDA LEGAL
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org
tborelli@lambdalegal.org

Sruti Swaminathan*
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

Andrew Barr*
COOLEY LLP
1144 15th St. Suite 2300
Denver, CO 80202-5686
Phone: (720) 566-4000
abarr@cooley.com

Nick Ward (Bar No. 13703)
AMERICAN CIVIL LIBERTIES UNION OF WEST VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
nward@acluwv.org

Kathleen Hartnett*
Julie Veroff*
Zoë Helstrom*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com
jveroff@cooley.com
zhelstrom@cooley.com

Katelyn Kang*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
kkang@cooley.com

Elizabeth Reinhardt*
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Phone: (617) 937-2305
ereinhardt@cooley.com

*Visiting Attorneys*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J. by her next friend and mother, HEATHER JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA,<br><br>*Defendants*,<br><br>and<br><br>LAINEY ARMISTEAD,<br><br>*Defendant-Intervenor*. | Civil Action No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

     I, Nick Ward, do hereby certify that on this 2nd day of December, 2022, I electronically filed a true and exact copy of ***Plaintiff's Opposition to Defendant State of West Virginia And Defendant-Intervenor Lainey Armistead's Joint Motion to Supplement the Deposition Testimony of Dr. Chad Carlson.*** with the Clerk of Court and all parties using the CM/ECF System.

                                             */s/ Nick Ward*
                                             Nick Ward
                                             West Virginia Bar No. 13703