IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| B.P.J, by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>  v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants*<br><br>  and<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

STATE OF WEST VIRGINIA'S AND DEFENDANT-INTERVENOR LAINEY ARMISTEAD'S
REPLY IN SUPPORT OF THE JOINT MOTION TO SUPPLEMENT THE DEPOSITION
TESTIMONY OF DR. CHAD CARLSON

## INTRODUCTION

The Sports Act promotes the physical safety of female athletes. As sports medicine physician Dr. Chad Carlson has explained, because of the population level differences between males and females in attributes like size, strength, and speed, introducing biological males into female contact and collision sports will inevitably increase the injury risk for females. Unfortunately, as Dr. Carlson has also explained, sports organizations are not adequately tracking injury events related to biological male participation in female sports. It is therefore no surprise that when counsel for Plaintiff asked Dr. Carlson at his deposition whether he is familiar with any specific injury incidents, he answered truthfully at the time that he was not.

But now Plaintiff wants the Court to preclude Dr. Carlson from answering that question truthfully at trial. Dr. Carlson now *is* familiar with an injury to a female high-school volleyball player in North Carolina, caused by a jump spike delivered by a biological male, that occurred after his deposition. He has reviewed the information available—including a widely distributed video of the incident—and concluded that it is reasonably reliable. Thus, the truthful answer to the question, now and if asked again at trial, is that Dr. Carlson is indeed familiar with such an injury. Dr. Carlson does not wish to appear inconsistent, but nor can he deny this knowledge. Accordingly, Defendants properly moved for leave to supplement his response to the question in order to fulfill his obligations under Fed. R. Civ. P. 26(e).

This should be uncontroversial. In their opening brief, Defendants demonstrated that the supplemental information (a) is directly responsive to a question B.P.J.'s counsel asked, (b) was unavailable at the time of the deposition, and (c) is presented in a timely fashion. That is all that Rule 26(e) requires, and Plaintiff did not even try to rebut any of these points.

Instead, Plaintiff opposes the supplement on unrelated grounds, rehashing arguments made and fully briefed at summary judgment and asking the Court to

1

determine the admissibility of hypothetical trial testimony that has not yet been offered. None of this matters under Rule 26(e), and, accordingly, the motion should be granted.

**ARGUMENT**

As set forth in Defendants' opening brief, the proposed supplement meets Rule 26(e)'s requirements that the information supplemented be responsive to a deposition question, unavailable at the time of the deposition, and timely provided. Defs.' Mot. to Suppl., ECF 505, at 3–4; *In re C.R. Bard, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2017 WL 4248809, at *2 (S.D.W. Va. Sept. 25, 2017) (discussing Rule 26(e) requirements). Plaintiff did not even attempt to contradict any of that in the opposition, in effect conceding that Dr. Carlson's supplement is proper—indeed required—under the rule.

Instead, Plaintiff contends that the information—though undoubtedly responsive since it answers Plaintiff's own question—should be excluded because athlete safety is not a relevant issue in this case and because the information is not the kind on which an expert would ordinarily rely. These arguments are both incorrect and irrelevant to the issue before the Court, which is whether Dr. Carlson properly fulfilled his duty to supplement under Rule 26(e).

## I.   Athlete safety is a strong and legitimate justification for the Sports Act.

In response to the proposed supplement, Plaintiff rehashes the summary judgment arguments that athlete safety is an improper *post-hoc* justification for the Sports Act and irrelevant to Plaintiff's as-applied challenge. But neither of these arguments addresses Dr. Carlson's obligation under Rule 26(e) to supplement his deposition testimony when he discovers that a response is materially incorrect or incomplete. Fed. R. Civ. P. 26(e)(2). And Plaintiff's summary judgment briefing

2

cited the very deposition response being supplemented here multiple times.[1] If Dr. Carlson's response to the deposition question was material enough for Plaintiff to cite it in summary judgment briefing, it was obviously material enough to warrant a Rule 26(e) supplement when the information changed.

Further, Plaintiff's contention that athlete safety is not a proper justification for the Sports Act is incorrect. Because Defendants have fully briefed and refuted the contention elsewhere, they will only summarize the flaws in Plaintiff's reasoning here.[2]

*First*, the legislature's concern with safety is apparent from the legislative history of the Sports Act, and in particular from Act's express declaration that males and females are not similarly situated with respect to contact sports. *See, e.g.*, Kang Decl. Ex. C, ECF No. 25, at 85; W. Va. Code § 18-2-25d(a)(3). The significance of "contact" is the heightened potential for injury. This is more than sufficient to demonstrate that safety is a legitimate justification for the Act, as the Supreme Court "has never insisted that a legislative body articulate its reasons for enacting a statute," "particularly . . . where the legislature must necessarily engage in a process of line-drawing." *U.S. R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 179 (1980).

*Second*, the question before the Court is whether the Sports Act substantially advances an important government objective based on "the overall problem the government seeks to correct, not on the extent to which it furthers the government's interests in an individual case." *Ward v. Rock Against Racism*, 491 U.S. 781, 801 (1989) (discussing narrow tailoring). Thus, B.P.J.'s individual characteristics— including the fact that B.P.J. runs cross-country rather than playing volleyball—are

---

[1] See, e.g., Pl.'s Statement of Undisputed Facts, ECF 290, ¶ 131; Mem. in Supp. of Pl.'s Mot. for Summ. J., ECF 291, at 31–32; Cons. Mem. in Opp'n to Defs.' Mots. for Summ. J., ECF 331, at 45.
[2] See, e.g. West Virginia's Br. In Opp. to Pl.'s Mot. for Summ. J., ECF 305, at 16–18, 22–27; Intervenor's Resp. to Pl.'s Mot. for Summ. J., ECF 302, at 13–15, 17–22.

of no moment. What matters is that Defendants have presented substantial evidence, including Dr. Carlson's testimony, that the Sports Act overall promotes the safety of female athletes.

In sum, as set forth in Defendants' prior briefing, athlete safety is a strong and legitimate justification for the Sports Act. And Dr. Carlson's proposed supplement simply fulfills his obligation to supplement a deposition response related to that point and directly responsive to a question that B.P.J.'s counsel chose to ask him.

## II. Dr. Carlson reasonably relied on the available information to supplement his deposition response.

Plaintiff contends that Dr. Carlson should not be permitted to supplement his deposition response because his response is not based on the kind of information on which an expert would reasonably rely. But Plaintiff fails to back this contention up with anything at all. Contrary to Plaintiff's argument, in the proposed supplement itself, Dr. Carlson expressly states that he reviewed the publicly available information on the injury event, including contemporaneous video footage of the event, and found it reasonably reliable. Proposed Supplement, ECF 505–1.

What's more, it's not clear from Plaintiff's response what additional information Dr. Carlson is thought to need to answer a simple deposition question about his familiarity with any injuries relating to biological males playing female sports. Under Fed. R. Evid. 703, he is entitled to rely on the "kinds of facts or data" in which experts in his field "would reasonably rely." Fed. R. Evid. 703. As a sports medicine physician, he can certainly review contemporaneous video footage of an injury event and confirm that it is consistent with the event reported in the accompanying news stories. *C.f.*, *Medina v. Daimler Trucks N. Am., LLC*, No. 10-623, 2014 WL 7405210, at *5 (Dec. 30, 2014) (allowing reconstruction expert to rely on contemporaneous video taken by someone else); *Manion v. Ameri-Can Freight*

*Sys. Inc.*, No. CV-17-03262-PHX-DWL, 2019 WL 3858415, at \*6 (D. Ariz. Aug. 16, 2019) (allowing human factors expert to rely on video of accident scene taken by someone else). And Plaintiff cites nothing suggesting this is outside the ken of a sports medicine doctor or that his reliance on it is unfairly prejudicial. Thus, Dr. Carlson properly supplemented his response to Plaintiff's simple deposition question.

To be sure, Defendants agree that Plaintiff is permitted to conduct a brief follow-up deposition to test the limits and weight of Dr. Carlson's testimony in answering counsel's question. But none of that is properly before the Court now. What's before the Court now is whether Dr. Carlson properly complied with his obligation to advise Plaintiff that his answer to a deposition question had materially changed. He did, and that should be the end of the inquiry.[3]

## CONCLUSION

Rule 26(e)(2) specifically requires expert witnesses to supplement when there is a material change in their response to deposition questions. Here, Dr. Carlson's answer to a question that B.P.J.'s counsel relied on in the summary judgment briefing has changed based on new information. It is therefore appropriate—indeed required—for Dr. Carlson to supplement his response. Plaintiff's objections to the proposed supplement should be overruled, and the motion for leave to supplement Dr. Carlson's deposition testimony should be granted.

---

[3] Defendants also do not object to Plaintiff producing a rebuttal to Dr. Carlson's proposed supplement, provided Defendants are given a fair opportunity to depose the rebutting expert before trial. But Plaintiff is not entitled to any fees or costs associated with responding to the supplement, as Defendants have done nothing improper in simply complying with Rule 26(e). And Plaintiff cites nothing to support a request for fees and costs.

Respectfully submitted this 9th day of December, 2022.

PATRICK MORRISEY
  *West Virginia Attorney General*

/s/ *Brandon S. Steele*
Brandon Steele, WV Bar No. 12423
Joshua D. Brown, WV Bar No. 12652
The Law Offices of Brandon S. Steele
3049 Robert C. Byrd Drive, Suite 100
Beckley, WV 25801
(304) 253-1230
(304) 255-1520 Fax
bsteelelawoffice@gmail.com
joshua_brown05@hotmail.com

Jonathan Scruggs, AZ Bar No.
030505*
Roger G. Brooks, NC Bar No. 16317*
Henry W. Frampton, IV, SC Bar No.
75314*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@adflegal.org
rbrooks@adflegal.org
hframpton@adflegal.org

Christiana Holcomb, DC Bar No.
176922*
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
cholcomb@adflegal.org

/s/ *Curtis R. A. Capehart*
Douglas P. Buffington II (WV Bar # 8157)
  *Chief Deputy Attorney General*
Curtis R.A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
OFFICE OF THE WEST VIRGINIA ATTORNEY
GENERAL
State Capitol Complex
1900 Kanawha Blvd. E, Building 1, Room
E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email: curtis.r.a.capehart@wvago.gov

*Counsel for Defendant, STATE OF WEST
VIRGINIA*

(signatures continued on next page)

6

Tyson C. Langhofer, VA Bar No.
95204*
Rachel A. Csutoros, MA Bar No.
706225*
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-2119
(571) 707-4790 Fax
tlanghofer@adflegal.org
rcsutoros@adflegal.org

Travis C. Barham, GA Bar No.
753251*
Alliance Defending Freedom
1000 Hurricane Shoals Road NE, Ste
D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-0774 Fax
tbarham@adflegal.org

Timothy D. Ducar, AZ Bar No.
015307*
Law Offices of Timothy D. Ducar, PLC
7430 E. Butherus Drive, Suite E
Scottsdale, AZ 85260
(480) 502-2119
(480) 452-0900 Fax
tducar@azlawyers.com


*Visiting Attorneys
Attorneys for Defendant-Intervenor

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| B.P.J, by her next friend and mother, HEATHER JACKSON<br><br>*Plaintiff,*<br><br>v.<br><br>WEST VIRGINIA STATE BOARD OF EDUCATION, HARRISON COUNTY BOARD OF EDUCATION, WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION, W. CLAYTON BURCH in his official capacity as State Superintendent, DORA STUTLER in her official capacity as Harrison County Superintendent, and THE STATE OF WEST VIRGINIA<br><br>*Defendants*<br><br>v.<br><br>LAINEY ARMISTEAD<br><br>*Defendant-Intervenor.* | Case No. 2:21-cv-00316<br><br>Hon. Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9th, 2022, I electronically filed a true and exact copy of the foregoing with the Clerk of Court and all parties using the CM/ECF system.

> */s/ Brandon S. Steele*
> Brandon Steele, WV Bar No. 12423
> The Law Offices of Brandon S. Steele
> 3049 Robert C. Byrd Drive, Suite 100
> Beckley, WV 25801
> (304) 253-1230
> (304) 255-1520 Fax
> bsteelelawoffice@gmail.com
>
> *Attorney for Defendant-Intervenor*