IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

B. P. J., et al.,

          Plaintiffs,

v.                               CIVIL ACTION NO.   2:21-cv-00316

WEST VIRGINIA STATE BOARD OF EDUCATION, et al.,

          Defendants.

ORDER

On May 8, 2024, the Court of Appeals for the Fourth Circuit issued its formal mandate, [ECF No. 540], pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure, directing that its judgment dated April 16, 2024, [ECF No. 537], take effect as of May 8, 2024. In that judgment, the Fourth Circuit concluded that this court erred in granting summary judgment to defendants on both B.P.J.'s equal protection and Title IX claims and denying B.P.J.'s own motion for summary judgment as to the Title IX claim. [ECF No. 537, at 32]. Therefore, the Fourth Circuit vacated my order as to the equal protection claim and reversed my order as to the Title IX claim, [ECF No. 512], remanding the case with instructions to enter summary judgment for B.P.J. as to her Title IX claim and conduct "remedial proceedings," [ECF No. 537, at 37].

In her First Amended Complaint, B.P.J. seeks declaratory and injunctive relief, as well as nominal damages, on both her Title IX and equal protection claims. [ECF No. 64, at 23–24]. She repeats this request for relief in her summary judgment motion. [ECF No. 289, at 1–2]. Because the Fourth Circuit judgment contains a lengthy reasoning for its holdings as to both claims, *see* [ECF No. 537], I need not reiterate that reasoning here. I **FIND** that, pursuant to the Fourth Circuit's judgment, summary judgment is warranted for B.P.J. as to her Title IX claim, and she is entitled to the relief requested for that claim. *See Grimm v. Gloucester Cty. Sch. Bd.*, 972 F.3d 586, 619 (4th Cir. 2020) (affirming a district court award of nominal damages for the defendant school's violation of Title IX as to the transgender student plaintiff).

Accordingly, the court **ORDERS** that the January 5, 2023, Order granting summary judgment to Defendants on both of B.P.J.'s claims, [ECF No. 512], be **VACATED.** The court further **ORDER** that B.P.J.'s motion for summary judgment, [ECF No. 289], is **GRANTED** only as to B.P.J's Title IX claim, and therefore:

(1) **DECLARES** that the provisions of and enforcement by Defendants of H.B. 3293 as applied to B.P.J. violate B.P.J.'s rights under Title IX;

(2) **PERMANENTLY ENJOINS** Defendants, their officials, agents, employees, assigns, and all persons acting in concert or participating with them from enforcing against B.P.J. either H.B. 3293 or any other law, custom, or policy that precludes B.P.J.'s participation on girls' school sports teams in West Virginia in violation of Title IX; and

(3) **AWARDS** B.P.J. the amount of $1.00 as nominal damages with respect to her Title IX claim, payable by the West Virginia Secondary School Activities Commission ("WVSSAC").

Finally, the court **ORDERS** that the motions for summary judgment filed by the WVSSAC, [ECF No. 276], the State of West Virginia, [ECF No. 285], the Harrison County defendants, [ECF No. 278], the State Board defendants, [ECF No. 283], and Intervenor Lainey Armistead, [ECF No. 286], are **DENIED**.

Also pursuant to the Fourth Circuit's instructions, B.P.J.'s equal protection claim remains pending. A determination of B.P.J.'s costs, expenses, and reasonable attorneys' fees for her Title IX claim will be **HELD IN ABEYANCE** pending final adjudication of B.P.J.'s remaining claim.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    May 16, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE