IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B. P. J., by her next friend and mother,
HEATHER JACKSON,

    Plaintiff,

v.

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY
BOARD OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH, in
his official Capacity as State Superintendent,
DORA STUTLER, in her official capacity as
Harrison County Superintendent, and THE
STATE OF WEST VIRGINIA,

    Defendants.

and LAINEY ARMISTEAD,

    Intervenor Defendant.

CIVIL ACTION NO. 2:21-cv-00316
Judge Joseph R. Goodwin

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO STAY PROCEEDINGS
PENDING RESOLUTION OF PETITION FOR WRIT OF CERTIORARI**

    Defendants, State of West Virginia; Lainey Armistead; West Virginia Board of Education; Michele Blatt, in her capacity as State Superintendent of Schools; Harrison County Board of Education; Dora Stutler, in her official capacity as Harrison County Superintendent of Schools; and the West Virginia Secondary Schools Activities Commission, move for a stay of proceedings in this case pending resolution by the United States Supreme Court of a petition for a writ of certiorari being filed regarding this case. That petition will be seeking review of the decision by

1

the Court of Appeals for the Fourth Circuit issued on April 16, 2024.[1] Counsel for the State of West Virginia has informed Plaintiff's counsel that a petition for writ will be filed with the United States Supreme Court and that a stay is being sought in this Court. Plaintiff's counsel has advised that B.P.J. does not oppose the motion, but does not adopt all of the statements and arguments made by Defendants in the motion or the accompanying memorandum of law.

The Court can properly enter a stay. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Accordingly, the entry of a stay "ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court*, S. Dist. of Ohio, E. Div., 565 F.2d 393, 396 (6th Cir. 1977).

Here, the Court should enter a stay because it will best achieve an efficient resolution of this case *See Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC,* No. CV 3:15-14887, 2018 WL 11412001, at *2 (S.D.W. Va. Apr. 30, 2018) ("A district court ordinarily has discretion to delay proceedings when a higher court will issue a decision that may affect the outcome of the pending case.").

Because the anticipated petition will seek review from the Supreme Court on both the Equal Protection Clause issue and Title IX question, staying the proceedings pending the Supreme Court's resolution of the petition could well resolve the entire case. The petition will present substantial questions, as the courts are sharply divided on several different aspects of each claim. *See, e.g.,* Seth Lucas, *Equality on What Basis? Evaluating Title IX's Requirements in the*

---

[1] For the sake of clarity, Defendants note that, while all have joined the instant motion, some movants have not yet formally decided whether to join the petition for writ.

2

*Transgender Context*, 31 Geo. Mason L. Rev. 389, 393 (2023) (describing how the Supreme Court has not yet addressed these issues, but three circuit courts have split on the Title IX question).

The balance of harm also favors a stay. If the Supreme Court grants the petition, it will almost certainly decide whether H.B. 3293 satisfies the demands of equal protection under the Constitution and whether Title IX in fact requires B.P.J. to be permitted to compete on boys' track and field teams. In that event, further discovery, supplemental briefings, proceedings, and trial would be unnecessary; in contrast, moving forward immediately could compel the taxpayers of the State to fund district-court litigation that could ultimately prove moot and force counsel to divide their attention between two forums. Especially because the Fourth Circuit's decision finds a duly enacted state statute unlawful (at least as applied to B.P.J.), the State should have the fullest opportunity to challenge that decision. *Landis*, 299 U.S. at 256 ("Especially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted."). Moreover, a stay pending action by the Supreme Court prevents any potential for conflicting decisions here. Accordingly, granting the stay will help the parties and the Court avoid needless expenditures of time and money.

This Court is within its discretion to grant the stay because—at most—the stay will likely end within one year. *Ohio Envtl. Council*, 565 F.2d at 396 (quotation marks and citations omitted) (stay must be "so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description"). The petition will be docketed no later than July 15, 2024. Any response to the petition would then be due within 30 days. A petition is distributed to the Court for its consideration as soon as a waiver of the right to file a brief in opposition is received, or if a response is filed, no less than 14 days after that. *See* Supreme Court

Rule 15.  Thus, if the petition follows a reasonable timeline, it will be conferenced in late September 2024.  *See* Case Distribution Schedule – October Term 2023 (most current schedule), https://www.supremecourt.gov/casedistribution/casedistributionschedule2023.pdf.  And "[i]n most cases, the disposition of a petition . . . will be announced in an order list that is issued at 9:30 am on the Monday after that Conference."  *See* Supreme Court, Case Distribution Schedule, https://www.supremecourt.gov/casedistribution/casedistributionschedule.aspx (last visited May 20, 2024).  If the Supreme Court denies the petition, the requested stay will end as soon as that happens, but even if the Court grants review, its longstanding practice ensures that it will decide the case before the upcoming term ends.  Defendants thus seek a stay of proceedings that is limited in time and granting it would serve the efficient administration of justice.

Lastly, B.P.J. will not suffer any prejudice during a stay.  Under the Fourth Circuit's decision, B.P.J. will continue to compete on girls' track and field sports teams, and this Court has already entered an injunction giving effect to that.  *See* Order entered on May 16, 2024 (ECF 541).  B.P.J. has insisted that only B.P.J.'s specific interests are implicated here, and those interests are adequately protected right now.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to stay any further proceedings in the District Court pending resolution of the petition for writ of certiorari by the United States Supreme Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Jonathan A. Scruggs (by permission)* | PATRICK MORRISEY |
| Jonathan A. Scruggs * | *Attorney General* |
| Henry W. Frampton, IV * | |
| Alliance Defending Freedom | */s/ Curtis R. A. Capehart* |

15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jscruggs@ADFlegal.org
hframpton@ADFlegal.org
rbrooks@ADFlegal.org

Rachel Rouleau *
Alliance Defending Freedom
44180 Riverside Pkwy.
Lansdowne, VA 20176
(571) 707-4655
rrouleau@ADFlegal.org

Brandon S. Steele (WV Bar # 12423)
The Law Offices of Brandon S. Steele
Suite 100
3049 Robert C. Byrd Drive
Beckley, WV 25801
(304) 253-1230
bsteelelawoffice@gmail.com

*Counsel for Intervenor,
Lainey Armistead*

* practicing under supervision of West Virginia attorneys

Douglas P. Buffington, II (WV Bar # 8157)
  *Chief Deputy Attorney General*
Curtis R. A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
OFFICE OF THE WEST VIRGINIA
ATTORNEY GENERAL
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305
(304) 558-2021
doug.p.buffington@wvago.gov
curtis.r.a.capehart@wvago.gov
*Counsel for Defendant, State of West Virginia*

*/s/ Kelly C. Morgan (by permission)*
Kelly C. Morgan (WV Bar # 9519)
Kristen V. Hammond (WV Bar # 9727)
Bailey & Wyant, PLLC
500 Virginia St. E., Suite 600
Charleston, WV 25301
(303) 345-4222
kmorgan@baileywyant.com
mtaylor@baileywyant.com
khammond@baileywyant.com

*Counsel for Defendants, West Virginia State Board of Education and Michele Blatt, current State Superintendent (successor to original named defendant W. Clayton Burch)*

5

*/s/ Roberta F. Green (by permission)*
Roberta F. Green (WV Bar # 6598)
Kimberly M. Bandy (WV Bar # 10081)
Shuman McCuskey Slicer
1411 Virginia St. E., Suite 200
Charleston, WV 25301
(304) 345-1400
rgreen@shumanlaw.com
kbandy@shumanlaw.com

*Counsel for Defendant, West Virginia Secondary School Activities Commission*

*/s/ Susan L. Deniker (by permission)*
Susan L. Deniker (WV Bar # 7992)
Jeffrey M. Cropp (WV Bar # 8030)
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8154
susan.deniker@steptoe-johnson.com

*Counsel for Defendants, Harrison County Board of Education and Dora Stutler*