IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

B. P. J., et al.,

                Plaintiffs,

v.                                  CIVIL ACTION NO. 2:21-cv-00316

WEST VIRGINIA STATE BOARD OF EDUCATION, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a Motion to Stay Proceedings Pending Resolution of Petition for Writ of Certiorari filed by Defendants State of West Virginia, Lainey Armistead, West Virginia Board of Education, Michele Blatt, Harrison County Board of Education, Dora Stutler, and the West Virginia Secondary Schools Activities Commission ("WVSSAC"), [ECF No. 543], as well as a Motion to Stay Execution of Payment of Monetary Award Pending Appeal and to Waive Bond filed by Defendant WVSSAC, [ECF No. 545]. For the reasons stated herein, both motions are **GRANTED**.

I. Background

This case concerns the lawfulness of West Virginia's Save Women's Sports Act (the "Act"), a law passed by the West Virginia Legislature in April 2021. The Act classifies school athletic teams according to biological sex and prohibits biological males from participating on athletic teams designated for females. W. Va. Code § 18-2-25d(a)(5), (b), (c)(2). B.P.J., a transgender minor seeking to join her middle school's

girls' cross country and track teams, filed a Complaint with this court, alleging that the Act violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Title IX. [ECF No. 1]. On July 21, 2021, I granted B.P.J. a preliminary injunction enjoining enforcement of the Act against her. [ECF No. 67]. Thus, B.P.J. was able to compete on the girls' cross country and track teams during the pendency of this case while it was active on this court's docket.

The parties filed cross-motions for summary judgment on April 21, 2022. [ECF Nos. 276, 278, 283, 285, 286, 289]. On January 5, 2023, I denied B.P.J.'s motion for summary judgment and granted summary judgment in favor of the State of West Virginia, the Harrison County defendants, the State Board defendants, and Intervenor Lainey Armistead. [ECF No. 512]. I also dissolved the preliminary injunction. *Id.* On January 23, 2023, B.P.J. filed a Notice of Appeal. [ECF No. 517]. Defendant WVSSAC, likewise, filed a Notice of Appeal of my orders on February 1, 2023. [ECF No. 522]. The Fourth Circuit consolidated the cross-appeals into a single case, Case No. 23-1078. *See* [ECF No. 526].

On April 16, 2024, the Fourth Circuit rendered its opinion in that case, [ECF No. 537], vacating in part and reversing in part my summary judgment order and remanding the case to this court with instructions for further proceedings, [ECF No. 538]. Specifically, the Fourth Circuit vacated my granting of summary judgment to Defendants on B.P.J.'s equal protection claim and reversed my denial of B.P.J.'s motion for summary judgment as to her Title IX claim, further instructing me to grant summary judgment to B.P.J. on the latter claim. [ECF No. 537, at 31, 37]. On

May 16, 2024, pursuant to the Fourth Circuit's directives, I ordered that (1) my prior order, [ECF No. 512], be vacated; (2) B.P.J.'s Motion for Summary Judgment, [ECF No. 289], be granted only as to her Title IX claim; (3) Defendants Motions for Summary Judgment, [ECF Nos. 276, 278, 283, 285, 286], be denied; (4) B.P.J.'s equal protection claim remain pending; and (5) a determination of B.P.J.'s costs, expenses, and reasonable attorney's fees for the Title IX claim be held in abeyance pending final adjudication of the remaining equal protection claim. *See* [ECF No. 541]. In granting B.P.J. summary judgment on her Title IX claim, I also ordered WVSSAC to pay to B.P.J. nominal damages in the amount of $1.00. *Id.* at 3.

On May 21, 2024, Defendants State of West Virginia, West Virginia State Board of Education, Harrison County Board of Education, WVSSAC, Dora Stutler, and Lainey Armistead, together, filed their Motion to Stay Proceedings, as it is their intention to petition the Supreme Court of the United States for a writ of certiorari regarding the Fourth Circuit's decision in this case. [ECF No. 543]. The following day, May 22, 2024, WVSSAC filed its Motion to Stay Execution of Payment of Monetary Award Pending Appeal and to Waive Bond, seeking to delay payment of the nominal damages award pending a decision by the Supreme Court on the impending petition. [ECF No. 545]. B.P.J. filed no response to either motion, and the matter is now ripe for review.

## II. Legal Standard

### A. Staying Proceedings

A district court has inherent authority to manage its docket, including the authority to stay litigation pending the resolution by another court on an issue which would affect or control the outcome in that litigation. *See generally Ryan v. Gonzales*, 568 U.S. 57, 74 (2013); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expedition and comprehensive disposition of the causes of action on the court's docket." *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977). Although a district court has broad discretion, the party seeking the stay must, nonetheless, "justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). There are four factors that a district court generally considers with respect to a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

B.     Staying Execution of Judgment and Waiver of Bond

Along with the power to stay proceedings pending appeal, a federal district court can also stay the enforcement of a judgment pending the outcome of an appeal "as part of its traditional equipment for the administration of justice." *Nken v. Holder*, 556 U.S. 418, 421 (2009) (quoting *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9–10 (1942) (footnote omitted)). Federal Rule of Civil Procedure 62(b) governs the stay of a money judgment and provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b).

However, courts have held that "a court may use its discretion to alter" Rule 62's bond requirements. *Holland v. Law*, 35 F.Supp.2d 505, 506 (S.D. W. Va. 1999) (collecting cases); *see Moses Enters., LLC v. Lexington Ins. Co.*, No. 3:19-0477, 2022 WL 1132165, at *1 (S.D. W. Va. Apr. 15, 2022) (granting the defendants' motion to stay execution of monetary judgment and waiving the bond requirement under Rule 62(b)); *Denver Glob. Prods., Inc. v. Leon*, No. 5:17-cv-00102-MOC-DSC, 2019 WL 2057277, at *2 (W.D.N.C. May 9, 2019) (outlining two circumstances in which a full bond may not be necessary); *Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190 F.R.D. 190, 192 (E.D. Va. 1999) (stating that Rule 62 "does not preclude[ ] issuance of a stay on the basis of some lesser bond, or indeed, no bond"). "In considering stays with reduced bond requirements, district courts within the Fourth Circuit have referenced the standard adopted within the Fifth Circuit Court of Appeals" in *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979). *Daugherty v. Ocwen Loan Servicing*, 220 F.Supp.3d 728, 730–

5

31 (S.D. W. Va. 2016). That standard provides that "[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove*, 600 F.2d at 1190–91. Additionally, courts have held that a full bond may not be necessary "when the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal." *Alexander*, 190 F.R.D. at 193 (quoting *Poplar Grove*, 600 F.2d at 1191).

### III. Discussion

I turn first to Defendants' Motion to Stay Proceedings Pending Resolution of Petition for Writ of Certiorari. [ECF No. 543]. In that motion, Defendants move to stay these proceedings "pending resolution by the United States Supreme Court of a petition for a writ of certiorari being filed," in which the Defendants seek review of the Fourth Circuit's April 16, 2024, decision. [ECF No. 544, at 1–2]. Defendants claim that staying these proceedings will "best achieve an efficient resolution of this case" because "the anticipated petition will seek review . . . on both the Equal Protection Clause issue and Title IX question" and "could well resolve the entire case." *Id.* at 2. Defendants also contend that the balance of harm favors a stay, arguing that "because the Fourth Circuit's decision finds a duly enacted state statute unlawful (at least as applied to B.P.J.), the State should have the fullest opportunity to challenge that decision." *Id.* at 3. Additionally, Defendants claim that granting the stay "will help the parties and the [c]ourt avoid needless expenditures of time and money," *id.*, and

would not prejudice B.P.J. because she will continue to compete on girls' track and field sports teams during the pendency of the appeal, *id.* at 4. I agree.

Although Defendants did not discuss the first *Hilton* factor—their likelihood of success on the merits—the other *Hilton* factors favor granting the requested stay. 481 U.S. at 776. If I deny Defendants' motion to stay these proceedings, it would, as Defendants argue, "compel the taxpayers of the State to fund district-court litigation that could ultimately prove moot and force counsel to divide their attention between two forums." [ECF No. 544, at 3]. This would both injure Defendants and go against the public interest. Defendants would be forced to continue litigating this action, depleting time and resources, while also making arguments to the Supreme Court, who could ultimately render the actions of this court moot. Further, it is in the public interest to prevent taxpayers from funding litigation that may be rendered moot by pending appeal. Additionally, I agree with Defendants that B.P.J. would not be substantially injured if this proceeding were stayed pending appeal. B.P.J. is currently allowed to compete on her chosen sports team. Staying this case pending appeal will not change that, and B.P.J. offers no argument as to why Defendants' motion should be denied.[1] Therefore, this proceeding will be STAYED pending resolution of Defendants' petition for writ of certiorari to the Supreme Court of the United States.

---

[1] Defendants assert that B.P.J. does not oppose the motion to stay but "does not adopt all of the statements and arguments made by Defendants in the motion or accompanying memorandum of law." [ECF No. 544, at 2].

Next, I turn to Defendant WVSSAC's Motion to Stay Execution of Payment of Monetary Award Pending Appeal and to Waive Bond. [ECF No. 545]. In that motion, WVSSAC argues that staying payment of the nominal damages award for B.P.J.'s Title IX claim will not substantially injure B.P.J. "due to the nominal nature of the monetary award." [ECF No. 546, at 3]. As to the requested waiver of bond pending appeal, "WVSSAC submits that the administrative cost of securing the bond would far outweigh the $1.00 it is intended to preserve." *Id.* It argues that because the monetary award at issue here is for only $1.00, "it is plain that WVSSAC has sufficient assets to cover payment of the award if such payment is stayed pending an appeal of this matter." *Id.* at 4. Here, too, I agree.

As discussed, "[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove*, 600 F.2d at 1190–91. In my May 16, 2024, order, I awarded B.P.J. nominal damages on her Title IX claim in the amount of $1.00. [ECF No. 541, at 3]. No other monetary damages were awarded, and B.P.J. has not provided the court with any reason to believe that staying payment of the $1.00 award would be harmful to her or the status quo. Additionally, because the amount is minimal, the cost to Defendant WVSSAC in obtaining a bond would exceed the amount of the monetary award. Defendant WVSSAC "can currently easily meet the judgment" and will continue to be able to do so pending resolution of the Defendants' petition for a writ of certiorari. *Alexander*, 190 F.R.D. at 193 (quoting *Poplar Grove*, 600 F.2d at 1191). The circumstances, therefore, favor granting Defendant WVSSAC's motion.

## IV. Conclusion

Accordingly, both motions, [ECF Nos. 543, 545], are **GRANTED**. This action is hereby **STAYED** in its entirety, including the execution of payment of the monetary award in the amount of $1.00 to B.P.J. by Defendant WVSSAC, pending a decision by the Supreme Court of the United States on the petition for writ of certiorari to be filed by Defendants. Defendants shall notify the Court within five (5) days of the filing of a decision on its petition, and should the Supreme Court grant certiorari, the court will enter an order extending the stay pending a final decision by the Court. I further **ORDER** that the supersedeas bond requirement of Rule 62(b) of the Federal Rules of Civil Procedure is waived, and Defendant WVSSAC is not required to secure a bond pending appeal.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  June 7, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE