IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

B.P.J., by her next friend and mother,
HEATHER JACKSON,

        *Plaintiff*,

v.
        Civil Action No. 2:21-cv-00316
        Hon. Joseph R. Goodwin, District Judge

WEST VIRGINIA STATE BOARD OF
EDUCATION, HARRISON COUNTY BOARD
OF EDUCATION, WEST VIRGINIA
SECONDARY SCHOOL ACTIVITIES
COMMISSION, W. CLAYTON BURCH in his
official capacity as State Superintendent,
DORA STUTLER in her official capacity as
Harrison County Superintendent, PATRICK
MORRISEY in his official capacity as Attorney
General, and THE STATE OF WEST VIRGINIA,

        *Defendants,*

and

LAINEY ARMISTEAD,

        *Defendant-Intervenor.*

---

## EXPEDITED MOTION FOR CLARIFICATION

---

      Defendants Harrison County Board of Education and Harrison County

Superintendent Dora Stutler (the "Board Defendants") seek clarification of this

Court's Order dated March 16, 2024 [ECF No. 541] in light of the Executive

Order titled *Keeping Men Out of Women's Sports* ("Order 14201"). Exec. Order

25282742.1

No. 14201, 90 Fed. Reg. 9279 (Feb. 11, 2025). In short, the Board Defendants ask this Court to clarify whether Order 14201 is a "law, custom, or policy that precludes B.P.J.'s participation on girls' school sports teams in West Virginia in violation of Title IX." [ECF No. 541, PageID 31744]. Because spring sports seasons begin soon, the Board Defendants respectfully ask that this Court expedite its consideration of this motion.

## BACKGROUND

This case concerns whether B.P.J., a transgender girl now in high school, can participate in her schools' athletic programs as a member of a girls' team. She thus challenged West Virginia's Save Women's Sports Act (the "Act"). After an appeal to the Fourth Circuit, this Court granted summary judgment to B.P.J. on her Title IX claim and enjoined enforcement of the Act "or any other law, custom, or policy that precludes B.P.J.'s participation on girls' sports teams in West Virginia in violation of Title IX." [ECF No. 541, PageID 31744]. As a result, the Board Defendants have not precluded B.P.J. from playing girls' sports. Yet since this Court's Order issued, the President signed Order 14201, which directs the Secretary of Education to "prioritize Title IX enforcement actions against educational institutions ... that deny female students an equal opportunity to participate in sports and athletic events by requiring them, in the women's category, to compete with or against or to appear unclothed before males," which includes transgender girls like

2

B.P.J. Exec. Order No. 14201, at § 3(a)(iii); *see also* Exec. Order No. 14168, 90 Fed. Reg. 8615 (Jan. 30, 2025) (providing relevant definitions). It further directs all executive departments and agencies to "review grants to educational programs and, where appropriate, rescind funding to programs that fail to comply with the policy established under this order." Exec. Order No. 14201, at § 3(d).

## DISCUSSION

This Court previously enjoined the Board Defendants from precluding B.P.J. from participating on girls' school sports teams. But it is now impossible for the Board Defendants to comply with that injunction and the newly minted Order 14201, which effectively requires the Board Defendants to prohibit B.P.J. from joining a girls' team and requiring her, if she participates, to participate only on a boys' or co-ed team. The Board Defendants are vulnerable to federal enforcement actions and risk losing federal funding if they do not comply with Order 14201, so they now seek clarification from this Court.

Although the Federal Rules of Civil Procedure do not address motions for clarification, a district court may entertain a motion for clarification. *See, e.g.*, *Courtland Co. v. Union Carbide Corp.*, 2021 U.S. Dist. LEXIS 52273, at *6 (S.D. W. Va. Mar. 19, 2021). Generally, the purpose of a motion for clarification "is to explain or clarify something ambiguous or vague." *Id.* But a motion for clarification may also be "used to clarify the scope of the district court's prior

3

order." *Poole v. Hec Leasing LLC*, 2024 U.S. Dist. LEXIS 40978, at *8 (W.D. Ky. Mar. 6, 2024) (cleaned up).

The Board Defendants seek clarification regarding the scope of this Court's injunction. This Court enjoined the Board Defendants from "enforcing against B.P.J. either [the Act] or any other law, custom, or policy that precludes B.P.J.'s participation on girls' school sports teams in West Virginia in violation of Title IX." [ECF No. 541, PageID 31744]. If the Board Defendants comply with Order 14201, B.P.J. would be precluded from participating on girls' sports teams. But the Executive Order purports to further the aims of Title IX. *See* Exec. Order No. 14201, at § 1 ("Moreover, under Title IX … educational institutions receiving Federal funds cannot deny women an equal opportunity to participate in sports."); *id.* § 3(a) (providing directives "in furtherance of the purposes of Title IX" (cleaned up)). Accordingly, the Board Defendants ask this Court to clarify whether Order 14201 is a "law, custom, or policy that precludes B.P.J.'s participation on girls' school sports teams in West Virginia in violation of Title IX." [ECF No. 541, PageID 31744].

## CONCLUSION

To be clear, the Board Defendants take no position on whether this Court's injunction reaches Order 14201. Rather, the Board Defendants seek clarification of the interplay between the injunction and Order 14201 to avoid the impossible position of either violating this Court's Order or being subject

25282742.1

to federal enforcement actions and/or jeopardizing the federal funds that account for more than 10% of their budget and help them to educate their students. *Harrison County Schools*, U.S. News & World Report, https://bit.ly/41bk6x1 (last visited Feb. 11, 2025). The Board Defendants, ultimately, seek this Court's guidance on how to lawfully navigate what appear to be conflicting directives, one in an injunction from this Court and one in Order 14201, with regard to B.P.J.'s participation in school sports. Thus, again, the Board Defendants ask this Court to clarify whether Order 14201 is a "law, custom, or policy that precludes B.P.J.'s participation on girls' school sports teams in West Virginia in violation of Title IX." [ECF No. 541, PageID 31744].

Respectfully submitted this 20th day of February 2025.

STEPTOE & JOHNSON PLLC
OF COUNSEL

*/s/ Susan L. Deniker*

Susan L. Deniker          (WV ID #7992)
Jeffrey M. Cropp          (WV ID #8030)
Dallas F. Kratzer III     (WV ID #12350)
400 White Oaks Blvd.
Bridgeport, WV 26330-4500
304.933.8000
susan.deniker@steptoe-johnson.com
jeffrey.cropp@steptoe-johnson.com
dallas.kratzer@steptoe-johnson.com

*Counsel for Defendants Harrison County Board of Education and Harrison County Superintendent Dora Stutler*

25282742.1